No. 25-13253
(*related to No. 25-13254*)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CARA MCCLURE, ET AL.,

*Plaintiffs-Appellees*,

v.

JEFFERSON COUNTY COMMISSION,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Alabama, No. 2:23-cv-00443 (Haikala, J.)

## APPENDIX – VOLUME I of V

Theodore A. Lawson, II
JEFFERSON COUNTY ATTORNEY'S OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
(205) 325-5688
lawsont@jccal.org

Michael Taunton
BALCH & BINGHAM LLP
1901 Sixth Ave. N. Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

Taylor A.R. Meehan
Rachael C.T. Wyrick
Marie E. Sayer
Soren Geiger
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
mari@consovoymccarthy.com
soren@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
(703) 243-9423
patrick@consovoymccarthy.com

November 10, 2025

*Counsel for Appellant*

No. 25-13254
(*related to No. 25-13253*)

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

ALEXIA ADDOH-KONDI, ET AL.,

*Plaintiffs-Appellees*,

v.

JEFFERSON COUNTY COMMISSION,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Alabama, No. 2:23-cv-00503 (Haikala, J.)

## APPENDIX – VOLUME I of V

Theodore A. Lawson, II
JEFFERSON COUNTY ATTORNEY'S OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
(205) 325-5688
lawsont@jccal.org

Michael Taunton
BALCH & BINGHAM LLP
1901 Sixth Ave. N. Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

Taylor A.R. Meehan
Rachael C.T. Wyrick
Marie E. Sayer
Soren Geiger
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
mari@consovoymccarthy.com
soren@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
(703) 243-9423
patrick@consovoymccarthy.com

November 10, 2025

*Counsel for Appellant*

**INDEX**

| **Description of Item** | **Dist. Ct. Doc./Tab No.**[*] |
|---|---|

**VOLUME I**

McClure Docket (2:23-cv-443) ...................................................................... M-DOC

Addoh-Kondi Docket (2:23-cv-503) ............................................................ AK-DOC

McClure Complaint ........................................................................................... 1

Addoh-Kondi Complaint (DE1, 2:23-cv-503) .............................................. AK-1

McClure Answer ................................................................................................ 57

Addoh-Kondi Answer ...................................................................................... 58

Cooper Rebuttal Report and Exhibits ........................................................... 85-3

Order Denying Summary Judgment ............................................................... 164

Trial Exhibits

    Plaintiffs' Exhibit 2 .................................................................................. 169-2

    Plaintiffs' Exhibit 3 .................................................................................. 169-3

**VOLUME II**

Plaintiffs' Exhibit 3 (cont.) ............................................................................. 169-3

Plaintiffs' Exhibit 6 ......................................................................................... 169-6

Plaintiffs' Exhibit 16 ....................................................................................... 169-15

Plaintiffs' Exhibit 17 ....................................................................................... 169-16

Plaintiffs' Exhibit 26 ....................................................................................... 169-22

Plaintiffs' Exhibit 30 ....................................................................................... 169-26

Plaintiffs' Exhibit 89 ....................................................................................... 169-85

Plaintiffs' Exhibit 92 ....................................................................................... 169-88

---

[*] References are to docket entry in *McClure v. Jefferson County Commission*, No. 2:23-cv-443, unless noted.

Plaintiffs' Exhibit 121 ...................................................................................169-106

Plaintiffs' Exhibit 131 ...................................................................................169-107

Plaintiffs' Exhibit 132 ...................................................................................169-108

**VOLUME III**

Trial Exhibits (cont.)

Plaintiffs' Exhibit 145 .................................................................................169-111

Defendant's Exhibit 2....................................................................................179-2

Defendant's Exhibit 5....................................................................................179-3

Defendant's Exhibit 7....................................................................................179-5

Defendant's Exhibit 9....................................................................................179-7

Defendant's Exhibit 10..................................................................................179-8

Defendant's Exhibit 31..................................................................................179-16

Defendant's Exhibit 32..................................................................................179-17

Defendant's Exhibit 42..................................................................................179-19

Defendant's Exhibit 56..................................................................................179-22

Court's Exhibit 3............................................................................................176-3

Trial Transcripts

Transcript of Bench Trial, Day 1 ........................................................................ 172

**VOLUME IV**

Transcript of Bench Trial, Day 1 (cont.)............................................................. 172

Transcript of Bench Trial, Day 2 ........................................................................ 173

Transcript of Bench Trial, Day 3 ........................................................................ 174

## VOLUME V

Transcript of Bench Trial, Day 3 (cont.) .................................................................. 174

Transcript of Bench Trial, Day 4 ........................................................................... 175

Findings of Fact and Conclusions of Law ...................................................................... 191

Notice of Appeal ........................................................................................................ 193

McClure Remedial Submission ...................................................................................... 213

Addoh-Kondi Remedial Submission ................................................................................ 214

Defendant's Response to Remedial Submissions ........................................................... 216

Barber Remedial Report ............................................................................................. 216-1

# TAB M-DOC

APPEAL

# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00443-MHH

McClure et al v. Jefferson County Commission et al
Assigned to: Judge Madeline Hughes Haikala
Case in other court: 25-13253-J
Cause: 42:1973 Voting Rights Act

Date Filed: 04/07/2023
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Cara McClure**

represented by **Daniel Hessel**
Harvard Law School
4105 Wasserstein Hall
6 Everett Street
Cambridge, MA 02138
917-403-4976
Email: dhessel@law.harvard.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kacey-Ann Mordecai**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC
700 14th Street NW, Ste. 600
Ste 600
Washington, DC 20005
202-216-2720
Email: kmordecai@naacpldf.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Carden Sadasivan**
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
40 Rector Street, 5th Floor
New York, NY 10006
332-600-9546
Fax: 212-226-7592
Email: ksadasivan@naacpldf.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lily Grisafi**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC

40 Rector Street, 5th Floor
New York, NY 10006
212-965-2200
Fax: 212-226-7592
Email: lgrisafi@naacpldf.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicki Leili Lawsen**
WIGGINS, CHILDS, PANTAZIS, FISHER
& GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
205-314-0535
Fax: 205-314-0535
Email: nlawsen@wigginschilds.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel A Davis**
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Suite 4015
Cambridge, MA 02138
631-807-2327
Email: sadavis@law.harvard.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uruj Sheikh**
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
5th Floor
New York, NY 10006
212-965-2200
Email: usheikh@naacpldf.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brenda Wright**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC
40 Rector Street, 5th Floor
New York, NY 10006
617-913-1967
Email: bwright@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Carter**

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 9 of 496

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
40 Rector Street, 5th Floor
5th Floor
New York
New York, NY 10006
646-761-0596
Email: bcarter@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deuel Ross**
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND INC
700 14th Street NW
6th Floor
Washington, DC 20005
202-682-1300
Fax: 202-682-1312
Email: dross@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Greater Birmingham Ministries**                    represented by **Daniel Hessel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kacey-Ann Mordecai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Carden Sadasivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lily Grisafi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicki Leili Lawsen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel A Davis**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uruj Sheikh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brenda Wright**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Carter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deuel Ross**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Metro-Birmingham Branch of the NAACP, The**                    represented by  **Daniel Hessel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kacey-Ann Mordecai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Carden Sadasivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lily Grisafi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicki Leili Lawsen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel A Davis**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uruj Sheikh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brenda Wright**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Carter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deuel Ross**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alabama State Conference of the NAACP**          represented by **Daniel Hessel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kacey-Ann Mordecai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Carden Sadasivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lily Grisafi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicki Leili Lawsen**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Samuel A Davis**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uruj Sheikh**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brenda Wright**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Carter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deuel Ross**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jefferson County Commission**                represented by **C'Zar Bernstein**
Consovoy McCarthy PL
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
Email: czar@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Dorman Walker**
BALCH & BINGHAM LLP
P O Box 78
Montgomery, AL 36101
334-834-6500
Fax: 334-269-3115
Email: dwalker@balch.com
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
CONSOVOY McCARTHY PLLC

USCA11 Case: 25-13253      Document: 33-1      Date Filed: 11/17/2025      Page: 13 of 496

1600 Wilson Boulevard
Arlington, VA 22209
406-539-2269
Email: katie@consovoymccarthy.com
*TERMINATED: 03/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
CONSOVOY MCCARTHY, PLLC
1600 Wilson Blvd, Suite 700
Arlington, VA 22209
703-243-9423
Email: mari@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB#706
Boston, MA 02109
617-227-0548
Email: patrick@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
703-243-9423
Email: taylor@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
Jefferson County Attorney's Office
716 Richard Arrington, Jr. Blvd. North
Suite 280
Birmingham, AL 35203
205-325-5688
Fax: 205-325-5840
Email: carrolld@jccal.org
*ATTORNEY TO BE NOTICED*

**Michael Paul Taunton**
BALCH & BINGHAM, LLP
P.O. Box 306
Suite 1500
Birmingham, AL 35203
205-251-8100

Fax: 205-226-8799
Email: mtaunton@balch.com
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**
CONSOVOY McCARTHY PLLC
1600 Wilson Blvd, Suite 700
Arlington, VA 22209
703-243-9423
Email: rachael@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**Soren A. Geiger**
1600 Wilson Blvd
Ste 700
Arlington, VA 22209
703-242-9423
Email: soren@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
JEFFERSON COUNTY ATTORNEY'S
OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
205-325-5688
Fax: 205-325-5840
Email: lawsont@jccal.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**James A. Stephens**
*in his official capacity as President*

represented by **Kathleen Smithgall Lane**
(See above for address)
*TERMINATED: 03/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T. Joe Knight**                     represented by    **C'Zar Bernstein**
*in his official capacity as President Pro*            (See above for address)
*Tempore*                                             *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathleen Smithgall Lane**
                                                      (See above for address)
                                                      *TERMINATED: 03/25/2025*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Marie E Sayer**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Taylor A.R. Meehan**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Donald McKinley Carroll**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Patrick Strawbridge**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Rachael C.T. Wyrick**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Theodore A Lawson , II**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Shelia Tyson**                      represented by    **C'Zar Bernstein**
*in her official capacity as Commissioner*            (See above for address)
                                                      *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*TERMINATED: 03/25/2025*
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Ammons**                    represented by    **C'Zar Bernstein**
*in his official capacity as Commissioner*            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathleen Smithgall Lane**
                                                      (See above for address)
                                                      *TERMINATED: 03/25/2025*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Marie E Sayer**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Taylor A.R. Meehan**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Donald McKinley Carroll**
                                                      (See above for address)

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lashunda Scales**
*in her official capacity as Commissioner*

represented by **C'Zar Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*TERMINATED: 03/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2023 | 1 | COMPLAINT against Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson, filed by Alabama State Conference of the NAACP, et al. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet) (JLC) (Entered: 04/07/2023) |
| 04/07/2023 | 2 | NOTICE OF ASSIGNMENT OF A CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL. (JLC) (Entered: 04/07/2023) |
| 04/19/2023 | 3 | MOTION for Leave to Appear Pro Hac Vice *for Brittany Carter* by Alabama State Conference of the NAACP, Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Declaration of B. Carter)(Lawsen, Nicki) (Entered: 04/19/2023) |
| 04/19/2023 | 4 | MOTION for Leave to Appear Pro Hac Vice *for Deuel Ross* by Alabama State Conference of the NAACP, Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Declaration of D. Ross)(Lawsen, Nicki) (Entered: 04/19/2023) |
| 04/21/2023 | | PHV Fee paid for Brittany Carter in the amount of $75.00, Credit Card receipt number AALNDC-4326382, NDAL receipt #B4924. (Lawsen, Nicki) Modified on 4/21/2023 (JLC). (Entered: 04/21/2023) |
| 04/21/2023 | | PHV Fee paid for Deuel Ross in the amount of $75.00, Credit Card receipt number AALNDC-4326391, NDAL receipt #B4925. (Lawsen, Nicki) Modified on 4/21/2023 (JLC). (Entered: 04/21/2023) |
| 04/21/2023 | 5 | WAIVER OF SERVICE Returned Executed by Metro-Birmingham Branch of the NAACP, The, Birmingham Ministries, Cara McClure, Alabama State Conference of the NAACP. All Defendants. (Sadasivan, Kathryn) (Entered: 04/21/2023) |
| 04/24/2023 | 6 | **TEXT ORDER GRANTING** Pro Hac Vice Motions for Attorneys Brittany Carter and Deuel Ross. Doc. 3 ; Doc. 4 . Brittany Carter and Deuel Ross added. Signed by Magistrate Judge Nicholas A Danella on 4/24/2023. (JLC) (Entered: 04/24/2023) |
| 05/12/2023 | 7 | MOTION for Leave to Appear Pro Hac Vice *for Brenda Wright* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Declaration of Brenda Wright)(Lawsen, Nicki) (Entered: 05/12/2023) |
| 05/12/2023 | | PHV Fee paid for Brenda Wright in the amount of $75.00, Credit Card receipt number AALNDC-4341099, NDAL receipt #B5290. (Lawsen, Nicki) Modified on 5/12/2023 (JLC). (Entered: 05/12/2023) |
| 05/15/2023 | 8 | **TEXT ORDER GRANTING** Motion for Admission Pro Hac Vice for Attorney Brenda Wright. Doc. 7 . Attorney Brenda Wright for Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure and The Metro-Birmingham Branch of the NAACP added. Signed by Magistrate Judge Nicholas A Danella on 5/15/2023. (JLC) (Entered: 05/15/2023) |
| 05/17/2023 | 9 | NOTICE of Appearance by Jordan Dorman Walker on behalf of Jefferson County Commission (Walker, Jordan) (Entered: 05/17/2023) |
| 05/22/2023 | 10 | Unopposed MOTION to Consolidate Cases by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Wright, Brenda) (Entered: 05/22/2023) |

USCA11 Case: 25-13253      Document: 33-1      Date Filed: 11/17/2025      Page: 19 of 496

| | | |
|---|---|---|
| 05/25/2023 | 11 | ORDER Plaintiffs' (10) Motion to Consolidate Cases is GRANTED and these cases are CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42(a)(2). The Clerk is DIRECTED to reassign Case No. 2:23-cv-00503 to the undersigned. Signed by Magistrate Judge Nicholas A Danella on 5/25/2023. Associated Cases: 2:23-cv-00443-NAD, 2:23-cv-00503-JHE(KSS) (Entered: 05/25/2023) |
| 05/25/2023 | 12 | NOTICE OF CONSOLIDATION The above-styled civil actions have been consolidated to the Honorable Nicholas A. A Danella. Please use the above style on all subsequent pleadings. Please enter all future filings in the **LEAD CASE number only 2:23-cv-443-NAD**. The electronic system will automatically add the entry in the member case. Associated Cases: 2:23-cv-00443-NAD, 2:23-cv-00503-NAD(KSS) (Entered: 05/25/2023) |
| 05/30/2023 | 13 | NOTICE OF REASSIGNMENT; The parties having not unanimously consented to the dispositive jurisdiction by a Magistrate Judge, the above styled civil action has been randomly reassigned to the Honorable Madeline Hughes Haikala. Please use case number 2:23-cv-0443-MHH as the lead case on all subsequent pleadings. Magistrate Judge Nicholas A Danella no longer assigned to the case. (JLC) (Entered: 05/30/2023) |
| 06/05/2023 | 14 | HAIKALA CHAMBERS INITIAL ORDER. Signed by Judge Madeline Hughes Haikala on 6/5/2023. (DNW) (Entered: 06/05/2023) |
| 06/12/2023 | 15 | STIPULATION *TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINTS* by Jefferson County Commission. filed by Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 6/12/2023 (DNW). (Entered: 06/12/2023) |
| 06/12/2023 | 16 | **TEXT ORDER**: The Court GRANTS (15) Motion To Extend Time for Defendants To Respond to Plaintiff's Complaints in case 2:23-cv-00443-MHH. Response due on or before July 7, 2023. Signed by Judge Madeline Hughes Haikala on 6/12/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 06/12/2023) |
| 07/05/2023 | 17 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit Ex. A McClure Pltfs Proposed Schedule, # 2 Exhibit Ex. B Defs Proposed Schedule)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 07/05/2023) |
| 07/06/2023 | 18 | TEXT ORDER: The Court sets this matter for a scheduling conference at 2:30 p.m. on Thursday, July 13, 2023 in Courtroom 7B, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203. Signed by Judge Madeline Hughes Haikala on 7/6/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/06/2023) |
| 07/07/2023 | 19 | MOTION Dismiss by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 07/07/2023) |
| 07/07/2023 | 20 | MOTION Dismiss by Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 07/07/2023) |
| 07/10/2023 | 21 | TEXT ORDER: The Court sets this matter for a scheduling conference at 9:00 AM CST on Wednesday, July 12, 2023. Counsel of record please dial 205-931-0422 and enter access code 350 840 852# to participate in the call. Signed by Judge Madeline Hughes Haikala on 7/10/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/10/2023) |
| 07/11/2023 | 22 | **TEXT ORDER**: Scheduling Conference set for 7/13/2023 at 2:30 PM is CANCELLED. Signed by Judge Madeline Hughes Haikala on 7/11/2023. Associated Cases: 2:23-cv- |

| 07/12/2023 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 7/12/2023. Counsel to confer and submit proposed briefing schedule to chambers by noon 7/13/2023. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/12/2023) |
|---|---|---|
| 07/13/2023 | 23 | **BRIEFING SCHEDULE**: The McClure plaintiffs' Motion for Preliminary Injunction is due on or before 07/21/2023. Responses to the defendants' motions to dismiss are due on or before 08/2/2023. The defendants' response to the plaintiffs' preliminary injunction motions is due on or before 08/11/2023. The parties' replies to the motions to dismiss and the motions for preliminary injunction are due on or before 08/18/2023. The Court sets the pending motions for a hearing on August 30, 2023 at 10:00 a.m. in Courtroom 7B of the Hugo Black United States Courthouse. Signed by Judge Madeline Hughes Haikala on 7/13/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) Modified hearing date on 7/14/2023 (DNW). (Entered: 07/13/2023) |
| 07/19/2023 | 24 | MOTION for Leave to Appear Pro Hac Vice by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 07/19/2023) |
| 07/19/2023 | | PHV Fee paid: $ 75, receipt number ALNDC-4385640 (rcpt. no. B-6399). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 7/19/2023 (DNW). (Entered: 07/19/2023) |
| 07/19/2023 | 25 | **TEXT ORDER**: The Court GRANTS 24 MOTION for Leave to Appear Pro Hac Vice, Attorney Rachel Claire Tucker admitted as counsel for Jefferson County Commission. Signed by Judge Madeline Hughes Haikala on 7/19/2023. (DNW) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/19/2023) |
| 07/21/2023 | 26 | MOTION for Preliminary Injunction by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Memorandum In Support of Preliminary Motion, # 2 Exhibit A - Consent Decree_Taylor v JCC_C-84-CV-1730-S (Aug 17 1985), # 3 Exhibit B - General Election Summary 2010-2022, # 4 Exhibit C - Redistricting presentation by Jeffco Comm'n (MCC00158-74), # 5 Exhibit D - Excerpts from Deposition of Bridgette Escobedo, # 6 Exhibit G - Jefferson Cnty. Commn Res. 2021-862 (Oct. 7, 2021), # 7 Exhibit H - Jefferson County Commission, Resolution 2021-929 (Nov. 4, 2021), # 8 Exhibit I - Liu Expert Report, # 9 Exhibit J - Scott Douglas Declaration, # 10 Exhibit K - Benard Simelton, # 11 Exhibit L - Dorothea Crosby Declaration, # 12 Exhibit M - JeffCo Commissioners Begin Redrawing District Lines, # 13 Exhibit N - JEFFERSON COUNTY COMMISSION (Commission Chambers) Oct. 7, 2021 Meeting Minutes, # 14 Exhibit O - Cara McClure Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Ross, Deuel) (Entered: 07/22/2023) |
| 07/27/2023 | 27 | Evidentiary Material re:(26 in 2:23-cv-00443-MHH) MOTION for Preliminary Injunction. (Attachments: # 1 Exhibit D, # 2 Exhibit F)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Ross, Deuel) (Entered: 07/27/2023) |
| 08/02/2023 | 28 | BRIEF Memorandum of Law in Opposition re (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH) MOTION Dismiss filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/02/2023) |
| 08/08/2023 | 29 | Unopposed MOTION for Leave to File *a Consolidated Response and Brief in Excess of Page Limits* by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. (Attachments: # 1 Text of Proposed |

| | | |
|---|---|---|
| | | Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/08/2023) |
| 08/08/2023 | 30 | **TEXT ORDER**: The Court GRANTS 29 Unopposed MOTION for Leave to File a Consolidated Response and Brief in Excess of Page Limits. The defendants consolidated response shall not exceed 50 pages. Signed by Judge Madeline Hughes Haikala on 8/8/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/08/2023) |
| 08/11/2023 | 31 | Evidentiary Material *re: Exhibit 1 - Declaration of Barry Stephenson*. (Attachments: # 1 Exhibit A - 2011 & 2021 District Comparison Map, # 2 Exhibit B - Presentation, # 3 Exhibit C - Demographic Changes)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 32 | Evidentiary Material *re: Exhibit 2 - Declaration of James P. Naftel, II*. (Attachments: # 1 Exhibit A - 2024 Elections Calendar)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 33 | Evidentiary Material *re: Exhibit 3 - Declaration of Keith Harris*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 34 | Evidentiary Material *re: Exhibit 4 - 2021 Enacted Plan*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 35 | Evidentiary Material *re: Exhibit 5 - Chandler Scheduling Order*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 36 | RESPONSE to Motion re (26 in 2:23-cv-00443-MHH, 30 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/15/2023 | 37 | Unopposed MOTION for Extension of Time to File Response/Reply as to (26 in 2:23-cv-00443-MHH) MOTION for Preliminary Injunction by Cara McClure. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/15/2023) |
| 08/16/2023 | 38 | **TEXT ORDER**: The Court GRANTS 37 Motion for Extension of Time to File Response/Reply in 2:23-cv-00443-MHH, 42 in 2:23-cv-00503-MHH. Replies due by 8/22/2023. Signed by Judge Madeline Hughes Haikala on 8/16/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/16/2023) |
| 08/16/2023 | 39 | MOTION for Leave to Appear Pro Hac Vice by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 08/16/2023) |
| 08/16/2023 | | PHV Fee paid: $ 75, receipt number ALNDC-4407114 (rcpt. no. B-6947). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 8/17/2023 (DNW). (Entered: 08/16/2023) |
| 08/21/2023 | 40 | **TEXT ORDER**: The Court GRANTS 39 Motion for Leave to Appear Pro Hac Vice (in 2:22cv-00443-MHH) and 44 (in 44 in 2:23-cv-00503-MHH). Attorney C'Zar Bernstein admitted as counsel for defendants. Signed by Judge Madeline Hughes Haikala on 8/21/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/21/2023) |
| 08/22/2023 | 41 | REPLY to Response to Motion re (20 in 2:23-cv-00443-MHH, 24 in 2:23-cv-00503-MHH) MOTION Dismiss *Addoh-Kondi Complaint* filed by Steve Ammons, Jefferson |

| | | |
|---|---|---|
| | | County Commission, The, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 08/22/2023) |
| 08/22/2023 | 42 | REPLY to Response to Motion re (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH) MOTION Dismiss *McClure Complaint* filed by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 08/22/2023) |
| 08/22/2023 | 43 | Evidentiary Material *re McClure Plaintiffs' Reply Brief in Support of Motion for Preliminary Injunction*. (Attachments: # 1 Exhibit P - Election Cycle Calendar, # 2 Exhibit Q -June 8, 2023 Crenshaw Article, # 3 Exhibit R - July 7, 2023 AP article, # 4 Exhibit S - July 7, 2023 Press Release)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/22/2023) |
| 08/22/2023 | 44 | REPLY Brief filed by Plaintiffs Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker re:(20 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Blacksher, James) (Entered: 08/22/2023) |
| 08/22/2023 | 45 | REPLY Brief filed by Plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The re:(30 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/22/2023) |
| 08/30/2023 | 46 | Evidentiary Material *Re: Naftel Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Naftel Ex. 1, # 2 Exhibit Naftel Ex. 2)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 47 | Evidentiary Material *Re: Stephenson Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Stephenson Ex. 1, # 2 Exhibit Stephenson Ex. 2, # 3 Exhibit Stephenson Ex. 3, # 4 Exhibit Stephenson Ex. 4)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 48 | Evidentiary Material *Re: Cooper Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Cooper Ex. 1, # 2 Exhibit Cooper Ex. 2, # 3 Exhibit Cooper Ex. 3, # 4 Exhibit Cooper Ex. 4, # 5 Exhibit Cooper Ex. 5, # 6 Exhibit Cooper Ex. 6, # 7 Exhibit Cooper Ex. 7, # 8 Exhibit Cooper Ex. 8, # 9 Exhibit Cooper Ex. 9, # 10 Exhibit Cooper Ex. 10, # 11 Exhibit Cooper Ex. 11)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 49 | Evidentiary Material *Re: 2013 DOJ Preclearance Letter*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 50 | NOTICE by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson *of Joint Filing of Exhibits for August 30, 2023, Hearing* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 51 | NOTICE of Appearance by Theodore A Lawson, II on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawson, Theodore) (Entered: 08/30/2023) |

| 08/30/2023 | 52 | NOTICE of Appearance by Donald McKinley Carroll on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Carroll, Donald) (Entered: 08/30/2023) |
| 08/30/2023 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Motion Hearing held on 8/30/2023 re (26 in 2:23-cv-00443-MHH, 30 in 2:23-cv-00503-MHH) (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH). (Court Reporter Teresa Roberson) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) Modified on 9/29/2023 (ALO, CR Updated). (Entered: 08/31/2023) |
| 10/16/2023 | 53 | Transcript of Proceedings held on 8/30/2023, before Judge Madeline Haikala. Court Reporter/Transcriber Teresa Roberson. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 11/6/2023. Redacted Transcript Deadline set for 11/16/2023. Release of Transcript Restriction set for 1/14/2024. (Attachments: # 1 certificate) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 10/16/2023) |
| 12/19/2023 | 54 | **MEMORANDUM OPINION AND ORDER**: The Court grants in part and denies in part defendants' motions to dismiss (23-cv-443, Doc. 19; 23-cv-503, Doc. 24). The Court dismisses the plaintiffs' claims against the individual commissioners. The plaintiffs' claims against the Commission shall proceed. On the record before it, the Court denies the plaintiffs' motion for preliminary injunction. The Court sets this matter for a scheduling conference by Zoom on Thursday, January 11, 2024, at 11:00 AM CT. The Court will provide the parties with a link for the video conference via email. The parties shall confer in advance of the scheduling conference and shall email to the Court a proposed scheduling order before the conference. Signed by Judge Madeline Hughes Haikala on 12/19/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 12/19/2023) |
| 01/04/2024 | 55 | Consent MOTION to Continue *Filing Deadline* by Jefferson County Commission,The. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 01/04/2024) |
| 01/04/2024 | 56 | **TEXT ORDER**: The Court grants the Jefferson County Commission's motion for an extension. (Doc. 55 ). The Jefferson County Commission shall please file its answers on or before Monday, January 8, 2024. Signed by Judge Madeline Hughes Haikala on 1/4/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 01/04/2024) |
| 01/08/2024 | 57 | ANSWER to (1 in 2:23-cv-00443-MHH) Complaint, by Jefferson County Commission.Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 01/08/2024) |
| 01/08/2024 | 58 | ANSWER to Complaint *filed by Addoh-Kondi Plaintiffs* by Jefferson County Commission,The.Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 01/08/2024) |
| 01/11/2024 | 59 | **SCHEDULING ORDER**: Status Conference set for 5/6/2024 at 09:00 AM before Judge Madeline Hughes Haikala. Discovery due by 5/14/2024. Dispositive Motions due by 5/31/2024. This case shall be ready for trial in October 2024. Signed by Judge Madeline |

| | | |
|---|---|---|
| | | Hughes Haikala on 1/11/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 01/11/2024) |
| 01/11/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Scheduling Conference held on 1/11/2024. (Court Reporter Leah Turner) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT) (Entered: 01/12/2024) |
| 01/24/2024 | 60 | MOTION for Leave to Appear Pro Hac Vice *Kacey-Ann Mordecai* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Affidavit Declaration of Kacey-Ann Mordecai, # 2 Exhibit A, # 3 Exhibit B)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 01/24/2024) |
| 01/24/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4511951 (B-9659). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) Modified on 1/24/2024 (DNW). (Entered: 01/24/2024) |
| 02/01/2024 | 61 | TEXT ORDER: The Court GRANTS 60 MOTION for Leave to Appear Pro Hac Vice. Attorney Kacey-Ann Mordecai is admitted as counsel for plaintiffs. Signed by Judge Madeline Hughes Haikala on 2/1/2024. (RMM) (Entered: 02/01/2024) |
| 02/13/2024 | 62 | MOTION for Leave to Appear Pro Hac Vice *for Patrick Strawbridge* by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 02/13/2024) |
| 02/13/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4527027 (B-10048). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 2/13/2024 (DNW). (Entered: 02/13/2024) |
| 02/14/2024 | 63 | Joint MOTION Status Conference by Shelia Tyson, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/14/2024) |
| 02/15/2024 | 64 | TEXT ORDER: The Court GRANTS 62 MOTION for Leave to Appear Pro Hac Vice. Attorney Patrick Strawbridge is admitted as counsel for defendant. Signed by Judge Madeline Hughes Haikala on 2/15/2024. (RMM) (Entered: 02/15/2024) |
| 02/15/2024 | 65 | **TEXT ORDER**: The parties jointly request a telephone conference to discuss a discovery dispute. (Doc.63). The Court sets a telephone conference on Wednesday, February 21, 2024 at 11:00 AM CST. The attorneys for the parties shall please dial 1-205-931-0422 and enter access code 375 451 900# to participate in the call. Signed by Judge Madeline Hughes Haikala on 2/15/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/15/2024) |
| 02/16/2024 | 66 | MOTION to Stay *Commissioner Tyson Deposition* by Shelia Tyson, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/16/2024) |
| 02/16/2024 | 67 | NOTICE of Appearance by Patrick Strawbridge on behalf of Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson, Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/16/2024) |
| 02/16/2024 | 68 | MOTION for Leave to Appear Pro Hac Vice *for Uruj Sheik* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of Uruj Sheikh, # 2 Exhibit B-Certificate of Good Standing)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 02/16/2024) |

USCA11 Case: 25-13253 Document: 33-1 Date Filed: 11/17/2025 Page: 25 of 496

| | | |
|---|---|---|
| 02/21/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 2/21/2024. (Court Reporter Leah Turner) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT) (Entered: 02/21/2024) |
| 02/21/2024 | 69 | **TEXT ORDER**: Consistent with today's telephone conference in this matter, the plaintiffs shall file the subpoena for Commissioner Tyson's deposition in the record. By 2:00 p.m. CST, counsel for Commissioner Tyson shall file the motion to quash that they already have prepared. The plaintiffs' opposition brief and evidence is due by the close of business on Friday, February 23, 2024. The Commissioner's reply is due by the close of business on Monday, February 26, 2024. The Court asks the Clerk to please TERM Docs. 63 and 66 as moot in light of today's telephone conference. Signed by Judge Madeline Hughes Haikala on 2/21/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/21/2024) |
| 02/21/2024 | 70 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Deposition Subpoena of Sheila Tyson Subpoena* (Attachments: # 1 A - Subpoena, # 2 B - Electronic Service)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/21/2024) |
| 02/21/2024 | 71 | NOTICE of Appearance by Kathleen Smithgall on behalf of Sheila Tyson, Lashunda Scales, James A. Stephens, Joe Knight, Steve Ammons Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/21/2024) |
| 02/21/2024 | 72 | NOTICE of Appearance by Patrick Strawbridge on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/21/2024) |
| 02/21/2024 | 73 | NOTICE of Appearance by Taylor A.R. Meehan on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/21/2024) |
| 02/21/2024 | 74 | MOTION to Quash *Deposition*, MOTION for Protective Order by Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson. (Attachments: # 1 Exhibit Declaration of Sheila Tyson)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/21/2024) |
| 02/21/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4532509 (B-10169). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) Modified on 2/21/2024 (DNW). (Entered: 02/21/2024) |
| 02/21/2024 | 75 | NOTICE of Appearance by Rachael Claire Tucker on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 02/21/2024) |
| 02/21/2024 | 76 | NOTICE of Appearance by Theodore A Lawson, II on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawson, Theodore) (Entered: 02/21/2024) |
| 02/23/2024 | 77 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Withdrawal of Subpoena* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/23/2024) |
| 02/26/2024 | 78 | **TEXT ORDER**: In light of the plaintiffs' notice of the withdrawal of their deposition subpoena for Commissioner Tyson, (Doc. 77 ), the Court finds the Commission's motion to quash moot. The Court asks the Clerk to please term Doc. 74. Signed by Judge |

| | | Madeline Hughes Haikala on 2/26/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/26/2024) |
|---|---|---|
| 02/27/2024 | 79 | Unopposed MOTION for Protective Order by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/27/2024) |
| 02/29/2024 | 80 | **PROTECTIVE ORDER**. Signed by Judge Madeline Hughes Haikala on 2/29/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/29/2024) |
| 03/04/2024 | 81 | TEXT ORDER granting (68) Motion for Leave to Appear PHV in case 2:23-cv-00443-MHH; granting (70) Motion for Leave to Appear PHV in case 2:23-cv-00503-MHH. Signed by Judge Madeline Hughes Haikala on 3/4/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/04/2024) |
| 05/06/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Status Conference held on 5/6/2024. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT, ) (Entered: 05/06/2024) |
| 05/06/2024 | 82 | **TEXT ORDER**: Per the parties' request during today's status conference, the Court extends the deadline to dispose experts to Wednesday, May 22, 2024. The Friday, May 31, 2024 dispositive motion deadline remains. Signed by Judge Madeline Hughes Haikala on 5/6/2024. (DNW) (Entered: 05/06/2024) |
| 05/08/2024 | 83 | Joint MOTION to Amend/Correct (59 in 2:23-cv-00443-MHH, 59 in 2:23-cv-00443-MHH, 62 in 2:23-cv-00503-MHH, 62 in 2:23-cv-00503-MHH) Scheduling Order,, Set Scheduling Order Deadlines, , Joint MOTION for Leave to File Excess Pages by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 05/08/2024) |
| 05/09/2024 | 84 | **TEXT ORDER**: The parties have jointly asked the Court to amend the scheduling order in this matter and for an enlargement of the page limitation for dispositive motions. (Doc. 83 ). The Court grants this motion. The new dispositive motions deadline is June 7, 2024, responses are due on July 3, 2024, and replies are due on July 17, 2024. The parties' new page limitation for dispositive motions is 40 pages, and the parties may file consolidated motions. If the parties identify a need for additional pages for response and/or reply briefs, the parties may request additional pages at the appropriate time. Signed by Judge Madeline Hughes Haikala on 5/9/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 05/09/2024) |
| 06/04/2024 | 85 | Evidentiary Material *In Support of Plaintiffs Motion For Summary Judgment and Supporting Brief.* (Attachments: # 1 Exhibit 1 - 2001 Jefferson County Commission Section 5 Submission, # 2 Exhibit 2 - Nov. 18, 1985 Jefferson County Commission Section 5 Submission and Consolidated Consent Decree in Taylor v. Jefferson County Commission, No. cv 84-c-1730-s (N.D. Ala.), # 3 Exhibit 3 - Cooper Rebuttal Report and Exhibits (Apr. 26, 2024), # 4 Exhibit 4 - 1993 Jefferson County Commission Section 5 Submission, # 5 Exhibit 5 - 2004 Jefferson County Commission Section 5 Submission, # 6 Exhibit 6 - 2013 Jefferson County Commission Section 5 Submission, # 7 Exhibit 7 - County Commission Redistricting Based on 2020 Census Presentation, Board of Registrars, Jefferson Cnty. Commn (2021) 8., # 8 Exhibit 8 - Cooper (Corrected) Expert Report with Exhibits (April 26, 2024), # 9 Exhibit 9 - Barry Stephenson, Jefferson County Commission 30(b)(6) Deposition Transcript with Exhibits (Aug. 28, 2023), # 10 Exhibit 10 - Letter from Defendants Counsel Patrick Strawbridge to Plaintiffs Counsel Kathryn Sadasivan on Defendants 30(b)(6) Deposition Designations (Mar. 8, 2024), # 11 Exhibit |

11 Jefferson County Commission Meeting and Public Hearing Transcript (Nov. 4, 2021), # 12 Exhibit 12 - Jefferson County Commission Resolution 2021-929 at 1 (Nov. 4, 2021), # 13 Exhibit 13 - Public Notices of Jefferson County Commission Redistricting Public Hearing (October 2021), # 14 Exhibit 14 - Barber Expert Report (Apr. 11, 2024), # 15 Exhibit 15 - Metro-Birmingham NAACP 30(b)(6) Deposition Transcript with Exhibits (Mar. 8, 2024), # 16 Exhibit 16 - Plaintiffs Objections and Responses to Defendant Commissions First Set of Interrogatories (Feb. 26, 2024), # 17 Exhibit 17 - Alabama NAACP 30(b)(6) Deposition Transcript with Exhibits (Mar. 8, 2024), # 18 Exhibit 18 - Greater Birmingham Ministries 30(b)(6) Deposition Transcript with Exhibits (Mar. 12, 2024), # 19 Exhibit 19 - Cara McClure Deposition Transcript with Exhibits (Mar. 12, 2024), # 20 Exhibit 20 - Liu Expert Rebuttal Report (Apr. 26, 2024), # 21 Exhibit 21 - Liu Supplemental Expert Report (May 14, 2024), # 22 Exhibit 22 - Liu Declaration (July 21, 2023), # 23 Exhibit 23 - Cooper Expert Declaration with Exhibits (July 21, 2023), # 24 Exhibit 24 - McCartan Rebuttal Report (Apr. 26, 2024), # 25 Exhibit 25 - Barber Deposition Transcript and Exhibits (May 21, 2024), # 26 Exhibit 26 - Barber Expert Rebuttal Report (May 14, 2024), # 27 Exhibit 27 - Letter from Defendants Counsel Patrick Strawbridge to Plaintiffs Counsel Kathryn Sadasivan on Plaintiffs 30(b)(6) Deposition Notice (Mar. 5, 2024), # 28 Affidavit of Kathryn Sadasivan in Support of Motion for Summary Judgment)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/04/2024)

| 06/05/2024 | 86 | Evidentiary Material *in Support of Plaintiffs Motion for Summary Judgment and Supporting Brief*. (Attachments: # 1 Exhibit A - Emails dated September 8, 2023, responding to FOIA request, # 2 Exhibit B - Jefferson County Commission Section 5 submission dated November 18, 1985, # 3 Exhibit C - Expert Report of Anthony Fairfax dated March 15, 2024, # 4 Exhibit D - Appendices to March 15, 2024, Fairfax expert report, # 5 Exhibit E - Rebuttal expert report of Anthony Fairfax dated April 26, 2024, # 6 Exhibit F - Appendix to April 26, 2024, Fairfax rebuttal expert report)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 06/05/2024) |
| --- | --- | --- |
| 06/06/2024 | 87 | MOTION to Seal THREE EXHIBITS (85 in 2:23-cv-00443-MHH, 89 in 2:23-cv-00503-MHH) of Evidentiary Material and MOTION for Leave to File *Redacted Exhibits in Support of Motion for Summary Judgment* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) Modified text on 6/6/2024 (KWC, ). (Entered: 06/06/2024) |
| 06/06/2024 | 88 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Addoh-Kondi Tr., # 2 Exhibit Brown Tr., # 3 Exhibit Crosby Tr., # 4 Exhibit Douglas Tr., # 5 Exhibit Hall Tr., # 6 Exhibit Hansen Tr., # 7 Exhibit Juarez Tr., # 8 Exhibit Long Tr., # 9 Exhibit McClure Tr., # 10 Exhibit Muhammad Tr., # 11 Exhibit Randall Tr., # 12 Exhibit Simelton Tr., # 13 Exhibit Smith Tr., # 14 Exhibit Walker)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/06/2024 | 89 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Barber Opening, # 2 Exhibit Barber Surrebuttal, # 3 Exhibit Barber Second Surrebuttal, # 4 Exhibit Cooper Opening, # 5 Exhibit Cooper Corrected Opening, # 6 Exhibit Cooper Rebuttal, # 7 Exhibit Fairfax Opening, # 8 Exhibit Fairfax Opening App., # 9 Exhibit Fairfax Rebuttal, # 10 Exhibit Fairfax Rebuttal App., # 11 Exhibit Liu Opening, # 12 Exhibit Liu Corrected Opening, # 13 Exhibit Liu Rebuttal, # 14 Exhibit McCartan Rebuttal, # 15 Exhibit Williamson Opening, # 16 Exhibit Williamson Rebuttal)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/06/2024 | 90 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Barber Tr., # 2 Exhibit Barber Ex. 1, # 3 Exhibit Barber Ex. 2, # 4 Exhibit Barber Ex. 3, # 5 Exhibit |

Barber Ex. 4, # [6](#) Exhibit Barber Ex. 5, # [7](#) Exhibit Barber Ex. 6, # [8](#) Exhibit Barber Ex. 7, # [9](#) Exhibit Barber Ex. 8, # [10](#) Exhibit Barber Ex. 9, # [11](#) Exhibit Barber Ex. 10, # [12](#) Exhibit Barber Ex. 11, # [13](#) Exhibit Barber Ex. 12, # [14](#) Exhibit Cooper Tr., # [15](#) Exhibit Cooper Ex. 1, # [16](#) Exhibit Cooper Ex. 2, # [17](#) Exhibit Cooper Ex. 3, # [18](#) Exhibit Cooper Ex. 4, # [19](#) Exhibit Cooper Ex. 5, # [20](#) Exhibit Cooper Ex. 6, # [21](#) Exhibit Cooper Ex. 7, # [22](#) Exhibit Cooper Ex. 8, # [23](#) Exhibit Cooper Ex. 9, # [24](#) Exhibit Cooper Ex. 10, # [25](#) Exhibit Cooper Ex. 11, # [26](#) Exhibit Cooper Ex. 12, # [27](#) Exhibit Cooper Ex. 13, # [28](#) Exhibit Cooper Ex. 14, # [29](#) Exhibit Fairfax Tr., # [30](#) Exhibit Fairfax Ex. 1, # [31](#) Exhibit Fairfax Ex. 2, # [32](#) Exhibit Fairfax Ex. 3, # [33](#) Exhibit Fairfax Ex. 4, # [34](#) Exhibit Fairfax Ex. 5, # [35](#) Exhibit Fairfax Ex. 6, # [36](#) Exhibit Fairfax Ex. 7, # [37](#) Exhibit Fairfax Ex. 8, # [38](#) Exhibit Fairfax Ex. 9, # [39](#) Exhibit Fairfax Ex. 10, # [40](#) Exhibit Fairfax Ex. 11, # [41](#) Exhibit Fairfax Ex. 12, # [42](#) Exhibit Fairfax Ex. 13, # [43](#) Exhibit Liu Tr., # [44](#) Exhibit Liu Ex. 1, # [45](#) Exhibit Liu Ex. 2, # [46](#) Exhibit Liu Ex. 3, # [47](#) Exhibit Liu Ex. 4, # [48](#) Exhibit Liu Ex. 5, # [49](#) Exhibit McCartan Tr., # [50](#) Exhibit McCartan Ex. 1, # [51](#) Exhibit McCartan Ex. 2, # [52](#) Exhibit McCartan Ex. 3, # [53](#) Exhibit McCartan Ex. 4, # [54](#) Exhibit McCartan Ex. 5, # [55](#) Exhibit McCartan Ex. 6, # [56](#) Exhibit Williamson Tr., # [57](#) Exhibit Williamson Ex. 1, # [58](#) Exhibit Williamson Ex. 2, # [59](#) Exhibit Williamson Ex. 3, # [60](#) Exhibit Williamson Ex. 4, # [61](#) Exhibit Williamson Ex. 5, # [62](#) Exhibit Williamson Ex. 6, # [63](#) Exhibit Williamson Ex. 7, # [64](#) Exhibit Williamson Ex. 8, # [65](#) Exhibit Williamson Ex. 9)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024)

| Date | Doc | Description |
|---|---|---|
| 06/06/2024 | [91](#) | Evidentiary Material *Jefferson County Commission*. (Attachments: # [1](#) Exhibit McClure Initial Disclosures, # [2](#) Exhibit McClure R&Os, # [3](#) Exhibit Addoh-Kondi R&Os)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/07/2024 | 92 | **TEXT ORDER**: The plaintiffs have asked the Court to seal three exhibits that they filed in support of their summary judgment motion. (Doc. [87](#) ). The plaintiffs explain that the three exhibits -- Docs. 85-15, 85-16, and 85-19 contain confidential, personally identifiable information. The Court grants the motion to seal. The Clerk shall **SEAL** Docs. 85-15, 85-16, and 85-19. Within 24 hours of receipt of this order, the plaintiffs shall file redacted versions of Docs. 85-15, 85-16, and 85-19. Signed by Judge Madeline Hughes Haikala on 6/7/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 06/07/2024) |
| 06/07/2024 | [93](#) | Evidentiary Material re:(59 in 2:23-cv-00443-MHH, 59 in 2:23-cv-00443-MHH, 62 in 2:23-cv-00503-MHH, 62 in 2:23-cv-00503-MHH) Scheduling Order,, Set Scheduling Order Deadlines, (92 in 2:23-cv-00443-MHH, 92 in 2:23-cv-00443-MHH, 92 in 2:23-cv-00443-MHH, 97 in 2:23-cv-00503-MHH, 97 in 2:23-cv-00503-MHH, 97 in 2:23-cv-00503-MHH) Order,,, Terminate Motions,,, Document Sealed,, *in Support of Plaintiffs Motion For Summary Judgment and Supporting Brief*. (Attachments: # [1](#) Exhibit 1 - REDACTED Metro-Birmingham NAACP 30(b)(6) Dep Tr (Mar. 8, 2024) (Crosby, Dorothea), # [2](#) Exhibit 2 - REDACTED McClure Objections and Responses to Defendants First Set of Interrogatories, # [3](#) Exhibit 3 - REDACTED McClure Dep Tr w Ex, # [4](#) Affidavit of Kathryn Sadasivan)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |
| 06/07/2024 | [94](#) | MOTION Summary Judgment by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/07/2024) |
| 06/07/2024 | [95](#) | MOTION Summary Judgment by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |

| | | |
|---|---|---|
| 06/07/2024 | 96 | Brief re(95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |
| 06/28/2024 | 97 | Unopposed MOTION for Leave to File Excess Pages *and Consolidated Response Brief* by Jefferson County Commission, Jefferson County Commission,The. (Attachments: # 1 Text of Proposed Order Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/28/2024) |
| 07/02/2024 | 98 | **TEXT ORDER**: The Commission has asked the Court if it may consolidate its response to the McClure plaintiffs and the Addoh-Kondi plaintiffs' motions for summary judgment and exceed the Court's page limitation. (2:23-cv-00443-MHH, Doc. 97 ; 2:23-cv-00503-MHH, Doc. 104 ). Neither set of plaintiffs oppose this motion. The Court grants this motion. The Commission may enter one consolidated response to the pending motions. The deadlines set out in (Doc. 84 ), remain in effect: responses are due on July 3, 2024, and replies are due on July 17, 2024. Signed by Judge Madeline Hughes Haikala on 7/2/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/02/2024) |
| 07/03/2024 | 99 | RESPONSE in Opposition re (101 in 2:23-cv-00503-MHH) MOTION for Summary Judgment , (95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment *Combined Response* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/03/2024) |
| 07/03/2024 | 100 | RESPONSE in Opposition re (99 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 07/03/2024) |
| 07/03/2024 | 101 | RESPONSE in Opposition re (99 in 2:23-cv-00503-MHH, 94 in 2:23-cv-00443-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/03/2024) |
| 07/15/2024 | 102 | Unopposed MOTION for Leave to File Excess Pages *and Consolidated Reply Brief* by Jefferson County Commission, Jefferson County Commission,The. (Attachments: # 1 Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/15/2024) |
| 07/17/2024 | 103 | REPLY to Response to Motion re (95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/17/2024) |
| 07/17/2024 | 104 | REPLY to Response to Motion re (101 in 2:23-cv-00503-MHH) MOTION for Summary Judgment filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 07/17/2024) |

USCA11 Case: 25-13253  Document: 33-1  Date Filed: 11/17/2025  Page: 30 of 496

| | | |
|---|---|---|
| 07/17/2024 | 105 | REPLY to Response to Motion re (99 in 2:23-cv-00503-MHH) MOTION Summary Judgment *Combined Reply in Support* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/17/2024) |
| 07/18/2024 | 106 | **TEXT ORDER**: The Commission moved for leave to file a consolidated reply to the McClure plaintiffs and the Addoh-Kondi plaintiffs' responses and to exceed the page limit for the brief. (Doc. 102 ). This motion is unopposed. The Commission has since filed its consolidated brief. (Doc. 105 ). The Court grants the motion and accepts Doc. 105 as the Commission's reply to the plaintiffs' responses. Signed by Judge Madeline Hughes Haikala on 7/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/18/2024) |
| 07/22/2024 | 107 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *of Withdrawal of Request for Oral Argument* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/22/2024) |
| 08/14/2024 | 108 | MOTION for Leave to Appear Pro Hac Vice *for Daniel Hessel* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of Daniel Hessel)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 08/14/2024) |
| 08/14/2024 | | PHV Fee paid: $ 100, receipt number ALNDC-4657837. Paid on behalf of Daniel Hessel. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 08/14/2024) |
| 08/15/2024 | 109 | TEXT ORDER: The Court GRANTS Attorney Daniel Hessel's MOTION for LEAVE TO APPEAR PRO HAC VICE doc 108 in 2:23-cv-00443-MHH, and doc 115 in 2:23-cv-00503-MHH. Attorney Daniel Hessel added for plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The, Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, Tammie Smith, and Robert Walker. Signed by Judge Madeline Hughes Haikala on 8/15/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 08/15/2024) |
| 08/27/2024 | 110 | MOTION to Withdraw as Attorney by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Hessel, Daniel) (Entered: 08/27/2024) |
| 08/29/2024 | 111 | TEXT ORDER GRANTING 110 in case 2:23-cv-00443-MHH; granting (117) Motion to Withdraw as Attorney, in case 2:23-cv-00503-MHH filed by Mr. Hessel. The Clerk shall please TERM Mr. Hessel as an attorney for the plaintiffs in Case No. 23-cv-503-MHH. Signed by Judge Madeline Hughes Haikala on 8/29/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 08/29/2024) |
| 09/03/2024 | 112 | TEXT ORDER: The parties have jointly requested that the Court postpone the trial in this case until December 16, 2024. The Court grants the parties' request and resets trial in this case for Monday, December 16, 2024. Signed by Judge Madeline Hughes Haikala on 9/3/2024. (CLC) (Entered: 09/03/2024) |
| 09/18/2024 | 113 | Joint MOTION *for Scheduling Order* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/18/2024) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 31 of 496

| 09/18/2024 | 114 | TRIAL SCHEDULING ORDER. Certain time limits apply as set out in this order. Bench Trial set for 12/16/2024 09:00 AM in Hugo L Black US Courthouse, Birmingham, AL before Judge Madeline Hughes Haikala. Exhibit List due by 10/22/2024. Initial Motions/Briefs due by 11/5/2024. Response Briefs due by 11/19/2024. Reply Briefs due by 11/26/2024. Signed by Judge Madeline Hughes Haikala on 9/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/18/2024) |
|---|---|---|
| 09/19/2024 | 115 | TEXT ORDER: The parties filed a joint motion for a trial scheduling order. (Doc. 113 ). In light of the scheduling order entered by the Court on September 18, 2024, Doc. 114 , the Court asks the Clerk to please TERM Doc. 113 as moot. Signed by Judge Madeline Hughes Haikala on 9/19/2024. (CLC) (Entered: 09/19/2024) |
| 10/22/2024 | 116 | Exhibit List *, Witness List and Deposition Designations* by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/22/2024) |
| 10/22/2024 | 117 | Exhibit List by Jefferson County Commission,The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 10/22/2024) |
| 10/22/2024 | 118 | Witness List by Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 10/22/2024) |
| 10/22/2024 | 119 | Exhibit List by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/22/2024) |
| 10/22/2024 | 120 | Witness List by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Deposition Designation of Michael Barber (May 21, 2024) Transcript, # 2 Exhibit Deposition Designation of Barry Stephenson (August 28, 2023) Transcript)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/22/2024) |
| 11/05/2024 | 121 | Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |
| 11/05/2024 | 122 | Brief re(129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Plaintiffs' 30b6 Deposition Notice (March 1, 2024), # 2 Exhibit B - Deposition of Michael Miller (March 26, 2024))Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |
| 11/05/2024 | 123 | MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |
| 11/05/2024 | 124 | Brief re(131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated |

Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024)

| 11/05/2024 | 125 | MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
|---|---|---|
| 11/05/2024 | 126 | MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/05/2024 | 127 | MOTION in Limine *to Exclude Specific Opinions of Mr. Anthony Fairfax* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/05/2024 | 128 | MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/18/2024 | 129 | NOTICE by Jefferson County Commission *of Availability for Pretrial Conference* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 11/18/2024) |
| 11/19/2024 | 130 | RESPONSE in Opposition re (121 in 2:23-cv-00443-MHH, 129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/19/2024) |
| 11/19/2024 | 131 | RESPONSE in Opposition re (123 in 2:23-cv-00443-MHH, 131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/19/2024) |
| 11/19/2024 | 132 | Opposition to re (135 in 2:23-cv-00503-MHH) *Defendant's Motion to Exclude Specific Testimony of Anthony Fairfax* filed by Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 11/19/2024) |
| 11/19/2024 | 133 | RESPONSE in Opposition re (125 in 2:23-cv-00443-MHH, 133 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Science Advances The use of differential privacy for census data and its impact on redistricting, # 2 Exhibit B - Recombination_ A Family of Markov Chains for Redistricting)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |
| 11/19/2024 | 134 | RESPONSE in Opposition re (134 in 2:23-cv-00503-MHH, 126 in 2:23-cv-00443-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |
| 11/19/2024 | 135 | RESPONSE in Opposition re (136 in 2:23-cv-00503-MHH, 128 in 2:23-cv-00443-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro- |

| | | |
|---|---|---|
| | | Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |
| 11/21/2024 | 136 | Exhibit List *Objections of Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/21/2024) |
| 11/21/2024 | 137 | Exhibit List *Defendant's Supplemented List and Objections* by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit Objections to Addoh-Kondi Exhibit List, # 2 Exhibit Objections to McClure Exhibit List, # 3 Exhibit Defendant's Supplemented Exhibit List, # 4 Exhibit Agreement Between Parties)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/21/2024) |
| 11/22/2024 | 138 | Exhibit List *(Supplemental) of McClure Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/22/2024) |
| 11/26/2024 | 139 | REPLY Brief filed by Plaintiff Alexia Addoh-Kondi re:(139 in 2:23-cv-00503-MHH) Response in Opposition to Motion, filed by Alexia Addoh-Kondi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 11/26/2024) |
| 11/26/2024 | 140 | REPLY to Response to Motion re (136 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 141 | REPLY to Response to Motion re (134 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 142 | REPLY to Response to Motion re (121 in 2:23-cv-00443-MHH, 129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/26/2024) |
| 11/26/2024 | 143 | REPLY to Response to Motion re (125 in 2:23-cv-00443-MHH, 133 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 144 | REPLY to Response to Motion re (127 in 2:23-cv-00443-MHH, 135 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Anthony Fairfax* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 145 | REPLY to Response to Motion re (123 in 2:23-cv-00443-MHH, 131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - (Barber) The Crucial Role of Race in Twenty-First Century US Political Realignment)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/26/2024) |

| 12/05/2024 | 146 | TEXT ORDER: The Court resets the bench trial in this case for 9:00 a.m. on January 13, 2025 in Courtroom 4B of the Hugo L. Black U.S. Courthouse in Birmingham, Alabama. The Court sets oral argument on all pending motions for December 19, 2024 at 9:00 a.m. in Courtroom 4B of the Hugo L. Black U.S. Courthouse. The Court will provide by email Zoom meeting information for the December 19 hearing for counsel participating remotely. Signed by Judge Madeline Hughes Haikala on 12/5/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 12/05/2024) |
|---|---|---|
| 12/05/2024 | 147 | Exhibit List *Amended Objections to Exhibit List* by Alabama State Conference of the NAACP, Alexia Addoh-Kondi.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 12/05/2024) |
| 12/17/2024 | 148 | MOTION for Leave to Appear Pro Hac Vice *for Lily Grisafi* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Declaration of Lily Grisafi)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 12/17/2024) |
| 12/17/2024 | | PHV Fee paid: $ 100, receipt number ALNDC-4746003. Paid on behalf of Lily Grisafi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 12/17/2024) |
| 12/17/2024 | 149 | TEXT ORDER: The Court GRANTS Attorney Lily Grisafi's Motion for Leave to appear Pro Hac Vice. (Doc. 148 in 2:23-cv-00443-MHH, Doc. 156 in 2:23-cv-00503-MHH). Attorney Lily Grisafi added for Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, and Metro-Birmingham Branch of the NAACP, The. Signed by Judge Madeline Hughes Haikala on 12/17/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/17/2024) |
| 12/18/2024 | 150 | MOTION for Leave to Appear Pro Hac Vice *of Marie Sayer* by Jefferson County Commission. (Attachments: # 1 Declaration of Marie Sayer)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Taunton, Michael) (Entered: 12/18/2024) |
| 12/18/2024 | 151 | TEXT ORDER: The Court GRANTS Ms. Sayer's pending motion for leave to appear pro hac vice, (Doc. 150 in 2:23-cv-00443-MHH, 158 in 2:23-cv-00503-MHH), **contingent upon payment of the $100.00 pro hac vice fee.** If fee is not paid with the motion or within 14 days of entry of this order, then the motion is denied without prejudice. Attorney Marie Sayer added for defendants Jefferson County Commission, Steve Ammons, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson, Jefferson County Commission, The. Signed by Judge Madeline Hughes Haikala on 12/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/18/2024) |
| 12/18/2024 | 152 | Exhibit List *Defendant's Second Supplemented List and Objections* by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit A - Objections to Addoh-Kondi Exhibit List, # 2 Exhibit B - Objections to McClure Exhibit List, # 3 Exhibit C - Defendant's Second Supplemented Exhibit List)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 12/18/2024) |
| 12/19/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Motion Hearing held on 12/19/2024 re pending motions; arguments heard. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/19/2024) |
| 12/19/2024 | 153 | Exhibit List *[Amended] of McClure Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of |

the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 12/19/2024)

| 12/19/2024 | | PHV Fee paid: $100, receipt number B-15421 Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/03/2025) |
|---|---|---|
| 12/30/2024 | 154 | NOTICE of Filing. Signed by Judge Madeline Hughes Haikala on 12/30/2024. (Attachments: # 1 Exhibit CV 84-C-1730-S, Taylor et al. v. Jefferson County Commission et al., Amended Complaint, # 2 Exhibit 84-1730 Taylor v. Jefferson County Commission et al., Initial Complaint & Joint Statement of Principal Facts)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 12/30/2024) |
| 01/02/2025 | 155 | TEXT ORDER: Consistent with the discussion during the December 19, 2024 hearing in this matter, the Court denies the parties' motions to exclude the testimony of the expert witnesses designated to testify at trial. (Docs. 123 , 125 , 126 , 127 , 128 ). The Court will consider contemporaneous objections to these witnesses' testimonies at trial. Signed by Judge Madeline Hughes Haikala on 1/2/2025. (CLC) (Entered: 01/02/2025) |
| 01/03/2025 | 156 | Transcript of Proceedings held on December 19, 2024, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 1/24/2025. Redacted Transcript Deadline set for 2/3/2025. Release of Transcript Restriction set for 4/3/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/03/2025) |
| 01/07/2025 | 157 | Exhibit List by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX1, # 2 Exhibit PX2, # 3 Exhibit PX3, # 4 Exhibit PX4, # 5 Exhibit PX5, # 6 Exhibit PX6, # 7 Exhibit PX7, # 8 Exhibit PX8, # 9 Exhibit PX9, # 10 Exhibit PX10, # 11 Exhibit PX11, # 12 Exhibit PX12, # 13 Exhibit PX13, # 14 Exhibit PX14, # 15 Exhibit PX15, # 16 Exhibit PX16, # 17 Exhibit PX17, # 18 Exhibit PX18, # 19 Exhibit PX19, # 20 Exhibit PX20, # 21 Exhibit PX21, # 22 Exhibit PX22, # 23 Exhibit PX23, # 24 Exhibit PX24, # 25 Exhibit PX25, # 26 Exhibit PX26, # 27 Exhibit PX27, # 28 Exhibit PX28, # 29 Exhibit PX29, # 30 Exhibit PX30, # 31 Exhibit PX31, # 32 Exhibit PX32, # 33 Exhibit PX33, # 34 Exhibit PX34, # 35 Exhibit PX35, # 36 Exhibit PX36, # 37 Exhibit PX37, # 38 Exhibit PX38, # 39 Exhibit PX39, # 40 Exhibit PX40, # 41 Exhibit PX41, # 42 Exhibit PX42, # 43 Exhibit PX43, # 44 Exhibit PX44, # 45 Exhibit PX45, # 46 Exhibit PX46, # 47 Exhibit PX47, # 48 Exhibit PX48, # 49 Exhibit PX49, # 50 Exhibit PX50)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025) |
| 01/07/2025 | 158 | Exhibit List *Consolidated Plaintiffs' Exhibits PX51-PX100* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX51, # 2 Exhibit PX52, # 3 Exhibit PX53, # 4 Exhibit PX54, # 5 Exhibit PX55, # 6 Exhibit PX56, # 7 |

Exhibit PX57, # 8 Exhibit PX58, # 9 Exhibit PX59, # 10 Exhibit PX60, # 11 Exhibit PX61, # 12 Exhibit PX62, # 13 Exhibit PX63, # 14 Exhibit PX64, # 15 Exhibit PX65, # 16 Exhibit PX66, # 17 Exhibit PX67, # 18 Exhibit PX68, # 19 Exhibit PX69, # 20 Exhibit PX70, # 21 Exhibit PX71, # 22 Exhibit PX72, # 23 Exhibit PX73, # 24 Exhibit PX74, # 25 Exhibit PX75, # 26 Exhibit PX76, # 27 Exhibit PX77, # 28 Exhibit PX78, # 29 Exhibit PX79, # 30 Exhibit PX80, # 31 Exhibit PX81, # 32 Exhibit PX82, # 33 Exhibit PX83, # 34 Exhibit PX84, # 35 Exhibit PX85, # 36 Exhibit PX86, # 37 Exhibit PX87, # 38 Exhibit PX88, # 39 Exhibit PX89, # 40 Exhibit PX90, # 41 Exhibit PX91, # 42 Exhibit PX92, # 43 Exhibit PX93, # 44 Exhibit PX94, # 45 Exhibit PX95, # 46 Exhibit PX96, # 47 Exhibit PX97, # 48 Exhibit PX98, # 49 Exhibit PX99, # 50 Exhibit PX100)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025)

| | | |
|---|---|---|
| 01/07/2025 | 159 | Exhibit List *Consolidated Plaintiffs' Exhibits PX101-PX146* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX101 pt 1, # 2 Exhibit PX101 pt 2, # 3 Exhibit PX102, # 4 Exhibit PX103, # 5 Exhibit PX104, # 6 Exhibit PX105, # 7 Exhibit PX106, # 8 Exhibit PX107, # 9 Exhibit PX108, # 10 Exhibit PX109, # 11 Exhibit PX110, # 12 Exhibit PX111, # 13 Exhibit PX112, # 14 Exhibit PX113, # 15 Exhibit PX114, # 16 Exhibit PX115, # 17 Exhibit PX116, # 18 Exhibit PX117, # 19 Exhibit PX118, # 20 Exhibit PX119, # 21 Exhibit PX120, # 22 Exhibit PX121, # 23 Exhibit PX122, # 24 Exhibit PX123, # 25 Exhibit PX124, # 26 Exhibit PX125, # 27 Exhibit PX126, # 28 Exhibit PX127, # 29 Exhibit PX128, # 30 Exhibit PX129, # 31 Exhibit PX130, # 32 Exhibit PX131, # 33 Exhibit PX132, # 34 Exhibit PX133, # 35 Exhibit PX134, # 36 Exhibit PX135, # 37 Exhibit PX136, # 38 Exhibit PX137, # 39 Exhibit PX138, # 40 Exhibit PX139, # 41 Exhibit PX140, # 42 Exhibit PX141, # 43 Exhibit PX142, # 44 Exhibit PX143, # 45 Exhibit PX144, # 46 Exhibit PX145, # 47 Exhibit PX146)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025) |
| 01/08/2025 | 160 | TEXT ORDER: The Court sets this matter for a telephone conference at 3:00 p.m. on January 8, 2025. The Court will provide dial-in information to the parties by email. Signed by Judge Madeline Hughes Haikala on 1/8/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/08/2025) |
| 01/08/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 1/8/2025. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 01/08/2025) |
| 01/09/2025 | 161 | NOTICE of Filing. Signed by Judge Madeline Hughes Haikala on 1/9/2025 (Attachments: # 1 Exhibit 1986 Jefferson County Commission Electoral Districts)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/09/2025) |
| 01/09/2025 | 162 | Exhibit List *(First Amended) of Consolidated Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/09/2025) |
| 01/09/2025 | 163 | Exhibit List by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit DX01, # 2 Exhibit DX02, # 3 Exhibit DX03, # 4 Exhibit DX04, # 5 Exhibit DX05, # 6 Exhibit DX06, # 7 Exhibit DX07, # 8 Exhibit DX08, # 9 Exhibit DX09, # 10 Exhibit DX10, # 11 Exhibit DX11, # 12 Exhibit DX12, # 13 Exhibit DX13, # 14 Exhibit DX14, # 15 Exhibit DX15, # 16 Exhibit DX16, # 17 Exhibit DX17, # 18 Exhibit DX18, # 19 Exhibit DX19, # 20 Exhibit DX20, # 21 Exhibit DX21, # 22 Exhibit DX22, # 23 Exhibit DX23, # 24 Exhibit DX24, # 25 Exhibit DX25, # 26 Exhibit |

| | | |
|---|---|---|
| | | DX26, # 27 Exhibit DX27, # 28 Exhibit DX28, # 29 Exhibit DX29, # 30 Exhibit DX30, # 31 Exhibit DX31, # 32 Exhibit DX32, # 33 Exhibit DX33, # 34 Exhibit DX34, # 35 Exhibit DX35, # 36 Exhibit DX36, # 37 Exhibit DX37, # 38 Exhibit DX38, # 39 Exhibit DX39, # 40 Exhibit DX40, # 41 Exhibit DX41, # 42 Exhibit DX42, # 43 Exhibit DX43, # 44 Exhibit DX44, # 45 Exhibit DX45, # 46 Exhibit DX46, # 47 Exhibit DX47, # 48 Exhibit DX48, # 49 Exhibit DX49, # 50 Exhibit DX50, # 51 Exhibit DX51, # 52 Exhibit DX52, # 53 Exhibit DX53, # 54 Exhibit DX54, # 55 Exhibit DX55)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 01/09/2025) |
| 01/10/2025 | 164 | MEMORANDUM OPINION AND ORDER: Given the presumption of legislative good faith and the Supreme Court's instruction that "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's motivation," *Shaw II*, 526 U.S. at 553 n.9, the Court denies the plaintiffs' motion for summary judgment. For the reasons discussed above, the Court also denies the Commission's motion for summary judgment on all grounds other than Greater Birmingham Ministries's standing to challenge the boundaries of District 5. Signed by Judge Madeline Hughes Haikala on 1/10/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/10/2025) |
| 01/10/2025 | 165 | ORDER granting in part and denying in part (121) Motion in Limine in case 2:23-cv-00443-MHH. Consistent with the discussion on the record during the December 19, 2025 hearing, the Court understands that the Commission does not intend to offer at trial non-public evidence or testimony that the Commission has withheld from plaintiffs to date under the legislative privilege. (Doc. 156 , p. 122). The Court will consider contemporaneous objections with respect to Mr. Stephenson's testimony or any other evidence that the Commission may attempt to introduce regarding non-public communications of the Commissioners' motives or intent regarding the 2021 Enacted plan. (Doc. 156 , p. 132). Signed by Judge Madeline Hughes Haikala on January 10, 2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Haikala, Madeline) (Entered: 01/10/2025) |
| 01/10/2025 | 166 | Exhibit List *Consolidated Plaintiffs Third Amended Objections to Defendants Third Supplemental Exhibit List* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/10/2025) |
| 01/10/2025 | 167 | NOTICE by Jefferson County Commission, Jefferson County Commission,The (Attachments: # 1 Exhibit DX54 Redacted)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 01/10/2025) |
| 01/13/2025 | 168 | STIPULATION *First Joint Stipulation of Facts* by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. filed by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 01/13/2025) |
| 01/13/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 1) held on 1/13/2025. Court's opening remarks. Plaintiffs witness testimony begins. **1.** Anthony Fairfax (23cv503 witness) examined on direct by Atty Richard Rouco and cross-exam by Atty Taylor Meehan and Atty Kathryn Sadasivan and released. **2.** Cara McClure (23cv443 witness) examined on direct by Atty Uruj Sheikh and cross-exam by Atty Kathleen Lane and released. **3.** Bill Cooper (23cv443 witness) examined on direct by Kacey-Ann Mordecai and released for the day, cross exam to be continued. Court adjourned for the day. Trial to resume at 8:45 AM on Tuesday, January 14, 2025. (Court |

| | | |
|---|---|---|
| | | Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/14/2025) |
| 01/14/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 2) held on 1/14/2025. Court's opening remarks. Plaintiffs witness testimony continuing. **3.** Bill Cooper (23cv443 witness) examined on cross by Atty Patrick Strawbridge and released. Bench Conference. **4.** Baodong Liu (23cv443 witness) examined on direct by Atty Brenda Wright and cross-exam by Atty Patrick Strawbridge and released. **5.** Benard Simelton (23cv443 witness) examined on direct by Atty Lily Grisafi and cross-exam by Atty Michael Taunton and released. **6.** Scott Douglas (23cv443 witness) examined on direct by Atty Daniel Hessel and cross-exam by Atty Rachael Wyrick and released. Court adjourned for the day. Trial to resume at 9:00 AM on Wednesday, January 15, 2025. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/16/2025) |
| 01/15/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 3) held on 1/15/2025. Court's opening remarks. Plaintiffs witness testimony continuing. **7.** Eric Hall (23cv503 witness) examined on direct by Atty Richard Rice and cross-exam by Atty Patrick Strawbridge and released. **8.** Cory McCartan (23cv443 witness) examined on direct by Atty Kathryn Sadasivan and cross-exam by Atty Taylor Meehan and released. Plaintiffs Rest. Defendant Witness Testimony begins. **1.** Barry Stephenson examined on direct by Atty Rachael Wyrick and cross-exam by Atty Brenda Wright and Atty James Blacksher and released. Court adjourned for the day. Trial to resume at 9:00 AM on Thursday, January 16, 2025. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/16/2025) |
| 01/16/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 4) completed on 1/16/2025. Court's opening remarks. Defendant witness testimony continuing. **2.** Michael Barber examined on direct by Atty Taylor Meehan and cross-exam by Atty Kathryn Sadasivan and Atty James Blacksher and released. Defendant Rests. Court directed parties to submit proposed findings of fact & conclusions of law and additional briefing, if necessary. Court adjourned. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/17/2025 | 169 | EXHIBITS ADMITTED by Alabama State Conference of the NAACP, Lashunda Scales, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner during the Bench Trial for the dates or 1/13/2025 - 1/16/2025 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 19, # 18 Exhibit 20, # 19 Exhibit 23, # 20 Exhibit 24, # 21 Exhibit 25, # 22 Exhibit 26, # 23 Exhibit 27, # 24 28, # 25 29, # 26 30, # 27 Exhibit 31, # 28 Exhibit 32, # 29 Exhibit 33, # 30 Exhibit 34, # 31 Exhibit 35, # 32 Exhibit 36, # 33 Exhibit 37, # 34 Exhibit 38, # 35 Exhibit 39, # 36 Exhibit 40, # 37 Exhibit 41, # 38 Exhibit 42, # 39 Exhibit 43, # 40 Exhibit 44, # 41 Exhibit 45, # 42 Exhibit 46, # 43 Exhibit 47, # 44 Exhibit 48, # 45 Exhibit 49, # 46 Exhibit 50, # 47 Exhibit 51, # 48 Exhibit 52, # 49 Exhibit 53, # 50 Exhibit 54, # 51 Exhibit 55, # 52 Exhibit 56, # 53 Exhibit 57, # 54 Exhibit 58, # 55 Exhibit 59, # 56 Exhibit 60, # 57 Exhibit 61, # 58 Exhibit 62, # 59 Exhibit 63, # 60 Exhibit 64, # 61 Exhibit 65, # 62 Exhibit 66, # 63 Exhibit 67, # 64 Exhibit 68, # 65 Exhibit 69, # 66 Exhibit 70, # 67 Exhibit 71, # 68 Exhibit 72, # 69 Exhibit 73, # 70 Exhibit 74, # 71 Exhibit 75, # 72 Exhibit 76, # 73 Exhibit 77, # 74 Exhibit 78, # 75 Exhibit 79, # 76 Exhibit 80, # 77 Exhibit 81, # 78 Exhibit 82, # 79 |

Exhibit 83, # 80 Exhibit 84, # 81 Exhibit 85, # 82 Exhibit 86, # 83 Exhibit 87, # 84 Exhibit 88, # 85 Exhibit 89, # 86 Exhibit 90, # 87 Exhibit 91, # 88 Exhibit 92, # 89 Exhibit 93, # 90 Exhibit 94, # 91 Exhibit 95, # 92 Exhibit 96, # 93 Exhibit 97, # 94 Exhibit 98, # 95 Exhibit 99, # 96 Exhibit 100, # 97 Exhibit 103, # 98 Exhibit 104, # 99 Exhibit 106, # 100 Exhibit 108, # 101 Exhibit 110, # 102 Exhibit 111, # 103 Exhibit 114, # 104 Exhibit 115, # 105 Exhibit 117, # 106 Exhibit 121, # 107 Exhibit 131, # 108 Exhibit 132, # 109 Exhibit 133, # 110 Exhibit 143, # 111 Exhibit 145, # 112 Exhibit 146, # 113 Exhibit 147, # 114 Exhibit 148, # 115 Exhibit 149, # 116 Exhibit 150, # 117 Exhibit 151, # 118 Exhibit 152, # 119 Exhibit 153, # 120 Exhibit 154, # 121 Exhibit 155) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Additional attachment(s) added on 1/22/2025: # 122 Main Document) (MEB2, ). (Additional attachment(s) added on 1/22/2025: # 123 Exhibit 134, # 124 Exhibit 136, # 125 Exhibit 138) (MEB2, ). (Entered: 01/17/2025)

| | | |
|---|---|---|
| 01/17/2025 | 170 | EXHIBITS ADMITTED by Jefferson County Commission, T. Joe Knight, Shelia Tyson, Steve Ammons, Lashunda Scales.during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 15, # 12 Exhibit 16, # 13 Exhibit 18, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 31, # 17 Exhibit 32, # 18 Exhibit 40, # 19 Exhibit 42, # 20 Exhibit 43, # 21 Exhibit 45) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/17/2025 | 171 | (SEALED) 168 First Joint Stipulation of Facts by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. filed by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/21/2025 | 172 | Transcript of Proceedings held on January 13, 2025 - January 16, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (Attachments: # 1 Exhibit Vol. 2, # 2 Exhibit Vol. 3, # 3 Exhibit Vol. 4) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| 01/21/2025 | 173 | Transcript of Proceedings held on January 14, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript |

Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025)

| 01/21/2025 | 174 | Transcript of Proceedings held on January 15, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| --- | --- | --- |
| 01/21/2025 | 175 | Transcript of Proceedings held on January 16, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| 01/22/2025 | 176 | COURT'S EXHIBITS admitted during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/22/2025) |
| 02/03/2025 | 177 | Statement of Facts *Proposed Statement of Facts and Conclusions of Law* by Jefferson County Commission, Jefferson County Commission,The. filed by Jefferson County Commission, Jefferson County Commission,The Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/03/2025) |
| 02/03/2025 | 178 | Statement of Facts - *Plaintiffs' Proposed Findings of Fact and Conclusions of Law* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/03/2025) |
| 02/07/2025 | 179 | *AMENDED* EXHIBITS ADMITTED by Jefferson County Commission, T. Joe Knight, Shelia Tyson, Steve Ammons, Lashunda Scales during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 15, # 12 Exhibit 16, # 13 Exhibit 18, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 31, # 17 Exhibit 32, # 18 Exhibit 40, # 19 Exhibit 42, # 20 Exhibit 43, # 21 Exhibit 45, # 22 Exhibit 56) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (Exhibits Amended to ADD Deft's Exhibit 56. See 174 681:7-14) (MEB2) (Entered: 02/07/2025) |

| | | |
|---|---|---|
| 02/14/2025 | 180 | Transcript of Proceedings (Telephone Conference) held on January 8, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 3/7/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/15/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KAM) (Entered: 02/14/2025) |
| 02/18/2025 | 181 | REPLY to re (185 in 2:23-cv-00503-MHH) *Defendant's Proposed Findings of Fact and Conclusions of Law* filed by Alexia Addoh-Kondi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 02/18/2025) |
| 02/18/2025 | 182 | REPLY to re (177 in 2:23-cv-00443-MHH) *, Defendant's Proposed Findings of Fact and Conclusions of Law* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/18/2025) |
| 02/18/2025 | 183 | RESPONSE to re (178 in 2:23-cv-00443-MHH) *Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/18/2025) |
| 03/05/2025 | 184 | MOTION to Withdraw as Attorney by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 03/05/2025) |
| 03/05/2025 | 185 | TEXT ORDER: The Court GRANTS (184) Mr. Walker's Motion to Withdraw as Attorney. Attorney Jordan Dorman Walker terminated in case 2:23-cv-00443-MHH as to dft Jefferson County Commission. The Court also GRANTS (192) and (193), Mr. Walker's Motions to Withdraw as Attorney. Attorney Jordan Dorman Walker terminated in case 2:23-cv-00503-MHH as to dft Jefferson County Commission. Signed by Judge Madeline Hughes Haikala on 3/5/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/05/2025) |
| 03/25/2025 | 186 | MOTION to Withdraw as Attorney *Kathleen S. Lane* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lane, Kathleen) (Entered: 03/25/2025) |
| 03/25/2025 | 187 | TEXT ORDER re (186 in 2:23-cv-00443-MHH, 195 in 2:23-cv-00503-MHH): The Court GRANTS the MOTIONS to Withdraw as Attorney *Kathleen S. Lane* filed by Jefferson County Commission, Jefferson County Commission,The; Attorney Kathleen Smithgall Lane terminated as to those Defendants. Signed by Judge Madeline Hughes Haikala on 3/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/25/2025) |
| 09/05/2025 | 188 | REPORT of Rule 26(f) Planning Meeting. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smith, Shawnna) (Entered: 09/05/2025) |
| 09/05/2025 | 189 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Regarding Upcoming* |

| | | *Election Deadlines* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/05/2025) |
|---|---|---|
| 09/10/2025 | [190](#) | RESPONSE to re (189 in 2:23-cv-00443-MHH) *notice regarding upcoming election deadlines* filed by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/10/2025) |
| 09/16/2025 | [191](#) | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER: The plaintiffs in these consolidated cases have challenged the electoral map that the Jefferson County Commission enacted during the 2021 redistricting process. The plaintiffs contend that the Commissions map is racially gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Court held a four-day bench trial on the plaintiffs' claims. (Docs. 172, 173, 174, 175). Having heard the parties' evidence and considered theparties' written submissions concerning the evidence, (Docs. [177](#) , [178](#) , [181](#) , [182](#) , [183](#) ), the Court issues findings of fact and conclusions of law. Within 30 days, the parties shall please file a joint report on the development of a remedial redistricting plan. Signed by Judge Madeline Hughes Haikala on 9/16/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/16/2025) |
| 09/16/2025 | [192](#) | NOTICE of Appearance by Soren A. Geiger on behalf of Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Geiger, Soren) (Entered: 09/16/2025) |
| 09/18/2025 | [193](#) | NOTICE OF APPEAL as to (191 in 2:23-cv-00443-MHH) Order,,, by Jefferson County Commission. Filing fee $ 605, receipt number ALNDC-4962659. Appeal Record due by 10/2/2025. (Meehan, Taylor) (Entered: 09/18/2025) |
| 09/18/2025 | [194](#) | MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, by Jefferson County Commission. (Attachments: # [1](#) Affidavit)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/18/2025) |
| 09/18/2025 | [195](#) | Transmittal Letter to 11th Circuit Court of Appeals re doc. 193 Notice of Appeal & doc. 202 Notice of Appeal in 2:23-cv-503-MHH Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/18/2025) |
| 09/18/2025 | [196](#) | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re [193](#) Notice of Appeal (CLC) (Entered: 09/18/2025) |
| 09/18/2025 | | Filing fee: $ 605.00, receipt number B-20134 (CLC) (Entered: 09/18/2025) |
| 09/19/2025 | 197 | TEXT ORDER: Defendant Jefferson County Commission has filed a motion to stay this Court's injunction pending appeal. (Doc. [194](#) ). The Plaintiffs shall file a response on or before 5 p.m. September 22, 2025. The Defendant may file a reply on or before 12 p.m. Tuesday, September 23, 2025. Signed by Judge Madeline Hughes Haikala on 9/19/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/19/2025) |
| 09/19/2025 | [198](#) | Unopposed MOTION for Attorney Fees *Motion to Defer Motion for Attorneys Fees* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The, Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/19/2025) |
| 09/22/2025 | [199](#) | USCA Case Number 25-13253-J for (202 in 2:23-cv-00503-MHH, 193 in 2:23-cv-00443-MHH) Notice of Appeal filed by Jefferson County Commission. (CLC) (Entered: 09/22/2025) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 43 of 496

| | | |
|---|---|---|
| 09/22/2025 | 200 | RESPONSE in Opposition re (203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 09/22/2025) |
| 09/22/2025 | 201 | RESPONSE in Opposition re (194 in 2:23-cv-00443-MHH, 203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, *MCCLURE PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO STAY INJUNCTION PENDING APPEAL* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/22/2025) |
| 09/23/2025 | 202 | REPLY to Response to Motion re (203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, filed by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/23/2025) |
| 09/24/2025 | 203 | TEXT ORDER: Defendant Jefferson County Commission has filed a motion to stay this Court's injunction pending appeal. The Court has reviewed the parties' briefing. The Court sets this matter for a telephone conference at 3:30 p.m. today, September 24, 2025. Counsel shall please dial 205-931-0422 and enter access code and dial access code 421934463 to participate in the call. Signed by Judge Madeline Hughes Haikala on 9/24/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/24/2025) |
| 09/24/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 9/24/2025; written order to be entered. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 09/24/2025) |
| 09/24/2025 | 204 | ORDER denying (194) Motion to Stay in case 2:23-cv-00443-MHH. For reasons that the Court will explain in an upcoming memo op, the Court denies the Commission's motion to stay. Signed by Judge Madeline Hughes Haikala on September 24, 2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Haikala, Madeline) (Entered: 09/24/2025) |
| 09/25/2025 | 205 | MEMORANDUM OPINION AND ORDER: Based on the evidence presented, the Court concluded that the Commissions 2021 redistricting plan violates the Fourteenth Amendment's protection against racial gerrymandering, and the Court permanently enjoined the Commission from using the 2021 plan in Jefferson County Commission elections. (23-cv-443, Doc. 191, p. 139). The Commission has appealed the decision and has sought a stay of the injunction pending the outcome on appeal. (23-cv-443, Doc. 193; 23-cv-443, Doc. 194). This opinion addresses the motion for a stay. A stay of remedial proceedings in this case will not serve the public interest. See Nken, 556 U.S. at 426. For reasons stated within, the Nken factors weigh in favor of the plaintiffs. Therefore, the Court denies the Commission's request for a stay. Signed by Judge Madeline Hughes Haikala on 9/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/25/2025) |
| 09/26/2025 | 206 | MOTION for Leave to Appear Pro Hac Vice *for Samuel Davis* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of Samuel Davis)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 09/26/2025) |

USCA11 Case: 25-13253      Document: 33-1      Date Filed: 11/17/2025      Page: 44 of 496

| | | |
|---|---|---|
| 09/26/2025 | | PHV Fee paid: $ 100, receipt number ALNDC-4969061. Paid on behalf of Samuel Davis. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 09/26/2025) |
| 09/26/2025 | 207 | Transcript of Proceedings held on September 24, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 10/17/2025. Redacted Transcript Deadline set for 10/27/2025. Release of Transcript Restriction set for 12/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/26/2025) |
| 09/26/2025 | 208 | SCHEDULING ORDER: The Court sets deadlines within for remedial proceedings in this case. Signed by Judge Madeline Hughes Haikala on 9/26/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/26/2025) |
| 09/30/2025 | 209 | TEXT ORDER: The Court GRANTS (215 in 2:23-cv-00503-MHH, 206 in 2:23-cv-00443-MHH) the MOTION for Leave to Appear Pro Hac Vice *for Samuel Davis* filed by Cara McClure, Metro-Birmingham Branch of the NAACP, The, Greater Birmingham Ministries, Alabama State Conference of the NAACP. Attorney Samuel A Davis is added for Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Signed by Judge Madeline Hughes Haikala on 9/30/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 09/30/2025) |
| 10/01/2025 | 210 | TEXT ORDER: Plaintiffs have filed an unopposed motion to defer motions for attorneys' fees until after the Commission's appeal has concluded. (Doc. 198 ). The Court grants the motion. Motions for attorneys' fees and costs must be filed within 60 days after the entry of the mandate after the ruling on appeal, or after the conclusion of remedial proceedings, whichever is later. Signed by Judge Madeline Hughes Haikala on 10/1/2025. (CLC) (Entered: 10/01/2025) |
| 10/02/2025 | 211 | TRANSCRIPT REQUEST *(Eleventh Circuit Transcript Order Form)* by Jefferson County Commission. filed by Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 10/02/2025) |
| 10/06/2025 | 212 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure *Filing of Remedial Plan and Evidentiary Material* (Attachments: # 1 Exhibit A - McCartan Declaration, # 2 Exhibit B - Liu Declaration, # 3 Exhibit C - Bagley Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/06/2025) |
| 10/06/2025 | 213 | Brief re(212 in 2:23-cv-00443-MHH) Notice (Other), *in Support of McClure Plaintiffs' Remedial Plan*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/06/2025) |
| 10/06/2025 | 214 | Brief *re: Addoh-Kondi Plaintiffs' Submission of Proposed Remedial Plan*. (Attachments: # 1 Declaration of Anthony Fairfax, # 2 Appendices to Declaration of A. Fairfax on Jefferson County AL CC Remedial Plan 1)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/06/2025) |

USCA11 Case: 25-13253     Document: 33-1     Date Filed: 11/17/2025     Page: 45 of 496

| 10/09/2025 | 215 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure re (212 in 2:23-cv-00443-MHH) Notice (Other), *Corrected Exhibit A McCartan Declaration* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/09/2025) |
| 10/14/2025 | 216 | NOTICE by Jefferson County Commission *of Objections to Plaintiffs' Proposed Remedial Plans* (Attachments: # 1 Exhibit Remedial Report - Dr. Barber, # 2 Affidavit Remedial Declaration - Mr. Stephenson)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 10/14/2025) |
| 10/15/2025 | 217 | REPLY to re (228 in 2:23-cv-00503-MHH) *Addoh-Kondi Plaintiffs Reply to Defendant's Objections to Fairfax Remedial Plan 1* filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 218 | REPLY Brief filed by Plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure re:(228 in 2:23-cv-00503-MHH, 216 in 2:23-cv-00443-MHH) Notice (Other), *In Support of McClure Remedial Plan* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure. (Attachments: # 1 Exhibit A - McCartan Supplemental Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/15/2025) |
| 10/16/2025 | 219 | ORDER of USCA as to (202 in 2:23-cv-00503-MHH, 193 in 2:23-cv-00443-MHH) Notice of Appeal filed by Jefferson County Commission:...we grant the Commission's motion to stay the district court's injunction pending appeal...AJ, ELB and RJL; Jordan dissenting. (See attached order for complete text) (CLC) (Entered: 10/16/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/04/2025 11:48:16 | | |
| **PACER Login:** | marisayer | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00443-MHH |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# TAB AK-DOC

# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00503-MHH

| | |
|---|---|
| Addoh-Kondi et al v. Jefferson County Commission,The et al | Date Filed: 04/18/2023 |
| Assigned to: Judge Madeline Hughes Haikala | Jury Demand: None |
| Lead case: 2:23-cv-00443-MHH | Nature of Suit: 441 Civil Rights: Voting |
| Member case: (View Member Case) | Jurisdiction: Federal Question |
| Case in other court:  25-13254-J | |
| Cause: 42:1973 Voting Rights Act | |

**Plaintiff**

**Alexia Addoh-Kondi**                    represented by   **Daniel Hessel**
Harvard Law School
4105 Wasserstein Hall
6 Everett Street
Cambridge, MA 02138
917-403-4976
Email: dhessel@law.harvard.edu
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
QUINN CONNOR WEAVER DAVIES &
ROUCO LLP
Two North Twentieth Street
2 20th Street North
Suite 930
Birmingham, AL 35203
205-870-9989
Fax: 205-803-4143
Email: rrouco@qcwdr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
JAMES U. BLACKSHER, ATTORNEY
825 Linwood Road
Birmingham, AL 35222
205-612-3752
Fax: 866-845-4395
Email: jublacksher@gmail.com
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
THE RICE LAW FIRM
115 Richard Arrington Jr. Blvd. N.

Birmingham, AL 35203
205-618-8733
Fax: 888-391-7193
Email: rrice@rice-lawfirm.com
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
U. W. CLEMON, LLC
2001 Park Place, Ste. 1000
Birmingham, AL 35222
205-837-2898
Fax: 205-798-2577
Email: uwclemon1@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cynthia Bonner**                        represented by **Daniel Hessel**
(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ja'Nelle Brown**                        represented by **Daniel Hessel**
(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Hall**                           represented by  **Daniel Hessel**
                                                        (See above for address)
                                                        *TERMINATED: 08/29/2024*
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Richard P Rouco**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James Uriah Blacksher**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Richard Allan Rice**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **U. W. Clemon**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Hansen**                      represented by  **Daniel Hessel**
                                                        (See above for address)
                                                        *TERMINATED: 08/29/2024*
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Richard P Rouco**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James Uriah Blacksher**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Richard Allan Rice**

(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Juarez**                                    represented by    **Daniel Hessel**
(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Long**                                    represented by    **Daniel Hessel**
(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 51 of 496

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **William Muhammad** | represented by | **Richard P Rouco** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Fred Lee Randall** | represented by | **Richard P Rouco** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Tammie Smith** | represented by | **Daniel Hessel** |

(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

| | | |
|---|---|---|
| **Robert Walker** | represented by | **Daniel Hessel**
(See above for address)
*TERMINATED: 08/29/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED* |

**Richard P Rouco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Uriah Blacksher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Allan Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**U. W. Clemon**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Jefferson County Commission,The**
*a political subdivision of the State of Alabama* | represented by | **Jordan Dorman Walker**
BALCH & BINGHAM LLP
P O Box 78
Montgomery, AL 36101
334-834-6500
Fax: 334-269-3115
Email: dwalker@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

**Kathleen Smithgall Lane**
CONSOVOY McCARTHY PLLC
1600 Wilson Boulevard
Arlington, VA 22209
406-539-2269

USCA11 Case: 25-13253     Document: 33-1     Date Filed: 11/17/2025     Page: 53 of 496

Email: katie@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
CONSOVOY MCCARTHY, PLLC
1600 Wilson Blvd, Suite 700
Arlington, VA 22209
703-243-9423
Email: mari@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Paul Taunton**
BALCH & BINGHAM, LLP
P.O. Box 306
Suite 1500
Birmingham, AL 35203
205-251-8100
Fax: 205-226-8799
Email: mtaunton@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
703-243-9423
Email: taylor@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
Jefferson County Attorney's Office
716 Richard Arrington, Jr. Blvd. North
Suite 280
Birmingham, AL 35203
205-325-5688
Fax: 205-325-5840
Email: carrolld@jccal.org
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB#706
Boston, MA 02109
617-227-0548
Email: patrick@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**Rachael C.T. Wyrick**

CONSOVOY McCARTHY PLLC
1600 Wilson Blvd, Suite 700
Arlington, VA 22209
703-243-9423
Email: rachael@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
JEFFERSON COUNTY ATTORNEY'S
OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
205-325-5688
Fax: 205-325-5840
Email: lawsont@jccal.org
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Steve Ammons**
*TERMINATED: 01/09/2024*

represented by **Jordan Dorman Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**T. Joe Knight**
*TERMINATED: 01/09/2024*

represented by **Jordan Dorman Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lashunda Scales**
*TERMINATED: 01/09/2024*

represented by **Jordan Dorman Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James A Stephens**
*TERMINATED: 01/09/2024*

represented by **Jordan Dorman Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shelia Tyson**
*in thier official capacities as members of the*
*Jefferson County Commission*
*TERMINATED: 01/09/2024*

represented by **Jordan Dorman Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Smithgall Lane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor A.R. Meehan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald McKinley Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore A Lawson , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 04/18/2023 | 1 | COMPLAINT against Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson, filed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(AKD) (Entered: 04/18/2023) |
|---|---|---|
| 04/18/2023 | 2 | **NOTICE OF CONSENT** to a magistrate judge in a civil action. (AKD) (Entered: 04/18/2023) |
| 04/18/2023 |  | Filing Fee: Filing fee $ 402, receipt_number AALNDC-4322639 (ALND receipt# B-4879). related document 1 COMPLAINT against Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson, filed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Errata F, # 7 Exhibit G)(AKD). (Rouco, Richard) Modified on 4/19/2023 (AKD). (Entered: 04/18/2023) |
| 04/21/2023 | 3 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. Jefferson County Commission,The waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | 4 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. James A Stephens waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | 5 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. Lashunda Scales waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | 6 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. Shelia Tyson waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | 7 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. Steve Ammons waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | 8 | WAIVER OF SERVICE Returned Executed by Ja'Nelle Brown, Michael Hansen, Julia Juarez, Alexia Addoh-Kondi, Tammie Smith, Eric Hall, Cynthia Bonner, William Muhammad, Robert Walker, Fred Lee Randall, Charles Long. T. Joe Knight waiver sent on 4/21/2023, answer due 6/20/2023. (Rouco, Richard) (Entered: 04/21/2023) |
| 05/17/2023 | 9 | NOTICE of Appearance by Jordan Dorman Walker on behalf of Jefferson County Commission,The (Walker, Jordan) (Entered: 05/17/2023) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 58 of 496

| 05/19/2023 | 10 | MOTION for Leave to Appear Pro Hac Vice Motion<br>Motion is **RIPE 5/19/2023**. Any party may file a motion to reconsider within three (3) business days of a ruling on the motion.<br>Filed by Jefferson County Commission,The. (Attachments: # 1 Affidavit Declaration of Taylor A.R Meehan)(Walker, Jordan) (Entered: 05/19/2023) |
|---|---|---|
| 05/19/2023 | 11 | MOTION for Leave to Appear Pro Hac Vice<br>Motion is **RIPE 5/19/2023**. Any party may file a motion to reconsider within three (3) business days of a ruling on the motion.<br>Filed by Jefferson County Commission,The. (Attachments: # 1 Affidavit Declaration of Kathleen L. Smithgall)(Walker, Jordan) (Entered: 05/19/2023) |
| 05/19/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4345854. (Walker, Jordan) Modified on 5/22/2023 NDAL rec# B-5385(KAM). (Entered: 05/19/2023) |
| 05/19/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4345865. (Walker, Jordan) Modified on 5/22/2023 NDAL rec# B-5386(KAM). (Entered: 05/19/2023) |
| 05/19/2023 | 12 | **TEXT ORDER** granting (Docs 10 , 11 ) Motions for Leave to Appear Pro Hac Vice filed by The Jefferson County Commission, but with the understanding and on the condition they pay the applicable fee and register for e-filing and notification within 14 days, unless they have already done so. Signed by Magistrate Judge John H England, III on 5/19/23. (MRR, ) (Entered: 05/19/2023) |
| 05/25/2023 | 13 | ORDER Plaintiffs' (10) Motion to Consolidate Cases is GRANTED and these cases are CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42(a)(2). The Clerk is DIRECTED to reassign Case No. 2:23-cv-00503 to the undersigned. Signed by Magistrate Judge Nicholas A Danella on 5/25/2023. Associated Cases: 2:23-cv-00443-NAD, 2:23-cv-00503-JHE(KSS) (Entered: 05/25/2023) |
| 05/25/2023 | | Case Reassigned to Magistrate Judge Nicholas A Danella. Magistrate Judge John H England, III no longer assigned to the case. (KSS) (Entered: 05/25/2023) |
| 05/25/2023 | 14 | NOTICE OF CONSOLIDATION The above-styled civil actions have been consolidated to the Honorable Nicholas A. A Danella. Please use the above style on all subsequent pleadings. Please enter all future filings in the **LEAD CASE number only 2:23-cv-443-NAD**. The electronic system will automatically add the entry in the member case. Associated Cases: 2:23-cv-00443-NAD, 2:23-cv-00503-NAD(KSS) (Entered: 05/25/2023) |
| 05/30/2023 | 15 | NOTICE OF REASSIGNMENT; The parties having not unanimously consented to the dispositive jurisdiction by a Magistrate Judge, the above styled civil action has been randomly reassigned to the Honorable Madeline Hughes Haikala. Please use case number 2:23-cv-0443-MHH as the lead case on all subsequent pleadings. Magistrate Judge Nicholas A Danella no longer assigned to the case. (JLC) (Entered: 05/30/2023) |
| 06/05/2023 | 16 | HAIKALA CHAMBERS INITIAL ORDER. Signed by Judge Madeline Hughes Haikala on 6/5/2023. (DNW) (Entered: 06/05/2023) |
| 06/12/2023 | 17 | STIPULATION *TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINTS* by Jefferson County Commission. filed by Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 6/12/2023 (DNW). (Entered: 06/12/2023) |
| 06/12/2023 | 18 | **TEXT ORDER**: The Court GRANTS (15) Motion To Extend Time for Defendants To Respond to Plaintiff's Complaints in case 2:23-cv-00443-MHH. Response due on or before July 7, 2023. Signed by Judge Madeline Hughes Haikala on 6/12/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 06/12/2023) |

USCA11 Case: 25-13253      Document: 33-1      Date Filed: 11/17/2025      Page: 59 of 496

| | | |
|---|---|---|
| 07/05/2023 | 19 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit Ex. A McClure Pltfs Proposed Schedule, # 2 Exhibit Ex. B Defs Proposed Schedule)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 07/05/2023) |
| 07/06/2023 | 20 | MOTION for Preliminary Injunction by Alexia Addoh-Kondi. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W)(Blacksher, James) (Entered: 07/06/2023) |
| 07/06/2023 | 21 | Brief re 20 MOTION for Preliminary Injunction . (Blacksher, James) (Entered: 07/06/2023) |
| 07/06/2023 | 22 | TEXT ORDER: The Court sets this matter for a scheduling conference at 2:30 p.m. on Thursday, July 13, 2023 in Courtroom 7B, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203. Signed by Judge Madeline Hughes Haikala on 7/6/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/06/2023) |
| 07/07/2023 | 23 | MOTION Dismiss by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 07/07/2023) |
| 07/07/2023 | 24 | MOTION Dismiss by Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 07/07/2023) |
| 07/10/2023 | 25 | TEXT ORDER: The Court sets this matter for a scheduling conference at 9:00 AM CST on Wednesday, July 12, 2023. Counsel of record please dial 205-931-0422 and enter access code 350 840 852# to participate in the call. Signed by Judge Madeline Hughes Haikala on 7/10/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/10/2023) |
| 07/11/2023 | 26 | **TEXT ORDER**: Scheduling Conference set for 7/13/2023 at 2:30 PM is CANCELLED. Signed by Judge Madeline Hughes Haikala on 7/11/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/11/2023) |
| 07/12/2023 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 7/12/2023. Counsel to confer and submit proposed briefing schedule to chambers by noon 7/13/2023. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/12/2023) |
| 07/13/2023 | 27 | **BRIEFING SCHEDULE**: The McClure plaintiffs' Motion for Preliminary Injunction is due on or before 07/21/2023. Responses to the defendants' motions to dismiss are due on or before 08/2/2023. The defendants' response to the plaintiffs' preliminary injunction motions is due on or before 08/11/2023. The parties' replies to the motions to dismiss and the motions for preliminary injunction are due on or before 08/18/2023. The Court sets the pending motions for a hearing on August 30, 2023 at 10:00 a.m. in Courtroom 7B of the Hugo Black United States Courthouse. Signed by Judge Madeline Hughes Haikala on 7/13/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) Modified hearing date on 7/14/2023 (DNW). (Entered: 07/13/2023) |
| 07/19/2023 | 28 | MOTION for Leave to Appear Pro Hac Vice by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 07/19/2023) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 60 of 496

| 07/19/2023 | | PHV Fee paid: $ 75, receipt number ALNDC-4385640 (rcpt. no. B-6399). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 7/19/2023 (DNW). (Entered: 07/19/2023) |
|---|---|---|
| 07/19/2023 | 29 | **TEXT ORDER**: The Court GRANTS 28 MOTION for Leave to Appear Pro Hac Vice, Attorney Rachel Claire Tucker admitted as counsel for Jefferson County Commission. Signed by Judge Madeline Hughes Haikala on 7/19/2023. (DNW) (Entered: 07/19/2023) |
| 07/21/2023 | 30 | MOTION for Preliminary Injunction by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Memorandum In Support of Preliminary Motion, # 2 Exhibit A - Consent Decree_Taylor v JCC_C-84-CV-1730-S (Aug 17 1985), # 3 Exhibit B - General Election Summary 2010-2022, # 4 Exhibit C - Redistricting presentation by Jeffco Comm'n (MCC00158-74), # 5 Exhibit D - Excerpts from Deposition of Bridgette Escobedo, # 6 Exhibit G - Jefferson Cnty. Commn Res. 2021-862 (Oct. 7, 2021), # 7 Exhibit H - Jefferson County Commission, Resolution 2021-929 (Nov. 4, 2021), # 8 Exhibit I - Liu Expert Report, # 9 Exhibit J - Scott Douglas Declaration, # 10 Exhibit K - Benard Simelton, # 11 Exhibit L - Dorothea Crosby Declaration, # 12 Exhibit M - JeffCo Commissioners Begin Redrawing District Lines, # 13 Exhibit N - JEFFERSON COUNTY COMMISSION (Commission Chambers) Oct. 7, 2021 Meeting Minutes, # 14 Exhibit O - Cara McClure Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Ross, Deuel) Modified on 1/8/2024 (DNW, ). (Entered: 07/22/2023) |
| 07/27/2023 | 31 | Evidentiary Material re:(26 in 2:23-cv-00443-MHH) MOTION for Preliminary Injunction . (Attachments: # 1 Exhibit D, # 2 Exhibit F)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Ross, Deuel) (Entered: 07/27/2023) |
| 08/02/2023 | 32 | RESPONSE in Opposition re 24 MOTION Dismiss filed by Alexia Addoh-Kondi. (Rouco, Richard) (Entered: 08/02/2023) |
| 08/02/2023 | 33 | BRIEF Memorandum of Law in Opposition re (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH) MOTION Dismiss filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/02/2023) |
| 08/08/2023 | 34 | Unopposed MOTION for Leave to File *a Consolidated Response and Brief in Excess of Page Limits* by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/08/2023) |
| 08/08/2023 | 35 | **TEXT ORDER**: The Court GRANTS 29 Unopposed MOTION for Leave to File a Consolidated Response and Brief in Excess of Page Limits. The defendants consolidated response shall not exceed 50 pages. Signed by Judge Madeline Hughes Haikala on 8/8/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/08/2023) |
| 08/11/2023 | 36 | Evidentiary Material *re: Exhibit 1 - Declaration of Barry Stephenson*. (Attachments: # 1 Exhibit A - 2011 & 2021 District Comparison Map, # 2 Exhibit B - Presentation, # 3 Exhibit C - Demographic Changes)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 37 | Evidentiary Material *re: Exhibit 2 - Declaration of James P. Naftel, II*. (Attachments: # 1 Exhibit A - 2024 Elections Calendar)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |

| 08/11/2023 | 38 | Evidentiary Material *re: Exhibit 3 - Declaration of Keith Harris*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
|---|---|---|
| 08/11/2023 | 39 | Evidentiary Material *re: Exhibit 4 - 2021 Enacted Plan*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 40 | Evidentiary Material *re: Exhibit 5 - Chandler Scheduling Order*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/11/2023 | 41 | RESPONSE to Motion re (26 in 2:23-cv-00443-MHH, 30 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/11/2023) |
| 08/15/2023 | 42 | Unopposed MOTION for Extension of Time to File Response/Reply as to (26 in 2:23-cv-00443-MHH) MOTION for Preliminary Injunction by Cara McClure. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/15/2023) |
| 08/16/2023 | 43 | **TEXT ORDER**: The Court GRANTS 37 Motion for Extension of Time to File Response/Reply in 2:23-cv-00443-MHH, 42 in 2:23-cv-00503-MHH. Replies due by 8/22/2023. Signed by Judge Madeline Hughes Haikala on 8/16/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/16/2023) |
| 08/16/2023 | 44 | MOTION for Leave to Appear Pro Hac Vice by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 08/16/2023) |
| 08/16/2023 |  | PHV Fee paid: $ 75, receipt number ALNDC-4407114 (rcpt. no. B-6947). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 8/17/2023 (DNW). (Entered: 08/16/2023) |
| 08/21/2023 | 45 | **TEXT ORDER**: The Court GRANTS 39 Motion for Leave to Appear Pro Hac Vice (in 2:22cv-00443-MHH) and 44 (in 44 in 2:23-cv-00503-MHH). Attorney C'Zar Bernstein admitted as counsel for defendants. Signed by Judge Madeline Hughes Haikala on 8/21/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 08/21/2023) |
| 08/22/2023 | 46 | REPLY to Response to Motion re (20 in 2:23-cv-00443-MHH, 24 in 2:23-cv-00503-MHH) MOTION Dismiss *Addoh-Kondi Complaint* filed by Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 08/22/2023) |
| 08/22/2023 | 47 | REPLY to Response to Motion re (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH) MOTION Dismiss *McClure Complaint* filed by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 08/22/2023) |
| 08/22/2023 | 48 | Evidentiary Material *re McClure Plaintiffs' Reply Brief in Support of Motion for Preliminary Injunction*. (Attachments: # 1 Exhibit P - Election Cycle Calendar, # 2 Exhibit Q -June 8, 2023 Crenshaw Article, # 3 Exhibit R - July 7, 2023 AP article, # 4 Exhibit S - July 7, 2023 Press Release)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/22/2023) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 62 of 496

| 08/22/2023 | 49 | REPLY Brief filed by Plaintiffs Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker re:(20 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Blacksher, James) (Entered: 08/22/2023) |
|---|---|---|
| 08/22/2023 | 50 | REPLY Brief filed by Plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The re:(30 in 2:23-cv-00503-MHH) MOTION for Preliminary Injunction filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wright, Brenda) (Entered: 08/22/2023) |
| 08/30/2023 | 51 | Evidentiary Material *Re: Naftel Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Naftel Ex. 1, # 2 Exhibit Naftel Ex. 2)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 52 | Evidentiary Material *Re: Stephenson Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Stephenson Ex. 1, # 2 Exhibit Stephenson Ex. 2, # 3 Exhibit Stephenson Ex. 3, # 4 Exhibit Stephenson Ex. 4)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 53 | Evidentiary Material *Re: Cooper Deposition for Preliminary Injunction Hearing*. (Attachments: # 1 Exhibit Cooper Ex. 1, # 2 Exhibit Cooper Ex. 2, # 3 Exhibit Cooper Ex. 3, # 4 Exhibit Cooper Ex. 4, # 5 Exhibit Cooper Ex. 5, # 6 Exhibit Cooper Ex. 6, # 7 Exhibit Cooper Ex. 7, # 8 Exhibit Cooper Ex. 8, # 9 Exhibit Cooper Ex. 9, # 10 Exhibit Cooper Ex. 10, # 11 Exhibit Cooper Ex. 11)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 54 | Evidentiary Material *Re: 2013 DOJ Preclearance Letter*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 55 | NOTICE by Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson *of Joint Filing of Exhibits for August 30, 2023, Hearing* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 08/30/2023) |
| 08/30/2023 | 56 | NOTICE of Appearance by Theodore A Lawson, II on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawson, Theodore) (Entered: 08/30/2023) |
| 08/30/2023 | 57 | NOTICE of Appearance by Donald McKinley Carroll on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Carroll, Donald) (Entered: 08/30/2023) |
| 08/30/2023 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Motion Hearing held on 8/30/2023 re (26 in 2:23-cv-00443-MHH, 30 in 2:23-cv-00503-MHH) (19 in 2:23-cv-00443-MHH, 23 in 2:23-cv-00503-MHH). (Court Reporter Teresa Roberson) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) Modified on 9/29/2023 (ALO, CR Updated). (Entered: 08/31/2023) |
| 10/16/2023 | 58 | Transcript of Proceedings held on 8/30/2023, before Judge Madeline Haikala. Court Reporter/Transcriber Teresa Roberson. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of |

Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 11/6/2023. Redacted Transcript Deadline set for 11/16/2023. Release of Transcript Restriction set for 1/14/2024. (Attachments: # 1 certificate) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 10/16/2023)

| | | |
|---|---|---|
| 12/19/2023 | 59 | **MEMORANDUM OPINION AND ORDER**: The Court grants in part and denies in part defendants' motions to dismiss (23-cv-443, Doc. 19; 23-cv-503, Doc. 24). The Court dismisses the plaintiffs' claims against the individual commissioners. The plaintiffs' claims against the Commission shall proceed. On the record before it, the Court denies the plaintiffs' motion for preliminary injunction. The Court sets this matter for a scheduling conference by Zoom on Thursday, January 11, 2024, at 11:00 AM CT. The Court will provide the parties with a link for the video conference via email. The parties shall confer in advance of the scheduling conference and shall email to the Court a proposed scheduling order before the conference. Signed by Judge Madeline Hughes Haikala on 12/19/2023. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 12/19/2023) |
| 01/04/2024 | 60 | Consent MOTION to Continue *Filing Deadline* by Jefferson County Commission,The. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 01/04/2024) |
| 01/04/2024 | 61 | **TEXT ORDER**: The Court grants the Jefferson County Commission's motion for an extension. (Doc. 55 ). The Jefferson County Commission shall please file its answers on or before Monday, January 8, 2024. Signed by Judge Madeline Hughes Haikala on 1/4/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 01/04/2024) |
| 01/11/2024 | 62 | **SCHEDULING ORDER**: Status Conference set for 5/6/2024 at 09:00 AM before Judge Madeline Hughes Haikala. Discovery due by 5/14/2024. Dispositive Motions due by 5/31/2024. This case shall be ready for trial in October 2024. Signed by Judge Madeline Hughes Haikala on 1/11/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 01/11/2024) |
| 01/11/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Scheduling Conference held on 1/11/2024. (Court Reporter Leah Turner) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT) (Entered: 01/12/2024) |
| 01/24/2024 | 63 | MOTION for Leave to Appear Pro Hac Vice *Kacey-Ann Mordecai* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Affidavit Declaration of Kacey-Ann Mordecai, # 2 Exhibit A, # 3 Exhibit B)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 01/24/2024) |
| 01/24/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4511951 (B-9659). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) Modified on 1/24/2024 (DNW). (Entered: 01/24/2024) |
| 02/01/2024 | 64 | TEXT ORDER: the Court GRANTS 63 Motion for Leave to Appear Pro Hac Vice. Attorney Kacey-Ann Mordecai is admitted as counsel for plaintiffs. Signed by Judge Madeline Hughes Haikala on 2/1/2024. (RMM) (Entered: 02/01/2024) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 64 of 496

| | | |
|---|---|---|
| 02/13/2024 | 65 | MOTION for Leave to Appear Pro Hac Vice *for Patrick Strawbridge* by Jefferson County Commission. (Attachments: # 1 Exhibit A)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 02/13/2024) |
| 02/13/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4527027 (B-10048). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) Modified on 2/13/2024 (DNW). (Entered: 02/13/2024) |
| 02/14/2024 | 66 | Joint MOTION Status Conference by Shelia Tyson, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/14/2024) |
| 02/15/2024 | 67 | **TEXT ORDER**: The parties jointly request a telephone conference to discuss a discovery dispute. (Doc.63). The Court sets a telephone conference on Wednesday, February 21, 2024 at 11:00 AM CST. The attorneys for the parties shall please dial 1-205-931-0422 and enter access code 375 451 900# to participate in the call. Signed by Judge Madeline Hughes Haikala on 2/15/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/15/2024) |
| 02/16/2024 | 68 | MOTION to Stay *Commissioner Tyson Deposition* by Shelia Tyson, Shelia Tyson. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/16/2024) |
| 02/16/2024 | 69 | NOTICE of Appearance by Patrick Strawbridge on behalf of Steve Ammons, Jefferson County Commission, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson, Steve Ammons, Jefferson County Commission,The, T. Joe Knight, Lashunda Scales, James A Stephens, Shelia Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/16/2024) |
| 02/16/2024 | 70 | MOTION for Leave to Appear Pro Hac Vice *for Uruj Sheik* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of Uruj Sheikh, # 2 Exhibit B-Certificate of Good Standing)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 02/16/2024) |
| 02/21/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 2/21/2024. (Court Reporter Leah Turner) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT) (Entered: 02/21/2024) |
| 02/21/2024 | 71 | **TEXT ORDER**: Consistent with today's telephone conference in this matter, the plaintiffs shall file the subpoena for Commissioner Tyson's deposition in the record. By 2:00 p.m. CST, counsel for Commissioner Tyson shall file the motion to quash that they already have prepared. The plaintiffs' opposition brief and evidence is due by the close of business on Friday, February 23, 2024. The Commissioner's reply is due by the close of business on Monday, February 26, 2024. The Court asks the Clerk to please TERM Docs. 63 and 66 as moot in light of today's telephone conference. Signed by Judge Madeline Hughes Haikala on 2/21/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/21/2024) |
| 02/21/2024 | 72 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Deposition Subpoena of Sheila Tyson Subpoena* (Attachments: # 1 A - Subpoena, # 2 B - Electronic Service)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/21/2024) |
| 02/21/2024 | 73 | NOTICE of Appearance by Kathleen Smithgall on behalf of Sheila Tyson, Lashunda Scales, James A. Stephens, Joe Knight, Steve Ammons Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smithgall, Kathleen) (Entered: 02/21/2024) |

USCA11 Case: 25-13253     Document: 33-1     Date Filed: 11/17/2025     Page: 65 of 496

| | | |
|---|---|---|
| 02/21/2024 | 74 | NOTICE of Appearance by Patrick Strawbridge on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/21/2024) |
| 02/21/2024 | 75 | NOTICE of Appearance by Taylor A.R. Meehan on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/21/2024) |
| 02/21/2024 | 76 | MOTION to Quash *Deposition*, MOTION for Protective Order by Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson. (Attachments: # 1 Exhibit Declaration of Sheila Tyson)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Strawbridge, Patrick) (Entered: 02/21/2024) |
| 02/21/2024 | 77 | **TEXT ORDER**: The Court **GRANTS** 65 MOTION for Leave to Appear Pro Hac Vice. Attorney Patrick Strawbridge is admitted as counsel for defendant. Signed by Judge Madeline Hughes Haikala on 2/21/2024. (DNW) (Entered: 02/21/2024) |
| 02/21/2024 | | PHV Fee paid: $ 75, receipt number ALNDC-4532509 (B-10169). Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) Modified on 2/21/2024 (DNW). (Entered: 02/21/2024) |
| 02/21/2024 | 78 | NOTICE of Appearance by Rachael Claire Tucker on behalf of Steve Ammons, Joe Knight, Lashunda Scales, James A. Stephens, Sheila Tyson Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Tucker, Rachael) (Entered: 02/21/2024) |
| 02/21/2024 | 79 | NOTICE of Appearance by Theodore A Lawson, II on behalf of All Defendants Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawson, Theodore) (Entered: 02/21/2024) |
| 02/23/2024 | 80 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Withdrawal of Subpoena* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/23/2024) |
| 02/23/2024 | 81 | NOTICE by Alexia Addoh-Kondi re 80 Notice (Other) *Concurrence of Addoh-Kondi Plaintitffs' in Withdrawal of Deposition Subpoena* (Attachments: # 1 Exhibit Declaration of Fred Lee Randall)(Clemon, U.) (Entered: 02/23/2024) |
| 02/26/2024 | 82 | **TEXT ORDER**: In light of the plaintiffs' notice of the withdrawal of their deposition subpoena for Commissioner Tyson, (Doc. 77 ), the Court finds the Commission's motion to quash moot. The Court asks the Clerk to please term Doc. 74. Signed by Judge Madeline Hughes Haikala on 2/26/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/26/2024) |
| 02/27/2024 | 83 | Unopposed MOTION for Protective Order by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/27/2024) |
| 02/29/2024 | 84 | **PROTECTIVE ORDER**. Signed by Judge Madeline Hughes Haikala on 2/29/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 02/29/2024) |
| 03/04/2024 | 85 | TEXT ORDER granting (68) Motion for Leave to Appear PHV in case 2:23-cv-00443-MHH; granting (70) Motion for Leave to Appear PHV in case 2:23-cv-00503-MHH. Signed by Judge Madeline Hughes Haikala on 3/4/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/04/2024) |

| | | |
|---|---|---|
| 05/06/2024 | 86 | **TEXT ORDER**: Per the parties' request during today's status conference, the Court extends the deadline to dispose experts to Wednesday, May 22, 2024. The Friday, May 31, 2024 dispositive motion deadline remains. Signed by Judge Madeline Hughes Haikala on 5/6/2024. (DNW) (Entered: 05/06/2024) |
| 05/06/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Status Conference held on 5/6/2024. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CDT, ) (Entered: 05/06/2024) |
| 05/08/2024 | 87 | Joint MOTION to Amend/Correct (59 in 2:23-cv-00443-MHH, 59 in 2:23-cv-00443-MHH, 62 in 2:23-cv-00503-MHH, 62 in 2:23-cv-00503-MHH) Scheduling Order,, Set Scheduling Order Deadlines, , Joint MOTION for Leave to File Excess Pages by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 05/08/2024) |
| 05/09/2024 | 88 | **TEXT ORDER**: The parties have jointly asked the Court to amend the scheduling order in this matter and for an enlargement of the page limitation for dispositive motions. (Doc. 83 ). The Court grants this motion. The new dispositive motions deadline is June 7, 2024, responses are due on July 3, 2024, and replies are due on July 17, 2024. The parties' new page limitation for dispositive motions is 40 pages, and the parties may file consolidated motions. If the parties identify a need for additional pages for response and/or reply briefs, the parties may request additional pages at the appropriate time. Signed by Judge Madeline Hughes Haikala on 5/9/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 05/09/2024) |
| 06/04/2024 | 89 | Evidentiary Material *In Support of Plaintiffs Motion For Summary Judgment and Supporting Brief*. (Attachments: # 1 Exhibit 1 - 2001 Jefferson County Commission Section 5 Submission, # 2 Exhibit 2 - Nov. 18, 1985 Jefferson County Commission Section 5 Submission and Consolidated Consent Decree in Taylor v. Jefferson County Commission, No. cv 84-c-1730-s (N.D. Ala.), # 3 Exhibit 3 - Cooper Rebuttal Report and Exhibits (Apr. 26, 2024), # 4 Exhibit 4 - 1993 Jefferson County Commission Section 5 Submission, # 5 Exhibit 5 - 2004 Jefferson County Commission Section 5 Submission, # 6 Exhibit 6 - 2013 Jefferson County Commission Section 5 Submission, # 7 Exhibit 7 - County Commission Redistricting Based on 2020 Census Presentation, Board of Registrars, Jefferson Cnty. Commn (2021) 8., # 8 Exhibit 8 - Cooper (Corrected) Expert Report with Exhibits (April 26, 2024), # 9 Exhibit 9 - Barry Stephenson, Jefferson County Commission 30(b)(6) Deposition Transcript with Exhibits (Aug. 28, 2023), # 10 Exhibit 10 - Letter from Defendants Counsel Patrick Strawbridge to Plaintiffs Counsel Kathryn Sadasivan on Defendants 30(b)(6) Deposition Designations (Mar. 8, 2024), # 11 Exhibit 11 - Jefferson County Commission Meeting and Public Hearing Transcript (Nov. 4, 2021), # 12 Exhibit 12 - Jefferson County Commission Resolution 2021-929 at 1 (Nov. 4, 2021), # 13 Exhibit 13 - Public Notices of Jefferson County Commission Redistricting Public Hearing (October 2021), # 14 Exhibit 14 - Barber Expert Report (Apr. 11, 2024), # 15 Exhibit 15 - Metro-Birmingham NAACP 30(b)(6) Deposition Transcript with Exhibits (Mar. 8, 2024), # 16 Exhibit 16 - Plaintiffs Objections and Responses to Defendant Commissions First Set of Interrogatories (Feb. 26, 2024), # 17 Exhibit 17 - Alabama NAACP 30(b)(6) Deposition Transcript with Exhibits (Mar. 8, 2024), # 18 Exhibit 18 - Greater Birmingham Ministries 30(b)(6) Deposition Transcript with Exhibits (Mar. 12, 2024), # 19 Exhibit 19 - Cara McClure Deposition Transcript with Exhibits (Mar. 12, 2024), # 20 Exhibit 20 - Liu Expert Rebuttal Report (Apr. 26, 2024), # 21 Exhibit 21 - Liu Supplemental Expert Report (May 14, 2024), # 22 Exhibit 22 - Liu Declaration (July 21, 2023), # 23 Exhibit 23 - Cooper Expert Declaration with Exhibits (July 21, 2023), # 24 Exhibit 24 - McCartan Rebuttal Report (Apr. 26, 2024), # 25 Exhibit 25 - Barber Deposition Transcript and Exhibits (May 21, 2024), # 26 Exhibit 26 - Barber Expert |

| | | |
|---|---|---|
| | | Rebuttal Report (May 14, 2024), # 27 Exhibit 27 - Letter from Defendants Counsel Patrick Strawbridge to Plaintiffs Counsel Kathryn Sadasivan on Plaintiffs 30(b)(6) Deposition Notice (Mar. 5, 2024), # 28 Affidavit of Kathryn Sadasivan in Support of Motion for Summary Judgment)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/04/2024) |
| 06/05/2024 | 90 | Evidentiary Material *in Support of Plaintiffs Motion for Summary Judgment and Supporting Brief*. (Attachments: # 1 Exhibit A - Emails dted September 8, 2023, responding to FOIA request, # 2 Exhibit B - Jefferson County Commission Section 5 submission dated November 18, 1985, # 3 Exhibit C - Expert Report of Anthony Fairfax dated March 15, 2024, # 4 Exhibit D - Appendices to March 15, 2024, Fairfax expert report, # 5 Exhibit E - Rebuttal expert report of Anthony Fairfax dated April 26, 2024, # 6 Exhibit F - Appendix to April 26, 2024, Fairfax rebuttal expert report)(Rouco, Richard) (Entered: 06/05/2024) |
| 06/05/2024 | 91 | Evidentiary Material *in Support of Plaintiffs Motion for Summary Judgment and Supporting Brief*. (Attachments: # 1 Exhibit A - Emails dated September 8, 2023, responding to FOIA request, # 2 Exhibit B - Jefferson County Commission Section 5 submission dated November 18, 1985, # 3 Exhibit C - Expert Report of Anthony Fairfax dated March 15, 2024, # 4 Exhibit D - Appendices to March 15, 2024, Fairfax expert report, # 5 Exhibit E - Rebuttal expert report of Anthony Fairfax dated April 26, 2024, # 6 Exhibit F - Appendix to April 26, 2024, Fairfax rebuttal expert report)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 06/05/2024) |
| 06/06/2024 | 92 | MOTION to Seal THREE EXHIBITS (85 in 2:23-cv-00443-MHH, 89 in 2:23-cv-00503-MHH) of Evidentiary Material and MOTION for Leave to File *Redacted Exhibits in Support of Motion for Summary Judgment* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) Modified text on 6/6/2024 (KWC, ). (Entered: 06/06/2024) |
| 06/06/2024 | 93 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Addoh-Kondi Tr., # 2 Exhibit Brown Tr., # 3 Exhibit Crosby Tr., # 4 Exhibit Douglas Tr., # 5 Exhibit Hall Tr., # 6 Exhibit Hansen Tr., # 7 Exhibit Juarez Tr., # 8 Exhibit Long Tr., # 9 Exhibit McClure Tr., # 10 Exhibit Muhammad Tr., # 11 Exhibit Randall Tr., # 12 Exhibit Simelton Tr., # 13 Exhibit Smith Tr., # 14 Exhibit Walker)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/06/2024 | 94 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Barber Opening, # 2 Exhibit Barber Surrebuttal, # 3 Exhibit Barber Second Surrebuttal, # 4 Exhibit Cooper Opening, # 5 Exhibit Cooper Corrected Opening, # 6 Exhibit Cooper Rebuttal, # 7 Exhibit Fairfax Opening, # 8 Exhibit Fairfax Opening App., # 9 Exhibit Fairfax Rebuttal, # 10 Exhibit Fairfax Rebuttal App., # 11 Exhibit Liu Opening, # 12 Exhibit Liu Corrected Opening, # 13 Exhibit Liu Rebuttal, # 14 Exhibit McCartan Rebuttal, # 15 Exhibit Williamson Opening, # 16 Exhibit Williamson Rebuttal)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/06/2024 | 95 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit Barber Tr., # 2 Exhibit Barber Ex. 1, # 3 Exhibit Barber Ex. 2, # 4 Exhibit Barber Ex. 3, # 5 Exhibit Barber Ex. 4, # 6 Exhibit Barber Ex. 5, # 7 Exhibit Barber Ex. 6, # 8 Exhibit Barber Ex. 7, # 9 Exhibit Barber Ex. 8, # 10 Exhibit Barber Ex. 9, # 11 Exhibit Barber Ex. 10, # 12 Exhibit Barber Ex. 11, # 13 Exhibit Barber Ex. 12, # 14 Exhibit Cooper Tr., # 15 Exhibit Cooper Ex. 1, # 16 Exhibit Cooper Ex. 2, # 17 Exhibit Cooper Ex. 3, # 18 Exhibit Cooper Ex. 4, # 19 Exhibit Cooper Ex. 5, # 20 Exhibit Cooper Ex. 6, # 21 Exhibit Cooper Ex. 7, # 22 Exhibit Cooper Ex. 8, # 23 Exhibit Cooper Ex. 9, # 24 Exhibit Cooper Ex. 10, # 25 |

| | | |
|---|---|---|
| | | Exhibit Cooper Ex. 11, # 26 Exhibit Cooper Ex. 12, # 27 Exhibit Cooper Ex. 13, # 28 Exhibit Cooper Ex. 14, # 29 Exhibit Fairfax Tr., # 30 Exhibit Fairfax Ex. 1, # 31 Exhibit Fairfax Ex. 2, # 32 Exhibit Fairfax Ex. 3, # 33 Exhibit Fairfax Ex. 4, # 34 Exhibit Fairfax Ex. 5, # 35 Exhibit Fairfax Ex. 6, # 36 Exhibit Fairfax Ex. 7, # 37 Exhibit Fairfax Ex. 8, # 38 Exhibit Fairfax Ex. 9, # 39 Exhibit Fairfax Ex. 10, # 40 Exhibit Fairfax Ex. 11, # 41 Exhibit Fairfax Ex. 12, # 42 Exhibit Fairfax Ex. 13, # 43 Exhibit Liu Tr., # 44 Exhibit Liu Ex. 1, # 45 Exhibit Liu Ex. 2, # 46 Exhibit Liu Ex. 3, # 47 Exhibit Liu Ex. 4, # 48 Exhibit Liu Ex. 5, # 49 Exhibit McCartan Tr., # 50 Exhibit McCartan Ex. 1, # 51 Exhibit McCartan Ex. 2, # 52 Exhibit McCartan Ex. 3, # 53 Exhibit McCartan Ex. 4, # 54 Exhibit McCartan Ex. 5, # 55 Exhibit McCartan Ex. 6, # 56 Exhibit Williamson Tr., # 57 Exhibit Williamson Ex. 1, # 58 Exhibit Williamson Ex. 2, # 59 Exhibit Williamson Ex. 3, # 60 Exhibit Williamson Ex. 4, # 61 Exhibit Williamson Ex. 5, # 62 Exhibit Williamson Ex. 6, # 63 Exhibit Williamson Ex. 7, # 64 Exhibit Williamson Ex. 8, # 65 Exhibit Williamson Ex. 9)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/06/2024 | 96 | Evidentiary Material *Jefferson County Commission*. (Attachments: # 1 Exhibit McClure Initial Disclosures, # 2 Exhibit McClure R&Os, # 3 Exhibit Addoh-Kondi R&Os)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/06/2024) |
| 06/07/2024 | 97 | **TEXT ORDER**: The plaintiffs have asked the Court to seal three exhibits that they filed in support of their summary judgment motion. (Doc. 87 ). The plaintiffs explain that the three exhibits -- Docs. 85-15, 85-16, and 85-19 contain confidential, personally identifiable information. The Court grants the motion to seal. The Clerk shall **SEAL** Docs. 85-15, 85-16, and 85-19. Within 24 hours of receipt of this order, the plaintiffs shall file redacted versions of Docs. 85-15, 85-16, and 85-19. Signed by Judge Madeline Hughes Haikala on 6/7/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 06/07/2024) |
| 06/07/2024 | 98 | Evidentiary Material re:(59 in 2:23-cv-00443-MHH, 59 in 2:23-cv-00443-MHH, 62 in 2:23-cv-00503-MHH, 62 in 2:23-cv-00503-MHH) Scheduling Order,, Set Scheduling Order Deadlines, (92 in 2:23-cv-00443-MHH, 92 in 2:23-cv-00443-MHH, 92 in 2:23-cv-00443-MHH, 97 in 2:23-cv-00503-MHH, 97 in 2:23-cv-00503-MHH, 97 in 2:23-cv-00503-MHH) Order,,, Terminate Motions,,, Document Sealed,, *in Support of Plaintiffs Motion For Summary Judgment and Supporting Brief*. (Attachments: # 1 Exhibit 1 - REDACTED Metro-Birmingham NAACP 30(b)(6) Dep Tr (Mar. 8, 2024) (Crosby, Dorothea), # 2 Exhibit 2 - REDACTED McClure Objections and Responses to Defendants First Set of Interrogatories, # 3 Exhibit 3 - REDACTED McClure Dep Tr w Ex, # 4 Affidavit of Kathryn Sadasivan)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |
| 06/07/2024 | 99 | MOTION Summary Judgment by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/07/2024) |
| 06/07/2024 | 100 | MOTION Summary Judgment by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |
| 06/07/2024 | 101 | MOTION for Summary Judgment by Alexia Addoh-Kondi. (Rouco, Richard) (Entered: 06/07/2024) |
| 06/07/2024 | 102 | Brief re(95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated |

| | | |
|---|---|---|
| | | Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 06/07/2024) |
| 06/07/2024 | [103](#) | Brief *in Support of Motion for Summary Judgment* filed by Alexia Addoh-Kondi. (Rouco, Richard) (Entered: 06/07/2024) |
| 06/28/2024 | [104](#) | Unopposed MOTION for Leave to File Excess Pages *and Consolidated Response Brief* by Jefferson County Commission, Jefferson County Commission,The. (Attachments: # [1](#) Text of Proposed Order Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 06/28/2024) |
| 07/02/2024 | 105 | **TEXT ORDER**: The Commission has asked the Court if it may consolidate its response to the McClure plaintiffs and the Addoh-Kondi plaintiffs' motions for summary judgment and exceed the Court's page limitation. (2:23-cv-00443-MHH, Doc. 97 ; 2:23-cv-00503-MHH, Doc. [104](#) ). Neither set of plaintiffs oppose this motion. The Court grants this motion. The Commission may enter one consolidated response to the pending motions. The deadlines set out in (Doc. [84](#) ), remain in effect: responses are due on July 3, 2024, and replies are due on July 17, 2024. Signed by Judge Madeline Hughes Haikala on 7/2/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/02/2024) |
| 07/03/2024 | [106](#) | RESPONSE in Opposition re (101 in 2:23-cv-00503-MHH) MOTION for Summary Judgment , (95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment *Combined Response* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/03/2024) |
| 07/03/2024 | [107](#) | RESPONSE in Opposition re (99 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 07/03/2024) |
| 07/03/2024 | [108](#) | RESPONSE in Opposition re (99 in 2:23-cv-00503-MHH, 94 in 2:23-cv-00443-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/03/2024) |
| 07/15/2024 | [109](#) | Unopposed MOTION for Leave to File Excess Pages *and Consolidated Reply Brief* by Jefferson County Commission, Jefferson County Commission,The. (Attachments: # [1](#) Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/15/2024) |
| 07/17/2024 | [110](#) | REPLY to Response to Motion re (95 in 2:23-cv-00443-MHH, 100 in 2:23-cv-00503-MHH) MOTION Summary Judgment filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/17/2024) |
| 07/17/2024 | [111](#) | REPLY to Response to Motion re (101 in 2:23-cv-00503-MHH) MOTION for Summary Judgment filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 07/17/2024) |
| 07/17/2024 | [112](#) | REPLY to Response to Motion re (99 in 2:23-cv-00503-MHH) MOTION Summary Judgment *Combined Reply in Support* filed by Jefferson County Commission, Jefferson |

County Commission, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 07/17/2024)

| | | |
|---|---|---|
| 07/18/2024 | 113 | **TEXT ORDER**: The Commission moved for leave to file a consolidated reply to the McClure plaintiffs and the Addoh-Kondi plaintiffs' responses and to exceed the page limit for the brief. (Doc. 102 ). This motion is unopposed. The Commission has since filed its consolidated brief. (Doc. 105 ). The Court grants the motion and accepts Doc. 105 as the Commission's reply to the plaintiffs' responses. Signed by Judge Madeline Hughes Haikala on 7/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(DNW) (Entered: 07/18/2024) |
| 07/22/2024 | 114 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *of Withdrawal of Request for Oral Argument* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 07/22/2024) |
| 08/14/2024 | 115 | MOTION for Leave to Appear Pro Hac Vice *for Daniel Hessel* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of Daniel Hessel)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 08/14/2024) |
| 08/14/2024 | | PHV Fee paid: $ 100, receipt number ALNDC-4657837. Paid on behalf of Daniel Hessel. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) ALND Receipt # B-13104 Modified on 8/15/2024 (CLC). (Entered: 08/14/2024) |
| 08/15/2024 | 116 | TEXT ORDER: The Court GRANTS Attorney Daniel Hessel's MOTION for LEAVE TO APPEAR PRO HAC VICE doc 108 in 2:23-cv-00443-MHH, and doc 115 in 2:23-cv-00503-MHH. Attorney Daniel Hessel added for plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The, Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, Tammie Smith, and Robert Walker. Signed by Judge Madeline Hughes Haikala on 8/15/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 08/15/2024) |
| 08/27/2024 | 117 | MOTION to Withdraw as Attorney by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Hessel, Daniel) (Entered: 08/27/2024) |
| 08/29/2024 | 118 | TEXT ORDER GRANTING 110 in case 2:23-cv-00443-MHH; granting (117) Motion to Withdraw as Attorney, in case 2:23-cv-00503-MHH filed by Mr. Hessel. The Clerk shall please TERM Mr. Hessel as an attorney for the plaintiffs in Case No. 23-cv-503-MHH. Signed by Judge Madeline Hughes Haikala on 8/29/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 08/29/2024) |
| 09/16/2024 | 119 | TEXT ORDER: The parties have jointly requested that the Court postpone the trial in this case until December 16, 2024. The Court grants the parties' request and resets trial in this case for Monday, December 16, 2024. Signed by Judge Madeline Hughes Haikala on 9/16/2024. (CLC) (Entered: 09/16/2024) |
| 09/18/2024 | 120 | Joint MOTION *for Scheduling Order* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Text of Proposed Order)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/18/2024) |
| 09/18/2024 | 121 | TRIAL SCHEDULING ORDER: Certain time limits apply as set out in this order. Bench Trial set for 12/16/2024 09:00 AM in Hugo L Black US Courthouse, Birmingham, AL |

| | | before Judge Madeline Hughes Haikala. Exhibit List due by 10/22/2024. Initial Motions/Briefs due by 11/5/2024. Response Briefs due by 11/19/2024. Reply Briefs due by 11/26/2024. Signed by Judge Madeline Hughes Haikala on 9/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/18/2024) |
|---|---|---|
| 09/19/2024 | 122 | TEXT ORDER: The parties filed a joint motion for a trial scheduling order. (Doc. 120 ). In light of the scheduling order entered by the Court on September 18, 2024, Doc. 121 , the Court asks the Clerk to please TERM Doc. 120 as moot. Signed by Judge Madeline Hughes Haikala on 9/19/2024. (CLC) (Entered: 09/19/2024) |
| 10/22/2024 | 123 | Exhibit List *, Witness List and Deposition Designations* by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker.. (Rouco, Richard) (Entered: 10/22/2024) |
| 10/22/2024 | 124 | Exhibit List *, Witness List and Deposition Designations* by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/22/2024) |
| 10/22/2024 | 125 | Exhibit List by Jefferson County Commission,The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 10/22/2024) |
| 10/22/2024 | 126 | Witness List by Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 10/22/2024) |
| 10/22/2024 | 127 | Exhibit List by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/22/2024) |
| 10/22/2024 | 128 | Witness List by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Deposition Designation of Michael Barber (May 21, 2024) Transcript, # 2 Exhibit Deposition Designation of Barry Stephenson (August 28, 2023) Transcript)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/22/2024) |
| 11/05/2024 | 129 | Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) Modified on 10/2/2025 (CLC). (Entered: 11/05/2024) |
| 11/05/2024 | 130 | Brief re(129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Plaintiffs' 30b6 Deposition Notice (March 1, 2024), # 2 Exhibit B - Deposition of Michael Miller (March 26, 2024))Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |
| 11/05/2024 | 131 | MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |

| 11/05/2024 | 132 | Brief re(131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/05/2024) |
|---|---|---|
| 11/05/2024 | 133 | MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/05/2024 | 134 | MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/05/2024 | 135 | MOTION in Limine *to Exclude Specific Opinions of Mr. Anthony Fairfax* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/05/2024 | 136 | MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/05/2024) |
| 11/18/2024 | 137 | NOTICE by Jefferson County Commission *of Availability for Pretrial Conference* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Wyrick, Rachael) (Entered: 11/18/2024) |
| 11/19/2024 | 138 | RESPONSE in Opposition re (121 in 2:23-cv-00443-MHH, 129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/19/2024) |
| 11/19/2024 | 139 | RESPONSE in Opposition re (123 in 2:23-cv-00443-MHH, 131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/19/2024) |
| 11/19/2024 | 140 | Opposition to re (135 in 2:23-cv-00503-MHH) *Defendant's Motion to Exclude Specific Testimony of Anthony Fairfax* filed by Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 11/19/2024) |
| 11/19/2024 | 141 | RESPONSE in Opposition re (125 in 2:23-cv-00443-MHH, 133 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - Science Advances The use of differential privacy for census data and its impact on redistricting, # 2 Exhibit B - Recombination_ A Family of Markov Chains for Redistricting)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |
| 11/19/2024 | 142 | RESPONSE in Opposition re (134 in 2:23-cv-00503-MHH, 126 in 2:23-cv-00443-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |

| Date | Doc. | Description |
|---|---|---|
| 11/19/2024 | 143 | RESPONSE in Opposition re (136 in 2:23-cv-00503-MHH, 128 in 2:23-cv-00443-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/19/2024) |
| 11/21/2024 | 144 | Exhibit List *Objections of Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/21/2024) |
| 11/21/2024 | 145 | Exhibit List *Defendant's Supplemented List and Objections* by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit Objections to Addoh-Kondi Exhibit List, # 2 Exhibit Objections to McClure Exhibit List, # 3 Exhibit Defendant's Supplemented Exhibit List, # 4 Exhibit Agreement Between Parties)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/21/2024) |
| 11/22/2024 | 146 | Exhibit List *(Supplemental) of McClure Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/22/2024) |
| 11/26/2024 | 147 | REPLY Brief filed by Plaintiff Alexia Addoh-Kondi re:(139 in 2:23-cv-00503-MHH) Response in Opposition to Motion, filed by Alexia Addoh-Kondi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 11/26/2024) |
| 11/26/2024 | 148 | REPLY to Response to Motion re (136 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Bill Cooper* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 149 | REPLY to Response to Motion re (134 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Baodong Liu* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 150 | REPLY to Response to Motion re (121 in 2:23-cv-00443-MHH, 129 in 2:23-cv-00503-MHH) Joint MOTION in Limine *to Preclude Defendant from Using Legislative Privilege As A Sword And Shield* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/26/2024) |
| 11/26/2024 | 151 | REPLY to Response to Motion re (125 in 2:23-cv-00443-MHH, 133 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Dr. Cory McCartan* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 152 | REPLY to Response to Motion re (127 in 2:23-cv-00443-MHH, 135 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Specific Opinions of Mr. Anthony Fairfax* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 11/26/2024) |
| 11/26/2024 | 153 | REPLY to Response to Motion re (123 in 2:23-cv-00443-MHH, 131 in 2:23-cv-00503-MHH) MOTION in Limine *to Exclude Testimony of Dr. Michael Barber* filed by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A - (Barber) The |

| | | |
|---|---|---|
| | | Crucial Role of Race in Twenty-First Century-U.S. Political Realignment) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 11/26/2024) |
| 12/05/2024 | 154 | TEXT ORDER: The Court resets the bench trial in this case for 9:00 a.m. on January 13, 2025 in Courtroom 4B of the Hugo L. Black U.S. Courthouse in Birmingham, Alabama. The Court sets oral argument on all pending motions for December 19, 2024 at 9:00 a.m. in Courtroom 4B of the Hugo L. Black U.S. Courthouse. The Court will provide by email Zoom meeting information for the December 19 hearing for counsel participating remotely. Signed by Judge Madeline Hughes Haikala on 12/5/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 12/05/2024) |
| 12/05/2024 | 155 | Exhibit List *Amended Objections to Exhibit List* by Alabama State Conference of the NAACP, Alexia Addoh-Kondi.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 12/05/2024) |
| 12/17/2024 | 156 | MOTION for Leave to Appear Pro Hac Vice *for Lily Grisafi* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit Declaration of Lily Grisafi)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 12/17/2024) |
| 12/17/2024 | | PHV Fee paid: $ 100, receipt number ALNDC-4746003. Paid on behalf of Lily Grisafi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 12/17/2024) |
| 12/17/2024 | 157 | TEXT ORDER: The Court GRANTS Attorney Lily Grisafi's Motion for Leave to appear Pro Hac Vice. (Doc. 148 in 2:23-cv-00443-MHH, Doc. 156 in 2:23-cv-00503-MHH). Attorney Lily Grisafi added for Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, and Metro-Birmingham Branch of the NAACP, The. Signed by Judge Madeline Hughes Haikala on 12/17/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/17/2024) |
| 12/18/2024 | 158 | MOTION for Leave to Appear Pro Hac Vice *of Marie Sayer* by Jefferson County Commission. (Attachments: # 1 Declaration of Marie Sayer)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Taunton, Michael) (Entered: 12/18/2024) |
| 12/18/2024 | 159 | TEXT ORDER: The Court GRANTS Ms. Sayer's pending motion for leave to appear pro hac vice, (Doc. 150 in 2:23-cv-00443-MHH, 158 in 2:23-cv-00503-MHH), **contingent upon payment of the $100.00 pro hac vice fee.** If fee is not paid with the motion or within 14 days of entry of this order, then the motion is denied without prejudice. Attorney Marie Sayer added for defendants Jefferson County Commission, Steve Ammons, T. Joe Knight, Lashunda Scales, James A. Stephens, Shelia Tyson, Jefferson County Commission, The. Signed by Judge Madeline Hughes Haikala on 12/18/2024. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/18/2024) |
| 12/18/2024 | 160 | Exhibit List *Defendant's Second Supplemented List and Objections* by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit A - Objections to Addoh-Kondi Exhibit List, # 2 Exhibit B - Objections to McClure Exhibit List, # 3 Exhibit C - Defendant's Second Supplemented Exhibit List)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 12/18/2024) |
| 12/19/2024 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Motion Hearing held on 12/19/2024 re pending motions; arguments heard. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 12/19/2024) |

USCA11 Case: 25-13253     Document: 33-1     Date Filed: 11/17/2025     Page: 75 of 496

| | | |
|---|---|---|
| 12/19/2024 | 161 | Exhibit List *[Amended] of McClure Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 12/19/2024) |
| 12/19/2024 | | PHV Fee paid: $100, receipt number B-15421 Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/03/2025) |
| 12/30/2024 | 162 | NOTICE of Filing. Signed by Judge Madeline Hughes Haikala on 12/30/2024. (Attachments: # 1 Exhibit CV 84-C-1730-S, Taylor et al. v. Jefferson County Commission et al., Amended Complaint, # 2 Exhibit 84-1730 Taylor v. Jefferson County Commission et al., Initial Complaint & Joint Statement of Principal Facts)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 12/30/2024) |
| 01/02/2025 | 163 | TEXT ORDER: Consistent with the discussion during the December 19, 2024 hearing in this matter, the Court denies the parties' motions to exclude the testimony of the expert witnesses designated to testify at trial. (Docs. 131 , 133 , 134 , 135 , 136 ). The Court will consider contemporaneous objections to these witnesses' testimonies at trial. Signed by Judge Madeline Hughes Haikala on 1/2/2025. (CLC) (Entered: 01/02/2025) |
| 01/03/2025 | 164 | Transcript of Proceedings held on December 19, 2024, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <span style="color:red">NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.</span> (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 1/24/2025. Redacted Transcript Deadline set for 2/3/2025. Release of Transcript Restriction set for 4/3/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/03/2025) |
| 01/07/2025 | 165 | Exhibit List by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX1, # 2 Exhibit PX2, # 3 Exhibit PX3, # 4 Exhibit PX4, # 5 Exhibit PX5, # 6 Exhibit PX6, # 7 Exhibit PX7, # 8 Exhibit PX8, # 9 Exhibit PX9, # 10 Exhibit PX10, # 11 Exhibit PX11, # 12 Exhibit PX12, # 13 Exhibit PX13, # 14 Exhibit PX14, # 15 Exhibit PX15, # 16 Exhibit PX16, # 17 Exhibit PX17, # 18 Exhibit PX18, # 19 Exhibit PX19, # 20 Exhibit PX20, # 21 Exhibit PX21, # 22 Exhibit PX22, # 23 Exhibit PX23, # 24 Exhibit PX24, # 25 Exhibit PX25, # 26 Exhibit PX26, # 27 Exhibit PX27, # 28 Exhibit PX28, # 29 Exhibit PX29, # 30 Exhibit PX30, # 31 Exhibit PX31, # 32 Exhibit PX32, # 33 Exhibit PX33, # 34 Exhibit PX34, # 35 Exhibit PX35, # 36 Exhibit PX36, # 37 Exhibit PX37, # 38 Exhibit PX38, # 39 Exhibit PX39, # 40 Exhibit PX40, # 41 Exhibit PX41, # 42 Exhibit PX42, # 43 Exhibit PX43, # 44 Exhibit PX44, # 45 Exhibit PX45, # 46 Exhibit PX46, # 47 Exhibit PX47, # 48 Exhibit PX48, # 49 Exhibit PX49, # 50 Exhibit PX50)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025) |
| 01/07/2025 | 166 | Exhibit List *Consolidated Plaintiffs' Exhibits PX51-PX100* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie |

Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX51, # 2 Exhibit PX52, # 3 Exhibit PX53, # 4 Exhibit PX54, # 5 Exhibit PX55, # 6 Exhibit PX56, # 7 Exhibit PX57, # 8 Exhibit PX58, # 9 Exhibit PX59, # 10 Exhibit PX60, # 11 Exhibit PX61, # 12 Exhibit PX62, # 13 Exhibit PX63, # 14 Exhibit PX64, # 15 Exhibit PX65, # 16 Exhibit PX66, # 17 Exhibit PX67, # 18 Exhibit PX68, # 19 Exhibit PX69, # 20 Exhibit PX70, # 21 Exhibit PX71, # 22 Exhibit PX72, # 23 Exhibit PX73, # 24 Exhibit PX74, # 25 Exhibit PX75, # 26 Exhibit PX76, # 27 Exhibit PX77, # 28 Exhibit PX78, # 29 Exhibit PX79, # 30 Exhibit PX80, # 31 Exhibit PX81, # 32 Exhibit PX82, # 33 Exhibit PX83, # 34 Exhibit PX84, # 35 Exhibit PX85, # 36 Exhibit PX86, # 37 Exhibit PX87, # 38 Exhibit PX88, # 39 Exhibit PX89, # 40 Exhibit PX90, # 41 Exhibit PX91, # 42 Exhibit PX92, # 43 Exhibit PX93, # 44 Exhibit PX94, # 45 Exhibit PX95, # 46 Exhibit PX96, # 47 Exhibit PX97, # 48 Exhibit PX98, # 49 Exhibit PX99, # 50 Exhibit PX100)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025)

| | | |
|---|---|---|
| 01/07/2025 | 167 | Exhibit List *Consolidated Plaintiffs' Exhibits PX101-PX146* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner.. (Attachments: # 1 Exhibit PX101 pt 1, # 2 Exhibit PX101 pt 2, # 3 Exhibit PX102, # 4 Exhibit PX103, # 5 Exhibit PX104, # 6 Exhibit PX105, # 7 Exhibit PX106, # 8 Exhibit PX107, # 9 Exhibit PX108, # 10 Exhibit PX109, # 11 Exhibit PX110, # 12 Exhibit PX111, # 13 Exhibit PX112, # 14 Exhibit PX113, # 15 Exhibit PX114, # 16 Exhibit PX115, # 17 Exhibit PX116, # 18 Exhibit PX117, # 19 Exhibit PX118, # 20 Exhibit PX119, # 21 Exhibit PX120, # 22 Exhibit PX121, # 23 Exhibit PX122, # 24 Exhibit PX123, # 25 Exhibit PX124, # 26 Exhibit PX125, # 27 Exhibit PX126, # 28 Exhibit PX127, # 29 Exhibit PX128, # 30 Exhibit PX129, # 31 Exhibit PX130, # 32 Exhibit PX131, # 33 Exhibit PX132, # 34 Exhibit PX133, # 35 Exhibit PX134, # 36 Exhibit PX135, # 37 Exhibit PX136, # 38 Exhibit PX137, # 39 Exhibit PX138, # 40 Exhibit PX139, # 41 Exhibit PX140, # 42 Exhibit PX141, # 43 Exhibit PX142, # 44 Exhibit PX143, # 45 Exhibit PX144, # 46 Exhibit PX145, # 47 Exhibit PX146)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/07/2025) |
| 01/08/2025 | 168 | TEXT ORDER: The Court sets this matter for a telephone conference at 3:00 p.m. on January 8, 2025. The Court will provide dial-in information to the parties by email. Signed by Judge Madeline Hughes Haikala on 1/8/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/08/2025) |
| 01/08/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 1/8/2025. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 01/08/2025) |
| 01/09/2025 | 169 | NOTICE of Filing. Signed by Judge Madeline Hughes Haikala on 1/9/2025 (Attachments: # 1 Exhibit 1986 Jefferson County Commission Electoral Districts)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/09/2025) |
| 01/09/2025 | 170 | Exhibit List *(First Amended) of Consolidated Plaintiffs* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/09/2025) |
| 01/09/2025 | 171 | Exhibit List by Jefferson County Commission, Jefferson County Commission,The.. (Attachments: # 1 Exhibit DX01, # 2 Exhibit DX02, # 3 Exhibit DX03, # 4 Exhibit DX04, # 5 Exhibit DX05, # 6 Exhibit DX06, # 7 Exhibit DX07, # 8 Exhibit DX08, # 9 Exhibit DX09, # 10 Exhibit DX10, # 11 Exhibit DX11, # 12 Exhibit DX12, # 13 Exhibit DX13, # 14 Exhibit DX14, # 15 Exhibit DX15, # 16 Exhibit DX16, # 17 Exhibit DX17, # |

| | | |
|---|---|---|
| | | 18 Exhibit DX18, # 19 Exhibit DX19, # 20 Exhibit DX20, # 21 Exhibit DX21, # 22 Exhibit DX22, # 23 Exhibit DX23, # 24 Exhibit DX24, # 25 Exhibit DX25, # 26 Exhibit DX26, # 27 Exhibit DX27, # 28 Exhibit DX28, # 29 Exhibit DX29, # 30 Exhibit DX30, # 31 Exhibit DX31, # 32 Exhibit DX32, # 33 Exhibit DX33, # 34 Exhibit DX34, # 35 Exhibit DX35, # 36 Exhibit DX36, # 37 Exhibit DX37, # 38 Exhibit DX38, # 39 Exhibit DX39, # 40 Exhibit DX40, # 41 Exhibit DX41, # 42 Exhibit DX42, # 43 Exhibit DX43, # 44 Exhibit DX44, # 45 Exhibit DX45, # 46 Exhibit DX46, # 47 Exhibit DX47, # 48 Exhibit DX48, # 49 Exhibit DX49, # 50 Exhibit DX50, # 51 Exhibit DX51, # 52 Exhibit DX52, # 53 Exhibit DX53, # 54 Exhibit DX54, # 55 Exhibit DX55)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 01/09/2025) |
| 01/10/2025 | 172 | MEMORANDUM OPINION AND ORDER: Given the presumption of legislative good faith and the Supreme Court's instruction that "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's motivation," *Shaw II*, 526 U.S. at 553 n.9, the Court denies the plaintiffs' motion for summary judgment. For the reasons discussed above, the Court also denies the Commission's motion for summary judgment on all grounds other than Greater Birmingham Ministries's standing to challenge the boundaries of District 5. Signed by Judge Madeline Hughes Haikala on 1/10/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/10/2025) |
| 01/10/2025 | 173 | ORDER granting in part and denying in part (121) Motion in Limine in case 2:23-cv-00443-MHH. Consistent with the discussion on the record during the December 19, 2025 hearing, the Court understands that the Commission does not intend to offer at trial non-public evidence or testimony that the Commission has withheld from plaintiffs to date under the legislative privilege. (Doc. 156 , p. 122). The Court will consider contemporaneous objections with respect to Mr. Stephenson's testimony or any other evidence that the Commission may attempt to introduce regarding non-public communications of the Commissioners' motives or intent regarding the 2021 Enacted plan. (Doc. 156 , p. 132). Signed by Judge Madeline Hughes Haikala on January 10, 2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Haikala, Madeline) (Entered: 01/10/2025) |
| 01/10/2025 | 174 | Exhibit List *Consolidated Plaintiffs Third Amended Objections to Defendants Third Supplemental Exhibit List* by Alabama State Conference of the NAACP, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The.. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 01/10/2025) |
| 01/10/2025 | 175 | NOTICE by Jefferson County Commission, Jefferson County Commission,The (Attachments: # 1 Exhibit DX54 Redacted)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 01/10/2025) |
| 01/13/2025 | 176 | STIPULATION *First Joint Stipulation of Facts* by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. filed by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 01/13/2025) |
| 01/13/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 1) held on 1/13/2025. Court's opening remarks. Plaintiffs witness testimony begins. **1.** Anthony Fairfax (23cv503 witness) examined on direct by Atty Richard Rouco and cross-exam by Atty Taylor Meehan and Atty Kathryn Sadasivan and released. **2.** Cara McClure (23cv443 witness) examined on direct by Atty Uruj Sheikh and cross-exam by Atty Kathleen Lane and released. **3.** Bill Cooper (23cv443 witness) examined on direct by |

USCA11 Case: 25-13253 Document: 83-1 Date Filed: 11/17/2025 Page: 78 of 406

| | | |
|---|---|---|
| | | Kacey-Ann Mordecai and released for the day, cross-exam to be continued. Court adjourned for the day. Trial to resume at 8:45 AM on Tuesday, January 14, 2025. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/14/2025) |
| 01/14/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 2) held on 1/14/2025. Court's opening remarks. Plaintiffs witness testimony continuing. **3.** Bill Cooper (23cv443 witness) examined on cross by Atty Patrick Strawbridge and released. Bench Conference. **4.** Baodong Liu (23cv443 witness) examined on direct by Atty Brenda Wright and cross-exam by Atty Patrick Strawbridge and released. **5.** Benard Simelton (23cv443 witness) examined on direct by Atty Lily Grisafi and cross-exam by Atty Michael Taunton and released. **6.** Scott Douglas (23cv443 witness) examined on direct by Atty Daniel Hessel and cross-exam by Atty Rachael Wyrick and released. Court adjourned for the day. Trial to resume at 9:00 AM on Wednesday, January 15, 2025. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/16/2025) |
| 01/15/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 3) held on 1/15/2025. Court's opening remarks. Plaintiffs witness testimony continuing. **7.** Eric Hall (23cv503 witness) examined on direct by Atty Richard Rice and cross-exam by Atty Patrick Strawbridge and released. **8.** Cory McCartan (23cv443 witness) examined on direct by Atty Kathryn Sadasivan and cross-exam by Atty Taylor Meehan and released. Plaintiffs Rest. Defendant Witness Testimony begins. **1.** Barry Stephenson examined on direct by Atty Rachael Wyrick and cross-exam by Atty Brenda Wright and Atty James Blacksher and released. Court adjourned for the day. Trial to resume at 9:00 AM on Thursday, January 16, 2025. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/16/2025) |
| 01/16/2025 | | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Bench Trial (DAY 4) completed on 1/16/2025. Court's opening remarks. Defendant witness testimony continuing. **2.** Michael Barber examined on direct by Atty Taylor Meehan and cross-exam by Atty Kathryn Sadasivan and Atty James Blacksher and released. Defendant Rests. Court directed parties to submit proposed findings of fact & conclusions of law and additional briefing, if necessary. Court adjourned. (Court Reporter Christina Decker) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/17/2025 | 177 | EXHIBITS ADMITTED by Alabama State Conference of the NAACP, Lashunda Scales, Cara McClure, Greater Birmingham Ministries, Metro-Birmingham Branch of the NAACP, The, Ja'Nelle Brown, Eric Hall, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner during the Bench Trial for the dates or 1/13/2025 - 1/16/2025 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 19, # 18 Exhibit 20, # 19 Exhibit 23, # 20 Exhibit 24, # 21 Exhibit 25, # 22 Exhibit 26, # 23 Exhibit 27, # 24 28, # 25 29, # 26 30, # 27 Exhibit 31, # 28 Exhibit 32, # 29 Exhibit 33, # 30 Exhibit 34, # 31 Exhibit 35, # 32 Exhibit 36, # 33 Exhibit 37, # 34 Exhibit 38, # 35 Exhibit 39, # 36 Exhibit 40, # 37 Exhibit 41, # 38 Exhibit 42, # 39 Exhibit 43, # 40 Exhibit 44, # 41 Exhibit 45, # 42 Exhibit 46, # 43 Exhibit 47, # 44 Exhibit 48, # 45 Exhibit 49, # 46 Exhibit 50, # 47 Exhibit 51, # 48 Exhibit 52, # 49 Exhibit 53, # 50 Exhibit 54, # 51 Exhibit 55, # 52 Exhibit 56, # 53 Exhibit 57, # 54 Exhibit 58, # 55 Exhibit 59, # 56 Exhibit 60, # 57 Exhibit 61, # 58 Exhibit 62, # 59 Exhibit 63, # 60 Exhibit 64, # 61 Exhibit 65, # 62 Exhibit 66, # 63 Exhibit 67, # 64 Exhibit 68, # 65 Exhibit 69, # 66 Exhibit 70, # 67 Exhibit 71, # 68 Exhibit 72, # 69 |

| | | |
|---|---|---|
| | | Exhibit 75, # 70 Exhibit 74, # 71 Exhibit 75, # 72 Exhibit 76, # 73 Exhibit 77, # 74 Exhibit 78, # 75 Exhibit 79, # 76 Exhibit 80, # 77 Exhibit 81, # 78 Exhibit 82, # 79 Exhibit 83, # 80 Exhibit 84, # 81 Exhibit 85, # 82 Exhibit 86, # 83 Exhibit 87, # 84 Exhibit 88, # 85 Exhibit 89, # 86 Exhibit 90, # 87 Exhibit 91, # 88 Exhibit 92, # 89 Exhibit 93, # 90 Exhibit 94, # 91 Exhibit 95, # 92 Exhibit 96, # 93 Exhibit 97, # 94 Exhibit 98, # 95 Exhibit 99, # 96 Exhibit 100, # 97 Exhibit 103, # 98 Exhibit 104, # 99 Exhibit 106, # 100 Exhibit 108, # 101 Exhibit 110, # 102 Exhibit 111, # 103 Exhibit 114, # 104 Exhibit 115, # 105 Exhibit 117, # 106 Exhibit 121, # 107 Exhibit 131, # 108 Exhibit 132, # 109 Exhibit 133, # 110 Exhibit 143, # 111 Exhibit 145, # 112 Exhibit 146, # 113 Exhibit 147, # 114 Exhibit 148, # 115 Exhibit 149, # 116 Exhibit 150, # 117 Exhibit 151, # 118 Exhibit 152, # 119 Exhibit 153, # 120 Exhibit 154, # 121 Exhibit 155) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/17/2025 | 178 | EXHIBITS ADMITTED by Jefferson County Commission, T. Joe Knight, Shelia Tyson, Steve Ammons, Lashunda Scales.during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 15, # 12 Exhibit 16, # 13 Exhibit 18, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 31, # 17 Exhibit 32, # 18 Exhibit 40, # 19 Exhibit 42, # 20 Exhibit 43, # 21 Exhibit 45) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/17/2025 | 179 | (SEALED) 168 First Joint Stipulation of Facts by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner. filed by Ja'Nelle Brown, Alexia Addoh-Kondi, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker, Cynthia Bonner Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/17/2025) |
| 01/21/2025 | 180 | Transcript of Proceedings held on January 13, 2025 - January 16, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (Attachments: # 1 Exhibit Vol. 2, # 2 Exhibit Vol. 3, # 3 Exhibit Vol. 4) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| 01/21/2025 | 181 | Transcript of Proceedings held on January 14, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript |

| | | Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | 182 | Transcript of Proceedings held on January 15, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| 01/21/2025 | 183 | Transcript of Proceedings held on January 16, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Christina K. Decker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 01/21/2025) |
| 01/22/2025 | 184 | COURT'S EXHIBITS admitted during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (MEB2) (Entered: 01/22/2025) |
| 02/03/2025 | 185 | Statement of Facts *Proposed Statement of Facts and Conclusions of Law* by Jefferson County Commission, Jefferson County Commission,The. filed by Jefferson County Commission, Jefferson County Commission,The Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/03/2025) |
| 02/03/2025 | 186 | Statement of Facts - *Plaintiffs' Proposed Findings of Fact and Conclusions of Law* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/03/2025) |
| 02/07/2025 | 187 | *AMENDED* EXHIBITS ADMITTED by Jefferson County Commission, T. Joe Knight, Shelia Tyson, Steve Ammons, Lashunda Scales during the Bench Trial for the dates or 1/13/2025 - 1/16/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 15, # 12 Exhibit 16, # 13 Exhibit 18, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 31, # 17 Exhibit 32, # 18 Exhibit 40, # 19 Exhibit 42, # 20 Exhibit 43, # 21 Exhibit 45, # 22 Exhibit 56) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH (Exhibits Amended to ADD Deft's Exhibit 56. See 174 681:7-14) (MEB2) (Entered: 02/07/2025) |

USCA11 Case: 25-13253     Document: 33-1     Date Filed: 11/17/2025     Page: 81 of 496

| | | |
|---|---|---|
| 02/14/2025 | [188](#) | Transcript of Proceedings (Telephone Conference) held on January 8, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <span style="color:red">NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.</span> (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 3/7/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/15/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KAM) (Entered: 02/14/2025) |
| 02/18/2025 | [189](#) | REPLY to re (185 in 2:23-cv-00503-MHH) *Defendant's Proposed Findings of Fact and Conclusions of Law* filed by Alexia Addoh-Kondi. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 02/18/2025) |
| 02/18/2025 | [190](#) | REPLY to re (177 in 2:23-cv-00443-MHH) *, Defendant's Proposed Findings of Fact and Conclusions of Law* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 02/18/2025) |
| 02/18/2025 | [191](#) | RESPONSE to re (178 in 2:23-cv-00443-MHH) *Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law* filed by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 02/18/2025) |
| 03/05/2025 | [192](#) | MOTION to Withdraw as Attorney by Jefferson County Commission,The. (Walker, Jordan) (Entered: 03/05/2025) |
| 03/05/2025 | [193](#) | MOTION to Withdraw as Attorney by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Walker, Jordan) (Entered: 03/05/2025) |
| 03/05/2025 | 194 | TEXT ORDER: The Court GRANTS (184) Mr. Walker's Motion to Withdraw as Attorney. Attorney Jordan Dorman Walker terminated in case 2:23-cv-00443-MHH as to dft Jefferson County Commission. The Court also GRANTS (192) and (193), Mr. Walker's Motions to Withdraw as Attorney. Attorney Jordan Dorman Walker terminated in case 2:23-cv-00503-MHH as to dft Jefferson County Commission. Signed by Judge Madeline Hughes Haikala on 3/5/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/05/2025) |
| 03/25/2025 | [195](#) | MOTION to Withdraw as Attorney *Kathleen S. Lane* by Jefferson County Commission, Jefferson County Commission,The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lane, Kathleen) (Entered: 03/25/2025) |
| 03/25/2025 | 196 | TEXT ORDER re (186 in 2:23-cv-00443-MHH, 195 in 2:23-cv-00503-MHH): The Court GRANTS the MOTIONS to Withdraw as Attorney *Kathleen S. Lane* filed by Jefferson County Commission, Jefferson County Commission,The; Attorney Kathleen Smithgall Lane terminated as to those Defendants. Signed by Judge Madeline Hughes Haikala on 3/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 03/25/2025) |
| 09/05/2025 | [197](#) | REPORT of Rule 26(f) Planning Meeting. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Smith, Shawnna) (Entered: 09/05/2025) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 82 of 496

| | | |
|---|---|---|
| 09/05/2025 | 198 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The *Regarding Upcoming Election Deadlines* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/05/2025) |
| 09/10/2025 | 199 | RESPONSE to re (189 in 2:23-cv-00443-MHH) *notice regarding upcoming election deadlines* filed by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/10/2025) |
| 09/16/2025 | 200 | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER: The plaintiffs in these consolidated cases have challenged the electoral map that the Jefferson County Commission enacted during the 2021 redistricting process. The plaintiffs contend that the Commissions map is racially gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Court held a four-day bench trial on the plaintiffs' claims. (Docs. 172, 173, 174, 175). Having heard the parties' evidence and considered theparties' written submissions concerning the evidence, (Docs. 177 , 178 , 181 , 182 , 183 ), the Court issues findings of fact and conclusions of law. Within 30 days, the parties shall please file a joint report on the development of a remedial redistricting plan. Signed by Judge Madeline Hughes Haikala on 9/16/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/16/2025) |
| 09/16/2025 | 201 | NOTICE of Appearance by Soren A. Geiger on behalf of Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Geiger, Soren) (Entered: 09/16/2025) |
| 09/18/2025 | 202 | NOTICE OF APPEAL as to (191 in 2:23-cv-00443-MHH) Order,,, by Jefferson County Commission. Filing fee $ 605, receipt number ALNDC-4962659. Appeal Record due by 10/2/2025. (Meehan, Taylor) (Entered: 09/18/2025) |
| 09/18/2025 | 203 | MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, by Jefferson County Commission. (Attachments: # 1 Affidavit)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/18/2025) |
| 09/18/2025 | 204 | Transmittal Letter to 11th Circuit Court of Appeals re doc. 193 Notice of Appeal & doc. 202 Notice of Appeal in 2:23-cv-503-MHH Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/18/2025) |
| 09/18/2025 | 205 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 202 Notice of Appeal (CLC) (Entered: 09/18/2025) |
| 09/18/2025 | | Filing fee: $ 605.00, receipt number B-20134 (CLC) (Entered: 09/18/2025) |
| 09/19/2025 | 206 | TEXT ORDER: Defendant Jefferson County Commission has filed a motion to stay this Court's injunction pending appeal. (Doc. 194 ). The Plaintiffs shall file a response on or before 5 p.m. September 22, 2025. The Defendant may file a reply on or before 12 p.m. Tuesday, September 23, 2025. Signed by Judge Madeline Hughes Haikala on 9/19/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/19/2025) |
| 09/19/2025 | 207 | Unopposed MOTION for Attorney Fees *Motion to Defer Motion for Attorneys Fees* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The, Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/19/2025) |

| 09/22/2025 | 208 | USCA Case Number 25-13254-J for 202 Notice of Appeal filed by Jefferson County Commission. (CLC) (Entered: 09/22/2025) |
| 09/22/2025 | 209 | RESPONSE in Opposition re (203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 09/22/2025) |
| 09/22/2025 | 210 | RESPONSE in Opposition re (194 in 2:23-cv-00443-MHH, 203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, *MCCLURE PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO STAY INJUNCTION PENDING APPEAL* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 09/22/2025) |
| 09/23/2025 | 211 | REPLY to Response to Motion re (203 in 2:23-cv-00503-MHH) MOTION to Stay re (191 in 2:23-cv-00443-MHH) Order,,, filed by Jefferson County Commission. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 09/23/2025) |
| 09/24/2025 | 212 | TEXT ORDER: Defendant Jefferson County Commission has filed a motion to stay this Court's injunction pending appeal. The Court has reviewed the parties' briefing. The Court sets this matter for a telephone conference at 3:30 p.m. today, September 24, 2025. Counsel shall please dial 205-931-0422 and enter access code and dial access code 421934463 to participate in the call. Signed by Judge Madeline Hughes Haikala on 9/24/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/24/2025) |
| 09/24/2025 |  | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Telephone Conference held on 9/24/2025; written order to be entered. (Court Reporter Leah Turner.) Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 09/24/2025) |
| 09/24/2025 | 213 | ORDER denying (194) Motion to Stay in case 2:23-cv-00443-MHH. For reasons that the Court will explain in an upcoming memo op, the Court denies the Commission's motion to stay. Signed by Judge Madeline Hughes Haikala on September 24, 2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Haikala, Madeline) (Entered: 09/24/2025) |
| 09/25/2025 | 214 | MEMORANDUM OPINION AND ORDER: Based on the evidence presented, the Court concluded that the Commissions 2021 redistricting plan violates the Fourteenth Amendment's protection against racial gerrymandering, and the Court permanently enjoined the Commission from using the 2021 plan in Jefferson County Commission elections. (23-cv-443, Doc. 191, p. 139). The Commission has appealed the decision and has sought a stay of the injunction pending the outcome on appeal. (23-cv-443, Doc. 193; 23-cv-443, Doc. 194). This opinion addresses the motion for a stay. A stay of remedial proceedings in this case will not serve the public interest. See Nken, 556 U.S. at 426. For reasons stated within, the Nken factors weigh in favor of the plaintiffs. Therefore, the Court denies the Commission's request for a stay. Signed by Judge Madeline Hughes Haikala on 9/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/25/2025) |
| 09/26/2025 | 215 | MOTION for Leave to Appear Pro Hac Vice *for Samuel Davis* by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. (Attachments: # 1 Exhibit A-Declaration of |

| | | |
|---|---|---|
| | | Samuel Davis)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) (Entered: 09/26/2025) |
| 09/26/2025 | | PHV Fee paid: $ 100, receipt number ALNDC-4969061. Paid on behalf of Samuel Davis. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Lawsen, Nicki) ALND Receipt # B-20239 Modified on 9/26/2025 (CLC). (Entered: 09/26/2025) |
| 09/26/2025 | 216 | Transcript of Proceedings held on September 24, 2025, before Judge Madeline Hughes Haikala. Court Reporter/Transcriber Leah S. Turner. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript% 20Redaction%20Policy.pdf) See Transcript Redaction Policy Redaction Request due 10/17/2025. Redacted Transcript Deadline set for 10/27/2025. Release of Transcript Restriction set for 12/25/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/26/2025) |
| 09/26/2025 | 217 | SCHEDULING ORDER: The Court sets deadlines within for remedial proceedings in this case. Signed by Judge Madeline Hughes Haikala on 9/26/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(CLC) (Entered: 09/26/2025) |
| 09/30/2025 | 218 | TEXT ORDER: The Court GRANTS (215 in 2:23-cv-00503-MHH, 206 in 2:23-cv-00443-MHH) the MOTION for Leave to Appear Pro Hac Vice *for Samuel Davis* filed by Cara McClure, Metro-Birmingham Branch of the NAACP, The, Greater Birmingham Ministries, Alabama State Conference of the NAACP. Attorney Samuel A Davis is added for Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure, Metro-Birmingham Branch of the NAACP, The. Signed by Judge Madeline Hughes Haikala on 9/30/2025. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(KWC, ) (Entered: 09/30/2025) |
| 10/01/2025 | 219 | ORDER of USCA as to 202 Notice of Appeal filed by Jefferson County Commission: Motion to consolidate appeals filed by Appellant Jefferson County Commission is GRANTED. 5 in 25-13254, Motion to consolidate appeals filed by Appellant Jefferson County Commission is GRANTED. [10561856-2] in 25-13253 JP (See attached order for complete text) [25-13254, 25-13253] (CLC) (Entered: 10/01/2025) |
| 10/02/2025 | 220 | TEXT ORDER: Plaintiffs have filed an unopposed motion to defer motions for attorneys' fees until after the Commission's appeal has concluded. (Doc. 207 ). The Court grants the motion. Motions for attorneys' fees and costs must be filed within 60 days after the entry of the mandate after the ruling on appeal, or after the conclusion of remedial proceedings, whichever is later. Signed by Judge Madeline Hughes Haikala on 10/2/2025. (CLC) (Entered: 10/02/2025) |
| 10/02/2025 | 221 | TRANSCRIPT REQUEST *(Eleventh Circuit Transcript Order Form)* by Jefferson County Commission. filed by Jefferson County Commission Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 10/02/2025) |
| 10/06/2025 | 222 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure *Filing of Remedial Plan and Evidentiary Material* (Attachments: # 1 Exhibit A - McCartan Declaration, # 2 Exhibit B - Liu Declaration, # 3 Exhibit C - Bagley Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/06/2025) |

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 85 of 496

| | | |
|---|---|---|
| 10/06/2025 | 223 | Brief re(212 in 2:23-cv-00443-MHH) Notice (Other), *in Support of McClure Plaintiffs' Remedial Plan*. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/06/2025) |
| 10/06/2025 | 224 | Brief *re Addoh-Kondi Plaintiffs' Submission of Proposed Remedial Plan*. (Attachments: # 1 Declaration of Anthony Fairfax, # 2 Appendices to Declaration of A. Fairfax on Jefferson County AL CC Remedial Plan 1)(Rouco, Richard) (Entered: 10/06/2025) |
| 10/06/2025 | 225 | Brief *re: Addoh-Kondi Plaintiffs' Submission of Proposed Remedial Plan*. (Attachments: # 1 Declaration of Anthony Fairfax, # 2 Appendices to Declaration of A. Fairfax on Jefferson County AL CC Remedial Plan 1)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/06/2025) |
| 10/09/2025 | 226 | NOTICE by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure re (212 in 2:23-cv-00443-MHH) Notice (Other), *Corrected Exhibit A McCartan Declaration* Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/09/2025) |
| 10/10/2025 | 227 | TRANSCRIPT REQUEST *(Eleventh Circuit Transcript Order Form)* by Jefferson County Commission,The. filed by Jefferson County Commission,The (Meehan, Taylor) (Entered: 10/10/2025) |
| 10/14/2025 | 228 | NOTICE by Jefferson County Commission *of Objections to Plaintiffs' Proposed Remedial Plans* (Attachments: # 1 Exhibit Remedial Report - Dr. Barber, # 2 Affidavit Remedial Declaration - Mr. Stephenson)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Meehan, Taylor) (Entered: 10/14/2025) |
| 10/15/2025 | 229 | REPLY to re (228 in 2:23-cv-00503-MHH) *Addoh-Kondi Plaintiffs Reply to Defendant's Objections to Fairfax Remedial Plan 1* filed by Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, Robert Walker. Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Rouco, Richard) (Entered: 10/15/2025) |
| 10/15/2025 | 230 | REPLY Brief filed by Plaintiffs Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure re:(228 in 2:23-cv-00503-MHH, 216 in 2:23-cv-00443-MHH) Notice (Other), *In Support of McClure Remedial Plan* filed by Alabama State Conference of the NAACP, Greater Birmingham Ministries, Cara McClure. (Attachments: # 1 Exhibit A - McCartan Supplemental Declaration)Associated Cases: 2:23-cv-00443-MHH, 2:23-cv-00503-MHH(Sadasivan, Kathryn) (Entered: 10/15/2025) |
| 10/16/2025 | 231 | ORDER of USCA as to (202 in 2:23-cv-00503-MHH, 193 in 2:23-cv-00443-MHH) Notice of Appeal filed by Jefferson County Commission:...we grant the Commission's motion to stay the district court's injunction pending appeal...AJ, ELB and RJL; Jordan dissenting. (See attached order for complete text) (CLC) (Entered: 10/16/2025) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/04/2025 12:13:10 | | |
| **PACER Login:** | marisayer | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00503-MHH |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# TAB 1

FILED
2023 Apr-07  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CARA MCCLURE, GREATER BIRMINGHAM MINISTRIES, the METRO-BIRMINGHAM BRANCH OF THE NAACP, and the ALABAMA STATE CONFERENCE OF THE NAACP,<br><br>     *Plaintiffs*,<br><br>     vs.<br><br>THE JEFFERSON COUNTY COMMISSION, JAMES A. STEPHENS, in his official capacity as President; T. JOE KNIGHT, in his official capacity as President Pro Tempore; SHEILA TYSON, in her official capacity as Commissioner; STEVE AMMONS, in his official capacity as Commissioner; and LASHUNDA SCALES, in her official capacity as Commissioner,<br><br>     *Defendants*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1. Plaintiffs Cara McClure, Greater Birmingham Ministries on behalf of its members, and the Alabama State Conference of the NAACP and Metro-Birmingham Branch of the NAACP on behalf of their members (collectively, "Plaintiffs") challenge the policy of the Jefferson County Commission (the "Commission") to intentionally pack Black voters based predominately on race into two supermajority Black commission districts without a sufficiently compelling justification.

2. On November 4, 2021, following the 2020 Census, the Commission redrew its five-commission district plan to account for population changes since 2010. Rather than assess whether compliance with Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, ("VRA") or another compelling state interest required the packing of Black voters into Districts 1 and 2 and

1

without addressing the cracking of communities of interest and precincts, the Commission did as it had done in the last redistricting cycle: It needlessly put more Black voters in Districts 1 and 2.

3.      In drawing the plan enacted by the Commission on November 4, 2021 ("the Enacted Plan"), the Commission's predominant motive was to place certain voters within and outside of Commission districts based on their race. The Commission's unjustified predominant racial motive in adopting the Enact Plan violates the Constitution.

4.      Plaintiffs bring this suit to challenge all Commission Districts 1, 2, 3, 4, and 5 ("Challenged Districts") as racial gerrymanders in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.

5.      Although "redistricting differs from other kinds of state decisionmaking in that the legislature always is aware of race when it draws district lines, just as it is aware of . . . a variety of other demographic factors," *Shaw v. Reno*, 509 U.S. 630, 646 (1993) ("*Shaw* I"), the Equal Protection Clause prevents a state actor, from using race as the "predominant factor motivating [its] decision to place a significant number of voters within or without a particular district" in the absence of "sufficient justification," such as, for example, when necessary to comply with the VRA. *Bethune–Hill v. Va. State Bd. of Elections*, 580 U.S. 178, 187 (2017) (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)).

6.      In developing the Enacted Plan, race was the Commission's predominant motive. During the redistricting process, Commissioners explicitly sought to increase the concentration of Black voters in Districts 1 and 2 by removing Black voters from Districts 3, 4, and 5 to ensure two supermajority Black districts with Black voting-age populations (BVAP) well above 60% in Districts 1 and 2.

2

7.    As a result, the Challenged Districts bear all the typical indicia of racial predominance. Commission Districts have contorted shapes – majority white Districts 3 and 4 curve around central Birmingham in "E" shapes, halving political subdivisions, and neighborhoods surrounding Districts 1 and 2 to carve out white neighborhoods from Black ones. Districts 1 and 2, conversely, reach out from central Birmingham to grab far-flung more suburban Black communities from Center Point to Minor and Brighton. The Commission's goal was achieved in the Enacted Plan through this race-based sorting: despite around 10% population loss in both Districts 1 and 2, both districts were maintained with the supermajority BVAPs similar to the last decade. In the Enacted Plan, District 1 has a BVAP of 76.34%, and District 2 has a BVAP of 64.11%.

8.    Racial predominance in districting is justified when supported by a compelling state interest, such as compliance with the VRA. *Cooper v. Harris,* 581 U.S. 285, 292 (2017). But there is no such compelling state interest to justify the Commission's race-based sorting of voters here. In the absence of extreme racial polarization, nothing in the VRA requires the packing of Black voters or any other minority group such that they constitute an excessive majority in a particular district. In fact, the voting strength of a politically cohesive minority group can be diluted either "by fragmenting the minority voters among several districts where a bloc-voting majority can routinely outvote them, or by packing them into one or a small number of districts to minimize their influence in the districts next door." *Johnson v. De Grandy*, 512 U.S. 997, 1007 (1994).

9.    The Commissioners were not attempting to comply with the VRA. The Commission never assessed whether racially polarized voting or the totality of circumstances required the creation of supermajority Black districts. Indeed, Commissioners made no mention of compliance with the VRA during the redistricting process. The Commission failed to conduct any

3

racially polarized voting analysis or any other analysis to determine whether the BVAPs in the Challenged Districts were necessary to comply with the VRA or federal law. Nor did the Commission attempt to determine how Districts 1 and 2 might function with significantly lower BVAPs closer to or below 50%. A racial polarization analysis of Jefferson County would have made clear that supermajority Black districts are not necessary for Black voters to have an equal opportunity to elect candidates of choice in Districts 1 and 2.

10.     Plaintiffs, Black registered voters, and civil rights organizations, on behalf of their members who reside in the Challenged Districts, bring this action for declaratory and injunctive relief to prevent the unnecessary sorting of voters on the basis of race in violation of the U.S. Constitution.

**PARTIES**

11.     Plaintiff CARA MCCLURE is a Black lawfully registered Alabama voter residing in Birmingham, Alabama, in Jefferson County Commission District 2. Ms. McClure is over the age of eighteen and a United States citizen eligible to vote. Ms. McClure is and will continue to be irreparably harmed by living and voting in unconstitutionally racially gerrymandered districts where race was the Commission's predominant motive for placing her and others within districts.

12.     Plaintiff Greater Birmingham Ministries ("GBM") was founded in 1969 in response to the challenges posed by the mid-twentieth century Civil Rights movement and its transformative impact in Birmingham, Alabama, and across the United States. GBM seeks to address urgent human rights and social justice needs in the greater Birmingham area. GBM is a multi-faith, multi-racial, non-profit membership organization that provides emergency services to people in need and engages people to build a strong, supportive, engaged community and a more just society for all people.

13.     GBM is dedicated to advancing social justice through political participation in Jefferson County as well as across the state of Alabama. GBM actively opposes local and state laws, policies, and practices that result in the exclusion of vulnerable groups or individuals from the democratic process. Toward that end, GBM regularly communicates with its members and works to register, educate, and increase voter turnout and efficacy, particularly among Black, Latinx, and low-income people, as well as people with disabilities.

14.     GBM has around 5,000 individual members located primarily throughout the greater Birmingham, Alabama area. GBM has members who are registered lawfully registered Black and other Alabama voters who live and vote in each of the Challenged Districts. If not enjoined, these members will continue to be irreparably harmed by living and voting in unconstitutionally racially gerrymandered districts where race was the Commission's predominant motive for placing these members and others within and outside of districts.

15.     Plaintiff Metro Birmingham Branch of the NAACP ("Metro-Birmingham NAACP") is a nonpartisan non-profit membership organization serving the greater Birmingham metropolitan area and is an affiliate of the Alabama State Conference of the NAACP.

16.     The Metro-Birmingham NAACP's mission is to ensure the political, educational, social, and economic equality of all persons and to eliminate race-based discrimination. Pursuant to this mission, Metro-Birmingham NAACP has advocated for the voting rights of African Americans and other voters of color residing in the greater Birmingham metropolitan area and Jefferson County, including the rights of its members.

17.     The Metro-Birmingham NAACP has active members throughout Birmingham and the surrounding area who are Black. Its members include lawfully registered Black voters who reside and vote in the Challenged Districts. These members have been and, if the Challenged

5

Districts are not enjoined, will continue to be irreparably harmed by living and voting in unconstitutionally racially gerrymandered districts where race was the Commission's predominant motive for placing these members and others within and outside of districts.

18.     Plaintiff Alabama State Conference of the NAACP ("Alabama NAACP") oversees all Alabama local branches of the National Association for the Advancement of Colored People, Inc., including the Metro-Birmingham Branch in Jefferson County. The Alabama NAACP is the oldest and one of the most significant civil rights organizations in Alabama, and it works to ensure the political, educational, social, and economic equality of Black Americans and all other Americans. Two central goals of the Alabama NAACP are to eliminate racial discrimination in the democratic process and to enforce federal laws and constitutional provisions securing voting rights. Toward those ends, the Alabama NAACP has participated in lawsuits to protect the right to vote, regularly engages in efforts to register and educate Black American voters, and encourages Black Alabamians to engage in the political process by turning out to vote on Election Day.

19.     The Alabama NAACP is a membership organization with approximately 5,000 members across the State, approximately 95% of whom identify as Black and most of whom are lawfully registered voters. It has members who are lawfully registered Black and non-Black Alabama voters who live and vote in each and each of the Challenged Districts. These members have been and, if the Challenged Districts are not enjoined, will be irreparably harmed by living and voting in unconstitutionally racially gerrymandered districts where race was the Commission's predominant motive for placing these members and others within and outside of districts.

20.     Defendant Jefferson County Commission is the governing body of Jefferson County, Alabama. Pursuant to its authority under Code of Alabama Sections 45-37-72(a) and 11-3-1.1(a). The Commission consists of five commissioners who are each elected from single-

member districts in Jefferson County. The Commission prepared, developed, and drew the redistricting plans for the Challenged Districts based on the 2020 decennial census. The Commission, including each of the individual Commissioners sued in their official capacities, are charged with ensuring the Commission's compliance with the Constitution. The Commission has the discretion and authority to adopt nondiscriminatory districts. Ala. Code § 11-3-1.1(a). It approved and adopted the Enacted Plan and the Challenged Districts that are racially gerrymandered in violation of the Constitution.

1.      JAMES A. STEPHENS is President of the Jefferson County Commission and the elected Commissioner for District 3. Mr. Stephens is sued in his official capacity only.

2.      T. JOE KNIGHT is President Pro Tempore of the Jefferson County Commission and the elected Commissioner for District 4. He is the liaison to the board of registrars, the circuit clerks, the district attorney, the state courts, and the probate judge of Jefferson County. Mr. Knight is sued in his official capacity only.

3.      SHEILA TYSON is the elected Commissioner for District 2. Ms. Tyson is sued in her official capacity only.

4.      STEVE AMMONS is the elected Commissioner for District 5. Mr. Ammons is sued in his official capacity only.

5.      LASHUNDA SCALES is the elected Commissioner for District 1. Ms. Scales is sued in her official capacity only.

## JURISDICTION AND VENUE

6.      This action arises under the Fourteenth Amendment to the U.S. Constitution.

7.      This Court has subject matter jurisdiction to hear this case under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States, as well as under 42 U.S.C. §§ 1983 and 1988.

8.      This Court has jurisdiction to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

9.      This Court has personal jurisdiction over the Defendants, who are all citizens of Alabama.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendants reside in this District and the state of Alabama, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**FACTUAL ALLEGATIONS**

11.     Between 1931 and 1985, the Jefferson County Commission was composed of three commissioners who were elected at-large from Jefferson County.

12.     No Black person was ever elected to the Jefferson County Commission under this structure.

13.     In 1984, a federal lawsuit challenged the at-large election of the County Commission under Section 2 of the VRA. *See generally* Consent Decree, *Taylor v. Jefferson County Commission*, No. cv 84-c-1730-s (N.D. Ala., Aug. 17, 1985) (attached as "Exhibit A").

14.     In August 1985, the parties settled the VRA litigation by consent decree. *Id*. At the time, Black residents of Jefferson County comprised about 33% of the total county population. Letter from Edwin A. Strickland, Cnty. Att'y, Jefferson Cnty. Comm'n to Asst Att'y Gen., Civ. Rts. Div., Dep't of Just. (Nov. 18, 1985) at 2 (attached as "Exhibit B"). Beginning with the November 1986 general election, the Consent Decree expanded the Commission from three to five

8

members, each elected from single-member districts within the county. *Id*. The Consent Decree established two majority-Black districts where Black voters would have an opportunity to elect candidates of choice to the Commission. Under the Consent Decree, Commission District 1 had a Black population of 65.6%, and Commission District 2 had a Black population of 66.8% based on the 1980 census. *Id*. at A-1, A-2. The Consent Decree does not require that the Black population percentages, nor the boundaries of the districts described therein must remain unchanged, nor that Districts 1 and 2 must maintain Black supermajorities.

15.    In accordance with the Consent Decree, since 1986, state law has required that the Commission be elected from five single-member districts within the County. Ala. Code § 45-37-72(b). Nothing in state law requires that the Commission maintain the Black population percentages or the boundaries of the districts described in the Consent Decree. *Id*. Commissioners serve four-year terms. *See* Ala. Code § 11-3-1(c).

16.    Under Alabama law, following the release of federal decennial census data, any county commission that elects its members from single-member districts may alter the boundaries of its districts. Ala. Code §§ 11-3-1.1(a), 45-37-72(b). County commissions are also authorized to establish precinct boundaries following the release of census data. Ala. Code § 17-6-2(a).

17.    All current Commissioners were present during the 2021 redistricting process, and all were reelected in the last election on November 8, 2022.

**Background**

18.    According to the 2020 U.S. Census, Black people represent 42.91% of the total population and 41.46% of the voting-age population of Jefferson County. Hispanic people (regardless of race) are 5.17% of the total population and 4.29% of the voting-age population.

9

Non-Hispanic white people are 48.06% of the county's total population and 50.42% of the voting-age population.

19.    Since their creation in 1986, Jefferson County Commission Districts 1 and 2 have always elected Black candidates. The Black candidates elected from these districts in the last decade have won elections with over 65% of the vote in their districts.

20.    No Black candidates have ever won an election in supermajority-white Districts 3, 4, or 5.

21.    Although Jefferson County has a slim majority white voting-age population, Black and Black-preferred candidates have frequently won county-wide elections over the last decade. Despite Black candidates' success county-wide, Black candidates have never won election in the supermajority white Commission districts.

22.    Under the Enacted Plan (Figure 1), Black-preferred candidates will only win elections in Districts 1 and 2. The Enacted Plan, in its packing of Districts 1 and 2, strips Black voters from adjacent districts 3, 4, and 5 for the predominately racial motive of achieving certain racial targets in the Challenged Districts.

**Figure 1: Enacted Plan**

10

23.     The Enacted Plan (above), which shows the present lines in color (orange, yellow, green, red, and blue) and the old post-2010 districts under the black dotted line, has an any part Black population of 78.27% in District 1, 66.18% in CD 2, 27.29% in CD 3, 28.45% in CD 4, and 14.15% in CD 5. The Hispanic population in the Enacted Plan is 4.9% in CD 1, 5.94% in CD 2, 3.56% in CD 3, 6.8% in CD 4, and 4.6% in CD 5. The 2021 registered Black voter percentage was 79.51% in CD 1, 70.88% in CD 2, 24.93% in CD 3, 26.09% in CD 4, and 10.09% in CD 5.

### History of Discrimination by the Jefferson County Commission

24.     Jefferson County has had a long ugly history of racial discrimination that continues to this day.  Well into the 21st century, the county and its municipalities have devised schemes to strip Blacks residents of their voting power, deny Blacks residents needed healthcare, and re-segregate schools along racial lines.

25.     Theophilus Eugene "Bull" Connor, the infamous segregationist and violent opponent of the Civil Rights Movement and its leaders, served as a Commissioner on the Jefferson County Commission for 23 years, between 1937 and 1963. During this time, Bull Connor used his platform as Commissioner of Public Safety to, at times, violently enforce segregation ordinances in Jefferson County.

26.     For the last 40 years, Jefferson County has operated under a federal consent decree because of racial and sex discrimination in the hiring practices and promotions in various public service jobs in the county. The consent decree followed the filing of a complaint by the Ensley Branch of the NAACP and others against the County, the Personnel Board and the City of Birmingham alleging violations of Title VII of the Civil Rights Act. *United States v. Jefferson County*, No. 75-P-0666-S, 1981 WL 27018 (N.D. Ala. Aug. 18, 1981), *aff'd*, 720 F.2d 1511 (11th Cir. 1983). In January 1977, a federal court found that tests used by the county Personnel Board

11

"to screen and rank applicants for employment as police officers and firefighters discriminated against blacks and were not shown to be job related under criterion-related validity studies." *NAACP, Ensley Branch v. Seibels*, No. CA 74-2-12-S, 1977 WL 806 (N.D. Ala. Jan. 10, 1977). As recently as 2013, this Court granted the motion of the Black plaintiff class to hold the Commission in contempt due to the Commission's "thirty-year pattern of intentional, willful disobedience of this court's orders." *United States v. Jefferson Cnty.*, No. CV-74-S-17-S, 2013 WL 4482970, at *53 (N.D. Ala. Aug. 20, 2013); *see also id*. at *45. This Court specifically found that the Commission had "failed to fully appreciate the requirements of the decree, and the extent of the County's non-compliance," and adopted employment policies in 2011 and 2012 that "had resulted in adverse impact based on race and gender." *Id*. at 37–40. The final provisions of this consent decree expired only in 2022. *See United States v. Jefferson Cnty.*, No. CV-74-S-17-S, 2020 WL 13252315, at *2 (N.D. Ala. Dec. 21, 2020).

27.    In 2012, the Commission voted 3-2, with the two Black Commissioners opposing, to close inpatient care at Cooper Green Mercy Hospital, a hospital serving low-income, predominately Black residents. The City of Birmingham shortly thereafter filed a lawsuit against the Commission to force the county to keep Cooper Green open. During a Commission meeting days after the lawsuit was filed, protests erupted both inside and outside the Commission meeting, forcing the Commission to take no action on its proposed closure of inpatient care at Cooper Green Mercy Hospital. Then, two weeks later, the Commission voted 3-2 to close the inpatient care unit at Cooper Green, even after weeks of debate and protests from community leaders.

28.    The County discontinued inpatient and emergency room services in December 2012, reopening the facility in 2013 as an urgent care facility only. The Jefferson County Medical Society shortly thereafter issued a press release, stating that the Commission's efforts to downsize

Cooper Green Mercy Hospital were an "abject failure" and that primary care services for indigent Jefferson County residents had become non-existent.

29.     Municipalities in Jefferson County also have a persisting history of discrimination against Black residents. This includes selective annexations whereby all-white enclaves with a long history of discrimination against Black people sought to add white residents to their borders while refusing to incorporate Black residents for the purpose of weakening Black political power at the local level.

30.     In *City of Pleasant Grove v. United States*, the U.S. Supreme Court affirmed an Alabama District Court's denial of VRA Section 5 preclearance to two annexations sought by the City of Pleasant Grove on the ground that the city had engaged in a racially selective annexation policy. 479 U.S. 462 (1987). Pleasant Grove, at the time, was an all-white city in Jefferson County that had a long history of discrimination. The city sought preclearance to annex an area of white residents who wanted to attend the all-white Pleasant Grove school district instead of the desegregated Jefferson County school district, with its significant Black population, and to annex a parcel of land that the city planned to use to build housing that would likely be inhabited by white residents exclusively. *Id.* at 465–66. At the same time, the city refused to annex two predominantly Black areas of Jefferson County. *Id.* at 466–67. These majority Black neighborhoods form the borders of Commission Districts 1 and 2, which are separated from Commission District 3.

31.     The Supreme Court affirmed the finding "that the city had failed to carry its burden of proving that the two annexations at issue did not have the purpose of abridging or denying the right to vote on account of race." *Id.* at 467 (footnote omitted). The Court concluded that the city had intentionally sought to "provide for the growth of a monolithic white voting bloc[], thereby

effectively diluting the black vote in advance" of the then-anticipated growth of the city's Black population in the coming decades. *Id.* at 472.

32.    In *Alabama State Conference of the NAACP v. City of Pleasant Grove*, Black voters sued the City of Pleasant Grove under Section 2 and the Constitution to challenge the at-large method of electing the city council. 372 F.Supp.3d 1333 (N.D. Ala. 2019). Although at the time of the lawsuit, 44.8% of Pleasant Grove's population was Black, no Black candidate had ever been elected to the Pleasant Grove City Council. The lawsuit was settled late in 2019, and, as a result, the city agreed to change its method of voting to cumulative voting, 2019 WL 5172371, at *1 (N.D. Ala. Oct. 11, 2019), allowing the first Black commissioners ever to be elected from the city.

33.    Similarly, in 2017, Black residents challenged an attempt by the City of Gardendale, which was 85% white at the time, to form a school district separate from the County's more racially diverse school district. *Stout v. Jefferson Cnty. Bd. of Ed.*, 882 F.3d 988 (11th Cir. 2018). Secession leaders in Gardendale specifically sought to exclude Black children from North Smithfield/Greenleaf Heights from the municipal school system, claiming such "non-residents" drained resources from Gardendale Schools and derided the City of Center Point, a predominately Black community with no municipal school system that, before 2010, been predominately white, as an example of what could happen to the City of Gardendale if the community failed to act. *Id.* at 996. In 2018, the U.S. Court of Appeals for the Eleventh Circuit blocked Gardendale's secession from the county school district entirely and affirmed the district court's finding that Gardendale's attempted secession was motivated by intentional racial discrimination. *Id.* at 1010–13. The secession of Gardendale from the school district, beyond separating white students, teachers, and facilities from Black students, would have changed the method for electing board members governing the city schools. Prior to the secession, the city schools were controlled by the elected

14

county school board—on which Black voters had some representation. After the secession, the new board that controlled city schools would have been appointed by the Gardendale city council—which was all-white and elected at-large by the majority white city. This court found that Gardendale's city council had discriminated in refusing to appoint a well-qualified Black woman to the school board and ordered that, if the secession were to proceed, Gardendale must appoint a Black person to the city's school board. 250 F. Supp. 3d 1092, 1183 (N.D. Ala. 2017) *supplemented*, No. 2:65-CV-00396-MHH, 2017 WL 1857324 (N.D. Ala. May 9, 2017), and *aff'd in part, rev'd in part*, 882 F.3d 988 (11th Cir. 2018).

### The Process Leading to the Enactment of the Commission's 2021 Districting Plan

34.     Alabama law requires each county to establish electoral districts composed of "contiguous, compact area[s] having clearly defined and clearly observable boundaries coinciding with visible features readily distinguishable on the ground such as designated highways, roads, streets, or rivers or be coterminous with a county boundary." Ala. Code § 17-6-2(b). Electoral districts should also conform to the most recent census tract and block map. Ala. Code § 17-1-2(19); *see* Commission Meeting, Jefferson County Commission at 17:40 (Nov. 4, 2021)[1] (statement of Barry Stephenson, Chair, Jefferson County Board of Registrars).

35.     Following the delayed release of the 2020 federal decennial census data, the Commission began its redistricting process in October 2021. The total population of Jefferson County, based on 2020 Census data, was 674,721, an increase of 2.2% since 2010 when the population was 658,466.

36.     The Commission worked with the Jefferson County Board of Registrars, including Board of Registrars Chair Barry Stephenson, in the redistricting process. Barry Stephenson hired

---

[1] https://jccal.new.swagit.com/videos/147366.

consultants Laura Foster and Laura Smith to develop a redistricting plan using geographic information system mapping software.

### *The Commission's Redistricting Criteria*

37.    On October 5, 2021, the Commission shared a PowerPoint with the public that outlined the redistricting process, listed the criteria the Commission planned to adhere to in the redistricting of the Commission, and showed the three redistricting plans that the Commission was considering for adoption. Citing *Reynolds v. Sims,* 377 U.S. 533 (1964), the County Commission's presentation on redistricting stated that they were bound by federal law to ensure near exact population equality amongst Commission Districts. Specifically, the County Commission sought to ensure that each Commission plan would fall within plus or minus 1% population variance. *See* Pre-Commission Work Session, Jefferson County Commission (Oct. 5, 2021).[2]

### *The October 5, 2021 Work Session*

38.    On October 5, 2021, the Commission met for a Pre-Commission Work Session. Commission President James "Jimmie" Stephens (District 3) presided over the work session. Commissioners Lashunda Scales (District 1), Sheila Tyson (District 2), Joe Knight (District 4), and Steve Ammons (District 5) were also in attendance.

39.    During the work session, Board of Registrars Chair Barry Stephenson gave a presentation on redistricting that provided an overview of the redistricting process and 2020 census data and described three redistricting plans the Commission was considering.  Pre-Commission Work Session, Jefferson County Commission, at 27:23 (Oct. 5, 2021) (statement of Barry Stephenson, Chair, Jefferson County Board of Registrars).[3]

---

[2] https://jccal.new.swagit.com/videos/141121?ts=1658.
[3] https://jccal.new.swagit.com/videos/141121?ts=1644.

40.     He stated that pursuant to Alabama law, the plans considered by the Commission would be drawn and adopted by the Commission, not the Board of Registrars, County Managers, or County Attorneys. *Id.* at 28:54–29:46; *see* Ala. Code. § 11-3-1.1(a).

41.     To achieve the Commission's equal population goal based on 2020 Census data, the Commission's population target for each of the five districts was 134,944 with a +/- 1% population variance.

42.     At the time the redistricting process began, the population of each Commission district based on 2020 census data was:

| | |
|---|---|
| **District 1** | 122,689 |
| **District 2** | 121,372 |
| **District 3** | 142,776 |
| **District 4** | 142,111 |
| **District 5** | 145,773 |

43.     Districts 1 and 2 were underpopulated by 9.1% and 10.1% respectively. Districts 3, 4, and 5 were overpopulated by 5.8%, 5.3%, and 8.0% respectively.

44.     To achieve the Commission's target population for each district, the Commission would need to increase the populations of Districts 1 and 2 by 12,255 and 13,572 people respectively, and decrease the population of District 3 by 7,832, District 4 by 7,167, and District 5 by 10,829.

17

45.    Three proposed redistricting plans were presented, that had the following populations by District:

|  | Plan 1 | Plan 2 | Plan 3 |
|---|---|---|---|
| **District 1** | 135,524 | 134,982 | 134,982 |
| **District 2** | 134,737 | 135,279 | 135,699 |
| **District 3** | 133,762 | 133,762 | 133,762 |
| **District 4** | 136,078 | 136,078 | 136,078 |
| **District 5** | 134,620 | 134,620 | 134,620 |

46.    All three plans would have packed Black voters into supermajority-Black Commission Districts 1 and 2.

47.    Commissioner Jimmie Stephens stated at the meeting that he believed the proposed plans were "uncontroversial" and that the Commission should be able to reach a decision in one month, by November 2021.

48.    As required by Alabama law, the Commissioners voted to make the proposed maps available for public viewing.

*The October 7, 2021 Commission Meeting*

49.    During its October 7, 2021, meeting, the Commission voted to conduct a public hearing on November 4, 2021, and to make all three redistricting proposals available for public inspection for two weeks prior to the public hearing. *See* Jefferson County Commission Resolution 2021-862 (Oct. 7, 2021)[4] (authorizing public hearing and publication of redistricting maps). Commissioners Knight, Stephens, and Scales approved the measure. Commissioner Tyson was absent from the meeting, and Commissioner Ammons was excused.

### *The November 4, 2021 Public Hearing & Adoption of Enacted Plan*

50.    On November 4, 2021, the Commission held the only public hearing on the proposed redistricting plans. All Commissioners were present at the November 4 public hearing.

51.    Board of Registrars Chair Barry Stephenson presented each of the three redistricting plans for consideration by the Commission. The presentation covered the population of each district under each plan and the changes to district boundaries, including which neighborhoods, municipalities, and regions were reapportioned to the 2021 districts.

52.    The Commission heard comments and concerns from the public regarding the redistricting proposals.

53.    After the public hearing concluded, Commission President Stephens invited the Commissioners to make statements.

54.    Commissioner Tyson (District 2) stated that Plan 1, the Enacted Plan, came from her office and staff. Commission Meeting, Jefferson County Commission at 54:51–55:04 (Nov. 4, 2021) (statement of Commissioner Sheila Tyson (CD1)).[5]

---

[4]

https://jeffersoncountyal.iqm2.com/Citizens/Detail_LegiFile.aspx?Frame=&MeetingID=1356&MediaPosition=&ID=7924&CssClass=

[5] https://jccal.new.swagit.com/videos/147366?ts=3262.

55.    Commissioner Scales said that none of the proposed maps came from her office or her staff. *Id.* at 41:22–47:23 (statement of Commissioner Lashunda Scales (District 1)).

56.    After Commissioner Scales' remarks, Commissioner Ammons moved to adopt Plan 1. The motion was seconded by Commissioner Tyson. Commissioners Ammons, Knight, Tyson, and Stephens voted in favor of adopting Plan 1. Commissioner Scales voted against adopting Plan 1. The Commission approved what then became the Enacted Plan by a 4 to 1 vote. *See* Jefferson County Commission, Resolution 2021-929 (Nov. 4, 2021).[6]

57.    The Commission considered two plans that would have given District 2 more voters than District 1 by 297 people and 717 people, respectively, consistent with the Commission's stated goal of achieving near mathematical equality across Commission Districts. The map that was adopted, however, was drawn by the Commissioner for District 2 and overpopulated District 1 while selectively ensuring the voters added to District 2 were Black people. The result: the Enacted Plan had a population deviation of 1.73%. The Enacted Plan thus diverged more than the other two plans considered from the Commission's goal of near mathematical equality.

**Contemporaneous Statements and Actions of Key Commissioners**

58.    The Commissioners' racial motives in shifting Black voters around to maintain supermajority-minority districts were the central focus of the redistricting decisions discussed and made, although much of the negotiations surrounding the redistricting process and the plans proposed by the Commission occurred outside of public forum.

---

[6]https://jeffersoncountyal.iqm2.com/Citizens/Detail_LegiFile.aspx?Frame=&MeetingID=1358&MediaPosition=&ID=7856&CssClass= (last visited Mar. 23, 2023).

59.    The Chair of the County Board of Registrars, Barry Stephenson, made clear that much of the negotiations around the maps had occurred between individual Commission members and the Board drawing the map, saying "You all have looked at the master map, and you have looked at areas where you needed to subtract from and where you needed to add to, and you've been working individually, not collectively, but individually, in coming together." Statement of Barry Stephenson at 37:34–37:53, 46:24–46:40 (Oct. 5, 2021).[7] Commissioner Scales seconded this lack of transparency in the public hearings on the proposed redistricting plans. November 4, 2021 Commission Meeting, Jefferson County Commission at 43:35–44:00 (statement of Commissioner Lashunda Scales (District 1)).[8]

60.    During the Commission meeting on November 4, 2021, Commissioner Scales also said, "I heard about numbers and equity . . . Plan 1 actually gives District 1 787 more citizenry than it does for District 2. Plan 2 gives District 2 297 more than District 1. Plan 3 would give District 2 [seven hundred and seventeen (717)] more than District 1." She pointed out that despite having the opportunity to vote for Plans 2 and 3, which would better achieve the Commission's redistricting goal of near mathematical equality in population across all Commission districts, the Commission voted to adopt Plan 1, which deviated from this goal.

61.    Commissioner Scales also indicated that Plan 1's over population of District 1 relative to District 2 had racial implications in that the neighborhoods included in District 2 under the Enacted Plan were not exclusively neighborhoods composed of Black people.

62.    She went on to say, "We speak of Democratic versus Republican… You figure out what that looks like." Her comments indicate that, even if she and the other Commissioners at

---

[7] https://jccal.new.swagit.com/videos/141121?ts=2254.
[8] https://jccal.new.swagit.com/videos/147366?ts=2615.

times used the term "Democratic" to describe particular neighborhoods included in the Districts, that was code for "Black" neighborhoods.

63.     The Commissioners could not have been looking at party registration when they identified which voters to add to Districts 1 and 2. Instead, the registered voter data that the Commission relied upon to draw the Enacted Plan showed only the race of voters in particular Census Blocks; not their party registration. The Alabama voter file does not contain voter registration by party. Alabama voters do not list or register by political party when registering to vote. Ala. Code §§ 17-4-33(a)(2), (4). However, the voter file does include the race/ethnicity of all voters. *Id*.

64.     The Commissioners could have looked at old election results in addition to race data in drawing the Enacted Plan, but older election results would have shown them that their districts did not need additional Black voters to perform for candidates preferred by Black voters. Indeed, such data would have shown that cracking majority-Black communities of interest and stripping Black voters based on race from Commission Districts 3, 4, and 5 would pack those districts with white voters and thereby deny Black voters the opportunity to elect candidates of their choice there.

65.     Commission President "Jimmie" Stephens said that he and the other Commissioners had inherited districts in 2010 that included "many fingers that stretched out in the different districts" and claimed to have "cleaned that up where all the district lines are smooth." Solomon Crenshaw Jr., *JeffCo Commissioners Begin Redrawing District Lines*, Birmingham Watch (Oct. 5, 2021).[9] Yet all of the maps actually proposed by the Commission began with the 2010 map as a baseline, and all added new tendrils to capture and separate Black communities

---

[9] https://birminghamwatch.org/jeffco-commissioners-begin-redrawing-district-lines/.

from white ones, splitting more voting districts, municipalities, and localities than necessary to achieve race-neutral districting principles.

**Deviations from Traditional Redistricting Principles**

66.    The Commission's stated criterion for redistricting was equal population within 1% population variance, as indicated by the Commission's public presentation during the public hearing on the proposed plans. *See* Pre-Commission Work Session, Jefferson County Commission (Oct. 5, 2021), at 27:40.[10] This goal, however, was not mandated by federal law, as the Commission's presentation to the public implied. Federal law establishes "as a general matter, that an apportionment plan with a maximum population deviation under 10%" is presumptively constitutional. *Brown v. Thomson*, 462 U.S. 835, 842 (1983); *see also Gaffney v. Cummings*, 412 U.S. 735, 745–49 (1973).

67.    State guidelines emphasize that each county should establish compact electoral districts composed of "area[s] having clearly defined and clearly observable boundaries coinciding with visible features," Ala. Code § 17-6-2(b), including municipalities, towns, and other communities of interest. Ala. Code § 17-1-2(19). Similarly, the Supreme Court identifies "traditional race-neutral districting principles" as "compactness, contiguity, and respect for political subdivisions or communities defined by actual shared interests." *Miller*, 515 U.S. at 916. The Commission, however, did not seek to prioritize these traditional redistricting criteria. Rather, the Commission continued to use the 2010 map as a baseline,  even though the 2010 map split cities, towns, neighborhoods, and precincts for predominately racial reasons.  The Commission could have recognized that particular majority-Black towns or cities, like Birmingham or North Smithfield, are communities of interest and attempted to keep them whole. "A State is free to

_____

[10] https://jccal.new.swagit.com/videos/141121?ts=1658.(Redistricting Presentation)

23

recognize communities that have a particular racial makeup, provided its action is directed toward some common thread of relevant interests." *Id.* at 920. But there is no evidence that the Commission was attempting to accomplish this reasonable goal. Rather, the Commission split and divided these Black communities to maintain packed districts.

68. The only other redistricting criteria identified by the Commission comes from Alabama law which requires each county to establish precincts composed of contiguous and compact areas. Ala. Code § 17-6-2(b).

69. Before redistricting was undertaken, majority Black Districts 1 and 2 were underpopulated by 9.1% and 10.1% respectively, and Districts 3, 4, and 5 were over-populated by 5.8%, 5.3%, and 8.0% respectively. If the Commission's goal was primarily to achieve mathematical equality across Districts, District 1 should have had the most voters added to it, and Districts 3, 4, and 5 would not need any voters added to them.

70. The Enacted Plan, which was drawn by the Commissioner for District 2, underpopulated District 2 relative to District 1, unlike the other two plans proposed by the Commission. Even though population equality within plus or minus 1% was the only stated redistricting criteria for moving voters into or out of districts on the Commission and District 2 was the most underpopulated district based on the 2020 Census, Commissioners chose to prioritize adding specific Black voters to District 2 and not other non-Black voters, resulting in a deviation from the Commission's stated goal of exact population equality.

71. The result was that the Enacted Plan had a population deviation of 1.73%.

72. To inflate the BVAP percentages of Districts 1 and 2, the Enacted Plan intentionally lowered the BVAPs of adjacent, majority white, Districts 3 and 4, further ensuring the growing

24

Black populations there were frozen out of any opportunity to influence electoral outcomes in those districts.

73.   As a corollary, the Enacted Plan splits more political subdivisions, and municipalities than it keeps whole. It keeps only about 27 cities and towns whole, and splits 52 cities, towns, and unincorporated places (i.e., "communities of interest"). As discussed below, these splits were undertaken with surgical precision to place Black voters from Districts 3, 4, and 5 into Districts 1 and 2. Based on the Census Bureau's 2020 Voting Districts (VTD), the Enacted plan split 25 populated VTDs, and 57 total VTDs.

### **Commission Districts 1, 2, 3, 4, and 5 are Racial Gerrymanders**

74.   Race was the predominant factor motivating the drawing of Commission Districts 1, 2, 3, 4, and 5, and the Commissions' use of race was not narrowly tailored to comply with Section 2 of the VRA or any other compelling government interest. Race predominated the packing of Districts 1 and 2, as well as the stripping of Black voters from Districts 3, 4, and 5.

75.   The Commission ignored traditional redistricting principles like compactness, contiguity, and preserving precincts, political subdivisions and municipalities, while the Commission hid behind "background" principles like population equality, to allow race to predominate. In so doing, the Commission re-enacted contorted districts that capture far-flung Black populations in suburban portions of Birmingham to pack them into Districts 1 and 2 in the city of Birmingham, and cede Black voters from Districts 3, 4, and 5.

### *A. Contorted Shapes*

76.   The Enacted Plan has for two decades created contorted districts to allow Districts 1 and 2 to cover Black populations in central Birmingham while also reaching out and capturing more far-flung Black neighborhoods from the surrounding suburbs.



77.    District 1 stretches from Midfield up to Adamsville, carving out Black neighborhoods from District 3, before the District stretches back through central Birmingham and heads North to carve out Black populations in Center Point.

78.    Similarly, District 2 now stretches from Bessemer through parts of Homewood, grabbing the portions of Oxmoor and Rosedale with large Black populations.

79.    Districts 3 and 4 wrap around, in snakelike form, Districts 1 and 2. District 4 reaches down to capture parts of Irondale, snakes back up to Pinson, and then back down through Fultondale to Tarrant. District 3 snakes from Mount Olive and West Jefferson down to capture parts of Hueytown before heading back up again to capture portions of Hoover.

### B. Non-Compactness

80.    The districts in the Enacted Plan are necessarily non-compact. A district is likely to have a higher Polsby-Popper score (indicating more compactness) if it has smooth borders. Polsby-

Popper measures compactness on a scale from 0 to 1, with 1 being the most compact and 0 being the least compact. The Challenged Districts have the following Polsby Popper scores:

| District | Polsby-Popper Score |
|----------|---------------------|
| 1        | .12                 |
| 2        | .23                 |
| 3        | .18                 |
| 4        | .20                 |
| 5        | .22                 |

81.     The Challenged Districts all have low compactness scores, with serpentine Districts 1 and 3 having the lowest Polsby-Popper scores, followed closely by Districts 4, 5, and 2.

### C. Splintering Precincts, Towns, Municipalities, and Neighborhoods on the Basis of Race

82.     *District 1*:  Race was the predominant factor motivating the drawing of District 1, and it was not employed in a manner narrowly tailored to comply with Section 2 of the VRA or any other compelling governmental interest. District 1 has a visually bizarre, flattened "Z" shape attributable only to racial predominance. This strange zig-zagging shape and the jagged lines of the District intersecting with Districts 3 and 4 result in District 1's extremely low compactness score.

83.     District 1 has a BVAP of 76.34%. About 13,000 individuals were moved into District 1 in the Enacted Plan, of whom about 10,000 (77.46%) were Black residents and 2,000 (16.11%) were non-Hispanic white residents. The Enacted Plan splinters Black neighborhoods in

27

Irondale into District 1, while siphoning the white populations in Irondale into Districts 4 and 5. Likewise, the population in Center Point is split along racial lines between Districts 1 and 4.

84.    *District 2*: Race was the predominant factor motivating the drawing of District 2, and it was not employed in a manner narrowly tailored to comply with Section 2 of the VRA or any other compelling governmental interest. District 2 has a BVAP of 64.11%. About 13,600 individuals were moved into District 2 in the Enacted Plan. About 5,600 of the individuals who were moved into the District under the Enacted Plan (41%) were Black. As discussed above, specific Black neighborhoods were selected for inclusion in District 2, splitting these neighborhoods and individuals between adjacent Districts 5 and 3 on the basis of race.

85.    *District 3*: Race was the predominant factor motivating the drawing of District 3, and it was not employed in a manner narrowly tailored to comply with Section 2 of the VRA or any other compelling governmental interest. District 3 has a visually bizarre, contorted "E" shape attributable to racial predominance in the line drawing of the District. The three points of the E stick out to carve white neighborhoods and municipalities from areas otherwise dominated by Districts 1 and 2, which the District partially surrounds. Under the Enacted Plan, selective portions of the residents of Homewood were moved out of District 3 based on their race, including the predominately Black neighborhoods of Oxmoor and Rosedale.

86.    District 3 has a BVAP of 25.80%. About 1,600 individuals were moved into District 3. About 1,400 (87.84%) of the individuals who were moved into the District under the Enacted Plan were white people, and 85 (5.32%) were Black people. About 30 Black residents and 102 white residents were added to District 3 under the Enacted Plan came from District 1, the most underpopulated District. Nearly 1,500 white residents from District 4, an overpopulated District, were added to District 3.

87.    *District 4*: Race was the predominant factor motivating the drawing of District 4, and it was not employed in a manner narrowly tailored to comply with Section 2 of the VRA or any other compelling governmental interest. District 4 has a visually bizarre, contorted shape, that like District 3, also resembles an "E" shape, which is attributable to racial predominance in the line drawing of the District. The three points of the District 4 "E" include jutting edges that cut into Irondale, Center Point, and Fultondale, splitting these neighborhoods, which are Census Places, between District 4 and District 1.

88.    District 4 has a BVAP of 25.74%. About 4,800 individuals were moved into District 4 in the Enacted Plan, of whom about 3,900 (80.68%) were white people. Almost all the persons added to District 4 (4,787 individuals) were white residents from District 5, another overpopulated District. This allowed a primarily Black population from District 4 to be added to District 1: of the 9,409 voters added to District 1 from District 4 under the Enacted Plan, 7,777 were Black people, and 1,088 were white people. The Enacted Plan splits Irondale between Districts 1, 4, and 5, splintering the Black community in Irondale primarily into District 1, rendering the Black communities in Districts 4 and 5 ineffectively low in population to achieve their shared interests.

89.    *District 5*: Race was the predominant factor motivating the drawing of District 5, and it was not employed in a manner narrowly tailored to comply with Section 2 of the VRA or any other compelling governmental interest. District 5 has a BVAP of just 13.99%. No residents were added to District 5; population was exclusively moved out of District 5, principally into Districts 4 and 2. Although District 4 was overpopulated based on the 2020 census, nearly 5,000 residents were added to the District from District 5: about 3,900 white residents and 400 Black residents. Moving white population from District 5 into District 4 allowed for the removal of roughly 1,400 Black residents from District 5 into District 2. The Enacted Plan splits Homewood

between Districts 2 and 5, carving out the Black neighborhoods of Oxmoor and Rosedale to place these Black residents into District 2.

### **Lack of Narrow Tailoring to Achieve a Compelling Interest**

90.    Because race was the predominant motive in creating the Enacted Plan's districts, strict scrutiny applies, and the burden shifts to the government to demonstrate that the districting plan it enacted is narrowly tailored to serve a compelling governmental interest in order to survive constitutional muster. *See Abrams v. Johnson*, 521 U.S. 74, 91 (1997) (citing *Bush v. Vera*, 517 U.S. 952, 962 (1996)).  Compliance with § 2 of the VRA can be a compelling state interest. *Vera*, 517 U.S. at 977; *Miller*, 515 U.S. at 921.

91.    When a State invokes the VRA to justify race-based districting, "it must show (to meet the 'narrow tailoring' requirement) that it had 'a strong basis in evidence' for concluding that the statute required its action." *Cooper*, 581 U.S. at 292–93 ("the State must establish that it had 'good reasons' to think that it would transgress the Act if it did not draw race-based district lines."). The "strong basis" standard gives States "breathing room" to adopt reasonable compliance measures. *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 278 (2015) ("*ALBC*").

92.    Section 2 of the VRA prohibits the use of any voting practice that "results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color" or membership in a language minority. 52 U.S.C. § 10301(a); *Thornburgh v. Gingles*, 478 U.S. 30, 43 (1986). In the absence of extreme racial polarization, nothing in the VRA requires the packing of Black voters or any other minority group such that they constitute an excessive majority in a particular district. In fact, the voting strength of a politically cohesive minority group can be diluted either "by fragmenting the minority voters among several districts where a bloc-voting

majority can routinely outvote them, or by packing them into one or a small number of districts to minimize their influence in the districts next door." *De Grandy*, 512 U.S. at 1007.

93.    Moreover, the VRA requires legislative bodies to identify "[t]o what extent must we preserve existing minority percentages in order to maintain the minority's present ability to elect the candidate of its choice." *ALBC*, 575 U.S. at 279. A legislative body that seeks only to "maintain present minority percentages in majority-minority districts" without inquiring whether present circumstances still require such percentages has not adopted a reasonable compliance measure that is narrowly tailored to justify its race-based decision-making. *Id.*

94.    Upon information and belief, the Commission never requested nor conducted an analysis of RPV in each district or were seeking to comply with the VRA at all. And nothing in the electoral behavior of the voters in Districts 1 or 2 nor in the County as a whole gave the Commissioners cause to believe packing Black voters in Districts 1 and 2 was necessary to ensure that the districts remained majority Black.

95.    Given the continued existence of RPV in Jefferson County, *Jones v. Jefferson County Board of Education*, No. 2:19-cv-01821-MHH, 2019 WL 7500528, at *2–3 (N.D. Ala. Dec. 16, 2019), and across Alabama, *Singleton v. Merrill*, 582 F. Supp. 3d 924, 1016–17(N.D. Ala. 2022), *order clarified*, No. 2:21-CV-1291-AMM, 2022 WL 272637 (N.D. Ala. Jan. 26, 2022), and *appeal dismissed sub nom. Milligan v. Sec'y of State for Alabama*, No. 22-10278-BB, 2022 WL 2915522 (11th Cir. Mar. 4, 2022), the Commission could have concluded that majority Black districts continue to be necessary to ensure non-dilution of Black voting strength in Jefferson County. The Commission could have also concluded, however, that the success of Black-preferred candidates in recent county-wide elections and recent elections in single-member districts with Black pluralities meant that the packed supermajority districts created in 1986 were no longer

31

necessary. *See, e.g.*, *Jones*, 2019 WL 7500528, at \*2, \*5 (noting that "Black candidates won narrow countywide elections despite sharply polarized voting by race" and devising a remedial plan that included two crossover opportunity districts). The Commission did not need to maintain two supermajority Black districts nor to deviate from traditional redistricting criteria for predominately racial reasons to accomplish the goal of maintaining at least two districts where Black voters have an equal opportunity to elect candidates of their choice.

96.    Had the Commission conducted an RPV study or similar analysis, the Commissioners would have known that their districts would continue to elect Black-preferred candidates with a significantly lower BVAP than the districts had under the 2010 plan.

97.    By stripping Black voters from Districts 3, 4, and 5, the Commission ensured that Black voters in these districts were kept unnecessarily low, rendering their voice ineffective in elections in these districts.

98.    Eric Burks, the Jefferson County Assistant Tax Collector (2020), Gaynell Hendricks (2020), the County Tax Assessor, and Eyrika Parker (2020), the County Treasurer, were Black and Black-preferred candidates who were elected at-large from Jefferson County.

99.    In 2022, Stephanie Floyd, a Black and Black-preferred candidate, won her election from a 45% Black single-member district for the Jefferson County Board of Education. Ms. Floyd, a Black and Black-preferred candidate, won the election to the School Board with 62% of the vote.

100.    Here, therefore, there was no "strong basis in evidence," to conclude that vote dilution, in violation of VRA § 2, would occur in the absence of the supermajority Black districts the Commission created in Districts 1 and 2. *Shaw I*, 509 U.S. at 656 (internal quotation marks and citation omitted).

**CLAIM FOR RELIEF**

**Count One**
**Violation of the Fourteenth Amendment to the U.S. Constitution**
**U.S. Const. amend. XIV**
**(Racial Gerrymandering)**

101.    The relevant allegations contained in the preceding paragraphs are alleged as if fully set forth herein.

102.    The Fourteenth Amendment to the U.S. Constitution provides in relevant part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

103.    Under the Fourteenth Amendment's Equal Protection Clause, a racial classification is subject to strict scrutiny and is prohibited unless it is narrowly tailored to serve a compelling state interest.

104.    Where race is the predominant factor in the government's decision-making, strict scrutiny is triggered, and "[t]he burden . . . shifts to the [government] to prove that its race-based sorting of voters serves a compelling interest and is narrowly tailored to that end." *Cooper*, 581 U.S. at 292 (internal quotation marks omitted). Compliance with VRA Section 2 has served as the primary justification for considerations of race to predominate permissibly in the redistricting process. *See Shaw v. Hunt* ("*Shaw II*")*,* 517 U.S. 899, 915 (1996); *Clark v. Putnam Cnty.*, 293 F. 3d 1261, 1273–74 (11th Cir. 2002).

105.    As alleged in detail above, race was the predominant factor in the drawing of Jefferson County Commission Districts 1, 2, 3, 4, and 5.

106.    Race predominated over the County's stated redistricting goals of equal population as well as over traditional redistricting principles such as maintaining communities of interest and respecting county and municipal boundaries.

107.    The use of race as the predominant factor in creating Districts 1, 2, 3, 4, and 5 was not narrowly tailored to advance any compelling interests, including compliance with the VRA, because the racial targets chosen by the Commissioners for those districts was not necessary for Black-preferred candidates to prevail.

108.    Therefore, the districts violate Plaintiffs' rights under the Equal Protection Clause.

109.    Plaintiffs have no adequate remedy at law other than the judicial relief sought here. The failure to temporarily and permanently enjoin enforcement of the 2021 Enacted Plan will irreparably harm Plaintiffs' constitutional rights by forcing them to vote in districts drawn on the basis of race for the next decade.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Declare the challenged districts to be unconstitutional as violating the Fourteenth Amendment to the United States Constitution as racial gerrymanders;

B.    Permanently enjoin the Defendants and their agents from using the racially gerrymandered map adopted in the 2021 redistricting cycle and require the Defendants to remedy the constitutional violations;

C.    Set an immediate and reasonable deadline for the Jefferson County Commission to adopt and enact a constitutional districting plan that does not sort Alabamians on the basis of race without sufficient justification, ends the packing of Black people into supermajority-Black Commission Districts 1 and 2, and does not strip Black people from Commission Districts 3, 4, and 5;

D.      Award Plaintiffs their costs, expenses, disbursements, and reasonable attorneys'

fees incurred in bringing this lawsuit pursuant to and in accordance with 52 U.S.C. § 10310(e) and

42 U.S.C. § 1988(b);

E.      Retain jurisdiction over this matter until all Defendants have complied with all

orders and mandates of this Court;

F.      Grant such other and further relief as the Court may deem just and proper.


DATED this 7th day of April 2023.

By: **NAACP LEGAL DEFENSE
& EDUCATIONAL FUND, INC.**

Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
Fax: (205) 254-1500
nlawsen@wigginchilds.com

/s/ *Kathryn Sadasivan*
Kathryn Sadasivan (ASB-5178E48T)
Brittany Carter*
Uruj Sheikh*
40 Rector Street, 5th Fl.
New York, NY 10006
Tel: (212) 965-2200
Fax (202) 226-7592
ksadasivan@naacpldf.org
bcarter@naacpldf.org
usheikh@naacpldf.org

Deuel Ross*
700 14th St. NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax (202) 682-1312
dross@naacpldf.org


*Attorneys for Plaintiffs*
**Pro Hac Vice application forthcoming*

# TAB AK-1

FILED
2023 Apr-18  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ALEXIA ADDOH-KONDI, CYNTHIA BONNER, JA'NELLE BROWN, ERIC HALL, MICHAEL HANSEN, JULIA JUAREZ, CHARLES LONG, WILLIAM MUHAMMAD, FRED LEE RANDALL, TAMMIE SMITH, and ROBERT WALKER,** | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| **vs.** | ) ) |
| **THE JEFFERSON COUNTY COMMISSION; a political subdivision of the State of Alabama; STEVE AMMONS, T. JOE KNIGHT, LASHUNDA SCALES, JAMES A. STEPHENS, and SHELIA TYSON, in their official capacities as members of the Jefferson County Commission,** | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

1.      The districts adopted by the Jefferson County Commission Resolution No. 2021-929, on November 4, 2021, are racially gerrymandered and violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

1

2. Plaintiffs in this action agree with the complaint filed recently by the NAACP and others that the Commission unnecessarily packed Black voters in Districts 1 and 2 and diluted their voting strength. *McClure v. Jefferson County Comm'n*, CA No. 2:23-cv-00443-NAD. But the *McClure* complaint focuses more on reducing the size of the large Black majorities in Districts 1 and 2, while the instant complaint focuses more on the need to restore traditional districting principles, in particular protecting the integrity of municipal boundaries. This complaint demonstrates that eliminating the split municipalities in the enacted plan would yield racially fair Commission districts without the need to engage in race-conscious line drawing.

3. From 1931 to 1985 the Jefferson County Commission consisted of three Commissioners, all of whom were elected at large. The number of Commissioners and the method of election changed in 1985 to five single-member districts pursuant to a federal court Consent Decree in *Taylor v. Jefferson County Comm'n*, No. 84-C-1730-S (N.D. Ala. Oct. 31, 1985).

4. In order to remedy a well-established history and pattern of racial discrimination in voting, the initial districts were drawn to create two majority-Black and three majority-White districts. Blacks were 33% of Jefferson County's population in the 1980 census, and Districts 1 and 2 were drawn at 65.6% Black and 66.8% Black

allegedly to provide Black voters a greater opportunity to elect candidates of their choice and to comply with Section 2 of the Voting Rights Act. Achieving Black majorities greater than 65% required splitting many municipal and precinct boundaries in 1985.

5.    The first elections in the 1985 single-member districts were held in the June 1986 primary and November 1986 general elections. These race-conscious districts were adjusted to restore population balance after the 1990, 2000, and 2010 censuses to avoid retrogression that might have violated Section 5 of the Voting Rights Act.

6.    But after *Shelby County v. Holder*, 570 U.S. 529 (2013), Jefferson County was no longer required to comply with Section 5. Therefore, in 2021 the Commission could not rely on the Voting Rights Act to justify splitting municipal boundaries along racial lines when districts not based on race provide Black voters an opportunity to elect candidates of their choice in at least three districts. *Wisconsin Legislature v. Wisconsin Elections Comm'n*, 142 S. Ct. 1245, 1248 (2022); *Cooper v. Harris*, 137 S. Ct. 1455 (2017).

7.    No consideration was given to creation of a plan drawn according to traditional districting principles not based on race.  And because the Black population of Jefferson County has increased from 33.3% in the 1980 Census to 42.5% Black in the 2020 Census, the racially packed districts in the 2021 plan prevent the formation of either a third majority-Black district or one or more "crossover" districts, that is, districts in which less than a Black majority can combine with reliable White voter support to elect candidates favored by Black voters.

8.    The 2021 redistricting plan violates traditional districting criteria by unnecessarily splitting along racial lines 25 Census Designated Places, including 23 of the 34 incorporated municipalities in Jefferson County.  See Appendix G to this Complaint for a list of incorporated Jefferson County municipalities.

9.    This action is brought to seek enforcement of the Equal Protection principles established by *Shaw v. Reno*, 509 U.S. 630 (1993), and its progeny, which prohibit the sorting of voters by race unless it can be justified by the need to comply with the Constitution and/or the Voting Rights Act.  A plan that restores the integrity of municipal boundaries could produce at least three districts which provide Black voters an opportunity to elect candidates of their choice and thus would satisfy the Voting Rights Act without engaging in race-conscious redistricting.

10.    Plaintiffs' racial gerrymandering cause of action is not a claim of

intentional discrimination. It is not based on the disparate treatment of voters that results in racial vote dilution, even though the two packed majority-Black districts dilute Black voting strength. Rather, it is based on the unique Equal Protection jurisprudence first announced in *Shaw v. Reno* that prohibits classifying voters on the basis of race for any reason, good, bad, or indifferent, absent a compelling state interest. The unjustifiable separation of Black and White voters based on their race causes what the Supreme Court has called an "expressive harm," that is, one that "results from the idea or attitudes expressed through a governmental action, rather than from the more tangible or material consequences the action brings about." *Bush v. Vera*, 517 U.S. 952, 1053-54 (1996) (citation omitted). This expressive harm injures all voters in the gerrymandered districts, regardless of their race.

11.     By requiring adherence to the traditional redistricting principle of aggregating political subdivisions, this Court can remedy the existing racial gerrymanders and restore a measure of rationality and fairness to Jefferson County's redistricting process. Protecting the integrity of municipal boundaries will advance the fair representation of all citizens of Jefferson County.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1357 to enforce the rights of Plaintiffs alleged herein

5

secured by the Fourteenth Amendment of the Constitution of the United States, and for which judicial relief is provided by 42 U.S.C. §§ 1983 and 1988.

13.     This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b).

**PARTIES**

15.     Plaintiff ALEXIS ADDOH-KONDI is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 1.

16.     Plaintiff CYNTHIA BONNER is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 4.

17.     Plaintiff JA'NELLE BROWN is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 3.

18.     Plaintiff ERIC HALL is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County, residing in Jefferson County Commission District 1.

19.     Plaintiff MICHALE HANSEN is a White citizen of the United States and

6

the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 1.

20.   Plaintiff JULIA JUAREZ is a White citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 1.

21.   Plaintiff CHARLES LONG is a White citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 5.

22.   Plaintiff WILLIAM MUHAMMAD is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 1.

23.   Plaintiff FRED LEE RANDALL is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 2.

24.   Plaintiff TAMMIE SMITH is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson County Commission District 1.

25.   Plaintiff  ROBERT WALKER is a Black citizen of the United States and the State of Alabama who is a registered voter in Jefferson County residing in Jefferson

County Commission District 1.

26.    Defendant JEFFERSON COUNTY COMMISSION is the governing body of Jefferson County, the most populous county in Alabama. Its members are elected from five single-member districts, the boundaries of which must be redrawn by resolution adopted by the Commission following the release of any federal decennial census. Ala. Code § 11-3.1.1.

27.    Defendant LASHUNDA SCALES is the duly elected Commissioner representing District 1 of the Jefferson County Commission. Defendant Scales is sued in her official capacity. Commissioner Scales resides in the Huffman neighborhood of Birmingham.

28.    Defendant SHELIA TYSON is the duly elected Commissioner representing District 2 of the Jefferson County Commission. Defendant Tyson is sued in her official capacity. Commissioner Tyson resides in the West End neighborhood of Birmingham.

29.    Defendant JAMES A STEPHENS is the duly elected Commissioner representing District 3 of the Jefferson County Commission. Defendant Stephens is sued in his official capacity. Commissioner Stephens resides in Bessemer.

30.    Defendant T. JOE KNIGHT is the duly elected Commissioner representing District 4 of the Jefferson County Commission. Defendant Knight is

sued in his official capacity. Commissioner Knight resides in Trussville.

31.    Defendant STEVE AMMONS is the duly elected Commissioner representing District 5 of the Jefferson County Commission. Defendant Ammons is sued in his official capacity. Commissioner Ammons resides in Vestavia Hills.

## ALLEGATIONS OF FACT

32.    From 1931 until 1985, the Jefferson County Commission consisted of three Commissioners elected in the county at large. The 1985 Consent Decree, as amended, settled claims that the at-large method of election violated Section 2 of the Voting Rights Act. It required the Commissioners to be elected from five single-member districts. In 2004, the Alabama Legislature adopted the *Tayor* Consent Decree as the law of Alabama. Ala. Code § 45-37-72.

33.    The Amended 1985 Consent Decree purposefully created two districts that were over 65% Black in total population. District 1 was 65.6% Black, and District 2 was 66.8% Black. At that time, because Black registration rates and turnout rates historically had been low, it was generally thought that 65% Black districts were needed to provide Black voters an equal opportunity to elect candidates of their choice. However, the registered voter lists appended to Jefferson County's Section 5 submission to DOJ shows that, as of August 1985, Blacks were 66.0% and 69.3% of the registered voters in Districts 1 and 2 respectively. The submission letter, signed by

9

the County Attorney, says these two districts "are drawn in order to provide blacks with a greater opportunity to elect black commissioners."

34.     To reach and exceed the 65% majority-Black targets many precincts had to be divided. "[T]he parties through their attorneys have informed the Court that variations between the precincts - boxes and the Commission districts in the Consent Decree were more extensive than the parties realized but that they have agreed to a modification."  Amended Consent Decree, Nov. 1, 1985, at 1.  The Commission districts also split five municipalities in addition to Birmingham: Tarrant, Fairfield, Gardendale, Irondale, and Fultondale.

35.     Maps of the 1985 Consent Decree districts are attached as Appendix A to this Complaint.  According to the County's submission to the Department of Justice under Section 5 of the Voting Rights Act, the White and Black populations of the five districts, based on 1980 census data, were as follows:

| District | Total | White | % White | Black | % Black | Other |
|---|---|---|---|---|---|---|
| 1 | 136,172 | 46,134 | 33.9% | 89,352 | 65.6% | 686 |
| 2 | 134,678 | 44,266 | 32.9% | 89,980 | 66.8% | 432 |
| 3 | 132,677 | 102,936 | 77.6% | 29,419 | 22.2% | 322 |
| 4 | 136,827 | 129,452 | 94.6% | 6,813 | 5.0% | 562 |
| 5 | 130,843 | 121,511 | 92.9% | 8,195 | 6.3% | 1,137 |
| Totals | 671,197 | 444,299 | | 223,759 | | 3,139 |

10

36.    The 1990, 2000, and 2010 Censuses showed that the overall population of Jefferson County had declined from its 1985 level of 671,324.  But this was due to declines in White population.  The Black population steadily increased.  The 1990 Census shows a total population of 651,525 with a Black population of 228,521 (35.07 %) and a White population of 418,317 (64.20 %).  The 2000 Census shows a total population of 662,047 with a Black population of 260,608 (39.36 %) and a White population of 384,639 (58.09 %).  Finally, the 2010 Census shows a total population of 658,466 with a Black population of 280,083 (42.5 %) and a White population of 355,041 (53.9 %).

37.    Notwithstanding these changing demographics, the redistricting plans for the Jefferson County Commission adopted after the 1990, 2000, and 2010 Censuses all perpetuated the two super-majority-Black districts and three majority-White established in the 1985 plan.  The size of the Black majorities in Districts 1 and 2 were purposefully maintained at or above 65% based in part on the mistaken belief this was necessary to avoid retrogression that violated Section 5 of the Voting Rights Act. "Section 5 ... does not require a covered jurisdiction to maintain a particular numerical minority percentage. It requires the jurisdiction to maintain a minority's ability to elect a preferred candidate of choice." *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 275 (2015).

38.    A map of the Jefferson County Commission districts enacted after the

2000 Census is attached to this Complaint as Appendix B.

39.     A map and statistics for post-2010 Census redistricting plan is attached to this Complaint as Appendix C. The statistics display populations of the districts based on the 2020 census, not the 2010 census. These were the data the Commission began with to produce the 2021 plan. They show that the total population of Jefferson County had increased from 658,466 in the 2010 census to 674,721 in the 2020 Census, that majority-Black Districts 1 and 2 were underpopulated, and that majority-White Districts 3, 4, and 5 were overpopulated.

40.     But since 2010 non-Hispanic White population had dropped from 340,213 to 324,252. It was Black residents who drove much of the increase in total population, rising from 280,083 in 2010 to 289,515 in 2020. And, because the Black population in 2020 was more geographically dispersed than it was in 1985, in 2020 they made up 30.06%, 32.46%, and 14.27% of majority-White Districts 3, 4, and 5, a dramatic increase from 22.2%, 5.0%, and 6.3% in 1985.

41.     By 2020 Blacks constituted 78.3% and 69.01% of Districts 1 and 2 in the 2011 plan. To reach the size of these Black majorities, the 2011 plan had split ten municipalities in District 1 and seven municipalities in District 2. Among all five 2011 districts a total of 22 Census places had been split, most of which were incorporated municipalities, a vast increase over the six municipalities (including

12

Birmingham) originally split in the plan embodied in the 1985 Consent Decree.

42.    The fact that, as of the 2020 census, the 2011 plan split only one precinct, Oxmoor Valley Community Center, is misleading.  That is because the Commission has exclusive statutory authority to modify precinct boundaries, and the precincts that were split by the 2011 plan have been redrawn as new whole precincts.  Ala. Code § 17-6-2.

43.    The redistricting plan adopted by the Commission after the 2020 Census continues to perpetuate the two super-majority-Black and three majority-White racial gerrymanders in the 1985 plan.  See Appendix D to this Complaint.

44.    Even though their substantial under-populations required extending their geographic boundaries, the 2021 plan maintains majorities of Black residents at 78.27% in District 1 and 66.18% in District 2.  And the Black percentages in two of the majority-White districts actually dropped, from 30.06% to 27.29% in District 3 and from 32.46% to 28.45% in District 4.  The Black population of District 5 stayed the same at 14%.

45.    To achieve this severe racial gerrymandering, the 2021 redistricting plan increases the number of split census places from 22 to 25, all but three of which (Grayson Valley, McDonald Chapel, and Mount Olive) are incorporated municipalities. Nineteen of those divided census places are in majority-Black Districts 1

13

and 2.  See page 7 of 14 in Appendix D.  The 2021 plan also splits 52 of the 120 precincts in Jefferson County.

46.    Almost any race-neutral plan that preserves the integrity of municipal boundaries in Jefferson County, except for Birmingham, and which meets a maximum deviation of 10% - which the Supreme Court says is permissible, *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 259 (2015) - will yield at least three districts that combine one or more majority-Black districts with one or more effective crossover districts.  Such a race-neutral plan will comply with Section 2 of the Voting Rights Act, making any race-conscious drawing unnecessary.  The following are two examples of plans, drawn without reference to race, that minimize municipal splits between districts.

47.    Illustrative Plan 1a is attached as Appendix E to this Complaint. It has a maximum population deviation between the largest and smallest districts of 1.05%, which is less than the 2% maximum deviation constraint arbitrarily adopted by the Jefferson County Commission and less than the 1.72% overall deviation in the enacted 2021 plan. Yet it splits only three municipalities in addition to Birmingham (which is too populous to be kept whole), Irondale, Vestavia Hills, and Hoover. Noncontiguous municipal boundaries account for the small pieces of Irondale and Hoover placed in Commission District 4.  Only Vestavia Hills has contiguous population that is split

14

between Districts 1, 4, and 5, splits needed to keep the maximum deviation of Plan 1a below 2%.

48.    Illustrative Plan 1a produces Black total population majorities of 64.19% and 64.57% for Districts 1 and 2 and a slight Black majority of 50.24% for District 3. However, the District 3 Black voting-age population is 48.51%, and the Black voting-age majorities in Districts 1 and 2 are 60.55% and 63.56%.

49.    The integrity of Vestavia Hills is restored in Illustrative Plan 1b, attached as Appendix F to this Complaint. This required increasing the maximum deviation in the plan to 8.30%, well within the Supreme Court's 10% deviation standard.  So it splits only two municipalities in addition to Birmingham (which is too populous to be kept whole), Irondale and Hoover, again, only because they have small noncontiguous parts.

50.    Illustrative Plan 1b produces Black total population majorities of 64.42% and 64.53% for Districts 1 and 2 and a slight Black majority of 50.24% for District 3. But their Black voting-age populations drop to 60.79%, 63.52%, and 48.51%.

51.    Illustrative plans 1a and 1b, which are drawn according to traditional redistricting principles without reference to race, would provide Black voters an equal opportunity to elect candidates of their choice in three Commission districts.

## COUNT I

### Racial Gerrymandering in Violation of the
### Equal Protection Clause of the Fourteenth Amendment

52.     Paragraphs 31 through 51 *supra* are realleged as if set out fully herein.

53.     The redistricting plan adopted by Resolution No. 2021-929 is racially gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment.

54.     Racial gerrymandering is unconstitutional when traditional redistricting principles have been subordinated to racial considerations in ways that do not satisfy a narrowly tailored, compelling state interest. E.g., *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 272 (2015). "If District lines were drawn for the purpose of separating racial groups, then they are subject to strict scrutiny because 'race-based decision-making is inherently suspect.'" *Rucho v. Common Cause*, 139 S. Ct. at 2502 (citing *Miller v. Johnson*, 515 U.S. 900, 915 (1995); *Bush v. Vera,* 517 U.S. 952, 959 (1996) (principal opinion)).

55.     There is a two-step analysis for proving an unconstitutional racial gerrymander.  "At the first step, the plaintiff must prove 'race was the predominant factor motivating the [Commission's] decision to place a significant number of voters within or without a particular district.'" *Jacksonville Branch of the NAACP v. City of Jacksonville*, 2022 WL 16754389 at *1 (11th Cir., Nov. 7, 2022) (quoting *Cooper v.*

*Harris*, 137 S. Ct. 1455, 1463 (2017) (additional citations omitted). Where the Commissioners' intent has been "to maintain the race-based lines created in the previous redistricting cycle, [t]he Supreme Court has been ... clear that this is not a legitimate objective." *Jacksonville Branch of the NAACP,* 2022 WL 16754389 at *3 (citing *North Carolina v. Covington,* 138 S. Ct. 2548, 2551 (2018) (per curiam)).

56.     Inconsistency with traditional redistricting criteria is not a threshold or mandatory requirement for proving that the enacted plan is a racial gerrymander. There may be other compelling direct or circumstantial evidence that race was the predominant factor. But, "as a practical matter, in many cases, perhaps most cases, challengers will be unable to prove an unconstitutional racial gerrymander without evidence that the enacted plan conflicts with traditional redistricting criteria." *Bethune-Hill v. Virginia State Bd. of Elections*, 580 U.S. 178, 190-91 (2017). In the instant case there are both direct evidence that the Commissioners intended to preserve the racial design of their districts initiated in 1985 and to disregard traditional redistricting criteria.

57.     The direct evidence of racial predominance is the undisputed failure of the Commission to consider whether the race conscious design and target populations of the 1985 Consent Decree were still needed and the Commission's admitted policy of maintaining the 1985 districts with Black and White majorities, allowing the incumbents

17

to choose as much as practicable the movement of precincts in and out of their districts to adjust for population imbalances. The incumbents invariably negotiated to retain or increase in their district's residents of their own race.

58.    This direct evidence is supported by the enacted plan's disregard of traditional districting principles, especially respect for the integrity of municipal boundaries. Keeping political subdivisions whole within districts is the traditional districting principle most frequently cited by the Supreme Court. E.g., *Bush v. Vera*, 517 U.S. at 959-60 ("traditional redistricting principles such as natural geographical boundaries, contiguity, compactness, and conformity to political subdivisions"); *id.* at 962-63 ("many incumbent protection boundaries sabotaged traditional redistricting principles as they routinely divided counties, cities, neighborhoods, and regions"); *Harris v. Arizona Indep. Redistricting Comm'n*, 578 U.S. 253, 258 (2016) ("we have made clear that in addition to the traditional districting principles such as compactness [and] contiguity, *Shaw v. Reno*, 509 U.S. 630, 647 (1993), those legitimate considerations can include a state interest in maintaining the integrity of political subdivisions") (citing *Shaw v. Reno*, 509 U.S. at 647; *Mahan v. Howell*, 410 U.S. 315, 328 (1973) (cleaned up)); *Vieth v. Jubelirer*, 541 U.S. 267, 272–73 (2004) (the challenged plan allegedly "ignor[ed] all traditional redistricting criteria, including the preservation of local government boundaries"); *Abrams v. Johnson*, 521 U.S. 74, 84–

18

85 (1997) (the district court's remedial plan properly relied on Georgia's traditional districting principles based on maintaining political subdivisions such as counties and cities").

59.     The redistricting plan adopted in 2021 splits the boundaries of two dozen municipalities in Jefferson County. Most of these split cities are divided along racial lines between majority-Black Districts 1 and 2 and majority-White Districts 3, 4, and 5. Such transgressions of arguably the most important traditional principle is completely unnecessary and cannot be explained on any basis other than race.

60.     Once plaintiffs satisfy the first step, the second step of the racial gerrymandering analysis requires the Commission to bear the burden of showing that the enacted plan's racial design withstands strict scrutiny. *Jacksonville Branch of the NAACP,* 2022 WL 16754389 at *3 (citing *Wisconsin Legislature v. Wisconsin Elections Comm'n*, 142 S. Ct. 1245, 1248 (2022)).

61.     The Defendants cannot carry their burden, because they never considered alternative plans drawn using traditional redistricting criteria without reference to race before simply adjusting population imbalances in the 2011 racial gerrymander. Had they done so they would have found that almost any reasonable plan that restores the integrity of municipal boundaries would create at least three districts that provide Black voters an effective opportunity to elect candidates of their choice.

19

In the illustrative plans above, even if one or more of those opportunity districts contains less than a Black voting-age majority, there is sufficient reliable crossover White voting to elect the choice of Black voters.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

That this Court will expedite a trial on the merits and render a decision in time for constitutional, non-discriminatory Jefferson County Commission districts to be used in future elections.

That the Court require Defendants to respond promptly to the claims set out herein, authorize required discovery to commence immediately, schedule a trial on the merits as soon as practicable, and provide relief as follows:

A.   Enter a declaratory judgment that the Jefferson County Commission's redistricting plan, adopted in 2021 by Resolution No. 2021-929 is racially gerrymandered, in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

B.   Issue a permanent injunction prohibiting implementation of Resolution No. 2021-929 in future elections of the Jefferson County Commission.

C.   Require Defendants to promptly adopt a remedial redistricting plan that complies with the Constitution and laws of the United States and the State of

Alabama; and, should Defendants fail to do so, require implementation of a Court-ordered redistricting plan.

    D.   Award Plaintiffs their reasonable attorneys' fees and expenses.

    E.   Grant such other and further relief as the Court may deem just and equitable.

/s/ *Richard P. Rouco*
Richard Rouco
Counsel for Plaintiffs
2 – 20th Street North
Suite 930
Birmingham, AL 35203
Tel.   (205) 870-9989
Fax.   (205) 803-4143
rrouco@qcwdr.com

/s/ *James Uriah Blacksher*
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
jublacksher@gmail.com

/s/*U.W. Clemon*
U.W. Clemon, LLC
2001 Park Place North, Tenth Floor
Birmingham, AL 35203
Tel: (205) 506-4524
Fax: (205) 538-5500
uwclemon1@gmail.com

/s/ *Richard Rice*
The Rice Firm, LLC
115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address - Post Office Box 453
Birmingham, AL 35201
Tel. (205) 618-8733 ext. 101
Fax. (888) 391-7193
rrice@rice-lawfirm.com

21

# TAB 57

FILED
2024 Jan-08  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| CARA MCCLURE, et al., | |
| *Plaintiffs*, | |
| v. | No. 2:23-cv-00443-MHH |
| JEFFERSON COUNTY COMMISSION, | |
| *Defendant*, | |
| ALEXIA ADDOH-KONDI, et al., | |
| *Plaintiffs,* | No. 2:23-cv-00503-MHH |
| v. | |
| JEFFERSON COUNTY COMMISSION, | |
| *Defendant.* | |

**DEFENDANT'S ANSWER TO MCCLURE COMPLAINT**

1.     The allegations in Paragraph 1 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 1.

2.     Defendant admits the Jefferson County Commission adopted the Enacted Plan on November 4, 2021. Paragraph 2 refers to county redistricting resolutions, which speak for themselves; Defendant denies the allegations in

Paragraph 2 to the extent they mischaracterize, vary from, or are inconsistent with county redistricting resolutions. The remaining allegations in Paragraph 2 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 2.

3.      The allegations in Paragraph 3 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 3. Defendant denies all other allegations in Paragraph 3.

4.      The allegations in Paragraph 4 purport to characterize Plaintiffs' complaint that require no response because the complaint speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations in Paragraph 4. To the extent allegations in Paragraph 4 set forth legal conclusions, no response is required; if a response is required, Defendant denies the remaining allegations in Paragraph 4.

5.      The allegations in Paragraph 5 set forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 5. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 5 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

6.      Denied.

7.      The allegations in Paragraph 7 set forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 7. Paragraph 7 refers to the Enacted Plan and census data, which speak for themselves; Defendant denies the allegations in Paragraph 7 to the extent they mischaracterize, vary from, or are inconsistent with the Enacted Plan and census data.

8.      The allegations in Paragraph 8 set forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 8. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 8 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

9.      Paragraph 9 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 9 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the Enacted Plan. The remaining allegations in Paragraph 9 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 9. Defendants deny all other allegations in Paragraph 9.

10.      The allegations in Paragraph 10 purport to characterize Plaintiffs' complaint that require no response because the complaint speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the

allegations in Paragraph 10. To the extent allegations in Paragraph 10 set forth legal conclusions, no response is required; if a response is required, Defendant denies the remaining allegations in Paragraph 10.

## PARTIES

11. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 11, and therefore denies them.

12. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 12, and therefore denies them.

13. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 13, and therefore denies them.

14. Defendant lacks knowledge or information to form a belief about the allegations in the first two sentences of Paragraph 14, and therefore denies them. The remaining allegations in Paragraph 14 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 14.

15. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 15, and therefore denies them.

16. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 16, and therefore denies them.

17. Defendant lacks knowledge or information to form a belief about the allegations in the first two sentences of Paragraph 17, and therefore denies them. The remaining allegations in Paragraph 17 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 17.

18. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 18, and therefore denies them.

19. Defendant lacks knowledge or information to form a belief about the allegations in the first two sentences of Paragraph 19, and therefore denies them. The remaining allegations in Paragraph 19 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 19.

20. Paragraph 20 refers to state and local law, which speaks for itself; Defendant denies the allegations in Paragraph 20 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state and local law

1.  Defendant denies that Commissioner Stephens is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Stephens was reelected Commissioner for District 3 on November 8, 2022.[1]

2.  Defendant denies that Commissioner Knight is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Knight was reelected Commissioner for District 4 on November 8, 2022. Defendant admits that Commissioner Knight is the liaison to the board of registrars, the circuit clerks, the state courts, and the probate judge of Jefferson County. Defendant denies that Commissioner Knight is the liaison to the district attorney.

3.  Defendant denies that Commissioner Tyson is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Tyson was reelected Commissioner for District 2 on November 8, 2022.

4.  Defendant denies that former-Commissioner Ammons is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant denies that Commissioner Ammons

---

[1] Plaintiffs' complaint numbering restarts at page 7.

represents District 5. Defendant avers that District 5 is now represented by Commissioner Mike Bolin.

5.     Defendant denies that Commissioner Scales is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Scales was reelected Commissioner for District 1 on November 8, 2022.

## JURISDICTION AND VENUE

6.     The allegations in Paragraph 6 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 7 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 1331 and 1343.

8.     The allegations in Paragraph 8 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 8 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 2201 and 2202.

9.     Defendant denies that the individual Commissioners are properly named defendants for the reasons stated in Defendant's Motion to Dismiss and the

7

Court's December 19, 2023, Order. Paragraph 9 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 9.

10.     The allegations in Paragraph 10 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 10 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 1391(b).

## FACTUAL ALLEGATIONS

11.     Upon information and belief, Defendant admits that from 1931 until 1985, the Jefferson County Commission consisted of three Commissioners elected in the county at large.

12.     Paragraph 12 refers to past election results, which speak for themselves; Defendant denies Paragraph 12 to the extent the allegations mischaracterize, vary from, or are inconsistent with those past election results.

13.     Paragraph 13 refers to a consent decree, which speaks for itself; Defendant denies the allegations in Paragraph 13 to the extent they mischaracterize, vary from, or are inconsistent with the consent decree.

14.     Paragraph 14 refers to a consent decree and census data, which speak for themselves; Defendant denies the allegations in Paragraph 14 to the extent they mischaracterize, vary from, or are inconsistent with the consent decree and census data.

8

15.	Paragraph 15 refers to state law, which speaks for itself; Defendant denies the allegations in Paragraph 15 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state laws. The second sentence in Paragraph 15 sets forth legal conclusions that require no response; to the extent a response is required, denied.

16.	Paragraph 16 refers to state law, which speaks for itself; Defendant denies the allegations in Paragraph 16 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state laws.

17.	Denied. Commissioner Mike Bolin, who currently represents District 5, was not present during the 2021 redistricting process or elected on November 8, 2022.

## **Background**

18.	Allegations in Paragraph 18 refer to census data, which speaks for itself; Defendant denies the allegations in Paragraph 18 to the extent they are inconsistent with that census data.

19.	Paragraph 19 refers to past election results, which speak for themselves; Defendant denies Paragraph 19 to the extent the allegations mischaracterize, vary from, or are inconsistent with those past election results.

20.	Paragraph 20 refers to past election results, which speak for themselves; Defendant denies Paragraph 20 to the extent the allegations mischaracterize, vary

from, or are inconsistent with those past election results. Defendant lacks knowledge or information to form a belief about the remaining allegations in Paragraph 20, and therefore denies them.

21.    Paragraph 21 refers to past election results, which speak for themselves; Defendant denies Paragraph 21 to the extent the allegations mischaracterize, vary from, or are inconsistent with those past election results. Defendant lacks knowledge or information to form a belief about the remaining allegations in Paragraph 21, and therefore denies them. Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 21, and therefore denies them.

22.    Defendant lacks knowledge or information to form a belief about the allegations in the first sentence of Paragraph 22, and therefore denies them. Defendant denies the remaining allegations in Paragraph 22.

23.    Paragraph 23 refers to census data and county redistricting plans, which speak for themselves; Defendant denies the allegations in Paragraph 23 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and county redistricting plans.

### History of Discrimination by the Jefferson County Commission

24.    Denied.

25.    Denied that Bull Connor served on the Jefferson County Commission. Admitted that Bull Connor served as the City of Birmingham's Commissioner of

Public Safety from 1937 to 1953 and from 1958 to 1963. Admitted that during his tenure he advocated for segregation and used violence, including in 1963 when he authorized using water cannons and police dogs on civil rights protesters. Denied that Connor's actions 60 years ago are probative of whether the Jefferson County Commission's current districts comply with the 14th Amendment. *See City of Mobile v. Bolden*, 446 U.S. 55, 74 (1980) ("[P]ast discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful.").

26.     Paragraph 26 refers to a consent decree, which speaks for itself; Defendant denies the allegations in Paragraph 26 to the extent they are inconsistent with the consent decree. Defendant denies the allegations regarding caselaw referred to in Paragraph 26 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

27.     Paragraph 27 refers to local law, which speaks for itself; Defendant denies those allegations in Paragraph 27 to the extent they mischaracterize, vary from, or are inconsistent with local law. Defendant lacks knowledge or information to form a belief about the remaining allegations in Paragraph 27, and therefore denies them. Defendant further denies that the allegations in Paragraph 27 are legally relevant to Plaintiffs' claim. *See City of Mobile*, 446 U.S. at 74.

28.     Defendant lacks knowledge or information to form a belief about the allegations in the first sentence of Paragraph 28. Paragraph 28 refers to a press

11

release, which speaks for itself; Defendant denies the allegations in Paragraph 28 to the extent they mischaracterize, vary from, or are inconsistent with the press release.

29. The allegations in Paragraph 29 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant lacks knowledge or information to form a belief about the remaining allegations in the Paragraph 29.

30. The allegations in Paragraph 30 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant further denies the allegations regarding *City of Pleasant Grove v. United States* to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the orders issued in that litigation.

31. The allegations in Paragraph 31 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant further denies the allegations regarding *City of Pleasant Grove vs. United States* to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the Supreme Court's decision.

32. The allegations in Paragraph 32 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant further denies the allegations regarding the Pleasant Grove litigation to the extent

12

the allegations mischaracterize, vary from, or are otherwise inconsistent with the orders or settlements in that litigation.

33. The allegations in Paragraph 33 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant further denies the allegations regarding the City of Gardendale litigation to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the orders issued in that litigation.

**The Process Leading to the Enactment of the Commission's 2021 Districting Plan**

34. The allegations in Paragraph 34 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Paragraph 34 also refers to state law, which speaks for itself; Defendant denies the allegations in Paragraph 34 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state laws.

35. Paragraph 35 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 35 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data. Defendant denies all other allegations in Paragraph 35.

36. Defendant admits that the Commission worked with the Jefferson County Board of Registrars, including Barry Stephenson, in the redistricting process, and that geographic information system mapping software was used during the

13

redistricting process. Defendant avers Laura Foster and Laura Smith were employees in the Board of Registrars during the redistricting process.

### *The Commission's Redistricting Criteria*

37.    Paragraph 37 refers to the recorded public presentation given at a public meeting, which speaks for itself; Defendant denies the allegations in Paragraph 37 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded public presentation.

### *The October 5, 2021 Work Session*

38.    Paragraph 38 refers to a recorded public meeting, which speaks for itself; Defendant denies the allegations in Paragraph 38 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded public meeting.

39.    Paragraph 39 refers to a recorded public meeting, which speaks for itself; Defendant denies the allegations in Paragraph 39 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the public meeting.

40.    Paragraph 40 refers to a recorded public meeting, which speaks for itself; Defendant denies the allegations in Paragraph 40 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the public meeting. Paragraph 40 further refers to state law, which speaks for itself; Defendant denies

14

the allegations in Paragraph 40 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

41.    Paragraph 41 refers to the recorded public presentation given at a public meeting, which speaks for itself; Defendant denies the allegations in Paragraph 41 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded public presentation.

42.    Paragraph 42 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 42 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

43.    Paragraph 43 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 43 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

44.    Paragraph 44 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 44 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

45.    Paragraph 45 refers to census data and the recorded public presentation given at a public hearing, which speak for themselves; Defendant denies the allegations in Paragraph 45 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the recorded public presentation.

46.     Paragraph 46 refers to proposed county redistricting resolutions, which speak for themselves; Defendant denies Paragraph 46 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the proposed plans. Paragraph 46 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 46.

47.     Paragraph 47 refers to recorded statements made at a public meeting, which speak for themselves; Defendant denies the allegations in Paragraph 47 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public meeting.

48.     Defendant admits the proposed maps were made available for public viewing. The remaining allegations in Paragraph 48 refer to state law, which speaks for itself; Defendant denies the allegations in Paragraph 48 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

### The October 7, 2021 Commission Meeting

49.     Paragraph 49 refers to recorded statements made at a public meeting and a Commission resolution, which speak for themselves; Defendant denies the allegations in Paragraph 49 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public meeting or the Commission resolution.

### The November 4, 2021 Public Hearing & Adoption of Enacted Plan

16

50.     Defendant admits that Commissioners Scales, Tyson, Stephens, and Knight were present at the November 4, 2021, public hearing. Defendant admits that former Commissioner Ammons was also present at the November 4, 2021, hearing. Paragraph 50 refers to a recorded public hearing, which speaks for itself; Defendant denies the allegations in Paragraph 50 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

51.     Paragraph 51 refers to the recorded public presentation given at a public hearing, which speaks for itself; Defendant denies the allegations in Paragraph 51 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded public presentation.

52.     Paragraph 52 refers to recorded statements made at a public hearing, which speak for themselves; Defendant denies the allegations in Paragraph 52 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

53.     Paragraph 53 refers to recorded statements made at a public hearing, which speak for themselves; Defendant denies the allegations in Paragraph 53 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

17

54.     Paragraph 54 refers to recorded statements made at a public hearing, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 54 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

55.     Paragraph 55 refers to recorded statements made at a public hearing, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 55 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

56.     Paragraph 56 refers to recorded statements made at a public hearing, which speak for themselves; Defendant denies the allegations in Paragraph 56 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

57.     Paragraph 57 refers to census data proposed and enacted county redistricting plans, which speak for themselves; Defendant denies the allegations in Paragraph 57 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the proposed and enacted county redistricting plans.

**Contemporaneous Statements and Actions of Key Commissioners**

58.     Paragraph 58 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 58. Defendant denies the

18

remaining allegations in Paragraph 58. Defendant denies all other allegations in Paragraph 58.

59.     Paragraph 59 refers to recorded statements made at a public hearing, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 59 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

60.     Paragraph 60 refers to recorded statements made at a public hearing, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 60 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

61.     Paragraph 61 refers to recorded statements made at a public hearing and proposed and enacted redistricting plans, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 61 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing and the proposed and enacted redistricting plans.

62.     Paragraph 62 refers to recorded statements made at a public hearing, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 62 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing. Defendant denies the remaining allegations in Paragraph 62.

63.     Paragraph 63 refers to state law and Alabama voter files, which speak for themselves; Defendant denies the allegations in Paragraph 63 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state laws or the Alabama voter file. Defendant denies the remaining allegations in Paragraph 63.

64.     Paragraph 64 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 64 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the Enacted Plan. Defendant denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 refers to a newspaper article and proposed and enacted redistricting plans, which speaks for themselves; Defendant denies the allegations in Paragraph 65 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the statements made in the article and the proposed and enacted redistricting plans.

## Deviations from Traditional Redistricting Principles

66.     Paragraph 66 refers to a presentation, which is public record and speaks for itself; Defendant denies the allegations in Paragraph 66 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the presentation. The remaining allegations in Paragraph 66 set forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 66.  Defendant

20

denies the allegations regarding caselaw referred to in Paragraph 66 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

67. The allegations in Paragraph 67 set forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 67. Defendant denies the allegations regarding caselaw referred to in Paragraph 67 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw. Defendant denies the remaining allegations of Paragraph 67.

68. Paragraph 68 refers to recorded statements made at a public hearing and state law, which speak for themselves; Defendant denies the allegations in Paragraph 68 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing or state law.

69. Allegations in Paragraph 69 refer to census data, which speaks for itself; Defendant denies the allegations in Paragraph 69 to the extent they are inconsistent with that census data. Defendant denies the remaining allegations in Paragraph 69.

70. Paragraph 70 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 70 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census

data and the Enacted Plan. Defendant denies the remaining allegations in Paragraph 70.

71.     Paragraph 71 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 71 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the Enacted Plan.

72.     Paragraph 72 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 72 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the Enacted Plan. Defendant denies the remaining allegations in Paragraph 72.

73.     Paragraph 73 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 73 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and the Enacted Plan. Defendant denies the remaining allegations in Paragraph 73.

## Commission Districts 1, 2, 3, 4, and 5 are Racial Gerrymanders

74.     Paragraph 74 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 74. Defendant denies the remaining allegations in Paragraph 74.

75.    Paragraph 75 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 75. Defendant denies the remaining allegations in Paragraph 75.

76.    Paragraph 76 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 76. Paragraph 76 refers to Commission redistricting plans, which speak for themselves; Defendant denies the allegations in Paragraph 76 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with Commission redistricting plans. Defendant denies the remaining allegations in Paragraph 76.

77.    Paragraph 77 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 77 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 77.

78.    Paragraph 78 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 78 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 78.

79.     Paragraph 79 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 79 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 79.

80.     Paragraph 80 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 80 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 80.

81.     Paragraph 81 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 81 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 81.

### C. Splintering Precincts, Towns, Municipalities, and Neighborhoods on the Basis of Race

82.     Paragraph 82 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 82. Paragraph 82 refers to the Enacted Plan, which speaks for itself; Defendant denies the allegations in Paragraph 82 to the extent the allegations mischaracterize, vary from, or are otherwise

24

inconsistent with the Enacted Plan. Defendant denies the remaining allegations in Paragraph 82.

83.     Paragraph 83 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 83. Paragraph 83 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 83 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 83.

84.     Paragraph 84 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 84. Paragraph 84 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 84 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 84.

85.     Paragraph 85 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 85. Paragraph 85 also refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 85 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 85.

86.     Paragraph 86 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 86 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 86.

87.     Paragraph 87 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 87. Paragraph 87 also refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 87 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 87.

88.     Paragraph 88 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 88. Paragraph 88 also refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 88 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 88.

89.     Paragraph 89 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 89. Paragraph 89 also refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the

allegations in Paragraph 89 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data or the Enacted Plan. Defendant denies the remaining allegations in Paragraph 89.

**Lack of Narrow Tailoring to Achieve a Compelling Interest**

90. Paragraph 90 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 90. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 90 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

91. Paragraph 91 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 91. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 91 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

92. Paragraph 92 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 92. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 92 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

93.     Paragraph 93 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 93. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 93 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

94.     Admitted that the Commission was not required to and did not "request[] []or conduct[] an analysis of RPV in each district," where "RPV" is understood to refer to a racially polarized voting analysis in each district ordinarily conducted by political science experts using ecological regression and ecological inference. Paragraph 94 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 94. Defendant denies the remaining allegations in Paragraph 94.

95.     Paragraph 95 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 95. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 95 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

96.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 96, and therefore denies them. Paragraph 96 refers to census data and past election results as a predictor of future election results, which speaks

for themselves; Defendant denies the allegations in Paragraph 96 to the extent they are inconsistent with that census data and past election results as a predictor of future election results.

97.    Denied.

98.     Paragraph 98 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 98.

99.    Paragraph 99 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 99. Paragraph refers to past election results, which speak for themselves; Defendant denies Paragraph 99 to the extent the allegations mischaracterize, vary from, or are inconsistent with those past election results.

100.   Paragraph 100 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 100.

## CLAIM FOR RELIEF

### COUNT ONE
### VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
### U.S. CONST. AMEND. XIV (RACIAL GERRYMANDERING)

101.   Defendant incorporates by reference all prior answers as though fully set forth herein.

29

102. Paragraph 102 refers to the U.S. Constitution, which speaks for itself; Defendant denies the allegations in Paragraph 102 to the extent the mischaracterize, vary from, or are otherwise inconsistent with the U.S. Constitution.

103. Paragraph 103 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 103.

104. Paragraph 104 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 104. Defendant denies the allegations regarding caselaw referred to in Paragraph 104 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

105. Paragraph 105 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 105. Defendant denies all remaining allegations in Paragraph 105.

106. Paragraph 106 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 106. Defendant denies all remaining allegations in Paragraph 106.

107. Paragraph 107 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 107. Defendant denies all remaining allegations in Paragraph 107.

108.   Paragraph 108 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 108.

109.   Paragraph 109 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 109. Defendant denies all remaining allegations in Paragraph 109.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested on pages 34-35 of Plaintiffs' complaint.

## AFFIRMATIVE DEFENSES

Including for the reasons explained in Defendant's Motion to Dismiss, which this Court granted in part and denied in part on December 19, 2023:

1. Plaintiffs lack standing to bring their claims, rendering Plaintiffs' complaint beyond the scope of the federal judicial power under Article III of the U.S. Constitution.

2. Plaintiffs fail to state a claim for which relief can be granted.

3. Plaintiffs improperly named as defendants the individual commissioners in their official capacities.

4. Plaintiffs' complaint does not seek "an acceptable Article III remedy." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 107 (1998).

5. Plaintiffs' request for relief is barred by the doctrine of laches.

31

6. The Commission did not racially gerrymander or discriminate on the basis

of race when it drew new Commission districts.

7. Any other relief as the Court deems equitable and just.

Dated: January 8, 2024

Respectfully submitted,
*/s/ Taylor A.R. Meehan*
Taylor A.R. Meehan*
Rachael C. Tucker*
Kathleen L. Smithgall*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
katie@consovoymccarthy.com

Dorman Walker
Balch & Bingham LLP
Post Office Box 78 (36101-0078)
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
(334) 269-3138
dwalker@balch.com

*Counsel for Defendant*
*\*Admitted Pro Hac Vice*

32

# TAB 58

FILED
2024 Jan-08  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CARA MCCLURE, et al., *Plaintiffs*, v. JEFFERSON COUNTY COMMISSION, *Defendant*, ALEXIA ADDOH-KONDI, et al., *Plaintiffs,* v. JEFFERSON COUNTY COMMISSION, *Defendant.* | No. 2:23-cv-00443-MHH<br><br><br><br>No. 2:23-cv-00503-MHH |

## DEFENDANT'S ANSWER TO ADDOH-KONDI COMPLAINT

1.     Defendant admits the Jefferson County Commission adopted Commission districts in Resolution No. 2021-929 on November 4, 2021. The remaining allegations in Paragraph 1 set forth legal conclusions that require no response; if a response is required, Defendant denies the remaining allegations in Paragraph 1.

1

2.      The allegations in Paragraph 2 purport to characterize court filings that require no response because those filings speak for themselves and are the best evidence of their contents; if a response is required, Defendant denies the allegations in Paragraph 2. To the extent allegations in Paragraph 2 set forth legal conclusions, no response is required; if a response is required, Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant admits that from 1931 to 1985 the Jefferson County Commission consisted of three Commissioners, who were each elected at large. Paragraph 3 refers to a consent decree, which speaks for itself; Defendant denies the allegations in Paragraph 3 to the extent they are inconsistent with the consent decree.

4.      Paragraph 3 refers to a consent decree, which speaks for itself; Defendant denies the allegations in Paragraph 3 to the extent they are inconsistent with the consent decree. The remaining allegations in Paragraph 4 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations.

5.      Upon information and belief, Defendant admits that the first elections in the 1985 single-member districts were held in the June 1986 primary and November 1986 general elections. Paragraph 5 refers to county redistricting resolutions, which speak for themselves; Defendant denies the allegations in Paragraph 5 to the extent they are inconsistent with the resolutions. The remaining

2

allegations in Paragraph 5 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations.

6.      The allegations in Paragraph 6 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant further denies the allegations regarding *Shelby County v. Holder*, *Wisconsin Legislature v. Wisconsin Elections Commission*, and *Cooper v. Harris* to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the opinions or orders issued in that litigation.

7.      Defendant denies the allegations in the first sentence of Paragraph 7. Allegations in Paragraph 7 refer to census data, which speaks for itself; Defendant denies the allegations in Paragraph 7 to the extent they are inconsistent with that census data. The remaining allegations in Paragraph 7 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations.

8.      Defendant denies the allegations regarding the boundary lines of Census Designated Places and municipalities to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the Enacted Plan. Defendant denies all other allegations in Paragraph 8.

9.      The allegations in the first sentence of Paragraph 9 purport to characterize Plaintiffs' Complaint and require no response because the Complaint speaks for itself and is the best evidence of its contents; if a response is required,

3

Defendant denies the allegations in the first sentence of Paragraph 9. Defendant denies the allegations regarding caselaw referred to in Paragraph 9 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw. The remaining allegations in Paragraph 9 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations.

10.    The allegations in the first three sentences of Paragraph 10 purport to characterize Plaintiffs' Complaint and require no response because the Complaint speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations in the first three sentences of Paragraph 10. Defendant denies the allegations regarding caselaw referred to in Paragraph 10 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw. The remaining allegations in Paragraph 10 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations.

11.    The allegations in the first sentence of Paragraph 11 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations. Defendant denies the remaining allegations in Paragraph 11.

**JURISDICTION AND VENUE**

12.    The allegations in Paragraph 12 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph

4

12 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1357.

13.     The allegations in Paragraph 13 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 13 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 2201 and 2202.

14.     The allegations in Paragraph 14 set forth legal conclusions that require no response; if a response is required, Defendant denies the allegations in Paragraph 14 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§ 1391(b).

## PARTIES

15.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 15, and therefore denies them.

16.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 16, and therefore denies them.

17.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 17, and therefore denies them.

18.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 18, and therefore denies them.

5

19.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 19, and therefore denies them.

20.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 20, and therefore denies them.

21.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 21, and therefore denies them.

22.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 22, and therefore denies them.

23.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 23, and therefore denies them.

24.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 24, and therefore denies them.

25.     Defendant lacks knowledge or information to form a belief about the allegations in Paragraph 25, and therefore denies them.

26.     Admit that Jefferson County Commission is the governing body of Jefferson County and that its members are elected from five single-member districts. The remaining allegations in Paragraph 26 refers to state and local law, which speaks for itself; Defendant denies the allegations in Paragraph 26 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state and local law.

27. Defendant denies that Commissioner Scales is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Scales resides in the Huffman neighborhood of Birmingham.

28. Defendant denies that Commissioner Tyson is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Tyson resides in the West End neighborhood of Birmingham.

29. Defendant denies that Commissioner Stephens is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Stephens resides in Bessemer.

30. Defendant denies that Commissioner Knight is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant admits that Commissioner Knight resides in Trussville.

31. Defendant denies that former-Commissioner Ammons is a properly named defendant for the reasons stated in Defendant's Motion to Dismiss and the Court's December 19, 2023, Order. Defendant denies that Commissioner Ammons

represents District 5. Defendant avers that District 5 is now represented by Commissioner Mike Bolin.

## ALLEGATIONS OF FACT

32.     Upon information and belief, Defendant admits that from 1931 until 1985, the Jefferson County Commission consisted of three Commissioners elected in the county at large. The remaining allegations in Paragraph 32 refer to local, state, and federal law, which speaks for itself; Defendant denies the remaining allegations to the extent they mischaracterize, vary from, or are otherwise inconsistent with local, state, and federal law.

33.     Paragraph 33 refers to a consent decree and related correspondence, which speak for themselves; Defendant denies the allegations in Paragraph 33 to the extent they mischaracterize, vary from, or are inconsistent with the consent decree and related correspondence. Defendant denies the remaining allegations of Paragraph 33.

34.     Paragraph 34 refers to a consent decree and the Enacted Plan, both of which speak for themselves; Defendant denies the allegations in Paragraph 34 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the consent decree or the Enacted Plan. Defendant denies all other allegations in Paragraph 34.

8

35.     Paragraph 35 refers to the consent decree, related correspondence, and 1980 census data; Defendant denies the allegations in Paragraph 35 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the consent decree, related correspondence, or census data.

36.     Defendant denies the allegations regarding the 1990, 2000, and 2010 census data referred to in Paragraph 36 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

37.     Paragraph 37 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 37 to the extent the mischaracterize, vary from, or are inconsistent with that census data. The remaining allegation in Paragraph 37 set forth legal conclusions that require no response; to the extent a response is required, denied. Defendant further denies the allegations regarding caselaw referred to in Paragraph 37 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw. Defendant denies all other allegations in Paragraph 37.

38.     Paragraph 38 refers to census data and a county redistricting resolution, which speak for themselves; Defendant denies the allegations in Paragraph 38 and Appendix B to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and a county redistricting resolution.

39. Paragraph 39 refers to census data and county redistricting resolutions, which speak for themselves; Defendant denies in Paragraph 39 and Appendix C to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data and county redistricting resolutions.

40. Paragraph 40 refers to census data, which speaks for itself; Defendant denies the allegations in Paragraph 40 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

41. Paragraph 41 refers to census data, a county redistricting resolution, and the consent decree, which speak for themselves; Defendant denies the allegations in Paragraph 41 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data, redistricting resolution, or consent decree. Defendant denies all other allegations in Paragraph 41.

42. Defendant denies the allegations in the first sentence of Paragraph 42. Paragraph 42 refers to state and local laws, which speak for themselves; Defendant denies the allegations in Paragraph 42 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state and local laws.

43. Denied.

44. Paragraph 44 refers to census data and the Enacted Plan, which speak for themselves; Defendant denies the allegations in Paragraph 44 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census

data and the Enacted Plan. Defendant denies the remaining allegations in Paragraph 44.

45.   Paragraph 45 refers to the Enacted Plan, which speaks for itself; Defendant denies the allegations in Paragraph 45 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the Enacted Plan. Defendant denies the remaining allegations in Paragraph 45.

46.   Paragraph 46 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 46. Defendant further denies the allegations regarding caselaw referred to in Paragraph 46 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

47.   The allegations in Paragraph 47 purport to characterize Appendix E and require no response because Appendix E speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations Paragraph 47.

48.   The allegations in Paragraph 48 purport to characterize Appendix E and require no response because Appendix E speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations Paragraph 48. Defendant further denies the allegations regarding the census data referred to in Paragraph 48 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

11

49.     The allegations in Paragraph 49 purport to characterize Appendix F and require no response because Appendix F speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations Paragraph 49. To the extent Paragraph 49 sets forth legal conclusions regarding a deviation standard, they require no response; if a response is required, Defendant denies Paragraph 49.

50.     The allegations in Paragraph 50 purport to characterize Appendix F and require no response because Appendix F speaks for itself and is the best evidence of its contents; if a response is required, Defendant denies the allegations Paragraph 50. Defendant further denies the allegations regarding the census data referred to in Paragraph 50 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with the census data.

51.     Paragraph 51 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 51.

## COUNT I

### RACIAL GERRYMANDERING IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

52.     Defendant incorporates by reference all prior answers as though fully set forth herein.

53.     Paragraph 53 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 53.

54.     The first sentence of Paragraph 54 sets forth legal conclusions that require no response; if a response is required, Defendant denies the first sentence of Paragraph 54. Defendant denies the remaining allegations regarding caselaw referred to in Paragraph 54 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

55.     Paragraph 55 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 55. Defendant denies the allegations regarding caselaw referred to in Paragraph 55 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

56.     Paragraph 56 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 56. Defendant denies the allegations regarding caselaw referred to in Paragraph 56 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

57.     The first sentence of Paragraph 57 sets forth legal conclusions that require no response; if a response is required, Defendant denies the first sentence of Paragraph 57. Defendant denies the remaining allegations in Paragraph 57.

58.     Paragraph 58 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 58. Defendant denies the

13

allegations regarding caselaw referred to in Paragraph 58 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

59.   Paragraph 59 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 59.

60.   Paragraph 60 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 60. Defendant denies the allegations regarding caselaw referred to in Paragraph 60 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that caselaw.

61.   Paragraph 61 sets forth legal conclusions that require no response; if a response is required, Defendant denies Paragraph 61.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested on pages 20-21 of Plaintiffs' complaint.

## AFFIRMATIVE DEFENSES

Including for the reasons explained in Defendant's Motion to Dismiss, which this Court granted in part and denied in part on December 19, 2023:

1. Plaintiffs lack standing to bring their claims, rendering Plaintiffs' complaint beyond the scope of the federal judicial power under Article III of the U.S. Constitution.

2. Plaintiffs fail to state a claim for which relief can be granted.

14

3. Plaintiffs improperly named as defendants the individual commissioners in their official capacities.

4. Plaintiffs' complaint does not seek "an acceptable Article III remedy." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 107 (1998).

5. Plaintiffs' requested relief is barred by the doctrine of laches.

6. The Commission did not racially gerrymander or discriminate on the basis of race when it drew new Commission districts.

7. Any other relief as the Court deems equitable and just.

Dated: January 8, 2024

Respectfully submitted,
/s/ Taylor A.R. Meehan
Taylor A.R. Meehan*
Rachael C. Tucker*
Kathleen L. Smithgall*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
katie@consovoymccarthy.com

Dorman Walker
Balch & Bingham LLP
Post Office Box 78 (36101-0078)
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
(334) 269-3138
dwalker@balch.com

*Counsel for Defendant*

*\*Admitted Pro Hac Vice*

15

# TAB 85-3

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CARA MCCLURE, et al.,<br><br>         *Plaintiffs*,<br><br>   v.<br><br>JEFFERSON COUNTY<br>COMMISSION, et al.,<br><br>         *Defendants*. | Civil Case No. 2:23-cv-00443-MHH |

**DECLARATION OF WILLIAM S. COOPER**

WILLIAM S. COOPER, acting in accordance with 28 U.S.C. § 1746, Federal Rule of Civil Procedure 26(a)(2)(B), and Federal Rules of Evidence 702 and 703, does hereby declare and say:

**I.    Introduction**

1.    My name is William S. Cooper. I submitted declarations in this matter on behalf of the McClure plaintiffs on July 21, 2023 and March 15, 2024.  I am submitting this rebuttal declaration to provide analysis relating to the April 11, 2024 Expert Report of Dr. Michael Barber.

2.      The attorneys for the plaintiffs in this matter have asked me to focus on issues raised by Dr. Barber on pp. 41 to 44 of his April 11 Rebuttal report ("Barber Report").

## II. Summary Conclusions

3.      The 2021 Jefferson Commission Plan ("2021 Plan") cracks and packs Black voters into two super-majority districts, relegating Black voters elsewhere to districts that are in the mid-20s BVAP[1] and lower.

4.      In sum, the 2021 Plan reflects a persistent multi-decade decision to pack Black voters into Commission Districts ("CD") 1 and 2, cracking Black voters out of surrounding districts to achieve this result. Under the 2021 Plan, CD 3 and CD 4 are capped in the mid-20s BVAP, in line with 1986 Plan CD 3, which was 22% Black, according to the 1980 Census.

5.      Illustrative Plan D described *infra* is an election plan with a high core retention rate (85.6%) that adheres to traditional redistricting principles.[2] (Responding to *Barber Report p. 42*)

6.      The balanced approach embodied in Illustrative Plan D mirrors the 1980 Census demographics of the 1986 Plan[3], i.e. CD 1 (64.32% SR Black[4]  vs.

---

[1] In this declaration, BVAP means "Any Part Black Voting Age Population", as defined in *Milligan v. Allen* (2023) and *Georgia v. Ashcroft*.(2004)

[3] *Taylor v. Jefferson County Commission*, No. cv 84-c-1730-s (N.D. Ala., Aug. 17, 1985)

2

65.6% in the 1986 Plan) and CD 2 (62.58% SR Black vs. 66.8% in the 1986 Plan) -- with CD 4 (42.89% SR Black) tracking Black population growth in Jefferson County since the 1980 Census -- from 33% Black in 1980 to 41.7% SR Black in 2020).[5]

7.      What is made clear from my balanced approach is that  the Enacted 2021 Plan fails to account for the dramatic population changes in Jefferson County since the 1980s. As revealed in Illustrative Plan E *infra*, today the Black population in Jefferson County is sufficiently numerous and geographically compact to constitute a voting age and citizen voting age Black majority in three of five Commission districts, while adhering to traditional redistricting principles. (Responding to *Barber Report p. 43*).

**III. Jefferson County Black Population and Redistricting (1985 vs. 2024)**

8.      The present-day Commission district lines are a relic of 1980's era redistricting when precinct-level voting age population data was not available and Black voter registration and turnout rates were significantly lower than today.  The now-defunct "65% rule" (applying 5% cushions to offset lower Black voting age,

---

[4] In this declaration SR Black means "Single Race Black (all ages)"

[5] The 1986 Plan definition of "Black" included all persons who were single-race Black (i.e. SR Black"). Precinct-level breakouts by voting age and Any Part Black ("AP Black", i.e., Black alone or in combination) were not available in the 1980 Census),

3

registration, and turnout) was often a benchmark applied in Section 5 preclearance decisions and Section 2 redistricting lawsuits in the 1980s.[6]

9.     Under the 1986 Plan, majority-Black CD 1 (65.6% Black) and CD 2 (66.8% Black) were both anchored in Birmingham and configured to respond to the rule of thumb at the time, the 65% rule. CD 3 (22% Black) encompassed areas south of downtown Birmingham to the Tuscaloosa County line, including Fairfield, and west to the Walker County line. Under the 1980 Census, CD 4 (northern Jefferson County) was 5.0% Black and CD 5 (eastern Jefferson County) was 6.3% Black.

10.     By comparison, according to the 2010 Census, CD 1 was 76.4% SR Black and CD 2 was 73.7% SR Black in the **2014 Plan**. In turn, following the 2020 Census, CD 1 was 76.8% SR Black and CD 2 was 64.8% SR Black in the **2021 Plan**.  CD 4 in northern Jefferson County was 25.2% SR Black under the **2014** Plan and is 27.2% SR Black under the **2021** Plan.

11.     I am unable to report comparable population statistics for the 2001 Plan, which was the operative Commission plan between January 2003 and December 2014. **Exhibit A** is a PDF map of the 2001 Plan produced by Jefferson

---

[6] Brace, Kimball, Bernard N Grofman, Lisa R Handley and Richard G Niemi. 1988. "Minority Voting Equality: The 65 Percent Rule in Theory and Practice." Law & Policy 10(1):43–62.

County in October 2010 prior to the 2010 election for Commissioners. [7]

## IV. Jefferson County Population Change 1980 to 2020

12.    According to the 1980 Census, Jefferson County was 33.34% Black and 65.87% NH White. By the time of the 1990 Census, Jefferson County was 35.1% Black and 63.92% NH White.  Based on the 2020 Census, Jefferson County is 41.7% SR Black, 42.9% AP Black, and 48.06% NH White.

13.    Since 1980, the Black population percentage in Jefferson County has climbed by nearly 10 points (an **increase of 65,756** persons), which is almost half of the ideal district size of a commission district based on the 2020 Census. The NH White population percentage has dropped by almost 18 points (a **decrease of 120,047** persons, which is about 90% of the 2020 Census ideal district size).

14.    According to the 2020 Census, Jefferson County is majority non-white (51.94%). According to the 1-year 2022 American Community Survey, the citizen population is majority-non-white (50.55%).[8]

---

[7] Map Source: Internet Archive WayBack Machine.

It is my understanding that Counsel for the Plaintiffs requested a shapefile of the 2001 Plan but instead were given an unusable PDF with metes and bounds and a jumbled up photo-copied list of tract, block group, and block assignments by district. It strains credulity that the shapefile for the 2001 Plan no longer exists. It was the official Commission Plan until January 2015.

[8] .S. Census Bureau, "Selected Population Profile in the United States," https://data.census.gov/table/ACSSPP1Y2022.S0201?q=s0201&t=001:005:451&g=050XX00US 01073&y=2022

## V. Jefferson County Black Population Distribution 1990 to 2020

15.    The map in **Figure 1** shows the SR Black population distribution in Jefferson County under the 1990 Census,[9] realigned to follow 2020 Census tracts.[10] Based on the 1990 Census, pale yellow represents tracts that are 0 to 5% Black, scaling up to racially diverse tracts : 20% to 40% (beige) and 40% to 60% (orange), with deep red representing tracts that are 80% to 100% Black.

**Figure 1: Jefferson County – 1990 Percent Black by 2020 Census Tract**



---

[9] The source for 1990 census block data is a CD released by the Caliper Corporation (the GIS software developer of Maptitude) in the mid-1990s, containing nationwide 1990 census block centroids and population by race.

[10] https://www.census.gov/programs-surveys/geography/about/glossary.html#par_textimage_13

6

16.     The map in **Figure 2** shows Black population distribution by census tract in Jefferson County under the 2020 Census. A comparison of Figure 1 and Figure 2 reveals a clear geographic dispersion of the Black population between 1990 and 2020 – into areas north of Birmingham in and around Center Point and extending west of Birmingham around Forestdale and Adamsville.

**Figure 2: Jefferson County – 2020 Percent Black by 2020 Census Tract**



17.     And, yet, in spite of this dramatic population change over the past 40 years (both numerically and geographically), Black voters continue to be packed into two super-majority districts and cracked across the three remaining districts.

Instead of one district with a percent BVAP in the mid-20s like under the 1986 Plan, in the 2021 Plan there are now two such districts – CD 3 and CD 4.

18.    The degree of demographic change that has occurred in Jefferson County over the past four decades becomes readily apparent by overlaying the 2021 Plan onto 1990 census blocks.

19.    As shown in **Figure 3**, present-day CD 1 would be 47.7% SR Black and CD 2 would be 68.93%, according to the 1990 Census. Since 1990, successive redistricting cycles have therefore added about 20 points to the Black population percentage in CD 1 and about 10 percentage points to CD 2. For example, had Black voters not been packed into CD 1 and CD 2 over the years –20 percentage points or more (from, say, 22% Black in 1980 to 42% Black) could have been added to CD 3 by the 2020 Census (See Illustrative Plan A in my March 15, 2024 Declaration).

**Figure 3:  2021 Commission Plan Boundaries (1990 Census vs 2020 Census)**

| District | 1990 Pop. | % 1990 SR Black | 2020 Pop. | % 2020 SR Black |
|---|---|---|---|---|
| 1 | 174020 | 47.70% | 135622 | 76.75% |
| 2 | 182399 | 68.93% | 133561 | 64.75% |
| 3 | 94924 | 10.44% | 136644 | 26.32% |
| 4 | 102943 | 7.15% | 134444 | 27.22% |
| 5 | 97220 | 2.59% | 134450 | 13.23% |

8

**VI. Illustrative Plan D -- "Core Retention Plan" (see Barber Report p.42)**

20.    With Jefferson County's 21st Century Black population more dispersed than 40 years ago, core retention (identified by Barber as among the "most important" criteria prioritized by the Jefferson County Commission in the 2021 redistricting cycle) can be simultaneously balanced with a key traditional redistricting principle in mind – the non-dilution of minority voting strength.[11]

21.    I define "core retention" as the largest district-level subset of a population that is kept together in the shift from one plan to another (without taking into account changes in district numbers or changes in incumbent representation). The core population is identified with shading in the referenced tabular exhibits.

22.    It is my understanding that core retention and the associated avoidance of incumbent conflicts are always in the background. Traditional redistricting principles are always in the foreground. As I noted in my March 15, 2024 Declaration, traditional redistricting principles include population equality,

---

[11] As suggested by Dr. Barber -- "It would be more instructive to produce an illustrative map that has similar levels of core retention to the enacted map with a dramatically different racial composition for the plaintiffs to show that the enacted map is a racial gerrymander. This would illustrate that race, and not preservation of previous district boundaries, was prioritized, or that it is at least possible to achieve similar levels of retention with different racial outcomes." (Barber Report, p. 42)

compactness, contiguity, respect for communities of interest (including political subdivisions), and the non-dilution of minority voting strength.

23.    **Figure 4** shows Illustrative Plan D, with red lines depicting the 2021 Plan boundaries.  Core retention from the 2014 Plan in Illustrative Plan D is 85.8% which, in my opinion as a redistricting expert, is a very high degree of core retention. Compared to the 2021 Plan, core retention for Illustrative Plan D is 83.57%.[12]

---

[12] See *Allen v. Milligan*, 2023. INJUNCTION, ORDER, AND COURT-ORDERED REMEDIAL MAP), "The Special Master provided core retention metrics to indicate (1) the percentage of the population of each district in the 2023 Plan that was retained in that district in each recommended plan, and (2) that statistic on a statewide basis. Id. at 27–28 tbl.2. The recommended plans retain between 86.9% and 88.9% of Alabama's population in the same districts they were in under the 2023 Plan." (p. 20)

**Figure 4: Illustrative Plan D with 2021 Commission Plan (in Red)**



24.    With a BVAP of 42.48%, CD 4 in Illustrative Plan D no longer packs Black voters into CD 1 and no longer violates the traditional redistricting principle of non-dilution of minority voting strength.

11

25.    **Figure 5** reports summary population statistics for Illustrative Plan D.

**Figure 5:  Illustrative Plan D – 2020 Census**

| District | 2020 Pop. | % Deviation | 18+ Pop | % 18+ AP Black | % 18+ Latino | % 18+ NH White |
|----------|-----------|-------------|---------|----------------|--------------|----------------|
| 1 | 135622 | 0.50% | 105575 | 62.77% | 4.00% | 31.18% |
| 2 | 133561 | -1.02% | 109583 | 62.16% | 4.88% | 29.63% |
| 3 | 136644 | 1.26% | 106295 | 24.32% | 3.06% | 67.80% |
| 4 | 134444 | -0.37% | 101162 | 42.48% | 5.34% | 49.37% |
| 5 | 134450 | -0.37% | 104472 | 14.64% | 4.21% | 74.99% |

26.    A higher resolution map of Illustrative Plan D is in **Exhibit B-1,** with detailed population summary statistics in **Exhibit B-2. Exhibit B-3** identifies municipal and unincorporated place splits. **Exhibit B-4** reports compactness scores. **Exhibit B-5** identifies VTD splits. **Exhibit B-6** breaks out district assignments by race and ethnicity for place splits.

27.    As summarized in **Section VIII** *infra*, Illustrative Plan D is on par or superior to the 2021 Plan across key redistricting metrics.

**VII. Illustrative Plan E – "Gingles 1 Plan" (see Barber Report p.43)**

28.    Illustrative Plan E demonstrates that the Black population in Jefferson County is sufficiently numerous and geographically compact to constitute a majority in three of the five Commission districts. [13]

---

[13] Contradicting Dr. Barber -- "This comparison is unhelpful and provides no useful information about whether or not the county commission districts are racially gerrymandered. Mr. Cooper focuses on Senate Districts 18, 19, and 20, which he states show that, Three majority-Black

12

29.    In my opinion, Illustrative Plan E is *Gingles1*-compliant.[14] It conforms to all traditional redistricting principles while creating a third majority-Black district (District 3 – 57.8% BVAP) in south and central Jefferson County. The overall core retention for Illustrative Plan E is 71.2% compared to the 2014 Benchmark Plan and 73% compared to the 2021 Plan.

30.    There is no bright-line rule about what constitutes an acceptable core retention score, just as there is no bright line rule about acceptable compactness scores. In my experience, overall core retention rates of around 70% for a 5-district Gingles 1 illustrative plan would be typical.

31.    **Figure 6** shows Illustrative Plan E, with red lines depicting the 2021 Plan boundaries.

---

Commission districts could be drawn with ease in and around SDs 18, 19, and 20. (Cooper Report, pg. 11)" (Barber Report, p. 42)

[14] Since the late 1980s, I have served as a *Gingles 1* redistricting consultant in at least 100 Section 2 lawsuits in about 25 states.

**Figure 6: Illustrative Plan E with 2021 Commission Plan (in red)**



32.    **Figure 7** reports summary population statistics for Illustrative Plan E.

**Figure 7:  Illustrative Plan E – 2020 Census**

| District | 2020 Pop. | % Deviation | 18+ Pop | % 18+ AP Black | % 18+ Latino | % 18+ NH White |
|---|---|---|---|---|---|---|
| 1 | 134277 | -0.49% | 100713 | 65.30% | 6.02% | 26.89% |
| 2 | 134757 | -0.14% | 109364 | 55.50% | 4.19% | 35.85% |
| 3 | 136207 | 0.94% | 106924 | 57.77% | 3.92% | 36.25% |
| 4 | 135386 | 0.33% | 105797 | 15.86% | 3.40% | 76.77% |
| 5 | 134094 | -0.63% | 104289 | 12.94% | 4.01% | 76.21% |

33.    A higher resolution map of Illustrative Plan E is in **Exhibit C-1,** with

detailed population summary statistics in **Exhibit C-2. Exhibit C-3** identifies

municipal and unincorporated place splits. **Exhibit C-4** reports compactness

14

scores. **Exhibit C-5** identifies VTD splits. **Exhibit C-6** breaks out district

assignments by race and ethnicity for place splits.

34.    As summarized in **Section VIII** below**,** Illustrative Plan E is on par or

superior to the 2021 Plan across key redistricting metrics.

## VIII.   PLAN METRICS

35.    **Figure 8** reports compactness scores [15] for Illustrative Plans D and E

as documented in the attached **Exhibit B-4** and **C-4** . Illustrative Plans D and E

score higher than the 2021 Plan on the Reock, and Polsby-Popper scores -- the two

most widely referenced compactness measures.

36.    Corresponding exhibits for the 2021 Plan are found in the Exhibit C

series attached to my March 15 Declaration.

---

[15] "The Reock test is an area-based measure that compares each district to a circle, which is considered to be the most compact shape possible. For each district, the Reock test computes the ratio of the area of the district to the area of the minimum enclosing circle for the district. The measure is always between 0 and 1, with 1 being the most compact. The Reock test computes one number for each district and the minimum, maximum, mean and standard deviation for the plan." *Maptitude For Redistricting* software documentation (authored by the Caliper Corporation).

The Polsby-Popper test computes the ratio of the district area to the area of a circle with the same perimeter: 4pArea/ (Perimeter2). The measure is always between 0 and 1, with 1 being the most compact. The Polsby-Popper test computes one number for each district and the minimum, maximum, mean and standard deviation for the plan. *Id.*

**Figure 8: Compactness Scores**

|  | Reock<br>higher<br>is better | Polsby-<br>Popper<br>higher<br>is better |
|---|---|---|
| 2021 Enacted Plan | 33 | .19 |
| Illustrative Plan D | .34 | .20 |
| Illustrative Plan E | .43 | .21 |

37.    **Figure 9** compares municipal splits and total splits (including unincorporated places), as detailed in the **Exhibit B-3/B-4** and **C-3/C-4**. The rightmost column tallies 2020 Census VTD splits as detailed in the **Exhibit B-5** and **C-5** series.

38.    The 2021 Plan scores higher than Illustrative Plan D on municipal splits, but about the same after including unincorporated place splits (49 vs 50), Illustrative Plan E scores higher than the 2021 Plan than the 2021 Plan in both categories.

**Figure 9:   Political Subdivision Splits (excluding unpopulated areas)**

|  | Municipal<br>Splits | Total Place<br>Splits | 2020 VTD<br>Splits |
|---|---|---|---|
| 2021 Enacted Plan | 45 | 49 | 25 |
| Illustrative Plan D | 50 | 50 | 2 |
| Illustrative Plan E | 40 | 42 | 1 |

39.    In terms of VTD splits (precinct proxies defined by the Census Bureau in the 2020 Census), the 2021 Plan contains 25 splits, as compared to just

16

two in Illustrative Plan D and one in Illustrative Plan E.

# # #

I reserve the right to continue to supplement my reports in light of additional facts, testimony, and/or materials that may come to light during the pendency of the above-captioned case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: April 26, 2024

WILLIAM S. COOPER

17



# Jefferson County Commission Districts

Prepared by the
Jefferson County GIS Division

**Commission District Boundary Provided By
Jefferson County Board of Registrars
Neil Hunter, Chairman**

Jefferson County GIS Division, has prepared this data.

Disclaimer: Any use of this data shall be at the sole risk of the person or entity using it. Jefferson County makes no warranty, expressed or implied, as to the accuracy of the information represented herein. This data shall be accepted, AS IS, WITH ALL FAULTS. Any person, entity, or company that makes use of this data shall hold harmless Jefferson County, its elected officials, employees, and agents from and against any claim, damage, loss, action, cause of action, or liability arising from the use of this GIS product.

**Map Creation Date:11/08/2010**

## Legend

**Commission Districts**

| | |
|---|---|
| George Bowman | District 1 |
| Sandra Little Brown | District 2 |
| Jimmie Stephens | District 3 |
| Joe Knight | District 4 |
| David Carrington | District 5 |



## Population Summary Report

### Jefferson County, AL- Illustrative Plan D

| District | Population | Deviation | % Deviation | AP Black | % AP Black | Latino | % Latino | NH White | % NH White |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 135622 | 678 | 0.50% | 87786 | 64.73% | 6806 | 5.02% | 38430 | 28.34% |
| 2 | 133561 | -1383 | -1.02% | 85272 | 63.84% | 7657 | 5.73% | 36497 | 27.33% |
| 3 | 136644 | 1700 | 1.26% | 34982 | 25.60% | 5140 | 3.76% | 89629 | 65.59% |
| 4 | 134444 | -500 | -0.37% | 61533 | 45.77% | 8788 | 6.54% | 60396 | 44.92% |
| 5 | 134450 | -494 | -0.37% | 19942 | 14.83% | 6465 | 4.81% | 99300 | 73.86% |
| Total | 674721 | | 2.28% | 289515 | 42.91% | 34856 | 5.17% | 324252 | 48.06% |

| District | 18+ Pop | 18+ AP Black | % 18+ AP Black | 18+ Latino | % 18+ Latino | 18+ NH White | % 18+ NH White |
|---|---|---|---|---|---|---|---|
| 1 | 105575 | 66266 | 62.77% | 4225 | 4.00% | 32919 | 31.18% |
| 2 | 109583 | 68122 | 62.16% | 5343 | 4.88% | 32474 | 29.63% |
| 3 | 106295 | 25846 | 24.32% | 3248 | 3.06% | 72063 | 67.80% |
| 4 | 101162 | 42976 | 42.48% | 5403 | 5.34% | 49947 | 49.37% |
| 5 | 104472 | 15295 | 14.64% | 4394 | 4.21% | 78347 | 74.99% |
| Total | 527087 | 218505 | 41.46% | 22613 | 4.29% | 265750 | 50.42% |

| District | % NH DOJ Black CVAP* | 2021 Active Registered Black |
|---|---|---|
| 1 | 63.65% | 65.24% |
| 2 | 64.41% | 68.00% |
| 3 | 27.25% | 23.03% |
| 4 | 43.16% | 43.97% |
| 5 | 14.79% | 10.63% |

Note: Citizen Voting Age Population (CVAP)  percentages are disaggregated from block-group level 2017-2021 ACS estimates (with a survey midpoint of July 2019)

Source for CVAP disaggregation: Redistricting Data Hub

https://redistrictingdatahub.org/dataset/alabama-cvap-data-disaggregated-to-the-block-level-2021/

* Geocoded Nov. 2021 Registered Voter File

User:

Plan Name: **Illustrative Commission Plan_D**

Plan Type: **Local**

# Communities of Interest (Condensed)

Friday, April 26, 2024                                                                                                    9:55 AM

**Whole Incorporated : 18**
**Incorporated Splits: 54**
**Zero Population Incorporated Splits: 4**

| District | Incorporated | Population | % Pop | District | Incorporated | Population | % Pop |
|---|---|---|---|---|---|---|---|
| 1 | Birmingham | 61,692 | 31.03% | 4 | Irondale | 605 | 4.48% |
| 1 | Irondale | 10,439 | 77.34% | 4 | Warrior | 0 | 0.00% |
| 1 | Sylvan Springs | 18 | 1.09% | 4 | Fultondale | 4,202 | 42.55% |
| | | | | 4 | Gardendale | 15,882 | 98.99% |
| 1 | Maytown | 312 | 98.73% | 4 | Trafford | 599 | 97.72% |
| 1 | Pleasant Grove | 9,541 | 99.97% | 4 | Kimberly | 6 | 0.16% |
| | | | | 4 | Morris | 2,250 | 99.60% |
| 1 | Brighton | 16 | 0.68% | 4 | Trussville | 15,641 | 63.79% |
| 1 | Leeds | 3,981 | 39.17% | 4 | Center Point | 16,207 | 98.79% |
| 1 | Adamsville | 1,484 | 33.99% | 5 | Birmingham | 9,209 | 4.63% |
| 1 | Hueytown | 109 | 0.65% | 5 | Irondale | 2,453 | 18.17% |
| 1 | Midfield | 5,204 | 99.87% | 5 | Leeds | 6,183 | 60.83% |
| 1 | Fultondale | 5,674 | 57.45% | 5 | Hoover | 29,886 | 45.31% |
| 1 | Gardendale | 24 | 0.15% | 5 | Mountain Brook | 16,195 | 72.10% |
| 1 | Brookside | 0 | 0.00% | | | | |
| 1 | Trussville | 8,880 | 36.21% | 5 | Homewood | 18,668 | 70.67% |
| 1 | Center Point | 199 | 1.21% | | | | |
| 2 | Birmingham | 100,213 | 50.40% | | | | |
| 2 | Brighton | 2,321 | 99.32% | | | | |
| 2 | Lipscomb | 2,086 | 100.00% | | | | |
| 2 | Bessemer | 14,391 | 55.31% | | | | |
| 2 | Hoover | 0 | 0.00% | | | | |
| 2 | Mountain Brook | 6,266 | 27.90% | | | | |
| 2 | Homewood | 7,746 | 29.33% | | | | |
| 2 | Midfield | 7 | 0.13% | | | | |
| 3 | Birmingham | 1,164 | 0.59% | | | | |
| 3 | Sylvan Springs | 1,635 | 98.91% | | | | |
| 3 | Maytown | 4 | 1.27% | | | | |
| 3 | Pleasant Grove | 3 | 0.03% | | | | |
| 3 | Lipscomb | 0 | 0.00% | | | | |
| 3 | Adamsville | 2,882 | 66.01% | | | | |
| 3 | Hueytown | 16,667 | 99.35% | | | | |
| 3 | Bessemer | 11,628 | 44.69% | | | | |
| 3 | Hoover | 36,075 | 54.69% | | | | |
| 3 | Warrior | 3,224 | 100.00% | | | | |
| 3 | Gardendale | 138 | 0.86% | | | | |
| 3 | Trafford | 14 | 2.28% | | | | |
| 3 | Kimberly | 3,835 | 99.84% | | | | |
| 3 | Brookside | 1,253 | 100.00% | | | | |
| 3 | Morris | 9 | 0.40% | | | | |
| 4 | Birmingham | 26,551 | 13.35% | | | | |

User:

Plan Name: **Illustrative Commission Plan_D**

Plan Type: **Local**

# Communities of Interest (Condensed)

Friday, April 26, 2024                                                                                                    10:04 AM

**Whole All Places : 27**
**All Places Splits: 54**
**Zero Population All Places Splits: 4**

| District | All Places | Population | % Pop | District | All Places | Population | % Pop |
|---|---|---|---|---|---|---|---|
| 1 | Adamsville | 1,484 | 33.99% | 4 | Birmingham | 26,551 | 13.35% |
| 1 | Irondale | 10,439 | 77.34% | 4 | Fultondale | 4,202 | 42.55% |
| 1 | Sylvan Springs | 18 | 1.09% | 4 | Gardendale | 15,882 | 98.99% |
| | | | | 4 | Trafford | 599 | 97.72% |
| 1 | Maytown | 312 | 98.73% | 4 | Kimberly | 6 | 0.16% |
| 1 | Pleasant Grove | 9,541 | 99.97% | 4 | Warrior | 0 | 0.00% |
| | | | | 4 | Morris | 2,250 | 99.60% |
| 1 | Brighton | 16 | 0.68% | 4 | Trussville | 15,641 | 63.79% |
| 1 | Leeds | 3,981 | 39.17% | 4 | Center Point | 16,207 | 98.79% |
| 1 | Birmingham | 61,692 | 31.03% | 5 | Irondale | 2,453 | 18.17% |
| 1 | Hueytown | 109 | 0.65% | 5 | Leeds | 6,183 | 60.83% |
| 1 | Midfield | 5,204 | 99.87% | 5 | Birmingham | 9,209 | 4.63% |
| 1 | Fultondale | 5,674 | 57.45% | 5 | Hoover | 29,886 | 45.31% |
| 1 | Gardendale | 24 | 0.15% | 5 | Mountain Brook | 16,195 | 72.10% |
| 1 | Brookside | 0 | 0.00% | | | | |
| 1 | Trussville | 8,880 | 36.21% | 5 | Homewood | 18,668 | 70.67% |
| 1 | Center Point | 199 | 1.21% | | | | |
| 2 | Brighton | 2,321 | 99.32% | | | | |
| 2 | Lipscomb | 2,086 | 100.00% | | | | |
| 2 | Birmingham | 100,213 | 50.40% | | | | |
| 2 | Bessemer | 14,391 | 55.31% | | | | |
| 2 | Hoover | 0 | 0.00% | | | | |
| 2 | Mountain Brook | 6,266 | 27.90% | | | | |
| 2 | Homewood | 7,746 | 29.33% | | | | |
| 2 | Midfield | 7 | 0.13% | | | | |
| 3 | Adamsville | 2,882 | 66.01% | | | | |
| 3 | Sylvan Springs | 1,635 | 98.91% | | | | |
| 3 | Maytown | 4 | 1.27% | | | | |
| 3 | Pleasant Grove | 3 | 0.03% | | | | |
| 3 | Lipscomb | 0 | 0.00% | | | | |
| 3 | Birmingham | 1,164 | 0.59% | | | | |
| 3 | Hueytown | 16,667 | 99.35% | | | | |
| 3 | Bessemer | 11,628 | 44.69% | | | | |
| 3 | Hoover | 36,075 | 54.69% | | | | |
| 3 | Gardendale | 138 | 0.86% | | | | |
| 3 | Trafford | 14 | 2.28% | | | | |
| 3 | Kimberly | 3,835 | 99.84% | | | | |
| 3 | Warrior | 3,224 | 100.00% | | | | |
| 3 | Brookside | 1,253 | 100.00% | | | | |
| 3 | Morris | 9 | 0.40% | | | | |
| 4 | Irondale | 605 | 4.48% | | | | |

User:

Plan Name: **Illustrative Commission Plan_D**

Plan Type: **Local**

## Measures of Compactness Report

Thursday, May 16, 2024                                                                                                7:03 PM

|          | Reock | Polsby-Popper | Area/Convex Hull |
|----------|-------|---------------|------------------|
| Sum      | N/A   | N/A           | N/A              |
| Min      | 0.23  | 0.12          | 0.59             |
| Max      | 0.61  | 0.30          | 0.78             |
| Mean     | 0.34  | 0.20          | 0.69             |
| Std. Dev.| 0.16  | 0.07          | 0.07             |

| District | Reock | Polsby-Popper | Area/Convex Hull |
|----------|-------|---------------|------------------|
| 1        | 0.23  | 0.12          | 0.59             |
| 2        | 0.28  | 0.21          | 0.71             |
| 3        | 0.37  | 0.16          | 0.67             |
| 4        | 0.61  | 0.30          | 0.78             |
| 5        | 0.23  | 0.21          | 0.72             |

**Measures of Compactness Report**                                                    Illustrative Commission Plan_

Measures of Compactness Summary

**Reock**                    The measure is always between 0 and 1, with 1 being the most compact.
**Polsby-Popper**           The measure is always between 0 and 1, with 1 being the most compact.
**Area / Convex Hull**      The measure is always between 0 and 1, with 1 being the most compact.

User:

Plan Name: **Illustrative Commission Plan D**

Plan Type: **Local**

## Political Subdivision Splits Between Districts

Thursday, April 25, 2024                                                    4:48 PM

### Split Counts

Number of subdivisions split into more than one district:    Number of splits involving no population:

| County | 1 | County | 0 |
|---|---|---|---|
| Voting District | 4 | Voting District | 2 |

Number of times a subdivision is split into multiple districts:

| County | 4 |
|---|---|
| Voting District | 4 |

| County | Voting District | District | Population |
|---|---|---|---|
| *Split Counties:* | | | |
| Jefferson AL | | 1 | 135,622 |
| Jefferson AL | | 2 | 133,561 |
| Jefferson AL | | 3 | 136,644 |
| Jefferson AL | | 4 | 134,444 |
| Jefferson AL | | 5 | 134,450 |
| *Split VTDs:* | | | |
| Jefferson AL | Morris Sr Citizens Bldg | 3 | 0 |
| Jefferson AL | Morris Sr Citizens Bldg | 4 | 3,077 |
| Jefferson AL | New Beginning Church | 2 | 3,305 |
| Jefferson AL | New Beginning Church | 3 | 0 |
| Jefferson AL | Oxmoor Valley Comm Ctr | 2 | 3,440 |
| Jefferson AL | Oxmoor Valley Comm Ctr | 5 | 2,240 |
| Jefferson AL | Trafford City Hall | 3 | 7 |
| Jefferson AL | Trafford City Hall | 4 | 1,230 |

**Maptitude**
For Redistricting

User:

Plan Name: **Illustrative Commission Plan_D**

Plan Type: **Local**

## Communities of Interest (Landscape, 11x8.5)

Friday, April 26, 2024                                                                                                10:43 AM

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Adamsville | 1 | 1,484 | 34.0 | 561 | 32.5 | 811 | 34.1 | 67 | 36.8 |
| Adamsville | 3 | 2,882 | 66.0 | 1,163 | 67.5 | 1,567 | 65.9 | 115 | 63.2 |
| Argo | 4 | 61 | 100.0 | 51 | 100.0 | 7 | 100.0 | 2 | 100.0 |
| Bessemer | 2 | 14,391 | 55.3 | 1,412 | 29.0 | 11,482 | 62.0 | 1,414 | 61.3 |
| Bessemer | 3 | 11,628 | 44.7 | 3,465 | 71.1 | 7,052 | 38.1 | 891 | 38.7 |
| Birmingham | 1 | 61,692 | 31.0 | 11,725 | 26.1 | 46,239 | 33.1 | 2,898 | 31.7 |
| Birmingham | 2 | 100,213 | 50.4 | 23,889 | 53.3 | 68,478 | 49.0 | 4,494 | 49.1 |
| Birmingham | 3 | 1,164 | 0.6 | 271 | 0.6 | 822 | 0.6 | 29 | 0.3 |
| Birmingham | 4 | 26,551 | 13.4 | 2,392 | 5.3 | 22,567 | 16.2 | 1,344 | 14.7 |
| Birmingham | 5 | 9,209 | 4.6 | 6,570 | 14.7 | 1,580 | 1.1 | 380 | 4.2 |
| Brighton | 1 | 16 | 0.7 | 0 | 0.0 | 10 | 0.5 | 3 | 0.8 |
| Brighton | 2 | 2,321 | 99.3 | 81 | 100.0 | 1,835 | 99.5 | 395 | 99.3 |
| Brookside | 1 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Brookside | 3 | 1,253 | 100.0 | 891 | 100.0 | 287 | 100.0 | 33 | 100.0 |
| Cardiff | 3 | 52 | 100.0 | 50 | 100.0 | 0 | 0.0 | 2 | 100.0 |
| Center Point | 1 | 199 | 1.2 | 31 | 1.1 | 152 | 1.2 | 15 | 1.6 |
| Center Point | 4 | 16,207 | 98.8 | 2,768 | 98.9 | 12,332 | 98.8 | 922 | 98.4 |
| Clay | 4 | 10,291 | 100.0 | 5,560 | 100.0 | 3,945 | 100.0 | 404 | 100.0 |
| Concord | 3 | 1,690 | 100.0 | 1,553 | 100.0 | 48 | 100.0 | 13 | 100.0 |
| County Line | 4 | 94 | 100.0 | 84 | 100.0 | 0 | 0.0 | 4 | 100.0 |

**Communities of Interest (Landscape, 11x8.5)**                                    Illustrative Commission Plan_

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Edgewater | 1 | 746 | 100.0 | 182 | 100.0 | 533 | 100.0 | 20 | 100.0 |
| Fairfield | 1 | 10,000 | 100.0 | 217 | 100.0 | 9,600 | 100.0 | 159 | 100.0 |
| Forestdale | 1 | 10,409 | 100.0 | 1,684 | 100.0 | 8,370 | 100.0 | 254 | 100.0 |
| Fultondale | 1 | 5,674 | 57.5 | 2,730 | 56.0 | 2,346 | 71.7 | 408 | 30.0 |
| Fultondale | 4 | 4,202 | 42.6 | 2,147 | 44.0 | 928 | 28.3 | 953 | 70.0 |
| Gardendale | 1 | 24 | 0.2 | 14 | 0.1 | 7 | 0.3 | 0 | 0.0 |
| Gardendale | 3 | 138 | 0.9 | 107 | 0.9 | 17 | 0.7 | 1 | 0.2 |
| Gardendale | 4 | 15,882 | 99.0 | 12,133 | 99.0 | 2,526 | 99.1 | 465 | 99.8 |
| Grayson Valley | 4 | 5,982 | 100.0 | 2,272 | 100.0 | 3,255 | 100.0 | 297 | 100.0 |
| Graysville | 3 | 1,950 | 100.0 | 1,262 | 100.0 | 555 | 100.0 | 64 | 100.0 |
| Helena | 3 | 2,493 | 100.0 | 1,040 | 100.0 | 1,310 | 100.0 | 66 | 100.0 |
| Homewood | 2 | 7,746 | 29.3 | 4,758 | 26.2 | 1,807 | 33.1 | 729 | 51.0 |
| Homewood | 5 | 18,668 | 70.7 | 13,420 | 73.8 | 3,660 | 67.0 | 700 | 49.0 |
| Hoover | 2 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Hoover | 3 | 36,075 | 54.7 | 25,822 | 61.5 | 5,280 | 37.8 | 1,256 | 32.3 |
| Hoover | 5 | 29,886 | 45.3 | 16,177 | 38.5 | 8,700 | 62.2 | 2,635 | 67.7 |
| Hueytown | 1 | 109 | 0.7 | 11 | 0.1 | 89 | 1.3 | 9 | 0.9 |
| Hueytown | 3 | 16,667 | 99.4 | 8,628 | 99.9 | 6,647 | 98.7 | 952 | 99.1 |
| Irondale | 1 | 10,439 | 77.3 | 5,292 | 73.7 | 3,509 | 82.7 | 1,268 | 81.0 |
| Irondale | 4 | 605 | 4.5 | 144 | 2.0 | 425 | 10.0 | 18 | 1.2 |
| Irondale | 5 | 2,453 | 18.2 | 1,747 | 24.3 | 307 | 7.2 | 279 | 17.8 |
| Kimberly | 3 | 3,835 | 99.8 | 3,382 | 99.9 | 249 | 99.2 | 71 | 100.0 |
| Kimberly | 4 | 6 | 0.2 | 4 | 0.1 | 2 | 0.8 | 0 | 0.0 |
| Lake View | 3 | 305 | 100.0 | 81 | 100.0 | 213 | 100.0 | 7 | 100.0 |

**Communities of Interest (Landscape, 11x8.5)**                                                Illustrative Commission Plan_

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Leeds | 1 | 3,981 | 39.2 | 2,252 | 32.1 | 1,098 | 57.2 | 507 | 59.2 |
| Leeds | 5 | 6,183 | 60.8 | 4,772 | 67.9 | 822 | 42.8 | 349 | 40.8 |
| Lipscomb | 2 | 2,086 | 100.0 | 273 | 100.0 | 1,341 | 100.0 | 449 | 100.0 |
| Lipscomb | 3 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Maytown | 1 | 312 | 98.7 | 258 | 99.2 | 34 | 97.1 | 11 | 100.0 |
| Maytown | 3 | 4 | 1.3 | 2 | 0.8 | 1 | 2.9 | 0 | 0.0 |
| McCalla | 3 | 12,965 | 100.0 | 7,322 | 100.0 | 4,765 | 100.0 | 450 | 100.0 |
| McDonald Chapel | 1 | 739 | 100.0 | 237 | 100.0 | 368 | 100.0 | 109 | 100.0 |
| Midfield | 1 | 5,204 | 99.9 | 421 | 99.8 | 4,482 | 99.9 | 280 | 100.0 |
| Midfield | 2 | 7 | 0.1 | 1 | 0.2 | 6 | 0.1 | 0 | 0.0 |
| Minor | 1 | 1,088 | 100.0 | 594 | 100.0 | 384 | 100.0 | 73 | 100.0 |
| Morris | 3 | 9 | 0.4 | 5 | 0.2 | 0 | 0.0 | 3 | 15.0 |
| Morris | 4 | 2,250 | 99.6 | 2,091 | 99.8 | 58 | 100.0 | 17 | 85.0 |
| Mount Olive | 3 | 4,427 | 100.0 | 4,029 | 100.0 | 141 | 100.0 | 83 | 100.0 |
| Mountain Brook | 2 | 6,266 | 27.9 | 5,911 | 27.8 | 40 | 22.6 | 106 | 30.2 |
| Mountain Brook | 5 | 16,195 | 72.1 | 15,330 | 72.2 | 137 | 77.4 | 245 | 69.8 |
| Mulga | 1 | 784 | 100.0 | 645 | 100.0 | 113 | 100.0 | 6 | 100.0 |
| North Johns | 3 | 127 | 100.0 | 68 | 100.0 | 52 | 100.0 | 7 | 100.0 |
| Pinson | 4 | 7,215 | 100.0 | 3,982 | 100.0 | 2,496 | 100.0 | 566 | 100.0 |
| Pleasant Grove | 1 | 9,541 | 100.0 | 3,252 | 100.0 | 6,016 | 100.0 | 133 | 100.0 |
| Pleasant Grove | 3 | 3 | 0.0 | 0 | 0.0 | 3 | 0.1 | 0 | 0.0 |
| Rock Creek | 3 | 1,471 | 100.0 | 1,350 | 100.0 | 41 | 100.0 | 21 | 100.0 |
| Sumiton | 3 | 22 | 100.0 | 16 | 100.0 | 3 | 100.0 | 3 | 100.0 |
| Sylvan Springs | 1 | 18 | 1.1 | 13 | 0.9 | 1 | 1.6 | 1 | 3.3 |

## Communities of Interest (Landscape, 11x8.5)

Illustrative Commission Plan_

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Sylvan Springs | 3 | 1,635 | 98.9 | 1,457 | 99.1 | 62 | 98.4 | 29 | 96.7 |
| Tarrant | 4 | 6,124 | 100.0 | 1,523 | 100.0 | 3,203 | 100.0 | 1,219 | 100.0 |
| Trafford | 3 | 14 | 2.3 | 12 | 2.4 | 0 | 0.0 | 0 | 0.0 |
| Trafford | 4 | 599 | 97.7 | 482 | 97.6 | 69 | 100.0 | 16 | 100.0 |
| Trussville | 1 | 8,880 | 36.2 | 6,846 | 34.0 | 1,252 | 47.0 | 262 | 51.3 |
| Trussville | 4 | 15,641 | 63.8 | 13,300 | 66.0 | 1,411 | 53.0 | 249 | 48.7 |
| Vestavia Hills | 5 | 39,062 | 100.0 | 32,542 | 100.0 | 2,099 | 100.0 | 1,258 | 100.0 |
| Warrior | 3 | 3,224 | 100.0 | 2,523 | 100.0 | 515 | 100.0 | 56 | 100.0 |
| Warrior | 4 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| West Jefferson | 3 | 417 | 100.0 | 383 | 100.0 | 6 | 100.0 | 12 | 100.0 |

**Maptitude**
For Redistricting

**Communities of Interest (Landscape, 11x8.5)**                                    Illustrative Commission Plan_

**All Places**          **-- Listed by District**

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| ***District 1*** | | | | | | | | |
| Adamsville (part) | 1,484 | 34.0 | 561 | 32.5 | 811 | 34.1 | 67 | 36.8 |
| Birmingham (part) | 61,692 | 31.0 | 11,725 | 26.1 | 46,239 | 33.1 | 2,898 | 31.7 |
| Brighton (part) | 16 | 0.7 | 0 | 0.0 | 10 | 0.5 | 3 | 0.8 |
| Brookside (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Center Point (part) | 199 | 1.2 | 31 | 1.1 | 152 | 1.2 | 15 | 1.6 |
| Edgewater | 746 | 100.0 | 182 | 100.0 | 533 | 100.0 | 20 | 100.0 |
| Fairfield | 10,000 | 100.0 | 217 | 100.0 | 9,600 | 100.0 | 159 | 100.0 |
| Forestdale | 10,409 | 100.0 | 1,684 | 100.0 | 8,370 | 100.0 | 254 | 100.0 |
| Fultondale (part) | 5,674 | 57.5 | 2,730 | 56.0 | 2,346 | 71.7 | 408 | 30.0 |
| Gardendale (part) | 24 | 0.2 | 14 | 0.1 | 7 | 0.3 | 0 | 0.0 |
| Hueytown (part) | 109 | 0.7 | 11 | 0.1 | 89 | 1.3 | 9 | 0.9 |
| Irondale (part) | 10,439 | 77.3 | 5,292 | 73.7 | 3,509 | 82.7 | 1,268 | 81.0 |
| Leeds (part) | 3,981 | 39.2 | 2,252 | 32.1 | 1,098 | 57.2 | 507 | 59.2 |
| Maytown (part) | 312 | 98.7 | 258 | 99.2 | 34 | 97.1 | 11 | 100.0 |
| McDonald Chapel | 739 | 100.0 | 237 | 100.0 | 368 | 100.0 | 109 | 100.0 |
| Midfield (part) | 5,204 | 99.9 | 421 | 99.8 | 4,482 | 99.9 | 280 | 100.0 |
| Minor | 1,088 | 100.0 | 594 | 100.0 | 384 | 100.0 | 73 | 100.0 |
| Mulga | 784 | 100.0 | 645 | 100.0 | 113 | 100.0 | 6 | 100.0 |
| Pleasant Grove (part) | 9,541 | 100.0 | 3,252 | 100.0 | 6,016 | 100.0 | 133 | 100.0 |
| Sylvan Springs (part) | 18 | 1.1 | 13 | 0.9 | 1 | 1.6 | 1 | 3.3 |
| Trussville (part) | 8,880 | 36.2 | 6,846 | 34.0 | 1,252 | 47.0 | 262 | 51.3 |
| **District 1 Totals** | **131,339** | | **36,965** | | **85,414** | | **6,483** | |

**Communities of Interest (Landscape, 11x8.5)**                                    Illustrative Commission Plan_

| | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| **District 2** | | | | | | | | |
| Bessemer (part) | 14,391 | 55.3 | 1,412 | 29.0 | 11,482 | 62.0 | 1,414 | 61.3 |
| Birmingham (part) | 100,213 | 50.4 | 23,889 | 53.3 | 68,478 | 49.0 | 4,494 | 49.1 |
| Brighton (part) | 2,321 | 99.3 | 81 | 100.0 | 1,835 | 99.5 | 395 | 99.3 |
| Homewood (part) | 7,746 | 29.3 | 4,758 | 26.2 | 1,807 | 33.1 | 729 | 51.0 |
| Hoover (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Lipscomb (part) | 2,086 | 100.0 | 273 | 100.0 | 1,341 | 100.0 | 449 | 100.0 |
| Midfield (part) | 7 | 0.1 | 1 | 0.2 | 6 | 0.1 | 0 | 0.0 |
| Mountain Brook (part) | 6,266 | 27.9 | 5,911 | 27.8 | 40 | 22.6 | 106 | 30.2 |
| **District 2 Totals** | **133,030** | | **36,325** | | **84,989** | | **7,587** | |
| **District 3** | | | | | | | | |
| Adamsville (part) | 2,882 | 66.0 | 1,163 | 67.5 | 1,567 | 65.9 | 115 | 63.2 |
| Bessemer (part) | 11,628 | 44.7 | 3,465 | 71.1 | 7,052 | 38.1 | 891 | 38.7 |
| Birmingham (part) | 1,164 | 0.6 | 271 | 0.6 | 822 | 0.6 | 29 | 0.3 |
| Brookside (part) | 1,253 | 100.0 | 891 | 100.0 | 287 | 100.0 | 33 | 100.0 |
| Cardiff | 52 | 100.0 | 50 | 100.0 | 0 | 0.0 | 2 | 100.0 |
| Concord | 1,690 | 100.0 | 1,553 | 100.0 | 48 | 100.0 | 13 | 100.0 |
| Gardendale (part) | 138 | 0.9 | 107 | 0.9 | 17 | 0.7 | 1 | 0.2 |
| Graysville | 1,950 | 100.0 | 1,262 | 100.0 | 555 | 100.0 | 64 | 100.0 |
| Helena | 2,493 | 100.0 | 1,040 | 100.0 | 1,310 | 100.0 | 66 | 100.0 |
| Hoover (part) | 36,075 | 54.7 | 25,822 | 61.5 | 5,280 | 37.8 | 1,256 | 32.3 |
| Hueytown (part) | 16,667 | 99.4 | 8,628 | 99.9 | 6,647 | 98.7 | 952 | 99.1 |
| Kimberly (part) | 3,835 | 99.8 | 3,382 | 99.9 | 249 | 99.2 | 71 | 100.0 |
| Lake View | 305 | 100.0 | 81 | 100.0 | 213 | 100.0 | 7 | 100.0 |
| Lipscomb (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Maytown (part) | 4 | 1.3 | 2 | 0.8 | 1 | 2.9 | 0 | 0.0 |
| McCalla | 12,965 | 100.0 | 7,322 | 100.0 | 4,765 | 100.0 | 450 | 100.0 |

**Maptitude**
For Redistricting

**Communities of Interest (Landscape, 11x8.5)**                                                    Illustrative Commission Plan_

| | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| Morris (part) | 9 | 0.4 | 5 | 0.2 | 0 | 0.0 | 3 | 15.0 |
| Mount Olive | 4,427 | 100.0 | 4,029 | 100.0 | 141 | 100.0 | 83 | 100.0 |
| North Johns | 127 | 100.0 | 68 | 100.0 | 52 | 100.0 | 7 | 100.0 |
| Pleasant Grove (part) | 3 | 0.0 | 0 | 0.0 | 3 | 0.1 | 0 | 0.0 |
| Rock Creek | 1,471 | 100.0 | 1,350 | 100.0 | 41 | 100.0 | 21 | 100.0 |
| Sumiton | 22 | 100.0 | 16 | 100.0 | 3 | 100.0 | 3 | 100.0 |
| Sylvan Springs (part) | 1,635 | 98.9 | 1,457 | 99.1 | 62 | 98.4 | 29 | 96.7 |
| Trafford (part) | 14 | 2.3 | 12 | 2.4 | 0 | 0.0 | 0 | 0.0 |
| Warrior (part) | 3,224 | 100.0 | 2,523 | 100.0 | 515 | 100.0 | 56 | 100.0 |
| West Jefferson | 417 | 100.0 | 383 | 100.0 | 6 | 100.0 | 12 | 100.0 |
| **District 3 Totals** | **104,450** | | **64,882** | | **29,636** | | **4,164** | |

**Communities of Interest (Landscape, 11x8.5)**                                                          Illustrative Commission Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| ***District 4*** | | | | | | | | |
| Argo | 61 | 100.0 | 51 | 100.0 | 7 | 100.0 | 2 | 100.0 |
| Birmingham (part) | 26,551 | 13.4 | 2,392 | 5.3 | 22,567 | 16.2 | 1,344 | 14.7 |
| Center Point (part) | 16,207 | 98.8 | 2,768 | 98.9 | 12,332 | 98.8 | 922 | 98.4 |
| Clay | 10,291 | 100.0 | 5,560 | 100.0 | 3,945 | 100.0 | 404 | 100.0 |
| County Line | 94 | 100.0 | 84 | 100.0 | 0 | 0.0 | 4 | 100.0 |
| Fultondale (part) | 4,202 | 42.6 | 2,147 | 44.0 | 928 | 28.3 | 953 | 70.0 |
| Gardendale (part) | 15,882 | 99.0 | 12,133 | 99.0 | 2,526 | 99.1 | 465 | 99.8 |
| Grayson Valley | 5,982 | 100.0 | 2,272 | 100.0 | 3,255 | 100.0 | 297 | 100.0 |
| Irondale (part) | 605 | 4.5 | 144 | 2.0 | 425 | 10.0 | 18 | 1.2 |
| Kimberly (part) | 6 | 0.2 | 4 | 0.1 | 2 | 0.8 | 0 | 0.0 |
| Morris (part) | 2,250 | 99.6 | 2,091 | 99.8 | 58 | 100.0 | 17 | 85.0 |
| Pinson | 7,215 | 100.0 | 3,982 | 100.0 | 2,496 | 100.0 | 566 | 100.0 |
| Tarrant | 6,124 | 100.0 | 1,523 | 100.0 | 3,203 | 100.0 | 1,219 | 100.0 |
| Trafford (part) | 599 | 97.7 | 482 | 97.6 | 69 | 100.0 | 16 | 100.0 |
| Trussville (part) | 15,641 | 63.8 | 13,300 | 66.0 | 1,411 | 53.0 | 249 | 48.7 |
| Warrior (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **District 4 Totals** | **111,710** | | **48,933** | | **53,224** | | **6,476** | |

**Communities of Interest (Landscape, 11x8.5)**                                    Illustrative Commission Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| **District 5** | | | | | | | | |
| Birmingham (part) | 9,209 | 4.6 | 6,570 | 14.7 | 1,580 | 1.1 | 380 | 4.2 |
| Homewood (part) | 18,668 | 70.7 | 13,420 | 73.8 | 3,660 | 67.0 | 700 | 49.0 |
| Hoover (part) | 29,886 | 45.3 | 16,177 | 38.5 | 8,700 | 62.2 | 2,635 | 67.7 |
| Irondale (part) | 2,453 | 18.2 | 1,747 | 24.3 | 307 | 7.2 | 279 | 17.8 |
| Leeds (part) | 6,183 | 60.8 | 4,772 | 67.9 | 822 | 42.8 | 349 | 40.8 |
| Mountain Brook (part) | 16,195 | 72.1 | 15,330 | 72.2 | 137 | 77.4 | 245 | 69.8 |
| Vestavia Hills | 39,062 | 100.0 | 32,542 | 100.0 | 2,099 | 100.0 | 1,258 | 100.0 |
| **District 5 Totals** | **121,656** | | **90,558** | | **17,305** | | **5,846** | |

## Summary Statistics

| | |
|---|---|
| Number of All Places not split | 24 |
| Number of All Places split | 24 |
| Number of All Places split in 2 | 20 |
| Number of All Places split in 3 | 3 |
| Number of All Places split in 4 | 0 |
| Number of All Places split in 5 | 1 |
| Total number of splits | 54 |



## Population Summary Report

### Jefferson County, AL- Illustrative Plan E

| District | Population | Deviation | % Deviation | AP Black | % AP Black | Latino | % Latino | NH White | % NH White |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 134277 | -667 | -0.49% | 91730 | 68.31% | 9744 | 7.26% | 30589 | 22.78% |
| 2 | 134757 | -187 | -0.14% | 75574 | 56.08% | 6460 | 4.79% | 46818 | 34.74% |
| 3 | 136207 | 1263 | 0.94% | 80714 | 59.26% | 6854 | 5.03% | 45852 | 33.66% |
| 4 | 135386 | 442 | 0.33% | 23255 | 17.18% | 5775 | 4.27% | 100870 | 74.51% |
| 5 | 134094 | -850 | -0.63% | 18242 | 13.60% | 6023 | 4.49% | 100123 | 74.67% |
| Total | 674721 | | 1.57% | 289515 | 42.91% | 34856 | 5.17% | 324252 | 48.06% |

| District | 18+ Pop | 18+ AP Black | % 18+ AP Black | 18+ Latino | % 18+ Latino | 18+ NH White | % 18+ NH White |
|---|---|---|---|---|---|---|---|
| 1 | 100713 | 65767 | 65.30% | 6063 | 6.02% | 27081 | 26.89% |
| 2 | 109364 | 60698 | 55.50% | 4586 | 4.19% | 39204 | 35.85% |
| 3 | 106924 | 61768 | 57.77% | 4190 | 3.92% | 38760 | 36.25% |
| 4 | 105797 | 16780 | 15.86% | 3594 | 3.40% | 81225 | 76.77% |
| 5 | 104289 | 13492 | 12.94% | 4180 | 4.01% | 79480 | 76.21% |
| Total | 527087 | 218505 | 41.46% | 22613 | 4.29% | 265750 | 50.42% |

| District | % NH DOJ Black CVAP* | 2021 Active Registered Black |
|---|---|---|
| 1 | 66.12% | 69.13% |
| 2 | 55.97% | 58.37% |
| 3 | 60.87% | 60.49% |
| 4 | 17.11% | 15.77% |
| 5 | 14.39% | 11.08% |

Note: Citizen Voting Age Population (CVAP)  percentages are disaggregated from block-group level 2017-2021 ACS estimates (with a survey midpoint of July 2019)

Source for CVAP disaggregation: Redistricting Data Hub

https://redistrictingdatahub.org/dataset/alabama-cvap-data-disaggregated-to-the-block-level-2021/

* Geocoded Nov. 2021 Registered Voter File

User:

Plan Name: **Illustrative_Commission_Plan_E**

Plan Type: **Local**

# Communities of Interest (Condensed)

Friday, April 26, 2024                                                                        10:37 AM

**Whole Incorporated : 25**
**Incorporated Splits: 45**
**Zero Population Incorporated Splits: 5**

| District | Incorporated | Population | % Pop | District | Incorporated | Population | % Pop |
|---|---|---|---|---|---|---|---|
| 1 | Birmingham | 75,108 | 37.78% | 5 | Bessemer | 8 | 0.03% |
| 1 | Irondale | 1,210 | 8.96% | 5 | Hoover | 53,725 | 81.45% |
| 1 | Fultondale | 9,876 | 100.00% | 5 | Mountain Brook | 19,403 | 86.39% |
| 1 | Gardendale | 179 | 1.12% | | | | |
| 1 | Trussville | 6 | 0.02% | 5 | Homewood | 4 | 0.02% |
| 1 | Clay | 4,233 | 41.13% | 5 | Vestavia Hills | 38,979 | 99.79% |
| 1 | Pinson | 2,085 | 28.90% | | | | |
| 2 | Birmingham | 94,475 | 47.52% | | | | |
| 2 | Lipscomb | 0 | 0.00% | | | | |
| 2 | Bessemer | 0 | 0.00% | | | | |
| 2 | Hoover | 11,016 | 16.70% | | | | |
| 2 | Mountain Brook | 13 | 0.06% | | | | |
| 2 | Homewood | 26,410 | 99.98% | | | | |
| 2 | Vestavia Hills | 62 | 0.16% | | | | |
| 2 | Fairfield | 1,878 | 18.78% | | | | |
| 3 | Birmingham | 13,882 | 6.98% | | | | |
| 3 | Sylvan Springs | 1,635 | 98.91% | | | | |
| 3 | Maytown | 0 | 0.00% | | | | |
| 3 | Mulga | 0 | 0.00% | | | | |
| 3 | Lipscomb | 2,086 | 100.00% | | | | |
| 3 | Adamsville | 1,484 | 33.99% | | | | |
| 3 | Bessemer | 26,011 | 99.97% | | | | |
| 3 | Hoover | 1,196 | 1.81% | | | | |
| 3 | Fairfield | 8,122 | 81.22% | | | | |
| 4 | Birmingham | 5,779 | 2.91% | | | | |
| 4 | Irondale | 12,212 | 90.48% | | | | |
| 4 | Sylvan Springs | 18 | 1.09% | | | | |
| 4 | Maytown | 316 | 100.00% | | | | |
| 4 | Mulga | 784 | 100.00% | | | | |
| 4 | Adamsville | 2,882 | 66.01% | | | | |
| 4 | Hoover | 24 | 0.04% | | | | |
| 4 | Mountain Brook | 3,045 | 13.56% | | | | |
| 4 | Vestavia Hills | 21 | 0.05% | | | | |
| 4 | Fultondale | 0 | 0.00% | | | | |
| 4 | Gardendale | 15,865 | 98.88% | | | | |
| 4 | Trussville | 24,515 | 99.98% | | | | |
| 4 | Clay | 6,058 | 58.87% | | | | |
| 4 | Pinson | 5,130 | 71.10% | | | | |
| 5 | Birmingham | 9,585 | 4.82% | | | | |
| 5 | Irondale | 75 | 0.56% | | | | |

User:

Plan Name: **Illustrative_Commission_Plan_E**

Plan Type: **Local**

# Communities of Interest (Condensed)

Friday, April 26, 2024                                                                           10:07 AM

**Whole All Places : 33**
**All Places Splits: 47**
**Zero Population All Places Splits: 5**

| District | All Places | Population | % Pop | District | All Places | Population | % Pop |
|----------|-----------|-----------|-------|----------|-----------|-----------|-------|
| 1 | Irondale | 1,210 | 8.96% | 5 | Irondale | 75 | 0.56% |
| 1 | Birmingham | 75,108 | 37.78% | 5 | Birmingham | 9,585 | 4.82% |
| 1 | Fultondale | 9,876 | 100.00% | 5 | Bessemer | 8 | 0.03% |
| 1 | Gardendale | 179 | 1.12% | 5 | Hoover | 53,725 | 81.45% |
| 1 | Pinson | 2,085 | 28.90% | 5 | Mountain Brook | 19,403 | 86.39% |
| 1 | Trussville | 6 | 0.02% | | | | |
| 1 | Clay | 4,233 | 41.13% | 5 | Vestavia Hills | 38,979 | 99.79% |
| 2 | Lipscomb | 0 | 0.00% | 5 | Homewood | 4 | 0.02% |
| 2 | Birmingham | 94,475 | 47.52% | | | | |
| 2 | Bessemer | 0 | 0.00% | | | | |
| 2 | Hoover | 11,016 | 16.70% | | | | |
| 2 | Mountain Brook | 13 | 0.06% | | | | |
| 2 | Vestavia Hills | 62 | 0.16% | | | | |
| 2 | Homewood | 26,410 | 99.98% | | | | |
| 2 | Fairfield | 1,878 | 18.78% | | | | |
| 3 | Adamsville | 1,484 | 33.99% | | | | |
| 3 | Sylvan Springs | 1,635 | 98.91% | | | | |
| 3 | Maytown | 0 | 0.00% | | | | |
| 3 | Mulga | 0 | 0.00% | | | | |
| 3 | Lipscomb | 2,086 | 100.00% | | | | |
| 3 | Forestdale | 8,446 | 81.14% | | | | |
| 3 | Birmingham | 13,882 | 6.98% | | | | |
| 3 | Bessemer | 26,011 | 99.97% | | | | |
| 3 | Hoover | 1,196 | 1.81% | | | | |
| 3 | Fairfield | 8,122 | 81.22% | | | | |
| 4 | Adamsville | 2,882 | 66.01% | | | | |
| 4 | Irondale | 12,212 | 90.48% | | | | |
| 4 | Sylvan Springs | 18 | 1.09% | | | | |
| 4 | Maytown | 316 | 100.00% | | | | |
| 4 | Mulga | 784 | 100.00% | | | | |
| 4 | Forestdale | 1,963 | 18.86% | | | | |
| 4 | Birmingham | 5,779 | 2.91% | | | | |
| 4 | Hoover | 24 | 0.04% | | | | |
| 4 | Mountain Brook | 3,045 | 13.56% | | | | |
| 4 | Vestavia Hills | 21 | 0.05% | | | | |
| 4 | Fultondale | 0 | 0.00% | | | | |
| 4 | Gardendale | 15,865 | 98.88% | | | | |
| 4 | Pinson | 5,130 | 71.10% | | | | |
| 4 | Trussville | 24,515 | 99.98% | | | | |
| 4 | Clay | 6,058 | 58.87% | | | | |

User:

Plan Name: **Illustrative_Commission_Plan_E**

Plan Type: **Local**

## Measures of Compactness Report

Friday, April 26, 2024                                                                                                    11:43 AM

|          | Reock | Polsby-Popper |
|----------|-------|---------------|
| Mean     | 0.43  | 0.21          |
| Min      | 0.25  | 0.13          |
| Max      | 0.56  | 0.28          |
| Std. Dev.| 0.12  | 0.07          |
| Sum      |       |               |

| | Higher Number is Better | | Lower Number is Better |
|---|---|---|---|

| District | Reock | Polsby-Popper |
|----------|-------|---------------|
| 1        | 0.45  | 0.27          |
| 2        | 0.50  | 0.28          |
| 3        | 0.56  | 0.23          |
| 4        | 0.37  | 0.13          |
| 5        | 0.25  | 0.15          |

**Maptitude**
For Redistricting

**Measures of Compactness Report**                                      Illustrative_Commission_Plan_

Measures of Compactness Summary

**Reock**              The measure is always between 0 and 1, with 1 being the most compact.
**Polsby-Popper**      The measure is always between 0 and 1, with 1 being the most compact.

User:
Plan Name: **Illustrative_Commission_Plan_E**
Plan Type: **Local**

## Political Subdivision Splits Between Districts

| Friday, April 26, 2024 | 11:35 AM |
|---|---|

### Split Counts

| Number of subdivisions split into more than one district: | | Number of splits involving no population: | |
|---|---|---|---|
| County | 1 | County | 0 |
| Voting District | 5 | Voting District | 4 |

| Number of times a subdivision is split into multiple districts: | |
|---|---|
| County | 4 |
| Voting District | 5 |

| County | Voting District | District | Population |
|---|---|---|---|
| *Split  Counties:* | | | |
| Jefferson AL | | 1 | 134,277 |
| Jefferson AL | | 2 | 134,757 |
| Jefferson AL | | 3 | 136,207 |
| Jefferson AL | | 4 | 135,386 |
| Jefferson AL | | 5 | 134,094 |
| *Split  VTDs:* | | | |
| Jefferson AL | Fultondale Sr Citizens Bldg | 1 | 5,086 |
| Jefferson AL | Fultondale Sr Citizens Bldg | 4 | 0 |
| Jefferson AL | Gardendale Mt Vernon UM | 1 | 0 |
| Jefferson AL | Gardendale Mt Vernon UM | 4 | 6,719 |
| Jefferson AL | Minor Elem Sch | 2 | 5,227 |
| Jefferson AL | Minor Elem Sch | 5 | 0 |
| Jefferson AL | Mt Zion Church | 2 | 1,441 |
| Jefferson AL | Mt Zion Church | 3 | 4 |
| Jefferson AL | New Beginning Church | 2 | 0 |
| Jefferson AL | New Beginning Church | 3 | 3,305 |

User:

Plan Name: **Illustrative_Commission_Plan_E**

Plan Type: **Local**

## Communities of Interest (Landscape, 11x8.5)

Friday, April 26, 2024                                                                                                          10:24 AM

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Adamsville | 3 | 1,484 | 34.0 | 561 | 32.5 | 811 | 34.1 | 67 | 36.8 |
| Adamsville | 4 | 2,882 | 66.0 | 1,163 | 67.5 | 1,567 | 65.9 | 115 | 63.2 |
| Argo | 4 | 61 | 100.0 | 51 | 100.0 | 7 | 100.0 | 2 | 100.0 |
| Bessemer | 2 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Bessemer | 3 | 26,011 | 100.0 | 4,869 | 99.8 | 18,534 | 100.0 | 2,305 | 100.0 |
| Bessemer | 5 | 8 | 0.0 | 8 | 0.2 | 0 | 0.0 | 0 | 0.0 |
| Birmingham | 1 | 75,108 | 37.8 | 12,855 | 28.7 | 57,651 | 41.3 | 3,659 | 40.0 |
| Birmingham | 2 | 94,475 | 47.5 | 20,052 | 44.7 | 66,576 | 47.7 | 4,512 | 49.3 |
| Birmingham | 3 | 13,882 | 7.0 | 521 | 1.2 | 12,964 | 9.3 | 343 | 3.8 |
| Birmingham | 4 | 5,779 | 2.9 | 4,247 | 9.5 | 1,073 | 0.8 | 228 | 2.5 |
| Birmingham | 5 | 9,585 | 4.8 | 7,172 | 16.0 | 1,422 | 1.0 | 403 | 4.4 |
| Brighton | 3 | 2,337 | 100.0 | 81 | 100.0 | 1,845 | 100.0 | 398 | 100.0 |
| Brookside | 4 | 1,253 | 100.0 | 891 | 100.0 | 287 | 100.0 | 33 | 100.0 |
| Cardiff | 4 | 52 | 100.0 | 50 | 100.0 | 0 | 0.0 | 2 | 100.0 |
| Center Point | 1 | 16,406 | 100.0 | 2,799 | 100.0 | 12,484 | 100.0 | 937 | 100.0 |
| Clay | 1 | 4,233 | 41.1 | 1,777 | 32.0 | 2,144 | 54.4 | 186 | 46.0 |
| Clay | 4 | 6,058 | 58.9 | 3,783 | 68.0 | 1,801 | 45.7 | 218 | 54.0 |
| Concord | 3 | 1,690 | 100.0 | 1,553 | 100.0 | 48 | 100.0 | 13 | 100.0 |
| County Line | 4 | 94 | 100.0 | 84 | 100.0 | 0 | 0.0 | 4 | 100.0 |
| Edgewater | 3 | 746 | 100.0 | 182 | 100.0 | 533 | 100.0 | 20 | 100.0 |

**Communities of Interest (Landscape, 11x8.5)**                                        Illustrative_Commission_Plan_

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Fairfield | 2 | 1,878 | 18.8 | 79 | 36.4 | 1,740 | 18.1 | 50 | 31.5 |
| Fairfield | 3 | 8,122 | 81.2 | 138 | 63.6 | 7,860 | 81.9 | 109 | 68.6 |
| Forestdale | 3 | 8,446 | 81.1 | 1,379 | 81.9 | 6,805 | 81.3 | 176 | 69.3 |
| Forestdale | 4 | 1,963 | 18.9 | 305 | 18.1 | 1,565 | 18.7 | 78 | 30.7 |
| Fultondale | 1 | 9,876 | 100.0 | 4,877 | 100.0 | 3,274 | 100.0 | 1,361 | 100.0 |
| Fultondale | 4 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Gardendale | 1 | 179 | 1.1 | 83 | 0.7 | 53 | 2.1 | 16 | 3.4 |
| Gardendale | 4 | 15,865 | 98.9 | 12,171 | 99.3 | 2,497 | 97.9 | 450 | 96.6 |
| Grayson Valley | 1 | 5,982 | 100.0 | 2,272 | 100.0 | 3,255 | 100.0 | 297 | 100.0 |
| Graysville | 4 | 1,950 | 100.0 | 1,262 | 100.0 | 555 | 100.0 | 64 | 100.0 |
| Helena | 3 | 2,493 | 100.0 | 1,040 | 100.0 | 1,310 | 100.0 | 66 | 100.0 |
| Homewood | 2 | 26,410 | 100.0 | 18,176 | 100.0 | 5,466 | 100.0 | 1,428 | 99.9 |
| Homewood | 5 | 4 | 0.0 | 2 | 0.0 | 1 | 0.0 | 1 | 0.1 |
| Hoover | 2 | 11,016 | 16.7 | 7,771 | 18.5 | 1,702 | 12.2 | 388 | 10.0 |
| Hoover | 3 | 1,196 | 1.8 | 502 | 1.2 | 324 | 2.3 | 61 | 1.6 |
| Hoover | 4 | 24 | 0.0 | 24 | 0.1 | 0 | 0.0 | 0 | 0.0 |
| Hoover | 5 | 53,725 | 81.5 | 33,702 | 80.2 | 11,954 | 85.5 | 3,442 | 88.5 |
| Hueytown | 3 | 16,776 | 100.0 | 8,639 | 100.0 | 6,736 | 100.0 | 961 | 100.0 |
| Irondale | 1 | 1,210 | 9.0 | 349 | 4.9 | 723 | 17.1 | 113 | 7.2 |
| Irondale | 4 | 12,212 | 90.5 | 6,795 | 94.6 | 3,492 | 82.3 | 1,447 | 92.5 |
| Irondale | 5 | 75 | 0.6 | 39 | 0.5 | 26 | 0.6 | 5 | 0.3 |
| Kimberly | 4 | 3,841 | 100.0 | 3,386 | 100.0 | 251 | 100.0 | 71 | 100.0 |
| Lake View | 3 | 305 | 100.0 | 81 | 100.0 | 213 | 100.0 | 7 | 100.0 |
| Leeds | 4 | 10,164 | 100.0 | 7,024 | 100.0 | 1,920 | 100.0 | 856 | 100.0 |

**Maptitude**
For Redistricting

**Communities of Interest (Landscape, 11x8.5)**

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Lipscomb | 2 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Lipscomb | 3 | 2,086 | 100.0 | 273 | 100.0 | 1,341 | 100.0 | 449 | 100.0 |
| Maytown | 3 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Maytown | 4 | 316 | 100.0 | 260 | 100.0 | 35 | 100.0 | 11 | 100.0 |
| McCalla | 3 | 12,965 | 100.0 | 7,322 | 100.0 | 4,765 | 100.0 | 450 | 100.0 |
| McDonald Chapel | 3 | 739 | 100.0 | 237 | 100.0 | 368 | 100.0 | 109 | 100.0 |
| Midfield | 3 | 5,211 | 100.0 | 422 | 100.0 | 4,488 | 100.0 | 280 | 100.0 |
| Minor | 3 | 1,088 | 100.0 | 594 | 100.0 | 384 | 100.0 | 73 | 100.0 |
| Morris | 4 | 2,259 | 100.0 | 2,096 | 100.0 | 58 | 100.0 | 20 | 100.0 |
| Mount Olive | 4 | 4,427 | 100.0 | 4,029 | 100.0 | 141 | 100.0 | 83 | 100.0 |
| Mountain Brook | 2 | 13 | 0.1 | 12 | 0.1 | 0 | 0.0 | 0 | 0.0 |
| Mountain Brook | 4 | 3,045 | 13.6 | 2,849 | 13.4 | 38 | 21.5 | 44 | 12.5 |
| Mountain Brook | 5 | 19,403 | 86.4 | 18,380 | 86.5 | 139 | 78.5 | 307 | 87.5 |
| Mulga | 3 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Mulga | 4 | 784 | 100.0 | 645 | 100.0 | 113 | 100.0 | 6 | 100.0 |
| North Johns | 3 | 127 | 100.0 | 68 | 100.0 | 52 | 100.0 | 7 | 100.0 |
| Pinson | 1 | 2,085 | 28.9 | 920 | 23.1 | 917 | 36.7 | 216 | 38.2 |
| Pinson | 4 | 5,130 | 71.1 | 3,062 | 76.9 | 1,579 | 63.3 | 350 | 61.8 |
| Pleasant Grove | 3 | 9,544 | 100.0 | 3,252 | 100.0 | 6,019 | 100.0 | 133 | 100.0 |
| Rock Creek | 3 | 1,471 | 100.0 | 1,350 | 100.0 | 41 | 100.0 | 21 | 100.0 |
| Sumiton | 4 | 22 | 100.0 | 16 | 100.0 | 3 | 100.0 | 3 | 100.0 |
| Sylvan Springs | 3 | 1,635 | 98.9 | 1,457 | 99.1 | 62 | 98.4 | 29 | 96.7 |
| Sylvan Springs | 4 | 18 | 1.1 | 13 | 0.9 | 1 | 1.6 | 1 | 3.3 |
| Tarrant | 1 | 6,124 | 100.0 | 1,523 | 100.0 | 3,203 | 100.0 | 1,219 | 100.0 |

**Maptitude**
For Redistricting

## Communities of Interest (Landscape, 11x8.5)

Illustrative_Commission_Plan_

| All Places | District | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|---|
| Trafford | 4 | 613 | 100.0 | 494 | 100.0 | 69 | 100.0 | 16 | 100.0 |
| Trussville | 1 | 6 | 0.0 | 2 | 0.0 | 4 | 0.2 | 1 | 0.2 |
| Trussville | 4 | 24,515 | 100.0 | 20,144 | 100.0 | 2,659 | 99.9 | 510 | 99.8 |
| Vestavia Hills | 2 | 62 | 0.2 | 42 | 0.1 | 10 | 0.5 | 6 | 0.5 |
| Vestavia Hills | 4 | 21 | 0.1 | 9 | 0.0 | 9 | 0.4 | 2 | 0.2 |
| Vestavia Hills | 5 | 38,979 | 99.8 | 32,491 | 99.8 | 2,080 | 99.1 | 1,250 | 99.4 |
| Warrior | 4 | 3,224 | 100.0 | 2,523 | 100.0 | 515 | 100.0 | 56 | 100.0 |
| West Jefferson | 4 | 417 | 100.0 | 383 | 100.0 | 6 | 100.0 | 12 | 100.0 |

**All Places**          **-- Listed by District**

| | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| **District 1** | | | | | | | | |
| Birmingham (part) | 75,108 | 37.8 | 12,855 | 28.7 | 57,651 | 41.3 | 3,659 | 40.0 |
| Center Point | 16,406 | 100.0 | 2,799 | 100.0 | 12,484 | 100.0 | 937 | 100.0 |
| Clay (part) | 4,233 | 41.1 | 1,777 | 32.0 | 2,144 | 54.4 | 186 | 46.0 |
| Fultondale (part) | 9,876 | 100.0 | 4,877 | 100.0 | 3,274 | 100.0 | 1,361 | 100.0 |
| Gardendale (part) | 179 | 1.1 | 83 | 0.7 | 53 | 2.1 | 16 | 3.4 |
| Grayson Valley | 5,982 | 100.0 | 2,272 | 100.0 | 3,255 | 100.0 | 297 | 100.0 |
| Irondale (part) | 1,210 | 9.0 | 349 | 4.9 | 723 | 17.1 | 113 | 7.2 |
| Pinson (part) | 2,085 | 28.9 | 920 | 23.1 | 917 | 36.7 | 216 | 38.2 |
| Tarrant | 6,124 | 100.0 | 1,523 | 100.0 | 3,203 | 100.0 | 1,219 | 100.0 |
| Trussville (part) | 6 | 0.0 | 2 | 0.0 | 4 | 0.2 | 1 | 0.2 |
| **District 1 Totals** | **121,209** | | **27,457** | | **83,708** | | **8,005** | |
| **District 2** | | | | | | | | |
| Bessemer (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Birmingham (part) | 94,475 | 47.5 | 20,052 | 44.7 | 66,576 | 47.7 | 4,512 | 49.3 |
| Fairfield (part) | 1,878 | 18.8 | 79 | 36.4 | 1,740 | 18.1 | 50 | 31.5 |
| Homewood (part) | 26,410 | 100.0 | 18,176 | 100.0 | 5,466 | 100.0 | 1,428 | 99.9 |
| Hoover (part) | 11,016 | 16.7 | 7,771 | 18.5 | 1,702 | 12.2 | 388 | 10.0 |
| Lipscomb (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Mountain Brook (part) | 13 | 0.1 | 12 | 0.1 | 0 | 0.0 | 0 | 0.0 |

**Communities of Interest (Landscape, 11x8.5)**                                                    Illustrative_Commission_Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| Vestavia Hills (part) | 62 | 0.2 | 42 | 0.1 | 10 | 0.5 | 6 | 0.5 |
| **District 2 Totals** | **133,854** | | **46,132** | | **75,494** | | **6,384** | |

**Communities of Interest (Landscape, 11x8.5)**                                          Illustrative_Commission_Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| **District 3** | | | | | | | | |
| Adamsville (part) | 1,484 | 34.0 | 561 | 32.5 | 811 | 34.1 | 67 | 36.8 |
| Bessemer (part) | 26,011 | 100.0 | 4,869 | 99.8 | 18,534 | 100.0 | 2,305 | 100.0 |
| Birmingham (part) | 13,882 | 7.0 | 521 | 1.2 | 12,964 | 9.3 | 343 | 3.8 |
| Brighton | 2,337 | 100.0 | 81 | 100.0 | 1,845 | 100.0 | 398 | 100.0 |
| Concord | 1,690 | 100.0 | 1,553 | 100.0 | 48 | 100.0 | 13 | 100.0 |
| Edgewater | 746 | 100.0 | 182 | 100.0 | 533 | 100.0 | 20 | 100.0 |
| Fairfield (part) | 8,122 | 81.2 | 138 | 63.6 | 7,860 | 81.9 | 109 | 68.6 |
| Forestdale (part) | 8,446 | 81.1 | 1,379 | 81.9 | 6,805 | 81.3 | 176 | 69.3 |
| Helena | 2,493 | 100.0 | 1,040 | 100.0 | 1,310 | 100.0 | 66 | 100.0 |
| Hoover (part) | 1,196 | 1.8 | 502 | 1.2 | 324 | 2.3 | 61 | 1.6 |
| Hueytown | 16,776 | 100.0 | 8,639 | 100.0 | 6,736 | 100.0 | 961 | 100.0 |
| Lake View | 305 | 100.0 | 81 | 100.0 | 213 | 100.0 | 7 | 100.0 |
| Lipscomb (part) | 2,086 | 100.0 | 273 | 100.0 | 1,341 | 100.0 | 449 | 100.0 |
| Maytown (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| McCalla | 12,965 | 100.0 | 7,322 | 100.0 | 4,765 | 100.0 | 450 | 100.0 |
| McDonald Chapel | 739 | 100.0 | 237 | 100.0 | 368 | 100.0 | 109 | 100.0 |
| Midfield | 5,211 | 100.0 | 422 | 100.0 | 4,488 | 100.0 | 280 | 100.0 |
| Minor | 1,088 | 100.0 | 594 | 100.0 | 384 | 100.0 | 73 | 100.0 |
| Mulga (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| North Johns | 127 | 100.0 | 68 | 100.0 | 52 | 100.0 | 7 | 100.0 |
| Pleasant Grove | 9,544 | 100.0 | 3,252 | 100.0 | 6,019 | 100.0 | 133 | 100.0 |
| Rock Creek | 1,471 | 100.0 | 1,350 | 100.0 | 41 | 100.0 | 21 | 100.0 |
| Sylvan Springs (part) | 1,635 | 98.9 | 1,457 | 99.1 | 62 | 98.4 | 29 | 96.7 |
| **District 3 Totals** | **118,354** | | **34,521** | | **75,503** | | **6,077** | |

## Communities of Interest (Landscape, 11x8.5)

Illustrative_Commission_Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| **District 4** | | | | | | | | |
| Adamsville (part) | 2,882 | 66.0 | 1,163 | 67.5 | 1,567 | 65.9 | 115 | 63.2 |
| Argo | 61 | 100.0 | 51 | 100.0 | 7 | 100.0 | 2 | 100.0 |
| Birmingham (part) | 5,779 | 2.9 | 4,247 | 9.5 | 1,073 | 0.8 | 228 | 2.5 |
| Brookside | 1,253 | 100.0 | 891 | 100.0 | 287 | 100.0 | 33 | 100.0 |
| Cardiff | 52 | 100.0 | 50 | 100.0 | 0 | 0.0 | 2 | 100.0 |
| Clay (part) | 6,058 | 58.9 | 3,783 | 68.0 | 1,801 | 45.7 | 218 | 54.0 |
| County Line | 94 | 100.0 | 84 | 100.0 | 0 | 0.0 | 4 | 100.0 |
| Forestdale (part) | 1,963 | 18.9 | 305 | 18.1 | 1,565 | 18.7 | 78 | 30.7 |
| Fultondale (part) | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Gardendale (part) | 15,865 | 98.9 | 12,171 | 99.3 | 2,497 | 97.9 | 450 | 96.6 |
| Graysville | 1,950 | 100.0 | 1,262 | 100.0 | 555 | 100.0 | 64 | 100.0 |
| Hoover (part) | 24 | 0.0 | 24 | 0.1 | 0 | 0.0 | 0 | 0.0 |
| Irondale (part) | 12,212 | 90.5 | 6,795 | 94.6 | 3,492 | 82.3 | 1,447 | 92.5 |
| Kimberly | 3,841 | 100.0 | 3,386 | 100.0 | 251 | 100.0 | 71 | 100.0 |
| Leeds | 10,164 | 100.0 | 7,024 | 100.0 | 1,920 | 100.0 | 856 | 100.0 |
| Maytown (part) | 316 | 100.0 | 260 | 100.0 | 35 | 100.0 | 11 | 100.0 |
| Morris | 2,259 | 100.0 | 2,096 | 100.0 | 58 | 100.0 | 20 | 100.0 |
| Mount Olive | 4,427 | 100.0 | 4,029 | 100.0 | 141 | 100.0 | 83 | 100.0 |
| Mountain Brook (part) | 3,045 | 13.6 | 2,849 | 13.4 | 38 | 21.5 | 44 | 12.5 |
| Mulga (part) | 784 | 100.0 | 645 | 100.0 | 113 | 100.0 | 6 | 100.0 |
| Pinson (part) | 5,130 | 71.1 | 3,062 | 76.9 | 1,579 | 63.3 | 350 | 61.8 |
| Sumiton | 22 | 100.0 | 16 | 100.0 | 3 | 100.0 | 3 | 100.0 |
| Sylvan Springs (part) | 18 | 1.1 | 13 | 0.9 | 1 | 1.6 | 1 | 3.3 |
| Trafford | 613 | 100.0 | 494 | 100.0 | 69 | 100.0 | 16 | 100.0 |
| Trussville (part) | 24,515 | 100.0 | 20,144 | 100.0 | 2,659 | 99.9 | 510 | 99.8 |
| Vestavia Hills (part) | 21 | 0.1 | 9 | 0.0 | 9 | 0.4 | 2 | 0.2 |
| Warrior | 3,224 | 100.0 | 2,523 | 100.0 | 515 | 100.0 | 56 | 100.0 |

**Maptitude**
For Redistricting

**Communities of Interest (Landscape, 11x8.5)**                                            Illustrative_Commission_Plan_

|  | Population | % | NH_Wht | % | AP_Blk | % | [Hispanic Origin] | % |
|---|---|---|---|---|---|---|---|---|
| West Jefferson | 417 | 100.0 | 383 | 100.0 | 6 | 100.0 | 12 | 100.0 |
| **District 4 Totals** | **106,989** | | **77,759** | | **20,241** | | **4,682** | |
| *District 5* | | | | | | | | |
| Bessemer (part) | 8 | 0.0 | 8 | 0.2 | 0 | 0.0 | 0 | 0.0 |
| Birmingham (part) | 9,585 | 4.8 | 7,172 | 16.0 | 1,422 | 1.0 | 403 | 4.4 |
| Homewood (part) | 4 | 0.0 | 2 | 0.0 | 1 | 0.0 | 1 | 0.1 |
| Hoover (part) | 53,725 | 81.5 | 33,702 | 80.2 | 11,954 | 85.5 | 3,442 | 88.5 |
| Irondale (part) | 75 | 0.6 | 39 | 0.5 | 26 | 0.6 | 5 | 0.3 |
| Mountain Brook (part) | 19,403 | 86.4 | 18,380 | 86.5 | 139 | 78.5 | 307 | 87.5 |
| Vestavia Hills (part) | 38,979 | 99.8 | 32,491 | 99.8 | 2,080 | 99.1 | 1,250 | 99.4 |
| **District 5 Totals** | **121,779** | | **91,794** | | **15,622** | | **5,408** | |

## Summary Statistics

| | |
|---|---|
| Number of All Places not split | 29 |
| Number of All Places split | 19 |
| Number of All Places split in 2 | 13 |
| Number of All Places split in 3 | 4 |
| Number of All Places split in 4 | 1 |
| Number of All Places split in 5 | 1 |
| Total number of splits | 47 |

# TAB 164

FILED

2025 Jan-10 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARA MCCLURE, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:23-cv-00443-MHH** |
| | } | |
| **JEFFERSON COUNTY** | } | |
| **COMMISSION,** | } | |
| | } | |
| **Defendant.** | } | |

| | | |
|---|---|---|
| **ALEXIA ADDOH-KONDI, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:23-cv-00503-MHH** |
| | } | |
| **JEFFERSON COUNTY** | } | |
| **COMMISSION,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in these consolidated cases challenge the County Commission electoral district map the defendant, the Jefferson County Commission, drew following the 2020 United States Census. (Doc. 1, pp. 1-2, ¶¶ 1-3; 23-cv-503, Doc.

1, p. 1, ¶ 1).[1] The plaintiffs, civil rights organizations and voters residing in Jefferson County, allege that the district boundaries the Commission adopted in 2021 are racially gerrymandered in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1, p. 2, ¶ 4; 23-cv-503, Doc. 1, p. 1, ¶ 1).[2] The parties have filed cross motions for summary judgment. (Doc. 94; Doc. 95; 23-cv-503, Doc. 99; 23-cv-503, Doc. 100; 23-cv-503, Doc. 101). This opinion addresses the parties' motions.

To evaluate the parties' motions, this opinion begins with a description of the summary judgment standard. The Court then discusses the relevant facts in the evidentiary record. Finally, the Court evaluates the facts under the law concerning the parties' summary judgment motions.

## I.

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate a genuine dispute as to a

---

[1] Record citations in this opinion are to docket entries in *McClure et al. v. Jefferson County Commission*, No. 2:23-cv-00443-MHH, except where the Court explicitly cites to documents in *Addoh-Kondi et al. v. Jefferson County Commission*, No. 2:23-cv-00503-MHH.

[2] The *McClure* plaintiffs are Jefferson County resident Cara McClure, Greater Birmingham Ministries, The Metro-Birmingham Branch of the NAACP, and the Alabama State Conference of the NAACP. (Doc. 1, p. 1, ¶ 1). The *Addoh-Kondi* plaintiffs are Jefferson County residents Alexia Addoh-Kondi, Cynthia Bonner, Ja'Nelle Brown, Eric Hall, Michael Hansen, Julia Juarez, Charles Long, William Muhammad, Fred Lee Randall, Tammie Smith, and Robert Walker. (23-cv-00503, Doc. 1, pp. 6-8, ¶¶ 15-25).

material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

When considering a motion for summary judgment, a district court must view the evidence in the record in the light most favorable to the non-moving party and draw reasonable inferences in favor of the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "A litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018); *see also Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, Feliciano's sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). Even if a district court doubts the veracity of the evidence, the court cannot make credibility determinations; that is the work of a factfinder. *Feliciano*, 707 F.3d at 1252 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Still, conclusory statements in a declaration cannot

by themselves create a genuine issue of material fact. *See Stein*, 881 F.3d at 857

(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Cross-motions for summary judgment do not alter the Rule 56 standard.
*United States v. Oakley*, 744 F.2d 1553, 1555-56 (11th Cir. 1984). When considering

cross-motions for summary judgment, district courts "should be very careful in their

analysis to ensure that the proper party receives the benefit of the summary judgment

standard." *FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 959

(11th Cir.), *cert. denied*, 144 S. Ct. 103 (2023). When parties file cross-motions for

summary judgment, the district court has "three options: granting summary

judgment for the plaintiff under the defendant's best case, granting summary

judgment for the defendant under the plaintiff's best case, or denying both motions

for summary judgment and proceeding to trial." *FCOA*, 57 F.4th at 959.

"Summary judgment in [redistricting] cases presents particular challenges due

to the fact-driven nature of the legal tests required by the Supreme Court and

[Eleventh Circuit] precedent." *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of

Comm'rs*, 775 F.3d 1336, 1348 (11th Cir. 2015); *see Hunt v. Cromartie* (*Cromartie

I*), 526 U.S. 541, 553, 553 n.9 (1999) (reversing a district court's grant of summary

judgment in a racial gerrymandering case and stating that "summary judgment is

rarely granted in cases where the issue is a defendant's racial motivation" and that

"'the sensitive nature of redistricting and the presumption of good faith that must be

accorded legislative enactments'" frequently "tip the balance in favor of the District Court making findings of fact") (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). "That is not to say that summary judgment in a plaintiff's favor will never be appropriate in a racial gerrymandering case sought to be proved exclusively be circumstantial evidence." *Cromartie I*, 526 U.S. at 553. There may be "instance[s] where the uncontroverted evidence and the reasonable inferences to be drawn in the nonmoving party's favor would not be 'significantly probative' so as to create a genuine issue of fact for trial." *Cromartie I*, 526 U.S. at 553 (quotation omitted).

## I.

The Jefferson County Commission is the governing body of Jefferson County, Alabama. ALA. CODE § 45-37-72(b). Between 1931 and 1985, by statute, the Commission had three commissioners elected at-large by voters in Jefferson County. (Doc. 1-1, p. 3, ¶ 4 (citing Act of Apr. 5, 1939, No. 17, § 2, 1939 Ala. Laws 18, 18-19 (codification omitted)); Doc. 1-2, p. 4, ¶ 10; 23-cv-503, Doc. 90-2, p. 3, ¶ 3). Over that 55-year period, voters in Jefferson County did not elect a Black candidate for commissioner even though commissioners ran for election every four years, and by the 1980s, Black residents comprised approximately one-third of the county's total population. (Doc. 1-2, p. 3, ¶ 7; 23-cv-503, Doc. 90-2, p. 3, ¶ 7); (Doc. 85-1, p. 8 )(explaining that dating to the 1930's, the at-large commissioners for Jefferson County served four-year terms); *see Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d

5

1056, 1058 (11th Cir. 1992) (explaining that the first Black commissioner was elected to the Commission in November 1986).

On July 2, 1984, Michael Taylor, Willie L. Allen, and Anita Smith sued the Jefferson County Commission, the three county commissioners, the Probate Judge of Jefferson County, and the Alabama Secretary of State. (Doc. 1-1, p. 1; Doc. 85-2, p. 2; Doc. 154-1, pp. 1-3, ¶¶ 3, 5–8). The plaintiffs in that case, *Taylor v. Jefferson County Commission et al.*, No. CA-84-C-1730-S, alleged that the at-large structure of the Commission discriminated against them based on race and diluted minority voting power in violation of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution. (Doc. 154-1, pp. 5-6, ¶¶ 21-22, 23, 25(a)).[3] The *Taylor* plaintiffs highlighted the "long history of official purposeful discrimination against and disfranchisement [sic] of qualified black voters" that had denied those minority voters "the opportunity to register, to vote,

---

[3] The Court obtained the complaint and other docket entries in *Taylor* from the National Archives because documents from *Taylor* are not readily available from the Clerk's Office for the Northern District of Alabama. The Court has attached the *Taylor* complaint, amended complaint, and joint statement of principal facts to a notice of filing which appears at Doc. 154. The Court takes notice of these official records. FED. R. EVID. 201(b)(2), (c)(1).

Vote dilution occurs when, for example, a legislative body disperses members of a group "into districts in which they constitute an ineffective minority of voters." *Cooper v. Harris*, 581 U.S. 285, 292 (2017) (internal quotation marks omitted) (quoting *Thornburg v. Gingles*, 478 U.S. 30, 46 n.11 (1986)); *see also Allen v. Milligan*, 599 U.S. 1, 17-18 (2023) (indicating vote dilution occurs when "an 'electoral structure operates to minimize or cancel out' minority voters' 'ability to elect their preferred candidates'"). "In 1982, Congress amended the Voting Rights Act of 1965 to make unlawful any electoral practice which has even the *unintentional* effect of minority vote dilution." *Clark v. Putnam Cnty.*, 293 F.3d 1261, 1266 (11th Cir. 2002) (italics in *Clark*).

and otherwise to participate in the democratic process" in Jefferson County. (Doc. 154-1, p. 3, ¶ 14). The *Taylor* plaintiffs asserted that voting in Jefferson County had been "racially polarized in elections in which a black candidate [ran] for office, with white voters generally voting for white candidates and blacks voting for non-white candidates for elective office." (Doc. 154-1, pp. 3-4, ¶ 15). As a result, the *Taylor* plaintiffs alleged, though Black candidates had run for office, "no black candidates ha[d] been elected to the Jefferson County Commission and black voters ha[d] been denied the opportunity to elect candidates of their choice to elective office." (Doc. 154-1, pp. 4, 5, ¶¶ 18, 21).

With respect to the Black population of Jefferson County, the *Taylor* plaintiffs asserted that single-member districts could be drawn to allow Black voters to elect candidates of their choice. The plaintiffs alleged that as of the filing of their complaint:

> According to the 1980 Census, the population of Jefferson County [was] 671,324, of which 66% [were] white and 33% [were] black residents of Jefferson County, Alabama.

> According to the 1980 Census, the black population [was] concentrated in the western section of Birmingham and the eastern section of the Bessemer Cut-off. . . .

> The black population of Jefferson County [was] sufficiently numerous and sufficiently concentrated in particular areas of the county, so that if members of the governing body were elected from single member districts, blacks would be a voting majority in some of those districts and would have a reasonable opportunity to elect candidates of their choice to the county governing body.

(Doc. 154-1, pp. 3, 6, ¶¶ 11, 12, 24).[4]

The parties negotiated a consent decree to resolve the *Taylor* case. (Doc. 1-1). As part of the consent order proceedings, the parties filed a "Joint Statement of Principal Facts" that described Alabama's and Jefferson County's systematic discrimination against Black voters. (Doc. 154-1, pp. 1-5, ¶¶ 1-13).[5] The parties stated that Jefferson County's "at-large method of selection" had been established in 1819. (Doc. 154-1, p. 47, ¶ 175). The parties acknowledged that in 1984, 31.3% of the voting age population in Jefferson County was Black, and 72.16% of the Black population in Jefferson County over the age of 18 was registered to vote in the November 1984 election, meaning that 72.16% of the Black voting age population or VAP was registered to vote. (Doc. 154-1, pp. 41, 45, ¶¶ 146, 152). The parties agreed that from 1900 to 1984, no Black person had been elected as a Jefferson County Commissioner even though Black candidates had run for office. (Doc. 154-1, pp. 45-46, ¶¶ 151, 159).[6]

---

[4] The *Taylor* plaintiffs amended their complaint two weeks after they filed their lawsuit. (Doc. 154-2, pp. 1, 7). The amendment did not affect the plaintiffs' substantive allegations.

[5] The parties also described other instances of systemic *de jure* segregation and racial discrimination in Alabama and in Jefferson County. (Doc. 154-1, pp. 6-32, ¶¶ 20-107).

[6] In addition to the parties' joint statement of facts, the plaintiffs and the defendants submitted additional facts. (Doc. 154-1, pp. 54-66 (defendants' additional facts); Doc. 154-1, pp. 67-71 (plaintiffs' additional facts)). The defendants asserted, for example, that "Black persons ha[d] qualified as candidates for the Jefferson County Commission in five of the [preceding] eight elections to the Commission, and the defendants twice asserted: "Blacks have a fair chance of being elected at large to the Jefferson County Commission." (Doc. 154-1, p. 56, ¶¶ 1203, 1204,

The Court entered the consent decree on August 17, 1985. (Doc. 1-1). Under the decree, Jefferson County had to "promptly file" the decree "with the Attorney General of the United States, along with the necessary supporting material, for preclearance under Section 5 of the Voting Rights Act." (Doc. 1-1, p. 3, ¶ 4).[7] The parties amended the consent decree on November 1, 1985. (Doc. 85-2). The parties attached to the amended consent decree an exhibit that "show[ed] the racial composition of each Commission district by reference to census enumeration tracts," (Doc. 85-2, pp. 3, 9-14, 18-21), and maps that depict[ed] the boundaries of the five districts, (Doc. 85-2, pp. 16-17).[8]

---

1206) (brackets added). In contrast, the plaintiffs asserted: "Blacks have almost no chance of being elected at large to the Jefferson County Commission. (Doc. 154-1, p. 70, ¶ 2203).

[7] Under Section 5 of the VRA, DOJ approval for revisions of district boundaries was called preclearance. "Under § 5, a covered jurisdiction [had to] seek preclearance either by filing a declaratory judgment action in the United States District Court for the District of Columbia, or by submitting the election law change to the United State [sic] Attorney General for administrative preclearance. The Voting Section of the Civil Rights Division of the DOJ [was] charged with administering preclearance on behalf of the Attorney General." *Clark*, 293 F.3d at 1264 n.11. "Jurisdictions covered by § 5 include[d] those which in 1965 had substantial histories of intentional disenfranchisement of black voters." *Clark*, 293 F.3d at 1264 n.11.

[8] The Court has not been able to locate in the record the maps of the original five districts that the parties attached to the amended consent decree. The Court obtained from the Birmingham Public Library a document that the Commission published in 1986 that contains maps of the five districts created under the consent decree. The Court has placed the booklet in the record as Doc. 161-1 and has attached the booklet to this opinion as Appendix A.

Per the 1986 maps, Districts 3, 4, and 5 surrounded Districts 1 and 2, with District 3 forming a rough horseshoe to the left of Districts 1 and 2, joining District 4 at the top of the county and District 5 at the bottom of the county. (Doc. 161-1, p. 3; Appx. A, p. 3). District 1 sat above and to the right of District 2. District 1 consisted of Pratt City and the City of Birmingham. (Doc. 161-1, p. 4; Appx. A, p. 4). District 2 consisted of the western section of Birmingham, the cities of Bessemer, Brighton, and Lipscomb, and the town of Midfield. (Doc. 161-1, p. 5; Appx. A, p. 5).

On November 18, 1985, the Commission submitted the consent decree, amended consent decree, supporting exhibits, and an explanatory letter to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act. (Doc. 1-2; 23-cv-503, Doc. 90-2, pp. 2-50). In the letter to the DOJ, the Commission stated that the consent decree abolished Jefferson County's at-large election of county commissioners and created five districts, two of which were drawn "to provide blacks with a greater opportunity to elect black commissioners." (Doc. 1-2, p. 3, ¶ 7; 23-cv-503, Doc. 90-2, p. 3, ¶ 7). Districts 1 and 2 were "formed out of the central area of [Jefferson County], primarily within the City of Birmingham." (Doc. 85-1, p. 8; Doc. 85-4, p. 111). The boundaries selected for District 1 created a voting population that was 65.6% Black, and the boundaries selected for District 2 created a voting population that was 66.8% Black. (Doc. 1-2, p. 3, ¶ 8; Doc. 85-2, p. 14; 23-cv-503, Doc. 90-2, p. 3, ¶ 8). The Commission stated that it anticipated that the "effect of the change" would be that Black voters would have "a greater opportunity to elect 2/5 or 40% of the County Commission positions." (Doc. 1-2, p. 3, ¶ 8; Doc. 85-2, p. 14; 23-cv-503, Doc. 90-2, p. 3, ¶ 8); *see also Yeldell*, 956 F.2d at 1058 (citing consent decree and explaining that the decree produced "a five-member district form of government to ensure greater minority representation on the Commission").[9]

---

[9] During the preliminary injunction hearing in this case, counsel for the Commission argued "that the real purpose of the consent decree wasn't necessarily the racial demographics of the district, it was splitting the county into those five districts, going from a single -- the at-large districting

In January 1986, the DOJ approved the change to the structure of the Jefferson County Commission.  (Doc. 85-1, p. 8; 23-cv-503, Doc. 90-2, p. 51).  In November 1986, in the first election under the five-district system, voters in Districts 1 and 2 elected Black males to serve as commissioners, and voters in Districts 3, 4, and 5 elected white males to serve as commissioners.  (Doc. 85-1, p. 8).  Four years later, in November 1990, voters in Districts 1 and 2 elected Black males to serve as commissioners, and voters in Districts 3, 4, and 5 elected two white males and one white female to serve as commissioners.  (Doc. 85-1, p. 9).

Under Alabama law, after each decennial census, the Commission could alter the boundaries of the districts.[10]  Following the 1990, 2000, and 2010 United States

---

scheme to the single member districting scheme.”  (Doc. 58, p. 17, tp. 17:2-6).  As the preceding discussion illustrates, the consent decree resolved the Commission's alleged violations of Section 2 of the VRA and the Fourteenth and Fifteenth Amendments, violations premised on the racial demographics of Jefferson County and the inability of Black voters in Jefferson County to select a candidate of their choice under the statute that provided for at-large election of Jefferson County Commissioners.  Implicit in the Eleventh Circuit's remark in *Yeldell* is the Court of Appeals' understanding that the consent order was meant to provide to Black voters in Jefferson County an opportunity to elect candidates of their choice by designing single-member districts with majority Black VAP.  *See Yeldell*, 956 F.2d at 1058.  The Commission explicitly acknowledged in its Section 5 submissions to the DOJ that it understood that the consent decree was meant to give Black voters in Jefferson County the ability to select two of the five county commissioners.  (Doc. 1-2, p. 3, ¶ 8).

Neither the original nor the amended consent decree imposes population targets based on race within the single-member districts.  According to the *McClure* plaintiffs' expert William Cooper, the 65% Black districts were consistent with the prevailing policy for majority-minority districts designed to cure VRA violations.  (Doc. 85-3, pp. 5-6, ´¶ 8) (citing Kimball Brace et al., *Minority Voting Equality:  The 65 Percent Rule in Theory and Practice*, 10 L. & POL'Y 43, 43-62 (1988)).

[10] *See* ALA. CODE § 11-2-1.1(a) (“Following the release of any federal decennial census, any county commission of this state which is at that time electing its members from single-member districts,

Censuses, the Commission redrew its electoral map and, pursuant to VRA Section 5, submitted for and received approval from the DOJ for the changes to district boundaries. (*See generally* Doc. 85-1 (2001 Section 5 submission); Doc. 85-4 (1993 Section 5 submission); Doc. 86-6 (2013 Section 5 submission)).[11]

The Commission's 1993 DOJ submission begins with a statement of the purpose of the submission: "This letter will constitute a submission under Section 5 of the Voting Rights Act regarding the alteration of the Jefferson County Commission single-member district boundary lines, following the 1990 United States Census." (Doc. 85-4, p. 2). The Commission stated that its proposed electoral district changes brought "each district close to the ideal district population, without significantly changing the ratio of black and white population within the districts." (Doc. 85-4, p. 3, ¶ 3).[12] The Commission reported that the ideal district population was 130,305. (Doc. 85-4, p. 3, ¶ 3; Doc. 85-4, p. 110). Per the 1990 Census, District 1's total population was 110,084 and was 72.58% Black, District 2's total population

_____

pursuant to either state or local law or a court order, may, by resolution, alter the boundaries of its districts.").

[11] In 2004, the Commission also sought and received DOJ approval for adjustments made to the district lines drawn in 2001 in compliance with the terms of a settlement agreement resolving a lawsuit filed following the 2001 redistricting. (*See generally* Doc. 85-5 (2004 Section 5 submission)).

[12] "Ideal population size of a district is the quotient of the population of a county divided by the number of its electoral districts." *Clark*, 293 F.3d at 1263 n.6. "Reapportionment every ten years ensures that electoral districts contain approximately equal populations, thus ensuring one-person, one-vote, as the Constitution requires." *Clark*, 293 F.3d at 1264 n.7 (citing *Reynolds v. Sims*, 377 U.S. 533, 583-84 (1964)).

was 122,225 and was 80.40% Black, District 3's total population was 131,771 and was 22.89% Black, District 4's total population was 147,664 and was 7.48% Black, and District 5's total population was 139,781 and was 10.74% Black. (Doc. 85-4, p. 110). After the Commission revised the boundaries of the five districts, District 1's total population was below ideal population at 126,847 citizens and was 73.25% Black. (Doc. 85-4, p. 111). District 2's total population was 132,635 citizens and was 68.93% Black, District 3's total population was 130,166 citizens and was 21.22% Black, District 4's total population was 132,792 citizens and was 6.05% Black, and District 5's total population was 129,056 citizens and was 6.34% Black. (Doc. 85-4, p. 111). The Commission submitted the following district map to DOJ for approval:



13

(Doc. 85-4, p. 111).  As illustrated Districts 3, 4, and 5 continued to surround Districts 1 and 2.  (*Compare* Doc. 161-1, p. 3, *and* Appx. A, p. 3, *with* Doc. 85-4, p. 111).  The Commission altered the composition of Districts 1 and 2 so that District 2, while still below and to the left of District 1, extended in a thin fashion eastward on top of District 5.  (Doc. 85-4, p. 111).

A newspaper clip attached to the Section 5 documentation and published shortly after the Commission adopted its 1993 redistricting plan stated that federal law required commission districts to have "a fairly equal number of people in each district and that two of the districts have a majority of black residents."  (Doc. 85-4, p. 131).  The article added that following redistricting, District 1, "a majority black district that include[d] much of Birmingham and the middle of Jefferson County" that was the "smallest" district, was more than 73% Black.  (Doc. 85-4, p. 131).  In contrast, District 3, which "cover[ed] almost half the county," was 78% White.  (Doc. 85-4, p. 131).  The article described District 2 as a "majority black district stretching from Bessemer to Birmingham's southside."  (Doc. 85-4, p. 131).  Another article attached to the Section 5 documentation reported that Commissioner Gary White stated that "moving district lines was necessary to meet federal guidelines keeping districts roughly equal in population and keeping two majority black districts."  (Doc. 85-4, p. 135).  According to the article, "[b]ecause [Commissioner] White's district needed to shrink to lose nearly 9,000 residents and McNair's needed

14

to grow, the new lines placed much of Birmingham's Southside into [Commissioner] McNair's district." (Doc. 85-4, p. 135).

DOJ cleared the Commission's 1993 redistricting on December 27, 1993. (Doc. 85-4, p. 136). In November 1994, voters in Districts 1 and 2 elected Black males to serve as commissioners, and voters in Districts 3, 4, and 5 elected two white females and one white male to serve as commissioners. (Doc. 85-1, p. 9). In November 1998, voters in the five districts re-elected the same five commissioners. (Doc. 85-1, p. 9).[13]

In its 2001 DOJ submission, the Commission noted that the county's Black population had increased and constituted 39% of the total population. (Doc. 85-1, p. 7). Districts 1 and 2 had lost 17% and 9% of their populations respectively, and Black individuals were 82.13% of the total population in District 1 and 76.70% of the total population in District 2. (Doc. 85-1, p. 12). The Commission reported an ideal district population of 132,409. (Doc. 85-1, p. 11). The Commission described the commissioners representing each district by race and gender and stated that since 1986, two of the five districts had Black populations higher than 65%, and voters in the majority-Black districts consistently had elected Black candidates. (Doc. 85-1, pp. 8-9). The Commission submitted the version of the map it approved, the other

---

[13] In the interim between the 1993 and 1998 elections, the Alabama Legislature codified the five-member, single-district commission. (Doc. 85-1, p. 9); *see* ALA. CODE § 45-37-72.

two maps the Commission advertised, and a copy of a map of the 1993 districts which contained "an identification of the location of black populations and white populations." (Doc. 85-1, p. 14).[14]

In its 2001 letter, the Commission explained its efforts to redraw district lines as follows:

> To re-arrange the boundaries to obtain population for compliance with the one person-one vote rule, [Districts 1 and 2] were expanded somewhat outward, as compared with their previous boundaries. District One expanded westward to include large parts of the Ensley area, and the City of Fairfield. District One's northern boundary also moved, somewhat to the north and took in virtually all of the City of Fultondale. District Two moved west further. It gave up Fairfield and parts of Ensley and expanded its western boundary, especially through most of the City of Bessemer, in a southwesterly direction. District Two also moved some to the south to take in parts of the Southside of Birmingham previously located in District Five. These expansions of the boundaries of District One and District Two leave them located centrally in Jefferson County, although extended somewhat out of the central area.

(Doc. 85-1, p. 13).

For the first time in 2001, the Commission reported VAP statistics. (Doc. 85-1, pp. 45-46). The statistics showed that under the proposed district lines, District 1 had a Black VAP that was 74.89% of the total VAP; District 2 had a Black VAP that was 68.78% of the total VAP; and in Districts 3, 4, and 5, the Black VAP was, respectively, 15.83%, 12.92%, and 11.01% of the total VAP for those districts. (Doc.

---

[14] The maps are not part of the DOJ submission that appears in the record.

16

85-1, pp. 45-46).  For Districts 1 and 2, the Black population was 73.45% of the total population.  (Doc. 85-1, p. 45).[15]  The Commission stated that its changes brought "each district close to the ideal district population without significantly changing the ratio of black and white population within the districts."  (Doc. 85-1, p. 12).  The Commission anticipated that the "effect of the change on members of racial or language minority groups [was] insignificant."  (Doc. 85-1, p. 12).[16]

The following maps illustrate the contrast between the district borders in 1993 and the borders following the 2001 redistricting:

---

[15] Elsewhere in the 2001 DOJ submission, the Commission reported that under the 2001 redistricting, Black citizens were 78% of the total population in District 1 and 73.45% of the total population in District 2.  (Doc. 85-1, p. 12).  Either way, the Black population in Districts 1 and 2 increased from the Black population in those districts under the Commission's 1993 redistricting plan.

[16] The Commission added 10,019 white citizens and 15,098 Black citizens to District 1.  (Doc. 85-1, pp. 43, 45).  In District 2, the Commission added 5,999 white citizens and 4,655 Black citizens.  (Doc. 85-1, pp. 43, 45).  In District 3, the Commission removed more than 15,000 Black individuals and added roughly 3,500 white individuals, lowering the total percentage of the population that Black citizens comprised to 17.14%.  (Doc. 85-1, pp. 44-45).  Districts 4 and 5 lost 9,062 and 10,480 white citizens and 2,624 and 973 Black citizens, respectively; the overall percentage of Black population fell from 16.42% to 15.29% in District 4 and increased from 11.48% to 11.88% in District 5.  (Doc. 85-1, pp. 44, 46).

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 265 of 496

**1993 Commission Map (Left) with 2001 Commission Map (Right)**



(Doc. 85-4, p. 111); (Doc. 85-5, p. 219) (red boundary and black numbering overlay added for legibility).

The DOJ did not object to the 2001 redistricting.  (Doc. 85-1, p. 104).

The Commission's final Section 5 DOJ submission in 2013 is similar to the 1985, 1993, and 2001 documents.  The Commission noted that the county's Black population had grown to comprise 41% of the total population.  (Doc. 85-6, p. 1076). The Commission described the commissioners representing each district based on their race and gender.  (Doc. 85-6, pp. 1077-79).  The Commission indicated that, following 1986, two districts had Black populations greater than 65% and had elected Black Commissioners.  (Doc. 85-6, p. 1076).  The Commission stated:  "In the new plan, the districts are drawn in such a way that incumbent African-Americans represent districts in which the population is majority black."  (Doc. 85-6, p. 1084).  The Commission reported that the Black population of District 1 was 76.14% of the district's total population, and the Black population of District 2 was 73.39% of the district's total population.  (Doc. 85-5, p. 1082).   The Commission stated that the "change in district boundaries w[ould] bring each district close to the ideal district population without significantly changing the ratio of black and white population within the districts," with the "anticipated effect of the change on members of racial or language minority groups [being] insignificant."  (Doc. 85-6, p. 1081-82) (brackets added).

In its 2013 letter, the Commission described the boundary revisions to the DOJ as follows:

19

[Districts 1 and 2] were expanded somewhat outward, as compared with their previous boundaries. District 1 expanded westward to include large parts of the Forestdale area, and the City of Midfield. District 1's northern boundary also moved, somewhat to the northeast and took in parts of Center Point and East Birmingham. District 2 moved north and south further. It gave up Midfield and moved into central Birmingham and to the south taking in parts of Homewood. These expansions of the boundaries of District 1 and 2 leave them located centrally in Jefferson County, although extended somewhat out of the central area.

(Doc. 85-6, p. 1082) (brackets added).[17]

Based on this information, among other data, the DOJ precleared the map on April 26, 2013. (Doc. 85-6, p. 1075). Less than two months later, the Supreme Court's ruling in *Shelby County v. Holder*, 570 U.S. 529 (2013), rendered Section 5 of the VRA inoperable. *See* 570 U.S. at 550, 557. As a result, the Commission did not submit a Section 5 preclearance letter when it next redistricted in 2021.

According to Barry Stephenson, the Chairman of the Jefferson County Board of Registrars, the county received 2020 Census data in August of 2021. (Doc. 85-9, pp. 14, 107, 109, ¶¶ 7, 23). Mr. Stephenson and two other county employees loaded this data into the county's GIS mapping software, MapInfo. (Doc. 85-9, p. 107, ¶ 8). The software can show the racial make-up of districts but not partisan preferences of voters because Alabama law does not require voters to register by political party. (Doc. 85-9, pp. 24-25).

---

[17] The 2004 map did not change significantly from the 2001 map. The 2004 changes, in response to the settlement in the *Knott* case, moved three precincts shifted from District 2 to District 5 in 2001 back to District 2, as delineated in the 2004 preclearance materials. (*See* Doc. 85-5, p. 219).

Mr. Stephenson reported that as of 2020, Jefferson County's population had grown 2.2%, but Districts 1 and 2 lost population, creating an imbalance in the populations of the Commission's five districts. (Doc. 85-7, pp. 4-6). Mr. Stephenson identified a population target of 134,944 individuals per district. (Doc. 85-7, p. 3).[18]

To meet the population target, the Commissioners prepared three maps for consideration. (Doc. 85-9, p. 20).[19] The commissioners have exercised legislative privilege and have declined to comment on their redistricting process to protect from disclosure "the lawmaker's individual motives." (Doc. 85-9, p. 25).[20] Only Mr. Stephenson has provided testimony regarding the process. In his August 2023 deposition, Mr. Stephenson asserted that each commissioner participated to some degree in the creation of the draft plans, but he attributed the second and third plans

---

[18] As compared to the 134,944 individual population goal, District 1 contained 122,689 individuals, District 2 contained 121,372 individuals, District 3 contained 142,776 individuals, District 4 contained 142,111 individuals, and District 5 contained 145,773 individuals, reflecting variances of -9.1%, -10.1%, 5.8%, 5.3%, and 8% respectively. (Doc. 85-7, pp. 5-6).

[19] The Commissioners considered the three maps at a public meeting in October 2021 and a public hearing in November 2021. (Doc. 85-9, p. 108, ¶ 16). Mr. Stephenson maintained the proposals for public viewing at the Board of Registrars' office. (Doc. 85-9, p. 108, ¶ 13). Alabama Code § 11-3-1.1(c) requires county commissions to "advertise[] in a newspaper of general circulation in the county for at least two consecutive weeks the time and place of the meeting at which the [map] shall be considered" before adopting a redistricting plan. (Doc. 85-9, p. 58; Doc. 85-13, pp. 2-7); ALA. CODE § 11-3-1.1(c).

[20] Mr. Stephenson testified that the commissioners discussed redistricting "all the time" and revised district boundaries "all the time" and "all the way" up until the Commission published its three proposed plans. (Doc. 85-9, pp. 28, 50). None of the discussion is available in the record.

21

to District 1 Commissioner Lashunda Scales. (Doc. 85-9, pp. 20, 34).[21] He stated that he did not participate in the boundary revisions, but he answered commissioners' questions. (Doc. 85-9, pp. 27, 49, 77). According to Mr. Stephenson, among the three plans, precincts containing the predominantly Black communities of Ensley and Midfield moved "back and forth between Commission Districts 1 and 2;" Districts 3, 4, and 5 did not change. (Doc. 85-9, pp. 21-22).

Public comments from District 1 Commissioner Scales and District 2 Commissioner Tyson just before and immediately after the vote to approve Plan 1 are inconsistent with Mr. Stephenson's memory of the redistricting process. Commissioner Scales stated that her office was not involved in the preparation of Plan 2; she attributed Plan 2 to the Jefferson County Board of Registrars. (Doc. 85-11, p. 33). Commissioner Tyson stated that she drew Plan 1, the plan that the Commission enacted by a vote of 4 to 1; Commissioner Scales voted against Plan 1. (Doc. 85-11, pp. 35, 39).

Mr. Stephenson testified the commissioners began redistricting with the districts that were "in place as of August 2021" and used the procedure that they had followed when they redistricted in 2013. (Doc. 85-9, pp. 29, 83-84). Those districts existed when the commissioners were elected in 2018. (Doc. 85-9, p. 29). Mr.

---

[21] Mr. Stephenson vacillated in his testimony regarding the role the commissioners played in the development of the alternative redistricting maps. (Doc. 85-9, pp. 20-22).

22

Stephenson testified that neither race nor the VRA "came up" in the redistricting process. (Doc. 85-9, pp. 29-31, 51). Mr. Stephenson then qualified his testimony, limiting it to the commissioners' discussions with him. (Doc. 85-9, pp. 30-31). He stated that he does not know whether the commissioners discussed amongst themselves the racial composition of the areas that were redistricted. (Doc. 85-9, p. 30).

Commissioner Scales and Commissioner Tyson commented publicly on the role that race played in the redistricting process. Immediately before the commissioners voted to select Plan 1, Commissioner Scales remarked: "We speak of Democratic versus Republican. You figure out what that looks like." (Doc. 85-11, p. 31). Commissioner Scales then described several communities by purported political affiliation. She stated: "I am having to take in Center Point which is highly Democratic, I am taking in Dolomite which is highly Democratic, but you ask yourself concerning Homewood, Ross Bridge, Lake Shore, is that a heavily populated Democratic area?" (Doc. 85-11, p. 33). Commissioner Tyson used similar language but explicitly linked purported political affiliation with race. She remarked that District 2 was underpopulated and stated:

> That mean[s] you hold what you got and you pull from the people that's overpopulated. I talked to Commissioner Ammons. I pulled - Rosedale is a 99.2 percent Black community. 99.2 percent, and they all Democrats.

Now, if you think I will draw myself into my demise you got to be crazy. I pulled from Homewood. I already have that portion of Homewood. All I did was pull the other Democratic part of Homewood. Just don't believe everything you hear.

I pulled in the rest of the senior citizen box that I already have. I already have it. All I did was got the other part of that box, which is 89 percent Democratic box.

The other closest addition to me was Commissioner Jimmy Stephens. Yes, Ross Bridge is a part of that, but it's across the street, which is 99 percent Republican. I got Mountain View part. I already have Oxmoor part. Oxmoor is already in my district.

All I got was the Mountain View part which is hooked to Oxmoor. It's a new subdivision which is 89 percent Democratic and black.

You know how I know? Because I got up and went over there and limped on my leg and knocked on the doors and seen for myself. I did that myself. I went to Bessemer in the President Jimmy Stephens' district. I got the part that was behind the civic center and the part that's over there by the police department. 99 percent Democratic, 99 percent Black.

Don't believe everything you hear. You know how I know? I got up, walked over there myself, and I looked at the folks in they face. And I know what I'm getting. . . .

(Doc. 85-11, pp. 42-43).

Mr. Stephenson stated that in the redistricting process, the Commission moved from one split precinct to four. (Doc. 85-9, pp. 35, 84). In fact, the Commission reversed the split in the 2013 plan and added four more splits in 2021. (Doc. 85-9, pp. 101-02). For example, the Commission split the Bessemer Civic Center precinct and placed "the northern area" which is majority Black in District 2. (Doc. 85-9, pp.

24

41-42).[22]   Mr. Stephenson testified that the Commissioners did not try to avoid splitting municipalities because cities were "always growing and annexing and changing their own city boundaries."  (Doc. 85-9, p. 35; Doc. 85-9, p. 90).  In the 2021 Enacted Plan, the City of Birmingham was divided among the Commission's five districts, (Doc. 85-14, p. 10).

As part of the redistricting process, on October 5, 2021, the Commission held a public meeting.  (Doc. 26-13, p. 2).[23]  Commissioners Scales, Tyson, Stephens (District 3), Knight (District 4), and Ammons (District 5) attended.  (Doc. 26-13, p. 2).  Mr. Stephenson gave a redistricting presentation in which he introduced the three plans that the Commission created and discussed altering district boundaries to achieve equal population.  (Doc. 27-2, pp. 28-44).  Commissioners Knight, Scales, and Stephens approved a resolution to conduct a public hearing on the draft maps on November 4, 2021.  (Doc. 26-13, p. 18).  The minutes indicate that Commissioner Tyson was absent for the vote, and the Commission excused Commissioner Ammons from voting.  (Doc. 26-13, p. 18).

The Commissioners considered the draft plans more thoroughly at the November 4, 2021 public hearing.  Mr. Stephenson began the redistricting discussion

---

[22]  In 2021, the Commission also split the Ross Bridge precinct.  (Doc. 85-9, p. 102).

[23] The Court could not find in the summary judgment record the minutes and transcript of the October 5, 2021 meeting.  The October 5, 2021 meeting minutes and transcript appear in the preliminary injunction record, and the Court takes notice of those official records.  (Doc. 26-13); FED. R. EVID. 201(b)(2), (c)(1).

by giving his presentation, discussing the Commission's goal of altering district boundaries to achieve equal population. (Doc. 85-11, pp. 14-21). The Commission heard public comment on the proposals. (Doc. 85-11, pp. 21-22).[24]

Commissioner Scales spoke against Plan 1. (Doc. 85-11, pp. 30-37). Commissioner Scales commented that the urban areas in Jefferson County were not underpopulated; they were undercounted. (Doc. 85-11, p. 37). She remarked: "because we're not counted, that's the reason why there's a surplus in other districts and there's a minus in others." (Doc. 35-11, p. 37). Commissioner Scales added: "those areas that have been disproportioned [] we gotta do a better job and mak[e]

---

[24] David Russell from the Alabama Democratic Executive Committee spoke first. He stressed his desire for districts with equal population to make sure that all citizens "have the equal opportunity to cast their vote." (Doc. 85-11, p. 22). Mr. Russell mentioned election litigation in the Gold Hill, Alabama area. He did not describe the subject matter of this litigation in detail. (Doc. 85-11, pp. 22-23). He remarked that his organization "would love for the County Commission [to] just do the right thing." (Doc. 85-11, p. 23, tp. 20:18-19).

George McCall, the President of the Ensley, Alabama community and neighborhood, indicated that his group had held meetings on the draft plans, discussed the plans with Commissioners Scales and Tyson, and voted to ask the Commission to keep the Ensley community in District 2 as delineated in the first proposal because Ensley appreciated Commissioner Tyson's representation of the area. (Doc. 85-11, pp. 24-25).

Dr. Tyree Anderson, the pastor of the First Baptist Church in Ensley, commented that he believed underpopulation in Districts 1 and 2 resulted in large part from economic injustice. (Doc. 85-11, p. 26). He briefly mentioned "diversity," and he advocated for the Commission to adopt the second proposal, reasoning that changing Ensley's district "might actually bring economic development into the community." (Doc. 85-11, pp. 26-27). Ensley resident and President of the Ensley Business Alliance, Bryan K. Rice, emphasized his perception of the economic injustice impacting Ensley. (Doc. 85-11, p. 29). Alice Westry, co-chair of the Community Affairs Committee, and Johnny Gunn, president of the Belview Heights Neighborhood Association and vice president of the Five Points West Community, indicated their support of the first plan. (Doc. 85-11, pp. 30-32). Mr. Gunn noted that under the first proposal, his community would remain in the same district. (Doc. 85-11, pp. 30-32).

sure that our people are counted." (Doc. 85-11, p. 38). The other Commissioners did not publicly comment on the redistricting proposals before the Commission voted. As noted, by a 4 to 1 vote, the Commission adopted the 2021 Enacted Plan. (Doc. 85-11, p. 38). After the vote, Commissioner Knight thanked the Board of Registrars for its work in the redistricting process, noting the importance of keeping accurate data to meet the one person-one vote standard. (Doc. 85-11, pp. 39-40, 47). He added that the commissioners did not "want to really give up people," but they had to "to make it balanced and even." (Doc. 85-11, p. 48). Commissioner Scales emphasized her belief that the Census did not fully account for urban population. (Doc. 85-11, pp. 40-42). Commissioner Tyson made the noted remarks regarding the communities she visited as part of the redistricting effort. *See* pp. 23-24 above (quoting Doc. 85-11, pp. 42-44).[25]

The Commission districts reflected in the 2021 Enacted Plan appear in Figure 2 below. (Doc. 86-4, p. 23). Figure 1 shows the pre-2021 plan. (Doc. 86-4, p. 17).[26] The maps identify several municipalities in Jefferson County, using shading to indicate municipal areas; unincorporated areas appear in white. (Doc. 86-4, pp. 17, 23). Figures 3 and 4 present the pre-2021 plan and the 2021 Enacted Plan on a single

---

[25] Commissioner Tyson later complained to Alabama State Conference of the NAACP President Benard Simelton about the number of Black individuals drawn into her district. (Doc. 85-17, pp. 15-16).

[26] The *Addoh-Kondi* plaintiffs' expert Anthony Fairfax drew the maps in Figures 1 and 2.

map to illustrate where boundary lines changed.  (Doc. 90-15, p. 98; Doc. 89-1, p.

6).[27]

---

[27] Bill Cooper, the *McClure* plaintiffs' expert, drew the map in Figure 3, and Michael Barber, the Commission's expert, drew the map in Figure 4.

In Figure 3, the colored areas correspond with the district lines in the 2021 Enacted Plan.  (Doc. 90-15, p. 98).  The red lines reflect the district lines from the 2013 redistricting plan.  (Doc. 90-15, p. 98).  Figure 3 also notes the locations of major municipalities shown in Figures 1 and 2.  (Doc. 90-15, p. 98).

Figure 4 shows the areas of the 2013 districts that moved in the 2021 redistricting by labeling each area numerically using the format "old district number-new district number."  (Doc. 89-1, p. 6).  For instance, the mustard-colored area at the top of the map labeled "4-3" communicates that in the 2013 redistricting, this area fell in District 4, but in the 2021 Enacted Plan, the Commission moved this area to District 3.  (Doc. 89-1, p. 6).  This mustard color reflects all areas that shifted from District 4 to District 3.

28



**Figure 1**



Figure 2

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 278 of 496

**Figure 3**



Case 2:23-cv-00443-MHH    Document 164    Filed 01/10/25    Page 32 of 71



**Figure 4**

The districts in the 2021 Enacted Plan retain much of the population the districts had in 2013.  (Doc. 85-14, p. 5).  As a result, Districts 1 and 2 in the 2021 Enacted Plan maintain Black populations that exceed 78% and 66% respectively.  (Doc. 86-3, p. 19, ¶ 39; Doc. 85-21, pp. 7-8).  Under the 2021 Enacted Plan, Districts 3, 4, and 5 maintain Black populations of approximately 27%, 28%, and 14% respectively.  (Doc. 86-3, p. 19, ¶ 39).

The breakdown of total Black population for the Commission's five districts over these redistricting cycles is as follows:

| District | 1985 | 1993 | 2001 | 2013 | 2021 |
|---|---|---|---|---|---|
| 1 | 65.6% | 73.25% | 73.45% | 76.14% | 78.27% |
| 2 | 66.8% | 68.93% | 73.45% | 73.39% | 66.18% |
| 3 | 22.2% | 21.22% | 17.14% | N/A | 27.29% |
| 4 | 5% | 6.05% | 15.29% | N/A | 28.45% |
| 5 | 6.3% | ~6.3% | 11.88% | N/A | 14.15% |

(Doc. 85-1, pp. 45-46; Doc. 85-2, p. 14; Doc. 85-4, p. 111; Doc. 85-6, p. 1082; Doc. 86-3, p. 19).

Given this evidence, in their motion for summary judgment, the *Addoh-Kondi* plaintiffs argue that the Commission's 1985, 1993, 2001, 2004, and 2013 DOJ submissions are direct evidence of racial gerrymandering.  (23-cv-503-MHH, Doc. 103, p. 34).  The *Addoh-Kondi* plaintiffs add that because the Commission's expert, Dr. Barber, opines that the Commission focused primarily on core retention when it adopted the 2021 Enacted Plan, the 2021 Enacted Plan perpetuated the racial

predominance in earlier plans which the Commission presented to DOJ for preclearance under the VRA.  (23-cv-503-MHH, Doc. 103, pp. 35-37).

The *McClure* plaintiffs advance a similar argument.  They cite the Commission's 1985, 1993, 2001, and 2013 DOJ submissions as evidence that, following the 1985 consent decree, the 1990 census, the 2000 census, and the 2010 census, the Commission drew and then maintained district lines to ensure Black supermajorities in Districts 1 and 2.  (Doc. 96, pp. 30-31).  The *McClure* plaintiffs assert that the Section 5 submissions demonstrate that the Commission included unnecessarily high populations of Black voters in Districts 1 and 2, making the maintenance of those district boundaries in the 2021 Enacted Plan an impermissible racial gerrymander.  (Doc. 96, pp. 30-33).

In support of its motion for summary judgment, the Commission argues that the plaintiffs have not overcome the legal presumption that the Commission acted in good faith when it adopted the Enacted Plan in 2021, and the Commission asserts more fundamentally that the plaintiffs lack standing to bring their gerrymandering claims in this action.  (*See, e.g.*, Doc. 94, pp. 18-24).  The Court considers the standing issue first.

**III.**

**A.**

The rules regarding standing vary depending upon the capacity in which a plaintiff asserts a claim.  As individuals, the *McClure* and *Addoh-Kondi* plaintiffs must establish individual standing.  Because some of the *McClure*–plaintiffs are entities, they must establish associational standing.

> To establish standing, individuals must meet three requirements:
>
> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of. . . .  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) (internal quotation marks omitted) (citation omitted).  For a racial gerrymandering claim, the "racial classification itself is the relevant harm."  *Alexander v. S.C. Conf. of the NAACP*, 602 U.S. 1, 38 (2024).  Thus, where an individual plaintiff resides in a racially gerrymandered district, "the plaintiff has been denied equal treatment because of the legislature's reliance on racial criteria, and therefore has standing to challenge the legislative action."  *Hays*, 515 U.S. at 744-45 (citation omitted); *see also Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 268-71 (2015).

The Commission asserts that the individual plaintiffs have not alleged an injury adequate to create standing because the plaintiffs have only generalized,

political grievances with the Commission's actions. (Doc. 94, pp. 19-23). The Commission's characterization of the individual plaintiffs' claims does not alter the settled rule that racial gerrymandering impacts an individual by "personally . . . subject[ing] [the individual] to [a] racial classification," *Ala. Legis. Black Caucus*, 575 U.S. at 263 (brackets added and in *Ala. Legis. Black Caucus*) (internal quotation marks omitted) (citation omitted); *see also North Carolina v. Covington,* 585 U.S. 969, 976 (2018) (explaining that "it is the segregation of [] plaintiffs – not the legislature's line-drawing as such" that gives rise to plaintiffs' racial gerrymandering claims, such that plaintiffs "have standing to challenge racial gerrymanders only with respect to those legislative districts in which they reside"). These harms "directly threaten a voter who lives in the *district* attacked." *Ala. Legis. Black Caucus*, 575 U.S. at 263 (italics in *Ala. Legis. Black Caucus*). As the Supreme Court recognized in *Hays*, a plaintiff establishes standing by demonstrating that he resides in a challenged district. *See Hays*, 515 U.S. at 744-45 (citation omitted).

Here, the record demonstrates that the individual plaintiffs reside in a challenged district. Cara McClure testified that she lives in District 2. (Doc. 93-3, p. 6). Alexia Addoh-Kondi, Eric Hall, Michael Hansen, Robert Walker, Tammie Smith, William Muhammed, and Julia Juarez live in District 1; Fred Lee Randall lives in District 2; Ja'Nelle Brown lives in District 3; Cynthia Bonner lives in District

4; and Charles Long lives in District 5. (*See generally* Doc. 20-12) (listing individual plaintiffs' addresses and assigned Commission districts).

Alternatively, the Commission argues that the Court cannot redress the plaintiffs' injuries because doing so would require, in effect, responsive racial gerrymandering to recalibrate the districts. (Doc. 94, p. 20; Doc. 112, p. 37). The Supreme Court addressed a similar argument in *Covington* and approved remedial maps drawn with an awareness of race but without the imposition of racial quotas. *Covington*, 585 U.S. at 978. In *Covington*, to remedy state legislative districts that the North Carolina General Assembly racially gerrymandered "in an ostensible effort to comply with the requirements of" the VRA, 585 U.S. at 970-71, the District Court appointed a Special Master to draw a remedial map, 585 U.S. at 977. The Supreme Court found that the District Court's instruction to the Special Master to "'consider data identifying the race of individuals or voters to the extent necessary to ensure that his plan cures the unconstitutional racial gerrymanders'" did not "amount to a warrant for 'racial quotas,'" and the Supreme Court affirmed the remedial maps the Special Master created for four racially gerrymandered districts. *Covington*, 585 U.S. at 978; *see also Clark v. Putnam Cnty.*, 293 F.3d 1261, 1266, 1276-78 (11th Cir. 2002) (recognizing that race "may be taken into consideration in voiding and remedying" unlawful redistricting but a remedy may not impose racial quotas or violate other constitutional norms). Thus, to remedy unconstitutional racial

gerrymandering, a court may provide race-conscious relief, but the relief must be narrowly-tailored to the harm and must not offend constitutional prohibitions such as racial quotas.

Because the individual plaintiffs have properly alleged an injury-in-fact, caused by the Commission and redressable by the Court, they have standing to challenge the districts in the 2021 Enacted Plan.

With respect to associational standing:

> An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Friends of the Earth v. Laidlaw*, 528 U.S. 167, 181 (2000) (citation omitted). For the purposes of a racial gerrymandering claim, "a 'member' of an association 'would have standing to sue' in his or her 'own right' when that member 'resides in the district that he alleges was the product of a racial gerrymander.'" *Ala. Legis. Black Caucus*, 575 U.S. at 269 (citation omitted).

Again, the Commission argues that the organizational plaintiffs have only alleged the generalized grievances of their members and that the Court cannot redress a claim of racial gerrymandering because doing so would require a race-

38

based remedy.    (Doc. 94, pp. 23-24).[28]    As stated, the Court can redress impermissible racial gerrymandering, and, for the associations to have standing, they need only to assert that their members reside in a challenged district.

Here, with one exception, the organizational plaintiffs have carried their burden.    The President of the Metro-Birmingham NAACP testified that the organization has members who live in each Commission district.  (Doc. 93-1, pp. 12-13, tpp. 44-45).  The President of the Alabama NAACP testified that the local branches' membership makes up its statewide membership, meaning, by extension, that because Metro-Birmingham NAACP members reside in each Commission district, Alabama NAACP members do too.  (Doc. 85-17, pp. 9-10, tpp. 32-33).  Greater Birmingham Ministries' members reside only in Districts 1, 2, 3, and 4. (Doc. 93-2, p. 9).  Thus, the Metro-Birmingham NAACP and the Alabama NAACP have standing to challenge each district, but Greater Birmingham Ministries has standing to challenge only Districts 1, 2, 3, and 4—not District 5.

## B.

Having determined that the plaintiffs have standing to pursue gerrymandering claims concerning each of the Commission's five districts, the Court turns to the merits of those claims.  The Equal Protection Clause prevents states and political

---

[28] The Commission does not appear to dispute that "the interests at stake are germane to the organization's purpose" or that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Laidlaw*, 528 U.S. at 181.

subdivisions of states from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const., AMEND. XIV, § 1; *Avery v. Midland Cnty.*, 390 U.S. 474, 480 (1968). "The central mandate of the Equal Protection Clause of the United States Constitution is 'racial neutrality in governmental decision making.'" *Clark*, 293 F.3d at 1266 (quoting *Miller*, 515 U.S. at 904).[29] Consequently, neither a state nor its subdivisions may separate citizens "into different districts on the basis of race." *Miller*, 515 U.S. 911. When race is the predominant criterion for line-drawing in a redistricting cycle, a legislative body engages in racial gerrymandering. *See Alexander*, 602 U.S. at 7 (explaining that racial gerrymandering occurs when lawmakers improperly use race in drawing the boundaries of electoral districts by placing voters "'within or without a particular district'" because of the voters' race) (quoting *Miller*, 515 U.S. at 916).[30]

"The Equal Protection Clause of the Fourteenth Amendment limits racial gerrymandering in legislative districting plans," *Cooper v. Harris*, 581 U.S. 285, 291

---

[29] In *Shaw v. Reno,* the Supreme Court put it this way: the Fourteenth Amendment's "central purpose is to prevent the States from purposely discriminating between individuals on the basis of race." *Shaw v. Reno* (*Shaw I*), 509 U.S. 630, 642 (1993) (citing *Washington v. Davis*, 426 U.S. 229, 239 (1976)). The Equal Protection Clause prohibits race discrimination because "[c]lassifications of citizens solely on the basis of race 'are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality.'" *Shaw I*, 509 U.S. at 643 (brackets added) (quoting *Hirabayashi v. United States*, 320 U.S. 81, 100 (1943)). The classifications "pose the risk of lasting harm to our society," and "reinforce the belief, held by too many for too much of our history, that individuals should be judged by the color of their skin." *Shaw I*, 509 U.S. at 657.

[30] The Supreme Court first recognized a claim of racial gerrymandering in *Shaw I*.

(2017), because "a racially gerrymandered districting scheme, like all laws that classify citizens on the basis of race, is constitutionally suspect," *Shaw v. Hunt* (*Shaw II*), 517 U.S. 899, 904 (1996). "This is true whether or not the reason for the racial classification is benign or the purpose remedial." *Shaw II*, 517 U.S. at 904-05 (citing *Shaw I*, 509 U.S. at 642-43, 653).[31] Therefore, the Equal Protection Clause requires legislative bodies to have a compelling reason for "us[ing] race as the predominant factor in drawing district lines." *Cooper*, 581 U.S. at 291.

Legislative bodies often point to obligations imposed upon them under the Voting Rights Act to justify racial gerrymandering. Section 2 of the VRA prohibits a "'standard, practice, or procedure' that 'results in a denial or abridgement of the

---

[31] "Upon a showing of invidious discriminatory purpose in electoral districting, a court is entitled to remedy the constitutional violation by creating [] majority-minority districts" in which "a majority of the voting age population is from the minority population." *Clark*, 293 F.3d at 1263 n.2. "Race, therefore, may be taken into consideration in avoiding and remedying unlawful vote dilution by devising voting districts which ensure that all voters have an equally effective opportunity to participate in the electoral process." *Clark*, 293 F.3d at 1266 (citing *White v. Regester*, 412 U.S. 755, 769 (1973)). A remedial redistricting plan enacted in response to a finding of VRA § 2 liability is "ameliorative" and, "[a]s a matter of law" is "not a statutory violation." *Clark*, 293 F.3d at 1274 n.25.

With respect to the relationship between racial stereotypes and redistricting, the Supreme Court has stated:

> "[W]hen members of a racial group live together in one community, a reapportionment plan that concentrates members of the group in one district and excludes them from others may reflect wholly legitimate purposes." But where the State assumes from a group of voters' race that they "think alike, share the same political interests, and will prefer the same candidates at the polls," it engages in racial stereotyping at odds with equal protection mandates.

*Miller*, 515 U.S. at 920 (first quoting *Shaw I*, 509 U.S. at 646, and then quoting *Shaw I*, 509 U.S. at 647).

41

right . . . to vote on account of race.'"  *Cooper*, 581 U.S. at 292 (quoting 52 U.S.C. § 10301(a)).  Section 2's "ban [] extend[s] to 'vote dilution'" caused "by the 'dispersal of [a group's members] into districts in which they constitute an ineffective minority of voters,'" *Cooper*, 581 U.S. at 292 (quoting *Thornburg v. Gingles,* 478 U.S. 30, 46 n.11 (1986)), such that the minority population has "less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice," 542 U.S.C. § 10301(b)).  Until the United States Supreme Court invalidated it in 2013 in *Shelby County v. Holder*, Section 5 of the VRA required some legislative bodies "to pre-clear voting changes with the Department of Justice, so as to forestall "retrogression" in the ability of racial minorities to elect their preferred candidates.  *Cooper*, 581 U.S. at 292 (quoting *Beer v. United States*, 425 U.S. 130, 141(1976)).

Remedial racial gerrymandering implemented under Section 2 of the VRA, like the redistricting legislation adopted to conform with the *Taylor* consent order, must be "narrowly tailored to achieve [the] compelling interest" of correcting violations of Section 2 of the Voting Rights Act by giving Black voters the ability to select candidates of their choice.  *Miller*, 515 U.S. at 920.  A legislative body that engages in racial gerrymandering purportedly to cure a Section 2 violation "must establish that it had 'good reasons' to think that it would transgress the Act if it did *not* draw race-based district lines."  *Cooper*, 581 U.S. at 293 (italics in *Cooper*).

42

Although legislative bodies "enjoy leeway to take race-based actions reasonably judged necessary under a proper interpretation of the VRA," a court may not "approve a racial gerrymander whose necessity is supported by no evidence and whose *raison d'etre* is a legal mistake." *Cooper*, 581 U.S. at 306. Likewise, where evidence indicates that a legislative body "add[ed] more minority voters than needed for a minority group to elect a candidate of its choice" and "use[d] race, as opposed to other, 'traditional' factors" to "achieve an equal population goal," that evidence may strongly, or even overwhelmingly, demonstrate that "race did predominate as a factor when" the legislative body "drew the boundaries" of various voting districts." *Ala. Legis. Black Caucus*, 575 U.S. at 260, 273.

When evaluating claims of racial gerrymandering, courts "must be sensitive to the complex interplay of forces that enter a legislature's redistricting calculus." *Miller*, 515 U.S. at 915-16. "Redistricting legislatures will, for example, almost always be aware of racial demographics; but it does not follow that race predominates in the redistricting process." *Miller*, 515 U.S. at 916. As the Supreme Court noted in *Miller v. Johnson*:

> The distinction between being aware of racial considerations and being motivated by them may be difficult to make. This evidentiary difficulty, together with the sensitive nature of redistricting and the presumption of good faith that must be accorded legislative enactments, requires courts to exercise extraordinary caution in adjudicating claims that a State has drawn district lines on the basis of race.

43

*Miller*, 515 U.S. at 916; *see also Alexander*, 602 U.S. at 7 (same). The "presumption of legislative good faith directs district courts to draw the inference that cuts in the legislature's favor when confronted with evidence that could plausibly support multiple conclusions." *Alexander*, 602 U.S. at 10 (citing *Abbott v. Perez*, 585 U.S. 579, 610-12 (2018)).

A two-part test governs racial gerrymandering claims. First, a plaintiff must show "that race was the 'predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district.'" *Alexander*, 602 U.S. at 7 (quoting *Miller*, 515 U.S. at 916). "To make that showing, a plaintiff must prove that the State 'subordinated' race-neutral districting criteria such as compactness, contiguity, and core preservation to 'racial considerations.'" *Alexander*, 602 U.S. at 7 (quoting *Miller*, 515 U.S. at 916). "Racial considerations predominate when '[r]ace was the criterion that, in the State's view, could not be compromised' in the drawing of district lines." *Alexander*, 602 U.S. at 7-8 (quoting *Shaw II*, 517 U.S. at 907).

If a plaintiff makes a showing of racial predominance, then the burden shifts to the State "to prove that the map can overcome the daunting requirements of strict scrutiny;" that it has "narrowly tailored" its use of race to further a "compelling governmental interest." *Alexander*, 602 U.S. at 11 (internal quotation marks omitted). Here, the Commission argues only that the plaintiffs have not proven racial

44

predominance in the 2021 redistricting cycle. As a result, the Court analyzes only the first prong of this test.

A plaintiff may establish racial predominance "through some combination of direct and circumstantial evidence." *Alexander*, 602 U.S. at 8 (citing *Cooper*, 581 U.S. at 291); *see also Miller*, 515 U.S. at 916 (to establish racial predominance, a plaintiff may present "circumstantial evidence of a district's shape and demographics or more direct evidence going to legislative purpose"). "Direct evidence often comes in the form of a relevant state actor's express acknowledgement that race played a role in the drawing of district lines." *Alexander*, 602 U.S. at 8. "Such concessions are not uncommon because States often admit to considering race for the purpose of satisfying [] precedent interpreting the Voting Rights Act of 1965." *Alexander*, 602 U.S. at 8 (citing *Ala. Legis. Black Caucus*, 575 U.S. at 259-60). "In such instances, if the State cannot satisfy strict scrutiny, direct evidence of this sort amounts to a confession of error." *Alexander*, 602 U.S. at 8.

Circumstantial evidence is evidence from which inferences of racial predominance may be drawn. Circumstantial evidence includes "a district's shape and demographics," *Miller*, 515 U.S. at 916, but "'bizarreness' of shape is not a threshold showing for racial gerrymandering, *Clark*, 293 F.3d at 1270 (citing *Miller*, 515 U.S. at 917). "Shape must be considered in conjunction with racial and population densities." *Clark*, 293 F.3d at 1270. Demographic circumstantial

evidence correlates race with legislative decisions to split counties, precincts, and other political subdivisions among districts. *See Alexander*, 602 U.S. at 21-22.

Because the "racial predominance inquiry concerns the actual considerations that provided the central basis for the drawn lines, not *post hoc* justifications the legislature in theory could have used but in reality did not," a "conflict or inconsistency between the enacted plan and traditional redistricting criteria is not a threshold requirement or a mandatory precondition in order for a challenger to establish a claim of racial gerrymandering." *Bethune-Hill v. Va. State Bd. of Elections*, 580 U.S. 178, 189-90 (2017). Instead, a plaintiff may establish that race predominated in a legislative body's redistricting decisions without evidence of "a conflict between the enacted plan and traditional redistricting criteria" by providing "other compelling circumstantial evidence" of racial predominance. *Bethune-Hill*, 580 U.S. at 190. For example, a plaintiff may demonstrate through circumstantial evidence that a legislative body "used 'race as a proxy' for 'political interest[s].'" *Alexander*, 602 U.S. at 7 n.1 (quoting *Miller*, 515 U.S. at 914). Expert witnesses may offer opinions regarding the role race played in redistricting. *See Alexander*, 602 U.S. at 24-33.

In reviewing the evidence offered by the parties, courts must analyze "racial gerrymandering with respect to the individual districts subject to the [plaintiffs]' racial gerrymandering challenges"—an "undifferentiated [county]wide analysis is

insufficient." *Ala. Legis. Black Caucus*, 575 U.S. at 264.  That said, plaintiffs "can present [county]wide *evidence* in order to prove racial gerrymandering in a particular district."  *Ala. Legis. Black Caucus*, 575 U.S. at 263 (italics in *Ala. Legis. Black Caucus*) (citing *Miller*, 515 U.S. at 916).

With these principles in mind, the Court turns to the parties' evidence in this case.  In doing so, the Court is mindful that a legislature's motivation is a factual question, *Shaw II*, 526 U.S. at 549, and that "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's motivation," *Shaw II*, 526 U.S. at 553 n.9.

***

The Court begins its analysis by presuming that the Commission acted in good faith when it adopted the Enacted Plan in 2021.  *Alexander*, 602 U.S. at 6.  To rebut this presumption, the plaintiffs offer as direct evidence of racial predominance the Commission's decennial Section 5 submissions to the Department of Justice.

Though the Court has not found a case in which the Supreme Court or the Eleventh Circuit has addressed evidence of Section 5 preclearance submissions in the context in which the plaintiffs present them here, the Court believes that these appellate courts would decline to accept preclearance submissions relating to previous redistricting legislation as direct evidence that race predominated in the Commission's selection of the boundaries of the five single-member districts in the

47

2021 Enacted Plan. In discrimination cases of various types, including racial gerrymandering cases, appellate courts have set a high bar for direct evidence. *See Cooper*, 581 U.S. at 318 (providing as an example of direct evidence in a racial gerrymandering case "scores of leaked e-mails from state officials instructing their mapmaker to pack as many black voters as possible into a district, or telling him to make sure its BVAP hit 75%"); *Bush v. Vera*, 517 U.S. 952 (1996) (citing as "direct evidence of the [Texas] [L]egislature's racial motivation" in drawing district lines the legislature's Section 5 submission to DOJ concerning the map at issue and drawing attention to the legislature's statement that its proposed redistricting plan increased "black voting strength" in Harris County "by increasing the population to assure that the black community [might] continue to elect a candidate of its choice"); *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (defining direct evidence as "evidence, that, if believed, proves [the] existence of [discriminatory intent] without inference or presumption") (quotation omitted); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023) (noting that, in employment discrimination cases, "only the 'most blatant remarks,' whose intent could be nothing other than to discriminate, constitute direct evidence of discrimination" and explaining that "[i]f the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence—not direct") (internal quotation marks omitted) (quotation omitted).

As these cases illustrate, direct evidence constitutes clear evidence of the role that race played in legislative action. Here, because the Commission did not submit a preclearance letter to the DOJ in 2021 and because there are no other statements from commissioners that explicitly link the 2021 Enacted Plan to earlier VRA compliance letters, the plaintiffs may establish that the Commission purposefully maintained, for example, racial thresholds identified in Section 5 preclearance submissions in the 2021 Enacted Plan only by inference. Because the Court's consideration of preclearance evidence from 1985, 1993, 2001, 2004, and 2013 requires "inference or presumption" to establish racial predominance in the Commission's redistricting work in 2021, the Section 5 preclearance submissions do not constitute direct evidence.

*** 

Still, those letters are significant circumstantial evidence of the role that race played in the boundaries the Commission selected in the Enacted Plan. *Miller*, 515 U.S. at 919 (citing statement from state official to DOJ during preclearance process as "powerful evidence that the legislature subordinated traditional districting principles to race"). The 1985, 1993, 2001, 2004, and 2013 preclearance letters provide historical background for the redistricting that occurred in 2021, contain compelling evidence that the Commission established and maintained a racial threshold for the Black populations in Districts 1 and 2, and contain data that

49

establishes a pattern of concentrating Black voters in those districts in numbers exceeding the population needed to allow minority voters in Jefferson County to select candidates of their choice.

As historical background, the five DOJ submissions, though not necessarily predictive of the predominant considerations underlying the 2021 enactment, are an "'evidentiary source' relevant to the question of intent." *Abbott*, 585 U.S. at 603-04 (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977)). In examining the circumstances concerning the adoption of revised district boundaries in 2021, the intent of earlier Commissions is relevant to the extent that it "naturally give[s] rise to—or tend[s] to refute—inferences" regarding the predominant purpose of the Commission in 2021. *Abbott*, 585 U.S. at 607; *see Jacksonville Branch of NAACP v. City of Jacksonville*, 635 F. Supp. 3d 1229, 1285-86 (M.D. Fla. 2022) ("The Court makes no attempt to study or recount the history of race discrimination in Jacksonville . . . But, because the [legislature] in 2022 expressly decided to maintain the lines that were drawn in 2011, the Court finds the history of what occurred in 2011 is part of the 'specific sequence of events' that led to the Enacted Plan.").[32]

---

[32] The Eleventh Circuit recently instructed that a court's consideration of historical background "should be focus[ed] . . . on the specific sequence of events leading up to the challenged decision rather than providing an unlimited lookback to past discrimination." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State* (*LOWV*), 32 F.4th 1363, 1373 (11th Cir. 2022) (brackets in *LOWV*) (internal quotation marks omitted). The district court in *League of Women Voters* surveyed Florida's history of racial discrimination, "beginning immediately after the Civil War" and

The letters explain that the Commission transitioned from three at-large commissioners to five commissioners from single-member districts to resolve allegations of vote dilution and give Black voters in Jefferson County an opportunity to select their preferred candidates to serve on the Commission. In its November 1985 submission to DOJ, the Commission stated that it sought to move from a "commission form consisting of three (3) at-large positions" to a "five (5) member County Commission elected from districts within Jefferson County" to resolve "a minority vote dilution case." (23-cv-503, Doc. 90-2, pp. 3-4). The Commission stated that two of the five districts were drawn "to provide blacks with a greater opportunity to elect black commissioners." (23-cv-503, Doc. 90-2, p. 3). The Commission reported that District 1 "contain[ed] 65.6% blacks," and District 2 "contain[ed] 66.8% blacks," giving Black residents of Jefferson County "a greater opportunity to elect 2/5 or 40% of the County Commission positions." (23-cv-503, Doc. 90-2, p. 3). As noted, the Eleventh Circuit has recognized that the *Taylor* consent decree produced "a five-member district form of government to ensure greater minority representation on the Commission." *Yeldell*, 956 F.2d at 1058.

---

continuing through "acts of 'terrorism' and 'racial violence' that occurred during the early and mid-1900s." *LOWV*, 32 F.4th at 1373 (quotations and citations omitted). The Eleventh Circuit found that "the district court's inquiry d[id] not seem appropriately "focus[ed]." *LOWV*, 32 F.4th at 1373. A similar historical survey appears in the parties' joint statement of facts in the *Taylor* case. (Doc. 154-2, pp. 8-39). The Court does not rely on that survey of racial discrimination in Alabama in evaluating predominant purpose of the 2021 Commission. Instead, the Court considers the Commission's decisions in several previous redistricting cycles to determine whether prior line-drawing sheds light on the 2021 Commission's predominant purpose.

51

In the Commission's 1993 submission to DOJ, the first following the implementation of the *Taylor* consent decree, the Commission reported that 1990 Census data indicated that the populations of Districts 1 and 2 had decreased fairly significantly. (Doc. 85-4, p. 3). The Commission stated that it redrew district lines to "bring each district close to the ideal district population, without significantly changing the ratio of black and white populations within the district." (Doc. 85-4, p. 3; *see also* Doc. 85-4, p. 4). According to an article that the Commission provided with its 1993 preclearance submission, one commissioner stated that "moving district lines was necessary to meet federal guidelines keeping districts roughly equal in population and keeping two majority black districts." (Doc. 85-4, p. 135).

In its November 2001 submission to the DOJ labeled "Submission under Section 5 – Voting Rights Act," (Doc. 85-1, p. 7), the Commission represented that "[t]he 2001 plan ha[d] two black majority districts, just like the 1993 plan" and that the two black majority districts had "black populations in excess of 65%, under both the 2001 plan and the 1993 plan." (Doc. 85-1, p. 12; *see also* Doc. 85-1, p. 8 (stating that the district boundaries that the Commission adopted in 2001 "establishe[d] single member districts, again with two of the districts containing African-American majorities in excess of 65%")). As in its 1993 submission, the Commission stated that the changes made in 2001 brought "each district close to the ideal district

52

population without significantly changing the ratio of black and white population within the districts." (Doc. 85-1, p. 12).

The Commission's 2013 submission to DOJ continued patterns set in 1993 and 2001. (Doc. 85-6). The Commission stated: "The 2013 plan has two black majority districts, just like the 1993 and 2001 plans. Each of these districts have [sic] majority black populations in excess of 65%, under the 2013, 2001, and 1993 plan." (Doc. 85-6, p. 1082). The Commission again represented that changes in district boundaries would "bring each district close to the ideal district population without significantly changing the ratio of black and white population within the districts." (Doc. 85-6, p. 1081). The Commission noted that, in "the new plan, the districts [we]re drawn in such a way that incumbent African-Americans represent[ed] the districts in which the population is majority black." (Doc. 85-6, p. 1084). The Commission stated that since Districts 1 and 2 were created under the *Taylor* consent decree, "each of these two majority black districts has elected a black candidate to the Commission." (Doc. 85-6, p. 1076).

The historical evidence contained in the Section 5 preclearance materials from 1993, 2001, and 2013 provides direct evidence of the Commission's purpose in each of those redistricting cycles. In each, the Commission expressly sought to maintain two of its five single-member districts as black majority districts. With respect to the 2021 Enacted Plan, these letters are probative circumstantial evidence of racial

53

predominance. *Jacksonville Branch of NAACP v. City of Jacksonville*, No. 22-13544, 2022 WL 16754389, at *3 (11th Cir. Nov. 7, 2022).

In support of its motion for summary judgment, the Commission argues that in 1985, when the Commission transitioned to five districts, it began restructuring with the City of Birmingham because Birmingham was the biggest city in the county; split the city into two districts because Birmingham was too big for one district; and was left with three districts surrounding the two Birmingham districts. The Commission argues that there was a racial side-effect of that line-drawing, but that side-effect was not the equivalent of race-based redistricting. (Doc. 156, pp. 15-16). According to the Commission, the preexisting population of Birmingham in 1985 necessarily meant that the Commission's split of the city into two districts produced two majority-minority districts. (Doc. 156, p. 15). The Commission posits that in subsequent redistricting cycles, it made minor changes to keep equal population across the districts, "and those minor changes had an effect of keeping the racial demographics relatively similar." (Doc. 156, p. 16). The Commission urges the Court to, in the language of *Alexander*, view the racial composition of Districts 1 and 2 as "simply a side effect" of the Commission's decision to begin structuring five single-member districts around the City of Birmingham. (Doc. 156, p. 17) (citing *Alexander*, 602 U.S. at 20).

54

The Court recognizes that in considering the plaintiffs' summary judgment motion, the Court must view the historical evidence in the light most favorable to the Commission, but the Court does not have to distort history. Here, the Commission's reimagining of its restructuring in 1985 cannot be reconciled with the historical record or with precedent. In its 1985 submission to DOJ, the Commission reported that it deliberately designed two of its five districts "to provide blacks with a greater opportunity to elect black commissioners." (23-cv-503, Doc. 90-2, p. 3). The redistricting did not happen in a vacuum; it was not the product of legislative curiosity or whimsy; and the Commission did not share its plans with DOJ as a gesture of beneficent federalism. The Commission reported its redistricting to the DOJ per a consent decree that resolved alleged VRA and constitutional violations concerning vote dilution in Jefferson County. Under the *Taylor* consent decree, the Commission purposefully created majority Black populations in Districts 1 and 2. In *Yeldell*, the Eleventh Circuit did not view these districts as a mere by-product of a districting procedure that began with the county's largest city. Instead, the Court of Appeals recognized that the Commission designed a "form of government to ensure greater minority representation on the Commission." *Yeldell*, 956 F.2d at 1058.

In *Alexander*, the Supreme Court found that because evidence in that case demonstrated that race and partisanship aligned, a district's BVAP could simply be

a side-effect of the legislature's expressly articulated partisan goal. Here, the Commission did not raise partisan gerrymandering in its answers, (*see* Doc. 57; Doc. 58); there is no evidence of partisan gerrymandering in 1985; and the BVAP of District's 1 and 2 was not a side-effect of the restructuring in 1985; the purpose of the restructuring was to aggregate the BVAP in Jefferson County in two districts, and the Commission maintained (and increased) the BVAP over consecutive redistricting cycles. In 1993, a commissioner stated publicly that in redistricting, the Commission sought to keep two Black majority districts, and in 2013, the Commission reported to DOJ that in the 2013 plan, "the districts [we]re drawn in such a way that incumbent African-Americans represent[ed] the districts in which the population is majority black," (Doc. 85-6, p. 1084). The history of the Commission's consistent report to DOJ of the effort to create and maintain two majority Black voting districts in Jefferson County permits the inference that the Commission continued its decades-long practice in 2021. *Abbott*, 585 U.S. at 607.

Moreover, the DOJ submissions reveal the Commission's intent not only to create and maintain two majority-minority districts in Jefferson County but also to maintain a specific racial threshold in those districts. As the Commission stated in its 2013 letter: "The 2013 plan has two black majority districts, just like the 1993 and 2001 plans. Each of these districts have [sic] majority black populations in excess of 65%, under the 2013, 2001, and 1993 plan." (Doc. 85-6, p. 1082). In

*Bethune-Hill*, the Supreme Court recognized that express racial targets may be evidence of racial gerrymandering. *Bethune-Hill*, 580 U.S. at 192; *see Cooper*, 581 U.S. at 300-01 (holding that district court did not clearly err in finding that race predominated in redistricting where legislative body used an "announced racial target" in redistricting).

The demographic data that the Commission provided as backup for its reported racial threshold establishes a pattern in successive redistricting cycles of drawing boundaries for Districts 1 and 2 that produced Black populations that exceeded substantially the racial threshold that the Commission reported to DOJ, though the Black populations in those districts decreased in each census report. After each redistricting cycle, the Black populations in Districts 1 and 2 were as follows:

| District | 1985 | 1993 | 2001 | 2013 | 2021 |
|---|---|---|---|---|---|
| 1 | 65.6% | 73.25% | 73.45% | 76.14% | 78.27% |
| 2 | 66.8% | 68.93% | 73.45% | 73.39% | 66.18% |

(Doc. 85-1, p. 45; Doc. 85-2, p. 14; Doc. 85-4, p. 111; Doc. 85-6, p. 1082; Doc. 86-3, p. 19).[33]  In *Cooper*, the Supreme Court found that the district court properly considered that the "State's preclearance submission to the Justice Department indicated a similar determination to concentrate black voters in District 12." *Cooper*, 581 U.S. at 311.

---

[33] In 2001, the Commission reported VAP statistics. (Doc. 85-1, pp. 45-46).  The statistics showed that under the 2001 district lines, District 1's Black VAP was 74.89% of the total VAP. (Doc. 85-1, p. 45).  District 2's Black VAP was 68.78% of the total VAP. (Doc. 85-1, p. 45).

In short, the Section 5 preclearance materials from 1993, 2001, and 2013 contain evidence of the Commission's purpose in each of those redistricting cycles. In each, the Commission redistricted to achieve ideal population across all districts and to maintain two Black majority districts with the Black population in each constituting at least 65% of the total population.  The preclearance data from each redistricting cycle demonstrates that though the population fell in Districts 1 and 2 in the 1990, 2000, and 2010 Censuses, following each redistricting cycle, the Commission exceeded the 65% racial target in Districts 1 and 2 by, on average, 10%. *Clark*, 293 F.3d at 1269-70 ("[A]lthough malapportionment was the '*why*' of the redistricting plan, race was the '*how.*' . . .  The evidence is overwhelming that the County decided at the outset to maintain its two black voting districts and to assign as much of the black voting age population as possible to those districts.") (italics in *Clark*).

There is no evidence in the record that indicates that Black voters required Black supermajorities in Districts 1 and 2 to select candidates of their choice, and there is no evidence that the Commission used a criterium other than race to set the boundaries for Districts 1 and 2 in three consecutive districting cycles.  Though the Commission had "an equal population goal" in 1993, 2001, and 2013, the Commission used race as the means to accomplish that goal. *Ala. Legis. Black Caucus*, 575 U.S. at 260.  The data that demonstrates that the Commission added to

Districts 1 and 2 "more minority voters than needed for a minority group to elect a candidate of its choice" is evidence that "race did predominate as a factor when" the Commission drew the district boundaries in the three redistricting cycles immediately preceding the 2020 cycle. *Ala. Legis. Black Caucus*, 575 U.S. at 273. The preclearance submissions are circumstantial evidence of the legislative purpose behind the 2021 Enacted Plan that the Court weighs together with other circumstantial evidence of the Commission's purpose. *Abbott*, 585 U.S. at 607; *see Arlington Heights*, 429 U.S. at 267 ("The specific sequence of events leading up to the challenged decision also may shed some light on the decisionmaker's purposes.").[34]

Among other things, the Court may consider whether this is "a case in which a law originally enacted with discriminatory intent is later reenacted by a different legislature." *Abbott*, 585 U.S. at 604. In other words, the Court asks whether the 2021 Commission "reenact[ed] the plan previously passed by its 201[3] predecessor" and "carried forward the effects of any discriminatory intent on the part of the" 2013 Commission. *Abbott*, 585 U.S. at 604.[35]

---

[34] The Commission accurately argues that, per *Abbott*, "past discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful." 585 U.S. at 603; (Doc. 99, p. 35 (citations omitted)). But under *Abbott*, the Section 5 preclearance evidence is relevant circumstantial evidence that the Court may consider with all of the relevant evidence to determine whether the plaintiffs may overcome the presumption of legislative good faith that attends the 2021 Enacted Plan. 585 U.S. at 605, 607.

The Commission's 30(b)(6) witness, Mr. Stephenson, stated that the three maps the Commission designed in 2021 were "as least-changes plans from the prior redistricting plan." (Doc. 85-9, pp. 79-80, 108, ¶ 14). He also testified that the Commission used the same procedure in drawing the 2021 plan that the Commission used to draw the 2013 plan. (Doc. 85-9, pp. 83-84).[36] The Commission's expert, Dr. Michael Barber, has opined that "[t]he 2021 enacted map seeks to retain the population of the 2013 commission districts to an extremely high degree. All districts retain more than 90% of their population and the overall shift in population as a result of the 2021 redraw is less than 5% of the population of the county." (Doc. 85-14, pp. 5, 53). Dr. Barber reasons that "[i]t is clear by the incredibly small shift in population" in the 2021 redistricting "that the primary objective of the commission when drawing the new maps was to retain the old districts to a very high degree while also bringing the districts in line with population equality." (Doc. 85-14, p. 6). Thus, accepting the Commission's evidence, the 2021 plan largely copied the plan the Commission adopted in 2013.

---

[35] In *Abbott*, the Supreme Court answered this question in the negative because the 2011 Texas Legislature had enacted district boundaries that a Texas federal court developed "pursuant to instructions" from the Supreme Court "'not to incorporate any legal defects.'" *Abbott*, 585 U.S. at 604 (quoting *Perry v. Perez*, 564 U.S. 388, 394 (2012)). On this record, the Supreme Court easily concluded that the 2013 Legislature could not have carried forward discriminatory intent from the 2011 legislation.

[36] Two of the Commissioners—Commissioner Stephens and Commissioner Knight—participated in the 2013 redistricting process. (*See* Doc. 85-11, p. 39).

The Court layers over this circumstantial evidence public comments commissioners made in public hearings in 2021 which, viewed in the light most favorable to the plaintiffs, indicate that those commissioners used party labels as substitutes for racial identification and selected communities for their districts based on voters' race. *Clark*, 293 F.3d at 1271-72 ("Incumbency protection achieved by using race as a proxy is evidence of racial gerrymandering.").

To the extent that it ultimately proves helpful in this case, the parties' expert opinions are at odds, providing disputed expert assessments of the Commission's predominant purpose in 2021. *See Shaw II*, 517 U.S. at 907 (lawmakers' use of traditional districting principles does not allow an enacted plan to escape strict scrutiny if the evidence demonstrates that "race [was] the predominant factor" in drawing district lines); *Bethune-Hill*, 580 U.S. at 190 ("A State could construct a plethora of potential maps that look consistent with traditional, race-neutral principles. But if race for its own sake is the overriding reason for choosing one map over others, race still may predominate.").

61

**IV.**

Given the presumption of legislative good faith and the Supreme Court's instruction that "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's motivation," *Shaw II*, 526 U.S. at 553 n.9, the Court denies the plaintiffs' motion for summary judgment. For the reasons discussed above, the Court also denies the Commission's motion for summary judgment on all grounds other than Greater Birmingham Ministries's standing to challenge the boundaries of District 5. The Clerk shall please TERM Docs. 94 and 95 in the *McClure* docket, 23-cv-443, and Docs. 99, 100, and 101 in the *Addoh-Kondi* docket, 23-cv-503.

**DONE** and **ORDERED** this January 10, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

# **<u>Appendix A</u>**

001

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 311 of 496

Jeff Co, AL - Govt



# A Voter's Guide

# ELECTIONS '86



## COUNTY COMMISSION

**Chriss Doss, President**
**Ray Moore, Associate**
**David Orange, Associate**

TUTWILER COLLECTION
BIRMINGHAM PUBLIC LIBRARY
BIRMINGHAM, ALABAMA

JEFFERSON COUNTY, ALABAMA

Prepared By: General Services Department
Printed By: General Services Printing Division

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 312 of 496

**002**



**Senate District**
**20**
Earl Hilliard

**Legislative District**
**59**
Lewis Spratt

**Legislative District**
**58**
Pat Davis

**Legislative District**
**60**
Sundra Escott

## County Commission

## — MAPS —

Jefferson County Commission will have 5 districts. Candidates will run in the district in which they live.

Case 2:23-cv-00443-MHH    Document 164    Filed 01/10/25    Page 66 of 71

003





**004**

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 314 of 496



## COMMISSION DISTRICT ONE

| Legislative Precinct | Box Area | Voting Center |
|---|---|---|
| 45 | 01 | Barrett School |
| 53 | 01 | Ramsay High School |
| 53 | 02 | Hill School |
| 53 | 04 | Glen Iris School |
| 53 | 06 | Washington School |
| 53 | 07 | Elyton School |
| 53 | 09 | Highland Manor Apts. |
| 54 | 01 | Alberta Shields School |
| 54 | 02 | Norwood Armory |
| 54 | 03 | McArthur School |
| 54 | 04 | City Auditorium |
| 54 | 06 | Court House Lobby |
| 54 | 10 | Parke Memorial Library |
| 54 | 12 | Bethel Baptist Church |
| 55 | 11 | Highland Ave. Fire Station |
| 58 | 02 | Fire Station No. 29 |
| 58 | 03 | Curry School |
| 58 | 05 | WillowWood Rec. Center |
| 58 | 06 | Ala. Youth Services Vacca Campus |
| 58 | 07 | Oporto Armory |
| 59 | 01 | Inglenook School |
| 59 | 02 | Morton Simpson Comm. Center |
| 59 | 03 | Hudson School |
| 59 | 04 | No. B'ham Recreation Center |
| 59 | 05 | Eagan School Gym |
| 59 | 06 | Hillview Community Center |
| 59 | 07 | Hooper City Recreation Center |
| 59 | 08 | Lewis School |
| 59 | 09 | Harriman Park Rec. Center |
| 60 | 01 | Finley Ave. School |
| 60 | 05 | McCaw School |
| 60 | 07 | Howze-Sanford Rec. Cntr. Pratt Park |
| 60 | 08 | Fire Station, Pratt City |
| 60 | 09 | Hillview Elem. School |
| 60 | 10 | George W. Scott School |

**005**

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 315 of 496



VILLAGE CREEK
ARKADELPHIA RD.
B.S.R.R.
AVE. V
20TH ST.    ENSLEY
I-59
I-65
I-59
CENTER ST.
A.C.L.R.R.
5TH ST.
CITY LIMITS
FULTON AVE.    8TH ST.
WEST END
AVE. F
52ND ST.    AVE. H
55TH PL.
M.L.KING DR.
GREEN SPRINGS HWY.
SOUTHERN R. R.
VINESVILLE RD.
W. VALLEY AVE.
SPAULDING-ISHKOODA RD.
JAYBIRD RD.    CITY/LIMITS    MIDFIELD
BRIGHTON
NORFOLK-SOUTHERN R.R.    MEAD R.R.    LIPSCOMB
BESSEMER
ALABAMA AVE.
L & N R.R. (ABANDONED)
14TH ST.

COMM. DIST. NO. 2

## COMMISSION DISTRICT TWO

| Legislative Precinct | Box Area | Voting Center |
|---|---|---|
| 49 | 01 | Charles A. Brown School |
| 49 | 02 | Community House, Ensley |
| 49 | 04 | Civic Club, Fairfield Hglds. |
| 52 | 01 | Cooper Green Recreation Center |
| 52 | 02 | Semmie Lavender Comm. Ctr. |
| 52 | 03 | Central Park Comm. Center |
| 52 | 04 | Lee School |
| 52 | 05 | Harrison Park Community Center |
| 52 | 06 | Hemphill School Rec. Bldg. |
| 52 | 07 | Wenonah Elementary School |
| 52 | 08 | Jackson School |
| 52 | 09 | Five Points West Mall |
| 53 | 03 | Graymont Elementary School |
| 53 | 05 | Center Street School |
| 53 | 08 | F.O.P. Bldg. Green Springs Highway |
| 54 | 05 | Wilkerson School |
| 54 | 11 | Carrie A. Tuggle School |
| 56 | 01 | Southside Homes Comm. Cntr. |
| 56 | 02 | Arlington School |
| 56 | 03 | St. Francis School |
| 57 | 01 | Fairfield City Hall |
| 57 | 03 | Midfield Comm. Center |
| 57 | 04 | Brighton Comm. House |
| 57 | 05 | Brighton High School |
| 57 | 06 | Roosevelt School |
| 57 | 07 | Lipscomb City Hall |
| 57 | 08 | Bryants Chapel AME Church Rec. Hall |
| 57 | 09 | Riley School |
| 60 | 02 | Woodrow Wilson School |
| 60 | 03 | Fairview School |
| 60 | 04 | Ensley High School Gym |
| 60 | 06 | Old Police Court Room |

**006**

USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 316 of 496



## COMMISSION DISTRICT THREE

| Legislative Precinct | Box Area | Voting Center |
|---|---|---|
| 49 | 03 | Wylam Fire Station |
| 49 | 05 | Glen Oaks School |
| 49 | 06 | Pleasant Grove Comm. House |
| 49 | 07 | Hueytown Alternative School |
| 49 | 08 | Sylvan Springs City Hall |
| 49 | 09 | Fire Station, Maytown |
| 49 | 10 | Booker Heights Comm. |
| 50 | 01 | Bessemer Trade School |
| 50 | 02 | Eastern Valley Community Center |
| 50 | 03 | Indian Ford Vol. Fire & Rescue Dept. |
| 50 | 04 | Flint Hill Fire Station No. 4 |
| 50 | 05 | West Hglds, Bells Spec. Educ. |
| 50 | 06 | City Hall, Hueytown |
| 50 | 07 | Virginia Vol. Fire Dept. |
| 50 | 08 | City Hall, Johns |
| 50 | 09 | Oak Grove High School |
| 50 | 10 | Concord Fire Dept. |
| 50 | 11 | Alliance Elem. School |
| 50 | 12 | Masonic Lodge, West Jeff. |
| 50 | 13 | Adamsville Elementary School |
| 51 | 01 | City Hall, Mulga |
| 51 | 02 | Fire Station, Minor |
| 51 | 03 | McDonald Chapel Comm. Ctr. |
| 51 | 04 | Morningstar Baptist Church |
| 51 | 05 | Sandusky Elem. School |
| 51 | 06 | Westwood Crumley Chapel Comm. Ctr. |
| 51 | 07 | City Hall Annex, Adamsville |
| 51 | 08 | Maurice West Comm. Center |
| 51 | 09 | City Hall, Brookside |
| 51 | 10 | Mt. Olive Elem. School |
| 51 | 13 | Bagley Junior High School |
| 55 | 06 | Shades Cliff Comm. Center |
| 55 | 07 | Shades Crest Baptist Church |
| 55 | 08 | Pine Haven Bapt. Church Shannon-Wenonah Rd. |
| 55 | 09 | Shady Grove Baptist Church |
| 55 | 10 | Fire Station Morgan Rd. |
| 56 | 04 | Bessemer City Hall |
| 56 | 05 | McNeil Jr. High School |
| 56 | 06 | National Guard Armory - Bessemer |
| 56 | 07 | Jonesboro Elem. School |
| 56 | 08 | Addison School |
| 56 | 09 | Woodward Elem. School |
| 57 | 02 | Fairfield Fire Station |

007

USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 317 of 496



COMM. DIST. NO. 4

## COMMISSION DISTRICT FOUR

| Legislative Precinct | Box Area | Voting Center |
|---|---|---|
| 43 | 01 | Springdale Elementary |
| 43 | 02 | Comm. Cntr. Fultondale |
| 43 | 03 | Civic Center Gardendale |
| 43 | 04 | Comm. Center, Mt. Olive |
| 43 | 05 | First United Methodist Church |
| 43 | 06 | Masonic Hall, Old 31 Hwy., Morris, Al. |
| 43 | 07 | City Hall, Kimberly |
| 43 | 08 | City Hall, Trafford |
| 43 | 09 | K. A. Johnson Elem. School |
| 43 | 10 | Fire Station - Palmerdale |
| 43 | 11 | Civitan Club Pinson |
| 43 | 12 | Clay Comm. Center |
| 43 | 13 | Grayson Valley 1st Baptist Church |
| 44 | 01 | Pinson Comm. School |
| 44 | 02 | Center Point Elementary |
| 44 | 03 | First Bapt. Church Center Point |
| 44 | 04 | Chalkville Civic Center |
| 44 | 05 | Grayson Valley Southern Bapt. |
| 44 | 06 | Trussville City Hall |
| 45 | 02 | Robinson School |
| 45 | 03 | Don Hawkins Comm. Center |
| 45 | 04 | Huffman Elem. School |
| 45 | 05 | No. Roebuck School |
| 45 | 06 | Andrew Gavin Family Life Center, Our Lady of Lourdes Church |
| 45 | 07 | L. M. Smith School |
| 45 | 08 | Fire Station No. 28 |
| 47 | 07 | City Hall, Irondale |
| 47 | 08 | East Jeff. Co. Fire Dept. |
| 47 | 09 | Leeds Armory |
| 51 | 11 | Warrior City Hall |
| 51 | 12 | Corner School |
| 58 | 01 | Tarrant City Hall |

USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 318 of 496

**008**



COMM DIST. NO. 5

## COMMISSION DISTRICT FIVE

| Legislative Precinct | Box Area | Voting Center |
|---|---|---|
| 46 | 01 | Mt. Chapel Methodist Church |
| 46 | 02 | City Hall, Vestavia |
| 46 | 03 | Mtn. Brook Grammar School |
| 46 | 04 | Fire Station Locksley |
| 46 | 05 | Overton Rd. United Meth. Church |
| 46 | 06 | Mt. Brook Jr. High School |
| 46 | 07 | Cahaba Hgts. Elem. School |
| 46 | 08 | Leeds High School |
| 46 | 09 | Brookwood Baptist Church |
| 47 | 01 | Highland Racquet Club |
| 47 | 02 | Avondale School |
| 47 | 03 | Donald Comer Elem. School Gym |
| 47 | 04 | Woodlawn Fire Station No. 12 |
| 47 | 05 | Mountain Brook City Hall |
| 47 | 06 | Eastwood Mall Shopping Ctr. |
| 47 | 10 | Shades Valley Presbyterian Church |
| 48 | 01 | Community Health Care Center |
| 48 | 02 | Oakmont Presbyterian Church |
| 48 | 03 | Hoover Shopping Center |
| 48 | 04 | St. Marks United Methodist Church |
| 48 | 05 | Vestavia Plaza Mall Sears Store |
| 48 | 06 | Vestavia High School |
| 54 | 07 | Avondale Library |
| 54 | 08 | Clairmont Ave., Fire Station No. 22 |
| 54 | 09 | Southtown House. Comm. Ctr. |
| 55 | 01 | Rec. Center, Homewood Pk. |
| 55 | 02 | Fire Station Carr Ave. |
| 55 | 03 | Edgewood School |
| 55 | 04 | Homewood Library |
| 55 | 05 | Shades Cahaba School |
| 58 | 04 | Gate City School |

# TAB 169-2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 1 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 320 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 2 of 51

FILED
2025 Jan-17  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## JEFFERSON COUNTY COMMISSION



CHRISS·N·DOSS · PRESIDENT
RAY MOORE'· ASSOCIATE
DAVID ORANGE · ASSOCIATE

EDWIN A. STRICKLAND
County Attorney
313 Courthouse
Birmingham, Alabama 35263-0008
Telephone (205) 325-5888

November 18, 1985

Assistant Attorney General
Civil Rights Division
Department of Justice
Washington, DC  20530

RE:  Submission Under Section 5 – Voting Rights Act
     Jefferson County, Alabama

Dear Sir:

This shall constitute a Submission Under Section 5 of the Voting Rights Act regarding a change in the structure of the Jefferson County Commission of Jefferson County, Alabama.

1.   SOURCE OF INFORMATION

     Enclosed is a copy of the CONSENT DECREE executed August 17, 1985, and the final AMENDED CONSENT DECREE executed October 31, 1985, by United States District Judge U. W. Clemon in case CA-84-C-1730-S, Taylor, et al., v. Jefferson County, et al.

2.   STATISTICS

     The CONSENT DECREE establishes five (5) County Commission districts. Attached to said AMENDED CONSENT DECREE as Exhibit A-1, is a description by legislative precincts and box area of each of the County Commission districts. Attached to the AMENDED CONSENT DECREE as Exhibit B-1, is a description of each County Commission district by census tract and reflecting the population breakdown between white, black and other. Also reflected are the percentages of each with deviations shown. Said Exhibit B-1 was prepared by Mr. Rod Clark, Administrative Associate, Center for Urban Affairs, University of Alabama in Birmingham, Area Code (205) 934-3500.

     The AMENDED CONSENT DECREE also references a map as "Exhibit C". Said map remains in the District Court file as an original exhibit to the Decree. The map is approximately 5' x 6' and we do not have the facilities to copy and reduce it for attachment to the copies of the AMENDED CONSENT DECREE. However, Judge Clemon has caused to be attached to the copies of the AMENDED CONSENT DECREE dis-

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 2 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 321 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 3 of 51

tributed by the Court a substitute map which includes census tract numbers and has the new County Commission lines shown thereon.

3. STATEMENT OF THE CHANGE

Since 1931 the Jefferson County Commission has consisted of three (3) County Commissioners who were elected at-large from Jefferson County. The change embodied in the CONSENT DECREE and AMENDED CONSENT DECREE establishes a five (5) member County Commission elected from districts within Jefferson County.

4. PERSON MAKING SUBMISSION

Edwin A. Strickland, County Attorney
Jefferson County, Alabama
Room 213 Jefferson County Courthouse
Birmingham, Alabama  35263

5. NAME OF SUBMITTING AUTHORITY

The Jefferson County Commission of Jefferson County, Alabama.

6. DATE OF CHANGE

The change will commence with the party primary elections for Jefferson County Commission in June, 1986, and the general election in November, 1986. The elected commissioners will take office in January 1987.

7. REASONS FOR THE CHANGE

The population of Jefferson County, Alabama, contains approximately 33-1/3% blacks. The above referenced case is a minority vote dilution case. The CONSENT DECREE abolishes the at-large county commission positions and substitutes five (5) districts of which two (2) are drawn in order to provide blacks with a greater opportunity to elect black commissioners.

8. ANTICIPATED EFFECT OF THE CHANGE

The CONSENT DECREE and AMENDED CONSENT DECREE establishes five (5) County Commission positions elected from five (5) districts within Jefferson County. As reflected in Exhibit B-1 of the AMENDED CONSENT DECREE, Commission District One (1) will contain 65.6% blacks. District Two (2) will contain 66.8% blacks. Accordingly, blacks will have a greater opportunity to elect 2/5 or 40% of the County Commission positions.

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH  Document 169-2  Filed 01/17/25  Page 3 of 50
USCA11 Case: 25-13253  Document: 33-1  Date Filed: 11/17/2025  Page: 322 of 496
Case 2:23-cv-00443-MHH  Document 86-2  Filed 06/05/24  Page 4 of 51

DOUGLAS H. BINKS

9. PAST OR PENDING LEGISLATION

The foregoing case is the only pending litigation concerning the subject voting practices.

10. PRIOR PRACTICE

The current commission form consisting of three (3) at-large positions was established in 1931. There has been no change to the number or at-large election method since then.

11. REGISTERED VOTERS

Attached as an exhibit to this submittal is a breakdown of the number of registered voters within each of the five (5) County Commission districts.

12. OTHER ATTORNEYS

The Plaintiffs in the above referenced Taylor case are represented by:

Mr. Ronald L. Spratt  (205) 328-2927
2205 Morris Avenue
Birmingham, Alabama  35203

Mr. Edward Still  (205) 322-6631
714 South 39th Street
Birmingham, Alabama  35233

The Defendants in the Taylor case are represented by:

Mr. David P. Whiteside, Jr.  (205) 322-0616
Johnston, Barton, Proctor, Swedlaw & Naff
1100 Park Place Tower
Birmingham, AL  35203

Mr. Edwin A. Strickland,  (205) 325-5688
County Attorney
Jefferson County Commission
Room 213 Jefferson County Courthouse
Birmingham, Alabama  35263

Sincerely,

Edwin A. Strickland
County Attorney

EAS/jr

Enclosures

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 4 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 323 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 5 of 51

DOUGLAS H. BANKS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
AUG 19 1985

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JAMES E. VANDEGRIEF, CLERK

MICHAEL TAYLOR, WILLIE L. ALLEN,
ANITA SMITH,

    Plaintiffs,

v.

THE JEFFERSON COUNTY COMMISSION,
CHRIS DOSS, President; DAVID
ORANGE, Associate Commissioner,
Public Welfare; RAY MOORE,
Associate Commissioner, Public
Works; O.H. FLORENCE, Probate
Judge of Jefferson County,

    Defendants.

CV 84-C-1730-S

ENTERED
AUG 19 1985

### Consent Decree

The parties have agreed to a settlement of this action on the following terms and conditions and submitted the same to the Court for approval. The Court hereby approves these terms and conditions and ORDERS, ADJUDGES, and DECREES as follows:

1. There shall be a county commission in Jefferson County consisting of five (5) members elected in separate districts by the duly qualified voters in each district in the same manner as other state and county officials, commencing in the general election of November 1986, and each four (4) years thereafter. The commissioners so elected shall hold their respective offices for the terms of four (4) years from the first Monday after the second Tuesday of January next after the general election at which they are elected and until their successors are elected and qualified.

552

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 5 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 324 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 6 of 51

DOUGLAS H. BANKS

2. The five (5) districts from which the commissioners are to be elected are described in Exhibit A, attached hereto.

3. The commissioners shall elect a President of the commission from their number to serve during the term for which they were elected.

4. Act 17 of the General Laws of Alabama, ~~Regular~~ Special Session, 1939, as amended, is superseded by this Decree.* The commissioners shall distribute the powers and duties conferred by law upon the county commission and the members thereof as they deem fit and efficient. All laws assigning powers and duties to particular commissioners under the former three-member commission shall be interpreted as assigning those powers and duties to the commission as a whole.

5. The plaintiffs are the prevailing parties in this litigation for purposes of the award of attorneys' fees. The parties shall consult and attempt to reach a settlement on the amount of the attorneys' fees to be paid to the plaintiffs' counsel. The time limits imposed by Local Rule 11 shall not apply. The Court retains jurisdiction to decide the issue of the amount of the attorneys' fees if the parties cannot settle the issue.

6. Jefferson County shall promptly file this decree with the Attorney General of the United States, along with necessary supporting material, for preclearance under Section 5 of the Voting Rights Act. The plaintiffs and their counsel will render

* No other General or Local Act of the Legislature of Alabama will be superseded by this Decree except to the extent of inconsistency with this decree.

553

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 6 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 325 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 7 of 51

DOUGLAS H BANKS

any necessary aid in securing preclearance of this plan.  Upon

preclearance by the Attorney General, these changes shall become

effective.  The Court retains jurisdiction for further

proceedings if the Attorney General should enter his objection to

the plan.

DONE this 17th day of August 1985.

U.W. Clemon
United States District Judge

APPROVED BY:

Edward Still, attorney for plaintiffs

Ronald Spratt, attorney for plaintiffs

Edwin A. Strickland, attorney for defendants

David P. Whiteside, Jr., attorney for defendants

A TRUE COPY
JAMES E. VANDEGRIFT, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BY:
DEPUTY CLERK

554

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 7 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 326 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 8 of 51

DOUGLAS H BANKS

APPROVED:

_____
Chriss H. Doss, County Commissioner

_____
David Orange, County Commissioner

_____
Ray Moore, County Commissioner

555

DOUGLAS H BANKS

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 8 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 327 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 9 of 51

DOUGLAS H BANKS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL TAYLOR, WILLIE L. ALLEN,       )
ANITA SMITH,                           )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )
                                       )       CV 84-C-1730-S
THE JEFFERSON COUNTY COMMISSION,       )
CHRIS DOSS, President; DAVID           )
ORANGE, Associate Commissioner,        )
Public Welfare; RAY MOORE,             )
Associate Commissioner, Public         )
Works; O.H. FLORENCE, Probate          )
Judge of Jefferson County,             )
                                       )
        Defendants.                    )

## Consent Decree

The parties have agreed to a settlement of this action on the following terms and conditions and submitted the same to the Court for approval. The Court hereby approves these terms and conditions and ORDERS, ADJUDGES, and DECREES as follows:

1. There shall be a county commission in Jefferson County consisting of five (5) members elected in separate districts by the duly qualified voters in each district in the same manner as other state and county officials, commencing in the general election of November 1986, and each four (4) years thereafter. The commissioners so elected shall hold their respective offices for the terms of four (4) years from the first Monday after the second Tuesday of January next after the general election at which they are elected and until their successors are elected and qualified.

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

DOUGLAS H BANKS

2.  The five (5) districts from which the commissioners are to be elected are described in Exhibit A, attached hereto.

3.  The commissioners shall elect a President of the commission from their number to serve during the term for which they were elected.

4.  Act 17 of the General Laws of Alabama, ~~Regular~~ Special Session, 1939, as amended, is superseded by this Decree.* The commissioners shall distribute the powers and duties conferred by law upon the county commission and the members thereof as they deem fit and efficient.  All laws assigning powers and duties to particular commissioners under the former three-member commission shall be interpreted as assigning those powers and duties to the commission as a whole.

5.  The plaintiffs are the prevailing parties in this litigation for purposes of the award of attorneys' fees.  The parties shall consult and attempt to reach a settlement on the amount of the attorneys' fees to be paid to the plaintiffs' counsel.  The time limits imposed by Local Rule 11 shall not apply.  The Court retains jurisdiction to decide the issue of the amount of the attorneys' fees if the parties cannot settle the issue.

6.  Jefferson County shall promptly file this decree with the Attorney General of the United States, along with necessary supporting material, for preclearance under Section 5 of the Voting Rights Act.  The plaintiffs and their counsel will render

* No other General or Local Act of the Legislature of Alabama will be superseded by this Decree except to the extent of inconsistency with this Decree.

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 10 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 329 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 11 of 51

DOUGLAS H BANKS

any necessary aid in securing preclearance of this plan. Upon preclearance by the Attorney General, these changes shall become effective. The Court retains jurisdiction for further proceedings if the Attorney General should enter his objection to the plan.

DONE this 17th day of August 1985.

U.W. Clemon
United States District Judge

APPROVED BY:

Edward Still, attorney for plaintiffs

Ronald Spratt, attorney for plaintiffs

Edwin A. Strickland, attorney for defendants

David P. Whiteside, Jr., attorney for defendants

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 11 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 330 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 12 of 51

APPROVED:

_Chriss H. Doss_
Chriss H. Doss, County Commissioner

_David Orange_
David Orange, County Commissioner

_Ray Moore_
Ray Moore, County Commissioner

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 12 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 331 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 13 of 51

DOUGLAS H BANKS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

**FILED**

MICHAEL TAYLOR, WILLIE L.          )
ALLEN, ANITA SMITH,                )
                                   )          NOV 1 1985
      Plaintiffs.                  )
                                   )          UNITED STATES DISTRICT COURT
v.                                 )          NORTHERN DISTRICT OF ALABAMA
THE JEFFERSON COUNTY               )  CA 84-C-1730-S   JAMES E. VANDEGRIFT, CLERK
COMMISSION, CHRISS DOSS,           )
President; DAVID ORANGE,           )
Associate Commissioner, Public    )
Welfare; RAY MOORE, Associate      )
Commissioner, Public Works;        )
O. H. FLORENCE, Probate Judge      )
of Jefferson County,               )
                                   )
      Defendants.                  )

**ENTERED**

NOV 1 1985

### AMENDED CONSENT DECREE

By Consent Decree of August 17, 1985, the parties agreed to a settlement of this action on terms and conditions set out therein and approved by the Court. At the time the parties submitted the Consent Decree to the Court they advised the Court that some of the boundaries of the 5 Commission districts might not match existing voting precinct - box lines and that after study the parties would move to modify the plan in order to minimize the number of voting precincts - boxes that would have to be changed. By Joint Motion To Amend Decree and Second Joint Motion To Amend Decree the parties through their attorneys have informed the Court that variations between the precincts - boxes and the Commission districts in the Consent Decree were more extensive than the parties realized but that they have agreed to a modification. Attached to said Second Joint Motion To Amend

RECEIVED

NOV 4 1985

COUNTY ATTORNEY

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 13 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 332 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 14 of 51

Decree as Exhibit A-1 is a new description of the Commission districts by reference to precincts - boxes. Additionally, at the request of the Court the parties have submitted a map of Jefferson County upon which the 5 Commission district lines have been drawn as well as the lines of the precincts - boxes contained respectively therein. Said map is attached hereto as Exhibit C. Further, that attached to the JOINT MOTION TO AMEND DECREE was an Exhibit B which contained several errors which have been corrected in a new Exhibit B-1. Said Exhibit B-1 is an analysis of the revised plan showing the racial composition of each Commission district by reference to census enumeration tracts. Said SECOND JOINT MOTION TO AMEND DECREE prays the Court to amend the said Consent Decree by substituting said Exhibit A-1, Exhibit B-1 and Exhibit C as the PLAN establishing the boundaries of the 5 Jefferson County Commission district seats.

WHEREFORE, premises considered, it is hereby ORDERED, ADJUDGED and DECREED that the attached Exhibit A-1, Exhibit B-1 and Exhibit C are hereby substituted in lieu of Exhibit A to the Consent Decree of August 17, 1985, and taken together are hereby established as the PLAN reflecting the boundary lines of the 5 County Commission district seats for the Jefferson County Commission. All other matters set out in said Consent Decree of August 17, 1985, are hereby ratified and confirmed.

DONE this 31st day of October, 1985.

A TRUE COPY
JAMES E. VANDEGRIFT, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _____
        DEPUTY CLERK

_____
U. W. Clemon
United States District Judge

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 14 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 333 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 15 of 51

DOUGLAS H BANKS

COMMISSION DISTRICT ONE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 45 | 01 |
| 53 | 01 |
| 53 | 02 |
| 53 | 04 |
| 53 | 06 |
| 53 | 07 |
| 54 | 01 |
| 54 | 02 |
| 54 | 03 |
| 54 | 04 |
| 54 | 06 |
| 54 | 10 |
| 54 | 12 |
| 55 | 11 |
| 58 | 02 |
| 58 | 03 |
| 58 | 05 |
| 58 | 06 |
| 58 | 07 |
| 59 | 01 |
| 59 | 02 |
| 59 | 03 |
| 59 | 04 |
| 59 | 05 |
| 59 | 06 |
| 59 | 07 |
| 59 | 08 |
| 59 | 09 |
| 60 | 01 |
| 60 | 05 |
| 60 | 07 |
| 60 | 08 |
| 60 | 09 |
| 60 | 10 |

EXHIBIT A-1

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 15 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 334 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 16 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT TWO

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 49 | 01 |
| 49 | 02 |
| 49 | 04 |
| 52 | 01 |
| 52 | 02 |
| 52 | 03 |
| 52 | 04 |
| 52 | 05 |
| 52 | 06 |
| 52 | 07 |
| 52 | 08 |
| 52 | 09 |
| 53 | 03 |
| 53 | 05 |
| 53 | 08 |
| 54 | 05 |
| 54 | 11 |
| 56 | 01 |
| 56 | 02 |
| 56 | 03 |
| 57 | 01 |
| 57 | 03 |
| 57 | 04 |
| 57 | 05 |
| 57 | 06 |
| 57 | 07 |
| 57 | 08 |
| 57 | 09 |
| 60 | 02 |
| 60 | 03 |
| 60 | 04 |
| 60 | 06 |

DOUGLAS H BANKS

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 16 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 335 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 17 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT THREE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 49 | 03 |
| 49 | 05 |
| 49 | 06 |
| 49 | 07 |
| 49 | 08 |
| 49 | 09 |
| 49 | 10 |
| 50 | 01 |
| 50 | 02 |
| 50 | 03 |
| 50 | 04 |
| 50 | 05 |
| 50 | 06 |
| 50 | 07 |
| 50 | 08 |
| 50 | 09 |
| 50 | 10 |
| 50 | 11 |
| 50 | 12 |
| 50 | 13 |
| 51 | 01 |
| 51 | 02 |
| 51 | 03 |
| 51 | 04 |
| 51 | 05 |
| 51 | 06 |
| 51 | 07 |
| 51 | 08 |
| 51 | 09 |
| 51 | 10 |
| 51 | 13 |
| 55 | 06 |
| 55 | 07 |
| 55 | 08 |
| 55 | 09 |
| 55 | 10 |
| 56 | 04 |
| 56 | 05 |
| 56 | 06 |
| 56 | 07 |
| 56 | 08 |
| 56 | 09 |
| 57 | 02 |

DOUGLAS H BANKS

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 17 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 336 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 18 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT FOUR

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 43 | 01 |
| 43 | 02 |
| 43 | 03 |
| 43 | 04 |
| 43 | 05 |
| 43 | 06 |
| 43 | 07 |
| 43 | 08 |
| 43 | 09 |
| 43 | 10 |
| 43 | 11 |
| 43 | 12 |
| 44 | 01 |
| 44 | 02 |
| 44 | 03 |
| 44 | 04 |
| 44 | 05 |
| 44 | 06 |
| 45 | 02 |
| 45 | 03 |
| 45 | 04 |
| 45 | 05 |
| 45 | 06 |
| 45 | 07 |
| 45 | 08 |
| 47 | 07 |
| 47 | 08 |
| 47 | 09 |
| 51 | 11 |
| 51 | 12 |
| 58 | 01 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 18 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 337 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 19 of 51

DOUGLAS H BANKS

COMMISSION DISTRICT FIVE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 46 | 01 |
| 46 | 02 |
| 46 | 03 |
| 46 | 04 |
| 46 | 05 |
| 46 | 06 |
| 46 | 07 |
| 46 | 08 |
| 46 | 09 |
| 47 | 01 |
| 47 | 02 |
| 47 | 03 |
| 47 | 04 |
| 47 | 05 |
| 47 | 06 |
| 47 | 10 |
| 48 | 01 |
| 48 | 02 |
| 48 | 03 |
| 48 | 04 |
| 48 | 05 |
| 48 | 06 |
| 54 | 07 |
| 54 | 08 |
| 54 | 09 |
| 55 | 01 |
| 55 | 02 |
| 55 | 03 |
| 55 | 04 |
| 55 | 05 |
| 58 | 04 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 19 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 338 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 20 of 51

DOUGLAS H BANKS

Seat 1

| | Total | White | Black | Other |
|---|---|---|---|---|
| 2 | 2373 | 2165 | 199 | 9 |
| 3 less blks 409, 411, 419 | 2252 | 1796 | 445 | 11 |
| 4 | 4815 | 3468 | 1333 | 14 |
| 5 | 6926 | 855 | 6059 | 12 |
| 6 | 2138 | 20 | 2113 | 5 |
| 7 | 6317 | 13 | 6298 | 6 |
| 8 | 6595 | 363 | 6222 | 10 |
| 9 | 3269 | 11 | 3253 | 5 |
| 10 | 1270 | 99 | 1170 | 1 |
| 11 | 6375 | 533 | 5837 | 5 |
| 12 | 5114 | 721 | 4380 | 13 |
| 15 | 6502 | 72 | 6424 | 6 |
| 16 | 7140 | 1039 | 6083 | 18 |
| 17 | 699 | 109 | 587 | 3 |
| 18.01 less BG 4 | 853 | 330 | 510 | 13 |
| 18.02 BG2, blks 515,540 | 134 | 103 | 31 | 0 |
| 19.01 | 749 | 299 | 446 | 4 |
| 19.02 | 1783 | 1391 | 382 | 10 |
| 20 | 3388 | 3262 | 104 | 22 |
| 22 | 3516 | 2340 | 1161 | 15 |
| 23.03 less BG 2, blk 340 | 2646 | 686 | 1944 | 16 |
| 24 | 2918 | 310 | 2590 | 18 |
| 25 BG 1 | 236 | 165 | 70 | 1 |
| 26.01 | 636 | 8 | 628 | 0 |
| 26.02 | 1366 | 36 | 1326 | 4 |
| 27 less BG 5 | 3042 | 1034 | 1999 | 9 |
| 28.01 | 650 | 20 | 625 | 5 |
| 28.02 | 391 | 0 | 389 | 2 |
| 29 less BG 758 | 3673 | 13 | 3652 | 8 |
| 40 blks 104, 105, 120, 121 | 226 | 91 | 135 | 0 |
| 41 | 2441 | 384 | 2051 | 6 |
| 42 less BG 4, blks 504-508 | 1705 | 7 | 1695 | 4 |
| 44 | 1559 | 916 | 490 | 153 |
| 45 | 1939 | 538 | 1385 | 16 |
| 46 blks 101 & 104 | 0 | 0 | 0 | 0 |
| 48 | 1686 | 1648 | 27 | 11 |
| 49 less blk 103 & blks 347, 351 in Rem. of Birmingham Div. | 4962 | 4294 | 592 | 76 |
| 50 less blks 516-618, 523 | 3536 | 3117 | 349 | 70 |
| 51.01 | 4524 | 8 | 4510 | 6 |
| 83.01 | 2317 | 1551 | 754 | 2 |
| 54 | 15 | 15 | 0 | 0 |
| 55 | 4711 | 1217 | 3485 | 9 |
| 58 | 2785 | 2384 | 344 | 57 |
| 109 BG 8 | 859 | 706 | 153 | 0 |
| 119.02 less Tarrant | 2077 | 221 | 1852 | 4 |
| 119.03 | 3222 | 365 | 2856 | 1 |
| 120.01 | 4786 | 4740 | 36 | 10 |
| 120.02 Birmingham and Rem of Birmingham Div. less blk 111 | 1639 | 384 | 1250 | 5 |
| 124.01 | 3426 | 2287 | 1128 | 11 |
| | 135172 | 46134 | 89352 | 686 |

Deviation: +1.46%
White: 33.9%
Black: 65.6%

EXHIBIT B-1

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 20 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 339 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 21 of 51

DOUGLAS H BANKS

Seat 2

| | Total | White | Black | Other |
|---|---|---|---|---|
| 14 | 4165 | 48 | 4113 | 4 |
| 29 BG 7 & 8 | 1350 | 1 | 1340 | 9 |
| 30.01 | 4696 | 2010 | 2659 | 27 |
| 30.02 | 5072 | 614 | 4447 | 11 |
| 31 | 5181 | 2845 | 2294 | 42 |
| 32 | 4317 | 116 | 4190 | 11 |
| 33 | 8725 | 13 | 3704 | 8 |
| 34 | 3335 | 2240 | 1084 | 11 |
| 36 | 5032 | 3865 | 1152 | 15 |
| 37 | 4928 | 4313 | 596 | 19 |
| 38.01 | 2213 | 2059 | 145 | 9 |
| 38.02 | 3747 | 3577 | 145 | 25 |
| 38.03 | 4502 | 1156 | 3330 | 17 |
| 39 | 2436 | 537 | 1894 | 4 |
| 40 less blks 104, 105, 120, 121 | 7958 | 3589 | 4305 | 64 |
| 42 BG 4 & blks 504-508 | 768 | 72 | 696 | 0 |
| 50 blks 516-518, 523 | 210 | 207 | 0 | 3 |
| 51.02 | 5334 | 1218 | 4087 | 29 |
| 52 | 5744 | 293 | 5438 | 13 |
| 57.01 | 4168 | 639 | 3524 | 5 |
| 57.02 | 5709 | 508 | 5192 | 9 |
| 101 | 4853 | 393 | 4462 | 8 |
| 103.01 BG 5 & 7 | 1486 | 1400 | 81 | 5 |
| 103.02 | 7287 | 519 | 6766 | 2 |
| 105 | 2721 | 1665 | 1045 | 11 |
| 106.01 less BG 2 in Remainder of Birmingham Div. | 2161 | 1419 | 727 | 15 |
| 106.02 blks 322-324, 341, 349, 355, 605-609, 633, 634 | 737 | 505 | 227 | 5 |
| 130.01 | 3500 | 38 | 3461 | 1 |
| 130.02 | 3926 | 7 | 3916 | 3 |
| 131 | 4561 | 71 | 4485 | 5 |
| 132 | 2702 | 2694 | 1 | 7 |
| 133 | 5623 | 1210 | 4407 | 6 |
| 134 less Fairfield | 2817 | 2600 | 201 | 16 |
| 136.01 | 3352 | 668 | 2674 | 10 |
| 136.02 less 111-114 in Rem. of Birmingham Div. | 107 | 39 | 68 | 0 |
| 137 | 3012 | 1091 | 1919 | 2 |
| 138.01 blk 214 in Rem. of Birmingham Div. | 0 | 0 | 0 | 0 |
| 138.02 | 1234 | 28 | 1205 | 1 |
| | 134678 | 44266 | 89980 | 432 |

Deviation: +0.33%
White: 32.9%
Black: 66.8%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 21 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 340 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 22 of 51

DOUGLAS H BANKS

Seat 3

| Tract | Total | White | Black | Other |
|---|---|---|---|---|
| 35 | 3660 | 2222 | 1317 | 21 |
| 100.01 | 6243 | 4641 | 1587 | 15 |
| 100.02 | 5460 | 5177 | 277 | 6 |
| 102 | 4353 | 2410 | 1929 | 14 |
| 103.01 less HG 5 & 7 | 1422 | 1337 | 83 | 2 |
| 104.01 | 5536 | 2629 | 2898 | 9 |
| 104.02 | 2278 | 2204 | 73 | 1 |
| 106.01 HG 2 in Remainder of Birmingham Div. | 0 | 0 | 0 | 0 |
| 106.02 less blks 322-324,341,349,355,605-609,633,634 | 5174 | 161 | 5002 | 11 |
| 106.03 | 2760 | 2230 | 516 | 14 |
| 115 | 4729 | 4724 | 0 | 5 |
| 116 | 3858 | 3692 | 160 | 6 |
| 117.04 less Gardendale | 2037 | 2024 | 0 | 13 |
| 121.03 | 5850 | 4685 | 1147 | 18 |
| 121.04 | 3778 | 3073 | 700 | 5 |
| 122 | 2270 | 2171 | 93 | 6 |
| 123.01 | 7952 | 7126 | 815 | 11 |
| 123.02 | 3751 | 3327 | 407 | 17 |
| 124.02 | 3700 | 3667 | 25 | 8 |
| 124.03 | 4868 | 4213 | 645 | 10 |
| 125 | 6950 | 4228 | 2710 | 12 |
| 134 Fairfield | 2247 | 1813 | 428 | 6 |
| 135 | 0 | 0 | 0 | 0 |
| 135.02 blks 111-114 in Rem. of Birmingham Div. | 15 | 15 | 0 | 0 |
| 138.01 less blk 214 in Rem. of Birmingham Div. | 2715 | 878 | 1834 | 3 |
| 139.01 | 2587 | 848 | 1737 | 2 |
| 139.02 | 2815 | 2750 | 62 | 3 |
| 140 | 6524 | 6117 | 400 | 7 |
| 141.02 | 3863 | 3327 | 520 | 16 |
| 141.03 | 1185 | 1087 | 94 | 4 |
| 141.04 | 1752 | 632 | 1115 | 5 |
| 141.05 | 2945 | 2098 | 838 | 9 |
| 142.02 | 934 | 923 | 6 | 5 |
| 142.03 | 2722 | 2421 | 301 | 0 |
| 142.04 | 2586 | 2577 | 0 | 8 |
| 143.01 | 3532 | 2629 | 895 | 8 |
| 143.02 | 2276 | 1510 | 758 | 8 |
| 144.03 | 7351 | 7270 | 47 | 34 |
| | 132677 | 102936 | 29419 | 322 |

Deviation: -1.15
White: 77.6%
Black: 22.2%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 22 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 341 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 23 of 51

DOUGLAS H BANKS

Seat 4

| | Total | White | Black | Other |
|---|---|---|---|---|
| 1 | 2436 | 2293 | 119 | 24 |
| 21 | 3277 | 3263 | 3 | 11 |
| 53.02 | 4179 | 4162 | 0 | 17 |
| 56 blk 112 Irondale | 298 | 296 | 0 | 2 |
| 59.03 | 5140 | 5061 | 27 | 52 |
| 89.04 | 6782 | 6651 | 84 | 47 |
| 89.05 | 6022 | 5993 | 0 | 29 |
| 89.06 | 3950 | 3917 | 16 | 17 |
| 108.03 blks 113,115,116,119,120,121,125,138,142,150-153,158 in Irondale | 1067 | 1015 | 43 | 9 |
| 109 less BG 8 | 5568 | 5003 | 545 | 20 |
| 110 less BG 3-5 & blks 225-228,230,233-235,238-245,251,252 | 3411 | 2185 | 1221 | 5 |
| 111.03 | 5168 | 5044 | 102 | 22 |
| 111.04 | 4610 | 4527 | 46 | 37 |
| 111.05 | 8654 | 7858 | 758 | 38 |
| 112.03 | 6315 | 6230 | 69 | 16 |
| 112.04 | 7405 | 7154 | 205 | 46 |
| 112.05 | 1906 | 1887 | 17 | 2 |
| 112.06 | 3260 | 2975 | 273 | 12 |
| 113 | 6764 | 6226 | 528 | 10 |
| 114 | 5568 | 4914 | 629 | 25 |
| 117.03 | 5671 | 5648 | 19 | 4 |
| 117.04 Gardendale | 610 | 609 | 0 | 1 |
| 117.05 | 6870 | 6494 | 366 | 10 |
| 117.06 | 1930 | 1921 | 5 | 4 |
| 118.01 | 8279 | 8178 | 57 | 44 |
| 118.02 | 6925 | 6862 | 37 | 26 |
| 119.01 | 4028 | 3664 | 358 | 6 |
| 119.02 Tarrant | 919 | 211 | 707 | 1 |
| 120.02 Fultondale and blk 111 in Rem. of Birmingham Div. | 3758 | 3743 | 2 | 13 |
| 125.01 | 1331 | 1255 | 75 | 1 |
| 126.02 | 1748 | 1523 | 224 | 1 |
| 127.01 | 2978 | 2690 | 278 | 10 |
| | 136827 | 129452 | 6813 | 562 |

Deviation: +1.93%
White: 94.6%
Black: 5.0%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 23 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 342 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 24 of 51

DOUGLAS H BANKS

Seat 5

| | Total | White | Black | Other |
|---|---|---|---|---|
| 3 blks 409,411,419 | 43 | 43 | 0 | 0 |
| 18.01 BG 4 | 1279 | 282 | 997 | 0 |
| 18.02 BG 5 except blks 515,540 & BG 6 | 641 | 274 | 365 | 2 |
| 23.03 BG 2 & blk 340 | 842 | 215 | 627 | 0 |
| 23.04 | 1516 | 2 | 1513 | 1 |
| 23.05 | 2889 | 2596 | 275 | 18 |
| 23.06 | 4305 | 4057 | 216 | 32 |
| 25 less BG 1 | 138 | 80 | 58 | 0 |
| 27 BG 5 | 14 | 11 | 3 | 0 |
| 46 less blks 101,104 | 673 | 5 | 667 | 1 |
| 47.01 | 3815 | 3496 | 281 | 38 |
| 47.02 | 3436 | 3387 | 19 | 30 |
| 47.03 | 1755 | 1441 | 296 | 18 |
| 49 blk 108 | 91 | 80 | 11 | 0 |
| 56 less blk 112 Irondale | 5501 | 5439 | 14 | 48 |
| 107.01 | 2418 | 2326 | 51 | 41 |
| 107.02 | 4769 | 3738 | 983 | 48 |
| 107.03 | 2277 | 2258 | 5 | 14 |
| 107.04 | 4220 | 4082 | 101 | 37 |
| 107.05 | 3426 | 3377 | 5 | 44 |
| 107.06 | 3006 | 2917 | 38 | 51 |
| 108.01 | 5305 | 5272 | 12 | 21 |
| 108.02 | 3148 | 3132 | 10 | 6 |
| 108.03 less blks 113,115,116,119-122,125,138,142,150-153,158 in Irondale | 5327 | 5054 | 189 | 84 |
| 108.04 | 2720 | 2712 | 1 | 7 |
| 108.05 | 7150 | 6801 | 304 | 45 |
| 110 BG 3-5 & blks 226-228,230,233-235,238-245,251-252 | 4547 | 4117 | 407 | 23 |
| 127.02 | 1013 | 1010 | 2 | 1 |
| 128.01 | 5944 | 5891 | 5 | 48 |
| 128.02 | 293 | 280 | 10 | 3 |
| 129.01 | 6451 | 6352 | 35 | 64 |
| 129.02 | 8977 | 8754 | 106 | 117 |
| 129.03 | 5028 | 4982 | 17 | 29 |
| 129.04 | 11121 | 10627 | 364 | 130 |
| 144.01 | 8287 | 8027 | 186 | 74 |
| 144.02 | 8478 | 8394 | 22 | 62 |
| | 130843 | 121511 | 8195 | 1137 |

Deviation: -2.53%
White: 92.9%
Black: 6.3%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 24 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 343 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 25 of 51

DOUGLAS H BANKS

Summary

|  | Total | White | Black | Other |
|---|---|---|---|---|
| Seat 1 | 136172 | 46134 | 89352 | 686 |
| Seat 2 | 134678 | 44266 | 89980 | 432 |
| Seat 3 | 132677 | 102935 | 29419 | 322 |
| Seat 4 | 136827 | 129452 | 6813 | 562 |
| Seat 5 | 130843 | 121511 | 8195 | 1137 |
|  | 671197 | 444299 | 223759 | 3139 |

|  | Deviation | White | Black |
|---|---|---|---|
| Seat 1 | +1.44% | 33.9% | 65.6% |
| Seat 2 | +0.33% | 32.9% | 66.8% |
| Seat 3 | −1.16% | 77.6% | 22.2% |
| Seat 4 | +1.93% | 94.6% | 5.0% |
| Seat 5 | −2.53% | 92.9% | 6.3% |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 25 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 344 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 26 of 51



23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 26 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 345 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 27 of 51

DOUGLAS H BANKS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

**FILED**

NOV 1 1985

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JAMES E. VANDEGRIFT, CLERK

MICHAEL TAYLOR, WILLIE L. )
ALLEN, ANITA SMITH, )
)
    Plaintiffs. )
)
v. ) CA 84-C-1730-S
THE JEFFERSON COUNTY )
COMMISSION, CHRISS DOSS, )
President; DAVID ORANGE, )
Associate Commissioner, Public )
Welfare; RAY MOORE, Associate )
Commissioner, Public Works; )
O. H. FLORENCE, Probate Judge )
of Jefferson County, )
)
    Defendants. )

**ENTERED**

NOV 1 1985

## AMENDED CONSENT DECREE

By Consent Decree of August 17, 1985, the parties agreed to a settlement of this action on terms and conditions set out therein and approved by the Court. At the time the parties submitted the Consent Decree to the Court they advised the Court that some of the boundaries of the 5 Commission districts might not match existing voting precinct – box lines and that after study the parties would move to modify the plan in order to minimize the number of voting precincts – boxes that would have to be changed. By Joint Motion To Amend Decree and Second Joint Motion To Amend Decree the parties through their attorneys have informed the Court that variations between the precincts – boxes and the Commission districts in the Consent Decree were more extensive than the parties realized but that they have agreed to a modification. Attached to said Second Joint Motion To Amend

RECEIVED

NOV 4 1985

COUNTY ATTORNEY

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 27 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 346 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 28 of 51

Douglas H Banks

Decree as Exhibit A-1 is a new description of the Commission districts by reference to precincts - boxes. Additionally, at the request of the Court the parties have submitted a map of Jefferson County upon which the 5 Commission district lines have been drawn as well as the lines of the precincts - boxes contained respectively therein. Said map is attached hereto as Exhibit C. Further, that attached to the JOINT MOTION TO AMEND DECREE was an Exhibit B which contained several errors which have been corrected in a new Exhibit B-1. Said Exhibit B-1 is an analysis of the revised plan showing the racial composition of each Commission district by reference to census enumeration tracts. Said SECOND JOINT MOTION TO AMEND DECREE prays the Court to amend the said Consent Decree by substituting said Exhibit A-1, Exhibit B-1 and Exhibit C as the PLAN establishing the boundaries of the 5 Jefferson County Commission district seats.

WHEREFORE, premises considered, it is hereby ORDERED, ADJUDGED and DECREED that the attached Exhibit A-1, Exhibit B-1 and Exhibit C are hereby substituted in lieu of Exhibit A to the Consent Decree of August 17, 1985, and taken together are hereby established as the PLAN reflecting the boundary lines of the 5 County Commission district seats for the Jefferson County Commission. All other matters set out in said Consent Decree of August 17, 1985, are hereby ratified and confirmed.

DONE this 31st day of October, 1985.

A TRUE C___
JA___ ___, CLERK
UN___ ___ COURT
NOR___ ___ OF ALABAMA

BY: David D. Smitherman
DEPUTY CLERK

U. W. Clemon
United States District Judge

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 28 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 347 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 29 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT ONE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 45 | 01 |
| 53 | 01 |
| 53 | 02 |
| 53 | 04 |
| 53 | 06 |
| 53 | 07 |
| 54 | 01 |
| 54 | 02 |
| 54 | 03 |
| 54 | 04 |
| 54 | 06 |
| 54 | 10 |
| 54 | 12 |
| 55 | 11 |
| 58 | 02 |
| 58 | 03 |
| 58 | 05 |
| 58 | 06 |
| 58 | 07 |
| 59 | 01 |
| 59 | 02 |
| 59 | 03 |
| 59 | 04 |
| 59 | 05 |
| 59 | 06 |
| 59 | 07 |
| 59 | 08 |
| 59 | 09 |
| 60 | 01 |
| 60 | 05 |
| 60 | 07 |
| 60 | 08 |
| 60 | 09 |
| 60 | 10 |

EXHIBIT A-1

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 29 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 348 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 30 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT TWO

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 49 | 01 |
| 49 | 02 |
| 49 | 04 |
| 52 | 01 |
| 52 | 02 |
| 52 | 03 |
| 52 | 04 |
| 52 | 05 |
| 52 | 06 |
| 52 | 07 |
| 52 | 08 |
| 52 | 09 |
| 53 | 03 |
| 53 | 05 |
| 53 | 08 |
| 54 | 05 |
| 54 | 11 |
| 56 | 01 |
| 56 | 02 |
| 56 | 03 |
| 57 | 01 |
| 57 | 03 |
| 57 | 04 |
| 57 | 05 |
| 57 | 06 |
| 57 | 07 |
| 57 | 08 |
| 57 | 09 |
| 60 | 02 |
| 60 | 03 |
| 60 | 04 |
| 60 | 06 |

DOUGLAS H BANKS

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 30 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 349 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 31 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT THREE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 49 | 03 |
| 49 | 05 |
| 49 | 06 |
| 49 | 07 |
| 49 | 08 |
| 49 | 09 |
| 49 | 10 |
| 50 | 01 |
| 50 | 02 |
| 50 | 03 |
| 50 | 04 |
| 50 | 05 |
| 50 | 06 |
| 50 | 07 |
| 50 | 08 |
| 50 | 09 |
| 50 | 10 |
| 50 | 11 |
| 50 | 12 |
| 50 | 13 |
| 51 | 01 |
| 51 | 02 |
| 51 | 03 |
| 51 | 04 |
| 51 | 05 |
| 51 | 06 |
| 51 | 07 |
| 51 | 08 |
| 51 | 09 |
| 51 | 10 |
| 51 | 13 |
| 55 | 06 |
| 55 | 07 |
| 55 | 08 |
| 55 | 09 |
| 55 | 10 |
| 56 | 04 |
| 56 | 05 |
| 56 | 06 |
| 56 | 07 |
| 56 | 08 |
| 56 | 09 |
| 57 | 02 |

DOUGLAS H BANKS

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 31 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 350 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 32 of 51

DOUGLAS H BANKS

## COMMISSION DISTRICT FOUR

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 43 | 01 |
| 43 | 02 |
| 43 | 03 |
| 43 | 04 |
| 43 | 05 |
| 43 | 06 |
| 43 | 07 |
| 43 | 08 |
| 43 | 09 |
| 43 | 10 |
| 43 | 11 |
| 43 | 12 |
| 44 | 01 |
| 44 | 02 |
| 44 | 03 |
| 44 | 04 |
| 44 | 05 |
| 44 | 06 |
| 45 | 02 |
| 45 | 03 |
| 45 | 04 |
| 45 | 05 |
| 45 | 06 |
| 45 | 07 |
| 45 | 08 |
| 47 | 07 |
| 47 | 08 |
| 47 | 09 |
| 51 | 11 |
| 51 | 12 |
| 58 | 01 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 32 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 351 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 33 of 51



Douglas II Banks

COMMISSION DISTRICT FIVE

| LEGISLATIVE PRECINCT | BOX AREA |
|---|---|
| 46 | 01 |
| 46 | 02 |
| 46 | 03 |
| 46 | 04 |
| 46 | 05 |
| 46 | 06 |
| 46 | 07 |
| 46 | 08 |
| 46 | 09 |
| 47 | 01 |
| 47 | 02 |
| 47 | 03 |
| 47 | 04 |
| 47 | 05 |
| 47 | 06 |
| 47 | 10 |
| 48 | 01 |
| 48 | 02 |
| 48 | 03 |
| 48 | 04 |
| 48 | 05 |
| 48 | 06 |
| 54 | 07 |
| 54 | 08 |
| 54 | 09 |
| 55 | 01 |
| 55 | 02 |
| 55 | 03 |
| 55 | 04 |
| 55 | 05 |
| 58 | 04 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 33 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 352 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 34 of 51

Douglas H Rooks

Seat 1

| | Total | White | Black | Other |
|---|---|---|---|---|
| 2 | 2373 | 2165 | 199 | 9 |
| 3 less blks 409, 411, 419 | 2252 | 1796 | 445 | 11 |
| 4 | 4815 | 3468 | 1333 | 14 |
| 5 | 6925 | 855 | 6059 | 12 |
| 6 | 2138 | 20 | 2113 | 5 |
| 7 | 6317 | 13 | 6298 | 6 |
| 8 | 6585 | 353 | 6222 | 10 |
| 9 | 3269 | 11 | 3253 | 5 |
| 10 | 1270 | 99 | 1170 | 1 |
| 11 | 6375 | 533 | 5837 | 5 |
| 12 | 5114 | 721 | 4380 | 13 |
| 15 | 6502 | 72 | 6424 | 6 |
| 16 | 7140 | 1039 | 6083 | 18 |
| 17 | 699 | 109 | 587 | 3 |
| 18.01 less BG 4 | 853 | 330 | 510 | 13 |
| 18.02 BG2, blks 515,540 | 134 | 103 | 31 | 0 |
| 19.01 | 749 | 299 | 446 | 4 |
| 19.02 | 1783 | 1391 | 382 | 10 |
| 20 | 3388 | 3262 | 104 | 22 |
| 22 | 3516 | 2340 | 1161 | 15 |
| 23.03 less BG 2, blk 340 | 2646 | 686 | 1944 | 16 |
| 24 | 2918 | 310 | 2590 | 18 |
| 25 BG 1 | 236 | 165 | 70 | 1 |
| 26.01 | 636 | 8 | 628 | 0 |
| 26.02 | 1366 | 36 | 1326 | 4 |
| 27 less BG 5 | 3042 | 1034 | 1999 | 9 |
| 28.01 | 650 | 20 | 625 | 5 |
| 28.02 | 391 | 0 | 389 | 2 |
| 29 less BG 758 | 3673 | 13 | 3652 | 8 |
| 40 blks 104, 105, 120, 121 | 225 | 91 | 135 | 0 |
| 41 | 2441 | 384 | 2051 | 6 |
| 42 less BG 4, blks 504-508 | 1705 | 7 | 1695 | 4 |
| 44 | 1559 | 916 | 490 | 153 |
| 45 | 1939 | 538 | 1385 | 16 |
| 46 blks 101 & 104 | 0 | 0 | 0 | 0 |
| 48 | 1686 | 1648 | 27 | 11 |
| 49 less blk 108 & blks 347, 351 in Rem. of Birmingham Div. | 4962 | 4294 | 592 | 76 |
| 50 less blks 516-518, 523 | 3536 | 3117 | 349 | 70 |
| 51.01 | 4524 | 8 | 4510 | 6 |
| 53.01 | 2317 | 1561 | 754 | 2 |
| 54 | 15 | 15 | 0 | 0 |
| 55 | 4711 | 1217 | 3485 | 9 |
| 58 | 2785 | 2384 | 344 | 57 |
| 109 BG 8 | 859 | 706 | 153 | 0 |
| 119.02 less Tarrant | 2077 | 221 | 1852 | 4 |
| 119.03 | 3222 | 365 | 2856 | 1 |
| 120.01 | 4786 | 4740 | 36 | 10 |
| 120.02 Birmingham and Rem of Birmingham Div. less blk 111 | 1639 | 384 | 1250 | 5 |
| 124.01 | 3426 | 2287 | 1128 | 11 |
| | 136172 | 46134 | 89352 | 686 |

Deviation: +1.44%
White: 33.9%
Black: 65.6%

EXHIBIT B-1

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 34 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 353 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 35 of 51

Douglas H. Banks

Seat 2

| | Total | White | Black | Other |
|---|---|---|---|---|
| 14 | 4165 | 48 | 4113 | 4 |
| 29 BG 7 & 8 | 1350 | 1 | 1340 | 9 |
| 30.01 | 4696 | 2010 | 2659 | 27 |
| 30.02 | 5072 | 614 | 4447 | 11 |
| 31 | 5181 | 2845 | 2294 | 42 |
| 32 | 4317 | 116 | 4190 | 11 |
| 33 | 3725 | 13 | 3704 | 8 |
| 34 | 3335 | 2240 | 1084 | 11 |
| 36 | 5032 | 3865 | 1152 | 15 |
| 37 | 4928 | 4313 | 596 | 19 |
| 38.01 | 2213 | 2059 | 145 | 9 |
| 38.02 | 3747 | 3577 | 145 | 25 |
| 38.03 | 4502 | 1155 | 3330 | 17 |
| 39 | 2435 | 537 | 1894 | 4 |
| 40 less blks 104, 105, 120, 121 | 7958 | 3589 | 4305 | 64 |
| 42 BG 4 & blks 504-508 | 768 | 72 | 696 | 0 |
| 50 blks 516-518, 523 | 210 | 207 | 0 | 3 |
| 51.02 | 5334 | 1218 | 4087 | 29 |
| 52 | 5744 | 293 | 5438 | 13 |
| 57.01 | 4168 | 639 | 3524 | 5 |
| 57.02 | 5709 | 508 | 5192 | 9 |
| 101 | 4863 | 393 | 4462 | 8 |
| 103.01 BG 5 & 7 | 1486 | 1400 | 81 | 5 |
| 103.02 | 7287 | 519 | 6765 | 2 |
| 105 | 2721 | 1665 | 1045 | 11 |
| 106.01 less BG 2 in Remainder of Birmingham Div. | 2161 | 1419 | 727 | +15 |
| 106.02 blks 322-324, 341, 349, 355, 605-609, 633, 634 | 737 | 505 | 227 | 5 |
| 130.01 | 3500 | 38 | 3461 | 1 |
| 130.02 | 3926 | 7 | 3916 | 3 |
| 131 | 4561 | 71 | 4485 | 5 |
| 132 | 2702 | 2694 | 1 | 7 |
| 133 | 5623 | 1210 | 4407 | 6 |
| 134 less Fairfield | 2817 | 2600 | 201 | 16 |
| 136.01 | 3352 | 668 | 2674 | 10 |
| 136.02 less 111-114 in Rem. of Birmingham Div. | 107 | 39 | 68 | 0 |
| 137 | 3012 | 1091 | 1919 | 2 |
| 138.01 blk 214 in Rem. of Birmingham Div. | 0 | 0 | 0 | 0 |
| 138.02 | 1234 | 28 | 1205 | 1 |
| | 134678 | 44266 | 89980 | 432 |

Deviation: +0.33%
White:  32.9%
Black:  35.8%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 35 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 354 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 36 of 51

DOUGLAS H. BANKS

Seat 3

|  | Total | White | Black | Other |
|---|---|---|---|---|
| 35 | 3560 | 2222 | 1317 | 21 |
| 100.01 | 6243 | 4641 | 1587 | 15 |
| 100.02 | 5460 | 5177 | 277 | 6 |
| 102 | 4353 | 2410 | 1929 | 14 |
| 103.01 less BG 5 & 7 | 1422 | 1337 | 83 | 2 |
| 104.01 | 5536 | 2629 | 2898 | 9 |
| 104.02 | 2278 | 2204 | 73 | 1 |
| 105.01 BG 2 in Remainder of Birmingham Div. | 0 | 0 | 0 | 0 |
| 105.02 less blks 322-324,341,349,355,608-609,633,634 | 5174 | 161 | 5002 | 11 |
| 105.03 | 2780 | 2350 | 416 | 14 |
| 115 | 4789 | 4724 | 0 | 5 |
| 116 | 3658 | 3492 | 160 | 6 |
| 117.04 less Gardendale | 2037 | 2024 | 0 | 13 |
| 121.03 | 5960 | 4665 | 1147 | 18 |
| 121.04 | 3778 | 3073 | 700 | 5 |
| 122 | 2270 | 2171 | 93 | 6 |
| 123.01 | 7952 | 7126 | 815 | 11 |
| 123.02 | 3751 | 3327 | 407 | 17 |
| 124.02 | 3700 | 3667 | 25 | 8 |
| 124.03 | 4868 | 4213 | 645 | 10 |
| 125 | 6950 | 4228 | 2710 | 12 |
| 134 Fairfield | 2247 | 1813 | 428 | 6 |
| 135 | 0 | 0 | 0 | 0 |
| 136.02 blks 111-114 in Rem. of Birmingham Div. | 15 | 15 | 0 | 0 |
| 138.01 less blk 214 in Rem. of Birmingham Div. | 2715 | 878 | 1834 | 3 |
| 139.01 | 2587 | 848 | 1737 | 2 |
| 139.02 | 2815 | 2750 | 62 | 3 |
| 140 | 6524 | 6117 | 400 | 7 |
| 141.02 | 3863 | 3327 | 520 | 15 |
| 141.03 | 1185 | 1087 | 94 | 4 |
| 141.04 | 1752 | 632 | 1115 | 5 |
| 141.05 | 2945 | 2098 | 838 | 9 |
| 142.02 | 934 | 923 | 6 | 5 |
| 142.03 | 2722 | 2421 | 301 | 0 |
| 142.04 | 2586 | 2577 | 0 | 8 |
| 143.01 | 3632 | 2629 | 895 | 8 |
| 143.02 | 2275 | 1510 | 758 | 8 |
| 144.03 | 7351 | 7270 | 47 | 34 |
|  | 132677 | 102936 | 29419 | 322 |

Deviation: -1.16
White: 77.6%
Black: 22.2%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 36 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 355 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 37 of 51

DOUGLAS H BANKS

Seat 4

| | Total | White | Black | Other |
|---|---|---|---|---|
| 1 | 2436 | 2293 | 119 | 24 |
| 21 | 3277 | 3263 | 3 | 11 |
| 53.02 | 4179 | 4162 | 0 | 17 |
| 56 blk 112 Irondale | 298 | 296 | 0 | 2 |
| 89.03 | 5140 | 5051 | 27 | 62 |
| 89.04 | 6782 | 6651 | 84 | 47 |
| 89.05 | 6022 | 5993 | 0 | 29 |
| 89.06 | 3950 | 3917 | 16 | 17 |
| 108.03 blks 113,115,116,119,120,121,125,138,142,150-153,158 in Irondale | 1067 | 1015 | 43 | 9 |
| 109 less BG 8 | 5568 | 5003 | 545 | 20 |
| 110 less BG 3-6 & blks 226-228,230,233-235,238-245,251,252 | 3411 | 2185 | 1221 | 5 |
| 111.03 | 5168 | 5044 | 102 | 22 |
| 111.04 | 4610 | 4527 | 46 | 37 |
| 111.05 | 8654 | 7858 | 758 | 98 |
| 112.03 | 6315 | 6230 | 69 | 16 |
| 112.04 | 7405 | 7154 | 205 | 46 |
| 112.05 | 1906 | 1887 | 17 | 2 |
| 112.06 | 3260 | 2975 | 273 | 12 |
| 113 | 6764 | 6226 | 528 | 10 |
| 114 | 5568 | 4914 | 629 | 25 |
| 117.03 | 5671 | 5648 | 19 | 4 |
| 117.04 Gardendale | 610 | 609 | 0 | 1 |
| 117.05 | 6870 | 6494 | 366 | 10 |
| 117.06 | 1930 | 1921 | 5 | 4 |
| 118.01 | 8279 | 8178 | 57 | 44 |
| 118.02 | 6925 | 6862 | 37 | 26 |
| 119.01 | 4028 | 3664 | 358 | 6 |
| 119.02 Tarrant | 919 | 211 | 707 | 1 |
| 120.02 Fultondale and blk 111 in Rem. of Birmingham Div. | 3758 | 3743 | 2 | 13 |
| 126.01 | 1331 | 1255 | 75 | 1 |
| 126.02 | 1748 | 1523 | 224 | 1 |
| 127.01 | 2978 | 2690 | 278 | 10 |
| | 136827 | 129452 | 6813 | 562 |

Deviation: +1.93%
White: 94.6%
Black: 5.0%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 37 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 356 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 38 of 51

DOUGLAS H BANKS

Seat 5

| | Total | White | Black | Other |
|---|---|---|---|---|
| 3 blks 409,411,419 | 43 | 43 | 0 | 0 |
| 18.01 BG 4 | 1279 | 282 | 997 | 0 |
| 18.02 BG 5 except blks 515,540 & BG 6 | 641 | 274 | 365 | 2 |
| 23.03 BG 2 & blk 340 | 842 | 215 | 627 | 0 |
| 23.04 | 1516 | 2 | 1513 | 1 |
| 23.05 | 2889 | 2596 | 275 | 18 |
| 23.06 | 4305 | 4057 | 216 | 32 |
| 25 less BG 1 | 138 | 80 | 58 | 0 |
| 27 BG 5 | 14 | 11 | 3 | 0 |
| 46 less blks 101,104 | 673 | 5 | 667 | 1 |
| 47.01 | 3815 | 3496 | 281 | 38 |
| 47.02 | 3436 | 3387 | 19 | 30 |
| 47.03 | 1755 | 1441 | 296 | 18 |
| 49 blk 108 | 91 | 80 | 11 | 0 |
| 56 less blk 112 Irondale | 5501 | 5439 | 14 | 48 |
| 107.01 | 2418 | 2326 | 51 | 41 |
| 107.02 | 4789 | 3738 | 983 | 48 |
| 107.03 | 2277 | 2258 | 5 | 14 |
| 107.04 | 4220 | 4082 | 101 | 37 |
| 107.05 | 3426 | 3377 | 5 | 44 |
| 107.06 | 3006 | 2917 | 38 | 51 |
| 108.01 | 5305 | 5272 | 12 | 21 |
| 108.02 | 3148 | 3132 | 10 | 6 |
| 108.03 less blks 113,115,116,119-122,125,138,14?,150-153,158 in Irondale | 5327 | 5054 | 189 | 84 |
| 108.04 | 2720 | 2712 | 1 | 7 |
| 108.05 | 7150 | 6801 | 304 | 45 |
| 110 BG 3-6 & blks 226-228,230,233-235,238-245,251-252 | 4547 | 4117 | 407 | 23 |
| 127.02 | 1013 | 1010 | 2 | 1 |
| 128.01 | 5944 | 5891 | 5 | 48 |
| 128.02 | 293 | 280 | 10 | 3 |
| 129.01 | 6451 | 6352 | 35 | 64 |
| 129.02 | 8977 | 8754 | 106 | 117 |
| 129.03 | 5028 | 4982 | 17 | 29 |
| 129.04 | 11121 | 10627 | 364 | 130 |
| 144.01 | 8287 | 8027 | 186 | 74 |
| 144.02 | 8478 | 8394 | 22 | 62 |
| | 130843 | 121511 | 8195 | 1137 |

Deviation: -2.53%
White: 92.9%
Black:  6.3%

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 38 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 357 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 39 of 51

DOUGLAS N BANKS

## Summary

| | Total | White | Black | Other |
|---|---|---|---|---|
| Seat 1 | 136172 | 46134 | 89352 | 686 |
| Seat 2 | 134678 | 44266 | 89980 | 432 |
| Seat 3 | 132677 | 102936 | 29419 | 322 |
| Seat 4 | 136827 | 129452 | 6813 | 562 |
| Seat 5 | 130843 | 121511 | 8195 | 1137 |
| | 671197 | 444299 | 223759 | 3139 |

| | Deviation | White | Black |
|---|---|---|---|
| Seat 1 | +1.44% | 33.9% | 65.6% |
| Seat 2 | +0.33% | 32.9% | 66.8% |
| Seat 3 | -1.16% | 77.6% | 22.2% |
| Seat 4 | +1.93% | 94.6% | 5.0% |
| Seat 5 | -2.53% | 92.9% | 6.3% |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 39 of 50

Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 46 of 51

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 40 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 359 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 41 of 51

DOUGLAS H BANKS

REGISTERED VOTERS AS OF AUGUST, 1985
JEFFERSON COUNTY COMMISSION DISTRICTS

DISTRICT ONE

| PRECINCT | WHITE | BLACK | TOTAL |
|---|---|---|---|
| 45-01 | 2,349 | 165 | 2,514 |
| 53-01 | 1,472 | 394 | 1,866 |
| 53-02 | 19 | 2,220 | 2,239 |
| 53-04 | 3,507 | 439 | 3,946 |
| 53-06 | 5 | 2,846 | 2,851 |
| 53-07 | 135 | 491 | 626 |
| 54-01 | 49 | 1,001 | 1,050 |
| 54-02 | 158 | 1,822 | 1,980 |
| 54-03 | 109 | 1,184 | 1,293 |
| 54-04 | 18 | 2,457 | 2,475 |
| 54-06 | 377 | 520 | 897 |
| 54-10 | 443 | 36 | 479 |
| 54-12 | 3 | 534 | 537 |
| 55-11 | 1,014 | 23 | 1,037 |
| 58-02 | 19 | 2,562 | 2,581 |
| 58-03 | 1,842 | 393 | 2,235 |
| 58-05 | 954 | 1,454 | 2,408 |
| 58-06 | 993 | 295 | 1,288 |
| 58-07 | 584 | 1,150 | 1,734 |
| 59-01 | 1,723 | 871 | 2,594 |
| 59-02 | 64 | 2,139 | 2,203 |
| 59-03 | 15 | 2,328 | 2,343 |
| 59-04 | 432 | 1,766 | 2,198 |
| 59-05 | 101 | 1,610 | 1,711 |
| 59-06 | 1,649 | 39 | 1,688 |
| 59-07 | 10 | 1,296 | 1,306 |
| 59-08 | 8 | 1,195 | 1,203 |
| 59-09 | 3 | 408 | 411 |
| 60-01 | 240 | 844 | 1,084 |
| 60-05 | 4 | 1,421 | 1,425 |
| 60-07 | 9 | 916 | 925 |
| 60-08 | 172 | 1,335 | 1,507 |
| 60-09 | 1,526 | 616 | 2,142 |
| 60-10 | 13 | 2,013 | 2,026 |

Source:   Ms. Nell Hunter
          Chairman, Board of Registrars

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 41 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 360 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 42 of 51

DOUGLAS H. BANKS

REGISTERED VOTERS AS OF AUGUST, 1985
JEFFERSON COUNTY COMMISSION DISTRICTS

DISTRICT TWO

| PRECINCT | WHITE | BLACK | TOTAL |
|---|---|---|---|
| 49-01 | 2,438 | 665 | 3,103 |
| 49-02 | 1,458 | 826 | 2,284 |
| 49-04 | 1,370 | 83 | 1,453 |
| 52-01 | 8 | 2,595 | 2,603 |
| 52-02 | 156 | 1,476 | 1,632 |
| 52-03 | 2,414 | 309 | 2,723 |
| 52-04 | 278 | 1,345 | 1,623 |
| 52-05 | 212 | 2,924 | 3,136 |
| 52-06 | 820 | 2,287 | 3,107 |
| 52-07 | 0 | 652 | 652 |
| 52-08 | 33 | 1,636 | 1,669 |
| 52-09 | 261 | 569 | 830 |
| 53-03 | 218 | 2,987 | 3,205 |
| 53-05 | 26 | 3,058 | 3,084 |
| 53-08 | 1,111 | 139 | 1,250 |
| 54-05 | 19 | 1,318 | 1,337 |
| 54-11 | 5 | 1,061 | 1,066 |
| 56-01 | 18 | 2,286 | 2,304 |
| 56-02 | 954 | 629 | 1,583 |
| 56-03 | 139 | 2,488 | 2,627 |
| 57-01 | 952 | 501 | 1,453 |
| 57-03 | 3,558 | 357 | 3,915 |
| 57-04 | 315 | 1,063 | 1,378 |
| 57-05 | 21 | 1,119 | 1,140 |
| 57-06 | 11 | 1,770 | 1,781 |
| 57-07 | 1,026 | 676 | 1,702 |
| 57-08 | 27 | 2,383 | 2,410 |
| 57-09 | 148 | 2,006 | 2,154 |
| 60-02 | 658 | 1,939 | 2,597 |
| 60-03 | 1,828 | 1,565 | 3,393 |
| 60-04 | 85 | 2,135 | 2,220 |
| 60-06 | 6 | 1,681 | 1,687 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 42 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 361 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 43 of 51

DOUGLAS H BANKS

REGISTERED VOTERS AS OF AUGUST, 1985
JEFFERSON COUNTY COMMISSION DISTRICTS

DISTRICT THREE

| PRECINCT | WHITE | BLACK | TOTAL |
|---|---|---|---|
| 49-03 | 1,057 | 692 | 1,749 |
| 49-05 | 2,032 | 787 | 2,819 |
| 49-06 | 4,325 | 106 | 4,431 |
| 49-07 | 2,350 | 881 | 3,231 |
| 49-08 | 854 | 10 | 864 |
| 49-09 | 204 | 0 | 204 |
| 49-10 | 1 | 147 | 148 |
| 50-01 | 1,434 | 212 | 1,646 |
| 50-02 | 1,980 | 173 | 2,153 |
| 50-03 | 315 | 11 | 326 |
| 50-04 | 1,405 | 483 | 1,888 |
| 50-05 | 323 | 182 | 505 |
| 50-06 | 4,205 | 115 | 4,320 |
| 50-07 | 952 | 88 | 1,040 |
| 50-08 | 393 | 210 | 603 |
| 50-09 | 714 | 17 | 731 |
| 50-10 | 2,150 | 61 | 2,211 |
| 50-11 | 915 | 37 | 952 |
| 50-12 | 540 | 18 | 558 |
| 50-13 | 1,887 | 349 | 2,236 |
| 51-01 | 628 | 251 | 879 |
| 51-02 | 1,041 | 632 | 1,673 |
| 51-03 | 291 | 150 | 441 |
| 51-04 | 1 | 253 | 254 |
| 51-05 | 1,067 | 16 | 1,083 |
| 51-06 | 2,500 | 33 | 2,533 |
| 51-07 | 1,451 | 380 | 1,831 |
| 51-08 | 1,298 | 419 | 1,717 |
| 51-09 | 1,221 | 96 | 1,317 |
| 51-10 | 1,562 | 5 | 1,567 |
| 51-13 | 1,546 | 10 | 1,556 |
| 55-06 | 1,055 | 101 | 1,156 |
| 55-07 | 3,908 | 50 | 3,958 |
| 55-08 | 547 | 161 | 708 |
| 55-09 | 243 | 65 | 308 |
| 55-10 | 1,429 | 56 | 1,485 |
| 56-04 | 1,163 | 905 | 2,068 |
| 56-05 | 275 | 846 | 1,121 |
| 56-06 | 577 | 1,221 | 1,798 |
| 56-07 | 1,789 | 717 | 2,506 |
| 56-08 | 390 | 352 | 742 |
| 56-09 | 343 | 1,244 | 1,587 |
| 57-02 | 64 | 2,813 | 2,877 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 43 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 362 of 496
Case 2:23-cv-00443-MHH    Document 36-2    Filed 06/05/24    Page 44 of 51

DOUGLAS H BANKS

REGISTERED VOTERS AS OF AUGUST, 1985
JEFFERSON COUNTY COMMISSION DISTRICTS

DISTRICT FOUR

| PRECINCT | WHITE | BLACK | TOTAL |
|---|---|---|---|
| 43-01 | 1,168 | 82 | 1,250 |
| 43-02 | 3,174 | 93 | 3,267 |
| 43-03 | 4,900 | 57 | 4,957 |
| 43-04 | 877 | 4 | 881 |
| 43-05 | 343 | 97 | 440 |
| 43-06 | 1,023 | 9 | 1,032 |
| 43-07 | 798 | 25 | 823 |
| 43-08 | 598 | 5 | 603 |
| 43-09 | 1,300 | 78 | 1,378 |
| 43-10 | 873 | 85 | 958 |
| 43-11 | 694 | 5 | 699 |
| 43-12 | 2,746 | 36 | 2,782 |
| 44-01 | 1,832 | 23 | 1,855 |
| 44-02 | 5,544 | 109 | 5,653 |
| 44-03 | 3,565 | 68 | 3,633 |
| 44-04 | 2,145 | 20 | 2,165 |
| 44-05 | 2,993 | 45 | 3,038 |
| 44-06 | 2,638 | 131 | 2,769 |
| 45-02 | 3,508 | 86 | 3,594 |
| 45-03 | 2,755 | 20 | 2,775 |
| 45-04 | 2,951 | 21 | 2,972 |
| 45-05 | 2,420 | 17 | 2,437 |
| 45-06 | 4,258 | 71 | 4,329 |
| 45-07 | 4,229 | 119 | 4,348 |
| 45-08 | 1,899 | 44 | 1,943 |
| 47-07 | 2,696 | 442 | 3,138 |
| 47-08 | 1,985 | 177 | 2,162 |
| 47-09 | 870 | 494 | 1,364 |
| 51-11 | 1,523 | 242 | 1,765 |
| 51-12 | 845 | 2 | 847 |
| 58-01 | 2,577 | 421 | 2,998 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 44 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 363 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 45 of 51

DOUGLAS H. BANKS.

REGISTERED VOTERS AS OF AUGUST, 1985
JEFFERSON COUNTY COMMISSION DISTRICTS

DISTRICT FIVE

| PRECINCT | WHITE | BLACK | TOTAL |
|---|---|---|---|
| 46-01 | 3,128 | 31 | 3,159 |
| 46-02 | 2,320 | 14 | 2,334 |
| 46-03 | 1,299 | 5 | 1,304 |
| 46-04 | 3,112 | 8 | 3,120 |
| 46-05 | 1,528 | 81 | 1,609 |
| 46-06 | 4,401 | 89 | 4,490 |
| 46-07 | 2,962 | 19 | 2,981 |
| 46-08 | 2,409 | 226 | 2,635 |
| 46-09 | 2,903 | 13 | 2,916 |
| 47-01 | 1,003 | 15 | 1,018 |
| 47-02 | 1,996 | 14 | 2,010 |
| 47-03 | 2,747 | 156 | 2,903 |
| 47-04 | 1,368 | 248 | 1,616 |
| 47-05 | 3,511 | 7 | 3,518 |
| 47-06 | 4,262 | 90 | 4,352 |
| 47-10 | 252 | 1 | 253 |
| 48-01 | 3,249 | 34 | 3,283 |
| 48-02 | 2,211 | 27 | 2,238 |
| 48-03 | 6,288 | 174 | 6,462 |
| 48-04 | 3,782 | 85 | 3,867 |
| 48-05 | 4,155 | 29 | 4,184 |
| 48-06 | 3,582 | 51 | 3,633 |
| 54-07 | 820 | 316 | 1,136 |
| 54-08 | 2,761 | 159 | 2,920 |
| 54-09 | 12 | 521 | 533 |
| 55-01 | 1,844 | 283 | 2,127 |
| 55-02 | 3,890 | 112 | 4,002 |
| 55-03 | 2,822 | 110 | 2,932 |
| 55-04 | 2,279 | 19 | 2,298 |
| 55-05 | 2,195 | 109 | 2,304 |
| 58-04 | 194 | 1,608 | 1,802 |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 45 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 364 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 46 of 51

DOUGLAS H. BANKS

## JEFFERSON COUNTY COMMISSION

CHRISS H. DOSS - PRESIDENT
RAY MOORE - ASSOCIATE
DAVID ORANGE - ASSOCIATE

NELL HUNTER
Chairman
Board of Registrars
115 Courthouse
Birmingham, Alabama 35263-0066
Telephone (205) 325-5550

### COMMISSION DISTRICT ONE

| LEGISLATIVE PRECINCT | BOX AREA | ADDRESS |
|---|---|---|
| 45 | 01 | Barrett School  7605 Division Ave, B'ham, Ala. |
| 53 | 01 | Ramsay High School, 1800 13th Avenue S, B'ham, Ala |
| 53 | 02 | Hill School, 507 3rd Street N, B''ham, Al |
| 53 | 04 | Glen Iris School, 1115 11th St S, B'ham, Al |
| 53 | 06 | Washington School, 115 4th Avenue S, B'ham, Al |
| 53 | 07 | Elyton School, 100 Tuscaloosa Ave SW, B'ham, Al |
| 54 | 01 | Alberta Shields School, 3969 14th Avenue N, B'ham, Al |
| 54 | 02 | Norwood Armory, 1313 27th St N, B'ham, Al |
| 54 | 03 | McArthur School, 2418 17th Ave N, B'ham, Al |
| 54 | 04 | City Auditorium, 1930 8th Ave N, B'ham, Al |
| 54 | 06 | Court House Lobby, 716 No. 21st St, B'ham, Al |
| 54 | 10 | Parke Memorial Library, 1814 11th Ave S, B'ham, Al |
| 54 | 12 | Bethel Baptist Church, 3233 29th Ave N, B'ham, Al |
| 55 | 11 | Highland Ave Fire Station, 2210 Highland Ave, B'ham, Al |
| 58 | 02 | Fire Station #29, 1048 Lawson Rd, B'ham, Al |
| 58 | 03 | Curry School, 7900 8th Ave N, B'ham, Al |
| 58 | 05 | Willow Wood Rec. Centr. 5312 Georgia Rd N, B'ham, Al |
| 58 | 06 | Ala. Youth Services Vacca Campus, 8950 Roebuck Blvd, B'ham |
| 58 | 07 | Oporto Armory, 5601 Oporto Madrid Blvd |
| 59 | 01 | Inglenook School, 4120 Inglenook St, B'ha, Al |
| 59 | 02 | Morton Simpson Comm. Center, 4600 8th Ct N.B'ham, Al |
| 59 | 03 | Hudson School, 3900 Huntsville Rd, B'ham, Al |
| 59 | 04 | No. B'ham Recreation Center, 3501 28th St N, B'ham, Al |
| 59 | 05 | Eagan School Gym, 1716 31st Ave N., B'ham, Al |
| 59 | 06 | Hillview Community Center, Hopkins Dr., B'ham, Al |
| 59 | 07 | Hooper City Recreation Center, 3901 4th St W, B'ham, Al |
| 59 | 08 | Lewis School, 2015 26th Ave N, B'ham, Al |
| 59 | 09 | Harriman Park Rec. Center, 4345 Huntsville Rd, B'ham, Al |
| 60 | 01 | Finley Ave School, 135 Finley Ave West, B'ham, Al |
| 60 | 05 | McCaw School, 1020 Avenue M, B'ham, Al |
| 60 | 07 | Howze-Sanford Rec. Cntr. Pratt Park, 306 Avenue D |
| 60 | 08 | Fire Station, Pratt City, 200 Dugan Ave. |
| 60 | 09 | Hillview Elem. School, 1520 Cherry Ave |
| 60 | 10 | George W. Scott School, 1571 Hibernian St. |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 46 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 365 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 47 of 51

DOUGLAS H BANKS

## JEFFERSON COUNTY COMMISSION



CHRISS H. DOSS - PRESIDENT
RAY MOORE - ASSOCIATE
DAVID ORANGE - ASSOCIATE

NELL HUNTER
Chairman
Board of Registrars
115 Courthouse
Birmingham, Alabama 35263-0066
Telephone (205) 325-5550

### COMMISSION DISTRICT TWO

| LEGISLATIVE PRECINCT | BOX AREA | ADDRESS |
|---|---|---|
| 49 | 01 | Chas. A. Brown School, 4811 Court J |
| 49 | 02 | Comm. House, Ensley, Ave K and 28th St |
| 49 | 04 | Civic Club, Fairfield Hglds, 903 8th Ave Midfield |
| 52 | 01 | Wenonah High School, 2916 Wilson Rd, SW |
| 52 | 02 | Semmie Lavender Comm. Ctr. 3136 Jefferson Ave SW |
| 52 | 03 | Central Park Comm. Center, 4605 Terrace Q |
| 52 | 04 | Lee School, 630 18th St. SW. |
| 52 | 05 | Harrison Park Community Center,1615 McMillian Ave SW |
| 52 | 06 | Hemphill School Rec. Bldg. 1240 Cotton Ave SW |
| 52 | 07 | Wenonah Elementary School, 3008 Wilson Rd SW |
| 52 | 08 | Jackson School, 1401 16th Way SW |
| 52 | 09 | Five Points West Mall, 4650 Ave W, Ensley |
| 53 | 03 | Graymont Armory, 240 Graymont Ave W |
| 53 | 05 | Center Street School, 1832 Center Way South |
| 53 | 08 | F.O.P.Bldg. 2275 Green Springs Highway |
| 54 | 05 | Wilkerson School, 116 11th Ct W |
| 54 | 11 | Carrie A. Tuggle School, 412 12th Ct N |
| 56 | 01 | Southside Homes Comm Cntr,2501 Clarendon Ave,Bess |
| 56 | 02 | Arlington School, 1901 Arlington Ave, Bess. |
| 56 | 03 | St. Francis School, 0 7th Ave N, Bess |
| 57 | 01 | Fairfield City Hall, 4701 Gary Ave, Fairfield |
| 57 | 03 | Midfield Comm. Center, 416 Woodward Rd, Midfield |
| 57 | 04 | Brighton Comm. House, 4400 Main St. Brighton |
| 57 | 05 | Brighton High School, 3400 Brown Circle,Brighton |
| 57 | 06 | Roosevelt School, 508 Central Ave, Roosevelt City |
| 57 | 07 | Lipscomb City Hall, 512 Ave H, Lipscomb |
| 57 | 08 | Bryants Chapel AME Church,Rec.Hall,3125 SpauldingRD |
| 57 | 09 | Riley School, 3420 Hickory Ave SW |
| 60 | 02 | Woodrow Wilson School, 1030 4th Terr W |
| 60 | 03 | Fairview School, 2623 29th St W |
| 60 | 04 | Ensley High School Gym, 2301 Avenue J |
| 60 | 06 | Old Police Court Room, Ave G & 17th St,Ensley |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH   Document 169-2   Filed 01/17/25   Page 47 of 50
USCA11 Case: 25-13253   Document: 33-1   Date Filed: 11/17/2025   Page: 366 of 496
Case 2:23-cv-00443-MHH   Document 86-2   Filed 06/05/24   Page 48 of 51

DOUGLAS H. BANKS



## JEFFERSON COUNTY COMMISSION

CHRISS H. DOSS - PRESIDENT
RAY MOORE - ASSOCIATE
DAVID ORANGE - ASSOCIATE

NELL HUNTER
Chairman
Board of Registrars
115 Courthouse
Birmingham, Alabama 35263-0066
Telephone (205) 325-5550

COMMISSION DISTRICT THREE

| LEGISLATIVE PRECINCT | BOX AREA | ADDRESS |
| --- | --- | --- |
| 49 | 03 | Wylam Fire Station, 700 Lexington St, Wylam |
| 49 | 05 | Glen Oaks School, 1021 Highland Drive |
| 49 | 06 | Pleasant Grove Comm. House, 530 Park Rd |
| 49 | 07 | Hueytown Alternative School, 2058 A High School Rd |
| 49 | 08 | Sylvan Springs City Hall, Birmingport Rd |
| 49 | 09 | Fire Station, Maytown, Porter Rd, Off B'hamport Rd |
| 49 | 10 | Booker Heights Comm. Center, 100 Main St.Booker Hgts |
| 50 | 01 | Bessemer Trade School, Tuscaloosa Hwy,U.S.Hwy 11 |
| 50 | 02 | Eastern Valley Community Center, 800 Walnut Ave |
| 50 | 03 | Indian Ford Vol.Fire&Rescue Dpt.1368 S.ShadesCrestRd |
| 50 | 04 | Flint Hill Fire Station #4,595 Flint Hill Rd |
| 50 | 05 | West Hglds, Bells Spec.Educ.Rt1,Box 130B |
| 50 | 06 | City Hall, Hueytown, 1318 Hueytown Rd |
| 50 | 07 | Virginia Vol.Fire Dpt. 2979 Creekview Dr |
| 50 | 08 | City Hall, Johns, on Bethelem St |
| 50 | 09 | Oak Grove High School, 9180 Lock 17 Rd |
| 50 | 10 | Concord Fire Dept. Corner of Church Rd & Willow |
| 50 | 11 | Alliance Elem. School, Alliance Rd,Rt.11,Box 354 |
| 50 | 13 | Adamsville Elementary School, 4600 Midway Rd |
| 51 | 01 | City Hall, Mulga, 505 Mulga Rd, Mulga, Al |
| 51 | 02 | Fire Station Minor, 299 Cora Avenue |
| 51 | 03 | McDonald Chapel Comm. Ctr. 525 Quebec Street |
| 51 | 04 | Morningstar Baptist Church,1600 Slayden Ave |
| 51 | 05 | Sandusky Elem. School, 1241 Pratt Hgwy |
| 51 | 06 | Westwood Crumley Chapel Comm. Ctr. Crumley Chapel |
| 51 | 07 | City Hall Annex, Adamsville, 4828 Main St. Adamsville |
| 51 | 08 | Maurice West Comm. Center, 2nd St SW, Graysville |
| 51 | 09 | City Hall, Brookside, 107 Market St, Brookside |
| 51 | 10 | Mt. Olive Elem. School, 1301 Brookside Rd.Mt.Olive, |
| 51 | 13 | Bagley Junior High School, Tate Mill Rd, Bagley |
| 55 | 06 | Shades Cliff Comm. Center, 517 Cloudland Dr |
| 55 | 07 | Shades Crest Baptist Church 452 Park Avenue |
| 55 | 08 | Pine HavenBapt.Church Shannon-Wenonah Rd.Rt.2,Bx91,Bess |
| 55 | 09 | Shady Grove Baptist Church,4644 Lacey Chapel Rd |
| 55 | 10 | Fire Station Morgan Rd,2316 Morgan Rd,Bess |
| 56 | 04 | Bessemer City Hall, 1800 3rd Ave N,Bessemer |
| 56 | 05 | McNeil Jr.High School,1923 13th Ave N, Bessemer |
| 56 | 06 | National Guard Armory,1101 3nd Ave N.Bessemer |
| 56 | 07 | Jonesboro Elem.School, 225 Owen Ave |
| 56 | 08 | Addison School, 413 Morgan Rd |
| 56 | 09 | Woodward Elem. School 1101 Alexander St.Dolomite |
| 57 | 02 | Fairfield Fire Station 5231 Court B, Fairfield |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 48 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 367 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 49 of 51

DOUGLAS H BANKS

## JEFFERSON COUNTY COMMISSION



CHRISS H. DOSS - PRESIDENT
RAY MOORE - ASSOCIATE
DAVID ORANGE - ASSOCIATE

NELL HUNTER
Chairman
Board of Registrars
115 Courthouse
Birmingham, Alabama 35263-0066
Telephone (205) 325-5550

### COMMISSION DISTRICT FOUR

| LEGISLATIVE PRECINCT | BOX AREA | ADDRESS |
|---|---|---|
| 43 | 01 | Springdale Elem. 88 Long Street |
| 43 | 02 | Comm.Cntr.Fultondale, Intersection Park & Spring Sts |
| 43 | 03 | Civic Center Gardendale, 962 Main Street, Gardendale |
| 43 | 04 | Comm. Center, Mt. Olive, 2684 Mt. Olive Rd |
| 43 | 05 | First United Methodist Church, 988 New Castle Rd |
| 43 | 06 | Masonic Hall, Old 31 Hwy, Morris, Al |
| 43 | 07 | City Hall, Kimberly, Stouts Rd, Kimberly,Al |
| 43 | 08 | City Hall Trafford, East Commercial Ave, Trafford,Al |
| 43 | 09 | K.A.Johnson Elem.School Bradford Rd,Star Rt Box 93A |
| 43 | 10 | Fire Stations, 5340 Miles Spring Rd, Palmerdale,Al |
| 43 | 11 | Civitan Club Pinson, Dry Creek Ln, Pinson |
| 43 | 12 | Clay Comm Center 6411 Clay-Palmerdale Rd, Clay,Al |
| 44 | 01 | Pinson Comm. School 4509 Center Point Rd |
| 44 | 02 | Center Point Elementary 2209 Center Point Rd |
| 44 | 03 | First Bapt.Church Center Point Rd & 20th Ave NE |
| 44 | 04 | Chalkville Civic Center, Civitan Drive,B'ham |
| 44 | 05 | Grayson Valey Souther Bapt.1661 Brewster Rd,B'ham |
| 44 | 06 | Trussville City Hall, 131 Main Street, Trussville,Al |
| 45 | 02 | Robinson School,8400 1st Avenue South, B'ham, Al |
| 45 | 03 | Don Hawkins Comm Center, 8920 Roebuck Blvd,B'ham,Al |
| 45 | 04 | Huffman Elem. School 517 Huffman Rd., B'ham, Al |
| 45 | 05 | No. Roebuck School, 300 Red Lane Rd, B'ham,Al |
| 45 | 06 | Going School , 1015 North Martinwood Dr,B'ham,Al |
| 45 | 07 | L.M.Smith School, 1124 Five Mile Rd, B'ham, Al |
| 45 | 08 | Fire Station #28, 2501 Carson Rd, B'ham, Al |
| 47 | 07 | City Hall, Irondale, 101 20th St. So. Irondale,Al |
| 47 | 08 | East Jeff. Co. Fire Dept. 2603 Alton Rd, |
| 47 | 09 | Leeds Armory, 802 Parkway Dr.S.W. Leeds, Al |
| 51 | 11 | Warrior City Hall, 215 Main St, Warrior, Al |
| 51 | 12 | Corner School,Corner School Rd, Corner, Al |
| 58 | 01 | Tarrant City Hall, 1004 Ford Ave.Tarrant, Al |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 49 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 368 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 50 of 51

DOUGLAS H BANKS

## JEFFERSON COUNTY COMMISSION



CHRISS H. DOSS - PRESIDENT
RAY MOORE - ASSOCIATE
DAVID ORANGE - ASSOCIATE

NELL HUNTER
Chairman
Board of Registrars
115 Courthouse
Birmingham, Alabama 35263-0066
Telephone (205) 325-5550

### COMMISSION DISTRICT FIVE

| LEGISLATIVE PRECINCT | BOX AREA | ADDRESS |
|---|---|---|
| 46 | 01 | Mt. Chapel Methodist Church, 2541 Rocky Ridge Rd |
| 46 | 02 | City Hall, Vestavia, 513 Montgomery Hwy,Vestavia,Al |
| 46 | 03 | Mtn. Brook Grammar School,3020 Gambridge Rd,Mt.Brook, |
| 46 | 04 | Fire Station, 3785 Locksley Dr. Mt. Brook, Al |
| 46 | 05 | Overton Rd United Meth.Church 4856 Overton Rd |
| 46 | 06 | Mt. Brook Jr. High Sch. 205 Overbrook Rd.Mt.BrookAL |
| 46 | 07 | Cahaba Hgts. Elem. School,4401 Dolly Ridge Rd |
| 46 | 08 | Leeds High School, 602 Whitmire, Leeds, Al |
| 46 | 09 | Brookwood Baptist Church,3449 Overton Rd |
| 47 | 01 | Highland Racquet Club,3300 Highland Ave,B'ham |
| 47 | 02 | Avondale School, 400 8th Ct So.B'ham, Al |
| 47 | 03 | Donald Comer Elem. School Gym,1220 50th St So. |
| 47 | 04 | Woodlawn Fire Station, 15 57th St So, B'ham,Al |
| 47 | 05 | Mountain Brook City Hall, 56 Church St, Mt.Brook |
| 47 | 06 | Eastwod Mall Shopping Ctr.7703 Crestwod Blvd,B'ham |
| 47 | 10 | Shades Valley Presbyterian Ch. 2305 Montevallo Rd |
| 48 | 01 | Community Health Care Center , 1945 Hoover Ct.Hoover |
| 48 | 02 | Oakmont Presbyterian Church, 1817 Patton Chapel Rd |
| 48 | 03 | Hoover Shopping Center 1615 Montgomery Hwy |
| 48 | 04 | St. Marks United Methodist Ch, 2901 Columbiana Rd |
| 48 | 05 | Vestavia Plaza Mall.Sears Store, 702 Montgomery Hwy |
| 48 | 06 | Vestavia High School, 2235 Limerock Road,Vestavia,Al |
| 54 | 07 | Avondale Library, 509 40th St S, Birmingham, Al |
| 54 | 08 | Clairmont Ave,Fire Sta.#22,3114 Clairmont Ave S |
| 54 | 09 | Southtown Hous.Comm Ctr.2501 University Blvd,B'ham |
| 55 | 01 | Rec. Center, Homewood Pk.1632 Oxmoor Rd, Homewood |
| 55 | 02 | Fire Station Carr Ave. 430 Carr Ave |
| 55 | 03 | Edgewood School, 901 College Ave, (Homewood?) |
| 55 | 04 | Homewood Library, 1755 Oxmoor Rd, Homewood |
| 55 | 05 | Shades Cahaba School, 3001 Montgomery Hwy |
| 58 | 04 | Gate City School, 6910 Georgia Rd, B'ham,Al |

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

Case 2:23-cv-00443-MHH    Document 169-2    Filed 01/17/25    Page 50 of 50
USCA11 Case: 25-13253    Document: 33-1    Date Filed: 11/17/2025    Page: 369 of 496
Case 2:23-cv-00443-MHH    Document 86-2    Filed 06/05/24    Page 51 of 51

*Linwood C. Joyner*

WBR:JKT:MAJ:eeh:gmh
DJ 166-012-3
N0702-0704

JAN 1 3 1986

Edwin A. Strickland, Esq.
Jefferson County Attorney
213 Courthouse
Birmingham, Alabama  35263-0008

Dear Mr. Strickland:

  This refers to the increase from three to five
commissioners, the change in the method of election from at
large to five single-member districts, and the districting
plan in Jefferson County, Alabama, submitted to the Attorney
General pursuant to Section 5 of the Voting Rights Act of 1965,
as amended, 42 U.S.C. 1973c.  We received your submission on
November 19, 1985.

  The Attorney General does not interpose any objections
to the changes in question.  However, we feel a responsibility
to point out that Section 5 of the Voting Rights Act expressly
provides that the failure of the Attorney General to object
does not bar any subsequent judicial action to enjoin the
enforcement of such changes.  See the Procedures for the
Administration of Section 5 (28 C.F.R. 51.48).

         Sincerely,

        Wm. Bradford Reynolds
       Assistant Attorney General
        Civil Rights Division

      By:

        Gerald W. Jones
       Chief, Voting Section

cc:  Public File

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 2

# TAB 169-3

FILED
2025 Jan-17 AM 10:57
U.S. DISTRICT COURT
ALABAMA

Parry C. McCorkle



**JEFFERSON COUNTY COMMISSION**

**OFFICE OF COUNTY ATTORNEY**

EDWIN A. STRICKLAND
County Attorney
CHARLES B. WAGNER
JEFFREY M. SEWELL
Assistant County Attorneys
214 Courthouse
Birmingham, Alabama 35263-0008
Telephone (205) 325-5588
FAX (205) 325-5540

October 26, 1993

Section 5 Submission
No. 93-4172

U. S. Department of Justice
Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D.C.   20035-6128

> Re:   Submission under Section 5 - Voting Rights Act
> Jefferson County, Alabama

Greetings:

This will constitute a submission under Section 5 of the Voting Rights Act regarding the alteration of the Jefferson County Commission single-member district boundary lines, following the 1990 United States Census.

In accordance with PART 51 - PROCEDURES FOR THE ADMINISTRATION OF SECTION 5 OF THE VOTING RIGHTS ACT OF 1965 AS AMENDED - SUBPART C:

1. **SOURCE OF INFORMATION**

A.   The Jefferson County Commission consists of five County Commissioners elected from single-member districts in the County. This structure results from a CONSENT DECREE of August 17, 1985, and AMENDED CONSENT DECREE of August 31, 1985, in the case of <u>Taylor, et al. v. Jefferson County, et al.</u>, CA 84-C-1730-S. The County Commission structure established pursuant to <u>Taylor</u>, above, received preclearance on a Section 5 submission by letter of January 13, 1986 (copy attached).

B.   A second submission was made under Section 5 resulting from the passage by the Legislature of Alabama, of Act No. 89-841, which established residency requirements for Jefferson County Commissioners. The Act required that such Commissioners shall have been citizens and residents of the County Commission District they represent one year next before their election and

93 OCT 29 PM 3:14

VOTING SECTION
CIVIL RIGHTS DIVISION

MCC01022



Perry C. McCorkle

U. S. Department of Justice      Page two        October 26, 1993
Civil Rights Division

shall reside in their respective districts during their terms of
office.   This submission received preclearance by the Justice
Department by letter of July 28, 1989 (copy attached).

2.   **STATISTICS**

See attached Exhibits.

3.   **STATEMENT OF THE CHANGE**

The present five-member single-district county commission
was established by Consent Decree of August 17, 1985, based on
the 1980 U. S. Census.   The 1990 U. S. Census reflects that
District No. 1 has lost 15.52% population; District No. 2 has
lost 6.2% population; District No. 3 has gained 1.13% population;
District No. 4 has gained 13.32% population and District No. 5
has gained 7.27% population.   The ideal district population as
per the 1990 census is 130,305.   The change in district
boundaries will bring each district close to the ideal district
population, without significantly changing the ratio of black and
white population within the districts.

4.   **PERSON MAKING SUBMISSION**

Edwin A. Strickland
Jefferson County Attorney
214 Jefferson County Courthouse
716 North 21st Street
Birmingham, AL   35263
Phone: (205) 325-5688

5.   **NAME OF SUBMITTING AUTHORITY AND LEGAL AUTHORITY FOR THE
ACTION.**

Act No. 92-01, Legislature of Alabama (copy attached)
authorizes the County Commission to alter Commission single-
member district boundaries following the release of any federal
decennial census.   This Act received preclearance following a
Section 5 submission by letter of March 6, 1992 (copy attached).

The Jefferson County Commission, made the subject changes in
the Commission district boundaries by resolution adopted by the
County Commission on October 19, 1993 (copy attached).

MCC01023

Perry C. McCorkle

U. S. Department of Justice        Page three        October 26, 1993
Civil Rights Division

6.   DATE OF CHANGE

The change in the Commission district boundaries will
commence with the party primary elections for the Jefferson
County Commission in 1994 and the general election of November,
1994.

7.   REASONS FOR CHANGE

See item 3 above.

8.   ANTICIPATED EFFECT OF THE CHANGE

The anticipated effect of the change is to nearly equalize
the total population residing within the five Commission
Districts  without significantly altering the racial ratios.

9.   PAST OR PENDING LITIGATION

There is no pending litigation concerning the structure of
the County Commission or the boundary lines of the respective
Commission districts.

10.   ADDITIONAL EXHIBITS -- DISTRICT BOUNDARY DESCRIPTIONS

A.   District Boundary Description -- Written Census
Features.

B.   District Boundary Description -- Map By Census
Features.

C.   District Boundary Description -- Written Census
Geography.

D.   District Boundary Description -- Map By Streets.

Sincerely,

Edwin A. Strickland
County Attorney

EAS/kho

Enclosures

MCC01024

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

U.S. Department of Justice

WBR:JKT:MAJ:eeh:gmh
DJ 166-012-3
N0702-0704

*Washington D.C. 20530*

JAN 1 3 1986

Edwin A. Strickland, Esq.
Jefferson County Attorney
213 Courthouse
Birmingham, Alabama   35263-0008

Dear Mr. Strickland:

This refers to the increase from three to five
commissioners, the change in the method of election from at
large to five single-member districts, and the districting
plan in Jefferson County, Alabama, submitted to the Attorney
General pursuant to Section 5 of the Voting Rights Act of 1965,
as amended, 42 U.S.C. 1973c.  We received your submission on
November 19, 1985.

The Attorney General does not interpose any objections
to the changes in question.  However, we feel a responsibility
to point out that Section 5 of the Voting Rights Act expressly
provides that the failure of the Attorney General to object
does not bar any subsequent judicial action to enjoin the
enforcement of such changes.  See the Procedures for the
Administration of Section 5 (28 C.F.R. 51.48).

Sincerely,

Wm. Bradford Reynolds
Assistant Attorney General
Civil Rights Division

By:

Gerald W. Jones
Chief, Voting Section

RECEIVED

JAN 1 5 1986

COUNTY ATTORNEY

MCC01025

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

92-01



By: Senator Sanders

Enrolled. An Act.

To provide that county commissions which are currently elected from single-member districts may alter the boundaries of their respective districts.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. Following the release of any federal decennial census, any county commission of this state which is at that time electing its members from single-member districts, pursuant to either state or local law or a court order, may, by resolution, alter the boundaries of the districts.

Section 2. Any revised single-member district arrangement to be used, in whole or in part, in the 1992 primary and general election shall be adopted by the county commission not later than 75 days prior to the primary election in 1992. Any revised district arrangement to be used, in whole or in part, for the first time in any year after 1992 shall be approved by the county commission not later than 180 days prior to the primary election in which it will first be used.

Section 3. No resolution making changes in the boundaries of existing districts shall be adopted by the county commission unless the commission shall first have advertised in a newspaper of general circulation in the county for at least two consecutive weeks the time and place of the meeting at which the resolution shall be considered. The advertisement shall include one or both of the following items: (1) A map of the county indicating the proposed district boundaries. (2) Notification that a map indicating

MCC01026

Perry C. McCorkle

the proposed district boundaries is available for inspection at a specified public location where the map shall be displayed for at least two consecutive weeks preceding the meeting of the commission at which the resolution shall be considered.

Section 4. Any resolution making changes in district boundaries shall describe the revised district boundaries by reference to standard census units or county voting precincts, or both.

Section 5. Upon passage of any resolution effecting changes in district boundaries pursuant to this act, the county commission shall file with the judge of probate of the county a certified copy of the resolution, together with a map of the county showing the boundaries of the revised districts.

Section 6. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

_____
President and Presiding Officer of the Senate

_____
Speaker of the House of Representatives

**S. 12**

Senate 1-30-92
I hereby certify that the within Act originated in and passed the Senate, as amended.

                                McDowell Lee
                                Secretary

_____

House of Representatives
Passed 2-3-92

_____

By: Senator Sanders                APPROVED Feb. 3 1992

                                   TIME 9:45 a.m.

                                   _____
                                   Governor

Page 3

MCC01027

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

# RESOLUTION

WHEREAS, the Jefferson County Commission is composed of five Commissioners elected from single-member districts within Jefferson County; and

WHEREAS, Act No. 92-01, Legislature of Alabama, authorizes any County Commission, by resolution, to alter the boundaries of the Commission districts following the release of any federal decennial census; and

WHEREAS, the 1990 federal decennial census reflects that population shifts have occurred within Jefferson County which make alteration of the boundaries of Commission districts appropriate and desirable; and

WHEREAS, in accordance with Act No. 92-01, this Regular Meeting of the County Commission of October 19, 1993, has been preceded by advertisement in the Birmingham Post-Herald, a newspaper of general circulation in the County, for at least two consecutive weeks, being October 5, through October 18, 1993, stating that the Jefferson County Commission will consider for adoption at its Regular Meeting on October 19, 1993, at 1:00 PM, at the Jefferson County Commission Chambers, Room 210, Jefferson County Courthouse, Birmingham, Alabama, a resolution to alter the boundaries of the County Commission districts; further, that a map indicating the proposed district boundaries is available for

MCC01028

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

inspection at the Office of the Board of Registrars, Room 118, Jefferson County Courthouse, 716 21st Street, North, Jefferson County, Alabama, and the Office of the Board of Registrars, Main Floor, Bessemer Courthouse, 1801 North 3rd Avenue, Bessemer, Alabama; and

WHEREAS, this resolution making changes in the district boundaries describes the revised district boundaries by reference to standard census units; and

WHEREAS, on this October 19, 1993, at 1:00 PM, at the Jefferson County Commission Chambers, Room 210, Jefferson County Courthouse, Jefferson County, Alabama, the Commission has considered this resolution for adoption and has heard from all interested persons desiring to be heard thereon.

NOW THEREFORE, BE IT RESOLVED by the Jefferson County Commission that beginning with the Primary Election for Jefferson County Commission in 1994, the Commission single-member district boundaries are hereby altered to read as hereinafter set forth; and

BE IT FURTHER RESOLVED in accordance with Act No. 92-01, that a certified copy of this resolution, together with a map of the County showing the boundaries of the revised districts, shall be filed with the Jefferson County Judge of Probate.

[Here set out District tracts and blocks]

MCC01029

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                              PAGE    1

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 1.00 | 101 | |
| | 1.00 | 102 | |
| | 1.00 | 103 | |
| | 1.00 | 104 | |
| | 1.00 | 105 | |
| | 1.00 | 106 | |
| | 1.00 | 107 | |
| | 1.00 | 108 | |
| | 1.00 | 109 | |
| | 1.00 | 110 | |
| | 1.00 | 111 | |
| | 1.00 | 112 | |
| | 1.00 | 113 | |
| | 1.00 | 201 | |
| | 1.00 | 202 | |
| | 1.00 | 203 | |
| | 1.00 | 204 | |
| | 1.00 | 205 | |
| | 1.00 | 206 | |
| | 1.00 | 207 | |
| | 1.00 | 208 | |
| | 1.00 | 209 | |
| | 1.00 | 210 | |
| | 1.00 | 211 | |
| | 1.00 | 212 | |
| | 1.00 | 213 | |
| | 1.00 | 214 | |
| | 1.00 | 215 | |
| | 1.00 | 216 | |
| | 1.00 | 217 | |
| | 1.00 | 218 | |
| | 1.00 | 219 | |
| | 1.00 | 301 | |
| | 1.00 | 302 | |
| | 1.00 | 303 | |
| | 1.00 | 304 | |
| | 1.00 | 305 | |
| | 1.00 | 306 | |
| | 1.00 | 307 | |
| | 1.00 | 308 | |
| | 1.00 | 309 | |
| | 1.00 | 310 | |
| | 1.00 | 311 | |
| | 1.00 | 312 | |
| | 1.00 | 401 | |
| | 1.00 | 402 | |
| | 1.00 | 403 | |
| | 1.00 | 404 | |
| | 1.00 | 405 | |
| | 1.00 | 406 | |
| | 1.00 | 407 | |
| | 1.00 | 408 | |
| | 1.00 | 409 | |
| | 1.00 | 410 | |
| | 1.00 | 411 | |
| | 1.00 | 412 | |
| | 1.00 | 413 | |
| | 1.00 | 414 | |

MCC01030

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle



09/23/93                                                          PAGE   2

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 1.00 | 418 | |
| | 1.00 | 499 | |
| | 1.00 | 501 | |
| | 1.00 | 502 | |
| | 1.00 | 503 | |
| | 1.00 | 504 | |
| | 1.00 | 505 | |
| | 1.00 | 506 | |
| | 1.00 | 507 | |
| | 1.00 | 508 | |
| | 1.00 | 509 | |
| | 1.00 | 510 | |
| | 1.00 | 511 | |
| | 1.00 | 512 | |
| | 1.00 | 513 | |
| | 1.00 | 514 | |
| | 1.00 | 601 | |
| | 1.00 | 602 | |
| | 1.00 | 603 | |
| | 1.00 | 604 | |
| | 1.00 | 605 | |
| | 1.00 | 606 | |
| | 1.00 | 607 | |
| | 1.00 | 608 | |
| | 1.00 | 609 | |
| | 1.00 | 610 | |
| | 1.00 | 611 | |
| | 1.00 | 612 | |
| | 1.00 | 613 | |
| | 1.00 | 614 | |
| | 1.00 | 615 | |
| | 1.00 | 616 | |
| | 1.00 | 701 | |
| | 1.00 | 702 | |
| | 1.00 | 703 | |
| | 1.00 | 704 | |
| | 1.00 | 705 | |
| | 1.00 | 706 | |
| | 1.00 | 707 | |
| | 1.00 | 708 | |
| | 1.00 | 709 | |
| | 1.00 | 710 | |
| | 1.00 | 711 | |
| | 1.00 | 712 | |
| | 1.00 | 713 | |
| | 1.00 | 714 | |
| | 1.00 | 715 | |
| | 1.00 | 716 | |
| | 1.00 | 717 | |
| | 1.00 | 718 | |
| | 1.00 | 719 | |
| | 1.00 | 720 | |
| | 1.00 | 721 | |
| | 1.00 | 722 | |
| | 1.00 | 723 | |
| | 1.00 | 724 | |
| | 1.00 | 725 | |
| | 1.00 | 726 | |

MCC01031

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/13/93                                                            PAGE    3

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 1.00 | 727 | |
| | 1.00 | 728 | |
| | 1.00 | 729 | |
| | 1.00 | 730 | |
| | 1.00 | 731 | |
| | 1.00 | 732 | |
| | 1.00 | 733 | |
| | 1.00 | 801 | |
| | 1.00 | 802 | |
| | 1.00 | 803 | |
| | 1.00 | 804 | |
| | 1.00 | 805 | |
| | 1.00 | 806 | |
| | 1.00 | 807 | |
| | 1.00 | 808 | |
| | 1.00 | 809 | |
| | 1.00 | 810 | |
| | 1.00 | 811 | |
| | 1.00 | 812 | |
| | 1.00 | 813 | |
| | 1.00 | 814 | |
| | 1.00 | 901 | |
| | 1.00 | 902 | |
| | 1.00 | 903 | |
| | 1.00 | 904 | |
| | 1.00 | 905 | |
| | 1.00 | 906 | |
| | 1.00 | 907 | |
| | 1.00 | 908 | |
| | 3.00 | | Complete Tract |
| | 4.00 | | Complete Tract |
| | 5.00 | | Complete Tract |
| | 7.00 | | Complete Tract |
| | 8.00 | | Complete Tract |
| | 11.00 | 115 | |
| | 11.00 | 116 | |
| | 11.00 | 117 | |
| | 11.00 | 118 | |
| | 11.00 | 201 | |
| | 11.00 | 202 | |
| | 11.00 | 203 | |
| | 11.00 | 204 | |
| | 11.00 | 205A | |
| | 11.00 | 206 | |
| | 11.00 | 207 | |
| | 11.00 | 208 | |
| | 11.00 | 209 | |
| | 11.00 | 210 | |
| | 11.00 | 211 | |
| | 11.00 | 212 | |
| | 11.00 | 214 | |
| | 11.00 | 219 | |
| | 11.00 | 220 | |
| | 11.00 | 223 | |
| | 11.00 | 224 | |
| | 11.00 | 301 | |
| | 11.00 | 302 | |
| | 11.00 | 303 | |

MCC01032

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                          PAGE    4

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 11.00 | 304 | |
| | 11.00 | 305 | |
| | 11.00 | 306 | |
| | 11.00 | 307 | |
| | 11.00 | 308 | |
| | 11.00 | 309 | |
| | 11.00 | 312 | |
| | 11.00 | 313 | |
| | 11.00 | 322 | |
| | 11.00 | 332 | |
| | 11.00 | 333 | |
| | 11.00 | 334 | |
| | 11.00 | 335 | |
| | 11.00 | 401 | |
| | 11.00 | 402 | |
| | 11.00 | 403 | |
| | 11.00 | 404 | |
| | 11.00 | 405 | |
| | 11.00 | 406 | |
| | 11.00 | 407 | |
| | 11.00 | 408 | |
| | 11.00 | 409 | |
| | 11.00 | 410 | |
| | 11.00 | 411 | |
| | 11.00 | 412 | |
| | 11.00 | 413 | |
| | 11.00 | 414 | |
| | 11.00 | 415 | |
| | 11.00 | 416 | |
| | 11.00 | 417 | |
| | 11.00 | 418 | |
| | 11.00 | 419 | |
| | 11.00 | 420 | |
| | 11.00 | 421 | |
| | 11.00 | 422 | |
| | 11.00 | 423 | |
| | 11.00 | 424 | |
| | 11.00 | 425 | |
| | 11.00 | 426 | |
| | 11.00 | 427 | |
| | 11.00 | 428 | |
| | 11.00 | 429 | |
| | 11.00 | 431 | |
| | 11.00 | 432 | |
| | 11.00 | 433 | |
| | 11.00 | 434 | |
| | 11.00 | 435 | |
| | 11.00 | 501 | |
| | 11.00 | 502 | |
| | 11.00 | 503 | |
| | 11.00 | 504 | |
| | 11.00 | 505 | |
| | 11.00 | 506 | |
| | 11.00 | 507 | |
| | 11.00 | 508 | |
| | 11.00 | 509 | |
| | 11.00 | 510 | |
| | 11.00 | 511 | |

MCC01033

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                           PAGE    5

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 11.00 | 517 | |
| | 11.00 | 518 | |
| | 11.00 | 519 | |
| | 11.00 | 520 | |
| | 11.00 | 521 | |
| | 11.00 | 522 | |
| | 11.00 | 523 | |
| | 11.00 | 524 | |
| | 11.00 | 525 | |
| | 11.00 | 527 | |
| | 11.00 | 529 | |
| | 11.00 | 530 | |
| | 11.00 | 531 | |
| | 11.00 | 533 | |
| | 11.00 | 534 | |
| | 11.00 | 541 | |
| | 11.00 | 544 | |
| | 11.00 | 546 | |
| | 11.00 | 547 | |
| | 11.00 | 548 | |
| | 11.00 | 549 | |
| | 11.00 | 550 | |
| | 11.00 | 551 | |
| | 11.00 | 552 | |
| | 11.00 | 555 | |
| | 11.00 | 556 | |
| | 11.00 | 557 | |
| | 11.00 | 558 | |
| | 11.00 | 561 | |
| | 11.00 | 565 | |
| | 11.00 | 568 | |
| | 11.00 | 569 | |
| | 11.00 | 570 | |
| | 11.00 | 601 | |
| | 11.00 | 602A | |
| | 11.00 | 602B | |
| | 11.00 | 603A | |
| | 11.00 | 603B | |
| | 11.00 | 604 | |
| | 11.00 | 605 | |
| | 11.00 | 606 | |
| | 11.00 | 607 | |
| | 11.00 | 608 | |
| | 11.00 | 609 | |
| | 11.00 | 610 | |
| | 11.00 | 611 | |
| | 11.00 | 612 | |
| | 11.00 | 613 | |
| | 11.00 | 614 | |
| | 11.00 | 615 | |
| | 11.00 | 616A | |
| | 11.00 | 617 | |

MCC01034

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Terry C. McCorkle

PAGE    6

09/23/93

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract # | Block | Description |
|---|---|---|---|
| 1 | 11.00 | 902 | |
| | 11.00 | 903 | |
| | 11.00 | 904 | |
| | 11.00 | 905 | |
| | 11.00 | 906 | |
| | 11.00 | 907 | |
| | 11.00 | 908 | |
| | 11.00 | 909 | |
| | 11.00 | 910 | |
| | 11.00 | 911 | |
| | 11.00 | 912 | |
| | 11.00 | 913 | |
| | 11.00 | 914 | |
| | 11.00 | 915 | |
| | 11.00 | 961 | |
| | 11.00 | 963 | |
| | 11.00 | 999 | |
| | 12.00 | | Complete Tract |
| | 14.00 | | Complete Tract |
| | 15.00 | | Complete Tract |
| | 16.00 | | Complete Tract |
| | 19.02 | | Complete Tract |
| | 20.00 | | Complete Tract |
| | 21.00 | | Complete Tract |
| | 22.00 | 101 | |
| | 22.00 | 102 | |
| | 22.00 | 103 | |
| | 22.00 | 104 | |
| | 22.00 | 105 | |
| | 22.00 | 106 | |
| | 22.00 | 112 | |
| | 22.00 | 113 | |
| | 22.00 | 116 | |
| | 22.00 | 117 | |
| | 22.00 | 118 | |
| | 22.00 | 120 | |
| | 22.00 | 121 | |
| | 22.00 | 122 | |
| | 22.00 | 123 | |
| | 22.00 | 201 | |
| | 22.00 | 202 | |
| | 22.00 | 207 | |
| | 22.00 | 212 | |
| | 22.00 | 216 | |
| | 22.00 | 219A | |
| | 22.00 | 219C | |
| | 22.00 | 220 | |
| | 22.00 | 221 | |
| | 22.00 | 222 | |
| | 22.00 | 223 | |
| | 22.00 | 226 | |
| | 22.00 | 301 | |
| | 22.00 | 306 | |
| | 22.00 | 309 | |

MCC01035

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93                                              PAGE    7

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 22.00 | 316 | |
| | 22.00 | 318 | |
| | 22.00 | 320 | |
| | 22.00 | 321 | |
| | 22.00 | 322 | |
| | 22.00 | 323 | |
| | 22.00 | 324 | |
| | 22.00 | 325 | |
| | 22.00 | 326 | |
| | 22.00 | 327 | |
| | 22.00 | 328 | |
| | 22.00 | 329 | |
| | 22.00 | 330 | |
| | 22.00 | 331 | |
| | 22.00 | 332 | |
| | 22.00 | 333 | |
| | 22.00 | 335 | |
| | 22.00 | 336 | |
| | 22.00 | 337 | |
| | 22.00 | 338 | |
| | 22.00 | 339 | |
| | 22.00 | 340 | |
| | 22.00 | 341 | |
| | 22.00 | 401 | |
| | 22.00 | 402 | |
| | 22.00 | 403 | |
| | 22.00 | 404 | |
| | 22.00 | 412 | |
| | 22.00 | 413 | |
| | 22.00 | 414 | |
| | 22.00 | 415 | |
| | 22.00 | 416 | |
| | 22.00 | 417 | |
| | 22.00 | 418 | |
| | 22.00 | 419 | |
| | 22.00 | 420 | |
| | 22.00 | 421 | |
| | 23.03 | 101 | |
| | 23.03 | 108 | |
| | 23.03 | 109 | |
| | 23.03 | 110 | |
| | 23.03 | 114 | |
| | 23.03 | 116 | |
| | 23.03 | 117 | |
| | 23.03 | 123 | |
| | 23.03 | 126 | |
| | 23.03 | 127 | |
| | 23.03 | 128 | |
| | 23.03 | 130 | |
| | 23.03 | 131 | |
| | 23.03 | 132 | |

MCC01036

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE    8

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 23.03 | 140 | |
| | 23.03 | 201 | |
| | 23.03 | 202 | |
| | 23.03 | 203 | |
| | 23.03 | 204 | |
| | 23.03 | 205 | |
| | 23.03 | 206 | |
| | 23.03 | 207 | |
| | 23.03 | 212 | |
| | 23.03 | 214 | |
| | 23.03 | 216 | |
| | 23.03 | 219 | |
| | 23.03 | 301 | |
| | 23.03 | 302 | |
| | 23.03 | 303 | |
| | 23.03 | 304 | |
| | 23.03 | 306 | |
| | 23.03 | 307 | |
| | 23.04 | 333 | |
| | 23.04 | 337 | |
| | 23.04 | 338 | |
| | 23.04 | 339 | |
| | 23.04 | 341 | |
| | 23.04 | 342 | |
| | 23.04 | 401 | |
| | 23.04 | 402 | |
| | 23.04 | 403 | |
| | 23.04 | 404 | |
| | 23.04 | 405 | |
| | 23.04 | 406 | |
| | 23.04 | 407 | |
| | 23.04 | 408 | |
| | 23.04 | 409 | |
| | 23.04 | 410 | |
| | 23.04 | 411 | |
| | 23.04 | 412 | |
| | 23.04 | 413 | |
| | 23.04 | 414 | |
| | 23.04 | 415 | |
| | 23.04 | 416 | |
| | 23.04 | 417 | |
| | 23.04 | 418 | |
| | 23.04 | 419 | |
| | 23.04 | 420 | |
| | 23.04 | 421 | |
| | 23.05 | 603 | |
| | 23.05 | 605 | |
| | 23.05 | 701 | |
| | 23.05 | 710 | |
| | 23.05 | 714 | |
| | 24.00 | 101 | |
| | 24.00 | 102 | |
| | 24.00 | 103 | |
| | 24.00 | 104 | |

MCC01037

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93    PAGE    9

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 24.00 | 109 | |
| | 24.00 | 110 | |
| | 24.00 | 111 | |
| | 24.00 | 112 | |
| | 24.00 | 113 | |
| | 24.00 | 114 | |
| | 24.00 | 115 | |
| | 24.00 | 116 | |
| | 24.00 | 117 | |
| | 24.00 | 118 | |
| | 24.00 | 119 | |
| | 24.00 | 120 | |
| | 24.00 | 121 | |
| | 24.00 | 122 | |
| | 24.00 | 123 | |
| | 24.00 | 124 | |
| | 24.00 | 125 | |
| | 24.00 | 126 | |
| | 24.00 | 201A | |
| | 24.00 | 201B | |
| | 24.00 | 202 | |
| | 24.00 | 203 | |
| | 24.00 | 204 | |
| | 24.00 | 205 | |
| | 24.00 | 206 | |
| | 24.00 | 207 | |
| | 24.00 | 208 | |
| | 24.00 | 209 | |
| | 24.00 | 210 | |
| | 24.00 | 211 | |
| | 24.00 | 212 | |
| | 24.00 | 213 | |
| | 24.00 | 214 | |
| | 24.00 | 215 | |
| | 24.00 | 216 | |
| | 24.00 | 217 | |
| | 24.00 | 218 | |
| | 24.00 | 219 | |
| | 24.00 | 220 | |
| | 24.00 | 221 | |
| | 24.00 | 222 | |
| | 24.00 | 223 | |
| | 24.00 | 224 | |
| | 24.00 | 225 | |
| | 24.00 | 226 | |
| | 24.00 | 227 | |
| | 24.00 | 228 | |
| | 24.00 | 229 | |
| | 24.00 | 230 | |
| | 24.00 | 231 | |
| | 24.00 | 232 | |
| | 24.00 | 233 | |
| | 24.00 | 234 | |
| | 24.00 | 235 | |
| | 24.00 | 236 | |
| | 24.00 | 301 | |
| | 24.00 | 302 | |
| | 24.00 | 303 | |

MCC01038

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

PAGE   10

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract # | Block | Description |
|-----------|--------------|-------|-------------|
| 1 | 24.00 | 304 | |
| | 24.00 | 305 | |
| | 24.00 | 306 | |
| | 24.00 | 307 | |
| | 24.00 | 308 | |
| | 24.00 | 309 | |
| | 24.00 | 310 | |
| | 24.00 | 311 | |
| | 24.00 | 312 | |
| | 24.00 | 313 | |
| | 24.00 | 314 | |
| | 24.00 | 315 | |
| | 24.00 | 317 | |
| | 24.00 | 318 | |
| | 24.00 | 319 | |
| | 24.00 | 320 | |
| | 24.00 | 401 | |
| | 24.00 | 402 | |
| | 24.00 | 403 | |
| | 24.00 | 404 | |
| | 24.00 | 405 | |
| | 24.00 | 406 | |
| | 24.00 | 407 | |
| | 24.00 | 408 | |
| | 24.00 | 409 | |
| | 24.00 | 410 | |
| | 24.00 | 411 | |
| | 24.00 | 412 | |
| | 24.00 | 413 | |
| | 24.00 | 414 | |
| | 24.00 | 415 | |
| | 24.00 | 416 | |
| | 24.00 | 417 | |
| | 24.00 | 418 | |
| | 24.00 | 419 | |
| | 24.00 | 420 | |
| | 24.00 | 421 | |
| | 24.00 | 422 | |
| | 24.00 | 423 | |
| | 24.00 | 424 | |
| | 24.00 | 425 | |
| | 24.00 | 426 | |
| | 24.00 | 427 | |
| | 24.00 | 428 | |
| | 24.00 | 429 | |
| | 24.00 | 430 | |
| | 24.00 | 431 | |
| | 24.00 | 432 | |
| | 24.00 | 433 | |
| | 24.00 | 434 | |
| | 24.00 | 435 | |
| | 24.00 | 436 | |
| | 24.00 | 437 | |
| | 24.00 | 438 | |
| | 24.00 | 439 | |
| | 24.00 | 440 | |

MCC01039

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle



09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 24.00 | 443 | |
| | 24.00 | 444 | |
| | 24.00 | 445 | |
| | 24.00 | 446 | |
| | 24.00 | 447 | |
| | 24.00 | 448 | |
| | 24.00 | 449 | |
| | 24.00 | 450 | |
| | 24.00 | 451 | |
| | 24.00 | 452 | |
| | 24.00 | 453 | |
| | 24.00 | 454 | |
| | 24.00 | 455 | |
| | 24.00 | 456 | |
| | 24.00 | 457 | |
| | 24.00 | 458 | |
| | 24.00 | 459 | |
| | 24.00 | 460 | |
| | 24.00 | 461 | |
| | 24.00 | 462 | |
| | 24.00 | 463 | |
| | 24.00 | 464 | |
| | 24.00 | 465 | |
| | 24.00 | 466 | |
| | 24.00 | 467 | |
| | 24.00 | 468 | |
| | 24.00 | 469 | |
| | 24.00 | 470 | |
| | 24.00 | 471 | |
| | 24.00 | 501 | |
| | 24.00 | 502 | |
| | 24.00 | 503 | |
| | 24.00 | 504 | |
| | 24.00 | 505 | |
| | 24.00 | 506 | |
| | 24.00 | 507 | |
| | 24.00 | 508 | |
| | 24.00 | 509 | |
| | 24.00 | 510 | |
| | 24.00 | 511 | |
| | 24.00 | 512 | |
| | 24.00 | 513 | |
| | 24.00 | 514 | |
| | 24.00 | 515 | |
| | 24.00 | 516 | |
| | 24.00 | 517 | |
| | 24.00 | 518 | |
| | 24.00 | 519 | |
| | 24.00 | 520 | |
| | 24.00 | 521 | |
| | 24.00 | 522 | |
| | 24.00 | 523 | |
| | 24.00 | 524 | |
| | 24.00 | 525 | |
| | 24.00 | 526 | |

PAGE 11

MCC01040

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93                                                      PAGE   12

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 24.00 | 530 | |
| | 24.00 | 531 | |
| | 24.00 | 532 | |
| | 24.00 | 533 | |
| | 24.00 | 534 | |
| | 24.00 | 535 | |
| | 24.00 | 536 | |
| | 24.00 | 537 | |
| | 24.00 | 538 | |
| | 24.00 | 539 | |
| | 24.00 | 540 | |
| | 24.00 | 541 | |
| | 24.00 | 542 | |
| | 24.00 | 543 | |
| | 24.00 | 544 | |
| | 24.00 | 545 | |
| | 24.00 | 546 | |
| | 24.00 | 547 | |
| | 24.00 | 548 | |
| | 24.00 | 549 | |
| | 24.00 | 550 | |
| | 24.00 | 551 | |
| | 24.00 | 552 | |
| | 24.00 | 553 | |
| | 24.00 | 554 | |
| | 24.00 | 557 | |
| | 24.00 | 601 | |
| | 24.00 | 602 | |
| | 24.00 | 603 | |
| | 24.00 | 604 | |
| | 24.00 | 605 | |
| | 24.00 | 608 | |
| | 24.00 | 609 | |
| | 24.00 | 610 | |
| | 24.00 | 611 | |
| | 24.00 | 612 | |
| | 24.00 | 613 | |
| | 24.00 | 614 | |
| | 24.00 | 615 | |
| | 24.00 | 620 | |
| | 24.00 | 621 | |
| | 24.00 | 622 | |
| | 24.00 | 634 | |
| | 24.00 | 635 | |
| | 24.00 | 636 | |
| | 24.00 | 637 | |
| | 24.00 | 638 | |
| | 24.00 | 639 | |
| | 24.00 | 640 | |
| | 24.00 | 641 | |
| | 24.00 | 642 | |
| | 24.00 | 643 | |
| | 24.00 | 644 | |

MCC01041



Perry C. McCorkle

09/23/93                                                           PAGE   13

Proposed Jefferson County Commission Districts

| District; | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 24.00 | 657 | |
| | 24.00 | 658 | |
| | 24.00 | 659 | |
| | 24.00 | 660 | |
| | 24.00 | 661 | |
| | 24.00 | 662 | |
| | 24.00 | 663 | |
| | 24.00 | 701 | |
| | 24.00 | 702 | |
| | 24.00 | 703 | |
| | 24.00 | 704 | |
| | 24.00 | 705 | |
| | 24.00 | 706 | |
| | 24.00 | 707 | |
| | 24.00 | 708 | |
| | 24.00 | 709 | |
| | 24.00 | 710 | |
| | 24.00 | 711 | |
| | 24.00 | 712 | |
| | 24.00 | 713 | |
| | 24.00 | 714 | |
| | 24.00 | 715 | |
| | 24.00 | 716 | |
| | 24.00 | 717 | |
| | 24.00 | 718 | |
| | 24.00 | 719 | |
| | 24.00 | 720 | |
| | 24.00 | 721 | |
| | 24.00 | 722 | |
| | 24.00 | 723 | |
| | 24.00 | 724 | |
| | 24.00 | 801 | |
| | 24.00 | 802 | |
| | 24.00 | 803 | |
| | 24.00 | 804 | |
| | 24.00 | 805 | |
| | 24.00 | 806 | |
| | 24.00 | 807 | |
| | 24.00 | 901 | |
| | 24.00 | 902 | |
| | 24.00 | 903 | |
| | 24.00 | 904 | |
| | 24.00 | 905 | |
| | 24.00 | 906 | |
| | 24.00 | 907 | |
| | 24.00 | 908 | |
| | 24.00 | 909 | |
| | 24.00 | 910 | |
| | 24.00 | 911 | |
| | 24.00 | 912 | |
| | 24.00 | 913 | |
| | 24.00 | 914 | |
| | 24.00 | 915 | |
| | 27.00 | 101 | |
| | 27.00 | 102 | |
| | 27.00 | 103 | |
| | 27.00 | 104 | |
| | 27.00 | 105 | |

MCC01042

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

PAGE   14

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 27.00 | 106 | |
| | 27.00 | 107 | |
| | 27.00 | 108 | |
| | 27.00 | 109 | |
| | 27.00 | 110 | |
| | 27.00 | 111 | |
| | 27.00 | 112 | |
| | 27.00 | 113 | |
| | 27.00 | 114 | |
| | 27.00 | 115 | |
| | 27.00 | 116 | |
| | 27.00 | 117 | |
| | 27.00 | 118 | |
| | 27.00 | 119 | |
| | 27.00 | 120 | |
| | 27.00 | 121 | |
| | 27.00 | 122 | |
| | 27.00 | 123 | |
| | 27.00 | 201 | |
| | 27.00 | 202 | |
| | 27.00 | 203 | |
| | 27.00 | 204 | |
| | 27.00 | 205 | |
| | 27.00 | 206 | |
| | 27.00 | 207 | |
| | 27.00 | 208 | |
| | 27.00 | 209 | |
| | 27.00 | 210 | |
| | 27.00 | 211 | |
| | 27.00 | 212 | |
| | 27.00 | 213 | |
| | 27.00 | 214 | |
| | 27.00 | 301 | |
| | 27.00 | 302 | |
| | 27.00 | 303 | |
| | 27.00 | 304 | |
| | 27.00 | 305 | |
| | 27.00 | 306 | |
| | 27.00 | 307 | |
| | 27.00 | 308 | |
| | 27.00 | 309 | |
| | 27.00 | 310 | |
| | 27.00 | 311 | |
| | 27.00 | 312 | |
| | 27.00 | 313 | |
| | 27.00 | 314 | |
| | 27.00 | 315 | |
| | 27.00 | 316 | |
| | 27.00 | 317 | |
| | 27.00 | 318 | |
| | 27.00 | 319 | |
| | 27.00 | 320 | |
| | 27.00 | 321 | |

MCC01043





Perry C. McCurkle

09/23/93                                                    PAGE   16

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 27.00 | 327 | |
| | 27.00 | 328 | |
| | 27.00 | 329 | |
| | 27.00 | 330 | |
| | 27.00 | 331 | |
| | 27.00 | 332 | |
| | 27.00 | 333 | |
| | 27.00 | 334 | |
| | 27.00 | 335 | |
| | 27.00 | 336 | |
| | 27.00 | 337 | |
| | 27.00 | 338 | |
| | 27.00 | 339 | |
| | 27.00 | 340 | |
| | 27.00 | 341 | |
| | 27.00 | 342 | |
| | 27.00 | 401 | |
| | 27.00 | 402 | |
| | 27.00 | 403 | |
| | 27.00 | 404 | |
| | 27.00 | 405 | |
| | 27.00 | 406 | |
| | 27.00 | 407 | |
| | 27.00 | 408 | |
| | 27.00 | 409 | |
| | 27.00 | 410 | |
| | 27.00 | 411 | |
| | 27.00 | 412 | |
| | 27.00 | 413 | |
| | 27.00 | 414 | |
| | 27.00 | 415 | |
| | 27.00 | 416 | |
| | 27.00 | 417 | |
| | 27.00 | 418 | |
| | 27.00 | 419 | |
| | 27.00 | 420 | |
| | 27.00 | 421 | |
| | 27.00 | 422 | |
| | 27.00 | 423 | |
| | 27.00 | 424 | |
| | 27.00 | 425 | |
| | 27.00 | 426 | |
| | 27.00 | 427 | |
| | 27.00 | 428 | |
| | 27.00 | 429 | |
| | 27.00 | 430 | |
| | 27.00 | 431 | |
| | 27.00 | 432 | |
| | 27.00 | 433 | |
| | 27.00 | 434 | |
| | 27.00 | 435 | |
| | 27.00 | 436 | |
| | 27.00 | 437 | |
| | 27.00 | 501 | |
| | 27.00 | 502 | |
| | 27.00 | 503 | |
| | 27.00 | 504 | |
| | 27.00 | 505 | |

MCC01044

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                          PAGE    16

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 27.00 | 506 | |
| | 27.00 | 507 | |
| | 27.00 | 508 | |
| | 27.00 | 509 | |
| | 27.00 | 510 | |
| | 27.00 | 511 | |
| | 27.00 | 512 | |
| | 27.00 | 513 | |
| | 27.00 | 514 | |
| | 27.00 | 515 | |
| | 27.00 | 516 | |
| | 27.00 | 517 | |
| | 27.00 | 518 | |
| | 27.00 | 519 | |
| | 27.00 | 520 | |
| | 27.00 | 521 | |
| | 27.00 | 522 | |
| | 27.00 | 523 | |
| | 27.00 | 524 | |
| | 27.00 | 525 | |
| | 27.00 | 526 | |
| | 27.00 | 527 | |
| | 27.00 | 528 | |
| | 27.00 | 529 | |
| | 27.00 | 530 | |
| | 27.00 | 531 | |
| | 27.00 | 532 | |
| | 27.00 | 533 | |
| | 27.00 | 534 | |
| | 27.00 | 535 | |
| | 27.00 | 536 | |
| | 27.00 | 537 | |
| | 27.00 | 538 | |
| | 27.00 | 539 | |
| | 27.00 | 540 | |
| | 27.00 | 541 | |
| | 27.00 | 542 | |
| | 27.00 | 543 | |
| | 27.00 | 544 | |
| | 27.00 | 545 | |
| | 27.00 | 546 | |
| | 27.00 | 547 | |
| | 27.00 | 548 | |
| | 27.00 | 549 | |
| | 27.00 | 550 | |
| | 27.00 | 551 | |
| | 27.00 | 552 | |
| | 27.00 | 553 | |
| | 27.00 | 554 | |
| | 27.00 | 555 | |
| | 27.00 | 556 | |
| | 27.00 | 557 | |
| | 27.00 | 558 | |
| | 27.00 | 559 | |
| | 27.00 | 560 | |
| | 27.00 | 561 | |
| | 27.00 | 562 | |
| | 27.00 | 563 | |

MCC01045

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE   17

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 27.00 | 564 | |
| | 27.00 | 565 | |
| | 27.00 | 566 | |
| | 27.00 | 567 | |
| | 27.00 | 568 | |
| | 27.00 | 569 | |
| | 27.00 | 570 | |
| | 27.00 | 571 | |
| | 27.00 | 572 | |
| | 27.00 | 573 | |
| | 27.00 | 574 | |
| | 27.00 | 575 | |
| | 27.00 | 576 | |
| | 27.00 | 577 | |
| | 27.00 | 578 | |
| | 27.00 | 579 | |
| | 27.00 | 601 | |
| | 27.00 | 602 | |
| | 27.00 | 603 | |
| | 27.00 | 604 | |
| | 27.00 | 605 | |
| | 27.00 | 606 | |
| | 27.00 | 607 | |
| | 27.00 | 608 | |
| | 27.00 | 609 | |
| | 27.00 | 610 | |
| | 27.00 | 611 | |
| | 27.00 | 612 | |
| | 27.00 | 613 | |
| | 27.00 | 614 | |
| | 27.00 | 615 | |
| | 27.00 | 616 | |
| | 27.00 | 617 | |
| | 27.00 | 618 | |
| | 27.00 | 619 | |
| | 27.00 | 620 | |
| | 27.00 | 701 | |
| | 27.00 | 702 | |
| | 27.00 | 703 | |
| | 27.00 | 704 | |
| | 27.00 | 705 | |
| | 27.00 | 706 | |
| | 27.00 | 707 | |
| | 27.00 | 708 | |
| | 27.00 | 709 | |
| | 27.00 | 710 | |
| | 27.00 | 711 | |
| | 27.00 | 712 | |
| | 27.00 | 713 | |
| | 27.00 | 714 | |

MCC01046

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Kerry C. McCorkle

09/23/93                                                                PAGE   10

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 27.00 | 723 | |
| | 27.00 | 724 | |
| | 27.00 | 725 | |
| | 27.00 | 726 | |
| | 27.00 | 727 | |
| | 27.00 | 728 | |
| | 27.00 | 729 | |
| | 27.00 | 730 | |
| | 27.00 | 731 | |
| | 27.00 | 732 | |
| | 27.00 | 733 | |
| | 27.00 | 734 | |
| | 27.00 | 735 | |
| | 27.00 | 736 | |
| | 27.00 | 737 | |
| | 27.00 | 738 | |
| | 27.00 | 739 | |
| | 27.00 | 740 | |
| | 27.00 | 741 | |
| | 27.00 | 742 | |
| | 27.00 | 743 | |
| | 27.00 | 744 | |
| | 27.00 | 745 | |
| | 27.00 | 746 | |
| | 27.00 | 750 | |
| | 27.00 | 751 | |
| | 27.00 | 752 | |
| | 27.00 | 753 | |
| | 27.00 | 754 | |
| | 27.00 | 755 | |
| | 27.00 | 756 | |
| | 27.00 | 757 | |
| | 27.00 | 758 | |
| | 27.00 | 759 | |
| | 27.00 | 761 | |
| | 29.00 | 101 | |
| | 29.00 | 102 | |
| | 29.00 | 103 | |
| | 29.00 | 104 | |
| | 29.00 | 105 | |
| | 29.00 | 106 | |
| | 29.00 | 107 | |
| | 29.00 | 108 | |
| | 29.00 | 109 | |
| | 29.00 | 110 | |
| | 29.00 | 111 | |
| | 29.00 | 112 | |
| | 29.00 | 113 | |
| | 29.00 | 114 | |
| | 29.00 | 115 | |
| | 29.00 | 116 | |
| | 29.00 | 117 | |
| | 29.00 | 118 | |
| | 29.00 | 119 | |

MCC01047

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE   19

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 29.00 | 124 | |
| | 29.00 | 125 | |
| | 29.00 | 126 | |
| | 29.00 | 127 | |
| | 29.00 | 128 | |
| | 29.00 | 601 | |
| | 29.00 | 602 | |
| | 29.00 | 603 | |
| | 29.00 | 604 | |
| | 29.00 | 605 | |
| | 29.00 | 606 | |
| | 29.00 | 607 | |
| | 29.00 | 608 | |
| | 29.00 | 609 | |
| | 29.00 | 610 | |
| | 29.00 | 611 | |
| | 29.00 | 612 | |
| | 29.00 | 613 | |
| | 29.00 | 614 | |
| | 29.00 | 703 | |
| | 29.00 | 704 | |
| | 29.00 | 705 | |
| | 29.00 | 706 | |
| | 29.00 | 707 | |
| | 29.00 | 708 | |
| | 29.00 | 710 | |
| | 29.00 | 712 | |
| | 29.00 | 713 | |
| | 29.00 | 901 | |
| | 29.00 | 902 | |
| | 29.00 | 903 | |
| | 29.00 | 904 | |
| | 29.00 | 905 | |
| | 29.00 | 906 | |
| | 29.00 | 907 | |
| | 29.00 | 900 | |
| | 30.01 | | Complete Tract |
| | 30.02 | 107 | |
| | 30.02 | 108 | |
| | 30.02 | 109 | |
| | 30.02 | 110 | |
| | 30.02 | 111 | |
| | 30.02 | 112 | |
| | 30.02 | 113 | |
| | 30.02 | 114 | |
| | 30.02 | 116 | |
| | 30.02 | 117 | |
| | 30.02 | 118 | |
| | 30.02 | 120 | |
| | 30.02 | 121 | |
| | 30.02 | 122 | |
| | 30.02 | 123 | |
| | 30.02 | 202 | |
| | 30.02 | 203 | |
| | 30.02 | 204 | |
| | 30.02 | 205 | |
| | 30.02 | 206 | |
| | 30.02 | 207 | |

MCC01048

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                      PAGE   20

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 30.02 | 208 | |
| | 30.02 | 209 | |
| | 30.02 | 210 | |
| | 30.02 | 211 | |
| | 30.02 | 212 | |
| | 30.02 | 213 | |
| | 30 02 | 214 | |
| | 30.02 | 216 | |
| | 30.02 | 217 | |
| | 31.00 | | Complete Tract |
| | 32.00 | | Complete Tract |
| | 33.00 | | Complete Tract |
| | 45.00 | 101 | |
| | 45.00 | 102 | |
| | 45.00 | 103 | |
| | 45.00 | 104 | |
| | 45.00 | 105 | |
| | 45.00 | 106 | |
| | 45.00 | 107 | |
| | 45.00 | 108 | |
| | 45.00 | 109 | |
| | 45.00 | 110 | |
| | 45.00 | 111 | |
| | 45.00 | 112 | |
| | 45.00 | 113 | |
| | 45.00 | 114 | |
| | 45.00 | 115 | |
| | 45.00 | 116 | |
| | 45.00 | 117 | |
| | 45.00 | 118 | |
| | 45.00 | 119 | |
| | 45.00 | 120 | |
| | 45.00 | 121 | |
| | 45.00 | 122 | |
| | 45.00 | 123 | |
| | 45.00 | 124 | |
| | 45.00 | 125 | |
| | 45.00 | 126 | |
| | 45.00 | 127 | |
| | 45.00 | 128 | |
| | 45.00 | 129 | |
| | 45.00 | 201 | |
| | 45.00 | 202 | |
| | 45.00 | 203 | |
| | 45.00 | 204 | |
| | 45.00 | 205 | |
| | 45.00 | 206 | |
| | 45.00 | 207 | |
| | 45.00 | 208 | |
| | 45.00 | 209 | |
| | 45.00 | 210 | |
| | 45.00 | 301 | |

MCC01049



Perry C. McCorkle

09/23/93                                                    PAGE    21

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 45.00 | 406 | |
| | 45.00 | 407 | |
| | 45.00 | 501 | |
| | 45.00 | 502 | |
| | 45.00 | 503 | |
| | 45.00 | 504 | |
| | 45.00 | 505 | |
| | 45.00 | 506 | |
| | 45.00 | 512 | |
| | 45.00 | 513 | |
| | 45.00 | 514 | |
| | 45.00 | 515 | |
| | 45.00 | 516 | |
| | 45.00 | 517 | |
| | 48.00 | 110 | |
| | 49.00 | 108 | |
| | 53.02 | 312 | |
| | 53.02 | 401 | |
| | 53.02 | 402 | |
| | 55.00 | | Complete Tract |
| | 59.05 | | Complete Tract |
| | 59.06 | 201 | |
| | 59.06 | 202 | |
| | 59.06 | 203 | |
| | 59.06 | 204 | |
| | 59.06 | 205 | |
| | 59.06 | 206 | |
| | 59.06 | 207 | |
| | 59.06 | 208A | |
| | 59.06 | 208B | |
| | 59.06 | 208C | |
| | 59.06 | 208D | |
| | 59.06 | 208E | |
| | 59.06 | 208F | |
| | 59.06 | 209 | |
| | 59.06 | 215 | |
| | 59.06 | 216A | |
| | 59.06 | 216B | |
| | 59.06 | 217 | |
| | 59.06 | 218 | |
| | 59.06 | 219 | |
| | 59.06 | 220A | |
| | 59.06 | 220B | |
| | 59.06 | 221 | |
| | 59.06 | 222 | |
| | 59.06 | 223 | |
| | 59.06 | 224 | |
| | 59.06 | 225 | |
| | 59.06 | 226 | |

MCC01050

Perry C. McCorkle



09/23/93                                                          PAGE   22

Proposed Jefferson County Commission Districts

| District | 1980 Tract | Block | Description |
|---|---|---|---|
| 1 | 109.00 | 729 | |
| | 109.00 | 730 | |
| | 109.00 | 801 | |
| | 109.00 | 802 | |
| | 109.00 | 814 | |
| | 109.00 | 815 | |
| | 109.00 | 816 | |
| | 109.00 | 817 | |
| | 109.00 | 821 | |
| | 109.00 | 822 | |
| | 109.00 | 823 | |
| | 109.00 | 824 | |
| | 109.00 | 825 | |
| | 109.00 | 826 | |
| | 109.00 | 827 | |
| | 109.00 | 828 | |
| | 109.00 | 834 | |
| | 109.00 | 835 | |
| | 109.00 | 836 | |
| | 109.00 | 837 | |
| | 109.00 | 838 | |
| | 109.00 | 839 | |
| | 109.00 | 840 | |
| | 109.00 | 841 | |
| | 109.00 | 842 | |
| | 109.00 | 843 | |
| | 109.00 | 844 | |
| | 110.03 | 501 | |
| | 110.03 | 502 | |
| | 110.03 | 503 | |
| | 110.03 | 504A | |
| | 110.03 | 504B | |
| | 110.03 | 504C | |
| | 110.03 | 505A | |
| | 110.03 | 505B | |
| | 110.03 | 505C | |
| | 110.03 | 506A | |
| | 110.03 | 506B | |
| | 110.03 | 507A | |
| | 110.03 | 507B | |
| | 110.03 | 507C | |
| | 110.03 | 508A | |
| | 110.03 | 508B | |
| | 110.03 | 508C | |
| | 110.03 | 508D | |
| | 110.03 | 509 | |
| | 110.03 | 510A | |
| | 110.03 | 510B | |
| | 110.03 | 511 | |
| | 110.03 | 512 | |
| | 110.03 | 513A | |
| | 110.03 | 513B | |
| | 110.03 | 513C | |
| | 110.03 | 513D | |

MCC01051

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                      PAGE  23

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 1 | 118.03 | 515B | |
| | 118.03 | 516A | |
| | 118.03 | 516B | |
| | 118.03 | 517 | |
| | 118.03 | 518 | |
| | 118.03 | 519 | |
| | 118.03 | 520 | |
| | 118.03 | 521 | |
| | 118.03 | 522 | |
| | 118.03 | 523 | |
| | 118.03 | 524 | |
| | 118.03 | 525 | |
| | 118.03 | 526A | |
| | 118.03 | 526B | |
| | 118.03 | 527 | |
| | 118.03 | 528A | |
| | 118.03 | 528B | |
| | 118.03 | 529 | |
| | 118.03 | 530 | |
| | 118.03 | 531A | |
| | 118.03 | 531B | |
| | 118.03 | 531C | |
| | 118.03 | 532A | |
| | 118.03 | 532B | |
| | 118.03 | 533A | |
| | 118.03 | 533B | |
| | 118.03 | 533C | |
| | 118.03 | 534 | |
| | 118.03 | 535 | |
| | 118.03 | 536 | |
| | 119.02 | 101 | |
| | 119.02 | 102 | |
| | 119.02 | 103 | |
| | 119.02 | 104 | |
| | 119.02 | 105 | |
| | 119.02 | 106 | |
| | 119.02 | 107 | |
| | 119.02 | 108 | |
| | 119.02 | 109 | |
| | 119.02 | 110 | |
| | 119.02 | 115 | |
| | 119.02 | 116 | |
| | 119.02 | 118 | |
| | 119.02 | 119 | |
| | 119.02 | 120 | |
| | 119.02 | 121 | |
| | 119.02 | 502A | |
| | 119.02 | 502D | |
| | 119.02 | 515A | |

MCC01052

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

PAGE   24

09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 1 | 120.01 | 601 | |
| | 120.01 | 703A | |
| | 120.01 | 703B | |
| | 120.01 | 703C | |
| | 120.01 | 703D | |
| | 120.01 | 756 | |
| | 120.01 | 757 | |
| | 120.01 | 758 | |
| | 120.01 | 903A | |
| | 120.01 | 903B | |
| | 120.01 | 903C | |
| | 120.01 | 903D | |
| | 120.01 | 904 | |
| | 120.02 | 501A | |
| | 120.02 | 501B | |
| | 120.02 | 501C | |
| | 120.02 | 501D | |
| | 120.02 | 501E | |
| | 120.02 | 502A | |
| | 120.02 | 502B | |
| | 120.02 | 502C | |
| | 120.02 | 503 | |
| | 120.02 | 504 | |
| | 120.02 | 505 | |
| | 120.02 | 506A | |
| | 120.02 | 506B | |
| | 120.02 | 506C | |
| | 120.02 | 507A | |
| | 120.02 | 507B | |
| | 120.02 | 508 | |
| | 120.02 | 509A | |
| | 120.02 | 509B | |
| | 120.02 | 513 | |
| | 120.02 | 530 | |
| | 120.02 | 533 | |
| | 120.02 | 534 | |
| | 120.02 | 535 | |
| | 120.02 | 536 | |
| | 120.02 | 537 | |
| | 120.02 | 539 | |
| | 120.02 | 540 | |
| | 120.02 | 550 | |
| | 120.02 | 557 | |
| | 120.02 | 558 | |
| | 120.02 | 903A | |
| | 120.02 | 903C | |
| | 120.02 | 904A | |
| | 120.02 | 904B | |
| | 120.02 | 904C | |
| | 120.02 | 904D | |
| | 120.02 | 904F | |
| | 120.02 | 908B | |
| | 120.02 | 910A | |
| | 120.02 | 910B | |
| | 120.02 | 910C | |
| | 120.02 | 910D | |
| | 120.02 | 910E | |
| | 120.02 | 911 | |

MCC01053

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                     PAGE   25

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 1 | 120.02 | 930 | |
| | 120.02 | 939A | |
| | 120.02 | 939B | |
| | 120.02 | 939D | |
| | 120.02 | 966A | |
| | 120.02 | 966B | |
| | 124.01 | 102A | |
| | 124.01 | 102B | |
| | 124.01 | 103 | |
| | 124.01 | 104 | |
| | 124.01 | 107 | |
| | 124.01 | 108 | |
| | 124.01 | 109 | |
| | 124.01 | 110 | |
| | 124.01 | 122 | |
| | 124.01 | 123 | |
| | 124.01 | 124 | |
| | 124.01 | 125 | |
| | 124.01 | 126 | |
| | 124.01 | 128 | |
| | 124.01 | 132 | |
| | 124.01 | 133 | |
| | 124.01 | 134 | |
| | 124.01 | 136 | |
| | 124.01 | 143 | |
| | 124.01 | 144 | |
| | 124.01 | 145 | |
| | 124.01 | 146 | |
| | 124.01 | 147 | |
| | 124.01 | 148 | |
| | 124.01 | 152 | |
| | 124.02 | 201A | |
| | 124.02 | 203A | |
| 2 | 23.03 | 309 | |
| | 23.03 | 310 | |
| | 23.03 | 344 | |
| | 23.03 | 345 | |
| | 23.03 | 347 | |
| | 23.03 | 348 | |
| | 23.03 | 356 | |
| | 23.04 | 301 | |
| | 23.04 | 302 | |
| | 23.04 | 312 | |
| | 23.05 | 101 | |
| | 23.05 | 102 | |
| | 23.05 | 103 | |
| | 23.05 | 104 | |
| | 23.05 | 105 | |
| | 23.05 | 106 | |
| | 23.05 | 107 | |

MCC01054

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE   26

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 2 | 23.05 | 115 | |
| | 23.05 | 116 | |
| | 23.05 | 117 | |
| | 23.05 | 201 | |
| | 23.05 | 202 | |
| | 23.05 | 203 | |
| | 23.05 | 204 | |
| | 23.05 | 205 | |
| | 23.05 | 206 | |
| | 23.05 | 207 | |
| | 23.05 | 208 | |
| | 23.05 | 209 | |
| | 23.05 | 210 | |
| | 23.05 | 211 | |
| | 23.05 | 212 | |
| | 23.05 | 213 | |
| | 23.05 | 216 | |
| | 23.05 | 501 | |
| | 23.05 | 503 | |
| | 23.05 | 504 | |
| | 23.05 | 505 | |
| | 23.05 | 506 | |
| | 23.05 | 507 | |
| | 23.05 | 508 | |
| | 23.05 | 509 | |
| | 23.05 | 511 | |
| | 23.05 | 512 | |
| | 23.05 | 513 | |
| | 23.05 | 514 | |
| | 23.05 | 515 | |
| | 23.05 | 601 | |
| | 23.05 | 602 | |
| | 23.05 | 604 | |
| | 23.05 | 606 | |
| | 23.05 | 607 | |
| | 23.05 | 608 | |
| | 23.05 | 609 | |
| | 23.05 | 610 | |
| | 23.05 | 611 | |
| | 23.05 | 615 | |
| | 23.05 | 616 | |
| | 23.05 | 617 | |
| | 23.05 | 618 | |
| | 23.05 | 619 | |
| | 23.05 | 621 | |
| | 23.05 | 702 | |
| | 23.05 | 703 | |
| | 23.05 | 704 | |
| | 23.05 | 705 | |
| | 23.05 | 706 | |
| | 23.05 | 707 | |
| | 23.05 | 708 | |
| | 23.05 | 709 | |
| | 23.05 | 711 | |

MCC01055

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

McClurkin

09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 23.05 | 719 | |
| | 23.06 | | Complete Tract |
| | 24.00 | 555 | |
| | 24.00 | 556 | |
| | 24.00 | 606 | |
| | 24.00 | 607 | |
| | 24.00 | 616 | |
| | 24.00 | 617 | |
| | 24.00 | 618 | |
| | 24.00 | 619 | |
| | 24.00 | 623 | |
| | 24.00 | 624 | |
| | 24.00 | 625 | |
| | 24.00 | 626 | |
| | 24.00 | 627 | |
| | 24.00 | 628 | |
| | 24.00 | 629 | |
| | 24.00 | 630 | |
| | 24.00 | 631 | |
| | 24.00 | 632 | |
| | 24.00 | 633 | |
| | 24.00 | 650 | |
| | 24.00 | 651 | |
| | 24.00 | 652 | |
| | 24.00 | 653 | |
| | 24.00 | 654 | |
| | 24.00 | 655 | |
| | 24.00 | 656 | |
| | 27.00 | 747 | |
| | 27.06 | 748 | |
| | 27.00 | 749 | |
| | 27.00 | 760 | |
| | 27.00 | 762 | |
| | 27.00 | 763 | |
| | 27.00 | 764 | |
| | 29.00 | 201 | |
| | 29.00 | 202 | |
| | 29.00 | 203 | |
| | 29.00 | 204 | |
| | 29.00 | 205 | |
| | 29.00 | 206 | |
| | 29.00 | 207 | |
| | 29.00 | 208 | |
| | 29.00 | 209 | |
| | 29.00 | 210 | |
| | 29.00 | 301 | |
| | 29.00 | 302 | |
| | 29.00 | 303 | |
| | 29.00 | 304 | |
| | 29.00 | 305 | |
| | 29.00 | 306 | |
| | 29.00 | 307 | |
| | 29.00 | 401 | |
| | 29.00 | 404 | |
| | 29.00 | 405 | |
| | 29.00 | 406 | |
| | 29.00 | 407 | |
| | 29.00 | 408 | |

MCC01056

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

PAGE   28

09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 29.00 | 410 | |
| | 29.00 | 411 | |
| | 29.00 | 413 | |
| | 29.00 | 414 | |
| | 29.00 | 415 | |
| | 29.00 | 416 | |
| | 29.00 | 417 | |
| | 29.00 | 418 | |
| | 29.00 | 501 | |
| | 29.00 | 502 | |
| | 29.00 | 503 | |
| | 29.00 | 504 | |
| | 29.00 | 505 | |
| | 29.00 | 506 | |
| | 29.00 | 507 | |
| | 29.00 | 508 | |
| | 29.00 | 801 | |
| | 29.00 | 803 | |
| | 29.00 | 804 | |
| | 29.00 | 805 | |
| | 29.00 | 806 | |
| | 29.00 | 808 | |
| | 29.00 | 810 | |
| | 29.00 | 811 | |
| | 29.00 | 812 | |
| | 29.00 | 813 | |
| | 29.00 | 909 | |
| | 29.00 | 910 | |
| | 29.00 | 911 | |
| | 29.00 | 912 | |
| | 29.00 | 913 | |
| | 29.00 | 914 | |
| | 29.00 | 915 | |
| | 29.00 | 916 | |
| | 29.00 | 917 | |
| | 29.00 | 918 | |
| | 29.00 | 919 | |
| | 29.00 | 920 | |
| | 29.00 | 921 | |
| | 29.00 | 922 | |
| | 29.00 | 923 | |
| | 29.00 | 924 | |
| | 29.00 | 925 | |
| | 29.00 | 926 | |
| | 29.00 | 927 | |
| | 29.00 | 928 | |
| | 29.00 | 929 | |
| | 29.00 | 930 | |
| | 29.00 | 931 | |
| | 29.00 | 932 | |
| | 29.00 | 933 | |

MCC01057

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle



PAGE    29

09/23/93

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 2 | 29.00 | 941 | |
| | 29.00 | 942 | |
| | 29.00 | 943 | |
| | 30.02 | 201 | |
| | 30.02 | 218 | |
| | 30.02 | 219 | |
| | 30.02 | 301 | |
| | 30.02 | 302 | |
| | 30.02 | 303 | |
| | 30.02 | 304 | |
| | 30.02 | 305 | |
| | 30.02 | 306 | |
| | 30.02 | 307 | |
| | 30.02 | 308 | |
| | 30.02 | 309 | |
| | 30.02 | 310 | |
| | 30.02 | 312 | |
| | 30.02 | 313 | |
| | 30.02 | 314 | |
| | 30.02 | 315 | |
| | 30.02 | 316 | |
| | 30.02 | 317 | |
| | 30.02 | 318 | |
| | 30.02 | 319 | |
| | 30.02 | 320 | |
| | 30.02 | 322 | |
| | 30.02 | 323 | |
| | 30.02 | 324 | |
| | 30.02 | 401 | |
| | 30.02 | 404 | |
| | 30.02 | 405 | |
| | 30.02 | 408 | |
| | 30.02 | 409 | |
| | 30.02 | 411 | |
| | 34.00 | | Complete Tract |
| | 35.00 | 317 | |
| | 35.00 | 413B | |
| | 36.00 | | Complete Tract |
| | 37.00 | | Complete Tract |
| | 38.02 | | Complete Tract |
| | 38.03 | | Complete Tract |
| | 39.00 | | Complete Tract |
| | 40.00 | | Complete Tract |
| | 42.00 | | Complete Tract |
| | 45.00 | 211 | |
| | 45.00 | 212 | |
| | 45.00 | 213 | |
| | 45.00 | 214 | |
| | 45.00 | 303 | |
| | 45.00 | 304 | |
| | 45.00 | 305 | |
| | 45.00 | 306 | |
| | 45.00 | 307 | |
| | 45.00 | 308 | |
| | 45.00 | 309 | |
| | 45.00 | 310 | |

MCC01058

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                        PAGE    30

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 2 | 45.00 | 511 | |
| | 45.00 | 518 | |
| | 45.00 | 519 | |
| | 45.00 | 520 | |
| | 45.00 | 521 | |
| | 45.00 | 522 | |
| | 45.00 | 523 | |
| | 45.00 | 524 | |
| | 45.00 | 525 | |
| | 45.00 | 526 | |
| | 45.00 | 527 | |
| | 45.00 | 528 | |
| | 45.00 | 529 | |
| | 45.00 | 530 | |
| | 45.00 | 531 | |
| | 45.00 | 532 | |
| | 45.00 | 533 | |
| | 45.00 | 534 | |
| | 45.00 | 535 | |
| | 45.00 | 536 | |
| | 45.00 | 537 | |
| | 45.00 | 538 | |
| | 45.00 | 539 | |
| | 45.00 | 540 | |
| | 45.00 | 541 | |
| | 45.00 | 542 | |
| | 45.00 | 543 | |
| | 45.00 | 544 | |
| | 45.00 | 545 | |
| | 45.00 | 546 | |
| | 45.00 | 547 | |
| | 45.00 | 548 | |
| | 45.00 | 549 | |
| | 45.00 | 550 | |
| | 45.00 | 551 | |
| | 45.00 | 552 | |
| | 45.00 | 601 | |
| | 45.00 | 602 | |
| | 45.00 | 603 | |
| | 45.00 | 604 | |
| | 45.00 | 605 | |
| | 45.00 | 606 | |
| | 45.00 | 607 | |
| | 45.00 | 608 | |
| | 45.00 | 609 | |
| | 45.00 | 701 | |
| | 45.00 | 702 | |
| | 45.00 | 703 | |
| | 45.00 | 704 | |
| | 45.00 | 705 | |
| | 45.00 | 706 | |
| | 45.00 | 707 | |
| | 45.00 | 708 | |

MCC01059

Perry C. McCorkle

09/23/93                                                    PAGE   31

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 45.00 | 714 | |
| | 45.00 | 715 | |
| | 45.00 | 716 | |
| | 45.00 | 717 | |
| | 45.00 | 718 | |
| | 45.00 | 719 | |
| | 45.00 | 720 | |
| | 45.00 | 721 | |
| | 45.00 | 722 | |
| | 45.00 | 723 | |
| | 45.00 | 724 | |
| | 45.00 | 725 | |
| | 45.00 | 726 | |
| | 45.00 | 727 | |
| | 45.00 | 728 | |
| | 45.00 | 729 | |
| | 45.00 | 730 | |
| | 45.00 | 731 | |
| | 45.00 | 732 | |
| | 45.00 | 733 | |
| | 45.00 | 734 | |
| | 47.01 | | Complete Tract |
| | 47.02 | 103 | |
| | 47.02 | 104 | |
| | 47.02 | 105 | |
| | 47.02 | 106 | |
| | 47.02 | 108 | |
| | 47.02 | 110 | |
| | 47.02 | 111 | |
| | 47.02 | 112 | |
| | 47.02 | 128 | |
| | 47.02 | 206 | |
| | 47.02 | 207 | |
| | 47.02 | 208 | |
| | 47.02 | 209 | |
| | 47.02 | 210 | |
| | 47.02 | 218 | |
| | 47.02 | 219 | |
| | 47.02 | 402 | |
| | 47.02 | 403 | |
| | 47.02 | 404 | |
| | 47.02 | 405 | |
| | 47.02 | 407 | |
| | 47.02 | 408 | |
| | 47.02 | 409 | |
| | 47.02 | 410 | |
| | 47.02 | 411 | |
| | 47.02 | 412 | |
| | 47.02 | 413 | |
| | 47.02 | 414 | |
| | 47.02 | 415 | |
| | 47.02 | 416 | |
| | 47.02 | 417 | |
| | 47.02 | 419 | |
| | 47.02 | 420 | |

MCC01060

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93

PAGE 32

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 47.02 | 426 | |
| | 47.02 | 506 | |
| | 47.02 | 508 | |
| | 47.02 | 509 | |
| | 47.02 | 510 | |
| | 47.02 | 512 | |
| | 47.02 | 513 | |
| | 47.02 | 515 | |
| | 47.02 | 516 | |
| | 47.02 | 602 | |
| | 47.02 | 603 | |
| | 47.02 | 620 | |
| | 47.02 | 625 | |
| | 47.02 | 699 | |
| | 48.00 | 101 | |
| | 48.00 | 103 | |
| | 48.00 | 104 | |
| | 48.00 | 105 | |
| | 48.00 | 106 | |
| | 48.00 | 107 | |
| | 48.00 | 108 | |
| | 48.00 | 109 | |
| | 48.00 | 112 | |
| | 48.00 | 113 | |
| | 48.00 | 125 | |
| | 48.00 | 127 | |
| | 48.00 | 128 | |
| | 49.00 | 101 | |
| | 49.00 | 102 | |
| | 49.00 | 103 | |
| | 49.00 | 104 | |
| | 49.00 | 105 | |
| | 49.00 | 106 | |
| | 49.00 | 107 | |
| | 49.00 | 109 | |
| | 49.00 | 110 | |
| | 49.00 | 111 | |
| | 49.00 | 112 | |
| | 49.00 | 113 | |
| | 49.00 | 114 | |
| | 49.00 | 115 | |
| | 49.00 | 116 | |
| | 49.00 | 117 | |
| | 49.00 | 118 | |
| | 49.00 | 119 | |
| | 49.00 | 205 | |
| | 49.00 | 225 | |
| | 49.00 | 401 | |
| | 49.00 | 402 | |
| | 49.00 | 403 | |
| | 49.00 | 404 | |

MCC01061

Perry C. McCorkle

09/23/93 PAGE 33

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 49.00 | 412 | |
| | 49.00 | 413 | |
| | 49.00 | 701 | |
| | 49.00 | 702 | |
| | 49.00 | 703 | |
| | 49.00 | 704 | |
| | 49.00 | 705 | |
| | 49.00 | 706 | |
| | 49.00 | 707 | |
| | 49.00 | 708 | |
| | 49.00 | 709 | |
| | 49.00 | 710 | |
| | 49.00 | 711 | |
| | 49.00 | 712 | |
| | 49.00 | 713 | |
| | 49.00 | 714 | |
| | 49.00 | 715 | |
| | 49.00 | 716 | |
| | 49.00 | 717 | |
| | 49.00 | 718 | |
| | 49.00 | 719 | |
| | 49.00 | 801 | |
| | 49.00 | 802 | |
| | 49.00 | 803 | |
| | 49.00 | 804 | |
| | 49.00 | 805 | |
| | 49.00 | 806 | |
| | 49.00 | 807 | |
| | 49.00 | 808 | |
| | 49.00 | 809 | |
| | 49.00 | 810 | |
| | 49.00 | 811 | |
| | 49.00 | 812 | |
| | 49.00 | 813 | |
| | 49.00 | 814 | |
| | 49.00 | 815 | |
| | 49.00 | 816 | |
| | 49.00 | 817 | |
| | 49.00 | 818 | |
| | 49.00 | 819 | |
| | 49.00 | 820 | |
| | 50.00 | 201 | |
| | 50.00 | 202 | |
| | 50.00 | 203 | |
| | 50.00 | 204 | |
| | 50.00 | 205 | |
| | 50.00 | 206 | |
| | 50.00 | 207 | |
| | 50.00 | 209 | |
| | 50.00 | 211 | |
| | 50.00 | 301 | |

MCC01062

Perry C. McCorkle

09/23/93

PAGE    84

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 50.00 | 311 | |
| | 50.00 | 313 | |
| | 50.00 | 314 | |
| | 50.00 | 404 | |
| | 50.00 | 405 | |
| | 50.00 | 408 | |
| | 50.00 | 411 | |
| | 50.00 | 414 | |
| | 50.00 | 415 | |
| | 50.00 | 416 | |
| | 50.00 | 417 | |
| | 50.00 | 419 | |
| | 50.00 | 420 | |
| | 50.00 | 421 | |
| | 50.00 | 422 | |
| | 50.00 | 423 | |
| | 50.00 | 425 | |
| | 50.00 | 501 | |
| | 50.00 | 510 | |
| | 50.00 | 523 | |
| | 51.01 | | Complete Tract |
| | 51.02 | 304 | |
| | 51.02 | 305 | |
| | 51.02 | 306 | |
| | 51.02 | 307 | |
| | 51.02 | 308 | |
| | 51.02 | 309 | |
| | 51.02 | 310 | |
| | 51.02 | 311 | |
| | 51.02 | 312 | |
| | 51.02 | 313 | |
| | 51.02 | 314 | |
| | 51.02 | 315 | |
| | 51.02 | 401 | |
| | 51.02 | 402 | |
| | 51.02 | 403 | |
| | 51.02 | 404 | |
| | 51.02 | 405 | |
| | 51.02 | 406 | |
| | 51.02 | 407 | |
| | 51.02 | 408 | |
| | 51.02 | 409 | |
| | 51.02 | 410 | |
| | 51.02 | 411 | |
| | 51.02 | 412 | |
| | 51.02 | 413 | |
| | 51.02 | 414 | |
| | 51.02 | 415 | |
| | 51.02 | 416 | |
| | 51.02 | 506 | |
| | 51.02 | 508 | |
| | 51.02 | [illegible] | |
| | 51.02 | [illegible] | |
| | 51.02 | [illegible] | |
| | 51.02 | [illegible] | |

MCC01063

Perry C. McCorkle

09/23/93                                                              PAGE    35

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|------------|-------|-------------|
| 2 | 51.02 | 519 | |
|   | 51.02 | 520 | |
|   | 51.02 | 601 | |
|   | 51.02 | 603 | |
|   | 51.02 | 605 | |
|   | 51.02 | 606 | |
|   | 51.02 | 608 | |
|   | 51.02 | 609 | |
|   | 51.02 | 610 | |
|   | 51.02 | 611 | |
|   | 51.02 | 701 | |
|   | 51.02 | 702 | |
|   | 51.02 | 707 | |
|   | 51.02 | 711 | |
|   | 51.02 | 712 | |
|   | 51.02 | 713 | |
|   | 51.02 | 715 | |
|   | 51.02 | 716 | |
|   | 51.02 | 717 | |
|   | 51.02 | 718 | |
|   | 52.00 | | Complete Tract |
|   | 56.00 | 403 | |
|   | 56.00 | 404 | |
|   | 56.00 | 411 | |
|   | 56.00 | 412 | |
|   | 57.01 | | Complete Tract |
|   | 57.02 | | Complete Tract |
|   | 101.00 | | Complete Tract |
|   | 102.00 | 101 | |
|   | 102.00 | 102 | |
|   | 102.00 | 103 | |
|   | 102.00 | 114 | |
|   | 103.01 | 501 | |
|   | 103.01 | 502 | |
|   | 103.01 | 503 | |
|   | 103.01 | 504 | |
|   | 103.01 | 505 | |
|   | 103.01 | 506 | |
|   | 103.01 | 507 | |
|   | 103.01 | 508 | |
|   | 103.01 | 509 | |
|   | 103.01 | 510 | |
|   | 103.01 | 511 | |
|   | 103.01 | 512 | |
|   | 103.01 | 513 | |
|   | 103.01 | 514 | |
|   | 103.01 | 515 | |
|   | 103.01 | 516 | |
|   | 103.01 | 517 | |
|   | 103.01 | 518 | |
|   | 103.01 | 519 | |
|   | 103.01 | 520 | |

MCC01064



Perry C. McCorkle

09/23/93                                                              PAGE    36

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 103.01 | 703 | |
| | 103.01 | 704 | |
| | 103.01 | 705 | |
| | 103.01 | 706 | |
| | 103.01 | 707 | |
| | 103.01 | 708 | |
| | 103.01 | 709 | |
| | 103.01 | 710 | |
| | 103.01 | 711 | |
| | 103.01 | 712 | |
| | 103.01 | 713 | |
| | 103.01 | 714 | |
| | 103.01 | 715 | |
| | 103.01 | 716 | |
| | 103.01 | 717 | |
| | 103.01 | 718 | |
| | 103.01 | 719 | |
| | 103.01 | 720 | |
| | 103.01 | 721 | |
| | 103.01 | 722 | |
| | 103.01 | 723A | |
| | 103.01 | 723B | |
| | 103.01 | 724 | |
| | 103.01 | 725 | |
| | 103.01 | 726 | |
| | 103.01 | 727 | |
| | 103.01 | 728 | |
| | 103.01 | 729 | |
| | 103.01 | 730 | |
| | 103.01 | 731 | |
| | 103.02 | | Complete Tract |
| | 105.00 | | Complete Tract |
| | 106.02 | 101A | |
| | 106.02 | 101B | |
| | 106.02 | 102 | |
| | 106.02 | 103 | |
| | 106.02 | 104 | |
| | 106.02 | 105 | |
| | 106.02 | 106 | |
| | 106.02 | 107 | |
| | 106.02 | 108 | |
| | 106.02 | 109 | |
| | 106.02 | 110 | |
| | 106.02 | 111 | |
| | 106.02 | 112 | |
| | 106.02 | 113 | |
| | 106.02 | 114 | |
| | 106.02 | 115 | |
| | 106.02 | 116 | |
| | 106.02 | 117 | |
| | 106.02 | 118 | |
| | 106.02 | 119 | |
| | 106.02 | 120 | |
| | 106.02 | 121 | |
| | 106.02 | 122 | |

MCC01065

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

PAGE  37

Proposed Jefferson County Commission Districts

| District; | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 106.02 | 126 | |
| | 106.02 | 127 | |
| | 106.02 | 128 | |
| | 106.02 | 129 | |
| | 106.02 | 130 | |
| | 106.02 | 131 | |
| | 106.02 | 201 | |
| | 106.02 | 202 | |
| | 106.02 | 203 | |
| | 106.02 | 204 | |
| | 106.02 | 205 | |
| | 106.02 | 206 | |
| | 106.02 | 207 | |
| | 106.02 | 208 | |
| | 106.02 | 209 | |
| | 106.02 | 210 | |
| | 106.02 | 211 | |
| | 106.02 | 212 | |
| | 106.02 | 213 | |
| | 106.02 | 214 | |
| | 106.02 | 215 | |
| | 106.02 | 216 | |
| | 106.02 | 217 | |
| | 106.02 | 218 | |
| | 106.02 | 219 | |
| | 106.02 | 220 | |
| | 106.02 | 221 | |
| | 106.02 | 222 | |
| | 106.02 | 223A | |
| | 106.02 | 223B | |
| | 106.02 | 223C | |
| | 106.02 | 224 | |
| | 106.02 | 225 | |
| | 106.02 | 226 | |
| | 106.02 | 227 | |
| | 106.02 | 228 | |
| | 106.02 | 229 | |
| | 106.02 | 301 | |
| | 106.02 | 302 | |
| | 106.02 | 303 | |
| | 106.02 | 304 | |
| | 106.02 | 305 | |
| | 106.02 | 306 | |
| | 106.02 | 307 | |
| | 106.02 | 308 | |
| | 106.02 | 309 | |
| | 106.02 | 310 | |
| | 106.02 | 311 | |
| | 106.02 | 312 | |
| | 106.02 | 313 | |
| | 106.02 | 314 | |
| | 106.02 | 315 | |
| | 106.02 | 316 | |
| | 106.02 | 317 | |
| | 106.02 | 318 | |

MCC01066

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                      PAGE    38

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 2 | 106.02 | 403 | |
| | 106.02 | 404 | |
| | 106.02 | 405 | |
| | 106.02 | 406 | |
| | 106.02 | 407 | |
| | 106.02 | 408 | |
| | 106.02 | 409 | |
| | 106.02 | 410 | |
| | 106.02 | 411 | |
| | 106.02 | 412 | |
| | 106.02 | 413 | |
| | 106.02 | 414 | |
| | 106.02 | 415 | |
| | 106.02 | 416 | |
| | 106.02 | 417 | |
| | 106.02 | 418 | |
| | 106.02 | 419 | |
| | 106.02 | 420 | |
| | 106.02 | 421 | |
| | 106.02 | 422 | |
| | 106.02 | 423 | |
| | 106.02 | 424 | |
| | 106.02 | 425 | |
| | 106.02 | 426 | |
| | 106.02 | 501 | |
| | 106.02 | 502 | |
| | 106.02 | 503 | |
| | 106.02 | 504 | |
| | 106.02 | 505 | |
| | 106.02 | 506 | |
| | 106.02 | 507 | |
| | 106.02 | 508 | |
| | 106.02 | 509 | |
| | 106.02 | 510 | |
| | 106.02 | 511 | |
| | 106.02 | 512 | |
| | 106.02 | 513 | |
| | 106.02 | 514 | |
| | 106.02 | 515 | |
| | 106.02 | 516 | |
| | 106.02 | 517 | |
| | 106.02 | 518 | |
| | 106.02 | 519 | |
| | 106.02 | 520 | |
| | 106.02 | 521 | |
| | 106.02 | 522 | |
| | 106.02 | 523 | |
| | 106.02 | 524 | |
| | 106.02 | 525 | |
| | 106.02 | 526 | |
| | 106.02 | 527 | |
| | 106.02 | 528 | |
| | 106.02 | 529 | |
| | 106.02 | 601 | |
| | 106.02 | 602 | |
| | 106.02 | 603 | |
| | 106.02 | 604 | |
| | 106.02 | 605 | |

MCC01067

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE    39

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 2 | 106.02 | 606 | |
| | 106.02 | 607 | |
| | 106.02 | 608 | |
| | 106.02 | 609 | |
| | 106.02 | 610 | |
| | 106.02 | 611 | |
| | 106.02 | 612 | |
| | 106.02 | 613 | |
| | 106.02 | 614 | |
| | 106.02 | 615 | |
| | 106.02 | 616 | |
| | 106.02 | 617 | |
| | 106.02 | 618 | |
| | 106.02 | 619 | |
| | 106.02 | 620 | |
| | 106.02 | 621 | |
| | 106.02 | 622 | |
| | 106.02 | 623 | |
| | 106.02 | 624 | |
| | 106.02 | 625 | |
| | 106.02 | 626 | |
| | 106.02 | 701b | |
| | 106.02 | 703C | |
| | 106.02 | 703E | |
| | 106.02 | 708C | |
| | 106.02 | 710 | |
| | 106.02 | 711 | |
| | 106.02 | 712 | |
| | 106.02 | 713 | |
| | 106.02 | 714 | |
| | 106.02 | 715 | |
| | 106.02 | 716 | |
| | 106.02 | 717 | |
| | 106.02 | 718 | |
| | 106.02 | 719 | |
| | 106.02 | 720 | |
| | 106.02 | 721 | |
| | 106.02 | 722 | |
| | 106.02 | 723 | |
| | 106.02 | 724 | |
| | 100.01 | 347 | |
| | 130.02 | | Complete Tract |
| | 131.00 | 201 | |
| | 131.00 | 202 | |
| | 131.00 | 203 | |
| | 131.00 | 204 | |
| | 131.00 | 205 | |
| | 131.00 | 206 | |
| | 131.00 | 207 | |
| | 131.00 | 208 | |
| | 131.00 | 209 | |
| | 131.00 | 212 | |
| | 131.00 | 213 | |
| | 131.00 | 214 | |
| | 131.00 | 215 | |
| | 131.00 | 216 | |
| | 131.00 | 217 | |
| | 131.00 | 218 | |

MCC01068

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE    40

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 131.00 | 219 | |
| | 131.00 | 220 | |
| | 131.00 | 221 | |
| | 131.00 | 222 | |
| | 131.00 | 223 | |
| | 131.00 | 224 | |
| | 131.00 | 225 | |
| | 131.00 | 226 | |
| | 131.00 | 227 | |
| | 131.00 | 228 | |
| | 131.00 | 229 | |
| | 131.00 | 230 | |
| | 131.00 | 231 | |
| | 131.00 | 232 | |
| | 131.00 | 233 | |
| | 131.00 | 234 | |
| | 131.00 | 235 | |
| | 131.00 | 236 | |
| | 131.00 | 237 | |
| | 131.00 | 238 | |
| | 131.00 | 239 | |
| | 131.00 | 240 | |
| | 131.00 | 241 | |
| | 131.00 | 242 | |
| | 131.00 | 243 | |
| | 131.00 | 244 | |
| | 131.00 | 245 | |
| | 131.00 | 246 | |
| | 131.00 | 247 | |
| | 131.00 | 248 | |
| | 131.00 | 249 | |
| | 131.00 | 250 | |
| | 131.00 | 251 | |
| | 131.00 | 252 | |
| | 131.00 | 253 | |
| | 131.00 | 254 | |
| | 131.00 | 255 | |
| | 131.00 | 256 | |
| | 131.00 | 257 | |
| | 131.00 | 258 | |
| | 131.00 | 259 | |
| | 131.00 | 260 | |
| | 131.00 | 261 | |
| | 131.00 | 267 | |
| | 131.00 | 270 | |
| | 131.00 | 279 | |
| | 131.00 | 301 | |
| | 131.00 | 302 | |
| | 131.00 | 303 | |
| | 131.00 | 304A | |
| | 131.00 | 304B | |
| | 131.00 | 304C | |
| | 131.00 | 305A | |
| | 131.00 | 305B | |
| | 131.00 | 319 | |
| | 131.00 | 320A | |
| | 131.00 | 320B | |
| | 131.00 | 321 | |

MCC01069

Perry C. McCorkle

09/23/93

PAGE   41

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 131.00 | 322 | |
| | 131.00 | 323 | |
| | 131.00 | 324 | |
| | 131.00 | 325 | |
| | 131.00 | 326 | |
| | 131.00 | 333 | |
| | 131.00 | 334 | |
| | 131.00 | 335 | |
| | 131.00 | 336 | |
| | 131.00 | 337 | |
| | 131.00 | 338 | |
| | 131.00 | 339 | |
| | 131.00 | 340 | |
| | 131.00 | 341 | |
| | 131.00 | 343 | |
| | 131.00 | 348 | |
| | 131.00 | 349 | |
| | 131.00 | 401 | |
| | 131.00 | 402 | |
| | 131.00 | 403A | |
| | 131.00 | 403B | |
| | 131.00 | 404 | |
| | 131.00 | 405A | |
| | 131.00 | 405B | |
| | 131.00 | 406 | |
| | 131.00 | 412 | |
| | 131.00 | 413 | |
| | 131.00 | 415 | |
| | 131.00 | 417 | |
| | 131.00 | 419 | |
| | 131.00 | 420A | |
| | 131.00 | 420B | |
| | 131.00 | 420C | |
| | 131.00 | 422A | |
| | 131.00 | 422B | |
| | 131.00 | 423A | |
| | 131.00 | 423B | |
| | 131.00 | 431A | |
| | 131.00 | 431B | |
| | 131.00 | 431C | |
| | 131.00 | 431D | |
| | 131.00 | 432 | |
| | 131.00 | 433 | |
| | 131.00 | 434 | |
| | 131.00 | 435 | |
| | 131.00 | 801 | |
| | 131.00 | 837 | |
| | 131.00 | 838A | |
| | 131.00 | 838B | |
| | 131.00 | 839A | |
| | 131.00 | 839B | |
| | 132.00 | 101 | |
| | 132.00 | 102 | |
| | 132.00 | 103 | |
| | 132.00 | 104 | |

MCC01070

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE   42

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 132.00 | 108 | |
| | 132.00 | 109 | |
| | 132.00 | 110 | |
| | 132.00 | 111 | |
| | 132.00 | 116B | |
| | 132.00 | 117A | |
| | 132.00 | 117B | |
| | 132.00 | 117C | |
| | 132.00 | 201 | |
| | 132.00 | 202 | |
| | 132.00 | 203 | |
| | 132.00 | 204 | |
| | 132.00 | 205 | |
| | 132.00 | 206 | |
| | 132.00 | 207 | |
| | 132.00 | 208 | |
| | 132.00 | 209 | |
| | 132.00 | 210 | |
| | 132.00 | 211A | |
| | 132.00 | 211B | |
| | 132.00 | 212 | |
| | 132.00 | 213 | |
| | 132.00 | 215 | |
| | 132.00 | 301 | |
| | 132.00 | 302 | |
| | 132.00 | 303 | |
| | 132.00 | 304 | |
| | 132.00 | 305 | |
| | 132.00 | 306 | |
| | 132.00 | 307 | |
| | 132.00 | 308 | |
| | 132.00 | 309 | |
| | 132.00 | 310 | |
| | 132.00 | 311 | |
| | 132.00 | 312 | |
| | 132.00 | 313 | |
| | 132.00 | 314 | |
| | 132.00 | 315 | |
| | 132.00 | 316 | |
| | 132.00 | 317 | |
| | 132.00 | 318 | |
| | 132.00 | 319 | |
| | 132.00 | 320 | |
| | 132.00 | 321A | |
| | 132.00 | 321B | |
| | 132.00 | 322A | |
| | 132.00 | 322B | |

MCC01071

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93

PAGE    43

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 134.00 | 102C | |
| | 134.00 | 102D | |
| | 134.00 | 102E | |
| | 134.00 | 102H | |
| | 134.00 | 102J | |
| | 134.00 | 102K | |
| | 134.00 | 105 | |
| | 134.00 | 110 | |
| | 134.00 | 111 | |
| | 134.00 | 112 | |
| | 134.00 | 113 | |
| | 134.00 | 114 | |
| | 134.00 | 115 | |
| | 134.00 | 116 | |
| | 134.00 | 117 | |
| | 134.00 | 121 | |
| | 134.00 | 135 | |
| | 134.00 | 136A | |
| | 134.00 | 136B | |
| | 134.00 | 136C | |
| | 134.00 | 137 | |
| | 134.00 | 201 | |
| | 134.00 | 202 | |
| | 134.00 | 208A | |
| | 134.00 | 208B | |
| | 134.00 | 208C | |
| | 134.00 | 209A | |
| | 134.00 | 210 | |
| | 134.00 | 211 | |
| | 134.00 | 212 | |
| | 134.00 | 214 | |
| | 134.00 | 215 | |
| | 134.00 | 216 | |
| | 134.00 | 217 | |
| | 134.00 | 218 | |
| | 134.00 | 220 | |
| | 134.00 | 222 | |
| | 134.00 | 223 | |
| | 134.00 | 230 | |
| | 134.00 | 231 | |
| | 134.00 | 232 | |
| | 134.00 | 233 | |
| | 134.00 | 234 | |
| | 134.00 | 235 | |
| | 134.00 | 299 | |
| | 134.00 | 301 | |
| | 134.00 | 305 | |
| | 134.00 | 306 | |
| | 134.00 | 307 | |
| | 134.00 | 308 | |
| | 134.00 | 309 | |
| | 134.00 | 310 | |
| | 134.00 | 311 | |
| | 134.00 | 312 | |
| | 134.00 | 313 | |
| | 134.00 | 314 | |
| | 134.00 | 315 | |
| | 134.00 | 316 | |

MCC01072

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                          PAGE   44

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 2 | 134.00 | 319B | |
| | 134.00 | 320 | |
| | 134.00 | 321 | |
| | 134.00 | 324 | |
| | 134.00 | 325 | |
| | 134.00 | 326 | |
| | 134.00 | 329 | |
| | 134.00 | 335A | |
| | 134.00 | 335B | |
| | 134.00 | 336A | |
| | 134.00 | 336B | |
| | 134.00 | 337 | |
| | 134.00 | 338 | |
| | 134.00 | 813B | |
| | 134.00 | 814B | |
| | 134.00 | 818B | |
| | 134.00 | 823B | |
| | 134.00 | 824B | |
| | 134.00 | 832B | |
| | 134.00 | 835A | |
| | 134.00 | 835B | |
| | 134.00 | 835C | |
| | 136.01 | 101A | |
| | 136.01 | 101B | |
| | 136.01 | 102 | |
| | 136.01 | 103 | |
| | 136.01 | 104 | |
| | 136.01 | 105 | |
| | 136.01 | 106 | |
| | 136.01 | 107 | |
| | 136.01 | 108 | |
| | 136.01 | 109 | |
| | 136.01 | 201 | |
| | 136.01 | 202 | |
| | 136.01 | 203 | |
| | 136.01 | 204 | |
| | 136.01 | 205 | |
| | 136.01 | 206 | |
| | 136.01 | 207 | |
| | 136.01 | 208 | |
| | 136.01 | 209 | |
| | 136.01 | 210 | |
| | 136.01 | 211 | |
| | 136.01 | 212 | |
| | 136.01 | 213 | |
| | 136.01 | 301 | |
| | 136.01 | 302 | |
| | 136.01 | 303 | |
| | 136.01 | 304 | |

MCC01073

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                                    PAGE   45

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 2 | 136.01 | 324 | |
| | 136.01 | 325 | |
| | 136.01 | 326A | |
| | 136.01 | 326B | |
| | 136.01 | 401 | |
| | 136.01 | 402 | |
| | 136.01 | 403 | |
| | 136.01 | 404 | |
| | 136.01 | 405 | |
| | 136.01 | 406 | |
| | 136.01 | 407 | |
| | 136.01 | 408 | |
| | 136.01 | 409 | |
| | 136.01 | 410 | |
| | 136.01 | 411 | |
| | 136.01 | 412 | |
| | 136.01 | 413 | |
| | 136.01 | 414 | |
| | 136.01 | 415A | |
| | 136.01 | 415B | |
| | 136.01 | 601 | |
| | 136.01 | 602 | |
| | 136.01 | 603 | |
| | 136.01 | 604 | |
| | 136.01 | 605 | |
| | 136.01 | 606 | |
| | 136.01 | 607 | |
| | 136.01 | 608 | |
| | 136.01 | 609 | |
| | 136.01 | 610 | |
| | 136.01 | 611 | |
| | 136.01 | 612 | |
| | 136.01 | 701A | |
| | 136.01 | 701B | |
| | 136.01 | 702B | |
| | 136.01 | 702C | |
| | 136.01 | 702D | |
| | 136.01 | 702E | |
| | 136.01 | 703 | |
| | 136.01 | 704 | |
| | 136.01 | 705 | |
| | 136.01 | 706 | |
| | 136.01 | 707 | |
| | 138.01 | 102 | |
| | 138.01 | 103A | |
| | 138.01 | 103B | |
| | 138.01 | 104C | |
| | 138.01 | 104E | |
| | 138.01 | 110A | |
| | 138.01 | 110B | |
| | 138.01 | 110C | |
| | 138.01 | 110D | |
| | 138.01 | 111 | |
| | 138.01 | 112A | |
| | 138.01 | 112B | |
| | 138.01 | 112C | |
| | 138.01 | 113A | |
| | 138.01 | 113B | |

MCC01074

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE    46

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 2 | 138.01 | 113C | |
| | 138.01 | 113D | |
| | 138.01 | 114 | |
| | 138.01 | 115 | |
| | 138.01 | 116A | |
| | 138.01 | 116B | |
| | 138.01 | 117 | |
| | 138.01 | 118 | |
| | 138.01 | 119 | |
| | 138.01 | 120 | |
| | 138.01 | 121 | |
| | 138.01 | 122 | |
| | 138.01 | 123 | |
| | 138.01 | 124 | |
| | 138.01 | 125 | |
| | 138.01 | 126 | |
| | 138.01 | 127 | |
| | 138.01 | 128 | |
| | 138.01 | 129 | |
| | 138.01 | 130 | |
| | 138.01 | 131 | |
| | 138.01 | 132 | |
| | 138.01 | 133 | |
| | 138.01 | 134 | |
| | 138.01 | 135 | |
| | 138.01 | 136 | |
| | 138.01 | 137 | |
| | 138.01 | 138 | |
| | 138.01 | 139 | |
| | 138.01 | 140 | |
| | 138.01 | 141 | |
| | 138.01 | 142 | |
| | 138.01 | 143 | |
| | 138.01 | 144 | |
| | 138.01 | 145 | |
| | 138.01 | 146 | |
| | 138.01 | 147 | |
| | 139.01 | 901A | |
| | 139.01 | 901B | |
| | 139.01 | 902A | |
| | 139.01 | 902B | |
| | 139.01 | 902C | |
| | 139.01 | 903A | |
| | 139.01 | 903B | |
| | 139.01 | 903C | |
| | 139.01 | 904A | |
| | 139.01 | 904B | |
| | 143.02 | 108B | |
| | 143.02 | 108D | |
| | 143.02 | 108F | |
| | 143.02 | 112D | |
| | 143.02 | 114 | |
| | 143.02 | 903 | |

MCC01075

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93

PAGE    47

**Proposed Jefferson County Commission Districts**

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 35.00 | 103 | |
| | 35.00 | 104 | |
| | 35.00 | 105 | |
| | 35.00 | 106 | |
| | 35.00 | 107 | |
| | 35.00 | 108 | |
| | 35.00 | 109 | |
| | 35.00 | 110 | |
| | 35.00 | 111 | |
| | 35.00 | 112 | |
| | 35.00 | 113 | |
| | 35.00 | 114 | |
| | 35.00 | 115 | |
| | 35.00 | 116A | |
| | 35.00 | 116B | |
| | 35.00 | 117 | |
| | 35.00 | 118 | |
| | 35.00 | 119A | |
| | 35.00 | 119B | |
| | 35.00 | 120 | |
| | 35.00 | 121 | |
| | 35.00 | 122 | |
| | 35.00 | 123 | |
| | 35.00 | 124A | |
| | 35.00 | 124B | |
| | 35.00 | 124C | |
| | 35.00 | 125 | |
| | 35.00 | 126 | |
| | 35.00 | 127 | |
| | 35.00 | 128 | |
| | 35.00 | 129 | |
| | 35.00 | 130 | |
| | 35.00 | 131 | |
| | 35.00 | 132 | |
| | 35.00 | 133 | |
| | 35.00 | 134 | |
| | 35.00 | 135 | |
| | 35.00 | 136 | |
| | 35.00 | 137 | |
| | 35.00 | 138 | |
| | 35.00 | 140 | |
| | 35.00 | 141 | |
| | 35.00 | 143 | |
| | 35.00 | 144 | |
| | 35.00 | 199 | |
| | 35.00 | 201 | |
| | 35.00 | 202 | |
| | 35.00 | 203 | |
| | 35.00 | 204 | |
| | 35.00 | 205 | |
| | 35.00 | 206 | |
| | 35.00 | 207 | |
| | 35.00 | 208 | |
| | 35.00 | 209 | |
| | 35.00 | 210 | |
| | 35.00 | 211 | |
| | 35.00 | 212 | |
| | 35.00 | 213 | |

MCC01076

Perry C. McCorkle

09/23/93                                                    PAGE    48

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 3 | 35.00 | 214 | |
| | 35.00 | 215 | |
| | 35.00 | 216 | |
| | 35.00 | 217 | |
| | 35.00 | 218 | |
| | 35.00 | 219 | |
| | 35.00 | 220 | |
| | 35.00 | 221 | |
| | 35.00 | 222 | |
| | 35.00 | 223 | |
| | 35.00 | 224 | |
| | 35.00 | 225 | |
| | 35.00 | 226 | |
| | 35.00 | 227 | |
| | 35.00 | 228 | |
| | 35.00 | 229 | |
| | 35.00 | 230 | |
| | 35.00 | 231 | |
| | 35.00 | 232 | |
| | 35.00 | 233 | |
| | 35.00 | 237 | |
| | 35.00 | 241 | |
| | 35.00 | 242 | |
| | 35.00 | 243 | |
| | 35.00 | 244 | |
| | 35.00 | 246 | |
| | 35.00 | 247 | |
| | 35.00 | 248 | |
| | 35.00 | 252 | |
| | 35.00 | 301 | |
| | 35.00 | 302 | |
| | 35.00 | 303A | |
| | 35.00 | 303B | |
| | 35.00 | 303C | |
| | 35.00 | 304 | |
| | 35.00 | 305A | |
| | 35.00 | 305B | |
| | 35.00 | 305C | |
| | 35.00 | 305D | |
| | 35.00 | 306 | |
| | 35.00 | 307 | |
| | 35.00 | 308 | |
| | 35.00 | 309 | |
| | 35.00 | 310 | |
| | 35.00 | 311 | |
| | 35.00 | 312 | |
| | 35.00 | 313 | |
| | 35.00 | 314 | |
| | 35.00 | 315 | |
| | 35.00 | 316 | |
| | 35.00 | 320 | |
| | 35.00 | 321 | |
| | 35.00 | 322 | |
| | 35.00 | 323 | |
| | 35.00 | 324 | |
| | 35.00 | 325 | |
| | 35.00 | 326 | |
| | 35.00 | 327 | |

MCC01077

Perry C. McCorkle

09/23/93

PAGE   49

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 3 | 35.00 | 328 | |
| | 35.00 | 329 | |
| | 35.00 | 330 | |
| | 35.00 | 336 | |
| | 35.00 | 338 | |
| | 35.00 | 339 | |
| | 35.00 | 340 | |
| | 35.00 | 401 | |
| | 35.00 | 402 | |
| | 35.00 | 403 | |
| | 35.00 | 404 | |
| | 35.00 | 405 | |
| | 35.00 | 406 | |
| | 35.00 | 407A | |
| | 35.00 | 407B | |
| | 35.00 | 408 | |
| | 35.00 | 409 | |
| | 35.00 | 410A | |
| | 35.00 | 410B | |
| | 35.00 | 410C | |
| | 35.00 | 411 | |
| | 35.00 | 412A | |
| | 35.00 | 412B | |
| | 35.00 | 413A | |
| | 35.00 | 413C | |
| | 35.00 | 414 | |
| | 35.00 | 415 | |
| | 35.00 | 416 | |
| | 35.00 | 417 | |
| | 35.00 | 418 | |
| | 35.00 | 419 | |
| | 35.00 | 423 | |
| | 35.00 | 424 | |
| | 35.00 | 425 | |
| | 35.00 | 426 | |
| | 35.00 | 429 | |
| | 35.00 | 431 | |
| | 35.00 | 433A | |
| | 35.00 | 433B | |
| | 35.00 | 433C | |
| | 35.00 | 434 | |
| | 35.00 | 436 | |
| | 35.00 | 438 | |
| | 100.01 | | Complete Tract |
| | 100.02 | | Complete Tract |
| | 102.00 | 104 | |
| | 102.00 | 105 | |
| | 102.00 | 106 | |
| | 102.00 | 107 | |
| | 102.00 | 108 | |
| | 102.00 | 109 | |
| | 102.00 | 110 | |
| | 102.00 | 111 | |

MCC01078

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Harry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

PAGE   50

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 3 | 102.00 | 118 | |
| | 102.00 | 119 | |
| | 102.00 | 120 | |
| | 102.00 | 121 | |
| | 102.00 | 122 | |
| | 102.00 | 123 | |
| | 102.00 | 201 | |
| | 102.00 | 202 | |
| | 102.00 | 203 | |
| | 102.00 | 204 | |
| | 102.00 | 205 | |
| | 102.00 | 206 | |
| | 102.00 | 207 | |
| | 102.00 | 208 | |
| | 102.00 | 209 | |
| | 102.00 | 210 | |
| | 102.00 | 211 | |
| | 102.00 | 212 | |
| | 102.00 | 213 | |
| | 102.00 | 214 | |
| | 102.00 | 215 | |
| | 102.00 | 216 | |
| | 102.00 | 217 | |
| | 102.00 | 218 | |
| | 102.00 | 301 | |
| | 102.00 | 302 | |
| | 102.00 | 303 | |
| | 102.00 | 304 | |
| | 102.00 | 305 | |
| | 102.00 | 306 | |
| | 102.00 | 307 | |
| | 102.00 | 308 | |
| | 102.00 | 309 | |
| | 102.00 | 310 | |
| | 102.00 | 311 | |
| | 102.00 | 312 | |
| | 102.00 | 313 | |
| | 102.00 | 314 | |
| | 102.00 | 315 | |
| | 102.00 | 316 | |
| | 102.00 | 317 | |
| | 102.00 | 318 | |
| | 102.00 | 319 | |
| | 102.00 | 320 | |
| | 102.00 | 321 | |
| | 102.00 | 322 | |
| | 102.00 | 323 | |
| | 102.00 | 324 | |
| | 102.00 | 325 | |
| | 102.00 | 326 | |
| | 102.00 | 327 | |
| | 102.00 | 328 | |
| | 102.00 | 329 | |
| | 102.00 | 330 | |
| | 102.00 | 331 | |
| | 102.00 | 401 | |
| | 102.00 | 402 | |
| | 102.00 | 403 | |

MCC01079

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                          PAGE   51

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 102.00 | 404 | |
| | 102.00 | 405 | |
| | 102.00 | 406 | |
| | 102.00 | 407 | |
| | 102.00 | 408 | |
| | 102.00 | 409 | |
| | 102.00 | 410 | |
| | 102.00 | 411 | |
| | 102.00 | 412 | |
| | 102.00 | 413 | |
| | 102.00 | 414 | |
| | 102.00 | 415 | |
| | 102.00 | 416 | |
| | 102.00 | 417 | |
| | 102.00 | 418 | |
| | 102.00 | 419 | |
| | 102.00 | 420 | |
| | 102.00 | 421 | |
| | 102.00 | 422 | |
| | 102.00 | 423 | |
| | 102.00 | 424 | |
| | 102.00 | 425 | |
| | 102.00 | 426 | |
| | 102.00 | 427 | |
| | 102.00 | 501 | |
| | 102.00 | 502 | |
| | 102.00 | 503 | |
| | 102.00 | 504 | |
| | 102.00 | 505 | |
| | 102.00 | 506 | |
| | 102.00 | 507 | |
| | 102.00 | 508 | |
| | 102.00 | 509 | |
| | 102.00 | 510 | |
| | 102.00 | 511 | |
| | 102.00 | 512 | |
| | 102.00 | 513 | |
| | 102.00 | 514 | |
| | 102.00 | 515 | |
| | 102.00 | 516 | |
| | 102.00 | 517 | |
| | 102.00 | 518 | |
| | 102.00 | 519 | |
| | 102.00 | 520 | |
| | 102.00 | 521 | |
| | 102.00 | 522 | |
| | 102.00 | 523 | |
| | 102.00 | 524 | |
| | 102.00 | 525 | |
| | 102.00 | 526 | |
| | 102.00 | 527 | |
| | 102.00 | 601 | |

MCC01080

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE    52

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 102.00 | 608 | |
| | 102.00 | 609 | |
| | 102.00 | 610 | |
| | 102.00 | 611 | |
| | 102.00 | 612 | |
| | 102.00 | 613 | |
| | 102.00 | 614 | |
| | 102.00 | 615 | |
| | 102.00 | 616 | |
| | 102.00 | 617 | |
| | 102.00 | 618 | |
| | 102.00 | 619 | |
| | 102.00 | 620 | |
| | 102.00 | 621 | |
| | 102.00 | 622 | |
| | 102.00 | 623 | |
| | 102.00 | 624 | |
| | 102.00 | 625 | |
| | 102.00 | 626 | |
| | 102.00 | 627 | |
| | 102.00 | 628 | |
| | 102.00 | 701 | |
| | 102.00 | 702 | |
| | 102.00 | 703 | |
| | 102.00 | 704 | |
| | 102.00 | 705 | |
| | 102.00 | 706 | |
| | 102.00 | 728 | |
| | 102.00 | 731 | |
| | 102.00 | 733 | |
| | 102.00 | 734 | |
| | 102.00 | 735 | |
| | 102.00 | 742 | |
| | 102.00 | 801 | |
| | 102.00 | 802 | |
| | 102.00 | 803 | |
| | 102.00 | 804 | |
| | 102.00 | 805 | |
| | 102.00 | 806 | |
| | 102.00 | 807 | |
| | 102.00 | 808 | |
| | 102.00 | 809 | |
| | 102.00 | 810 | |
| | 102.00 | 811 | |
| | 102.00 | 812 | |
| | 102.00 | 814 | |
| | 102.00 | 816 | |
| | 102.00 | 818 | |
| | 102.00 | 820 | |
| | 102.00 | 821 | |

MCC01081

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Parry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 3 | 103.01 | 604 | |
| | 103.01 | 605 | |
| | 103.01 | 606 | |
| | 103.01 | 607 | |
| | 103.01 | 615 | |
| | 103.01 | 621 | |
| | 103.01 | 622 | |
| | 103.01 | 623 | |
| | 103.01 | 624 | |
| | 103.01 | 625 | |
| | 103.01 | 626 | |
| | 103.01 | 627 | |
| | 103.01 | 620 | |
| | 103.01 | 637 | |
| | 103.01 | 640 | |
| | 103.01 | 641 | |
| | 103.01 | 642 | |
| | 103.01 | 643 | |
| | 103.01 | 644 | |
| | 103.01 | 645 | |
| | 103.01 | 646 | |
| | 103.01 | 647 | |
| | 103.01 | 649 | |
| | 104.01 | | Complete Tract |
| | 104.02 | | Complete Tract |
| | 106.02 | 230A | |
| | 106.02 | 230B | |
| | 106.02 | 231A | |
| | 106.02 | 231B | |
| | 106.02 | 232 | |
| | 106.02 | 701A | |
| | 106.02 | 702 | |
| | 106.02 | 703A | |
| | 106.02 | 703B | |
| | 106.02 | 703D | |
| | 106.02 | 704 | |
| | 106.02 | 705 | |
| | 106.02 | 706 | |
| | 106.02 | 707 | |
| | 106.02 | 708A | |
| | 106.02 | 708B | |
| | 106.02 | 709 | |
| | 106.03 | | Complete Tract |
| | 115.00 | 107 | |
| | 115.00 | 108 | |
| | 115.00 | 109 | |
| | 115.00 | 110 | |
| | 115.00 | 111 | |
| | 115.00 | 118 | |
| | 115.00 | 213 | |

MCC01082

Perry C. McCorkle

09/23/93                                                          PAGE    54

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 115.00 | 122 | |
| | 115.00 | 123 | |
| | 115.00 | 137 | |
| | 115.00 | 138 | |
| | 115.00 | 139 | |
| | 115.00 | 140 | |
| | 115.00 | 141 | |
| | 115.00 | 142 | |
| | 115.00 | 143 | |
| | 115.00 | 144 | |
| | 115.00 | 145 | |
| | 115.00 | 146 | |
| | 115.00 | 147 | |
| | 115.00 | 148 | |
| | 115.00 | 149 | |
| | 115.00 | 150 | |
| | 115.00 | 151 | |
| | 115.00 | 152 | |
| | 115.00 | 203A | |
| | 115.00 | 203B | |
| | 115.00 | 204A | |
| | 115.00 | 204B | |
| | 115.00 | 205 | |
| | 115.00 | 206 | |
| | 115.00 | 207 | |
| | 115.00 | 208 | |
| | 115.00 | 209 | |
| | 115.00 | 210 | |
| | 115.00 | 211 | |
| | 115.00 | 212 | |
| | 115.00 | 213 | |
| | 115.00 | 214 | |
| | 115.00 | 215 | |
| | 115.00 | 216 | |
| | 115.00 | 217 | |
| | 115.00 | 218 | |
| | 115.00 | 219 | |
| | 115.00 | 220 | |
| | 115.00 | 221 | |
| | 115.00 | 222 | |
| | 115.00 | 223 | |
| | 115.00 | 224 | |
| | 115.00 | 225 | |
| | 115.00 | 226 | |
| | 115.00 | 227 | |
| | 115.00 | 228 | |
| | 115.00 | 233 | |
| | 115.00 | 234 | |
| | 115.00 | 235 | |
| | 115.00 | 236 | |
| | 115.00 | 237 | |
| | 115.00 | 238 | |
| | 115.00 | 239 | |
| | 115.00 | 240 | |

MCC01083

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93  PAGE  55

**Proposed Jefferson County Commission Districts**

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 3 | 115.00 | 249 | |
| | 115.00 | 250 | |
| | 115.00 | 299A | |
| | 115.00 | 299B | |
| | 115.00 | 301 | |
| | 115.00 | 302 | |
| | 115.00 | 303 | |
| | 115.00 | 304A | |
| | 115.00 | 304B | |
| | 115.00 | 305A | |
| | 115.00 | 305B | |
| | 115.00 | 306 | |
| | 115.00 | 307 | |
| | 115.00 | 308 | |
| | 115.00 | 309 | |
| | 115.00 | 310 | |
| | 115.00 | 311 | |
| | 115.00 | 312 | |
| | 115.00 | 313 | |
| | 115.00 | 314 | |
| | 115.00 | 315 | |
| | 115.00 | 316 | |
| | 115.00 | 401 | |
| | 115.00 | 402 | |
| | 115.00 | 403 | |
| | 115.00 | 404 | |
| | 115.00 | 405 | |
| | 115.00 | 406 | |
| | 115.00 | 407 | |
| | 115.00 | 408 | |
| | 115.00 | 409 | |
| | 115.00 | 410 | |
| | 115.00 | 411 | |
| | 115.00 | 412 | |
| | 115.00 | 413 | |
| | 115.00 | 414 | |
| | 115.00 | 415 | |
| | 115.00 | 416 | |
| | 115.00 | 417 | |
| | 115.00 | 418 | |
| | 115.00 | 419 | |
| | 115.00 | 420 | |
| | 115.00 | 421 | |
| | 115.00 | 422 | |
| | 115.00 | 423 | |
| | 115.00 | 424 | |
| | 115.00 | 425 | |
| | 115.00 | 426 | |
| | 115.00 | 427 | |
| | 115.00 | 428 | |
| | 115.00 | 429 | |
| | 115.00 | 430 | |
| | 115.00 | 431 | |

MCC01084

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 115.00 | 437 | |
| | 115.00 | 438 | |
| | 115.00 | 439 | |
| | 115.00 | 440 | |
| | 115.00 | 441 | |
| | 115.00 | 442 | |
| | 115.00 | 443 | |
| | 115.00 | 444 | |
| | 115.00 | 445 | |
| | 115.00 | 446 | |
| | 115.00 | 447 | |
| | 115.00 | 448 | |
| | 115.00 | 499A | |
| | 115.00 | 499B | |
| | 115.00 | 499C | |
| | 115.00 | 499D | |
| | 116.00 | | Complete Tract |
| | 117.04 | 101 | |
| | 117.04 | 105 | |
| | 117.04 | 106 | |
| | 117.04 | 111 | |
| | 117.04 | 115 | |
| | 117.04 | 116 | |
| | 117.04 | 117 | |
| | 117.04 | 118 | |
| | 117.04 | 119 | |
| | 117.04 | 120 | |
| | 117.04 | 121A | |
| | 117.04 | 121B | |
| | 117.04 | 121C | |
| | 117.04 | 121D | |
| | 117.04 | 121E | |
| | 117.04 | 122 | |
| | 117.04 | 123 | |
| | 117.04 | 124 | |
| | 117.04 | 125 | |
| | 117.04 | 126 | |
| | 117.04 | 127 | |
| | 117.04 | 128 | |
| | 117.04 | 129 | |
| | 117.04 | 130 | |
| | 117.04 | 131 | |
| | 117.04 | 132 | |
| | 117.04 | 133 | |
| | 117.04 | 134 | |
| | 117.04 | 135 | |
| | 117.04 | 136 | |
| | 117.04 | 137 | |
| | 117.04 | 138 | |
| | 117.04 | 139 | |
| | 117.04 | 140 | |
| | 117.04 | 141 | |
| | 117.04 | 166 | |
| | 117.04 | 167 | |
| | 117.04 | 199 | |
| | 120.01 | 602 | |
| | 120.01 | 603 | |
| | 120.01 | 604 | |

Perry C. McCorkle

MCC01085

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                                    PAGE   57

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 120.01 | 605 | |
| | 120.01 | 606 | |
| | 120.01 | 607 | |
| | 120.01 | 608 | |
| | 120.01 | 609 | |
| | 120.01 | 610 | |
| | 120.01 | 611 | |
| | 120.01 | 612 | |
| | 120.01 | 613 | |
| | 120.01 | 614 | |
| | 120.01 | 615 | |
| | 120.01 | 616 | |
| | 120.01 | 617 | |
| | 120.01 | 618 | |
| | 120.01 | 619 | |
| | 120.01 | 620 | |
| | 120.01 | 621 | |
| | 120.01 | 622 | |
| | 120.01 | 623 | |
| | 120.01 | 624 | |
| | 120.01 | 625 | |
| | 120.01 | 626 | |
| | 120.01 | 627 | |
| | 120.01 | 628 | |
| | 120.01 | 629 | |
| | 120.01 | 630 | |
| | 120.01 | 631 | |
| | 120.01 | 632 | |
| | 120.01 | 633 | |
| | 120.01 | 701 | |
| | 120.01 | 702 | |
| | 120.01 | 704 | |
| | 120.01 | 705 | |
| | 120.01 | 706A | |
| | 120.01 | 706B | |
| | 120.01 | 706C | |
| | 120.01 | 706D | |
| | 120.01 | 706E | |
| | 120.01 | 706F | |
| | 120.01 | 707A | |
| | 120.01 | 707B | |
| | 120.01 | 707C | |
| | 120.01 | 708 | |
| | 120.01 | 709A | |
| | 120.01 | 709B | |
| | 120.01 | 709C | |
| | 120.01 | 710A | |
| | 120.01 | 710B | |
| | 120.01 | 711 | |
| | 120.01 | 712 | |
| | 120.01 | 713 | |
| | 120.01 | 714 | |
| | 120.01 | 715 | |
| | 120.01 | 716 | |
| | 120.01 | 717 | |

MCC01086

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                          PAGE    58

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 9 | 120.01 | 720B | |
| | 120.01 | 720C | |
| | 120.01 | 720D | |
| | 120.01 | 721 | |
| | 120.01 | 722 | |
| | 120.01 | 723A | |
| | 120.01 | 723B | |
| | 120.01 | 724 | |
| | 120.01 | 725 | |
| | 120.01 | 726 | |
| | 120.01 | 727 | |
| | 120.01 | 728 | |
| | 120.01 | 729 | |
| | 120.01 | 730A | |
| | 120.01 | 730B | |
| | 120.01 | 731 | |
| | 120.01 | 732 | |
| | 120.01 | 733 | |
| | 120.01 | 734 | |
| | 120.01 | 735 | |
| | 120.01 | 736 | |
| | 120.01 | 737 | |
| | 120.01 | 738 | |
| | 120.01 | 739 | |
| | 120.01 | 740 | |
| | 120.01 | 741 | |
| | 120.01 | 742 | |
| | 120.01 | 743 | |
| | 120.01 | 744 | |
| | 120.01 | 745 | |
| | 120.01 | 746 | |
| | 120.01 | 747 | |
| | 120.01 | 748 | |
| | 120.01 | 749A | |
| | 120.01 | 749B | |
| | 120.01 | 749C | |
| | 120.01 | 749D | |
| | 120.01 | 750A | |
| | 120.01 | 750B | |
| | 120.01 | 751A | |
| | 120.01 | 751B | |
| | 120.01 | 752 | |
| | 120.01 | 753 | |
| | 120.01 | 754 | |
| | 120.01 | 755 | |
| | 120.01 | 901A | |
| | 120.01 | 901B | |
| | 120.01 | 902A | |
| | 120.01 | 902B | |
| | 121.03 | | Complete Tract |
| | 121.04 | | Complete Tract |
| | 122.00 | | Complete Tract |
| | 121.02 | | Complete Tract |
| | 121.01 | | Complete Tract |
| | 121.00 | | Complete Tract |

MCC01087

Perry C. McCorkle



09/23/93

PAGE   59

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 124.01 | 121 | |
| | 124.01 | 137 | |
| | 124.01 | 138 | |
| | 124.01 | 139 | |
| | 124.01 | 140 | |
| | 124.01 | 142 | |
| | 124.01 | 301 | |
| | 124.01 | 302 | |
| | 124.01 | 303 | |
| | 124.01 | 304 | |
| | 124.01 | 305 | |
| | 124.01 | 306 | |
| | 124.01 | 307 | |
| | 124.01 | 308 | |
| | 124.01 | 311 | |
| | 124.01 | 312 | |
| | 124.01 | 313 | |
| | 124.01 | 314 | |
| | 124.01 | 316 | |
| | 124.01 | 317 | |
| | 124.02 | 107 | |
| | 124.02 | 108 | |
| | 124.02 | 109 | |
| | 124.02 | 110 | |
| | 124.02 | 114 | |
| | 124.02 | 115 | |
| | 124.02 | 116 | |
| | 124.02 | 117 | |
| | 124.02 | 118 | |
| | 124.02 | 119 | |
| | 124.02 | 122 | |
| | 124.02 | 124 | |
| | 124.02 | 125 | |
| | 124.02 | 126 | |
| | 124.02 | 127 | |
| | 124.02 | 128 | |
| | 124.02 | 201B | |
| | 124.02 | 201C | |
| | 124.02 | 202 | |
| | 124.02 | 203B | |
| | 124.02 | 207 | |
| | 124.02 | 216 | |
| | 124.02 | 221 | |
| | 124.02 | 222 | |
| | 124.02 | 223 | |
| | 124.02 | 224 | |
| | 124.02 | 225 | |
| | 124.02 | 226 | |
| | 124.02 | 227 | |
| | 124.02 | 228 | |
| | 124.02 | 401 | |
| | 124.02 | 402 | |
| | 124.02 | 403 | |
| | 124.02 | 404 | |

MCC01088

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93
PAGE 60

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 124.02 | 409 | |
| | 124.02 | 410 | |
| | 124.02 | 411 | |
| | 124.02 | 412 | |
| | 124.02 | 413 | |
| | 124.02 | 414 | |
| | 124.02 | 415 | |
| | 124.02 | 416 | |
| | 124.02 | 417 | |
| | 124.02 | 418 | |
| | 124.02 | 419 | |
| | 124.02 | 420 | |
| | 124.02 | 421A | |
| | 124.02 | 421B | |
| | 124.02 | 423 | |
| | 124.02 | 424A | |
| | 124.02 | 424B | |
| | 124.02 | 425 | |
| | 124.02 | 426A | |
| | 124.02 | 426B | |
| | 124.02 | 901 | |
| | 124.02 | 902 | |
| | 124.02 | 903A | |
| | 124.02 | 903B | |
| | 124.02 | 904 | |
| | 124.02 | 905 | |
| | 124.02 | 906 | |
| | 124.02 | 907 | |
| | 124.02 | 908 | |
| | 124.02 | 909 | |
| | 124.02 | 910 | |
| | 124.02 | 911 | |
| | 124.02 | 912 | |
| | 124.02 | 913 | |
| | 124.02 | 914 | |
| | 124.02 | 915 | |
| | 124.02 | 916 | |
| | 124.02 | 917 | |
| | 124.02 | 918 | |
| | 124.02 | 919 | |
| | 124.02 | 920A | |
| | 124.02 | 920B | |
| | 124.02 | 921 | |
| | 124.02 | 922 | |
| | 124.02 | 923 | |
| | 124.02 | 924A | |
| | 124.02 | 924B | |
| | 124.02 | 925 | |
| | 124.03 | | Complete Tract |
| | 125.00 | | Complete Tract |
| | 132.00 | 116A | |
| | 132.00 | 401A | |
| | 134.00 | 101A | |
| | 134.00 | 101B | |
| | 134.00 | 102A | |
| | 134.00 | | |
| | 134.00 | | |
| | 134.00 | | |

MCC01089

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                PAGE  61

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 134.00 | 104 | |
| | 134.00 | 106 | |
| | 134.00 | 130A | |
| | 134.00 | 130B | |
| | 134.00 | 131A | |
| | 134.00 | 131B | |
| | 134.00 | 134A | |
| | 134.00 | 134B | |
| | 134.00 | 134C | |
| | 134.00 | 140 | |
| | 134.00 | 209B | |
| | 134.00 | 318A | |
| | 134.00 | 319A | |
| | 134.00 | 806 | |
| | 134.00 | 807 | |
| | 134.00 | 808 | |
| | 134.00 | 809 | |
| | 134.00 | 810 | |
| | 134.00 | 811 | |
| | 134.00 | 812 | |
| | 134.00 | 813A | |
| | 134.00 | 814A | |
| | 134.00 | 817 | |
| | 134.00 | 818A | |
| | 134.00 | 819 | |
| | 134.00 | 820 | |
| | 134.00 | 822 | |
| | 134.00 | 823A | |
| | 134.00 | 824A | |
| | 134.00 | 826 | |
| | 134.00 | 827 | |
| | 134.00 | 829 | |
| | 134.00 | 832A | |
| | 134.00 | 836 | |
| | 134.00 | 837 | |
| | 134.00 | 838 | |
| | 136.01 | 305 | |
| | 136.01 | 306 | |
| | 136.01 | 307 | |
| | 136.01 | 308 | |
| | 136.01 | 309 | |
| | 136.01 | 310 | |
| | 136.01 | 311 | |
| | 136.01 | 312 | |
| | 136.01 | 313 | |
| | 136.01 | 314 | |
| | 136.01 | 501 | |
| | 136.01 | 502 | |
| | 136.01 | 503 | |
| | 136.01 | 504 | |
| | 136.01 | 505 | |

MCC01090

Perry C. McCorkle

09/23/93                                                          PAGE   62

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 136.01 | 513 | |
| | 136.01 | 514 | |
| | 136.01 | 515 | |
| | 136.01 | 516 | |
| | 136.01 | 517 | |
| | 136.01 | 518 | |
| | 136.01 | 519 | |
| | 136.01 | 520 | |
| | 136.01 | 702A | |
| | 136.01 | 702F | |
| | 136.01 | 708 | |
| | 136.01 | 709 | |
| | 136.01 | 710 | |
| | 136.01 | 711 | |
| | 136.01 | 712 | |
| | 138.01 | 101A | |
| | 138.01 | 101B | |
| | 138.01 | 101C | |
| | 138.01 | 104A | |
| | 138.01 | 104B | |
| | 138.01 | 104D | |
| | 138.01 | 105A | |
| | 138.01 | 105B | |
| | 138.01 | 106 | |
| | 138.01 | 107 | |
| | 138.01 | 108 | |
| | 138.01 | 109 | |
| | 138.01 | 201 | |
| | 138.01 | 202 | |
| | 138.01 | 220 | |
| | 138.01 | 221 | |
| | 138.01 | 222 | |
| | 138.01 | 223 | |
| | 138.01 | 301 | |
| | 138.01 | 302 | |
| | 138.01 | 303 | |
| | 138.01 | 304 | |
| | 138.01 | 305 | |
| | 138.01 | 306 | |
| | 138.01 | 307 | |
| | 138.01 | 308 | |
| | 138.01 | 309 | |
| | 138.01 | 313 | |
| | 138.01 | 317 | |
| | 138.01 | 318 | |
| | 138.01 | 319 | |
| | 138.01 | 320 | |
| | 138.01 | 321 | |
| | 138.01 | 401 | |
| | 138.01 | 402 | |
| | 138.01 | 403 | |
| | 138.01 | 404 | |
| | 138.01 | 405 | |
| | 138.01 | 406 | |

MCC01091

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                          PAGE   63

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 138.01 | 503 | |
| | 138.01 | 504 | |
| | 138.01 | 513 | |
| | 138.01 | 514 | |
| | 138.01 | 517 | |
| | 138.01 | 518 | |
| | 138.01 | 519 | |
| | 138.01 | 520 | |
| | 138.01 | 521 | |
| | 138.01 | 522 | |
| | 138.01 | 523 | |
| | 138.01 | 524 | |
| | 138.01 | 525 | |
| | 138.01 | 526 | |
| | 138.01 | 601 | |
| | 138.01 | 602 | |
| | 138.01 | 605 | |
| | 138.01 | 606 | |
| | 138.01 | 607 | |
| | 138.01 | 608 | |
| | 138.01 | 612 | |
| | 138.01 | 613 | |
| | 138.01 | 614 | |
| | 138.01 | 615 | |
| | 138.01 | 616 | |
| | 138.01 | 617 | |
| | 138.01 | 618 | |
| | 138.01 | 619 | |
| | 138.01 | 620 | |
| | 138.01 | 621 | |
| | 130.01 | 622 | |
| | 138.01 | 623 | |
| | 138.01 | 624 | |
| | 138.01 | 625 | |
| | 138.01 | 626 | |
| | 130.01 | 627 | |
| | 138.01 | 628 | |
| | 138.01 | 721A | |
| | 138.01 | 721B | |
| | 138.01 | 721C | |
| | 138.01 | 722 | |
| | 138.01 | 723 | |
| | 138.01 | 724 | |
| | 138.01 | 725 | |
| | 139.01 | 101A | |
| | 139.01 | 101B | |
| | 139.01 | 102A | |
| | 139.01 | 102B | |
| | 139.01 | 102C | |
| | 139.01 | 103A | |
| | 139.01 | 103B | |
| | 139.01 | 104 | |
| | 139.01 | 105A | |
| | 139.01 | 105B | |

MCC01092

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                    PAGE    64

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 139.01 | 109 | |
| | 139.01 | 110 | |
| | 139.01 | 111 | |
| | 139.01 | 112 | |
| | 139.01 | 113 | |
| | 139.01 | 114 | |
| | 139.01 | 115 | |
| | 139.01 | 116 | |
| | 139.01 | 117 | |
| | 139.01 | 118 | |
| | 139.01 | 119A | |
| | 139.01 | 119B | |
| | 139.01 | 120 | |
| | 139.01 | 121 | |
| | 139.01 | 122 | |
| | 139.01 | 123 | |
| | 139.01 | 124 | |
| | 139.01 | 125 | |
| | 139.01 | 126 | |
| | 139.01 | 127 | |
| | 139.01 | 128 | |
| | 139.01 | 129 | |
| | 139.01 | 130 | |
| | 139.01 | 131A | |
| | 139.01 | 131B | |
| | 139.01 | 132 | |
| | 139.01 | 133A | |
| | 139.01 | 133B | |
| | 139.01 | 134 | |
| | 139.01 | 135 | |
| | 139.01 | 136 | |
| | 139.01 | 137 | |
| | 139.01 | 139 | |
| | 139.01 | 141 | |
| | 139.01 | 142 | |
| | 139.01 | 143 | |
| | 139.01 | 144 | |
| | 139.01 | 145 | |
| | 139.01 | 146 | |
| | 139.01 | 149A | |
| | 139.01 | 149B | |
| | 139.01 | 149C | |
| | 139.01 | 149D | |
| | 139.01 | 150 | |
| | 139.01 | 201 | |
| | 139.01 | 202A | |
| | 139.01 | 202B | |
| | 139.01 | 203 | |
| | 139.01 | 204A | |
| | 139.01 | 204B | |
| | 139.01 | 205 | |
| | 139.01 | 206A | |
| | 139.01 | 206B | |
| | 139.01 | 207A | |
| | 139.01 | 207B | |
| | 139.01 | 207C | |

MCC01093

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

PAGE 65

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 139.01 | 210 | |
| | 139.01 | 216 | |
| | 139.01 | 218 | |
| | 139.01 | 401A | |
| | 139.01 | 401B | |
| | 139.01 | 414 | |
| | 139.01 | 415A | |
| | 139.01 | 415B | |
| | 139.01 | 416A | |
| | 139.01 | 416B | |
| | 139.01 | 417 | |
| | 139.01 | 418 | |
| | 139.01 | 419A | |
| | 139.01 | 419B | |
| | 139.01 | 423 | |
| | 139.01 | 424 | |
| | 139.01 | 425 | |
| | 139.01 | 443 | |
| | 139.01 | 444 | |
| | 139.01 | 446A | |
| | 139.01 | 446B | |
| | 139.01 | 446C | |
| | 139.01 | 446D | |
| | 139.01 | 447A | |
| | 139.01 | 447B | |
| | 139.01 | 447C | |
| | 139.01 | 447D | |
| | 139.01 | 905 | |
| | 139.01 | 906A | |
| | 139.01 | 906B | |
| | 139.01 | 907A | |
| | 139.01 | 907B | |
| | 139.02 | | Complete Tract |
| | 140.00 | | Complete Tract |
| | 141.02 | | Complete Tract |
| | 141.04 | | Complete Tract |
| | 141.05 | | Complete Tract |
| | 142.03 | | Complete Tract |
| | 142.04 | | Complete Tract |
| | 143.01 | | Complete Tract |
| | 143.02 | 108A | |
| | 143.02 | 108C | |
| | 143.02 | 109 | |
| | 143.02 | 110 | |
| | 143.02 | 113 | |
| | 143.02 | 115 | |
| | 143.02 | 116 | |
| | 143.02 | 117 | |
| | 143.02 | 118 | |
| | 143.02 | 119 | |
| | 143.02 | 120 | |
| | 143.02 | 121 | |
| | 143.02 | 122 | |
| | 143.02 | 123 | |

MCC01094

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                        PAGE   66

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 3 | 143.02 | 203 | |
| | 143.02 | 304A | |
| | 143.02 | 305 | |
| | 143.02 | 306 | |
| | 143.02 | 399 | |
| | 144.03 | 101A | |
| | 144.03 | 101C | |
| | 144.03 | 101D | |
| | 144.03 | 101E | Bessemer Division |
| | 144.03 | 101G | |
| | 144.03 | 101H | Bessemer Division |
| | 144.03 | 101J | |
| | 144.03 | 101K | |
| | 144.03 | 101L | |
| | 144.03 | 101M | |
| | 144.03 | 101P | |
| | 144.03 | 101R | |
| | 144.03 | 102A | |
| | 144.03 | 102D | |
| | 144.03 | 105 | |
| | 144.03 | 106 | |
| | 144.03 | 107A | |
| | 144.03 | 107B | |
| | 144.03 | 108A | |
| | 144.03 | 108B | |
| | 144.03 | 108C | |
| | 144.03 | 109 | |
| | 144.03 | 110A | |
| | 144.03 | 110B | |
| | 144.03 | 111A | |
| | 144.03 | 111B | |
| | 144.03 | 218 | Bessemer Division |
| | 144.03 | 219 | Bessemer Division |
| | 144.03 | 220A | Bessemer Division |
| | 144.03 | 220B | |
| | 144.03 | 229 | Bessemer Division |
| | 144.03 | 230A | Bessemer Division |
| | 144.03 | 230B | |
| | 144.03 | 230C | |
| | 144.03 | 230D | Bessemer Division |
| | 144.03 | 230E | |
| | 144.03 | 231 | |
| | 144.03 | 232A | |
| | 144.03 | 232B | |
| | 144.03 | 233 | |
| | 144.03 | 234 | |
| | 144.03 | 235 | |
| | 144.03 | 236 | |
| | 144.03 | 237 | |
| | 144.03 | 238 | |
| | 144.03 | 239 | |
| | 144.03 | 240 | |
| | 144.03 | 241 | |
| | 144.03 | 242 | |
| | 144.03 | 243 | |
| | 144.03 | 301A | |
| | 144.03 | 301B | |
| | 144.03 | 301C | |

MCC01095

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93    PAGE    67

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 144.03 | 301D | |
| | 144.03 | 301E | |
| | 144.03 | 301F | |
| | 144.03 | 301G | |
| | 144.03 | 301H | |
| | 144.03 | 301J | |
| | 144.03 | 301K | |
| | 144.03 | 301L | |
| | 144.03 | 301M | |
| | 144.03 | 301N | |
| | 144.03 | 301P | |
| | 144.03 | 302 | |
| | 144.03 | 303 | |
| | 144.03 | 304 | |
| | 144.03 | 305 | |
| | 144.03 | 306 | |
| | 144.03 | 307 | |
| | 144.03 | 308 | |
| | 144.03 | 309A | |
| | 144.03 | 309B | |
| | 144.03 | 309C | |
| | 144.03 | 309D | |
| | 144.03 | 310A | |
| | 144.03 | 310B | |
| | 144.03 | 311 | |
| | 144.03 | 312 | |
| | 144.03 | 313A | |
| | 144.03 | 313B | |
| | 144.03 | 314 | |
| | 144.03 | 315 | |
| | 144.03 | 316 | |
| | 144.03 | 317 | |
| | 144.03 | 318A | |
| | 144.03 | 318B | |
| | 144.03 | 319 | |
| | 144.03 | 320 | |
| | 144.03 | 321 | |
| | 144.03 | 321 | |
| | 144.03 | 321C | |
| | 144.03 | 322 | |
| | 144.03 | 323 | |
| | 144.03 | 324A | |
| | 144.03 | 324B | |
| | 144.03 | 324C | |
| | 144.03 | 325 | |
| | 144.03 | 326 | |
| | 144.03 | 327 | |
| | 144.03 | 328 | |
| | 144.03 | 329A | |
| | 144.03 | 329B | |
| | 144.03 | 401A | |
| | 144.03 | 401B | |

MCC01096

Perry C. McCorkle

09/23/93                                                            PAGE    68

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 3 | 144.03 | 404B | |
| | 144.03 | 404C | |
| | 144.03 | 404D | |
| | 144.03 | 405 | |
| | 144.03 | 406A | |
| | 144.03 | 406B | |
| | 144.03 | 406C | |
| | 144.03 | 406D | |
| | 144.03 | 406E | |
| | 144.03 | 406F | |
| | 144.03 | 406G | |
| | 144.03 | 406H | |
| | 144.03 | 406J | |
| | 144.03 | 406K | |
| | 144.03 | 406L | |
| | 144.03 | 407 | |
| | 144.03 | 408 | |
| | 144.03 | 409 | |
| | 144.03 | 410 | |
| | 144.03 | 411 | |
| | 144.03 | 412 | |
| | 144.03 | 413 | |
| | 144.03 | 414 | |
| | 144.03 | 415 | |
| | 144.03 | 416A | |
| | 144.03 | 416B | |
| | 144.03 | 416C | |
| | 144.03 | 416D | |
| | 144.03 | 416E | |
| | 144.03 | 416F | |
| | 144.03 | 416G | |
| | 144.03 | 416H | |
| | 144.03 | 417 | |
| | 144.03 | 418 | |
| | 144.03 | 419A | |
| | 144.03 | 419B | |
| | 144.03 | 419C | |
| | 144.03 | 420 | |
| | 144.03 | 421 | |
| | 144.03 | 422A | |
| | 144.03 | 422B | |
| | 144.03 | 423A | |
| | 144.03 | 423B | |
| | 144.03 | | |
| | 144.03 | | |
| | 144.03 | | |
| | 144.03 | 499A | |
| | 144.03 | | |

MCC01097

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93

PAGE    69

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 53.02 | 101 | |
| | 53.02 | 102 | |
| | 53.02 | 103 | |
| | 53.02 | 104 | |
| | 53.02 | 105 | |
| | 53.02 | 106 | |
| | 53.02 | 108 | |
| | 53.02 | 109 | |
| | 53.02 | 118 | |
| | 53.02 | 119 | |
| | 53.02 | 121 | |
| | 53.02 | 201 | |
| | 53.02 | 202 | |
| | 53.02 | 203 | |
| | 53.02 | 209 | |
| | 53.02 | 210 | |
| | 53.02 | 211 | |
| | 53.02 | 212 | |
| | 53.02 | 213 | |
| | 53.02 | 214 | |
| | 53.02 | 215 | |
| | 53.02 | 216 | |
| | 53.02 | 219 | |
| | 53.02 | 220 | |
| | 53.02 | 221 | |
| | 53.02 | 226 | |
| | 53.02 | 231 | |
| | 53.02 | 232 | |
| | 53.02 | 233 | |
| | 53.02 | 301 | |
| | 53.02 | 302 | |
| | 53.02 | 303 | |
| | 53.02 | 304 | |
| | 53.02 | 305 | |
| | 53.02 | 306 | |
| | 53.02 | 307 | |
| | 53.02 | 308 | |
| | 53.02 | 309 | |
| | 53.02 | 310 | |
| | 53.02 | 311 | |
| | 53.02 | 313 | |
| | 53.02 | 314 | |
| | 53.02 | 316 | |
| | 53.02 | 317 | |
| | 53.02 | 323 | |
| | 53.02 | 324 | |
| | 53.02 | 325 | |
| | 53.02 | 326 | |
| | 53.02 | 329 | |
| | 53.02 | 340 | |
| | 53.02 | 341 | |

MCC01098

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE   70

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|----------|-----------|-------|-------------|
| 4 | 53.02 | 409 | |
| | 53.02 | 410 | |
| | 53.02 | 411 | |
| | 53.02 | 412 | |
| | 53.02 | 413 | |
| | 53.02 | 414 | |
| | 53.02 | 415 | |
| | 53.02 | 416 | |
| | 53.02 | 428 | |
| | 53.02 | 501 | |
| | 53.02 | 502 | |
| | 53.02 | 503 | |
| | 53.02 | 504 | |
| | 53.02 | 505 | |
| | 56.00 | 101 | |
| | 56.00 | 104B | |
| | 56.00 | 123B | |
| | 59.03 | | Complete Tract |
| | 59.06 | 117 | |
| | 59.06 | 118 | |
| | 59.06 | 146 | |
| | 59.06 | 147 | |
| | 59.06 | 148 | |
| | 59.06 | 149 | |
| | 59.06 | 150 | |
| | 59.06 | 210A | |
| | 59.06 | 210B | |
| | 59.06 | 211 | |
| | 59.06 | 212 | |
| | 59.06 | 213 | |
| | 59.06 | 214 | |
| | 59.06 | 901A | |
| | 59.06 | 901B | |
| | 59.06 | 901C | |
| | 59.06 | 901D | |
| | 59.06 | 901E | |
| | 59.06 | 901F | |
| | 59.06 | 901G | |
| | 59.06 | 901H | |
| | 59.06 | 901J | |
| | 59.06 | 901K | |
| | 59.06 | 901L | |
| | 59.06 | 902 | |
| | 59.06 | 903A | |
| | 59.06 | 903B | |
| | 59.06 | 903C | |
| | 59.06 | 903D | |
| | 59.06 | 904 | |
| | 59.06 | 905 | |
| | 59.06 | 906 | |
| | 59.06 | 907 | |
| | 59.06 | 908 | |
| | 59.06 | 909 | |
| | 59.06 | 910 | |
| | 59.06 | 911 | |
| | 59.06 | 912A | |
| | 59.06 | 912B | |
| | 59.06 | 913A | |

MCC01099

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle



09/23/93

Proposed Jefferson County Commission Districts

PAGE    71

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 59.06 | 913B | |
| | 59.06 | 914 | |
| | 59.06 | 915 | |
| | 59.06 | 916 | |
| | 59.06 | 917 | |
| | 59.06 | 918A | |
| | 59.06 | 918B | |
| | 59.06 | 919A | |
| | 59.06 | 919B | |
| | 59.06 | 920A | |
| | 59.06 | 920B | |
| | 59.06 | 920C | |
| | 59.06 | 920D | |
| | 59.06 | 920E | |
| | 59.06 | 921A | |
| | 59.06 | 921B | |
| | 59.06 | 922 | |
| | 59.06 | 923 | |
| | 59.06 | 924 | |
| | 59.06 | 925 | |
| | 59.06 | 927 | |
| | 59.06 | 928 | |
| | 59.06 | 940 | |
| | 59.06 | 941 | |
| | 59.06 | 944 | |
| | 59.06 | 945A | |
| | 59.06 | 945B | |
| | 59.06 | 945C | |
| | 59.05 | 950 | |
| | 59.07 | | Complete Tract |
| | 59.08 | | Complete Tract |
| | 108.03 | 101 | |
| | 109.00 | 101 | |
| | 109.00 | 107 | |
| | 109.00 | 108 | |
| | 109.00 | 109 | |
| | 109.00 | 110 | |
| | 109.00 | 115 | |
| | 109.00 | 116 | |
| | 109.00 | 201 | |
| | 109.00 | 202 | |
| | 109.00 | 203 | |
| | 109.00 | 204 | |
| | 109.00 | 208 | |
| | 109.00 | 212 | |
| | 109.00 | 213 | |
| | 109.00 | 214 | |
| | 109.00 | 215 | |
| | 109.00 | 216 | |
| | 109.00 | 217 | |
| | 109.00 | 218 | |
| | 109.00 | 220 | |

MCC01100

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                          PAGE   72

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 109.00 | 311 | |
| | 109.00 | 312 | |
| | 109.00 | 316 | |
| | 109.00 | 317 | |
| | 109.00 | 319 | |
| | 109.00 | 321 | |
| | 109.00 | 322 | |
| | 109.00 | 323 | |
| | 109.00 | 328 | |
| | 109.00 | 333 | |
| | 109.00 | 334 | |
| | 109.00 | 401 | |
| | 109.00 | 402 | |
| | 109.00 | 403 | |
| | 109.00 | 404 | |
| | 109.00 | 405 | |
| | 109.00 | 406 | |
| | 109.00 | 407 | |
| | 109.00 | 427 | |
| | 109.00 | 501 | |
| | 109.00 | 502 | |
| | 109.00 | 503 | |
| | 109.00 | 504 | |
| | 109.00 | 505 | |
| | 109.00 | 506 | |
| | 109.00 | 509 | |
| | 109.00 | 510 | |
| | 109.00 | 511 | |
| | 109.00 | 512 | |
| | 109.00 | 517 | |
| | 109.00 | 518 | |
| | 109.00 | 519 | |
| | 109.00 | 520 | |
| | 109.00 | 521 | |
| | 109.00 | 522 | |
| | 109.00 | 523 | |
| | 109.00 | 524 | |
| | 109.00 | 525 | |
| | 109.00 | 526 | |
| | 109.00 | 527 | |
| | 109.00 | 528 | |
| | 109.00 | 601 | |
| | 109.00 | 602 | |
| | 109.00 | 603 | |
| | 109.00 | 613 | |
| | 109.00 | 614 | |
| | 109.00 | 615 | |
| | 109.00 | 616 | |
| | 109.00 | 619 | |
| | 109.00 | 620 | |
| | 109.00 | 621 | |
| | 109.00 | 622 | |
| | 109.00 | 623 | |
| | 109.00 | 701 | |
| | 109.00 | 702 | |
| | 109.00 | 703 | |
| | 109.00 | 704 | |
| | 109.00 | 705 | |

MCC01101

Perry C. McCorkle

09/23/93                                                      PAGE   73

Proposed Jefferson County Commission Districts

| District: | 1990 Tract # | Block | Description |
|-----------|--------------|-------|-------------|
| 4 | 109.00 | 710 | |
| | 109.00 | 711 | |
| | 109.00 | 901 | |
| | 109.00 | 902 | |
| | 109.00 | 903 | |
| | 109.00 | 904 | |
| | 109.00 | 905 | |
| | 109.00 | 906 | |
| | 109.00 | 907 | |
| | 109.00 | 908 | |
| | 109.00 | 909 | |
| | 109.00 | 910 | |
| | 109.00 | 911 | |
| | 109.00 | 912 | |
| | 109.00 | 913 | |
| | 109.00 | 914 | |
| | 109.00 | 915 | |
| | 109.00 | 916 | |
| | 109.00 | 917 | |
| | 109.00 | 918 | |
| | 109.00 | 919 | |
| | 109.00 | 920 | |
| | 109.00 | 921 | |
| | 109.00 | 922 | |
| | 110.00 | 101 | |
| | 110.00 | 102 | |
| | 110.00 | 103 | |
| | 110.00 | 104 | |
| | 110.00 | 105 | |
| | 110.00 | 106 | |
| | 110.00 | 107 | |
| | 110.00 | 108 | |
| | 110.00 | 109 | |
| | 110.00 | 110 | |
| | 110.00 | 111 | |
| | 110.00 | 112 | |
| | 110.00 | 113 | |
| | 110.00 | 114 | |
| | 110.00 | 115 | |
| | 110.00 | 116 | |
| | 110.00 | 117 | |
| | 110.00 | 118 | |
| | 110.00 | 119 | |
| | 110.00 | 120 | |
| | 110.00 | 121 | |
| | 110.00 | 122 | |
| | 110.00 | 123 | |
| | 110.00 | 124 | |
| | 110.00 | 125 | |
| | 110.00 | 126 | |
| | 110.00 | 127 | |
| | 110.00 | 128 | |
| | 110.00 | 129 | |
| | 110.00 | 130 | |
| | 110.00 | 131 | |
| | 110.00 | 132 | |
| | 110.00 | 133 | |
| | 110.00 | 134 | |

MCC01102

Parry C. McCorkle

09/23/93                                                        PAGE    74

Proposed Jefferson County Commission Districts

| District: | 1990 Tract # | Block | Description |
|-----------|--------------|-------|-------------|
| 4 | 110.00 | 135 | |
| | 110.00 | 136 | |
| | 110.00 | 137 | |
| | 110.00 | 138 | |
| | 110.00 | 139 | |
| | 110.00 | 140 | |
| | 110.00 | 141 | |
| | 110.00 | 142 | |
| | 110.00 | 143 | |
| | 110.00 | 144 | |
| | 110.00 | 145 | |
| | 110.00 | 146 | |
| | 110.00 | 147 | |
| | 110.00 | 148 | |
| | 110.00 | 149 | |
| | 110.00 | 150 | |
| | 110.00 | 151 | |
| | 110.00 | 152 | |
| | 110.00 | 153 | |
| | 110.00 | 154 | |
| | 110.00 | 155 | |
| | 110.00 | 156 | |
| | 110.00 | 157 | |
| | 110.00 | 158 | |
| | 110.00 | 159 | |
| | 110.00 | 160 | |
| | 110.00 | 161 | |
| | 110.00 | 162 | |
| | 110.00 | 163 | |
| | 110.00 | 164 | |
| | 110.00 | 165 | |
| | 110.00 | 166 | |
| | 110.00 | 167 | |
| | 110.00 | 168 | |
| | 110.00 | 169 | |
| | 110.00 | 170 | |
| | 110.00 | 171 | |
| | 110.00 | 172 | |
| | 110.00 | 173 | |
| | 110.00 | 174 | |
| | 110.00 | 175 | |
| | 110.00 | 176 | |
| | 110.00 | 177 | |
| | 110.00 | 178 | |
| | 110.00 | 179 | |
| | 110.00 | 180 | |
| | 110.00 | 181 | |
| | 110.00 | 199 | |
| | 110.00 | 201 | |
| | 110.00 | 202 | |
| | 110.00 | 203 | |
| | 110.00 | 204 | |
| | 110.00 | 205 | |
| | 110.00 | 206 | |
| | 110.00 | 207 | |
| | 110.00 | 208 | |
| | 110.00 | 209 | |
| | 110.00 | 210 | |

MCC01103

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE   75

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 110.00 | 211 | |
| | 110.00 | 212 | |
| | 110.00 | 213 | |
| | 110.00 | 214 | |
| | 110.00 | 215 | |
| | 110.00 | 216 | |
| | 110.00 | 217 | |
| | 110.00 | 218 | |
| | 110.00 | 219 | |
| | 110.00 | 220 | |
| | 110.00 | 221 | |
| | 110.00 | 222 | |
| | 110.00 | 223 | |
| | 110.00 | 224 | |
| | 110.00 | 225 | |
| | 110.00 | 226 | |
| | 110.00 | 227 | |
| | 110.00 | 228 | |
| | 110.00 | 229 | |
| | 110.00 | 230 | |
| | 110.00 | 231 | |
| | 110.00 | 232 | |
| | 110.00 | 233 | |
| | 110.00 | 234 | |
| | 110.00 | 235 | |
| | 110.00 | 236 | |
| | 110.00 | 237 | |
| | 110.00 | 238 | |
| | 110.00 | 239 | |
| | 110.00 | 240 | |
| | 110.00 | 241 | |
| | 110.00 | 242 | |
| | 110.00 | 243 | |
| | 110.00 | 244 | |
| | 110.00 | 245 | |
| | 110.00 | 246 | |
| | 110.00 | 247 | |
| | 110.00 | 248 | |
| | 110.00 | 249 | |
| | 110.00 | 250 | |
| | 110.00 | 251 | |
| | 110.00 | 252 | |
| | 110.00 | 253 | |
| | 110.00 | 254 | |
| | 110.00 | 255 | |
| | 110.00 | 256 | |
| | 110.00 | 257 | |
| | 110.00 | 301 | |
| | 110.00 | 302 | |
| | 110.00 | 304 | |
| | 110.00 | 311 | |
| | 110.00 | 312 | |
| | 110.00 | 313 | |
| | 110.00 | 314 | |
| | 110.00 | 315 | |
| | 110.00 | 316 | |
| | 110.00 | 317 | |
| | 110.00 | 318 | |

MCC01104

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                          PAGE   76

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 110.00 | 319 | |
| | 110.00 | 320 | |
| | 110.00 | 321 | |
| | 110.00 | 322 | |
| | 110.00 | 323 | |
| | 110.00 | 324 | |
| | 110.00 | 325 | |
| | 110.00 | 326 | |
| | 110.00 | 327 | |
| | 110.00 | 328 | |
| | 110.00 | 329 | |
| | 110.00 | 330 | |
| | 110.00 | 331 | |
| | 110.00 | 332 | |
| | 110.00 | 333 | |
| | 110.00 | 334 | |
| | 110.00 | 335 | |
| | 110.00 | 336 | |
| | 110.00 | 337 | |
| | 110.00 | 338 | |
| | 110.00 | 339 | |
| | 110.00 | 340 | |
| | 110.00 | 341 | |
| | 110.00 | 342 | |
| | 110.00 | 343 | |
| | 110.00 | 344 | |
| | 110.00 | 345 | |
| | 110.00 | 351 | |
| | 110.00 | 356 | |
| | 110.00 | 357 | |
| | 110.00 | 401 | |
| | 110.00 | 402 | |
| | 110.00 | 408 | |
| | 110.00 | 412 | |
| | 110.00 | 413 | |
| | 110.00 | 414 | |
| | 110.00 | 416 | |
| | 110.00 | 417 | |
| | 111.03 | | Complete Tract |
| | 111.04 | | Complete Tract |
| | 111.06 | | Complete Tract |
| | 111.07 | | Complete Tract |
| | 111.08 | | Complete Tract |
| | 112.05 | | Complete Tract |
| | 112.06 | | Complete Tract |
| | 112.07 | | Complete Tract |
| | 112.08 | | Complete Tract |
| | 112.09 | | Complete Tract |
| | 112.10 | | Complete Tract |
| | 113.00 | | Complete Tract |
| | 114.00 | | Complete Tract |
| | 115.00 | 101 | |
| | 115.00 | 102 | |
| | 115.00 | 103 | |
| | 115.00 | 104 | |
| | 115.00 | 105 | |
| | 115.00 | 106 | |
| | 115.00 | 107 | |

MCC01105

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

PAGE   77

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 115.00 | 125A | |
| | 115.00 | 125B | |
| | 115.00 | 126 | |
| | 115.00 | 127 | |
| | 115.00 | 128 | |
| | 115.00 | 129 | |
| | 115.00 | 130 | |
| | 115.00 | 131 | |
| | 115.00 | 132 | |
| | 115.00 | 133 | |
| | 115.00 | 134 | |
| | 115.00 | 135 | |
| | 115.00 | 136 | |
| | 115.00 | 201 | |
| | 115.00 | 202 | |
| | 115.00 | 229 | |
| | 115.00 | 230 | |
| | 115.00 | 231 | |
| | 115.00 | 232 | |
| | 115.00 | 242 | |
| | 115.00 | 243 | |
| | 115.00 | 244 | |
| | 115.00 | 245 | |
| | 117.03 | | Complete Tract |
| | 117.04 | 102A | |
| | 117.04 | 102B | |
| | 117.04 | 103 | |
| | 117.04 | 104 | |
| | 117.04 | 107 | |
| | 117.04 | 108 | |
| | 117.04 | 109 | |
| | 117.04 | 110 | |
| | 117.04 | 112A | |
| | 117.04 | 112B | |
| | 117.04 | 112C | |
| | 117.04 | 112D | |
| | 117.04 | 112E | |
| | 117.04 | 112F | |
| | 117.04 | 112G | |
| | 117.04 | 113 | |
| | 117.04 | 114 | |
| | 117.04 | 142A | |
| | 117.04 | 142B | |
| | 117.04 | 142C | |
| | 117.04 | 143 | |
| | 117.04 | 144A | |
| | 117.04 | 144B | |
| | 117.04 | 144C | |
| | 117.04 | 144D | |
| | 117.04 | 144E | |
| | 117.04 | 145A | |
| | 117.04 | 145B | |
| | 117.04 | 145C | |
| | 117.04 | 145D | |
| | 117.04 | 145E | |
| | 117.04 | 146A | |
| | 117.04 | 146B | |
| | 117.04 | 147 | |

MCC01106

Perry C. McCorkle

09/23/93                                          PAGE    78

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 4 | 117.04 | 148 | |
| | 117.04 | 149 | |
| | 117.04 | 150 | |
| | 117.04 | 151 | |
| | 117.04 | 152 | |
| | 117.04 | 153 | |
| | 117.04 | 154 | |
| | 117.04 | 155 | |
| | 117.04 | 158 | |
| | 117.04 | 159A | |
| | 117.04 | 159B | |
| | 117.04 | 160A | |
| | 117.04 | 160B | |
| | 117.05 | | Complete Tract |
| | 117.06 | | Complete Tract |
| | 118.02 | | Complete Tract |
| | 118.03 | 601 | |
| | 118.03 | 602 | |
| | 118.03 | 603 | |
| | 118.03 | 604 | |
| | 118.03 | 605 | |
| | 118.03 | 606A | |
| | 118.03 | 606B | |
| | 118.03 | 606C | |
| | 118.03 | 607A | |
| | 118.03 | 607B | |
| | 118.03 | 608A | |
| | 118.03 | 608B | |
| | 118.03 | 609 | |
| | 118.03 | 610 | |
| | 118.03 | 611 | |
| | 118.03 | 612 | |
| | 118.03 | 613 | |
| | 118.03 | 614A | |
| | 118.03 | 614B | |
| | 118.03 | 615 | |
| | 118.03 | 616 | |
| | 118.03 | 617 | |
| | 118.03 | 618 | |
| | 118.03 | 619 | |
| | 118.03 | 620 | |
| | 118.03 | 621 | |
| | 118.03 | 622 | |
| | 118.03 | 623 | |
| | 118.03 | 624 | |
| | 118.03 | 625 | |
| | 118.03 | 626 | |
| | 118.03 | 627 | |
| | 118.03 | 628 | |
| | 118.03 | 629A | |
| | 118.03 | 629B | |
| | 118.03 | 629C | |
| | 118.03 | 630A | |
| | 118.03 | 630B | |
| | 118.03 | 630C | |
| | 118.03 | 631A | |
| | 118.03 | 631B | |
| | 118.03 | 631C | |

MCC01107

Perry C. McCorkle

09/23/93                                                      PAGE   79

### Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 118.03 | 632 | |
| | 118.03 | 633 | |
| | 118.03 | 634 | |
| | 118.03 | 635 | |
| | 118.03 | 636 | |
| | 118.04 | | Complete Tract |
| | 119.01 | | Complete Tract |
| | 119.02 | 501 | |
| | 119.02 | 502B | |
| | 119.02 | 502C | |
| | 119.02 | 502E | |
| | 119.02 | 503 | |
| | 119.02 | 504 | |
| | 119.02 | 505 | |
| | 119.02 | 506 | |
| | 119.02 | 507 | |
| | 119.02 | 508 | |
| | 119.02 | 509 | |
| | 119.02 | 510 | |
| | 119.02 | 511 | |
| | 119.02 | 512 | |
| | 119.02 | 513 | |
| | 119.02 | 514 | |
| | 119.02 | 818 | |
| | 119.02 | 819B | |
| | 119.02 | 520B | |
| | 119.02 | 521B | |
| | 119.02 | 689 | |
| | 120.02 | 101A | |
| | 120.02 | 101B | |
| | 120.02 | 102A | |
| | 120.02 | 102B | |
| | 120.02 | 103A | |
| | 120.02 | 103B | |
| | 120.02 | 103C | |
| | 120.02 | 103D | |
| | 120.02 | 103E | |
| | 120.02 | 104 | |
| | 120.02 | 105 | |
| | 120.02 | 106 | |
| | 120.02 | 107 | |
| | 120.02 | 108 | |
| | 120.02 | 109 | |
| | 120.02 | 110 | |
| | 120.02 | 111A | |
| | 120.02 | 111B | |
| | 120.02 | 111C | |
| | 120.02 | 111D | |
| | 120.02 | 112 | |
| | 120.02 | 113 | |
| | 120.02 | 114A | |
| | 120.02 | 114B | |
| | 120.02 | 115 | |
| | 120.02 | 116 | |

MCC01108

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE   80

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 4 | 120.02 | 203B | |
| | 120.02 | 203C | |
| | 120.02 | 203D | |
| | 120.02 | 204 | |
| | 120.02 | 209 | |
| | 120.02 | 210 | |
| | 120.02 | 211 | |
| | 120.02 | 212 | |
| | 120.02 | 213 | |
| | 120.02 | 214 | |
| | 120.02 | 215 | |
| | 120.02 | 216 | |
| | 120.02 | 217 | |
| | 120.02 | 218 | |
| | 120.02 | 219 | |
| | 120.02 | 220 | |
| | 120.02 | 221 | |
| | 120.02 | 222 | |
| | 120.02 | 223 | |
| | 120.02 | 225 | |
| | 120.02 | 226 | |
| | 120.02 | 227 | |
| | 120.02 | 228 | |
| | 120.02 | 230 | |
| | 120.02 | 231 | |
| | 120.02 | 232 | |
| | 120.02 | 233 | |
| | 120.02 | 301A | |
| | 120.02 | 301B | |
| | 120.02 | 302 | |
| | 120.02 | 303 | |
| | 120.02 | 304 | |
| | 120.02 | 305 | |
| | 120.02 | 306 | |
| | 120.02 | 307 | |
| | 120.02 | 308 | |
| | 120.02 | 309 | |
| | 120.02 | 310 | |
| | 120.02 | 311 | |
| | 120.02 | 312 | |
| | 120.02 | 313 | |
| | 120.02 | 314 | |
| | 120.02 | 315 | |
| | 120.02 | 316 | |
| | 120.02 | 318 | |
| | 120.02 | 401 | |
| | 120.02 | 402 | |
| | 120.02 | 403 | |
| | 120.02 | 404 | |
| | 120.02 | 405 | |
| | 120.02 | 406 | |
| | 120.02 | 407 | |
| | 120.02 | 408 | |

MCC01109

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 120.02 | 801 | |
| | 120.02 | 802 | |
| | 120.02 | 901 | |
| | 120.02 | 902A | |
| | 120.02 | 902B | |
| | 120.02 | 902C | |
| | 120.02 | 902D | |
| | 120.02 | 903B | |
| | 120.02 | 904E | |
| | 120.02 | 905A | |
| | 120.02 | 905B | |
| | 120.02 | 905C | |
| | 120.02 | 906A | |
| | 120.02 | 906B | |
| | 120.02 | 906C | |
| | 120.02 | 906D | |
| | 120.02 | 907A | |
| | 120.02 | 907B | |
| | 120.02 | 907C | |
| | 120.02 | 908A | |
| | 120.02 | 908C | |
| | 120.02 | 909A | |
| | 120.02 | 909B | |
| | 120.02 | 912 | |
| | 120.02 | 913 | |
| | 120.02 | 932 | |
| | 120.02 | 933 | |
| | 120.02 | 939C | |
| | 120.02 | 940 | |
| | 120.02 | 941 | |
| | 120.02 | 942 | |
| | 120.02 | 943 | |
| | 120.02 | 944 | |
| | 120.02 | 945 | |
| | 120.02 | 946 | |
| | 120.02 | 969 | |
| | 120.02 | 970 | |
| | 120.02 | 971 | |
| | 126.02 | | Complete Tract |
| | 127.01 | 101A | |
| | 127.01 | 101B | |
| | 127.01 | 102A | |
| | 127.01 | 102B | |
| | 127.01 | 102C | |
| | 127.01 | 102D | |
| | 127.01 | 103A | |
| | 127.01 | 103B | |
| | 127.01 | 103C | |
| | 127.01 | 104A | |
| | 127.01 | 104B | |
| | 127.01 | 104C | |
| | 127.01 | 105 | |
| | 127.01 | 106A | |
| | 127.01 | | |

MCC01110

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                          PAGE    82

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 127.01 | 107D | |
| | 127.01 | 107E | |
| | 127.01 | 108A | |
| | 127.01 | 108B | |
| | 127.01 | 109 | |
| | 127.01 | 201A | |
| | 127.01 | 201B | |
| | 127.01 | 201C | |
| | 127.01 | 201D | |
| | 127.01 | 202 | |
| | 127.01 | 203 | |
| | 127.01 | 204A | |
| | 127.01 | 204B | |
| | 127.01 | 205 | |
| | 127.01 | 206 | |
| | 127.01 | 226 | |
| | 127.01 | 227 | |
| | 127.01 | 401A | |
| | 127.01 | 401B | |
| | 127.01 | 402A | |
| | 127.01 | 402B | |
| | 127.01 | 403 | |
| | 127.01 | 404A | |
| | 127.01 | 404B | |
| | 127.01 | 404C | |
| | 127.01 | 404D | |
| | 127.01 | 404E | |
| | 127.01 | 405A | |
| | 127.01 | 405B | |
| | 127.01 | 405C | |
| | 127.01 | 406 | |
| | 127.01 | 407 | |
| | 127.01 | 408A | |
| | 127.01 | 408B | |
| | 127.01 | 409 | |
| | 127.01 | 410 | |
| | 127.01 | 411 | |
| | 127.01 | 412A | |
| | 127.01 | 412B | |
| | 127.01 | 412C | |
| | 127.01 | 413A | |
| | 127.01 | 413B | |
| | 127.01 | 414 | |
| | 127.01 | 415 | |
| | 127.01 | 416A | |
| | 127.01 | 416B | |
| | 127.01 | 416C | |
| | 127.01 | 417A | |
| | 127.01 | 417B | |
| | 127.01 | 417C | |
| | 127.01 | 417D | |
| | 127.01 | 418A | |

MCC01111

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE   83

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 4 | 127.01 | 419D | |
| | 127.01 | 419E | |
| | 127.01 | 419F | |
| | 127.01 | 419G | |
| | 127.01 | 419H | |
| | 127.01 | 420A | |
| | 127.01 | 420B | |
| | 127.01 | 420C | |
| | 127.01 | 420D | |
| | 127.01 | 421A | |
| | 127.01 | 421B | |
| | 127.01 | 421C | |
| | 127.01 | 421D | |
| | 127.01 | 421E | |
| | 127.01 | 421F | |
| | 127.01 | 421G | |
| | 127.01 | 421H | |
| | 127.01 | 421J | |
| | 127.01 | 421K | |
| | 127.01 | 421L | |
| | 127.01 | 422A | |
| | 127.01 | 422C | |
| | 127.01 | 422D | |
| | 127.01 | 423A | |
| | 127.01 | 423D | |
| | 127.01 | 423E | |
| | 127.01 | 423F | |
| | 127.01 | 423G | |
| | 127.01 | 423H | |
| | 127.01 | 424 | |
| | 127.01 | 501A | |
| | 127.01 | 501B | |
| | 127.01 | 501C | |
| | 127.01 | 501D | |
| | 127.01 | 501E | |
| | 127.01 | 501F | |
| | 127.01 | 501G | |
| | 127.01 | 501H | |
| | 127.01 | 501J | |
| | 127.01 | 502A | |
| | 127.01 | 502B | |
| | 127.01 | 502C | |
| | 127.01 | 502D | |
| | 127.01 | 503A | |
| | 127.01 | 503B | |
| | 127.01 | 504A | |
| | 127.01 | 504B | |
| | 127.01 | 505A | |
| | 127.01 | 505B | |
| | 127.01 | 505C | |

MCC01112

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 127.01 | 508B | |
| | 127.01 | 509 | |
| | 127.01 | 510 | |
| | 127.01 | 511A | |
| | 127.01 | 511B | |
| | 127.01 | 511C | |
| | 127.01 | 511D | |
| | 127.01 | 512A | |
| | 127.01 | 512D | |
| | 127.01 | 513A | |
| | 127.01 | 513B | |
| | 127.01 | 514A | |
| | 127.01 | 514B | |
| | 127.01 | 515A | |
| | 127.01 | 515B | |
| | 127.01 | 515D | |
| | 127.01 | 515E | |
| | 127.01 | 516C | |
| | 127.01 | 516D | |
| | 127.01 | 516J | |
| | 127.01 | 516M | |
| | 127.01 | 516N | |
| | 127.01 | 517 | |
| | 127.01 | 599A | |
| | 127.01 | 599C | |
| | 127.01 | 599D | |
| | 127.01 | 599E | |
| | 127.01 | 599F | |
| | 127.01 | 599G | |
| | 127.01 | 599H | |
| | 127.01 | 599K | |
| | 127.01 | 599L | |
| | 127.01 | 599M | |
| | 127.01 | 599N | |
| | 127.01 | 901 | |
| | 127.01 | 902 | |
| | 127.01 | 903 | |
| | 127.01 | 904 | |
| | 127.01 | 905A | |
| | 127.01 | 905B | |
| | 127.01 | 905C | |
| | 127.01 | 905D | |
| | 127.01 | 906A | |
| | 127.01 | 906B | |
| | 127.01 | 906C | |
| | 127.01 | 906D | |
| | 127.01 | 907A | |
| | 127.01 | 907B | |
| | 127.01 | 907C | |
| | 127.01 | 907D | |
| | 127.01 | 907E | |
| | 127.01 | 907F | |
| | 127.01 | 907G | |



MCC01113

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McConkle

09/23/93

PAGE    05

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 4 | 127.01 | 912A | |
| | 127.01 | 912B | |
| | 127.01 | 912C | |
| | 127.01 | 913 | |
| | 127.01 | 914 | |
| | 127.01 | 915 | |
| | 127.01 | 916 | |
| | 127.02 | 101A | |
| | 127.02 | 101B | |
| | 127.02 | 102A | |
| | 127.02 | 102B | |
| | 127.02 | 103A | |
| | 127.02 | 103B | |
| | 127.02 | 107A | |
| | 127.02 | 107B | |
| | 127.02 | 107C | |
| | 127.02 | 108 | |
| | 127.02 | 110 | |
| | 127.02 | 111 | |
| | 127.02 | 112 | |
| | 127.02 | 199E | |
| | 127.02 | 199F | |
| | 127.02 | 199G | |
| | 127.02 | 199P | |
| | 127.02 | 199R | |
| | 127.02 | 199T | |
| 5 | 23.03 | 305 | |
| | 23.03 | 308 | |
| | 23.03 | 311 | |
| | 23.03 | 349 | |
| | 23.03 | 354 | |
| | 23.03 | 357 | |
| | 23.04 | 303 | |
| | 23.04 | 304 | |
| | 47.02 | 504 | |
| | 48.00 | 102 | |
| | 48.00 | 201 | |
| | 48.00 | 202 | |
| | 48.00 | 217 | |
| | 48.00 | 223 | |
| | 48.00 | 224 | |
| | 48.00 | 225 | |
| | 48.00 | 234 | |
| | 48.00 | 301 | |
| | 48.00 | 342 | |
| | 48.00 | 343 | |
| | 48.00 | 344 | |
| | 49.00 | 207 | |
| | 49.00 | 208 | |
| | 49.00 | 209 | |
| | 49.00 | 210 | |
| | 49.00 | 232 | |
| | 49.00 | 236 | |
| | 49.00 | 821 | |
| | 50.00 | 502 | |
| | 50.00 | 503 | |
| | 50.00 | 504 | |

MCC01114

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                    PAGE   86

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block: | Description |
|---|---|---|---|
| 5 | 50.00 | 505A | |
| | 50.00 | 505B | |
| | 50.00 | 506 | |
| | 50.00 | 509 | |
| | 50.00 | 510 | |
| | 50.00 | 513 | |
| | 50.00 | 515 | |
| | 50.00 | 517 | |
| | 51.02 | 901 | |
| | 51.02 | 902 | |
| | 51.02 | 903A | |
| | 51.02 | 903B | |
| | 51.02 | 903C | |
| | 51.02 | 903D | |
| | 51.02 | 903E | |
| | 51.02 | 903F | |
| | 51.02 | 903G | |
| | 51.02 | 903H | |
| | 51.02 | 903J | |
| | 51.02 | 903K | |
| | 51.02 | 903L | |
| | 51.02 | 904 | |
| | 51.02 | 905 | |
| | 51.02 | 906 | |
| | 51.02 | 907A | |
| | 51.02 | 907B | |
| | 51.02 | 907C | |
| | 51.02 | 908A | |
| | 51.02 | 908B | |
| | 51.02 | 908C | |
| | 51.02 | 908D | |
| | 51.02 | 908E | |
| | 51.02 | 908F | |
| | 51.02 | 908G | |
| | 51.02 | 909 | |
| | 51.02 | 910 | |
| | 56.00 | 102 | |
| | 56.00 | 103 | |
| | 56.00 | 104A | |
| | 56.00 | 105 | |
| | 56.00 | 106 | |
| | 56.00 | 107 | |
| | 56.00 | 108A | |
| | 56.00 | 108B | |
| | 56.00 | 108C | |
| | 56.00 | 109 | |
| | 56.00 | 110 | |
| | 56.00 | 111 | |
| | 56.00 | 112 | |
| | 56.00 | 113 | |
| | 56.00 | 114 | |
| | 56.00 | 123A | |
| | 56.00 | 124 | |
| | 56.00 | 125 | |
| | 56.00 | 126 | |
| | 56.00 | 201 | |
| | 56.00 | 202 | |
| | 56.00 | 203 | |

MCC01115

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                                PAGE   87

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 56.00 | 204 | |
| | 56.00 | 205 | |
| | 56.00 | 206 | |
| | 56.00 | 207 | |
| | 56.00 | 208 | |
| | 56.00 | 209 | |
| | 56.00 | 210 | |
| | 56.00 | 211 | |
| | 56.00 | 213 | |
| | 56.00 | 214 | |
| | 56.00 | 215 | |
| | 56.00 | 216 | |
| | 56.00 | 217 | |
| | 56.00 | 218 | |
| | 56.00 | 219 | |
| | 56.00 | 220 | |
| | 56.00 | 221 | |
| | 56.00 | 222 | |
| | 56.00 | 224 | |
| | 56.00 | 225 | |
| | 56.00 | 301 | |
| | 56.00 | 302 | |
| | 56.00 | 303 | |
| | 56.00 | 304 | |
| | 56.00 | 305 | |
| | 56.00 | 306 | |
| | 56.00 | 307 | |
| | 56.00 | 308 | |
| | 56.00 | 309 | |
| | 56.00 | 310 | |
| | 56.00 | 311 | |
| | 56.00 | 312 | |
| | 56.00 | 313 | |
| | 56.00 | 314 | |
| | 56.00 | 315 | |
| | 56.00 | 316 | |
| | 56.00 | 317 | |
| | 56.00 | 318 | |
| | 56.00 | 319 | |
| | 56.00 | 320 | |
| | 56.00 | 321 | |
| | 56.00 | 322 | |
| | 56.00 | 323 | |
| | 56.00 | 324 | |
| | 56.00 | 325 | |
| | 56.00 | 330 | |
| | 56.00 | 401 | |
| | 56.00 | 402 | |
| | 56.00 | 405 | |
| | 56.00 | 407 | |
| | 56.00 | 408 | |
| | 56.00 | 502 | |
| | 56.00 | 503 | |
| | 56.00 | 504 | |
| | 56.00 | 505 | |
| | 56.00 | 506 | |
| | 56.00 | 507 | |
| | 56.00 | 508 | |

MCC01116

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE    88

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 56.00 | 509 | |
| | 56.00 | 510 | |
| | 56.00 | 511 | |
| | 56.00 | 512 | |
| | 56.00 | 513 | |
| | 56.00 | 514 | |
| | 56.00 | 515 | |
| | 56.00 | 516 | |
| | 56.00 | 520 | |
| | 56.00 | 521A | |
| | 56.00 | 521B | |
| | 56.00 | 522 | |
| | 56.00 | 523 | |
| | 58.00 | | Complete Tract |
| | 107.01 | | Complete Tract |
| | 107.02 | | Complete Tract |
| | 107.03 | | Complete Tract |
| | 107.04 | | Complete Tract |
| | 107.05 | | Complete Tract |
| | 107.06 | | Complete Tract |
| | 108.01 | 101 | |
| | 108.01 | 102 | |
| | 108.01 | 105 | |
| | 108.01 | 106 | |
| | 108.01 | 107 | |
| | 108.01 | 108 | |
| | 108.01 | 109 | |
| | 108.01 | 110 | |
| | 108.01 | 111 | |
| | 108.01 | 112 | |
| | 108.01 | 113 | |
| | 108.01 | 114 | |
| | 108.01 | 115 | |
| | 108.01 | 125 | |
| | 108.01 | 126 | |
| | 108.01 | 127 | |
| | 108.01 | 128 | |
| | 108.01 | 129 | |
| | 108.01 | 201 | |
| | 108.01 | 203 | |
| | 108.01 | 204 | |
| | 108.01 | 205 | |
| | 108.01 | 206 | |
| | 108.01 | 207 | |
| | 108.01 | 208 | |
| | 108.01 | 209 | |
| | 108.01 | 210 | |
| | 108.01 | 212 | |
| | 108.01 | 213 | |
| | 108.01 | 214 | |
| | 108.01 | 215 | |
| | 108.01 | 216 | |
| | 108.01 | 217 | |
| | 108.01 | 218 | |
| | 108.01 | 219 | |
| | 108.01 | 220 | |
| | 108.01 | 221 | |
| | 108.01 | 222 | |

MCC01117

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93                                                    PAGE    89

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 5 | 108.01 | 223 | |
| | 108.01 | 224 | |
| | 108.01 | 225 | |
| | 108.01 | 226 | |
| | 108.01 | 227 | |
| | 108.01 | 229 | |
| | 108.01 | 232 | |
| | 108.01 | 234 | |
| | 108.01 | 235 | |
| | 108.01 | 236 | |
| | 108.01 | 238 | |
| | 108.01 | 239 | |
| | 108.01 | 240 | |
| | 108.01 | 299 | |
| | 108.01 | 301 | |
| | 108.01 | 302 | |
| | 108.01 | 303 | |
| | 108.01 | 304 | |
| | 108.01 | 305 | |
| | 108.01 | 306 | |
| | 108.01 | 307 | |
| | 108.01 | 308 | |
| | 108.01 | 309 | |
| | 108.01 | 310 | |
| | 108.01 | 311A | |
| | 108.01 | 311B | |
| | 108.01 | 312 | |
| | 108.01 | 313 | |
| | 108.01 | 314 | |
| | 108.01 | 315 | |
| | 108.01 | 316 | |
| | 108.01 | 317 | |
| | 108.01 | 318 | |
| | 108.01 | 319 | |
| | 108.01 | 320 | |
| | 108.01 | 321 | |
| | 108.01 | 322 | |
| | 108.01 | 329 | |
| | 108.01 | 330 | |
| | 108.01 | 332 | |
| | 108.01 | 333 | |
| | 108.01 | 334 | |
| | 108.01 | 335 | |
| | 108.01 | 336 | |
| | 108.01 | 338 | |
| | 108.01 | 339 | |
| | 108.01 | 341 | |
| | 108.01 | 342 | |
| | 108.01 | 344 | |
| | 108.01 | 345 | |
| | 108.01 | 348 | |
| | 108.01 | 349 | |
| | 108.01 | 350 | |
| | 108.01 | 351 | |
| | 108.01 | 353 | |
| | 108.01 | 354 | |
| | 108.01 | 355 | |
| | 108.02 | | Complete Tract |

MCC01118



Perry C. McCorkle

09/23/93                                                    PAGE   90

### Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 108.03 | 102A | |
| | 108.03 | 102B | |
| | 108.03 | 102C | |
| | 108.03 | 102D | |
| | 108.03 | 102E | |
| | 108.03 | 102F | |
| | 108.03 | 109 | |
| | 108.03 | 111A | |
| | 108.03 | 111B | |
| | 108.03 | 111C | |
| | 108.03 | 115 | |
| | 108.03 | 116 | |
| | 108.03 | 119 | |
| | 108.03 | 120 | |
| | 108.03 | 121 | |
| | 108.03 | 122 | |
| | 108.03 | 125A | |
| | 108.03 | 125B | |
| | 108.03 | 125C | |
| | 108.03 | 126A | |
| | 108.03 | 126B | |
| | 108.03 | 127 | |
| | 108.03 | 128 | |
| | 108.03 | 129A | |
| | 108.03 | 129B | |
| | 108.03 | 130 | |
| | 108.03 | 131A | |
| | 108.03 | 131B | |
| | 108.03 | 132 | |
| | 108.03 | 133A | |
| | 108.03 | 133B | |
| | 108.03 | 133C | |
| | 108.03 | 134A | |
| | 108.03 | 134B | |
| | 108.03 | 135A | |
| | 108.03 | 135B | |
| | 108.03 | 135C | |
| | 108.03 | 138 | |
| | 108.03 | 142 | |
| | 108.03 | 144A | |
| | 108.03 | 144B | |
| | 108.03 | 144C | |
| | 108.03 | 150A | |
| | 108.03 | 150B | |
| | 108.03 | 150C | |
| | 108.03 | 151 | |
| | 108.03 | 152 | |
| | 108.03 | 153 | |
| | 108.03 | 150 | |
| | 108.03 | 501A | |
| | 108.03 | 501B | |
| | 108.03 | 501C | |
| | 108.03 | 501D | |
| | 108.03 | 501E | |
| | 108.03 | 501F | |
| | 108.03 | 501G | |
| | 108.03 | 501H | |
| | 108.03 | 501J | |

MCC01119



Perry

09/23/93    PAGE  91

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|------------|-------|-------------|
| 5 | 108.03 | 501K | |
| | 108.03 | 502 | |
| | 108.03 | 503 | |
| | 108.03 | 504 | |
| | 108.03 | 505 | |
| | 108.03 | 506 | |
| | 108.03 | 507 | |
| | 108.03 | 508 | |
| | 108.03 | 509A | |
| | 108.03 | 509B | |
| | 108.03 | 510 | |
| | 108.03 | 511 | |
| | 108.03 | 512 | |
| | 108.03 | 513 | |
| | 108.03 | 514 | |
| | 108.03 | 516 | |
| | 108.03 | 517 | |
| | 108.03 | 518 | |
| | 108.03 | 524 | |
| | 108.03 | 525 | |
| | 108.03 | 526A | |
| | 108.03 | 526B | |
| | 108.03 | 526C | |
| | 108.03 | 526D | |
| | 108.03 | 526E | |
| | 108.03 | 529A | |
| | 108.03 | 529B | |
| | 108.03 | 529C | |
| | 108.03 | 530 | |
| | 108.03 | 536 | |
| | 108.03 | 537 | |
| | 108.03 | 538 | |
| | 108.03 | 541 | |
| | 108.03 | 542 | |
| | 108.04 | | Complete Tract |
| | 108.05 | | Complete Tract |
| | 110.00 | 303 | |
| | 110.00 | 305 | |
| | 110.00 | 306 | |
| | 110.00 | 307 | |
| | 110.00 | 308 | |
| | 110.00 | 309 | |
| | 110.00 | 310 | |
| | 110.00 | 346 | |
| | 110.00 | 347 | |
| | 110.00 | 348A | |
| | 110.00 | 348B | |
| | 110.00 | 349 | |
| | 110.00 | 350 | |
| | 110.00 | 352 | |
| | 110.00 | 353 | |
| | 110.00 | 354 | |

MCC01120

Perry C. McCorkle

09/23/93                                    PAGE   92

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 110.00 | 409 | |
| | 110.00 | 410 | |
| | 110.00 | 411 | |
| | 110.00 | 415 | |
| | 110.00 | 418 | |
| | 110.00 | 419 | |
| | 110.00 | 420 | |
| | 110.00 | 421 | |
| | 110.00 | 422 | |
| | 110.00 | 423 | |
| | 110.00 | 424 | |
| | 110.00 | 425 | |
| | 110.00 | 426 | |
| | 110.00 | 427 | |
| | 110.00 | 428 | |
| | 110.00 | 429 | |
| | 110.00 | 430 | |
| | 110.00 | 431 | |
| | 110.00 | 432 | |
| | 110.00 | 433 | |
| | 110.00 | 434 | |
| | 110.00 | 435 | |
| | 110.00 | 436 | |
| | 110.00 | 437A | |
| | 110.00 | 437B | |
| | 110.00 | 438 | |
| | 110.00 | 439 | |
| | 110.00 | 440 | |
| | 110.00 | 441 | |
| | 110.00 | 442 | |
| | 110.00 | 443 | |
| | 110.00 | 444 | |
| | 110.00 | 445 | |
| | 110.00 | 446 | |
| | 110.00 | 447 | |
| | 110.00 | 448 | |
| | 110.00 | 449 | |
| | 110.00 | 450 | |
| | 110.00 | 451 | |
| | 110.00 | 452 | |
| | 110.00 | 453 | |
| | 110.00 | 454 | |
| | 110.00 | 455 | |
| | 110.00 | 456 | |
| | 110.00 | 457 | |
| | 110.00 | 458 | |
| | 110.00 | 459 | |
| | 110.00 | 460 | |
| | 110.00 | 461 | |
| | 110.00 | 462 | |
| | 110.00 | 463 | |
| | 110.00 | 464 | |
| | 110.00 | [illegible] | |
| | 110.00 | [illegible] | |
| | 110.00 | [illegible] | |
| | 110.00 | [illegible] | |
| | 110.00 | [illegible] | |
| | 110.00 | [illegible] | |

MCC01121

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 110.00 | 501B | |
| | 110.00 | 501C | |
| | 110.00 | 502A | |
| | 110.00 | 502B | |
| | 110.00 | 503 | |
| | 110.00 | 504A | |
| | 110.00 | 504B | |
| | 127.01 | 301A | |
| | 127.01 | 301B | |
| | 127.01 | 301C | |
| | 127.01 | 302 | |
| | 127.01 | 422B | |
| | 127.01 | 422E | |
| | 127.01 | 423B | |
| | 127.01 | 423C | |
| | 127.01 | 423J | |
| | 127.01 | 423K | |
| | 127.01 | 423L | |
| | 127.01 | 515C | |
| | 127.01 | 516A | |
| | 127.01 | 516B | |
| | 127.01 | 516E | |
| | 127.01 | 516F | |
| | 127.01 | 516G | |
| | 127.01 | 516H | |
| | 127.01 | 516K | |
| | 127.01 | 516L | |
| | 127.01 | 518 | |
| | 127.01 | 519A | |
| | 127.01 | 519B | |
| | 127.01 | 520 | |
| | 127.01 | 521 | |
| | 127.01 | 522 | |
| | 127.01 | 523A | |
| | 127.01 | 523B | |
| | 127.01 | 524 | |
| | 127.01 | 525A | |
| | 127.01 | 525B | |
| | 127.01 | 525C | |
| | 127.01 | 599D | |
| | 127.01 | 599J | |
| | 127.02 | 104A | |
| | 127.02 | 104B | |
| | 127.02 | 105A | |
| | 127.02 | 105B | |
| | 127.02 | 105C | |
| | 127.02 | 105D | |
| | 127.02 | 105E | |
| | 127.02 | 105F | |
| | 127.02 | 106A | |
| | 127.02 | 106B | |
| | 127.02 | 109A | |
| | 127.02 | 109B | |
| | 127.02 | 113A | |
| | 127.02 | 113B | |
| | 127.02 | 113C | |
| | 127.02 | 113D | |
| | 127.02 | 113E | |

MCC01122

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

09/23/93

PAGE   94

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 6 | 127.02 | 113F | |
| | 127.02 | 113G | |
| | 127.02 | 113H | |
| | 127.02 | 113J | |
| | 127.02 | 113K | |
| | 127.02 | 113L | |
| | 127.02 | 114A | |
| | 127.02 | 114B | |
| | 127.02 | 114C | |
| | 127.02 | 114D | |
| | 127.02 | 114E | |
| | 127.02 | 114F | |
| | 127.02 | 114G | |
| | 127.02 | 114H | |
| | 127.02 | 114I | |
| | 127.02 | 114J | |
| | 127.02 | 114K | |
| | 127.02 | 114L | |
| | 127.02 | 114M | |
| | 127.02 | 114N | |
| | 127.02 | 114P | |
| | 127.02 | 114Q | |
| | 127.02 | 114R | |
| | 127.02 | 114S | |
| | 127.02 | 114T | |
| | 127.02 | 114U | |
| | 127.02 | 114V | |
| | 127.02 | 114W | |
| | 127.02 | 114X | |
| | 127.02 | 114Y | |
| | 127.02 | 115 | |
| | 127.02 | 116 | |
| | 127.02 | 117 | |
| | 127.02 | 118 | |
| | 127.02 | 119 | |
| | 127.02 | 120A | |
| | 127.02 | 120B | |
| | 127.02 | 120C | |
| | 127.02 | 120D | |
| | 127.02 | 120E | |
| | 127.02 | 120F | |
| | 127.02 | 120G | |
| | 127.02 | 120H | |
| | 127.02 | 120J | |
| | 127.02 | 120K | |
| | 127.02 | 121 | |
| | 127.02 | 122A | |
| | 127.02 | 122B | |
| | 127.02 | 122C | |
| | 127.02 | 122D | |
| | 127.02 | 122E | |
| | 127.02 | 122F | |
| | 127.02 | 122G | |
| | 127.02 | 123A | |
| | 127.02 | 123B | |
| | 127.02 | 123C | |
| | 127.02 | 123D | |
| | 127.02 | 123E | |

MCC01123

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

09/23/93

PAGE 95

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 127.02 | 124A | |
| | 127.02 | 124B | |
| | 127.02 | 124C | |
| | 127.02 | 124D | |
| | 127.02 | 125A | |
| | 127.02 | 125B | |
| | 127.02 | 125C | |
| | 127.02 | 125D | |
| | 127.02 | 125E | |
| | 127.02 | 125F | |
| | 127.02 | 125G | |
| | 127.02 | 126A | |
| | 127.02 | 126B | |
| | 127.02 | 126C | |
| | 127.02 | 126D | |
| | 127.02 | 126E | |
| | 127.02 | 126F | |
| | 127.02 | 126G | |
| | 127.02 | 127A | |
| | 127.02 | 127B | |
| | 127.02 | 127C | |
| | 127.02 | 128A | |
| | 127.02 | 128B | |
| | 127.02 | 128C | |
| | 127.02 | 129 | |
| | 127.02 | 130 | |
| | 127.02 | 131 | |
| | 127.02 | 132 | |
| | 127.02 | 133 | |
| | 127.02 | 134A | |
| | 127.02 | 134B | |
| | 127.02 | 135A | |
| | 127.02 | 135B | |
| | 127.02 | 136 | |
| | 127.02 | 137A | |
| | 127.02 | 137B | |
| | 127.02 | 137C | |
| | 127.02 | 138 | |
| | 127.02 | 139 | |
| | 127.02 | 140A | |
| | 127.02 | 140B | |
| | 127.02 | 141A | |
| | 127.02 | 141B | |
| | 127.02 | 142A | |
| | 127.02 | 142B | |
| | 127.02 | 442C | |
| | 127.02 | 142D | |
| | 127.02 | 199A | |
| | 127.02 | 199B | |
| | 127.02 | 199C | |
| | 127.02 | 199D | |
| | 127.02 | 199H | |
| | 127.02 | 199J | |
| | 127.02 | 199K | |
| | 127.02 | 199L | |
| | 127.02 | 199M | |
| | 127.02 | 199N | |
| | 127.02 | 201A | |

MCC01124

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCoskle

09/23/93                                                          PAGE   96

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|-----------|-----------|-------|-------------|
| 5. | 127.02 | 201B | |
| | 127.02 | 201C | |
| | 127.02 | 201D | |
| | 127.02 | 201E | |
| | 127.02 | 201F | |
| | 127.02 | 220A | |
| | 127.02 | 220B | |
| | 127.02 | 220C | |
| | 127.02 | 220D | |
| | 127.02 | 299 | |
| | 127.02 | 301A | |
| | 127.02 | 301B | |
| | 127.02 | 301C | |
| | 127.02 | 301D | |
| | 127.02 | 301E | |
| | 127.02 | 301F | |
| | 127.02 | 301G | |
| | 127.02 | 301H | |
| | 127.02 | 301I | |
| | 127.02 | 301J | |
| | 127.02 | 301K | |
| | 127.02 | 301L | |
| | 127.02 | 301M | |
| | 127.02 | 301N | |
| | 127.02 | 301P | |
| | 127.02 | 301Q | |
| | 127.02 | 301R | |
| | 127.02 | 301S | |
| | 127.02 | 301T | |
| | 127.02 | 301U | |
| | 127.02 | 301V | |
| | 127.02 | 301W | |
| | 127.02 | 301X | |
| | 127.02 | 301Y | |
| | 127.02 | 302A | |
| | 127.02 | 302B | |
| | 127.02 | 302C | |
| | 127.02 | 303A | |
| | 127.02 | 303B | |
| | 127.02 | 304A | |
| | 127.02 | 304B | |
| | 127.02 | 304C | |
| | 127.02 | 304D | |
| | 127.02 | 304E | |
| | 127.02 | 305A | |
| | 127.02 | 305B | |
| | 127.02 | 306A | |
| | 127.02 | 306B | |
| | 127.02 | 306C | |
| | 127.02 | 306D | |
| | 127.02 | 306E | |
| | 127.02 | 306F | |
| | 127.02 | 306G | |
| | 127.02 | 306H | |
| | 127.02 | 307A | |
| | 127.02 | 307B | |
| | 127.02 | 307C | |
| | 127.02 | 307D | |

MCC01125

Parry C. McCorkle

09/23/93                                                          PAGE

**Proposed Jefferson County Commission Districts**

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 127.02 | 309A | |
| | 127.02 | 309B | |
| | 127.02 | 310A | |
| | 127.02 | 310B | |
| | 127.02 | 311 | |
| | 127.02 | 312 | |
| | 127.02 | 313A | |
| | 127.02 | 313B | |
| | 127.02 | 313C | |
| | 127.02 | 313D | |
| | 127.02 | 313E | |
| | 127.02 | 314A | |
| | 127.02 | 314B | |
| | 127.02 | 314C | |
| | 127.02 | 315A | |
| | 127.02 | 315B | |
| | 127.02 | 315C | |
| | 127.02 | 316 | |
| | 127.02 | 399 | |
| | 128.01 | | Complete Tract |
| | 129.01 | | Complete Tract |
| | 129.03 | | Complete Tract |
| | 129.05 | | Complete Tract |
| | 129.06 | | Complete Tract |
| | 129.07 | | Complete Tract |
| | 129.08 | | Complete Tract |
| | 129.09 | | Complete Tract |
| | 131.00 | 210 | |
| | 131.00 | 211 | |
| | 131.00 | 262 | |
| | 131.00 | 263 | |
| | 131.00 | 264 | |
| | 131.00 | 265 | |
| | 131.00 | 266 | |
| | 131.00 | 268 | |
| | 131.00 | 269 | |
| | 131.00 | 270 | |
| | 131.00 | 271 | |
| | 131.00 | 272 | |
| | 131.00 | 273 | |
| | 131.00 | 274 | |
| | 131.00 | 275 | |
| | 131.00 | 276 | |
| | 131.00 | 277 | |
| | 131.00 | 306 | |
| | 131.00 | 307 | |
| | 131.00 | 308 | |
| | 131.00 | 309 | |
| | 131.00 | 310 | |
| | 131.00 | 311 | |
| | 131.00 | 312 | |
| | 131.00 | 313 | |
| | 131.00 | 314 | |
| | 131.00 | 315 | |
| | 131.00 | 316 | |
| | 131.00 | 317 | |
| | 131.00 | 318 | |
| | 131.00 | 327 | |

MCC01126

Perry C. McCorkle

09/23/93                                                    PAGE   98

Proposed Jefferson County Commission Districts

| District | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 131.00 | 328 | |
| | 131.00 | 329 | |
| | 131.00 | 330 | |
| | 131.00 | 331 | |
| | 131.00 | 332A | |
| | 131.00 | 332B | |
| | 131.00 | 342 | |
| | 143.02 | 101 | |
| | 143.02 | 102 | |
| | 143.02 | 103A | |
| | 143.02 | 103B | |
| | 143.02 | 103C | |
| | 143.02 | 104A | |
| | 143.02 | 104B | |
| | 143.02 | 104C | |
| | 143.02 | 105A | |
| | 143.02 | 105B | |
| | 143.02 | 106A | |
| | 143.02 | 106B | |
| | 143.02 | 106C | |
| | 143.02 | 107 | |
| | 143.02 | 100E | |
| | 143.02 | 108G | |
| | 143.02 | 108H | |
| | 143.02 | 111A | |
| | 143.02 | 111B | |
| | 143.02 | 112A | |
| | 143.02 | 112C | |
| | 143.02 | 301A | |
| | 143.02 | 301B | |
| | 143.02 | 302 | |
| | 143.02 | 303 | |
| | 143.02 | 304B | |
| | 143.02 | 304C | |
| | 143.02 | 304D | |
| | 143.02 | 304E | |
| | 143.02 | 339 | |
| | 143.02 | 340 | |
| | 143.02 | 341 | |
| | 143.02 | 342 | |
| | 143.02 | 344 | |
| | 143.02 | 901 | |
| | 143.02 | 903 | |
| | 143.02 | 904 | |
| | 143.02 | 905 | |
| | 143.02 | 906 | |
| | 143.02 | 907 | |
| | 143.02 | 908 | |
| | 144.03 | 101D | |
| | 144.03 | 101E | Birmingham Division |
| | 144.03 | 101F | |
| | 144.03 | 101 | Birmingham Division |
| | 144.03 | 101 | |
| | 144.03 | 102 | |
| | 144.03 | 101C | |
| | 144.03 | 101 | |
| | 144.03 | 101A | |
| | 144.03 | 101 | |

MCC01127

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

09/23/93                                                        PAGE    99

Proposed Jefferson County Commission Districts

| District: | 1990 Tract | Block | Description |
|---|---|---|---|
| 5 | 144.03 | 104 | |
| | 144.03 | 201A | |
| | 144.03 | 201B | |
| | 144.03 | 202 | |
| | 144.03 | 203 | |
| | 144.03 | 204 | |
| | 144.03 | 205 | |
| | 144.03 | 206A | |
| | 144.03 | 206B | |
| | 144.03 | 207 | |
| | 144.03 | 208A | |
| | 144.03 | 208B | |
| | 144.03 | 209A | |
| | 144.03 | 209B | |
| | 144.03 | 210A | |
| | 144.03 | 210B | |
| | 144.03 | 211 | |
| | 144.03 | 212 | |
| | 144.03 | 213 | |
| | 144.03 | 214 | |
| | 144.03 | 215 | |
| | 144.03 | 216 | |
| | 144.03 | 217 | |
| | 144.03 | 218 | Birmingham Division |
| | 144.03 | 219 | Birmingham Division |
| | 144.03 | 220A | Birmingham Division |
| | 144.03 | 221 | |
| | 144.03 | 222 | |
| | 144.03 | 223 | |
| | 144.03 | 224A | |
| | 144.03 | 224B | |
| | 144.03 | 224C | |
| | 144.03 | 225 | |
| | 144.03 | 226 | |
| | 144.03 | 227A | |
| | 144.03 | 227B | |
| | 144.03 | 228 | |
| | 144.03 | 229 | Birmingham Division |
| | 144.03 | 230A | Birmingham Division |
| | 144.03 | 230D | Birmingham Division |
| | 144.03 | 403B | |
| | 144.04 | | Complete Tract |
| | 144.05 | | Complete Tract |
| | 144.06 | | Complete Tract |
| | 144.07 | | Complete Tract |

MCC01128

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle



STATE OF ALABAMA)
JEFFERSON COUNTY)

I, Virginia Davidson, Minute Clerk, Jefferson County Commission hereby certify that the above and foregoing is a true and correct transcript of a resolution duly adopted by the Jefferson County Commission on the 19th day of October, 1993 recorded in Minute Book 104 at page(s) 34-106 of the official Minutes and records of said County Commission.

GIVEN, under my hand and seal of Jefferson County, Alabama, this the 26th day of October, 1993.

Minute Clerk

MCC01129

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

## Jefferson County Commission
## Single Member Districts
## Established 1986

**Population Statistics**

| | |
|---|---|
| Total Population for Jefferson County, 1990: | 651,525 |
| Ideal District Population, 1990: | 130,305 |
| Overall Deviation using 1990 Population: | -15.52% to +13.32% |

### Existing Commission District #1
#### Incumbent: Jeff Germany (Black)

| 1980 Total Population | White Population | Black Population |
|---|---|---|
| 136,172 | 46,134 | 89,352 |
| | 33.88% | 65.62% |
| **1990 Total Population** | **White Population** | **Black Population** |
| 110,084 | 30,188 | 79,896 |
| Deviation - 15.52% | 27.42% | 72.58% |

### Existing Commission District #2
#### Incumbent: Chris McNair (Black)

| 1980 Total Population | White Population | Black Population |
|---|---|---|
| 134,678 | 44,266 | 89,980 |
| | 32.87% | 66.81% |
| **1990 Total Population** | **White Population** | **Black Population** |
| 122,225 | 25,179 | 97,046 |
| Deviation - 6.2% | 20.60% | 80.40% |

### Existing Commission District #3
#### Incumbent: Mary Buckelew (White)

| 1980 Total Population | White Population | Black Population |
|---|---|---|
| 132,677 | 102,936 | 29,419 |
| | 77.58% | 22.17% |
| **1990 Total Population** | **White Population** | **Black Population** |
| 131,771 | 101,614 | 30,157 |
| Deviation + 1.13% | 77.11% | 22.89% |

### Existing Commission District #4
#### Incumbent: Jim Gunter (White)

| 1980 Total Population | White Population | Black Population |
|---|---|---|
| 136,827 | 129,452 | 6,813 |
| | 94.61% | 4.98% |
| **1990 Total Population** | **White Population** | **Black Population** |
| 147,664 | 136,620 | 11,044 |
| Deviation + 13.32% | 92.52% | 7.48% |

### Existing Commission District #5
#### Incumbent: Gary White (White)

| 1980 Total Population | White Population | Black Population |
|---|---|---|
| 130,843 | 121,511 | 8,195 |
| | 92.87% | 6.26% |
| **1990 Total Population** | **White Population** | **Black Population** |
| 139,781 | 124,716 | 15,065 |
| Deviation + 7.27% | 89.22% | 10.78% |

MCC01130

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle



### Jefferson County Commission
### Single Member Districts
### Revised October 19, 1993
### Effective 1994

**Population Statistics**

#### Proposed Commission District #1
#### Incumbent: Jeff Germany

| Total Population | White Population | Black Population | Other Population |
|---|---|---|---|
| 126,847 | 33,114 | 92,921 | 812 |
| | 26.1% | 73.25% | 0.65% |

#### Proposed Commission District #2
#### Incumbent: Chris McNair

| Total Population | White Population | Black Population | Other Population |
|---|---|---|---|
| 132,635 | 39,704 | 91,423 | 1,508 |
| | 29.93% | 68.93% | 1.14% |

#### Proposed Commission District #3
#### Incumbent: Mary Buckelew

| Total Population | White Population | Black Population | Other Population |
|---|---|---|---|
| 130,166 | 101,849 | 27,619 | 698 |
| | 78.25% | 21.22% | 0.53% |

#### Proposed Commission District #4
#### Incumbent: Jim Gunter

| Total Population | White Population | Black Population | Other Population |
|---|---|---|---|
| 132,792 | 123,646 | 8,040 | 1,106 |
| | 93.11% | 6.05% | 0.84% |

#### Proposed Commission District #5
#### Incumbent: Gary White

| Total Population | White Population | Black Population | Other Population |
|---|---|---|---|
| 129,055 | 115,144 | 8,108 | 2,783 |
| | 91.29% | 6.34% | 2.16% |

MCC01131



Perry C. McCorkle

## Jefferson County Commission
### Single Member Districts
### Revised October 19, 1993
### Effective 1994

**Boundary Description for Jefferson County Commission District #1**

Beginning at the Northwest corner of the district and traversing the boundary in a clockwise direction. Beginning at the intersection of Carson Rd and 16th Terrace Cir, thence continue along 16th Terrace Cir approximately 0.03 miles to the intersection of 16th Ter NW, thence continue along 16th Ter NW approximately 0.24 miles to the intersection of 6th St NW, thence continue along 6th St NW approximately 0.28 miles to the intersection of 16th Ave NW, thence continue along 16th Ave NW approximately 0.88 miles to the intersection of Huffman Rd, thence continue along Huffman Rd approximately 0.04 miles to the intersection of Centerpoint Rd, thence continue along Centerpoint Rd approximately 1.04 miles to the intersection of Parkway E, thence continue along Parkway E approximately 2.31 miles to the intersection of Roebuck Blvd, thence continue along Roebuck Blvd approximately 0.48 miles to the intersection of Parkway E, thence continue along Parkway E approximately 0.39 miles to the intersection of Red Oak Rd, thence continue along Red Oak Rd approximately 0.32 miles to the intersection of 4th Ave S, thence continue along 4th Ave S approximately 0.04 miles to the intersection of 87th St S, thence continue along 87th St S approximately 0.16 miles to the intersection of Exeter Dr, thence continue along Exeter Dr approximately 0.07 miles· to the intersection of 86th St S, thence continue along 86th St S approximately 0.28 miles to the intersection of 8th Ave S, thence continue along 8th Ave S approximately 0.19 miles to the intersection of 85th St S, thence continue along 85th St S approximately 0.19 miles to the intersection of 10th Ave S, thence continue along 10th Ave S approximately 0.04 miles to the intersection of Valley Hill Dr, thence continue along Valley Hill Dr approximately 0.26 miles to the intersection of Ext of 83rd Pl S, thence continue along Ext of 83rd Pl S approximately 0.02 miles to the intersection of 83rd Pl S, thence continue along 83rd Pl S approximately 0.02 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.40 miles to the intersection of Abandon L & N Railroad, thence continue along Abandon L & N Railroad approximately 1.18 miles to the intersection of 1990 Irondale Corp.limit, thence continue along 1990 Irondale Corp.Limit approximately 0.71 miles to the intersection of 1990 Bham./Irond.Corp.Limit, thence continue along 1990 Bham./Irond.Corp.Limit approximately 0.61 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.18 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 1.31 miles to the intersection of 62nd St S, thence continue along 62nd St S approximately 0.32 miles to the intersection of Ext of 62nd St, thence continue along Ext of 62nd St approximately 0.01 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.64 miles to the intersection of 5th Ave S, thence continue along 5th Ave S approximately 1.01 miles to the intersection of 46th St S, thence continue along 46th St S approximately 0.16 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.08 miles to the intersection of 45th St S, thence continue along 45th St S approximately 0.03 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.16 miles to the intersection of 44th St S, thence continue along 44th St S approximately 0.02 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.17 miles to the intersection of 42nd St S, thence continue along 42nd St S approximately 0.14 miles to the intersection of Woodvale Rd, thence continue along Woodvale Rd approximately 0.14 miles to the intersection of 8th Ave S, thence continue along 8th Ave S approximately 0.11 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.11 miles to the intersection of 39th St S, thence continue along 39th St S approximately 0.21 miles to the intersection of Clairmont Ave, thence continue along Clairmont Ave approximately 0.42 miles to the intersection of 33rd St S, thence continue along 33rd St S approximately 0.55 miles to the intersection of 2nd Ave S, thence continue along 2nd Ave S approximately 0.09 miles to the intersection of 32nd St S, thence continue along 32nd St S approximately 0.07 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.19 miles to the intersection of 30th St S,

MCC01132



Perry C. McCorkle

thence continue along 30th St S approximately 0.45 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.36 miles to the intersection of Red Mountain Exwy, thence continue along Red Mountain Exwy approximately 0.31 miles to the intersection of 10th Ct S, thence continue along 10th Ct S approximately 0.17 miles to the intersection of 23rd St S, thence continue along 23rd St S approximately 0.12 miles to the intersection of Magnolia Ave, thence continue along Magnolia Ave approximately 0.10 miles to the intersection of 22nd St S, thence continue along 22nd St S approximately 0.31 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.18 miles to the intersection of 20th St S, thence continue along 20th St S approximately 0.25 miles to the intersection of 4th Ave S, thence continue along 4th Ave S approximately 0.54 miles to the intersection of 14th St S, thence continue along 14th St S approximately 0.34 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.40 miles to the intersection of I 65, thence continue along I 65 approximately 0.55 miles to the intersection of I 65 S, thence continue along I 65 S approximately 0.10 miles to the intersection of 8th Ave N, thence continue along 8th Ave N approximately 0.73 miles to the intersection of 8th Ave W, thence continue along 8th Ave W approximately 0.79 miles to the intersection of 8th St W, thence continue along 8th St W approximately 0.44 miles to the intersection of 3rd Ave W, thence continue along 3rd Ave W approximately 0.96 miles to the intersection of Bessemer Rd, thence continue along Bessemer Rd approximately 0.82 miles to the intersection of Avenue W, thence continue along Avenue W approximately 0.06 miles to the intersection of Ensley Ave, thence continue along Ensley Ave approximately 0.83 miles to the intersection of I 20 59, thence continue along I 20 59 approximately 0.42 miles to the intersection of 25th St, thence continue along 25th St approximately 0.33 miles to the intersection of Avenue I, thence continue along Avenue I approximately 0.41 miles to the intersection of 19th St, thence continue along 19th St approximately 0.52 miles to the intersection of Avenue B, thence continue along Avenue B approximately 0.07 miles to the intersection of Birmingport Rd, thence continue along Birmingport Rd approximately 0.05 miles to the intersection of Birmingport Rd, thence continue along Birmingport Rd approximately 0.15 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.87 miles to the intersection of Village Creek, thence continue along Village Creek approximately 0.61 miles to the intersection of 1990 Bham corp.limit, thence continue along 1990 Bham.corp.limit approximately 0.59 miles to the intersection of Burlington Northern Railroad, thence continue along Burlington Northern Railroad approximately 0.46 miles to the intersection of Black Creek, thence continue along Black Creek approximately 1.06 miles to the intersection of 1990 Bham.corp.limit, thence continue along 1990 Bham corp.limit approximately 1.02 miles to the intersection of Forestdale Blvd, thence continue along Forestdale Blvd approximately 0.24 miles to the intersection of 1990 Bham.corp.limit, thence continue along 1990 Bham corp.limit approximately 0.23 miles to the intersection of Forestdale Blvd, thence continue along Forestdale Blvd approximately 0.50 miles to the intersection of Tomahawk Rd, thence continue along Tomahawk Rd approximately 0.32 miles to the intersection of Pueblo Rd, thence continue along Pueblo Rd approximately 0.14 miles to the intersection of Mohican Dr, thence continue along Mohican Dr approximately 0.39 miles to the intersection of Forestwood Rd, thence continue along Forestwood Rd approximately 0.15 miles to the intersection of Hendrix Dr, thence continue along Hendrix Dr approximately 0.18 miles to the intersection of Heflin Ave E, thence continue along Heflin Ave E approximately 0.49 miles to the intersection of Cherry Ave, thence continue along Cherry Ave approximately 1.45 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 1.72 miles to the intersection of Coalburg Rd, thence continue along Coalburg Rd approximately 3.17 miles to the intersection of Brookside Coalburg Rd, thence continue along Brookside Coalburg Rd approximately 0.17 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 2.04 miles to the intersection of 1990 Fultondale Corp.limit, thence continue along 1990 Fultondale Corp limit approximately 2.33 miles to the intersection of Lavan Rd, thence continue along Lavan Rd approximately 0.04 miles to the intersection of Kathy Ln, thence continue along Kathy Ln approximately 0.21 miles to the intersection of Briscoe St, thence continue along Briscoe St approximately 0.26 miles to the intersection of 1990 Fultondale Corp limit, thence continue along 1990 Fultondale Corp limit approximately 1.40 miles to the intersection of Five Mile Creek, thence continue along Five Mile Creek approximately 3.09 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.34 miles to the

MCC01133

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

intersection of Thomason Ave, thence continue along Thomason Ave approximately 0.10 miles to the intersection of Short St, thence continue along Short St approximately 0.03 miles to the intersection of Thomason Ave, thence continue along Thomason Ave approximately 0.09 miles to the intersection of Pinson Valley Pky, thence continue along Pinson Valley Pky approximately 0.43 miles to the intersection of Park Ave, thence continue along Park Ave approximately 0.35 miles to the intersection of Jefferson Blvd, thence continue along Jefferson Blvd approximately 0.12 miles to the intersection of 1990 Bham/Tarrant Corp.Limit, thence continue along 1990 Bham/Tarrant Corp.Limit approximately 0.36 miles to the intersection of Westley St, thence continue along Westley St approximately 0.12 miles to the intersection of 1990 Bham/Tarrant Corp.Limit, thence continue along 1990 Bham/Tarrant Corp.Limit approximately 1.74 miles to the intersection of Prince Albert Dr, thence continue along Prince Albert Dr approximately 0.18 miles to the intersection of 57th Ave, thence continue along 57th Ave approximately 0.08 miles to the intersection of 1990 Bham/Tarrant Corp.Limit, thence continue along 1990 Bham/Tarrant Corp.Limit approximately 1.99 miles to the intersection of 1990 Bham.corp limit, thence continue along 1990 Bham.corp.limit approximately 0.12 miles to the intersection of Five Mile Creek, thence continue along Five Mile Creek approximately 0.62 miles to the intersection of Tarrant Spring Branch, thence continue along Tarrant Spring Branch approximately 1.25 miles to the intersection of Valley Crest Dr, thence continue along Valley Crest Dr approximately 0.56 miles to the intersection of Killough Springs Rd, thence continue along Killough Springs Rd approximately 0.14 miles to the intersection of Rose Lynn Ln, thence continue along Rose Lynn Ln approximately 0.21 miles to the intersection of Lynn Acres Dr, thence continue along Lynn Acres Dr approximately 0.07 miles to the intersection of Ext. Of Lynn Acres Rd, thence continue along Ext. Of Lynn Acres Rd approximately 0.08 miles to the intersection of Carson Rd, thence continue along Carson Rd approximately 0.81 miles to the point of beginning.

MCC01134

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Party C. McCorkle



**Jefferson County Commission**
**Single Member Districts**
**Revised October 19, 1993**
**Effective 1994**

### Boundary Description for Jefferson County Commission District #2

Beginning at the Northwest corner of the district and traversing the boundary in a clockwise direction. Beginning at the intersection of Csx Transp. Railroad and Ext of 62nd St, thence continue along Ext of 62nd St approximately 0.01 miles to the intersection of 62nd St S, thence continue along 62nd St S approximately 0.32 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 1.31 miles to the intersection of Oporto Madrid Blvd, thence continue along Oporto Madrid Blvd approximately 1.04 miles to the intersection of Montclair Rd, thence continue along Montclair Rd approximately 0.77 miles to the intersection of Cresthill Rd, thence continue along Cresthill Rd approximately 0.08 miles to the intersection of Montclair Rd, thence continue along Montclair Rd approximately 2.35 miles to the intersection of 1990 Mtn.Brk./Bham.Corp.Limit, thence continue along 1990 Mtn Brk./Bham.Corp.Limit approximately 0.31 miles to the intersection of Oxford Rd, thence continue along Oxford Rd approximately 0.04 miles to the intersection of Carlisle Rd, thence continue along Carlisle Rd approximately 0.39 miles to the intersection of Cahaba Rd S, thence continue along Cahaba Rd S approximately 0.14 miles to the intersection of 28th St S, thence continue along 28th St S approximately 0.09 miles to the intersection of Arlington Ave S, thence continue along Arlington Ave S approximately 0.40 miles to the intersection of 21st Way S, thence continue along 21st Way S approximately 0.17 miles to the intersection of Woodcrest Rd S, thence continue along Woodcrest Rd S approximately 0.12 miles to the intersection of 17th Ave S, thence continue along 17th Ave S approximately 0.17 miles to the intersection of 21st St S, thence continue along 21st St S approximately 0.33 miles to the intersection of L And N Railroad, thence continue along L And N Railroad approximately 0.80 miles to the intersection of Automated Ext., thence continue along Automated Ext. approximately 0.04 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.09 miles to the intersection of 11th Pl S, thence continue along 11th Pl S approximately 0.02 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.23 miles to the intersection of 19th Ter S, thence continue along 19th Ter S approximately 0.15 miles to the intersection of 20th Ave S, thence continue along 20th Ave S approximately 0.21 miles to the intersection of 4th Pl S, thence continue along 4th Pl S approximately 0.09 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.71 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.93 miles to the intersection of Montevallo Rd SW, thence continue along Montevallo Rd SW approximately 0.61 miles to the intersection of Spaulding Ishkooda Rd, thence continue along Spaulding Ishkooda Rd approximately 1.35 miles to the intersection of Ishkooda Wenonah Rd SW, thence continue along Ishkooda Wenonah Rd SW approximately 0.91 miles to the intersection of Old Wenonah Rd SW, thence continue along Old Wenonah Rd SW approximately 0.25 miles to the intersection of Ishkooda Wenonah Rd SW, thence continue along Ishkooda Wenonah Rd SW approximately 0.75 miles to the intersection of 33rd St SW, thence continue along 33rd St SW approximately 0.19 miles to the intersection of Carver Ave SW, thence continue along Carver Ave SW approximately 0.51 miles to the intersection of Spaulding St, thence continue along Spaulding St approximately 0.02 miles to the intersection of Carver Ave, thence continue along Carver Ave approximately 0.25 miles to the intersection of 45th St SW, thence continue along 45th St SW approximately 0.35 miles to the intersection of Airview St, thence continue along Airview St approximately 0.10 miles to the intersection of New Hill Pl, thence continue along New Hill Pl approximately 0.02 miles to the intersection of New Hill Ave, thence continue along New Hill Ave approximately 0.22 miles to the intersection of Ishkooda Wenonah Rd, thence continue along Ishkooda Wenonah Rd approximately 0.11 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 1.19 miles to the intersection of 1990 Bham./Lipse.Corp Limit, thence continue along 1990 Bham./Lipse.Corp.Limit approximately 0.37 miles to the intersection of USX Railroad, thence

MCC01135



Perry C. McCorkle

continue along USX Railroad approximately 0.15 miles to the intersection of Overhill Dr, thence continue along Overhill Dr approximately 0.21 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.23 miles to the intersection of 1990 Bham./Bess.Corp.Limit, thence continue along 1990 Bham./Bess.Corp.Limit approximately 0.33 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.17 miles to the intersection of 1990 Bham.Corp.Limit, thence continue along 1990 Bham.Corp.Limit approximately 0.67 miles to the intersection of 1990 Bessemer Corp.Limit, thence continue along 1990 Bessemer Corp.Limit approximately 0.32 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.11 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.11 miles to the intersection of Seaboard Railroad System, thence continue along Seaboard Railroad System approximately 0.52 miles to the intersection of 13th St, thence continue along 13th St approximately 0.05 miles to the intersection of Avenue I, thence continue along Avenue I approximately 0.05 miles to the intersection of 14th St S, thence continue along 14th St S approximately 0.79 miles to the intersection of Alabama Ave, thence continue along Alabama Ave approximately 0.63 miles to the intersection of 21st St N, thence continue along 21st St N approximately 0.15 miles to the intersection of Birmingham Southern Railroad, thence continue along Birmingham Southern Railroad approximately 1.06 miles to the intersection of Norfolk Southern Railroad, thence continue along Norfolk Southern Railroad approximately 0.71 miles to the intersection of Valley Creek, thence continue along Valley Creek approximately 0.03 miles to the intersection of Norfolk Southern Railroad, thence continue along Norfolk Southern Railroad approximately 1.55 miles to the intersection of Mead Corp. Railroad, thence continue along Mead Corp. Railroad approximately 1.28 miles to the intersection of Woodward St, thence continue along Woodward St approximately 0.09 miles to the intersection of Huntsville Ave, thence continue along Huntsville Ave approximately 0.23 miles to the intersection of McClain St, thence continue along McClain St approximately 1.05 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp.Limit approximately 0.52 miles to the intersection of 12th Ave, thence continue along 12th Ave approximately 0.03 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp.Limit approximately 0.08 miles to the intersection of 12th Ave, thence continue along 12th Ave approximately 0.02 miles to the intersection of Jaybird Rd, thence continue along Jaybird Rd approximately 0.04 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp.Limit approximately 0.18 miles to the intersection of I 20/59, thence continue along I 20/59 approximately 0.33 miles to the intersection of 15th St, thence continue along 15th St approximately 0.12 miles to the intersection of Valley Rd, thence continue along Valley Rd approximately 0.21 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp.Limit approximately 0.20 miles to the intersection of 2nd Ave, thence continue along 2nd Ave approximately 0.31 miles to the intersection of Fairfield Blvd, thence continue along Fairfield Blvd approximately 0.14 miles to the intersection of I 20/59, thence continue along I 20/59 approximately 0.04 miles to the intersection of 1990 Midf./Fairf. Corp.Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.20 miles to the intersection of Overlook Dr approximately 0.02 miles to the intersection of 1990 Midf./Fairf. Corp Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.10 miles to the intersection of Overlook Dr, thence continue along Overlook Dr approximately 0.01 miles to the intersection of 1990 Midf./Fairf. Corp.Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.31 miles to the intersection of Highland Dr, thence continue along Highland Dr approximately 0.03 miles to the intersection of Westfield Dr, thence continue along Westfield Dr approximately 0.12 miles to the intersection of Swann Dr, thence continue along Swann Dr approximately 0.06 miles to the intersection of Oakland Dr, thence continue along Oakland Dr approximately 0.06 miles to the intersection of 1990 Midf./Fairf. Corp Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.17 miles to the intersection of Elizabeth Dr, thence continue along Elizabeth Dr approximately 0.02 miles to the intersection of 5th Ave, thence continue along 5th Ave approximately 0.12 miles to the intersection of Rutledge Dr, thence continue along Rutledge Dr approximately 0.08 miles to the intersection of 1990 Midf./Fairf. Corp Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.18 miles to the intersection of Rutledge Dr, thence continue along Rutledge Dr approximately 0.34 miles to the intersection of 1990 Midf./Fairf. Corp.Limit, thence continue along 1990 Midf./Fairf. Corp Limit approximately 0.63 miles to the intersection of East Way, thence continue along East Way approximately 0.07 miles to the intersection of 1990 Midf./Fairf

MCC01136

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3



Perry C. McCorkle

Corp.Limit, thence continue along 1990 Midf/Fairf. Corp.Limit approximately 0.42 miles to the intersection of Woodward Rd, thence continue along Woodward Rd approximately 0.20 miles to the intersection of Martin Luther King Dr, thence continue along Martin Luther King Dr approximately 0.65 miles to the intersection of 1990 Midf./Fairf. Corp.Limit, thence continue along 1990 Midf./Fairf. Corp.Limit approximately 0.33 miles to the intersection of Belcher Dr, thence continue along Belcher Dr approximately 0.02 miles to the intersection of Belwood Cir, thence continue along Belwood Cir approximately 0.13 miles to the intersection of 1990 Midf/Fairf. Corp.Limit, thence continue along 1990 Midf./Fairf. Corp.lit approximately 0.27 miles to the intersection of Bessemer Rd, thence continue along Bessemer Rd approximately 0.15 miles to the intersection of 1990 Midf/Fairf. Corp.Limit, thence continue along 1990 Midf/Fairf. Corp.Limit approximately 0.09 miles to the intersection of Beacon Dr, thence continue along Beacon Dr approximately 0.06 miles to the intersection of 1990 Midf/Fairf. Corp.Limit, thence continue along 1990 Midf/Fairf. Corp.Limit approximately 0.13 miles to the intersection of 1990 Fairf./Bham. Corp.Limit, thence continue along 1990 Fairf./Bham. Corp.Limit approximately 0.41 miles to the intersection of Martin Luther King Dr, thence continue along Martin Luther King Dr approximately 1.05 miles to the intersection of Aaron Aronov Rd, thence continue along Aaron Aronov Rd approximately 1.01 miles to the intersection of Valley Rd, thence continue along Valley Rd approximately 0.24 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.30 miles to the intersection of Fairfield Plant Rd, thence continue along Fairfield Plant Rd approximately 0.09 miles to the intersection of CSX Transp. Railroad, thence continue along CSX Transp. Railroad approximately 0.04 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 1.87 miles to the intersection of 1990 Bham.Corp.Limit, thence continue along 1990 Bham.Corp.Limit approximately 0.05 miles to the intersection of Ensley Pleasant Grove Rd, thence continue along Ensley Pleasant Grove Rd approximately 0.05 miles to the intersection of Crawford St, thence continue along Crawford St approximately 0.09 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.63 miles to the intersection of 36th St, thence continue along 36th St approximately 0.02 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 1.11 miles to the intersection of Birmingport Rd, thence continue along Birmingport Rd approximately 0.05 miles to the intersection of Avenue B, thence continue along Avenue B approximately 0.07 miles to the intersection of 19th St, thence continue along 19th St approximately 0.52 miles to the intersection of Avenue I, thence continue along Avenue I approximately 0.41 miles to the intersection of 25th St, thence continue along 25th St approximately 0.33 miles to the intersection of I 20/59, thence continue along I 20/59 approximately 0.42 miles to the intersection of Ensley Ave, thence continue along Ensley Ave approximately 0.83 miles to the intersection of Avenue W, thence continue along Avenue W approximately 0.06 miles to the intersection of Bessemer Rd, thence continue along Bessemer Rd approximately 0.82 miles to the intersection of 3rd Ave W, thence continue along 3rd Ave W approximately 0.96 miles to the intersection of 8th St W, thence continue along 8th St W approximately 0.44 miles to the intersection of 8th Ave W, thence continue along 8th Ave W approximately 0.79 miles to the intersection of 8th Ave N, thence continue along 8th Ave N approximately 0.75 miles to the intersection of I 65, thence continue along I 65 approximately 0.10 miles to the intersection of I 65, thence continue along I 65 approximately 0.55 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.40 miles to the intersection of 14th St S, thence continue along 14th St S approximately 0.34 miles to the intersection of 4th Ave S, thence continue along 4th Ave S approximately 0.54 miles to the intersection of 20th St S, thence continue along 20th St S approximately 0.25 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.18 miles to the intersection of 22nd St S, thence continue along 22nd St S approximately 0.31 miles to the intersection of Magnolia Ave, thence continue along Magnolia Ave approximately 0.10 miles to the intersection of 23rd St S, thence continue along 23rd St S approximately 0.12 miles to the intersection of 10th Ct S, thence continue along 10th Ct S approximately 0.17 miles to the intersection of Red Mountain Hwy, thence continue along Red Mountain Hwy approximately 0.31 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.16 miles to the intersection of 30th St S, thence continue along 30th St S approximately 0.45 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.19 miles to the intersection of 32nd St S, thence continue along 32nd St S approximately 0.07 miles to the intersection of 2nd Ave S, thence continue along 2nd Ave S approximately 0.09 miles to the intersection

MCC01137



rerry C. McCorkle

of 33rd St S, thence continue along 33rd St S approximately 0.55 miles to the intersection of Clairmont Ave, thence continue along Clairmont Ave approximately 0.42 miles to the intersection of 39th St S, thence continue along 39th St S approximately 0.21 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.11 miles to the intersection of 8th Ave S, thence continue along 8th Ave S approximately 0.11 miles to the intersection of Woodvale Rd, thence continue along Woodvale Rd approximately 0.14 miles to the intersection of 42nd St S, thence continue along 42nd St S approximately 0.14 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.17 miles to the intersection of 44th St S, thence continue along 44th St S approximately 0.02 miles to the intersection of 7th Ave S, thence continue along 7th Ave S approximately 0.18 miles to the intersection of 45th St S, thence continue along 45th St S approximately 0.03 miles to the intersection of 46th St S, thence continue along 7th Ave S, thence continue along 7th Ave S approximately 0.08 miles to the intersection of 46th St S, thence continue along 46th St S approximately 0.16 miles to the intersection of 5th Ave S, thence continue along 5th Ave S approximately 1.01 miles to the intersection of C&x Transp. Railroad, thence continue along C. Transp. Railroad approximately 0.64 miles to the point of beginning.

MCG01136

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle



## Jefferson County Commission
### Single Member Districts
### Revised October 19, 1993
### Effective 1994

### Boundary Description for Jefferson County Commission District #3

Beginning at the Northwest corner of the district and traversing the boundary in a clockwise direction. Beginning at the intersection of Jefferson County Line and Campbell Creek, thence continue along Campbell Creek approximately 0.43 miles to the intersection of Bagley Rd, thence continue along Bagley Rd approximately 0.29 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 0.53 miles to the intersection of Tanner Rd, thence continue along Tanner Rd approximately 0.11 miles to the intersection of Campbell Creek, thence continue along Campbell Creek approximately 0.43 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 2.40 miles to the intersection of Locust Fork, thence continue along Locust Fork approximately 16.68 miles to the intersection of I 65, thence continue along I 65 approximately 6.95 miles to the intersection of Mount Olive Rd, thence continue along Mount Olive Rd approximately 2.68 miles to the intersection of Newfound Rd, thence continue along Newfound Rd approximately 3.01 miles to the intersection of Fieldstown Rd, thence continue along Fieldstown Rd approximately 0.75 miles to the intersection of Fieldstown Rd, thence continue along Fieldstown Rd approximately 0.01 miles to the intersection of Coalburg Rd, thence continue along Coalburg Rd approximately 3.17 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 1.72 miles to the intersection of Cherry Ave, thence continue along Cherry Ave approximately 1.45 miles to the intersection of Heflin Ave E, thence continue along Heflin Ave E approximately 0.49 miles to the intersection of Hendrix Dr, thence continue along Hendrix Dr approximately 0.18 miles to the intersection of Forestwood Rd, thence continue along Forestwood Rd approximately 0.15 miles to the intersection of Mohican Dr, thence continue along Mohican Dr approximately 0.39 miles to the intersection of Pueblo Rd, thence continue along Pueblo Rd approximately 0.14 miles to the intersection of Tomahawk Rd, thence continue along Tomahawk Rd approximately 0.32 miles to the intersection of Forestdale Blvd, thence continue along Forestdale Blvd approximately 0.50 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 0.23 miles to the intersection of Forestdale Blvd, thence continue along Forestdale Blvd approximately 0.24 miles to the intersection of 1990 Bham corp limit, thence continue along 1990 Bham corp limit approximately 1.02 miles to the intersection of Black Creek, thence continue along Black Creek approximately 1.06 miles to the intersection of Burlington Northern Railroad, thence continue along Burlington Northern Railroad approximately 0.46 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 0.59 miles to the intersection of Village Creek, thence continue along Village Creek approximately 0.61 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.87 miles to the intersection of Birmingport Rd, thence continue along Birmingport Rd approximately 0.15 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 1.11 miles to the intersection of 36th St, thence continue along 36th St approximately 0.02 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.63 miles to the intersection of Crawford St, thence continue along Crawford St approximately 0.09 miles to the intersection of Ensley Pleasant Grove Rd, thence continue along Ensley Pleasant Grove Rd approximately 0.05 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 0.05 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 1.87 miles to the intersection of CSX Transp. Railroad, thence continue along CSX Transp. Railroad approximately 0.09 miles to the intersection of Fairfield Plant Rd, thence continue along Fairfield Plant Rd approximately 0.09 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.30 miles to the intersection of Valley Rd, thence continue along Valley Rd approximately 0.25 miles to the intersection of Aaron Aronov Rd, thence continue along Aaron Aronov Rd approximately 1.01 miles to the intersection of Martin Luther King Dr, thence continue along Martin Luther King Dr approximately

MCC01139

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

1.03 miles to the intersection of 1990 Fairf./Bham. Corp.Limit, thence continue along 1990 Fairf./Bham. Corp Limit approximately 0.41 miles to the intersection of 1990 Midf/Fairf. Corp Limit, thence continue along 1990 Midf/ Fairf. Corp.Limit approximately 0.13 miles to the intersection of Beacon Dr, thence continue along Beacon Dr approximately 0.06 miles to the intersection of 1990 Midf/Fairf. Corp Limit, thence continue along 1990 Midf/Fairf. Corp.Limit approximately 0.09 miles to the intersection of 1990 Bessemer Rd, thence continue along Bessemer Rd approximately 0.15 miles to the intersection of 1990 Midf./Fairf. Corp Limit, thence continue along 1990 Midf./Fairf. Corp Limit approximately 0.27 miles to the intersection of Belwood Cir, thence continue along Belwood Cir approximately 0.13 miles to the intersection of Belcher Dr, thence continue along Belcher Dr approximately 0.02 miles to the intersection of 1990 Midf/Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.33 miles to the intersection of Martin Luther King Dr, thence continue along Martin Luther King Dr approximately 0.65 miles to the intersection of Woodward Rd, thence continue along Woodward Rd approximately 0.20 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.42 miles to the intersection of East Way, thence continue along East Way approximately 0.07 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.63 miles to the intersection of Rutledge Dr, thence continue along Rutledge Dr approximately 0.34 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.18 miles to the intersection of Rutledge Dr, thence continue along Rutledge Dr approximately 0.08 miles to the intersection of 5th Ave, thence continue along 5th Ave approximately 0.12 miles to the intersection of Elizabeth Dr, thence continue along Elizabeth Dr approximately 0.02 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.17 miles to the intersection of Oakland Dr, thence continue along Oakland Dr approximately 0.06 miles to the intersection of Swann Dr, thence continue along Swann Dr approximately 0.06 miles to the intersection of Westfield Dr, thence continue along Westfield Dr approximately 0.12 miles to the intersection of Highland Dr, thence continue along Highland Dr approximately 0.03 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.31 miles to the intersection of Overlook Dr, thence continue along Overlook Dr approximately 0.01 miles to the intersection of 1990 Midf /Fairf. Corp Limit, thence continue along 1990 Midf /Fairf. Corp Limit approximately 0.10 miles to the intersection of Overlook Dr, thence continue along Overlook Dr approximately 0.02 miles to the intersection of 1990 Midf./Fairf. Corp.Limit, thence continue along 1990 Midf /Fairf Corp Limit approximately 0.20 miles to the intersection of I 20/59, thence continue along I 20/59 approximately 0.04 miles to the intersection of Fairfield Blvd, thence continue along Fairfield Blvd approximately 0.14 miles to the intersection of 2nd Ave, thence continue along 2nd Ave approximately 0.11 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp Limit approximately 0.20 miles to the intersection of Valley Rd, thence continue along Valley Rd approximately 0.21 miles to the intersection of 15th St, thence continue along 15th St approximately 0.12 miles to the intersection of I 20/59, thence continue along I 20/59 approximately 0.33 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp Limit approximately 0.18 miles to the intersection of Jaybird Rd, thence continue along Jaybird Rd approximately 0.04 miles to the intersection of 12th Ave, thence continue along 12th Ave approximately 0.02 miles to the intersection of 1990 Midfield Corp.Limit, thence continue along 1990 Midfield Corp.Limit approximately 0.08 miles to the intersection of 12th Ave, thence continue along 12th Ave approximately 0.03 miles to the intersection of 1990 Midfield Corp Limit, thence continue along 1990 Midfield Corp Limit approximately 0.52 miles to the intersection of McClain St, thence continue along McClain St approximately 1.03 miles to the intersection of Huntsville Ave, thence continue along Huntsville Ave approximately 0.23 miles to the intersection of Woodward St, thence continue along Woodward St approximately 0.09 miles to the intersection of Mead Corp Railroad, thence continue along Mead Corp. Railroad approximately 1.28 miles to the intersection of Norfolk Southern Railroad, thence continue along Norfolk Southern Railroad approximately 1.33 miles to the intersection of Valley Creek, thence continue along Valley Creek approximately 0.03 miles to the intersection of Norfolk Southern Railroad, thence continue along Norfolk Southern Railroad approximately 0.71 miles to the intersection of Birmingham Southern Railroad, thence continue along Birmingham Southern Railroad approximately 1.06 miles to the intersection of 21st St N, thence continue along 21st St N approximately 0.09 miles to the intersection of Alabama Ave, thence continue along

MCC01140

Perry C. McCorkle

Alabama Ave approximately 0.63 miles to the intersection of 14th St S, thence continue along 14th St S approximately 0.79 miles to the intersection of Avenue I, thence continue along Avenue I approximately 0.05 miles to the intersection of 13th St, thence continue along 13th St approximately 0.05 miles to the intersection of Seaboard Railroad System, thence continue along Seaboard Railroad System approximately 0.52 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.11 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.11 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.32 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.56 miles to the intersection of Borah Ave, thence continue along Borah Ave approximately 0.18 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.15 miles to the intersection of Gary Ave, thence continue along Gary Ave approximately 0.11 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.14 miles to the intersection of State Hwy 150, thence continue along State Hwy 150 approximately 0.52 miles to the intersection of Readers Gap Shannon Rd, thence continue along Readers Gap Shannon Rd approximately 0.70 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.47 miles to the intersection of Readers Gap Shannon Rd, thence continue along Readers Gap Shannon Rd approximately 0.41 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 2.26 miles to the intersection of Branch Of Shades Creek, thence continue along Branch Of Shades Creek approximately 0.01 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.54 miles to the intersection of 1990 Bess /Hoover Corp Limit, thence continue along 1990 Bess /Hoover Corp Limit approximately 0.17 miles to the intersection of Shades Creek, thence continue along Shades Creek approximately 3.23 miles to the intersection of Bessemer Cutoff, thence continue along Bessemer Cutoff approximately 1.94 miles to the intersection of Hawksbury Ln, thence continue along Hawksbury Ln approximately 0.03 miles to the intersection of Shenandoah Dr, thence continue along Shenandoah Dr approximately 0.43 miles to the intersection of Brookline Dr, thence continue along Brookline Dr approximately 0.29 miles to the intersection of Chapel Rd, thence continue along Chapel Rd approximately 1.70 miles to the intersection of Chapel Ln, thence continue along Chapel Ln approximately 0.59 miles to the intersection of Al Seier Rd, thence continue along Al Seier Rd approximately 0.56 miles to the intersection of Hurricane Branch, thence continue along Hurricane Branch approximately 0.61 miles to the intersection of Patton Creek, thence continue along Patton Creek approximately 2.04 miles to the intersection of Jefferson County Line, thence continue along Jefferson County Line approximately 100.68 miles to the point of beginning.

MCC01141

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

**Jefferson County Commission
Single Member Districts
Revised October 19, 1993
Effective 1994**

**Boundary Description for Jefferson County Commission District #4**

Beginning at the Northwest corner of the district and traversing the boundary in a clockwise direction, Beginning at the intersection Jefferson County Line and Campbell creek, thence continue along Jefferson County Line approximately 49.65 miles to the intersection of Parkway Dr, thence continue along Parkway Dr approximately 4.81 miles to the intersection of I 20, thence continue along I 20, thence continue along CL Cahaba approximately 4.81 miles to the intersection of CL Cahaba River, thence continue along CL Cahaba River approximately 1.50 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 3.08 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.52 miles to the intersection of Richardson Ave. thence continue along Richardson Ave approximately 0.15 miles to the intersection of Grantswood Rd. thence continue along Grantswood Rd approximately 0.85 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.19 miles to the intersection of Grantswood Trl, thence continue along Grantswood Trl approximately 0.14 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.73 miles to the intersection of Bryan Dr, thence continue along Bryan Dr approximately 0.15 miles to the intersection of Old Ivy Rd, thence continue along Old Ivy Rd approximately 0.06 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.35 miles to the intersection of Bryan Dr, thence continue along Bryan Dr approximately 0.11 miles to the intersection of 1990 Irondale Corp limit, thence continue along 1990 Irondale Corp limit approximately 0.21 miles to the intersection of Karl Daly Rd, thence continue along Karl Daly Rd approximately 0.46 miles to the intersection of Hitching Post Dr, thence continue along Hitching Post Dr approximately 0.24 miles to the intersection of Navea Dr, thence continue along Navea Dr approximately 0.12 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.68 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.09 miles to the intersection of Grantswood Rd, thence continue along Grantswood Rd approximately 0.47 miles to the intersection of Bankhead Hwy, thence continue along Bankhead Hwy approximately 2.06 miles to the intersection of Kilgore Memorial Dr, thence continue along Kilgore Memorial Dr approximately 0.82 miles to the intersection of I 20, thence continue along I 20 approximately 0.09 miles to the intersection of 1990 Bham Arond Corp Limit, thence continue along 1990 Bham Arond Corp Limit approximately 0.77 miles to the intersection of 1990 Bham Arond Corp Limit, thence continue along 1990 Bham Arond Corp Limit approximately 0.61 miles to the intersection of 1990 Irondale Corp limit, thence continue along 1990 Irondale Corp limit approximately 0.71 miles to the intersection of Abandon L. & N Railroad, thence continue along Abandon L. & N Railroad approximately 1.18 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.40 miles to the intersection of 83rd Pl S, thence continue along 83rd Pl S approximately 0.02 miles to the intersection of Ext of 83rd Pl S, thence continue along Ext of 83rd Pl S approximately 0.02 miles to the intersection of 10th Valley Hill Dr, thence continue along Valley Hill Dr approximately 0.26 miles to the intersection of 85th St S, thence continue along Ave S, thence continue along 10th Ave S approximately 0.04 miles to the intersection of 8th Ave S, thence continue along 85th St S approximately 0.19 miles to the intersection of 86th St S, thence continue along 86th St S approximately 0.19 miles to the intersection of Baxter Dr, thence continue along Baxter Dr approximately 8th Ave S approximately 0.28 miles to the intersection of 87th St S, thence continue along 87th St S approximately 0.06 miles to 0.07 miles to the intersection of 87th St S, thence continue along 4th Ave S approximately 0.04 miles to the intersection of 4th Ave S, thence continue along Red Oak Rd approximately 0.33 miles to the intersection of Red Oak Rd, thence continue along Parkway E approximately 0.19 miles to the intersection of Parkway E, thence continue along Roebuck Blvd approximately 0.48 miles to the intersection of Roebuck Blvd, thence continue along Parkway E approximately 2.11 miles to the intersection of ...

MCC01142

Perry C. McCorkle

Rd, thence continue along Centerpoint Rd approximately 1.04 miles to the intersection of Huffman Rd, thence continue along Huffman Rd approximately 0.04 miles to the intersection of 16th Ave NW, thence continue along 16th Ave NW approximately 0.88 miles to the intersection of 6th St NW, thence continue along 6th St NW approximately 0.28 miles to the intersection of 16th Ter NW, thence continue along 16th Ter NW approximately 0.24 miles to the intersection of 16th Terrace Cir, thence continue along 16th Terrace Cir approximately 0.03 miles to the intersection of Carson Rd, thence continue along Carson Rd approximately 0.81 miles to the intersection of Ext. Of Lynn Acres Rd, thence continue along Ext Of Lynn Acres Rd approximately 0.08 miles to the intersection of Lynn Acres Dr, thence continue along Lynn Acres Dr approximately 0.07 miles to the intersection of Rose Lynn Ln, thence continue along Rose Lynn Ln approximately 0.21 miles to the intersection of Killough Springs Rd, thence continue along Killough Springs Rd approximately 0.14 miles to the intersection of Valley Crest Dr, thence continue along Valley Crest Dr approximately 0.56 miles to the intersection of Tarrant Spring Branch, thence continue along Tarrant Spring Branch approximately 1.25 miles to the intersection of Five Mile Creek, thence continue along Five Mile Creek approximately 0.62 miles to the intersection of 1990 Bham corp limit, thence continue along 1990 Bham corp limit approximately 0.12 miles to the intersection of 1990 Bham/Tarrant Corp Limit, thence continue along 1990 Bham/Tarrant Corp Limit approximately 1.99 miles to the intersection of 57th Ave, thence continue along 57th Ave approximately 0.08 miles to the intersection of Prince Albert Dr, thence continue along Prince Albert Dr approximately 0.18 miles to the intersection of 1990 Bham/Tarrant Corp Limit, thence continue along 1990 Bham/Tarrant Corp Limit approximately 1.74 miles to the intersection of Westley St, thence continue along Westley St approximately 0.12 miles to the intersection of 1990 Bham/Tarrant Corp Limit, thence continue along 1990 Bham/Tarrant Corp Limit approximately 0.36 miles to the intersection of Jefferson Blvd, thence continue along Jefferson Blvd approximately 0.12 miles to the intersection of Park Ave, thence continue along Park Ave approximately 0.35 miles to the intersection of Pinson Valley Pky, thence continue along Pinson Valley Pky approximately 0.43 miles to the intersection of Thomason Ave, thence continue along Thomason Ave approximately 0.09 miles to the intersection of Short St, thence continue along Short St approximately 0.03 miles to the intersection of Thomason Ave, thence continue along Thomason Ave approximately 0.10 miles to the intersection of Cox Tramp Railroad, thence continue along Cox Tramp Railroad approximately 0.34 miles to the intersection of Five Mile Creek, thence continue along Five Mile Creek approximately 3.09 miles to the intersection of 1990 Fultondale Corp limit, thence continue along 1990 Fultondale Corp limit approximately 1.40 miles to the intersection of Briscoe St, thence continue along Briscoe St approximately 0.26 miles to the intersection of Kathy Ln, thence continue along Kathy Ln approximately 0.24 miles to the intersection of Levan Rd, thence continue along Levan Rd approximately 0.04 miles to the intersection of 1990 Fultondale Corp limit, thence continue along 1990 Fultondale Corp limit approximately 2.31 miles to the intersection of Cox Tramp Railroad, thence continue along Cox Tramp Railroad approximately 2.04 miles to the intersection of Brookside Coalburg Rd, thence continue along Brookside Coalburg Rd approximately 0.17 miles to the intersection of Fieldstown Rd, thence continue along Fieldstown Rd approximately 0.01 miles to the intersection of Fieldstown Rd, thence continue along Fieldstown Rd approximately 0.75 miles to the intersection of Newfound Rd, thence continue along Newfound Rd approximately 3.01 miles to the intersection of Mount Olive Rd, thence continue along Mount Olive Rd approximately 2.68 miles to the intersection of I 65, thence continue along I 65 approximately 6.93 miles to the intersection of Locust Fork, thence continue along Locust Fork approximately 16.68 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 2.40 miles to the intersection of Campbell Creek, thence continue along Campbell Creek approximately 0.43 miles to the intersection of Tanner Rd, thence continue along Tanner Rd approximately 0.11 miles to the intersection of Power Transmission Line, thence continue along Power Transmission Line approximately 0.53 miles to the intersection of Hagley Rd, thence continue along Hagley Rd approximately 0.29 miles to Campbell Creek, thence continue along Campbell Creek approximately 0.43 miles to the point of beginning

(9)

MCC01143

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

## Jefferson County Commission
### Single Member Districts
### Revised October 19, 1993
### Effective 1994

**Boundary Description for Jefferson County Commission District #5**

Beginning at the Northwest corner of the district and traversing the boundary in a clockwise direction. Beginning at the intersection of Bankhead Hwy and Grantswood Rd, thence continue along Grantswood Rd approximately 0.47 miles to the intersection of 1990 Block Boundry, thence continue along 1990 Block Boundry approximately 0.09 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.68 miles to the intersection of Naves Dr, thence continue along Naves Dr approximately 0.12 miles to the intersection of Hitching Post Dr, thence continue along Hitching Post Dr approximately 0.24 miles to the intersection of Karl Daly Rd, thence continue along Karl Daly Rd approximately 0.46 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.21 miles to the intersection of Bryan Dr, thence continue along Bryan Dr approximately 0.11 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.35 miles to the intersection of Old Ivy Rd, thence continue along Old Ivy Rd approximately 0.06 miles to the intersection of Bryan Dr, thence continue along Bryan Dr approximately 0.15 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp limit approximately 0.73 miles to the intersection of Grantswood Trl, thence continue along Grantswood Trl approximately 0.14 miles to the intersection of 1990 Irondale Corp Limit, thence continue along 1990 Irondale Corp Limit approximately 0.19 miles to the intersection of Grantswood Rd, thence continue along Grantswood Rd approximately 0.85 miles to the intersection of Richardson Ave, thence continue along Richardson Ave approximately 0.15 miles to the intersection of 1990 Irondale Corp limit, thence continue along 1990 Irondale Corp limit approximately 1.21 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 0.52 miles to the intersection of C.L. Cahaba River, thence continue along C.L. Cahaba River approximately 3.08 miles to the intersection of I 20, thence continue along I 20 approximately 1.50 miles to the intersection of Parkway Dr, thence continue along Parkway Dr approximately 4.81 miles to the intersection of Jefferson County Line, thence continue along Jefferson County Line approximately 30.43 miles to the intersection of Patton Creek, thence continue along Patton Creek approximately 2.04 miles to the intersection of Hurricane Branch, thence continue along Hurricane Branch approximately 0.61 miles to the intersection of Al Seier Rd, thence continue along Al Seier Rd approximately 0.56 miles to the intersection of Chapel Ln, thence continue along Chapel Ln approximately 0.59 miles to the intersection of Chapel Rd, thence continue along Chapel Rd approximately 1.70 miles to the intersection of Brookline Dr, thence continue along Brookline Dr approximately 0.29 miles to the intersection of Shenandoah Dr, thence continue along Shenandoah Dr approximately 0.43 miles to the intersection of Hawksbury Ln, thence continue along Hawksbury Ln approximately 0.01 miles to the intersection of Bessemer Cutoff, thence continue along Bessemer Cutoff approximately 1.94 miles to the intersection of Shades Creek, thence continue along Shades Creek approximately 3.23 miles to the intersection of 1990 Bess/Hoover Corp Limit, thence continue along 1990 Bess/Hoover Corp Limit approximately 0.17 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.54 miles to the intersection of Branch Of Shades Creek, thence continue along Branch Of Shades Creek approximately 0.01 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 2.26 miles to the intersection of Readers Gap Shannon Rd, thence continue along Readers Gap Shannon Rd approximately 0.41 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp limit approximately 0.47 miles to the intersection of Readers Gap Shannon Rd, thence continue along Readers Gap Shannon Rd approximately 0.70 miles to the intersection of State Hwy 150, thence continue along State Hwy 150 approximately 0.82 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.14 miles to the intersection of Clary Ave, thence continue along Clary Ave approximately 0.11 miles to the intersection of 1990 Bessemer Corp limit, thence continue along 1990 Bessemer

MCC01144

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Parry C. McCorkle

Corp Limit approximately 0.15 miles to the intersection of Borah Ave, thence continue along Borah Ave approximately 0.18 miles to the intersection of 1990 Bessemer Corp Limit, thence continue along 1990 Bessemer Corp Limit approximately 0.56 miles to the intersection of 1990 Bham Corp Limit, thence continue along 1990 Bham Corp Limit approximately 0.67 miles to the intersection of USX Railroad, thence continue along USX Railroad, approximately 0.17 miles to the intersection of 1990 Bham /Bess Corp Limit, thence continue along 1990 Bham /Bess Corp Limit approximately 0.33 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.23 miles to the intersection of Overhill Dr, thence continue along Overhill Dr approximately 0.21 miles to the intersection of USX Railroad, thence continue along USX Railroad approximately 0.15 miles to the intersection of 1990 Bham /Lipsc Corp Limit, thence continue along 1990 Bham /Lipsc Corp Limit, thence continue along USX Railroad approximately 0.37 miles to the intersection of USX Railroad; thence continue along Ishkooda Wenonah Rd, thence continue along Ishkooda Wenonah Rd approximately 1.39 miles to the intersection of New Hill Ave, thence continue along New Hill Ave approximately 0.11 miles to the intersection of New Hill Pl, thence continue along New Hill Pl Hill Ave approximately 0.22 miles to the intersection of Airview St, thence continue along Airview St approximately 0.02 miles to the intersection of 45th St SW, thence continue along 45th St SW approximately 0.10 miles to the intersection of Carver Ave, thence continue along Carver Ave approximately 0.35 miles to the intersection of Spaulding St, thence continue along Spaulding St approximately 0.25 miles to the intersection of Carver Ave SW, thence continue along Carver Ave SW approximately 0.02 miles to the intersection of 33rd St SW, thence continue along 33rd St SW approximately 0.19 miles to the intersection of Ishkooda Wenonah Rd SW, thence continue along Ishkooda Wenonah Rd SW approximately 0.75 miles to the intersection of Old Wenonah Rd SW, thence continue along Old Wenonah Rd SW approximately 0.25 miles to the intersection of Ishkooda Wenonah Rd SW, thence continue along Ishkooda Wenonah Rd SW approximately 0.91 miles to the intersection of Spaulding Ishkooda Rd, thence continue along Spaulding Ishkooda Rd approximately 1.35 miles to the intersection of Montevallo Rd SW, thence continue along Montevallo Rd SW approximately 0.61 miles to the intersection of Csx Transp Railroad, thence continue along Csx Transp Railroad approximately 0.93 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.71 miles to the intersection of 4th Pl S, thence continue along 4th Pl S approximately 0.09 miles to the intersection of 20th Ave S, thence continue along 20th Ave S approximately 0.21 miles to the intersection of 19th Ter S, thence continue along 19th Ter S approximately 0.15 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.23 miles to the intersection of 11th Pl S, thence continue along 11th Pl S approximately 0.02 miles to the intersection of Green Springs Ave S, thence continue along Green Springs Ave S approximately 0.09 miles to the intersection of Automated Ext., thence continue along Automated Ext approximately 0.04 miles to the intersection of L And N Railroad, thence continue along L And N Railroad approximately 0.10 miles to the intersection of 21st St S, thence continue along 21st St S approximately 0.33 miles to the intersection of 17th Ave S, thence continue along 17th Ave S approximately 0.17 miles to the intersection of Woodcrest Rd S, thence continue along Woodcrest Rd S approximately 0.12 miles to the intersection of 21st Way S, thence continue along 21st Way S approximately 0.17 miles to the intersection of Arlington Ave S, thence continue along Arlington Ave S approximately 0.40 miles to the intersection of 28th St S, thence continue along 28th St S approximately 0.09 miles to the intersection of Caluba Rd S, thence continue along Caluba Rd S approximately 0.14 miles to the intersection of Carlisle Rd, thence continue along Carlisle Rd approximately 0.39 miles to the intersection of Oxford Rd, thence continue along Oxford Rd approximately 0.04 miles to the intersection of 1990 Mtn Brk /Bham Corp Limit, thence continue along 1990 Mtn Brk /Bham Corp Limit approximately 0.31 miles to the intersection of Montclair Rd, thence continue along Montclair Rd approximately 2.35 miles to the intersection of Cresthill Rd, thence continue along Cresthill Rd approximately 0.08 miles to the intersection of Montclair Rd, thence continue along Montclair Rd approximately 0.77 miles to the intersection of Oporto Madrid Blvd, thence continue along Oporto Madrid Blvd approximately 1.04 miles to the intersection of Csx Transp. Railroad, thence continue along Csx Transp. Railroad approximately 0.18 miles to the intersection of 1990 Bham /Irond Corp Limit, thence continue along 1990 Bham /Irond Corp Limit approximately 0.82 miles approximately 0.77 miles to the intersection of I 20; thence continue along I 20 approximately 0.82 miles to the intersection of Kilgore Memorial Dr, thence continue along Kilgore Memorial Dr approximately

MCC01145

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

Perry C. McCorkle

0.09 miles to the intersection of Bankhead Hwy, thence continue along Bankhead Hwy approximately 2.96 miles to the point of beginning.

MCC01146

23-cv-00443
1/13/2025 Trial
Consolidated Plaintiffs' Exhibit No. 3

