No. 25-13253
*(consolidated with No. 25-13254)*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CARA MCCLURE, ET AL.,

*Plaintiffs-Appellees*,

v.

JEFFERSON COUNTY COMMISSION,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Alabama, No. 2:23-cv-00443 (Haikala, J.)

## APPELLANT'S SUPPLEMENTAL BRIEF REGARDING JURISDICTION

Theodore A. Lawson, II
JEFFERSON COUNTY ATTORNEY'S OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
(205) 325-5688
lawsont@jccal.org

Michael Taunton
BALCH & BINGHAM LLP
1901 Sixth Ave. N., Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

August 4, 2026

Taylor A.R. Meehan
Rachael C.T. Wyrick
Marie E. Sayer
Soren Geiger
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
mari@consovoymccarthy.com
soren@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
265 Franklin St., Suite 1702
PMB A189
Boston, MA 02110
(617) 227-0548
patrick@consovoymccarthy.com

*Counsel for Appellant*

No. 25-13254
*(consolidated with No. 25-13253)*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ALEXIA ADDOH-KONDI, ET AL.,

*Plaintiffs-Appellees*,

v.

JEFFERSON COUNTY COMMISSION,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Alabama, No. 2:23-cv-00503 (Haikala, J.)

## APPELLANT'S SUPPLEMENTAL BRIEF REGARDING JURISDICTION

Theodore A. Lawson, II
JEFFERSON COUNTY ATTORNEY'S OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
(205) 325-5688
lawsont@jccal.org

Michael Taunton
BALCH & BINGHAM LLP
1901 Sixth Ave. N., Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

August 4, 2026

Taylor A.R. Meehan
Rachael C.T. Wyrick
Marie E. Sayer
Soren Geiger
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
mari@consovoymccarthy.com
soren@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
265 Franklin St., Suite 1702
PMB A189
Boston, MA 02110
(617) 227-0548
patrick@consovoymccarthy.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................................ii

Introduction ..............................................................................................................................1

Argument....................................................................................................................................1

    I.     The Commission enacts districts after the census for the probate judge
          to then use for elections........................................................................................1

          A.     The Commission enacts districts.............................................................2

          B.     The probate judge uses the districts to run elections. ...........................2

          C.     Without the probate judge, redressability is lacking. .............................4

    II.    Federal courts do not compel lawmakers to write new laws. ..........................6

    III.   A court-ordered remedial plan would not be binding. .....................................8

    IV.   This Court could add the probate judge as a defendant with her consent.....9

Conclusion............................................................................................................................. 10

Certificate of Compliance..................................................................................................... 12

Certificate of Service ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Alabama NAACP v. Allen*,
2:21-cv-1531 (N.D. Ala.) .................................................................................6

*Allen v. Milligan*,
146 S. Ct. 1377 (2026) ...................................................................................5

*Allison v. Farris*,
194 So.3d 214 (Ala. 2015) .............................................................................5

*Balgowan v. New Jersey*,
115 F.3d 214 (3d Cir. 1997) ..........................................................................9

*Baughcum v. Jackson*,
92 F.4th 1024 (11th Cir. 2024) ......................................................................7

*California v. Texas*,
593 U.S. 659 (2021) .......................................................................................6

*City of South Miami v. Governor*,
65 F.4th 631 (11th Cir. 2023)........................................................................ 10

*Curtis-Richie v. Madison Cnty. Comm'n*,
5:25-cv-557 (N.D. Ala.) .................................................................................6

*Davis v. Reynolds*,
592 So.2d 546 (Ala. 1991) .............................................................................3

*Franklin v. Massachusetts*,
505 U.S. 788 (1992) .......................................................................................8

*Haaland v. Brackeen*,
599 U.S. 255 (2023) .................................................................................. 5, 7

*Jacobson v. Fla. Sec'y of State*,
974 F.3d 1236 (11th Cir. 2020)................................................... 1, 4, 5, 6, 8

*Jones v. Jefferson Cnty. Bd. of Educ.*,
2019 WL 7500528 (N.D. Ala. Dec. 16, 2019) .............................................6

*Lewis v. Governor of Ala.*,
944 F.3d 1287 (2019) .................................................................................. 6, 8

*Louisiana v. Callais*,
146 S. Ct. 1131 (2026) ...................................................................................7

*McDaniel v. Sanchez*,
452 U.S. 130 (1981) .......................................................................................7

*Milligan v. Allen*,
2:21-cv-1530 (N.D. Ala.) ......................................................................6

*Moore v. Knowles*,
482 F.2d 1069 (5th Cir. 1973) ..........................................................9

*Mullaney v. Anderson*,
342 U.S. 415 (1952) ...................................................................... 1, 9

*N. Tr. Co. v. Bunge Corp.*,
899 F.2d 591 (7th Cir. 1990) ......................................................... 10

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989) ..........................................................................9

*Novartis Pharms. Corp. v. Sec'y U.S. Dep't of Health & Hum. Servs.*,
155 F.4th 223 (3d Cir. 2025) ........................................................ 10

*Scott v. Taylor*,
405 F.3d 1251 (11th Cir. 2005) .............................................4, 5, 7, 8

*Shaw v. Reno*,
509 U.S. 630 (1993) ..........................................................................5

*Sims v. State of Fla., Dep't of Highway Safety & Motor Vehicles*,
862 F.2d 1449 (11th Cir. 1989) ........................................................9

*Smitherman v. Marshall Cnty. Comm'n*,
746 So. 2d 1001 (Ala. 1999) ............................................................5

*Steffel v. Thompson*,
415 U.S. 452 (1974) ..........................................................................6

*Wise v. Lipscomb*,
437 U.S. 535 (1978) ..........................................................................7

**Constitutional Provisions**

Ala. Const. art. VI, §156 ..........................................................................5

Ala. Const. art. VI, §157 ..........................................................................5

**Statutes**

Ala. Code §11-3-1.1 ..................................................................... 1, 2, 8

Ala. Code §12-13-30 .................................................................................5

Ala. Code §17-1-2 ................................................................................ 3, 4

Ala. Code §17-1-3 .............................................................................1, 2, 3

Ala. Code §17-3-33 ...................................................................................................4

Ala. Code §17-4-2 ............................................................................................... 2, 4

Ala. Code §17-4-2.1 ................................................................................................2

Ala. Code §17-6-2 ...................................................................................................2

Ala. Code §17-6-3 ...................................................................................................2

Ala. Code §17-6-4 ...................................................................................................2

Ala. Code §17-6-21 .................................................................................................3

Ala. Code §17-6-42 .................................................................................................2

Ala. Code §17-6-47 .................................................................................................3

Ala. Code §17-7-1 ...................................................................................................2

Ala. Code §17-8-1 ...................................................................................................3

Ala. Code §17-8-9 ...................................................................................................3

Ala. Code §17-9-1 ...................................................................................................3

Ala. Code §17-9-2 ...................................................................................................2

Ala. Code §17-9-3 ...................................................................................................3

Ala. Code §17-11-2 ............................................................................................. 2, 3

Ala. Code §17-11-5 .................................................................................................3

Ala. Code §17-12-5 .................................................................................................3

Ala. Code §17-12-11 ...............................................................................................3

Ala. Code §17-12-15 ...............................................................................................3

Ala. Code §17-12-16 ...............................................................................................3

Ala. Code §17-13-22 ...............................................................................................3

Ala. Code §17-13-5 .................................................................................................3

Ala. Code §17-13-9 .................................................................................................3

Ala. Code §45-37-72 ...............................................................................................5

## Other Authorities

Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933 (2018) ..................6

Opinion of the Alabama Attorney General, No. 2026-025 (Apr. 17, 2026),
    perma.cc/DGU5-YP55 ......................................................................................2

## INTRODUCTION

At the outset of these cases, the Jefferson County Commission alerted Plaintiffs that they had a redressability problem. Plaintiffs sought declaratory and injunctive relief prohibiting the use of Commission districts in future elections. For reasons still unexplained, they did not seek that relief against the probate judge who uses the districts to run elections. *See* DE19 at 16-18 & n.8; *see* Ala. Code §17-1-3(b). They instead sued the lawmakers who enacted the districts. *See* §11-3-1.1. That left the district court with no way to redress Plaintiffs' claims and no jurisdiction. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253-56 (11th Cir. 2020). To avoid "needless waste" of a potential redo of this costly and time-consuming litigation, the Court may add the county's acting chief elections official with her consent. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952).

## ARGUMENT

### I.   The Commission enacts districts after the census for the probate judge to then use for elections.

The redressability problem is best illustrated by the district court's order "permanently enjoining the Commission and its agents from using the 2021 plan in Jefferson County Commission elections." DE191 at 139.[1] Neither the Commission nor its agents use districts to run elections. *Infra* I.A. The probate judge does in her capacity as the county's chief elections official in coordination with the circuit clerk and sheriff. *Infra*

---

[1] Appendix citations are labeled "DE" and correspond to docket entries in *McClure v. Jefferson County Commission*, No 2:23-cv-443. Page numbers in record citations reflect the blue ECF pagination. 11th Cir. R. 28-5.

I.B. Without the chief elections official, the district court had no way of redressing Plaintiffs' claim. *Infra* I.C.

### A.    The Commission enacts districts.

State law anticipates that the Commission will redistrict after every census. Ala. Code §11-3-1.1(a). Likewise, the Commission modifies precinct boundaries—the building blocks of districts—and identifies precinct locations. §§17-6-2(a), 17-6-3(d), 17-6-4. Once enacted, the Commission files those maps with the probate judge to run elections. §11-3-1.1(e); §§17-6-2(c), 17-6-3(d), 17-6-4; *see also* §17-1-3(b).

After the Commission enacts the districts, its role for elections is limited. It appropriates funds, provides a place for the circuit clerk to manage absentee ballots, and houses election equipment, such as electronic voting machines. §§17-16-2; 17-7-1, 17-6-42; 17-11-2, 17-6-4. The Commission's consent is required to purchase and use electronic voting machines, in lieu of paper ballots, and electronic poll books, in lieu of printed lists. §17-6-4 (electronic voting machines); §17-4-2.1(a) (poll books); *see* Opinion of the Alabama Attorney General, No. 2026-025 (Apr. 17, 2026), perma.cc/DGU5-YP55. To be sure, these are election-related tasks. But agreeing to provide funds for electronic poll books is not the same as using the districts to run an election.

### B.    The probate judge uses the districts to run elections.

The judge of probate is the county's "chief elections official." Ala. Code §17-1-3(b); *see also* §17-9-2 (specifying "the judge of the circuit court of the county" becomes the chief elections official if the probate judge cannot perform her duties). She works

in coordination with the circuit clerk, who serves as the "absentee election manager" to oversee absentee voting, §§17-11-2, 17-11-5, and the county sheriff, who maintains order at all election precincts, §17-9-1.

Together, these three county officials are commonly called "the Jefferson County Election Commission." *Davis v. Reynolds*, 592 So.2d 546, 548 n.2 (Ala. 1991). Led by the probate judge, they appoint election workers. Ala. Code §§17-1-2(1), 17-1-3(b), 17-8-1(a); *see also* §17-8-1(d)(1) (allowing probate judge to appoint additional election workers); §17-8-9 (vesting probate judge with responsibility for training election workers). And they form the "canvassing board" that certifies election results for general elections. §§17-1-2(6), 17-12-15, 17-12-16; *see also* §17-12-11 (requiring the probate judge to maintain sealed copies of election results for each polling location); §17-12-5 (allowing the probate judge to order a re-test of election equipment and a recount if necessary). These tasks necessarily require using the districts to determine which candidates prevail in which districts.

In addition to the Election Commission's work, the probate judge's other duties require her to use the districts. For example, she is responsible for printing ballots for primary and general elections. Ala. Code §§17-6-47, 17-13-22, 17-6-21, 17-9-3(b), 17-13-5(c), 17-1-2(17). There will be different candidates for different districts, and it is the probate judge who is responsible for placing the correct candidates' names on the ballot for each district. §§17-13-5(c), 17-9-3(b). For another example, the probate judge is responsible for furnishing official lists of voters at each precinct. §§17-13-9; 17-1-

2(14). If precincts are divided into two districts—for instance, some voters at the Ross Bridge precinct vote in Commission District 2 while others vote in District 3, *see* Opening Br. 15-16—the probate judge provides an alphabetical list of voters that is further subdivided by district. §17-4-2; *see also* §17-3-33 (allowing voters to notify the probate judge if their "dwelling" crosses district lines). In practical terms, those voter lists ensure voters in District 2, for example, are voting for District 2 candidates versus District 3 candidates. That task necessarily requires the probate judge to use district lines.

### C.    Without the probate judge, redressability is lacking.

**1.** Because Plaintiffs named the lawmaking body responsible for enacting the districts but not the probate judge who uses them for elections, the court could not redress Plaintiffs' claimed injury. *See Jacobson*, 974 F.3d at 1253-56; *see, e.g.*, *Scott v. Taylor*, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring) (explaining court had no jurisdiction over lawmakers who enacted challenged districts as compared to the officials who conducted elections using those districts).

The redressability problem here resembles that in *Jacobson*. There, plaintiffs challenged the ordering of candidates' names on ballots. *Jacobson*, 974 F.3d at 1241. State law made county election supervisors responsible for ballots. *Id.* at 1253. But plaintiffs named the Secretary of State, not those county officials. *Id.* This Court concluded that because those county officials were absent, redressability was absent. *Id.* at 1253-55. This Court rejected plaintiffs' arguments that the Secretary's election duties were close enough, including arguments that the Secretary could simply notify county officials with

4

a copy of the court order or write new rules for the ordering of names on ballots. *Id.* at 1254. Without the county supervisors, the district court could not "afford relief *through the exercise of its power*" over the parties before it. *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) (quotation marks omitted).

Here too, it is not enough to assert that the Commission has some election-related role, such as appropriating funds. *See Jacobson*, 974 F.3d at 1254. Nor is it enough to assert that the Commission could simply "notify" the probate judge about the district court's order or enact new districts for the probate judge to use. *Id.* The probate judge is a separately elected official distinct from the Commission. *Compare* Ala. Code §12-13-30, *with* §45-37-72(b); *see also Smitherman v. Marshall Cnty. Comm'n*, 746 So. 2d 1001, 1005 (Ala. 1999) (observing that county commission is distinct from county). The Commission cannot remove the probate judge or substitute a new one. Ala. Const. art. VI §§156, 157 (explaining the procedure for removal of probate judge). The Commission cannot overrule the probate judge's desired way of notifying voters about elections. *See Allison v. Farris*, 194 So.3d 214 (Ala. 2015). The district court could not redress Plaintiffs' claim with only the Commission before it. *See, e.g.*, *Allen v. Milligan*, 146 S. Ct. 1377 (2026) (naming Secretary of State, as chief election official); *Shaw v. Reno*, 509 U.S. 630, 637 (1993) (same); *see also Scott*, 405 F.3d at 1256-57 & n.8.

**2.** Plaintiffs' request for declaratory relief does not solve the redressability problem. *See Haaland*, 599 U.S. at 293-94. Declaratory relief is simply an alternative form of relief against the proper defendant—here, the probate judge. *Id.* at 293; *California v.*

*Texas*, 593 U.S. 659, 672 (2021). There are no "free-floating" declaratory judgments. *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1305 n.19 (2019) (en banc).

**3.** The redressability problem should not come as a surprise to Plaintiffs. At the outset of these cases, the Commission invited Plaintiffs to add the probate judge; when they refused, the Commission moved to dismiss on redressability grounds. *See* DE19 at 16-18 & n.8. And in other cases brought by the same Plaintiffs, they have named the election officials responsible for using districts in elections. *See, e.g.*, *Curtis-Richie v. Madison Cnty. Comm'n*, 5:25-cv-557 (N.D. Ala.); *Milligan v. Allen*, 2:21-cv-1530 (N.D. Ala.); *Alabama NAACP v. Allen*, 2:21-cv-1531 (N.D. Ala.); *Jones v. Jefferson Cnty. Bd. of Educ.*, 2019 WL 7500528, at *1 (N.D. Ala. Dec. 16, 2019).

## II.   Federal courts do not compel lawmakers to write new laws.

**A.** When the district court allowed these cases to proceed against the Commission, the court misbelieved it could compel the Commissioners to enact new districts. DE54 at 14. That misunderstood the federal court's remedial power.

Federal courts do not order lawmakers to rewrite laws. *See Jacobson*, 974 F.3d at 1256. Laws do not "disappear" even when courts declare them unconstitutional. *Steffel v. Thompson*, 415 U.S. 452, 469 (1974). The judicial power is "more limited"—to stop "officials from taking steps to enforce" such laws. *Jacobson*, 974 F.3d at 1256 (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 936 (2018)). For that reason, plaintiffs must seek relief against the officials responsible for enforcing a challenged law, not the lawmakers who enacted it. *Id.* For example, when plaintiffs

6

challenged a county commission district in *Scott*, the court could redress their constitutional claim with an order against election officials, not the lawmakers who created the district. *Scott*, 405 F.3d at 1256-57 & n.8. Likewise, when plaintiffs challenged a gun law in *Baughcum v. Jackson*, 92 F.4th 1024 (11th Cir. 2024), the court could redress their constitutional claim with an order against the probate judge responsible for granting gun licenses, not against the Georgia Legislature who wrote the law. *Id.* at 1032.

**B.** To be sure, some redistricting cases end in a new law. *See, e.g., Louisiana v. Callais*, 146 S. Ct. 1131, 1150 (2026) (recounting Louisiana's decision to redistrict after a district court preliminarily enjoined the use of its existing districts). But no court *orders* lawmakers to redistrict; as a matter of federalism and comity, courts *offer* lawmakers a "reasonable opportunity" to redistrict. *McDaniel v. Sanchez*, 452 U.S. 130, 142 (1981); *see Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (observing courts should "afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure rather than for the federal court to devise and order into effect its own plan"). That remedial rule-of-thumb recognizes redistricting is "a legislative task which the federal courts should make every effort not to pre-empt." *Wise*, 437 U.S. at 540. If lawmakers redistrict, that new law becomes "the governing law," effectively ending the suit unless the new districts are also challenged. *Id.* But if lawmakers cannot redistrict, the court does not hold them in contempt; the court creates its own plan. *Id.* For it to be binding, the relevant election official who uses districts to run elections must be a party. *See Haaland*, 599 U.S. at 293-94.

7

### III.    A court-ordered remedial plan would not be binding.

Here, it was entirely impractical for the Commission to redistrict—not to mention unwise, given the absence of evidence for Plaintiffs' claims. *See* Opening Br. 22-23. And so the district court entertained remedial proposals. *Id.* at 22. Had the district court chosen one, that order would have been merely advisory without the probate judge.

As in *Jacobson*, the probate judge "remain[ed] lawfully entitled" to use the districts filed with the probate judge after the census. *Jacobson*, 974 F.3d at 1254; *see* Ala. Code §11-3-1.1(e). It would not have been enough for the Commission to simply alert the probate judge regarding any court-ordered remedial plan. *Jacobson*, 974 F.3d at 1254; *accord Lewis*, 944 F.3d at 1302-03  (rejecting that Attorney General could simply notify employers regarding minimum wage litigation); *see also, e.g.*, *Scott*, 405 F.3d at 1259 (Jordan, J., concurring) (explaining that the plaintiff lacked standing to sue legislators, whose "role is limited to making law" and who "have [no] enforcement authority and are not involved in conducting elections"). No matter how persuaded a non-party might be by the court's order, the court must "be able to afford relief *through the exercise of its power*" over the parties before it—that is, its contempt power should the relevant election officials who actually use districts in elections decline to use the court-ordered ones. *Jacobson*, 974 F.3d at 1254-55 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and concurring in the judgment)).

**IV.    This Court could add the probate judge as a defendant with her consent.**

There is a "rarely" used but available solution to avoid the "needless waste" of enduring these costly proceedings only to have the cases dismissed for Plaintiffs' refusal to name the probate judge. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952). Rule 21 of the Federal Rules of Civil Procedure states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." While this rule applies specifically to the district courts, "the policies informing Rule 21 may apply equally to the courts of appeals." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). For instance, this Court granted a motion to add a defendant to elide a sovereign immunity problem in *Sims v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1460 & n.16 (11th Cir. 1989) (en banc). The Court observed the Attorney General had "represented the state's interest in the lawsuit throughout the litigation" such that adding the individual state official would not "prejudice … the state and its officials." *Id.*; *accord Balgowan v. New Jersey*, 115 F.3d 214, 216-17 (3d Cir. 1997) (similar); *Moore v. Knowles*, 482 F.2d 1069, 1075-76 (5th Cir. 1973) (per curiam) (similar). More recently, the Third Circuit added government defendants "to avoid any doubt about redressability" after the government argued plaintiffs had not sued the correct government defendants to redress their claims. *Novartis Pharms. Corp. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 155

F.4th 223, 231 (3d Cir. 2025).[2] Like these authorities, this Court could correct the latent redressability problem in these cases by adding the acting Special Probate Judge currently serving as the Chief Elections Official of Jefferson County as a party. Explained in the attached declaration, the acting Chief Elections Official consents to being added as a party. Ex. 1.

## CONCLUSION

The Court may add the probate judge as a party, resolve the redressability problem, and reach the merits. Should this Court disagree, then the Court should reverse with instructions to dismiss for lack of jurisdiction. So that any jurisdictional holding is not confused as an implicit endorsement of the district court's decision on the merits, the Commission would request the Court conclude its opinion as it did in *City of South Miami v. Governor*, 65 F.4th 631 (11th Cir. 2023), stating the jurisdictional holding "should not be read as suggesting that [the Court] agree[d] with the district court on the merits" and that the Court had "grave doubts about the merits." *Id.* at 645. Given the substantial time and cost of these proceedings, culminating in a trial yielding no evidence of Plaintiffs' claims, such grave doubts are especially warranted here.

---

[2] Years earlier, the Seventh Circuit said it "found no cases in which Rule 21 was invoked to add defendants who, upon their entry into the suit, would be subject to a judgment against them entered in their absence." *N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 597 (7th Cir. 1990). *Sims* was such a case, later joined by *Balgowan* and *Novartis*.

Dated: August 4, 2026

Theodore A. Lawson, II
JEFFERSON COUNTY ATTORNEY'S OFFICE
716 Richard Arrington Jr. Blvd. North
Room 280
Birmingham, AL 35203
(205) 325-5688
lawsont@jccal.org

Michael Taunton
BALCH & BINGHAM LLP
1901 Sixth Ave. N., Suite 1500
Birmingham, AL 35203
(205) 226-3451
mtaunton@balch.com

Respectfully submitted,

/s/ *Taylor A.R. Meehan*
Taylor A.R. Meehan
Rachael C. T. Wyrick
Marie E. Sayer
Soren Geiger
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
rachael@consovoymccarthy.com
mari@consovoymccarthy.com
soren@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
265 Franklin St., Suite 1702
PMB A189
Boston, MA 02110
(617) 227-0548
patrick@consovoymccarthy.com

*Counsel for Defendant-Appellant*

11

## CERTIFICATE OF COMPLIANCE

This brief complies with this Court's order for supplemental briefing because it does not exceed 10 pages. *See* Doc. 72. This brief also complies with Rule 32(a)(5)-(6) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: August 4, 2026                                            */s/ Taylor A.R. Meehan*


## CERTIFICATE OF SERVICE

I filed this brief on the Court's electronic filing system, which will email everyone requiring notice.

Dated: August 4, 2026                                            */s/ Taylor A.R. Meehan*

12